## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>    Defendants. | Civil Action No. 02-CV-2133 (GLG)<br><br>Consolidated Action<br><br><br><br><br><br><br><br><br><br><br>November 19, 2003 |

## LEAD PLAINTIFFS' OPPOSITION TO DEFENDANT ATKIN'S MOTION TO DISMISS

## TABLE OF CONTENTS

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

    A.     Atkin Was Properly Named As A Party Pursuant to the PSLRA and This Court's Order ........................................................................................................ 5

    B.     This Action Should Not Be Dismissed Pursuant to Rule 21 ............................ 7

    C.     Rule 4(m) Does Not Compel Atkin's Dismissal............................................. 11

CONCLUSION............................................................................................................................ 13

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*American Commercial Barge Line Co., LLC v. Tug. Joan Salton*,
   No. 99 CV 0846(RCC), 2001 WL 262724 (S.D.N.Y. Mar. 16, 2001) ........................12

*In re Baan Co. Sec. Litigation,*
   271 F. Supp. 2d 3 (D.D.C. 2002) ...............................................................................7

*Brown v. Pratt & Whitney Division,*
   1997 WL 573462 (D. Conn. Aug. 28, 1997) ............................................................12

*California Public Employees' Retirement System v. Chubb Corp.,*
   127 F. Supp. 2d 572 (D.N.J. 2001) .............................................................................6

*Cox v. Bland,*
   2002 WL 663859 (D. Conn. Mar. 26, 2002) ............................................................10

*Durrett v. Leading Edge Products, Inc.,*
   965 F. Supp. 280 (D. Conn. 1997) ..............................................................................8

*Elmore v. Henderson,*
   227 F.3d 1009 (7th Cir. 2000) ..................................................................................10

*Feingold v. Hankin,*
   269 F. Supp. 2d 268 (S.D.N.Y. 2003) .......................................................................11

*Greebel v. FTP Software, Inc. et al.,*
   939 F. Supp. 57 (D. Mass. 1996) ................................................................................6

*Henderson v. United States,*
   517 U.S. 654 (1996) ..................................................................................................12

*Hoffman v. Beer Drivers & Salesmen's Local Union No. 888, International
   Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of
   America*, 536 F.2d 1268 (9th Cir. 1976) ..............................................................9, 10

*International Controls Corp. v. Vesco,*
   556 F.2d 665 (2d Cir. 1977) .......................................................................................7

*Nassau County Associate of Insurance Agents v. Aetna Life & Casualty,*
   497 F.2d 1151 (2d Cir. 1974) ...................................................................................10

*Puricelli v. CNA Insurance Co.,*
   185 F.R.D. 139 (N.D.N.Y. 1999) ...............................................................................8

*Singh v. Prudential Insurance Co. of America,*
    200 F. Supp. 2d 193 (E.D.N.Y. 2002) ..................................................................9

*In re Storage Technology Corp. Sec. Litigation,*
    630 F. Supp. 1072 (D. Colo. 1986)........................................................................6

*United States ex. rel Precision Co. v. Koch Industrial,*
    31 F.3d 1015 (10th Cir. 1994) ...............................................................................9

*United States v. Commercial Bank of N.A.,*
    31 F.R.D. 133 (S.D.N.Y. 1962) ........................................................................8, 10

*In re Worldcom Sec. Litigation,*
    2003 U.S. Dist. LEXIS 4462 (S.D.N.Y. Mar. 24, 2003) .......................................9

*Valentin v. Commissioner of Soc. Sec.,*
    2000 WL 1727710 (S.D.N.Y. Nov. 21, 2000)......................................................12

## FEDERAL STATUTES AND RULES

Private Securities Litigation Reform Act of 1995 (the "PSLRA")

    15 U.S.C. §78u-4 *et seq.* .................................................................................1, 5

    15 U.S.C. §78u-4(a)(1)(a)(3)(A) and (B).................................................................6

    15 U.S.C. §78u-4(a)(1)(a)(3)(A)(i)...........................................................................5

    15 U.S.C. §78u-4(a)(1)(a)(3)(B)(i) and (a)(3)(B)(ii) ......................................1, 3, 5, 6

Federal Rules of Civil Procedure

    Rule 4(d) ..........................................................................................................1, 4, 7

