UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Nov 24  3 39 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | Civil Action No. 02-CV-2133 (GLG)<br><br>Consolidated Action |
| COMMUNICATIONS WORKERS OF AMERICA; MIDSTREAM INVESTMENTS LTD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KPMG LLP (UNITED STATES), KPMG LLP (UNITED KINGDOM), AND KPMG in BERMUDA,<br><br>Defendants. | Civil Action No. 03-CV-1826 (GLG)<br><br>Class Action |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE
RELATED ACTIONS FOR VIOLATIONS OF THE SECURITIES EXCHANGE
ACT OF 1934 AND TO REQUIRE THE PRESERVATION OF DOCUMENTS**

## PRELIMINARY STATEMENT

Before this Court are the following two securities fraud class action lawsuits asserting claims under §10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5, 17 C.F.R. §240.10b-5:

| Abbreviated Case Name | Case Number |
|---|---|
| *Schnall v. ANR, et al.* (the "*ANR* action") | 02-CV-2133 (GLG) |
| *Communications Workers of America, et al. v. KPMG LLP (United States), et al.* (the "*KPMG* action") | 03-CV-1826 (GLG) |

Plaintiffs Communications Workers of America ("CWA") and Midstream Investments Ltd. ("Midstream"), Lead Plaintiffs in the *ANR* action, (collectively "Lead Plaintiffs") have moved to consolidate these two related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") and §21D(a)(3)(B)(ii) of the Exchange Act, as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-3, and to obtain an order to preserve documents.

On April 3, 2003, this Court ordered the consolidation of nine original complaints into the *ANR* action and appointed Lead Plaintiffs. Motions to dismiss have been filed by several of the Defendants in this case and are pending. Lead Plaintiffs filed the *KPMG* action as a "related" action on October 23, 2003; on November 18, 2003, Judge Thompson ordered the case transferred to this court in the interests of justice.[1] None of the KPMG Defendants has yet entered an appearance. Both the ANR and KPMG cases allege securities fraud claims on behalf of a class of all persons who purchased or otherwise acquired Annuity and Life Re (Holdings),

---

[1] Plaintiffs filed a new "related" action (rather than requesting leave to amend the ANR action) to assure that the statute of limitations did not run against any of Plaintiffs' claims against KPMG. Plaintiffs deferred drafting a complaint against KPMG because, for several weeks before the KPMG complaint was filed, Plaintiffs and counsel for one of the KPMG entities had been discussing the possibility of entering into a tolling agreement. Ultimately, the various KPMG entities declined entering into such an agreement.

Ltd. ("ANR") securities between March 15, 2000 and November 19, 2002, inclusive (the "Class Period"). The *ANR* action alleges claims against ANR, the issuer of allegedly false financial statements, and its officers, directors and control persons. The *KPMG* action alleges claims against ANR's auditors with respect to their audits of the same financial statements. Both actions assert substantially the same claims and raise substantially the same questions of fact and law. Accordingly, for the purposes of judicial economy, consolidation of these two actions is appropriate.

## The Complaints

Plaintiffs complain of a fraudulent scheme and deceptive course of business that injured purchasers of ANR securities during the Class Period. *See e.g., ANR* ¶1; *KPMG* ¶1. The *ANR* complaint targets ANR, its officers, directors and controlling persons for issuing fraudulent financial statements and related public statements in violation of §10(b) of the Exchange Act and Rule 10b-5. The *KPMG* complaint alleges that ANR's auditors fraudulently certified the same financial statements at issue in the *ANR* action. The allegations in both complaints arise from the same course of conduct and fraudulent scheme. Both complaints allege in minute detail the manner in which ANR and its officers and directors misstated ANR's material financial information associated with ANR's main book of business – the Transamerica reinsurance contract – to the investing public, thereby artificially inflating the price of ANR stock. *ANR* ¶¶ 5-12; *KPMG* ¶¶ 6-15.[2] Both cases allege that ANR's 1999-2001 financial statements issued during the Class Period violated Generally Accepted Accounting Principals ("GAAP"). *ANR* ¶11; *KPMG* ¶¶11-12. The *KPMG* complaint also alleges that, in falsely certifying that ANR's

---

[2] For a more complete summary of the fraud alleged, Lead Plaintiffs respectfully refer the Court to Lead Plaintiffs' Consolidated Opposition To The Motion To Dismiss Filed By Defendants Burke, Hammer, XL Capital, O'Hara and Esposito at 1-28.

2

financial statements complied with GAAP, KPMG also falsely represented that it conducted audits in accordance with Generally Accepted Auditing Standards ("GAAS"). *KPMG* ¶12.

In sum, each action alleges that defendants knowingly and recklessly made a series of false and misleading statements during the Class Period about ANR's financial performance on the Transamerica contract that artificially inflated the price of the ANR stock purchased by Lead Plaintiffs, and the Class, during the same class period, and caused them damages. Plaintiffs allege that ANR, its officers and directors and KPMG are jointly and severally liable for the same injuries caused by the issuance (and certification) of the same false financial statements. Both cases are in the early stages of litigation, and substantial judicial economy will result through their consolidation. Accordingly, consolidation is appropriate.

