## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, individually and on behalf of all others similarly situated | CIVIL ACTION NO. 3:02cv02133 (GLG) |
| PLAINTIFFS | Consolidated Action |
| VS. | |
| ANNUITY & LIFE RE (HOLDINGS) LTD., ET AL. | December 4, 2003 |
| DEFENDANTS | |

## <u>REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

The defendant William W. Atkin (hereinafter, "Mr. Atkin") has filed a motion to dismiss, dated October 3, 2003 [Doc. No. 62] ("Motion").    The plaintiffs, the Communications Workers of America and Midstream Investments, Ltd. (hereinafter, the "Lead Plaintiffs") filed a memorandum in opposition to that motion, dated November 19, 2003 [Doc. No. 84] ("Opposition Memorandum").   This reply memorandum is submitted in further support of Mr. Atkin's Motion and in response to the Opposition Memorandum. For the reasons set forth herein, and for the reasons set forth in the original memorandum in support of the motion to dismiss, dated October 3, 2003 [Doc. No. 63] ("Supporting Memorandum"), the Motion should be granted.

The gist of the Lead Plaintiffs' Opposition Memorandum is that Mr. Atkin's Motion is simply a procedural maneuver that should be summarily ignored or, perhaps worse, the Court should exercise authority it doesn't have to excuse Lead Plaintiffs' neglect. Neither is the proper outcome.

Nine different sets of plaintiffs filed similar cases in late 2002 and early 2003, each vying to become the lead plaintiff so his, her or its' counsel might stand to recoup

their legal fees if the claims were successful.  The Lead Plaintiffs argue that this history must essentially be ignored because it is a well-accepted practice that upon appointment of Lead Counsel, the various complaints are reviewed and a consolidated complaint is filed.  Opposition Memorandum, *supra*, at 3.  In the view of the Lead Plaintiffs, the case doesn't really start until the consolidated complaint is filed.

Although the Lead Plaintiffs attempt to cloak this "practice" with the authority of law, Opposition Memorandum, *supra*, at 5 ("the procedural process is governed by the PSLRA"), they do not and cannot cite a single rule, statute or case that supports their position.[1]  Like it or not, even in securities litigation, the commencement of an initial suit still means something, even if that complaint may be later subsumed along with other complaints into a consolidated complaint.  Here, counsel for the Lead Plaintiffs, the same counsel that is opposing Mr. Atkin's motion to dismiss, was also the counsel that drafted seven of the original nine complaints, and presumably decided at that time not to name Mr. Atkin as a party.[2]  It was only after the cases were consolidated, that counsel representing the Lead Plaintiffs sought to bring allegations against Mr. Atkin – allegations that were asserted without the Court's permission.

Notably, only recently, the Lead Plaintiffs filed yet another case against KPMG addressing the same factual underpinnings as in the instant action, followed immediately with a Motion to Consolidate.  In that motion, the Lead Plaintiffs freely

---

[1] Remarkably, the Lead Plaintiffs also point out that, despite this "well-accepted" practice, each defendant who had then been served sought a court order postponing the filing of a responsive pleading until a consolidated complaint was filed.  Opposition Memorandum, *supra*, at 3.  Clearly, whatever the "practice" might be, the defendants know enough to observe the rules.

[2] *Bird* and *Bernard*, the two cases that did name Mr. Atkin, were drafted by different counsel.  Of course, those two cases were not timely served on Mr. Atkin.

admit that the reason they brought a separate action was because they would have statute of limitations problems if they waited to secure the Court's permission and add KPMG to this case.  Plaintiffs' Memo. Supp. Mot. Consolidate, November 24, 203 [Doc. No. 87], at n. 1.  In short, they recognized the problem they faced with a defendant who was not timely made a party to the action and the procedural stay they could take to address that situation.  Remarkably, here, they fail to recognize that they face the same problem with Mr. Atkin.  If the Lead Plaintiffs' reading of the law were correct, they could have served KPMG with the consolidated complaint in this case without making any effort to add their entity under Fed. R. Civ. P. 21.  Remember, in seven of the nine cases, Mr. Atkin was never served as a party and in the other two he was not served. He therefore stood in the same position at the time of the consolidated complaint as did KPMG.

