## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SHERRY SCHNALL, Individually and  On Behalf of All Others Similarly Situated, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-2133(GLG) |
| vs. | : | |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO JR., | : | CONSOLIDATED ACTION |
| Defendants. | : | DECEMBER 9, 2003 |

## CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by Lead Plaintiffs Communication Workers of America and Midstream Investments Ltd. ("Lead Plaintiffs") and Annuity and Life Re (Holdings), Ltd. ("ANR"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents produced by ANR and the Lead Plaintiffs, and any deposition testimony, deposition exhibits, interrogatory responses and admissions, relating to the documents produced (such information is hereinafter referred to as "Discovery Material").  This Order shall not apply to the use of Discovery Material at trial or other Court hearings, and shall not preclude any person from seeking additional orders with respect to the Confidentiality of Discovery Material.

1.      For purposes of this Stipulation and Order, Confidential Information shall mean information, not otherwise in the public domain, the disclosure of which could reasonably be anticipated to cause injury to the business or personal affairs of the producing or designating

party, and may include all non-public materials containing information related to: financial or business plans, data or projections; proposed plans and strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; information or documents subject to confidentiality or non-disclosure agreements with third parties; medical information; or other commercially sensitive or proprietary information.

2.     Confidential Information shall be used solely for purposes of this litigation (and the action entitled <u>Communications Workers of America et al. v. KPMG LLP (United States), et al.</u>, C.A. No. 3:03-CV-1826 (GLG)) and may be disclosed only to those persons identified in paragraph 6 below. All persons receiving Confidential Information shall be bound by the terms hereof. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief in this Court.

3.     Any party may designate documents that are produced as Confidential by (a) stamping each page containing Confidential Information with the legend "Confidential" before that page is produced, or (b) by separate written notification of such designation, which may be sent within thirty days after production. To the extent that matter stored or recorded in form of electronic or magnetic media is produced in such form, the producing party or the parties may designate such material as Confidential Information by affixing a label on the media or by cover letter generally referring to such matter. A document that includes the designation "Confidential Treatment Requested" shall be treated as if designated "Confidential" for purposes of this action.

4.     Deposition testimony may be designated as Confidential either (a) at the deposition, by making a statement for inclusion in the deposition transcript, or (b) on or before thirty (30) calendar days after receipt of the transcript, by making a notation on the transcript of the deposition and informing all other counsel in writing of such designation. Until the

expiration of such thirty (30) day period with respect to any deposition transcript, all deposition testimony and transcripts, and any information contained therein, or exhibits thereto, shall be deemed to be Confidential Information and treated as if so designated.  When Confidential Information is designated in a deposition transcript, the party making the designation shall instruct the reporter to make the following notations:  (i) on the first page of the transcript:  "This transcript contains Confidential Information"; and (ii) on each page containing Confidential Information, "Confidential."

5.     Responses to document requests, interrogatories, and requests for admission may be designed "Confidential" by (a) so indicating in the response or (b) by separate written notification of such designation within thirty days of the service of the response.

6.     Any party receiving Confidential Information may disclose or make available such information only to the following persons:

(a)     this Court (and any appellate court), including court personnel, jurors and alternate jurors;

(b)     the named parties to this action and their employees, officers, directors, insurers, counsel to their insurers, counsel to the parties to this action, and the paralegal, clerical, secretarial, and other staff employed by such counsel;

(c)     court reporters;

(d)     outside services, such as imaging or copy services;

(e)     deponent and trial fact witnesses and any other witness or potential witness whom a party believes in good faith will be aided in reviewing the document, provided that prior to the disclosure to such persons of any Confidential Information, counsel for the party proposing to make such disclosure, or counsel to the witness where the witness is employed by

3

or represented by a party, shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person.  Before any such person is given access to Confidential Information, he or she shall be required to agree to be bound by the terms of the Stipulation and Order.

(f)    outside experts, advisors or consultants retained by counsel to any party to this action, provided that prior to the disclosure to such persons of any Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person.  Before any such expert, advisor or consultant is given access to Confidential Information, he or she shall be required to agree to be bound by the terms of the Stipulation and Order.

(g)    any mediator or arbitrator engaged by the parties to this action.

7.    All persons who have received Confidential Information shall safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

8.    Any party to the action to whom information designated "Confidential" is produced may object at any time during the pendency of the action to the designation of "Confidential".  The objection shall be made in writing to counsel for the Designator.  Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation.  If the objection cannot be resolved by agreement, any party may file a motion regarding the issue in dispute.  The Designator shall have the burden of proof concerning confidentiality.  In the event of an objection to the designation of Confidential, all materials subject to the objection shall continue to be treated as Confidential Information until the Court rules to the contrary.

9.    No party to this action concedes that any documents designated as "Confidential" actually is confidential.

10.     If any Designator disseminates information, other than information subject to the provisions of paragraph 14 below, which that Designator has designated as "Confidential" in a manner inconsistent with the claim that it is confidential, any party may assert to the Court that such material is no longer entitled to be treated as Confidential.

11.     When affidavits, briefs, memoranda or other documents containing or disclosing Confidential Information are filed with the Court, they shall be placed in sealed envelopes or other appropriately sealed containers which shall bear the caption of the action and a notation to the effect that the information contained therein is Confidential and is subject to this Stipulation and Order, and may be examined only in accordance with the terms of this Stipulation and Order.

