UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COMMUNICATIONS WORKERS OF AMERICA; MIDSTREAM INVESTMENTS LTD, Individually and on Behalf of All Others Similarly Situated, | : : : : : | Case No. 03CV1826 (GLG) |
| Plaintiffs, | : : | |
| vs. | : : | |
| KPMG LLP (UNITED STATES), KPMG LLP (UNITED KINGDOM), AND KPMG in BERMUDA, | : : : : | |
| Defendants. | : : | |
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated, | : : : | Case No. |
| Plaintiffs, | : : | 02CV2133 (GLG) |
| vs. | : : | Consolidated Action |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, and MICHAEL P. ESPOSITO, JR., | : : : : : : : | |
| Defendants. | : | |

FILED 2003 DEC 15 P 3:31
U.S. DISTRICT C...
NEW HAVEN, CONN.

**MEMORANDUM OF KPMG LLP (UNITED STATES) IN RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS AND TO REQUIRE THE PRESERVATION OF DOCUMENTS**

KPMG LLP (United States) ("KPMG U.S.") submits this response to plaintiffs Communications Workers of America and Midstream Investments Limited's motion for an

Order consolidating the above-captioned cases for all purposes under Rule 42(a) of the Federal Rules of Civil Procedure and §21D(a)(3)(B)(ii) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act ("PSLRA") (the "Motion"), and to require the preservation of documents.[1] This response is made solely on behalf of KPMG U.S. and not on behalf of any other defendants in the above-captioned action.[2]

While KPMG U.S. disagrees with certain contentions made by plaintiffs in their Motion,[3] KPMG U.S. does not object to plaintiffs' request for consolidation of the two cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, subject to and without waiving KPMG U.S.'s right to request a separate trial pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

KPMG U.S. does, however, object to plaintiffs' request for an order requiring the preservation of documents. Plaintiffs assert that such an order is appropriate to prevent the loss of documents in complex securities fraud cases. Motion at 2. Plaintiffs' request ignores the plain language of the provision in the PSLRA upon which they rely. That provision in no way provides plaintiffs with the right to seek such an order. Rather, the PSLRA, 15 U.S.C. § 78u-4(b)(3)(C)(i), provides for the preservation of evidence during the pendency of any stay of discovery upon filing of a motion to dismiss.

KPMG U.S. is fully aware of its obligations under the PSLRA, as well as pursuant to other applicable rules of evidence concerning documents relevant to this action. The PSLRA itself contains a provision for sanctions should KPMG U.S. fail to comply with its terms. See 15

---

[1] Plaintiffs mistakenly assert that the PSLRA provides grounds for their motion for consolidation. In fact, the PSLRA does not speak to consolidation other than to state that if any party has sought consolidation (presumably under Federal Rule of Civil Procedure 42(a)), then the decision to appoint a lead plaintiff should not be made until after the decision on the motion to consolidate has been rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

[2] KPMG LLP (United Kingdom) and KPMG Bermuda are wholly separate and distinct entities from KPMG U.S. KPMG U.S. cannot - - and does not - - speak on their behalf. Furthermore, as far as we are aware, KPMG LLP (United Kingdom) and KPMG Bermuda have not yet been served in this action.

[3] Specifically, KPMG U.S. disagrees, as noted in footnote 1, with plaintiffs' assertion that the PSLRA "provide[s] for the consolidation of related actions," and further disputes the stated allegations against KPMG U.S. See Plaintiffs' Memorandum of Law In Support of Motion to Consolidate at 2-3.

2

U.S.C. § 78u-4(b)(3)(C)(ii). In any event, that provision of the PSLRA is self-executing, and requires no order from this Court. See 15 U.S.C. § 78u-4(b)(3)(C)(i); see also <u>Tyco Int'l, Ltd. Sec. Litig.</u>, 2000 WL 33654141 at *2 (D. N.H. July 27, 2000) (denying request for preservation order directed at defendants "because such an order would either unnecessarily duplicate or improperly alter the obligations created under the PSRLA."); <u>In re Grand Casinos, Inc. Securities Litigation</u>, 988 F. Supp. 1270, 1273 (D. Minn. 1997) (denying request for preservation order because "the preservation of evidence in the possession of the parties is statutorily automatic").

Plaintiffs have not asserted - - nor could they - - any legal basis supporting their request for an order preserving documents. In fact, courts have specifically held that such orders are neither required nor appropriate. Accordingly, plaintiffs' request for an order as to preservation of documents by KPMG U.S. should be denied.

Dated: Stamford, CT
December 15, 2003

                                         WIGGIN & DANA LLP

                                         By: _____
                                         James H. Bicks (ct 04729)
                                         400 Atlantic Street
                                         Stamford, CT 06901
                                         Tel: (203) 363-7600
                                         Fax: (203) 363-7676

                                         WILLKIE FARR & GALLAGHER LLP
                                         Kelly M. Hnatt
                                         Michelle J. Nadel
                                         787 Seventh Avenue
                                         New York, NY 10019-6099
                                         Tel: (212) 728-8000
                                         Fax: (212) 728-8181

                                         Attorneys for KPMG LLP (United States)

\16616\1\80925.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Response to Plaintiffs' Motion to Consolidate Related Actions and to Require the Preservation of Documents was sent, via first class mail, on this 15th day of December, 2003 to:

David Randall Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott LLC
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415

and

Beth Kaswan, Esq.
Ann M. Lipton, Esq.
Milberg, Weiss, Bershad, Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10019

Michael S. Sheehy