UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Dec 19   11 28 AM '03

| | | |
|---|---|---|
| SHERRY SCHNALL, Individually and on Behalf of All Others Similarly Situated, | : : : | CONSOLIDATED CIVIL ACTION NO. |
| Plaintiff, | : : | |
| v. | : | 3:02CV2133 (GLG) |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, and MICHAEL P. ESPOSITO, JR., | : : : : : : : | ALL CASES |
| Defendants. | : | DECEMBER 18, 2003 |

### DEFENDANTS XL CAPITAL, LTD., BRIAN O'HARA, AND MICHAEL P. ESPOSITO JR.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Thorn Rosenthal (ct. 21473)
Tammy L. Roy (ct. 25188)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
(212) 701-3000
(212) 269-5420 (fax)
trosenthal@cahill.com
troy@cahill.com

Lawrence W. Andrea (ct. 18427)
57 North Street, Suite 313
Danbury, Connecticut 06810
(203) 743-6454
(203) 778-5770 (fax)
counsel@LawrenceWAndrea.com

Attorneys for Defendants XL Capital, Ltd.,
Brian O'Hara, and Michael P. Esposito Jr.

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.  PLAINTIFFS HAVE NOT ALLEGED A VALID SECTION 10(b) CLAIM ............... 1

    A.  Plaintiffs Have Not Properly Alleged *Scienter* .................................................. 1

        1.  No Showing of Conscious Misbehavior or Recklessness ...................... 1

        2.  No Showing of Motive and Opportunity ............................................... 5

    B.  Group Pleading Is Not Permitted ....................................................................... 5

II. PLAINTIFFS' SECTION 20(a) CLAIM MUST FAIL ................................................. 6

    A.  Plaintiffs Fail To Allege "Control" During The Class Period ............................ 6

    B.  Defendants' Actions Negate Culpable Participation ......................................... 8

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page**

*Advanta Corp. Securities Litigation*, 180 F.3d 525 (3d Cir. 1999) ............................ 3

*Barker v. Henderson, Franklin, Starnes & Holt*, 797 F.2d 490 (7th Cir. 1986) ........... 7

*In re Blech Securities Litigation*, 961 F. Supp. 569 (S.D.N.Y. 1997) ........................ 6, 7

*Brown v. Enstar Group, Inc.*, 84 F.3d 393 (11th Cir. 1996) ........................................ 8

*Burstyn v. Worldwide Xceed Group, Inc.*, No. 01 Civ. 1125 (GEL), 2002 WL 31191741 (S.D.N.Y. Sept. 30, 2002) ....................................................................... 9

*In re Cabletron Systems, Inc.*, 311 F.3d 11 (1st Cir. 2002) ......................................... 5

*In re Cell Pathways, Inc.*, No. 99-725, 2000 WL 805221 (E.D. Pa. June 20, 2000) ............................................................................................................................ 4

*Chill v. General Electric Co.*, 101 F.3d 263 (2d Cir. 1996) ........................................ 1-2, 2n

*Copland v. Grumet*, 88 F. Supp. 2d 326 (D.N.J. 1999) ............................................... 8

*Cromer Finance Ltd. v. Berger*, 137 F. Supp. 2d 452 (S.D.N.Y. 2001) ..................... 7

*Danis v. USN Communications, Inc.*, 73 F. Supp. 2d 923 (N.D. Ill. 1999) ............... 3

*DiLeo v. Ernst & Young*, 901 F.2d 624 (7th Cir. 1990) ............................................. 10

*Duncan v. Pencer*, No. 94 Civ. 0321 (LAP), 1996 WL 19043 (S.D.N.Y. Jan. 18, 1996) .................................................................................................................. 10

*Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384 (S.D.N.Y. 2001) ............................................................................................................................ 2n

*Florida State Board of Administration v. Green Tree Financial Corp.*, 270 F.3d 645 (8th Cir. 2001) ..................................................................................... 9n

