UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------X
SHERRY SCHNALL, Individually and
On Behalf of All Others Similarly
Situated

        Plaintiffs,

        -against-

ANNUITY AND LIFE RE (HOLDINGS),LTD.,
XL CAPITAL, LTD, LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO JR.

        Defendants.               No. 3:02 CV 2133 (GLG)

-------------------------------------X

## RULING ON ATKIN'S MOTION TO DISMISS

Before this court is William W. Atkin's motion to dismiss the consolidated amended class action complaint. For the reasons set forth below, the court **denies without prejudice** Atkin's Motion to Dismiss **(Doc. #62)**.

### I. Factual History and Procedural Background

This matter was commenced on December 4, 2002; subsequently, eight other cases were filed were filed against Annuity and Life Re (Holdings), Ltd. and its officers and directors. They are: Bird v. Annuity and Life Re (Holdings), Ltd. et al., 3:02CV02210, filed on December 13, 2002; Hertzl v. Annuity and Life Re (Holdings), Ltd. et al., 3:02CV02211, filed on December 13, 2002; Feldbaum v. Annuity and Life Re (Holdings), Ltd. et al., 3:02CV02223, filed on December 16, 2002; Nadoff v. Annuity and

1

Life Re (Holdings), Ltd. et al., 3:02CV02224, filed on December 16, 2002; Masden v. Annuity and Life Re (Holdings), Ltd. et al., 3:02CV02269, filed on December 20, 2002; Huff v. Annuity and Life Re (Holdings), Ltd. et al., 3:03CV00022, filed on January 6, 2003; Bernard v. Annuity and Life Re (Holdings), Ltd. et al., 3:03CV00043, filed on January 7, 2003; and Lassoff v. Annuity and Life Re (Holdings), Ltd. et al., 3:03CV00211, filed on January 31, 2003.

On April 3, 2003, the court granted a motion to consolidate all nine actions, with Schnall as the lead case and Communications Workers of America and Midstream Investments, Ltd. as lead plaintiffs. (Doc. #33). On July 11, 2003, plaintiff Sherry Schnall, individually and on behalf of all others similarly situated, filed a consolidated amended class action complaint against defendants, Annuity and Life Re (Holdings), Ltd. ["ANR"], XL Capital, Ltd., Lawrence S. Doyle ["Doyle"], Frederick S. Hammer ["Hammer"], John F. Burke ["Burke"], William W. Atkin ["Atkin"], Brian O'Hara ["O'Hara"], and Michael P. Esposito Jr. ["Esposito"], alleging violations of federal securities laws, which injured purchasers of ANR securities between March 15, 2000 and November 19, 2002 [hereinafter the "Class Period"]. (Pl.'s Am. Compl. at 1-2).

ANR is a Bermuda corporation which sells annuity and life reinsurance products. (Pl.'s Am. Compl. at 9). Atkin was the Chief Financial Officer, Treasurer, Corporate Secretary, and Principal Accounting and Financial Officer of ANR from March 15,

2

2000 through August 2001. (<u>Id.</u>).

Pending before the court is Atkin's motion to dismiss filed on October 3, 2003, with brief in support. The gravamen of Atkin's argument is that proper service was not effected in either the <u>Bird</u> or <u>Bernard</u>, the two cases in which he was named as a defendant pursuant to Federal Rule of Civil Procedure 4(m), nor was he added as a party pursuant Federal Rule of Civil Procedure 21 to any of the remaining seven cases. (Mem. at 1). Thus, Atkin argues that he has not been made a party to any of the nine actions and dismissal of the consolidated amended action is warranted under Federal Rule of Civil Procedure 12(b)(5). (<u>Id.</u>).

## II. Standard of Review

"[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." <u>Darden v. DaimlerChrysler N. Am. Holding Corp.</u>, 191 F.Supp.2d 382, 387 (S.D.N.Y.2002). "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." <u>Howard v. Klynveld Peat Marwick Goerdeler</u>, 977 F.Supp. 654, 658 (S.D.N.Y.1997), *aff'd*, 173 F.3d 844 (2d Cir.1999). When a defendant raises a Rule 12(b)(5) "challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." <u>Preston v. New York</u>, 223 F.Supp.2d 452, 466 (S.D.N.Y.2002).

