UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------------X

SHERRY SCHNALL, Individually and
On Behalf of All Others Similarly
Situated

       Plaintiffs,

       -against-

ANNUITY AND LIFE RE (HOLDINGS),LTD.,
XL CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO JR.

                                No. 3:02 CV 2133 (GLG)

       Defendants.

----------------------------------------X

----------------------------------------X

COMMUNICATIONS WORKERS OF AMERICA;
MIDSTREAM INVESTMENTS LTD, Individually
and On Behalf of All Others Similarly
Situated

       Plaintiffs,           No. 3:03 CV 1826 (GLG)

       -against-

KPMG LLP (UNITED STATES), KPMG LLP
(UNITED KINGDOM), AND KPMG in BERMUDA,

       Defendants.

----------------------------------------X

### RULING ON MOTION TO CONSOLIDATE RELATED ACTIONS
### AND TO REQUIRE THE PRESERVATION OF DOCUMENTS

Before this court is plaintiffs' motion to consolidate the
case entitled Communications Workers of America and Midstream
Investments Ltd. v. KPMG LLP (United States) et al.,

1

3:03CV1826(GLG), ["KPMG case"], with Schnall v. ANR et al.,
3:02CV2133(GLG) ["Schnall case"], and to preserve all documents
relating to this litigation. For the reasons set forth below, the
court grants plaintiffs' motion in part and denies plaintiffs'
motion in part (KPMG Doc. #5, Schnall, Doc. #86).

### I. Factual History and Procedural Background

The Schnall matter was commenced on December 4, 2002;
subsequently, eight other cases were filed against Annuity and
Life Re (Holdings), Ltd. ["ANR"], and its officers and directors.
On April 3, 2003, the court granted a motion to consolidate all
nine actions, with Schnall as the lead case and Communications
Workers of America and Midstream Investments, Ltd. as lead
plaintiffs. (Schnall, Doc. #33). On July 11, 2003, the Schnall
plaintiffs filed a consolidated amended class action complaint
against defendants, ANR, a Bermuda corporation which sells
annuity and life reinsurance products, XL Capital, Ltd., owner of
between 11.1% and 12.9% of ANR stock, and ANR's officers and
directors alleging violations of federal securities laws, which
injured purchasers of ANR securities between March 15, 2000 and
November 19, 2002 [the "Class Period"]. (Schnall, Doc. #45).
Several of the defendants have filed motions to dismiss, which
are currently pending.

The KPMG case was commenced on October 23, 2003, alleging,
inter alia, that KPMG, ANR's auditors, fraudulently certified
financial statements during the Class Period. (KPMG, Doc. #1). To
date, only KPMG LLP (United States) ["KPMG U.S."] has filed an

2

appearance. (KPMG, Doc. #7)

## II. Discussion

On November, 24, 2003, plaintiffs filed a motion to consolidate the KPMG case with the Schnall case and to preserve all documents relating to this litigation which is subject to the Private Securities Litigation Reform Act of 1995 [the "PSLRA"]. Plaintiffs argue that both actions assert substantially the same claims and raise substantially the same questions of fact and law and, thus, the court should consolidate the two cases pursuant to Federal Rule of Civil Procedure 42. Plaintiffs note that the litigation is in the early stages and that consolidation will not prejudice any of the defendants. (Schnall Doc. #87 at 3).

ANR does not oppose plaintiffs' motion to consolidate. (Schnall Doc. #95 at 1). KPMG U.S., one of the defendants in the KPMG case, does not object to the motion to consolidate pursuant to Federal Rule of Civil Procedure 42(a), subject to and without waiving its rights to request a separate trial pursuant to Federal Rule of Civil Procedure 42(b). (Schnall Doc. #96 at 2). Accordingly, in the interests of judicial economy, the court grants plaintiffs' request to consolidate the cases, without prejudice to defendants' rights to request a separate trial at a later and more appropriate phase of the litigation.

Plaintiffs also request the court to order the preservation of all documents, including electronic documents, related to this litigation in accordance with 15 U.S.C. §78u-4(b)(3)(C)(i). (Schnall Doc. #87 at 4). Both ANR and KPMG U.S. object to this

3

request. (Schnall Docs. #95 at 1 & #96 at 2).  The preservation

provision mandates that:

> During the pendency of any stay of discovery
> pursuant to this paragraph, unless otherwise
> ordered by the court, any party to the action
> with actual notice of the allegations
> contained in the complaint shall treat all
> documents, data compilations (including
> electronically recorded or stored data), and
> tangible objects that are in the custody or
> control of such person and that are relevant
> to the allegations, as if they were the
> subject of a continuing request for
> production of documents from an opposing
> party under the Federal Rules of Civil
> Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i). The purpose of this provision is

"in recognition that the imposition of a stay of discovery may

increase the likelihood that relevant evidence may be lost." In

re Grand Casinos, Inc. Securities. Litigation, 988 F.Supp. 1270,

1271 (D.Minn.1997) (internal quotation marks and citation

omitted). The statute also provides for the possibility of

court-ordered sanctions for a party's "willful failure" to comply

with the duty to preserve relevant evidence. 15 U.S.C.  § 78u-

4(b)(3)(C)(ii).

"[T]he preservation of evidence in the possession of the

parties is statutorily automatic." In re Grand Casinos, Inc.

Securities Litigation, 988 F. Supp. at 1273.  Both ANR and KPMG

U.S. have actual notice of the allegations against them.

Furthermore, in their responses to plaintiffs' motion, both ANR

and KPMG U.S. each have affirmatively stated that they are fully

aware of their obligations under the PSLRA and the sanctions for

4

failure to comply. (Schnall Docs. #95 at 2 & #96 at 2). *See* In re Tyco International, LTD. Securities Litigation, 2000 WL 33654141, at * 2 (D.N.H. 2000)(denying request for order regarding the preservation of documents and data in the custody or control of defendants because order would unnecessarily duplicate or improperly alter obligations created under PSLRA). Accordingly, the court denies plaintiffs' request for the issuance of a preservation order.

### III. Conclusion

For the reasons set forth above, the court grants plaintiffs' motion with respect to consolidation of the two cases, without prejudice to defendants' rights to request a separate trial at a later and more appropriate phase of the litigation, but denies plaintiffs' motion with respect to the issuance of a preservation order. (**KPMG** Doc. #5 & **Schnall** Doc. #86).

SO ORDERED.

Date: January 2, 2004
          Waterbury, Connecticut.

GERARD L. GOETTEL,
United States District Judge

5