    Rule 4(m) .....................................................................................1, 2, 4, 5, 7, 11, 12

    Rule 12(b)(5)..............................................................................................................4

    Rule 20(a).................................................................................................................8

    Rule 21 .....................................................................2, 4, 5, 6, 7, 8, 9, 10, 11, 13

## SECONDARY SOURCES

C. Wright & A. Miller

    6 Fed. Prac. & Proc. Civ. 2d § 1092.1 .................................................................................8

    7 Fed. Prac. & Proc. Civ. 3d § 1476 ....................................................................................7

    7 Fed. Prac. & Proc. Civ. 3d § 1683 ....................................................................................8

    7 Fed. Prac. & Proc. Civ. 3d § 1688 ..................................................................................10

**PRELIMINARY STATEMENT**

This is a securities fraud action brought under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4 *et seq*., which established a definitive and comprehensive procedural scheme that governs the appointment of a lead plaintiff and the consolidation of individual class action complaints in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1)(a)(3)(B)(i) and (a)(3)(B)(ii).

Pursuant to this process, William Atkin ("Atkin") was properly named as a defendant and waived service of process of the consolidated amended complaint. Atkin has moved to dismiss himself as a party, contending that this Court lacks jurisdiction over him and that purported technical violations of the Federal Rules of Civil Procedure justify his dismissal. Each of Atkin's contentions is incorrect and this Court should not permit Atkin to escape liability for his participation in defendants' fraudulent scheme on these meritless grounds.

William Atkin, the former Chief Financial Officer of Annuity & Life Re (Holdings) Ltd., was named as a defendant in two out of nine original class action complaints, but was not then served with process within the 120 days provided by Fed. R. Civ. P. 4(m). In neither action did Atkin move to dismiss on that ground. Once the Court appointed Lead Plaintiffs, Atkin was named as a defendant in the consolidated amended complaint. Lead Plaintiffs expeditiously requested Atkin to waive service of process, and he did so in accordance with Fed. R. Civ. P. 4(d). As such, neither the Lead Plaintiffs, nor the class, were delinquent in obtaining process over Atkin.

Accordingly, this Court should rule that Lead Plaintiffs properly added Atkin as a party to the consolidated action and then properly served him with the consolidated amended complaint. The Court should find that this is so, particularly in light of the procedural

1

process envisioned by the PSLRA, whereby this Court appointed Lead Plaintiffs and authorized them to file an amended consolidated complaint. Additionally, this Court should deny Atkin's motion because Rule 21 does not provide the substantive standards for joinder and because Atkin does not have standing under Rule 21 to assert that he has been improperly joined in this action. Alternatively, Atkin's motion should be denied on the grounds that Lead Plaintiffs have demonstrated "good cause" in connection with the failure to serve within 120 days, under Fed. R. Civ. P. 4(m). In light of the Second Circuit's preference that litigation disputes be resolved on the merits, even if the Court finds that Lead Plaintiffs have not demonstrated good cause, the Court may extend the 120-day period for service at its own discretion. In essence, none of Atkin's arguments justify dismissal of this action.

## STATEMENT OF FACTS

William Atkin was the former Chief Financial Officer ("CFO") of Annuity & Life Re (Holdings) Ltd. ("ANR" or "the Company"), a Bermuda-based reinsurance company.[1] As CFO, Defendant Atkin was instrumental in perpetrating the fraud alleged in the consolidated amended complaint on the investing public in violation of the securities laws. Lead Plaintiffs have alleged that Atkin was responsible, in part, for a fraudulent scheme involving the dissemination of false and misleading financial statements filed with the SEC, false and misleading press releases and public statements regarding the financial condition and accounting practices of ANR, as well as numerous and flagrant violations of Generally Accepted Accounting Principles ("GAAP"). As alleged, this fraudulent scheme served to

---

[1] For a summary of the fraud alleged, Lead Plaintiffs respectfully refer the Court to Lead Plaintiffs' Consolidated Opposition To The Motions To Dismiss Filed By Defendants Burke, Hammer, XL Capital, O'Hara and Esposito at 1-28, which is filed simultaneously with this brief.