## ARGUMENT

### This Court Should Consolidate These Related Actions

Both the PSLRA and the Federal Rules of Civil Procedure provide for the consolidation of related actions. Under the PSLRA, actions should be consolidated where they assert "substantially the same claim." 15 U.S.C. §78u-4(a)(1)(a)(3)(B)(ii); Fed. R. Civ. P. 42. Under Fed. R. Civ. P. 42, actions should be consolidated where consolidation promotes efficiency. "Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions...when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Pursuant to Rule 42(a), this Court has broad discretion to determine whether consolidation is appropriate. *Id.* at 1284; *see also Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("A district court has broad discretion to consolidate actions.").

Consolidation is common in federal securities class actions. "Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *In re Cendant*

3

*Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998). Cases may be consolidated where different defendants were named in the two actions. *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992). In securities fraud actions, outside auditors are regularly prosecuted together with their audit client, and its officers and directors, where the allegedly false statements and omissions involved audited financial statements. *See e.g., In re Worldcom Inc. Sec. Litig.*, 02 Civ. 3288 (DLC), 2003 U.S. Dist. LEXIS 10863 (S.D.N.Y. June 25, 2003); *In re CINAR Corp. Secs. Litig.*, 186 F. Supp. 2d 279 (E.D.N.Y. 2002); *In re Oxford Health*, 187 F.R.D. 133 (D. Conn. 1999).

Consolidation is particularly appropriate here because both actions remain in the early litigation phases. Indeed, the various KPMG firms have yet to enter their appearance.[3] In the *ANR* action, certain defendants' motions to dismiss are pending while other defendants have recently answered the consolidated amended complaint. As such, no defendant will be prejudiced and the case will not be significantly delayed by consolidation at this time.

**This Court Should Order The Preservation Of Documents**

Through this Motion, Plaintiffs also request the Court to order the preservation of documents, including electronic documents relating to this litigation, in accordance with 15 U.S.C. §78u-4(b)(3)(C)(i). In complex securities fraud cases involving companies with numerous employees, such an order is appropriate to prevent the loss of key documents, whether through inadvertence or otherwise.

---

[3] The KPMG LLP firm in the United States was served on October 24, 2003. Requests for waiver of service to KPMG LLP (United Kingdom) and to the KPMG office in Bermuda are outstanding.

4

## CONCLUSION

For the reasons stated above, and in order to promote judicial economy, Plaintiffs respectfully request that the Court consolidate these related actions and require the preservation of documents.

DATED: November __, 2003

Respectfully submitted,

**SCOTT + SCOTT, LLC**

By: *Erin Green Comite*

David R. Scott (Juris No. 16080)
drscott@scott-scott.com
Erin Green Comite (Juris No. 24886)
ecomite@scott-scott.com
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone:    (860) 537-5537
Facsimile:     (860) 537-4432

**Co-Lead Counsel for Lead Plaintiffs**

**MILBERG WEISS BERSHAD HYNES & LERACH LLP**
Beth Kaswan
Ann M. Lipton
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
(212) 868-1229

**Co-Lead Counsel for Lead Plaintiffs**

**HOFFMAN & EDELSON**
Marc Edelson
45 West Court St.
Doylestown, PA  18901
Telephone:    (215) 230-8043
Facsimile:     (215) 230-8735

**Of Counsel for Lead Plaintiffs**

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2003, I caused a true and correct copy of foregoing to be served by first-class, postage prepaid U.S. mail on counsel of record listed on the attached Service List.

*Erin Green Comite*
Erin Green Comite

6

## Annuity and Life Re (Holdings), Ltd. Service List

**Attorneys for Plaintiffs**

Andrew M. Schatz
Jeffrey S. Nobel
Patrick A. Klingman
SCHATZ & NOBEL
330 Main Street
Hartford, CT 06106-1817

James E. Miller
SHEPHERD FINKELMAN MILLER &
SHAH, LLC
One Lewis Street
Hartford, CT 06103

Attorney Elias A. Alexiades
ATTORNEY ELIAS A. ALEXIADES
215 Church Street
New Haven, CT 06525

Beth Kaswan
Ann Lipton
MILBERG WEISS BERSHAD HYNES
 & LERACH
One Pennsylvania Plaza
New York, NY 10119

Marc Edelson
HOFFMAN & EDELSON
45 West Court St.
Doylestown, PA 18901

**Attorneys for ANR Defendants**

Gary R. Battistoni
DRINKER BIDDLE & REATH
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

John W. Cannavino
Karen L. Allison
CUMMINGS & LOCKWOOD, LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher
DAY, BERRY & HOWARD, LLP
One Caterbury Green
Stamford, CT 06901

Thorn Rosenthal
Tammy Roy
CAHILL GORDON & REINDEL, LLP
80 Pine Street
New York, NY 10005-1702

Lawrence W. Andrea
LAW OFFICES OF
 LAWRENCE W. ANDREA
57 North Street, Suite 313
Danbury, CT 06810

James T. Shearin
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Thomas J. Sansone
CARMODY & TORRANCE
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110

Francis S. Chlapowski
Randi B. Pincus
Morgan, Lewis & Bockius, LLP
101 Park Avenue, 44th Floor
New York, NY 10178

7

John J. Robinson
McCarter & English, LLP
One Financial Plaza
755 Main Street, 18th Floor
Hartford, CT 06103

R. Nicholas Gimbel
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

**KPMG Defendants**

Jeanine A. Comas
KPMG LLP (United States)
280 Park Avenue
New York, NY 10017

James W. Bergenn
Shipman, & Goodwin LLP
One American Row
Hartford, CT 06103-2819

John Griffith-Jones
KPMG LLP (United Kingdom)
8 Salisbury Square
London EC4Y 8BB
United Kingdom