Mr. Atkin has not taken any position in his Motion on whether it would be appropriate for him to be made a party to this action, or even whether it was proper to name him as a defendant in two of the original nine actions.  Those are issues for another day.  His point is simple.  He has never been made a party to this case or any other case.  If and when he is, he will respond appropriately to the complaint. The Lead Plaintiffs' claims that Mr. Atkin's motion to dismiss is a mere procedural maneuver are hollow.  Neither the Court, nor any civil litigant, may ignore the law as embodied in the Federal Rules of Civil Procedure.  *Pryor v. National Collegiate Athletic Association*, 288 F.3d 548, 570 (3d Cir. 2001).

A.    **MR. ATKIN'S WAIVER OF SERVICE DOES NOT CONFER JURISDICTION ON THE COURT.**

The Lead Plaintiffs argue that Mr. Atkin's execution of a waiver of service under Fed. R. Civ. P. Rule 4 in connection with the Amended Consolidated Complaint acted as a waiver of his jurisdictional arguments.  *See* Opposition Memorandum, *supra*, at ¶ 1, 5, 7, 8, 11.  Not surprisingly, Lead Plaintiffs have provided absolutely no support for this claim, most likely because there is none.

In fact, as pointed out in Mr. Atkin's original memorandum in support of the motion to dismiss, the rules specifically <u>preserve</u> such claims, a concept that Lead Plaintiffs fail to mention in their opposition.  More specifically, Fed. R. Civ. P. Rule 4(d)(1) provides that:

> "[a] defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant."

*See also*, 1 Moore's Federal Practice § 4.11 at 4-39.  The waiver of service provisions of the federal rules are designed for convenience and to reduce costs.  Were the Lead Plaintiffs' arguments to hold, then a party signing a waiver of service would necessarily waive objections to jurisdiction.   In that case, the procedure would be worthless, since no defendant would agree.

Mr. Atkin's execution of the waiver of service was for the convenience of the Lead Plaintiffs.  Under the federal rules, it did not operate as a waiver of any of Mr. Atkin's jurisdictional claims, it does not operate as a bar to the motion to dismiss, and is not dispositive of any of the claims therein.

**B.    LEAD PLAINTIFFS HAVE NOT JUSTIFIED THEIR FAILURE TO JOIN MR. ATKIN AS A PARTY**

Mr. Atkin argued in his supporting Memorandum that the Lead Plaintiffs failed to make him a party to any of the original actions, as required by Fed. R. Civ. P. Rule 21. The Lead Plaintiffs counter by resort to Fed. R. Civ. P. Rule 15, which governs amendments to complaints.  *See* Opposition Memorandum, *supra*, at 9.  Their argument ignores, however, the case law that holds that Rule 21 takes priority over Rule 15 in these cases.

Rule 21 expressly covers the subject of adding parties, and specifically requires court approval to do so.  By contrast, Rule 15 expressly addresses only amendments to the pleadings.  The Lead Plaintiffs argue that this right includes the possibility of adding a party.  They further argue that they could do so without court order, because their amendment was as of right.[3]  Mr. Atkin does not dispute that Rule 15 permits a plaintiff to amend the complaint, nor that a plaintiff may do so as a matter of right before any responsive pleadings have been filed.  Fed. R. Civ. P. Rule 15 (a).  The law, however, holds that this effort may not be used as a back door way to add a party.

"Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs."  *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909 (DLC), 2001 WL 58000, at *1 (S.D.N.Y. 2001).  Neither Rule 15(a) nor the Notes of the Advisory Committee intimate that an exception to Rule 21 was intended by the provision of Rule 15(a) which permits a party to amend without leave of court before a responsive

---

[3]  Lead Plaintiffs never asked for nor secured court approval under Rule 15 to add Mr. Atkin as a party or to state any claims against him.

pleading is filed. *Momentum Lugagge, supra,* 2001 WL 58000, at *1, citing *Gordon v. Lipoff*, 320 F.Supp. 905, 923 (D.Mo.1970). The only courts in the Second Circuit who have considered this issue have routinely held as did *Momentum Luggage*. *See*, Supporting Memorandum, *supra*, at 7, for other cases supporting this proposition.[4]

There are sound reasons why Rule 21 should govern the addition and elimination of parties. *Momentum Lugagge, supra,* 2001 WL 58000, at *1. Whether parties should be dropped from or added to an action presents problems of judicial administration over which the court, rather than the parties and their counsel, should maintain control at every stage of the action. *Momentum Lugagge, supra,* 2001 WL 58000, at *1, citing *Gordon*, *supra*, 320 F.Supp. at 923.