12.     Nothing herein shall prevent any party or third party who has received Confidential Information pursuant to this Stipulation (the "Receiver") from producing such Confidential Information in response to a lawful subpoena or other compulsory process, provided that any party or third party receiving such subpoena or other process shall as soon as reasonably practical, prior to producing any Confidential Information, give notice thereof to the Designator by facsimile identifying the Confidential Information sought and furnish the Designator with a copy of the subpoena or other compulsory process so as to afford the Designator a reasonable opportunity to seek a protective order.  If the Designator moves for a protective order, the Receiver shall not thereafter produce such Confidential Information except pursuant to a court order requiring compliance with the subpoena or other compulsory process. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge any such order requiring production of Confidential Information, or to subject herself, himself or itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.  If Confidential Information is produced

pursuant to subpoena or other compulsory process, it shall continue to be treated as Confidential Information by all persons subject to this Protective Order unless and until this Court otherwise directs.

13.    Nothing herein shall prevent any party from presenting Confidential Information to the recipient or author of such Confidential Information.

14.    Any party to this action may move the Court for an order modifying this Stipulation and Order, and nothing in this Stipulation and Order shall be deemed to prevent such application.  This Stipulation and Order may also be modified by written consent of all parties hereto or may be modified by the Court on its own motion, and nothing in this Stipulation and Order shall be deemed to prevent such modification.

15.    Within sixty (60) days after a judgment in or dismissal or other resolution of this action including any appeals becomes final and non-appealable, the attorneys for each party who received Confidential Information shall (a) return to each person who produced Confidential Information all copies of the Confidential Information produced by such persons or (b) destroy all documents containing Confidential Information (including all copies of Confidential Information and documents containing Confidential Information made by the recipient and other persons to whom the recipient disclosed Confidential Information).  Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Information that is referred to or attached to any attorney work product), but any Confidential Information contained in such materials may not be disclosed to any other person.

16.      Other parties and non-parties that produce documents or other confidential

information in this action may avail themselves of the protections of this order, and may

designate materials produced by them as Confidential Information.

17.      This Stipulation and Order shall be effective immediately and shall survive the

conclusion of this litigation.

Lead Plaintiffs


By:_____/s/_____
          David R. Scott (ct16080)
          Erin Green Comite (ct24886)
          Scott + Scott, LLC
          108 Norwich Avenue
          P.O. Box 192
          Colchester, CT  06415
          Telephone:  (860) 537-5537
          Facsimile:  (860) 537-4432

          - and -


By: _____/s/_____
          Beth Kaswan
          Ann Lipton
          Milberg Weiss Bershad Hynes &
               Lerach LLP
          One Pennsylvania Plaza
          New York, NY  10119-0165
          Telephone:    (212) 594-5300
          Facsimile:    (212) 868-1229

Lead Plaintiffs' Co-Lead Counsel

Defendant Annuity and Life Re (Holdings), Ltd.


By:  _____/s/_____
      Terence J. Gallagher (ct22415)
      Day, Berry & Howard LLP
      One Canterbury Green
      Stamford, CT 06901
      Telephone:  (203) 977-7300
      Facsimile:  (203) 977-7301


      - and -

      Gary R. Battistoni (ct24690)
      Drinker, Biddle & Reath, LLP
      One Logan Square
      18th and Cherry Streets
      Philadelphia, PA  19103-6996
      Telephone:  (215) 988-2700
      Facsimile:  (215) 988-2757


Its Counsel


SO ORDERED:


_____
U.S. D. J.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2003, I caused a true and correct copy of the

foregoing .to be served by first-class, postage prepaid U.S. mail on counsel of record listed on

the attached Service List.


_____/s/_____

Erin Green Comite

**Annuity and Life Re (Holdings), Ltd. Service List**

**Attorneys for Plaintiffs**

Andrew M. Schatz
Jeffrey S. Nobel
Patrick A. Klingman
SCHATZ & NOBEL
330 Main Street
Hartford, CT 06106-1817

James E. Miller
SHEPHERD FINKELMAN MILLER &
SHAH, LLC
One Lewis Street
Hartford, CT 06103

Attorney Elias A. Alexiades
ATTORNEY ELIAS A. ALEXIADES
215 Church Street
New Haven, CT 06525

Beth Kaswan
Ann Lipton
MILBERG WEISS BERSHAD HYNES
 & LERACH
One Pennsylvania Plaza
New York, NY 10119

Marc Edelson
HOFFMAN & EDELSON
45 West Court St.
Doylestown, PA  18901

**Attorneys for Defendants**

Gary R. Battistoni
DRINKER BIDDLE & REATH
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

John W. Cannavino
Karen L. Allison
CUMMINGS & LOCKWOOD, LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher
DAY, BERRY & HOWARD, LLP
One Caterbury Green
Stamford, CT 06901

Thorn Rosenthal
Tammy Roy
CAHILL GORDON & REINDEL, LLP
80 Pine Street
New York, NY 10005-1702

Lawrence W. Andrea
LAW OFFICES OF
  LAWRENCE W. ANDREA
57 North Street, Suite 313
Danbury, CT 06810

James T. Shearin
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006

Thomas J. Sansone
CARMODY & TORRANCE
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110

Francis S. Chlapowski
Randi B. Pincus
Morgan, Lewis & Bockius, LLP
101 Park Avenue, 44th Floor
New York, NY 10178

John J. Robinson
McCarter & English, LLP
One Financial Plaza
755 Main Street, 18th Floor
Hartford, CT 06103

R. Nicholas Gimbel
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103