*In re Glenfed, Inc. Securities Litigation*, 60 F.3d 591 (9th Cir. 1995) ........................ 5-6

*In re Humphrey Hospitality Trust, Inc. Securities Litigation*, 219 F. Supp. 2d 675 (D. Md. 2002) ....................................................................................................... 9

*I. Meyer Pincus & Assocs. v. Oppenheimer & Co.*, No. 88 Civ. 1543 (JFK), 1989 WL 31676 (S.D.N.Y. Mar. 30, 1989) ................................................................. 4

*Jordan (Bermuda) Investment Co.* v. *Hunter Green Investments Ltd.*, 205 F.
   Supp. 2d 243 (S.D.N.Y. 2002) .......................................................................... 5

*Kalnit* v. *Eichler*, 264 F.3d 131 (2d Cir. 2001) .............................................. 10

*Krieger* v. *Gast*, No. 98 C 3182, 1998 WL 677161 (N.D. Ill. Sept. 22, 1998) ........... 8

*McGann* v. *Ernst & Young*, 102 F.3d 390 (9th Cir. 1996) ........................... 9n

*In re Motel 6 Securities Litigation*, 161 F. Supp. 2d 227 (S.D.N.Y. 2001) ............. 6-7

*Nathenson* v *Zonagen Inc.*, 267 F.3d 400 (5th Cir. 2001) .............................. 4

*Novak* v. *Kasaks*, 216 F.3d 300 (2d Cir. 2000) .............................................. 2

*In re Reliance Securities Litigation*, 91 F. Supp. 2d 706 (D. Del. 2000) ............. 2-3

*Ross* v. *Bolton*, No. 83 CIV. 8244 (WK), 1989 WL 80428 (S.D.N.Y. Apr. 4,
   1989), *vacated in part on state law claim*, 1989 WL 80425 (S.D.N.Y.
   Apr. 10, 1989), *aff'd*, 904 F.2d 819 (2d Cir. 1990) ............................................. 7

*Searls* v. *Glasser*, 64 F.3d 1061 (7th Cir. 1995) ............................................. 9

*SEC* v. *First Jersey Securities, Inc.*, 101 F.3d 1450 (2d Cir. 1996) .................. 8n

*Shields* v. *Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) ................... 2, 10

*Sloane Overseas Fund, Ltd.* v. *Sapiens International Corp.*, 941 F. Supp.
   1369 (S.D.N.Y. 1996) ............................................................................... 4n, 8

*In re Sotheby's Holdings, Inc. Securities Litigation*, No. 00 Civ. 1041 (DLC),
   2000 WL 1234601 (S.D.N.Y. Aug. 31, 2000) ......................................................... 7

*Suez Equity Investors, L.P.* v. *Toronto-Dominion Bank*, 250 F.3d 87 (2d Cir.
   2001) ....................................................................................................... 8n

*Zucker* v. *Sasaki*, 963 F. Supp. 301 (S.D.N.Y. 1997) .................................... 10

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................... 3, 5

**Statutes**

Securities Exchange Act of 1934

   § 10(b), 15 U.S.C. § 78j(b) (2000) ........................................................... 1-5, 9n

   § 20(a), 15 U.S.C. § 78t(a) (2000) ............................................................ 6-10

Private Securities Litigation Reform Act of 1995, §§ 21D, 21E, 15 U.S.C. §§ 78u-4, 78u-5 (2000) .................................................................................................. 4n, 9

**Other Authorities**

APB Op. No. 18 (Mar. 1971).................................................................................. 6

The XL Capital Defendants respectfully submit this reply memorandum of law in support of their Motion to Dismiss.