3

### III. Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service an appropriate period.

Atkin maintains that although he was named as a defendant in two of the original nine actions referenced above, <u>Bird</u> and <u>Bernard</u>, he was never properly served in those actions pursuant to Federal Rule of Civil Procedure 4(m). (Atkin's Aff. at 2). After filing the consolidated complaint, on August 4, 2003, lead plaintiffs sent a request for waiver of service to Atkin's counsel, which was signed and returned. (Atkin's Aff. at 2). Furthermore, Atkin argues that plaintiffs have never filed a motion to add him as an additional party under Rule 21. (Reply Br. at 10).

In their memorandum in opposition, plaintiffs counter that Atkin is properly named as a defendant in the consolidated action because Atkin never moved to dismiss either the <u>Bird</u> or <u>Bernard</u> cases due to insufficiency of process and that Atkin waived service of process in the consolidated amended complaint. (Pls.' Br. at 1). Plaintiffs maintain that under the Private Securities Litigation Reform Act of 1995 [the "PSLRA"] Atkin was a made a proper party after the court ordered the consolidation of the cases and the amended complaint was filed. (<u>Id.</u>). Plaintiffs

4

assert that additional defendants at this point may be added without the court's leave in spite of Fed. R. Civ. P. 15a or 21, stating that such a formal motion would not make sense under PSLRA. (Id. at 5-6). Plaintiffs cite no case in support of this argument. However, plaintiffs note that Atkin's counsel executed waiver of service which was filed with the Court on September 11, 2003. (Id. at 4).

The primary purpose of service of process is to give a defendant legal notice of the claims asserted against him so that he may prepare his defense. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Only upon the service of a summons is a party required to appear and defend in an action. See Id. Courts have held that the standards set by Fed.R.Civ.P. 4 should be liberally construed in order to allow personal jurisdiction in cases where the party has received actual notice and proper service may still be obtained. Grammenos v. Lemos, 457 F.2d, 1067, 1070 (2d Cir.1972). However, even where good cause does not exist, courts remain free to exercise their discretion in extending the time for service. In Henderson v. United States, the Supreme Court noted that before the amendments to the rules in 1983, there was no time limitation and that the time limitation put in place was deemed necessary only because the primary responsibility for service shifted from federal marshals to the plaintiff. Henderson v. United States, 517 U.S. 654, 662 (1996). The language in the amended Rule - "or direct that service be effected within a specified time" is a

clear indication of that intended discretion. <u>Henderson</u>, 517 U.S. at 663, n. 10.

In exercising this discretion, the courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant had actual notice of the claims asserted in the complaint, 3) whether the defendant had attempted to conceal the defect in service, and 4) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision. <u>Conklin v. Sears Roebuck</u>, 2001 WL 175241, at *3 (N.D.N.Y. Jan. 24, 2001). Although actual notice does not in itself satisfy the demands of Rule 4, the court may consider actual notice in determining whether to exercise its discretion to extend the time in which plaintiffs may effect service.

In the present case, it is undisputed that Atkin had actual notice of the filing of the lawsuit, and his counsel have filed appearances in the pending litigation. (Docs. ##46 & 47). Furthermore, discovery has not yet commenced. These factors lead the court to conclude that discretionary extension of the time period of service is warranted and to hold that dismissal of this action based on improper service and the consequent lack of personal jurisdiction is denied. See <u>Conklin</u>, 2001 WL 175241, at *3 (although failure of service was not excused by good cause, court granted extension where defendant's counsel knew of the claims).

Thus, the court concludes that dismissal would be unduly harsh. This decision is in accord with the Second Circuit's

6

"clearly expressed preference that litigation disputes be resolved on the merits." <u>Mejia v. Castle Hotel, Inc.</u>, 164 F.R.D. 343, 346 (S.D.N.Y.1996); *See, e.g.*, <u>Cody v. Mello</u>, 59 F.3d 13, 15 (2d Cir.1995).

### IV. Conclusion

Accordingly, for the reasons set forth above, the court **denies** Atkin's Motion to Dismiss **(Doc. #62)**. Plaintiffs are directed to properly serve the consolidated amended class action complaint upon William W. Atkin <u>before January 12, 2004</u>. Plaintiffs are directed to file proof of service with the Clerk of the Court. If plaintiffs fail to comply with this court's orders within the above prescribed deadlines, the court will dismiss plaintiffs' claims against Atkin.

SO ORDERED.

Date: December 13, 2003
  Waterbury, Connecticut.

/s/
_____
GERARD L. GOETTEL,
United States District Judge

7