2

maintain ANR's stock price at artificially high levels and to deceive the investing public. During this period, Atkin also engaged in insider trading.

Atkin was named in two of the nine original securities fraud complaints filed in this Court against ANR and certain officers and directors – *Bird v. ANR, et al.*, 02-CV-2210 (the "*Bird* action") and *Bernard v. ANR, et al.*, 03-CV-00043 (the "*Bernard* action"). He was not served with a summons and complaint in either action, and did not move to dismiss himself as a party in either action.

On February 3, 2003, pursuant to the PSLRA, the Communications Workers of America ("CWA") and Midstream Investments Ltd. ("Midstream") moved to be appointed as Lead Plaintiffs and to consolidate all nine cases. *See generally* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

It is well understood that in the context of multiple class actions brought under the PSLRA, ultimately, after appointment of lead plaintiffs, the various complaints will be consolidated and superseded by a consolidated amended class action complaint. In accord with this understanding of standard practice, on February 14, 2003, ANR and various of the individual defendants (not including Atkin) moved to defer their motions to dismiss or otherwise answer "until such time as the superseding consolidated complaint is filed." The plaintiffs consented and this Court granted the motion on February 20, 2003.[2] On May 28, 2003, after having appointed CWA and Midstream as Lead Plaintiffs, this Court granted their motion for an extension of time "to file the Amended Complaint" until July 11, 2003. The order permitted defendants to answer or otherwise move in response 60 days later. Although no specific mention was made in the motions or orders about adding or dropping defendants,

---

[2] These dates apply to the first-filed, lead case *Schnall v. ANR, et al.*, 02-CV-2133 (GLG). Around the same time, ANR and various defendants also filed the same motion for extension of time in each of the other eight securities fraud cases filed against ANR.

3

it is common practice for newly appointed lead plaintiffs to reevaluate the scope of the consolidated complaint to be brought on behalf of the class. That is precisely what was done here.

Shortly after the July 11, 2003 filing of the consolidated amended complaint that included Atkin as a defendant, Lead Plaintiffs contacted counsel for Atkin, who, pursuant to Fed. R. Civ. P. 4(d), waived service on behalf of his client. Counsel appeared in the case on Atkin's behalf on August 27, 2003. The executed waiver of service was filed with the Court on September 11, 2003.

Atkin now contends that Lead Plaintiffs failed to properly join him as a party because he was not timely served with the original complaints pursuant to Fed. R. Civ. P. 4(m) ("Rule 4(m)"), and because Lead Plaintiffs did not make a formal motion to so join him as a party under Fed. R. Civ. P. 21 ("Rule 21"). Thus, according to Atkin, despite his waiver of service of process and appearance, this Court does not have jurisdiction over him and he should be dismissed for a litany of purported rule violations. Atkin Br. at 3-4. Neither the law nor the equities of this case compel or warrant such a result.

## ARGUMENT

Pursuant to the process provided in the PSLRA, and in accordance with the orders of this Court, Atkin has been named a defendant in this case. His counsel has waived service of process on his behalf. Nevertheless, now Atkin combines three separate rules of civil procedure to reach the surprising conclusion that this Court does not have jurisdiction over him. First, Atkin moves under Fed. R. Civ. P. 12(b)(5) for dismissal of this action. That Rule permits the Court to dismiss actions for "insufficiency of service of process." Second, Atkin claims that the service of process was insufficient *not* because *service* was technically improper – in fact, he concedes that he waived formal service. Atkin Br. at 3. Instead, Atkin

4

claims that "*process*" was improper because Lead Plaintiffs did not first file a formal motion to join him as a party pursuant to Rule 21. Rule 21, however, does not speak to jurisdiction, service of process, or similar matters, and no case cited by Atkin even suggests that a failure to join a party under this Rule amounts to insufficient service. Finally, Atkin claims that the Rule 21 "defect" cannot be cured because he was not timely served with the *Bird* and *Bernard* complaints, and thus those actions must be dismissed pursuant to Rule 4(m). Rule 4(m), in turn, states only that, if service is not made within 120 days after filing a complaint, the court has the *option* of dismissing the complaint after notice to the plaintiff (if the plaintiff does not show good cause), *or* giving plaintiff a time limit within which the plaintiff must effect service. *See* Fed R. Civ. P. 4(m). The Rule does not state that untimely service is ineffective. Instead, it explicitly allows the court to enlarge the time to effect service.