> In adding or eliminating parties, courts must consider judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact the amendment would have on each of the parties already named in the action.
>
> *Momentum Luggage*, supra, 2001 WL 58000, at *1.

Indeed, the Lead Plaintiffs misconstrue the purpose of Rule 21, and focus on "misjoinder" - where a party is included in an action he should not have been made a party. Opposition Memorandum*, supra*, at 10. Again, Mr. Atkin has not challenged whether it would be proper to add him as a party; he argues only that the Lead Plaintiffs have never joined him in the first place. As such, the Lead Plaintiffs' suggestion that

---

[4] It also bears emphasis that notwithstanding the Lead Plaintiffs' dismissive attitude with respect to Mr. Atkin's "procedural motion", none of the courts who have confronted this procedural issue in the past have treated it in such a cavalier manner.

severance is the appropriate remedy is inapposite – since Mr. Atkin has never been made a party, there is nothing to sever.

## C. MR. ATKIN HAS STANDING TO CHALLENGE LEAD PLAINTIFFS' CONDUCT.

Perhaps as a last resort to excuse their non-compliance with the federal rules, the Lead Plaintiffs argue that Mr. Atkin does not have standing to challenge the <u>absence</u> of a motion to make him a party.  Opposition Memorandum, *supra*, at 9.  The authority for this proposition is from a Ninth Circuit case in which the Court held that a person is not entitled to notice of the <u>filing</u> of a motion to add him as a party.  *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1272 (9th Cir. 1976).  Respectfully, *Hoffman* has nothing to do with this case.  Mr. Atkin is not challenging a motion to make him a party; he is challenging the fact that Lead Plaintiffs are treating him as though he were a party despite the fact that they never served him in seven of the nine cases or served him in the other two.  It is nonsensical to argue that Mr. Atkin has no right to argue that he was <u>never properly made</u> a party to the proceedings.  The Lead Plaintiffs cannot pick and choose the rules they want to follow.

## D. THE LEAD PLAINTIFFS HAVE NOT JUSTIFIED THE FAILURE TO COMPLY WITH RULE 4 (M)

It is noteworthy that  the Lead Plaintiffs have failed to proffer any excuse for the failure to sue Mr. Atkin in seven of the original actions, or to serve process on him in *Bird* and *Bernard*, the only original actions in which Mr. Atkin was named as a party.  In fact, the Lead Plaintiffs concede that Mr. Atkin was not served in *Bird* and *Bernard*.[5]

---

[5] The Lead Plaintiffs argue only that Mr. Atkin should have moved to dismiss *Bird* and *Bernard* even though he had never been served with the Complaints.  Of course, Atkin does not have this burden and could not even file such a motion.

Opposition Memorandum, *supra*, at 3.   Instead, they argue that this issue is moot. Opposition Memorandum, *supra*, at 11.   This claim is based upon three remarkable propositions:   (a) that the Court did not dismiss the actions *sua sponte* for failure to serve Mr. Atkin, (b) that they have not received notice of any intention to dismiss, and (c) that the Court has not inquired whether they had "good cause" for the failure to serve Mr. Atkin.   Opposition Memorandum, *supra*, at 11.   None of these arguments is the least bit persuasive.

The facts are these.   Nine actions were filed.   Only two named Mr. Atkin as a defendant, and in those two cases Mr. Atkin was not served.   Undoubtedly, the reason is that it was the counsel who filed the other seven cases who was chosen as lead counsel.   All nine cases were then consolidated into this case.   The proceedings on the motion to consolidate were conducted and the motion was granted without <u>any</u> notice to Mr. Atkin.   Once the cases were consolidated, a new complaint was filed that purported to name Mr. Atkin in a case in which he had never previously been named and despite the fact he had never been served in the two subsumed cases.   It is thus incredible for the Lead Plaintiffs to now argue that the Mr. Atkin has lost the right to move to dismiss an action because the <u>Court</u> did not undertake to find out that which the Lead Plaintiffs had neglected to fully inform the Court -- the status of Mr. Atkin.   It is not the Court's job to rescue the Lead Plaintiffs from their failure to comply with their obligations under the rule.