## ARGUMENT

### I. PLAINTIFFS HAVE NOT ALLEGED A VALID SECTION 10(b) CLAIM

#### A. Plaintiffs Have Not Properly Alleged *Scienter*

##### 1. No Showing of Conscious Misbehavior or Recklessness

The only facts specific to defendants O'Hara and Esposito that assertedly connect them to the alleged misstatements in ANR's filings[1] are the fact that each, in their capacity as outside directors, signed ANR's Forms 10-K for the years 1999, 2000, and 2001— financial statements that were presented to them by ANR and endorsed by ANR's auditors KPMG. This does not give rise to a strong inference that O'Hara and Esposito were engaged in conscious misbehavior or recklessness. *See* XL Capital Defendant's Opening Br. ("XL") at 6-9.

Plaintiffs argue, with no supporting facts, that one must "infer that [the outside directors] were aware" of ANR's misstatements because of the retirement of former CEO William Atkin[2] and the October 2001 write down "associated with '[ANR's] annuity business.'" (Plaintiffs' Opposition Brief ("Pl.") at 51-52) Plaintiffs do not allege *how* such events would have provided notice to the outside directors of the alleged fraud. "The plaintiffs do not demonstrate how [these events] would necessarily have indicated to [defendant] that there was misconduct. The fact that [defendant] did not automatically equate [these events] with misconduct cannot be said

---

[1] Contrary to Plaintiffs' assertions (Pl. at 2, 30, 64), XL Capital has taken no position on the merits of the 10(b) claim against ANR.

[2] Plaintiffs emphasize the allegedly "bizarre" departure of William Atkin (ANR's then CFO). (Pl. at 22) Plaintiffs claim that the outside directors should have inferred that Atkin was engaged in fraudulent activity because of two typographical errors in the press release announcing his departure. Despite Plaintiffs' implication that ANR was desperate to be rid of Atkin at once, Plaintiffs concede that Atkin remained with the company until August 31, 2001 — four months after the allegedly revealing press release. (*Id.*)

lems." (Pl. at 3, 30, 52) Plaintiffs do not allege, however, that O'Hara or Esposito had any prior experience with the conduct of *life* insurance or reinsurance business (as opposed to property/casualty insurance/reinsurance, where issues as to policyholder investment accounts, policy surrenders, etc. do not arise). Further, if the problems were so obvious, ANR's independent public accountants, who *did* have responsibility for reviewing the numbers (and presumably the expertise to address life insurance accounting issues) should have seen them. Plaintiffs cite *Nathenson v Zonagen Inc.*, 267 F.3d 400, 424-25 (5th Cir. 2001) for the proposition that the "small size of company contributes to [an] inference of scienter." (Pl. at 52) *Nathenson* held that the small size of a company contributed to *scienter* as respects the *CEO* of a company but found that, notwithstanding the small size of the company, *scienter* was not sufficiently pled against the two outside directors "as to neither of whom is any other allegation made tending to support an inference of *scienter* in this respect." 267 F.3d at 425. *See also I. Meyer Pincus & Assocs. v. Oppenheimer & Co.*, No. 88 Civ. 1543 (JFK), 1989 WL 31676, at * 4 (S.D.N.Y. Mar. 30, 1989) (complaint that lacked any specific allegation that defendants were aware of the alleged fraud, but rather speculated on such knowledge due to defendants "expertise" in the industry failed to allege facts which would give rise to a strong inference of *scienter*); *In re Cell Pathways, Inc.*, No. 99-725, 2000 WL 805221, at *7 (E.D. Pa. June 20, 2000) (Pl. at 38) (fraud relating "to the core business of the company" could be attributed to CEO and CSO of company where complaint pled facts to support allegation of "day-to-day" involvement in company's operations; such "additional allegations are sufficient to overcome the prohibition against allegations of knowledge of defendants simply because of their positions in the company").[5]

---

[5] Plaintiffs' conclusory (and erroneous) assertion that XL Capital and O'Hara formed ANR is not sufficient to allege *scienter*. *See Sloane Overseas Fund, Ltd. v. Sapiens International Corp.*, 941 F. Supp. 1369 (S.D.N.Y. 1996) (dismissing 10(b) claim where defendants' status as "a founder, a substantial creditor and a shareholder" of alleged primary violator failed to satisfy the PSLRA). *See also* Part II.A below.