      Atkin's arguments simply fail. Atkin has cited *no rule* and *no case* that holds that *service* is ineffective where a party has explicitly waived service. The various rule violations Atkin asserts are inapposite where, as here, the procedural process is governed by the PSLRA, and the consolidated amended complaint is filed pursuant to the order of this Court. Nowhere does Atkin even mention the PSLRA process, or this Court's orders appointing Lead Plaintiffs and enlarging their time to file the consolidated amended complaint. Finally, even if technical rule violations under either Rule 21 or 4(m) occurred, they do not warrant the dismissal Atkin seeks.

      **A.    Atkin Was Properly Named As A Party Pursuant to the PSLRA and This Court's Order**

      The PSLRA contains a detailed procedural scheme that governs the process by which lead plaintiffs are appointed and a consolidated action filed. *See* 15 U.S.C. §78u-4(a) *et seq*. First, the plaintiff who filed the initial action must publish a notice to the class within 20 days

5

of filing the action. 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication of that notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B). If a motion for consolidation is filed, however, the Court cannot appoint lead plaintiff until that motion is decided. *Id.* Following consolidation and appointment of lead plaintiff, a consolidated complaint is generally filed which supersedes and replaces the previously-filed complaints. *See, e.g., In re Storage Technology Corp. Sec. Litig.*, 630 F. Supp. 1072, 1074 (D. Colo. 1986) (court ordered filing of consolidated complaint in securities action to specifically supersede all existing complaints in 15 actions consolidated).

As a practical matter, the filing of an amended and consolidated complaint in a securities class action is a major step in asserting the class claims against one or more of the defendants. New defendants are often joined at this point in the case, without leave separately being sought under Rule 15(a) or 21. Nor would the requirement for such a formal motion make sense under the PSLRA scheme envisioned by Congress.

One of the changes made by the PSLRA was to favor institutions and other substantial investors as lead plaintiffs. *See Greebel v. FTP Software, Inc. et al.*, 939 F. Supp. 57 (D. Mass. 1996). In this way, Congress hoped to halt a perceived "race to the courthouse" and replace it with a system that put those with a significant financial interest in the litigation in control. *See generally California Public Employees' Retirement System v. Chubb Corp.*, 127 F. Supp. 2d 572, 575 (D.N.J. 2001). As part of that control, those lead plaintiffs are expected – in fact, obligated -- to make judgments regarding who should and should not be identified as a defendant. Often these institutions were not the first to commence an action,

6

and indeed may not have filed any of the original complaints. Thus, Congress envisioned a scheme whereby the institutional lead plaintiff would review and revise the original complaints, determine the scope and theories of the case, and identify the defendants to be sued by the class. *See In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 12 (D.D.C. 2002) (Congress envisioned that a strong Lead Plaintiff would assert the interests of the class when making significant litigation decisions).

Atkin was identified by Lead Plaintiffs, CWA and Midstream, as an appropriate defendant, and named as a party in the Consolidated Amended Class Action Complaint that was timely filed in accordance with this Court's orders. Atkin has waived service of this complaint and appeared by counsel. In the context of the PSLRA, nothing more is necessary to join him as a defendant. Thus, the Court should deny this motion to dismiss.

### B.  This Action Should Not Be Dismissed Pursuant to Rule 21

Atkin's arguments would lack merit even if the usual process, apart from the PSLRA, for amending a complaint and joining parties applied. Preliminarily, a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case … ." C. Wright & A. Miller, 7 Fed. Prac. & Proc. Civ. 3d § 1476 (citations omitted). *See also International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977). Accordingly, with the filing of the consolidated amended complaint, the nine initial complaints are no longer operative.