The Lead Plaintiffs also appear to confuse the standards for when a Court dismisses an action *sua sponte* and when a defendant moves for dismissal pursuant to Rule 12 (b).   While a court must give notice before a *sua sponte* dismissal; *see*,

*Thompson v. Maldonado*, 309 F.3d 107, 110 (2002), the dismissal sought here is by Mr. Atkin's motion, not *sua sponte*. As such, the only notice to which Lead Plaintiffs are entitled occurred when they received Mr. Atkin's motion to dismiss. The Lead Plaintiffs have the opportunity to object. This is, of course, the purpose of providing notice in the first place. *Thompson*, *supra*, 309 F.3d at 110. Needless to say, the plaintiffs have failed to present any evidence or argument that Mr. Atkin should be dismissed. Whether he should be sued separately or now added as a party is an issue for another day.

Finally, the Lead Plaintiffs attempt to place on the Court the burden of speculating as to their good cause for the failure to serve process on Mr. Atkin. Indeed, the Lead Plaintiffs make no attempt to justify the failure to serve, but instead merely point out that the Court has the discretion to extend the time. Mr. Atkin is aware of the Court's limited discretion under Rule 4. However, the Lead Plaintiffs have never sought additional time to serve process, let alone explained their good cause for doing so. The reason is perhaps apparent. The determination of good cause is measured against plaintiff's reasonable efforts to effect service and the prejudice to the defendant by the failure to serve. *Brown v. Pratt & Whitney Division*, Civil Action No. 3:96CV0525 (GLG), 1997 WL 573462, at *3 (D. Conn. 1997), citing *Gordon v. Hunt*, 116 F.R.D. 313, 319-20 (S.D.N.Y.), *aff'd*, 835 F.2d 452 (2d Cir.1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988). Particular emphasis should be given to whether the plaintiff was diligent in making reasonable efforts to effort service. *Brown*, *supra*, 1997 WL 573462, at *3. A delay in service resulting from inadvertence is not sufficient to establish good cause. *Brown*, *supra*, 1997 WL 573462, at *3, citing *Delicata v. Bowen*,

116 F.R.D. 564, 566 (S.D.N.Y.1987).[6]  These are burdens the Lead Plaintiffs cannot meet.

Accordingly, the Lead Plaintiffs opposition to the motion to dismiss fails to controvert Mr. Atkin's argument that he was never served with *Bird* and *Bernard*, and is therefore not a party to this consolidated action.  In seven of the nine original cases, including the lead case, Mr. Atkin was never sued.  In *Bird* and *Bernard*, he was never served, even before they were consolidated.  If it would be proper to add Mr. Atkin as a party to these proceedings, the Lead Plaintiffs should move for the right to add him as a party under Rule 21 and, if granted permission, then effect service on him.  Mr. Atkin can then respond appropriately to the complaint.  In the meantime, the motion to dismiss must be granted.

## II.    CONCLUSION

For the reasons set forth herein, and for the reasons set forth in the original memorandum in support of the motion to dismiss, dated October 3, 2003 [Doc. No. 63], the motion should be granted.

THE DEFENDANT
WILLIAM W. ATKIN

By _____
James T. Shearin, (ct01326)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
203.330.2000
Facsimile 203.576-888

---

[6] Additionally, the Lead Plaintiffs argue that the Amended Consolidated Complaint superceded all of the original Complaints.  Opposition Memorandum, *supra*, at 3.  If true, there would be nothing left that could be served on Atkin even with an extension from the Court.

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on December 4, 2003 to all counsel and pro se parties of record.

For the lead plaintiffs
COMMUNICATIONS WORKERS OF
AMERICA and MIDSTREAM
INVESTMENTS, LTD:

    Peter E. Seidman
    Ann M. Lipton
    Beth Kaswan
    Milberg, Weiss, Bershad, Hynes & Lerach
    One Pennsylvania, Plaza, Suite 4915
    New York, NY  10119-0165
    212.594.5300
    Facsimile:  212.868.1229

    David R. Scott
    Karen M. Lesser
    Scott & Scott
    108 Norwich Avenue
    P.O. Box 192
    Colchester, CT  06415
    860.537.3818
    Facsimile:  860.537.4432

For the plaintiff SHERRY SCHNALL:

    Peter E. Seidman
    Milberg, Weiss, Bershad, Hynes & Lerach
    One Pennsylvania Plaza, Suite 4915
    New York, NY  10119-0165
    212.594.5300
    Facsimile:  212.868.1229

    David R. Scott
    Karen M. Lesser
    Erin Green Comite
    Scott & Scott
    108 Norwich Avenue
    P.O. Box 192
    Colchester, CT  06415
    860.537.3818
    Facsimile:  860.537.4432

For the plaintiffs IRVING FELDBAUM and RENA NADOFF:

    David R. Scott
    Karen M. Lesser
    Erin Green Comite
    Scott & Scott
    108 Norwich Avenue
    P.O. Box 192
    Colchester, CT  06415
    860.537.3818
    Facsimile:  860.537.4432

For the plaintiffs PHILIP L. BIRD, RON BERNARD, DAN B. MADSEN, MICHAEL HERTZL, IRVING I. LASSOF

    Patrick A. Klingman
    Schatz & Nobel, P.C.
    330 Main Street
    Hartford, CT  06106-1851
    860.493.6292
    Facsimile:  860.493.6290

For the plaintiff JEROME L. HUFF:

    Jeffrey S. Nobel
    Schatz & Nobel, P.C.
    330 Main Street
    Hartford, CT  06106-1851
    860.493.6292
    Facsimile:  860.493.6290

For the defendant ANNUITY & LIFE RE (HOLDINGS) LTD:

    James F. Stapleton
    Kenneth W. Ritt
    Terence J. Gallagher, III
    Day, Berry & Howard
    One Canterbury Green
    Stamford, Ct  06901-2047
    203.977.7300
    Facsimile:  203.977.7301

For the defendant ANNUITY & LIFE RE (HOLDINGS) LTD:

    Edward M. Posner Gary R. Battistoni

Stuart A. Law, Jr.
Drinker, Biddle & Reath
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996

For the defendants FREDERICK S. HAMMER:

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher, III
Day, Berry & Howard
One Canterbury Green
Stamford, Ct  06901-2047
203.977.7300
Facsimile:  203.977.7301

John J. Robinson
McCarter & English, LLP
CityPlace 1
185 Asylum Street
Hartford, CT  06103
860.275.7600
Facsimile:  860.724.3397

For the defendant JOHN F. BURKE:

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher, III
Day, Berry & Howard
One Canterbury Green
Stamford, Ct  06901-2047
203.977.7300
Facsimile:  203.977.7301

Thomas J. Sansone
Carmody & Torrance
195 Church Street, 18th Fl.
P.O. Box 1950
New Haven, CT  06509-1950
203.777.5501

John R. Horvack, Jr.
Carmody & Torrance, LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110
203.573.1200
Facsimile:  203.575.2600

For the defendant LAWRENCE S. DOYLE:

John W. Cannavino
Alexandra B. Stevens
Karen L. Allison
Cummings & Lockwood
Four Stamford Plaza
P.O. Box 120
Stamford, CT  06904-0120
203.327.1700
Facsimile:  203.351.4499

For the defendants BRIAN O'HARA, MICHAEL P. ESPOSITO, JR. and XL CAPITAL, LTD.

Thorn Rosenthal
Tammy Roy
Cahill, Gordon & Reindel, LLP
80 Pine Street
New York, NY  10005
212.701.3000
Facsimile:  212.269.5420

Lawrence W. Andrea
57 North Street, Suite 313
Danbury, CT  06810
203.743.6454

For the movant LOCAL 338 RETIREMENT FUND, BOARD OF TRUSTEES:

James E. Miller
Shepherd, Finkelman, Miller & Shah
One Lewis Street
Hartford, CT  06103
860.246.0600
Facsimile:  860.246.0700

For the movants JAY PETER KAUFMAN REVOCABLE TRUST and DAN B. MADSEN:

Elias A. Alexiades
215 Church Street, 2nd Fl.
New Haven, CT  06510
203.777.4720
Facsimile:  203.777.4722

For the movant GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT:

Andrew M. Schatz
Jeffrey S. Nobel

Patrick A. Klingman                              Hartford, CT  06106-1817
Schatz & Nobel                                   860.493.6292
330 Main Street

_____
James T. Shearin, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

BPRT/68845.1/PSO/499448v1