4

2. No Showing of Motive and Opportunity

As an alternative to conscious misbehavior or recklessness, Plaintiffs further argue that they have pled "motive and opportunity" against all of the Defendants. (Pl. at 53) Plaintiffs allege that Defendants had the motive to "maintain its financial ratings and meet its collateral obligations" to protect "ANR's very existence" and its "executives' careers." (Pl. at 53) While the threat of ANR executives losing their salaries and careers may be sufficient to plead motive against the officers of ANR, it fails to establish the requisite "concrete and personal" benefit to outside directors O'Hara and Esposito. *Cf. In re Cabletron Systems, Inc.*, 311 F.3d 11, 39 (1st Cir. 2002) (Pl. at 54) (*scienter* found against *company* where "executives' careers and the very survival of the company were on the line"; *scienter* against the *outside directors* presented a "close call" yet ultimately was found satisfied where directors made stock sales during the class period totaling $2.6 million). Protection of a company's credit rating and its existence are not necessarily motives to commit securities fraud; rather they are legitimate concerns that all directors and officers of public companies should take into account for the benefit of shareholders.

B.  Group Pleading Is Not Permitted

Plaintiffs assert that they are entitled to attribute every statement in ANR company documents to the outside directors by virtue of the group pleading doctrine. (Pl. at 34) The group pleading doctrine applies only to "'clearly cognizable corporate *insiders* with *active daily roles* in the relevant companies or transactions.'" *Jordan (Bermuda) Investment Co. v. Hunter Green Investments Ltd.*, 205 F. Supp. 2d 243, 253 (S.D.N.Y. 2002) (emphasis added). "Merely because the complaint identifies a corporation's outside directors, various committee assignments, and generic responsibilities for every committee does not mean that the presumption of 'group published information' is applicable. To hold otherwise would be to ignore Rule 9(b)'s directive that 'the circumstances constituting the fraud . . . shall be stated with particularity.'" *In*

5

*re Glenfed, Inc. Sec. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995) (citation omitted).

## II. PLAINTIFFS' SECTION 20(a) CLAIM FAILS

### A. Plaintiffs Fail To Allege "Control" During The Class Period

Plaintiffs have not adequately alleged "control" against XL Capital or its officers. Plaintiffs quote out of context a statement of XL Capital in its 2000 10-K that it "is deemed to have significant influence [with ANR] as [XL Capital] has representatives on ALRe's board of directors." Plaintiffs also make the unsubstantiated and conclusory statement that ANR was "XL Capital's brainchild, launched by XL Capital and staffed with its own hand-picked personnel." (Pl. at 71) These allegations are insufficient to support Plaintiffs' purported Section 20(a) claim.

The phrase "is deemed to have significant influence" used in XL's annual report explained its accounting treatment of its 11% investment in ANR. Pursuant to Paragraph 17 of APB Op. No. 18 ("The Equity Method of Accounting For Investments in Common Stock"), an entity should account for its investment in common stock pursuant to the equity method if it has "the *ability* to exercise significant influence over operating and financial policies of an investee even though the investor holds 50% or less of the voting stock." (emphasis added) Where the investment is less than 20%, there is presumption that there is no ability to control unless the "ability to exercise that influence" is shown by other means. This includes where, as here, the entity has "representation on the board of directors" of the company. In the financials included in its 2000 10-K, XL Capital accounted for its investment in ANR by the equity method. Thus, the statement in the 10-K adds nothing to the raw facts, discussed in our opening brief, that XL Capital owned 11% of the stock of ANR and two of ANR's directors also were directors of XL.