Since the consolidated amended complaint is the operative complaint and a waiver of service, executed by Atkin's counsel, was properly obtained and filed with the Court on September 11, 2003, service upon Atkin was valid. *See generally* Fed. R. Civ. P. 4(d). "If the defendant returns the requested waiver within 30 days, the plaintiff is to file the waiver

7

with the court. The action would then proceed as if the summons and complaint had been served on the defendant at the time of the filing of the waiver." *Durrett v. Leading Edge Products, Inc.*, 965 F. Supp. 280, 286-87 (D.Conn. 1997). "In other words, the filing of the waiver is viewed as equivalent to service on the defendant for purposes of timing." C. Wright & A. Miller, 6 Fed. Prac. & Proc. Civ. 2d § 1092.1. Thus, because the consolidated amended complaint is the only operative complaint in this action, and because Atkin was properly served, Atkin is a proper party to this action.

      Moreover, Rule 21 does not provide substantive standards for joinder. Rule 21 states, in its entirety:

> Rule 21. Misjoinder and Non-Joinder of Parties
> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Because Rule 21 does not state *when* a party has been misjoined, Rules 18, 19, and 20 govern the substantive standards for proper joinder. *See, e.g.*, *United States v. Commercial Bank of N.A.*, 31 F.R.D. 133 (S.D.N.Y. 1962). Misjoinder of parties arises when parties fail to satisfy the conditions of permissive joinder under Federal Rule of Civil Procedure 20(a). *See Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139 (N.D.N.Y. 1999); C. Wright & A. Miller, 7 Fed. Prac & Proc. Civ. 3d § 1683 ("Rule 21 is a mechanism for remedying [] the misjoinder . . . of parties. . . . The cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)."). Atkin has not cited any authority to suggest that his joinder was somehow substantively improper under Rule 20(a), and clearly it was not. The same claims brought against the other defendants have been brought against Atkin. Thus, adding Atkin, who was CFO during the relevant

8

time period, would significantly enhance judicial economy and would facilitate global settlement of the claims, rather than proceeding with a separate action against Atkin. *See In re Worldcom Sec. Litig.*, 2003 U.S. Dist. LEXIS 4462, at *9 (S.D.N.Y. Mar. 24, 2003) (Rule 21 motion incorporates standards for permissive joinder under Rule 20; "Rule 20 permits all logically related claims by or against different parties to be tried in a single proceeding.").

Instead of arguing that there was anything *substantively* improper about his joinder, Atkin instead argues that he was not properly joined *procedurally* because Lead Plaintiffs did not file a formal motion to join him before adding him as a party. First, as above, the Lead Plaintiffs did not need to do so, as they amended their complaint pursuant to Rule 15(a) prior to any responsive pleading. *See, e.g.*, *United States ex. rel Precision Co. v. Koch Indus.*, 31 F.3d 1015 (10th Cir. 1994); *Singh v. Prudential Ins. Co. of Am.*, 200 F. Supp. 2d 193, 196 (E.D.N.Y. 2002) ("The more persuasive cases hold that before the time a responsive pleading is filed, all amendments are allowed as a matter of course, including amendments to drop or add parties," quoting *Moore's Federal Practice*).

But, even if Lead Plaintiffs needed to file a motion to request to add Atkin as a party, Atkin has no standing to object to the absence of such a motion, because the procedural aspects of Rule 21 are intended to protect the rights of parties already in the case, not those being added. *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 536 F.2d 1268, 1272 (9th Cir. 1976). In *Hoffman*, the Ninth Circuit explained,

> Normally a person becomes a party defendant because of the unfettered choice of the plaintiff. When a party is added in an on-going lawsuit, the approval of the court is required by Rule 21 in order to protect the parties already in the case whose rights might be seriously affected by the addition of a new party defendant. Rule 21 is not designed to protect the defendant to be added who is not entitled to notice.

9

*Id. See also* C. Wright & A. Miller, 7 Fed. Prac. & Proc. Civ. 3d § 1688 (proposed new defendant is not entitled to notice of motion to join under Rule 21).