Even if a defendant may be said to "affect[] the actions" of the primary violator, "such action is not the same as *directing* those actions." *In re Blech Sec. Litig.*, 961 F. Supp. 569, 587 (S.D.N.Y. 1997); *see also In re Motel 6 Sec. Litig.*, 161 F. Supp. 2d 227, 238 (S.D.N.Y. 2001)

6

("Control is not the same as influence; a 'control person' must have some enforceable power over the primary violator."); *Ross v. Bolton*, No. 83 CIV. 8244(WK), 1989 WL 80428, at *4 (S.D.N.Y. Apr. 4, 1989) (dismissing 20(a) complaint because allegations that defendant "*affected* [primary violator's] actions . . . does not mean, however, that it *directed* those actions) (emphasis in original), *vacated in part on state law claim*, 1989 WL 80425 (S.D.N.Y. Apr. 10, 1989), *aff'd*, 904 F.2d 819 (2d Cir. 1990); *Barker v. Henderson, Franklin, Starnes & Holt*, 797 F.2d 490, 494 (7th Cir. 1986) (the "ability to persuade and give counsel is not the same thing as 'control,' which almost always means the practical ability to *direct* the actions of the people who issue or sell securities") (emphasis in original). It is not the *ability* to exercise significant influence but "*actual control*" that is "essential to control person liability" under Section 20(a). *Blech*, 961 F. Supp. at 586 (emphasis added) ("an exercise of influence is not 'actual control'"). There are no facts alleged which suggest that XL Capital in fact exercised any control over ANR or had any involvement in the day-to-day operations of ANR.

Plaintiffs attempt to make an issue out of XL Capital's asserted role in the formation of ANR. Plaintiffs cite no support for this assertion. In fact, XL Capital was not one of the founders or promoters of ANR, and Plaintiffs do not alleged a single fact (as opposed to a conclusion) to the contrary. Moreover, even assuming *arguendo* that XL Capital had been entirely responsible for the formation of ANR, the relevant inquiry under Section 20(a) is the degree in which the given defendant "controlled" the company *during the class period* (*i.e.*, March 15, 2000 through November 2002, long after the alleged formation of ANR in 1997). ANR's board of directors grew from five (Pl. at 5) at its inception to twelve before the start of the class period.

"Actual control over the wrongdoer and the transactions in question is necessary for control person liability." *Cromer Finance Ltd. v. Berger*, 137 F. Supp. 2d 452, 484 (S.D.N.Y. 2001); *In re Sotheby's Holdings, Inc. Sec. Litig.*, No. 00 Civ. 1041(DLC), 2000 WL 1234601, at

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Memorandum of Law In Support of the XL Capital Defendant's Motion to Dismiss was mailed first class postage prepaid, on December 18, 2003 to the following counsel of record:

Erin G. Comite, Esq.
Scott + Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Beth Kaswan, Esq.
Milberg, Weiss, Bershad, Hynes & Lerach LLP
One Pennsylvania Plaza
New York, New York 10119

Marc Edelson, Esq.
Hoffman & Edelson
45 West Court St.
Doylestown, Pennsylvania 18901

Andrew M. Schatz, Esq.
Schatz & Nobel
330 Main Street
Hartford, Connecticut 06106-1817

James E. Miller, Esq.
Shepherd, Finkelman, Miller & Shah, LLC
One Lewis Street
Hartford, Connecticut 06103

Elias A. Alexiades, Esq.
215 Church Street
New Haven, Connecticut 06525

Terence J. Gallagher, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

Gary R. Battistoni
Drinker, Biddle & Reath
One Logan Square
18th & Cherry Sts.
Philadelphia, Pennsylvania 19103-6996

John W. Cannavino, Esq.
Cummings & Lockwood LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902

Peter S. Olson, Esq.
Pulman & Comley LLC
850 Main Street
Bridgeport, Connecticut 06601

Thomas J. Sansone, Esq.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, Connecticut 06721-1110

Francis S. Chlapowski, Esq.
Morgan, Lewis & Bockius, LLP
101 Park Avenue, 44th Floor
New York, New York 10178

John J. Robinson, Esq.
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103

R. Nicholas Gimbel, Esq.
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, Pennsylvania 19103

_Tammy L. Roy_ (signature)
Tammy L. Roy