Here, no other defendant complained that Atkin was not properly joined in this action pursuant to Rule 21. Even if another defendant had so complained, no other party has been prejudiced in adding Atkin as a party at this early stage of the litigation. To date, defendants only have submitted motions to dismiss or answered the complaint. No discovery even has begun. Thus, since Atkin has no standing to argue that he has not properly been added, this Court should not dismiss the case against him.

Even if, however, joinder was somehow improper here, the text of Rule 21 makes it quite clear that *dismissal* is not the appropriate remedy. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not ground for dismissal of an action."). Instead, the proper remedy for "misjoinder" is to sever the action and have it proceed separately. *See* Fed. R. Civ. P. 21 ("Any claim against a party may be severed and proceeded with separately."); *Nassau County Assoc. of Ins. Agents v. Aetna Life & Cas.*, 497 F.2d 1151, 1154 (2d Cir. 1974) ("usual remedy" for misjoinder is severance); *see also Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (court must sever, rather than dismiss, misjoined action to avoid harm to plaintiffs); *Commercial Bank*, 31 F.R.D. at 135 ("Rule 21 was to minimize the harsh results which resulted from non-joinder and misjoinder under the common law."). In particular, "Rule 21 permits a court to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation." *Cox v. Bland*, 2002 WL 663859, at *4 (D. Conn. Mar. 26, 2002) (citation omitted). *See also* 7 Fed. Prac. & Proc. Civ. 3d § 1688 ("[I]f plaintiff files an amended complaint without first

10

obtaining leave to add an additional party, the defect may be corrected and does not justify dismissal of the action").

Thus, the Court should not dismiss this action on the basis that Atkin was improperly joined under Rule 21.

### C.    Rule 4(m) Does Not Compel Atkin's Dismissal

Federal Rule of Civil Procedure 4(m) states that if service is not effected within 120 days after the complaint is filed, the court shall *after giving notice to the plaintiff* dismiss the action, or shall direct that service be effected within some stated period of time. Fed. R. Civ. P. 4(m). The court's choice depends, in part, upon whether plaintiff, after receiving notice, shows good cause for its failure. *Id.* Alternatively, the Court, in its discretion, may extend the time for service.

Here, two of the original complaints named Atkin as a defendant. Atkin was not served within 120 days, but the court did *not* dismiss the complaints, did *not* give notice to the plaintiffs that it intended to dismiss the complaints, and did *not* inquire whether plaintiffs had "good cause" for failing to serve Atkin. Instead, the court consolidated several actions, and the Lead Plaintiffs chosen to represent the Class filed a consolidated amended complaint. Atkin waived service of the amended complaint and entered an appearance. Thus, the first "notice" plaintiffs received with respect to any delay in effecting service occurred *after* Atkin had already *waived* service. Under such circumstances, Rule 4(m) is simply moot – Atkin waived service, the waiver was filed with the court, and he has no grounds to object at this late date. And, to the extent that there is any remaining doubt, this Court may in its discretion, and should, order that the time to effect service has been extended. *See Feingold v. Hankin*, 269 F. Supp. 2d 268, 277 (S.D.N.Y. 2003).

11

*Brown v. Pratt & Whitney Division*, 1997 WL 573462 (D. Conn. 1997), cited by Atkin, is not to the contrary. In that case, the plaintiffs failed to effect timely service, and the court granted an extension. Plaintiffs again delayed in effecting service, then finally did serve a summons and complaint on the defendant. After entering an appearance, the defendant argued that service had been improper, and the court agreed. *See id.* at *3. In so doing, the court stated, "Since one extension of time in which to serve defendant was already granted, and plaintiff did not offer any explanation for the subsequent failure to timely serve defendant, dismissal is appropriate." *Id.* Here, by contrast, Lead Plaintiffs were never warned of any potential defect, and Atkin *waived service*. Nor have Lead Plaintiffs been less than diligent in assuring process over Atkin. Under such circumstances, there is no defect, and it would be grossly unfair to the Lead Plaintiffs and the class to dismiss Atkin under this rule.

Even if the Court finds Lead Plaintiffs have not demonstrated good cause, a district court may "relieve a plaintiff of the consequences of an application of [ Rule 4(m) ] even if there is no good cause shown." *American Commercial Barge Line Co., LLC v. Tug. Joan Salton*, No. 99 CV 0846(RCC), 2001 WL 262724, at *4 (S.D.N.Y. Mar. 16, 2001) (citing Fed.R.Civ.P. 4(m) advisory committee's notes to the 1993 amendments). Rule 4(m) "does not require 'good cause' for a district court to extend the 120-day period for service" at its own discretion. *Valentin v. Commissioner of Soc. Sec.*, 2000 WL 1727710, at *2 (S.D.N.Y. Nov. 21, 2000) (citing *Henderson v. United States*, 517 U.S. 654, 662-63 (1996)). Importantly, in making this determination, the Court bears in mind the Second Circuit's preference that litigation disputes be resolved on the merits. *American Commercial Barge Line Co.*, 2001 WL 262724, at *4.

12

## CONCLUSION

In sum, Lead Plaintiffs respectfully submit that Atkin's arguments are without merit. The complaint was properly amended pursuant to Rule 15(a) and this Court's orders and properly served on Atkin. Atkin does not have standing to assert that Lead Plaintiffs failed to properly move to add him as a party pursuant to Rule 21, and even if he did, the appropriate remedy, if this Court believed one to be necessary, would be to order the case against him severed, not dismissed. Similarly, even if Atkin was not timely served under Rule 4(m), this Court, at least, may extend the time to service Atkin.

WHEREFORE, Lead Plaintiffs respectfully request that the Court deny Atkin's motion.

DATED:    November 19, 2003

Respectfully submitted,

**SCOTT + SCOTT, LLC**


_____/s/_____
David R. Scott (Juris No. 16080)
Erin Green Comite (Juris No. 24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone:    (860) 537-3818
Facsimile:    (860) 537-4432


**MILBERG WEISS BERSHAD HYNES
 & LERACH LLP**
Beth Kaswan
Ann M. Lipton
One Pennsylvania Plaza
New York, NY  10119
Telephone:    (212) 594-5300
Facsimile:    (212) 868-1229

**Co-Lead Counsel for Lead Plaintiffs**

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2003, I caused a true and correct copy of LEAD PLAINTIFFS' OPPOSITION TO DEFENDANT ATKIN'S MOTION TO DISMISS.to be served by first-class, postage prepaid U.S. mail on counsel of record listed on the attached Service List.

_____/s/_____
Erin Green Comite

**Annuity and Life Re (Holdings), Ltd. Service List**

**Attorneys for Plaintiffs**

Andrew M. Schatz
Jeffrey S. Nobel
Patrick A. Klingman
SCHATZ & NOBEL
330 Main Street
Hartford, CT 06106-1817

James E. Miller
SHEPHERD FINKELMAN MILLER &
SHAH, LLC
One Lewis Street
Hartford, CT 06103

Attorney Elias A. Alexiades
ATTORNEY ELIAS A. ALEXIADES
215 Church Street
New Haven, CT 06525

Beth Kaswan
Ann Lipton
MILBERG WEISS BERSHAD HYNES
 & LERACH
One Pennsylvania Plaza
New York, NY 10119

Marc Edelson
HOFFMAN & EDELSON
45 West Court St.
Doylestown, PA  18901

**Attorneys for Defendants**

Gary R. Battistoni
DRINKER BIDDLE & REATH
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

John W. Cannavino
Karen L. Allison
CUMMINGS & LOCKWOOD, LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher
DAY, BERRY & HOWARD, LLP
One Caterbury Green
Stamford, CT 06901

Thorn Rosenthal
Tammy Roy
CAHILL GORDON & REINDEL, LLP
80 Pine Street
New York, NY 10005-1702

Lawrence W. Andrea
LAW OFFICES OF
 LAWRENCE W. ANDREA
57 North Street, Suite 313
Danbury, CT 06810

James T. Shearin
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006

Thomas J. Sansone
CARMODY & TORRANCE
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110

2