UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | Civil Action No. 02-CV-2133 (GLG)<br><br>Consolidated Action<br><br><br><br><br><br><br><br><br><br><br><br>January 7, 2004 |

LEAD PLAINTIFFS' MEMORANDUM IN FURTHER OPPOSITION TO THE
MOTION TO DISMISS FILED BY DEFENDANTS
XL CAPITAL, LTD., MICHAEL ESPOSITO, AND BRIAN O'HARA

On December 19, 2003, Defendants XL Capital, Esposito, and O'Hara submitted a Reply Memorandum of Law ("Reply") in further support of their motion to dismiss the Consolidated Amended Class Action Complaint ("Complaint") filed in this action. On page 6 of their Reply, defendants for the first time addressed Lead Plaintiffs' allegation in ¶296 of the Complaint, namely, that XL Capital admitted its status as a control person of Annuity and Life Re (Holdings), Ltd. ("ANR") in its own 2000 10-K by stating that "Although the Company [XL] has beneficial ownership of only 11% of ALRe's [ANR's] outstanding common shares, XL is *deemed to have significant influence* as the Company has representatives on ALRe's board of directors." According to defendants, XL Capital's

1

admission that it exercised "significant influence" over ANR was a technical requirement of the accounting rules (which they cited but did not submit to the Court), and therefore should not be deemed to have legal significance for this litigation. *See* Reply at 6. Defendants mischaracterize the accounting rule in question.

Attached is a copy of the rule, APB Opinion No. 18, on which defendants rely. *See* Exhibit A. As described in Paragraph 5 of the Opinion, when the reporting entity – here, XL Capital – owns common stock of another corporation, the reporting entity must decide whether to account for that stock as an equity investment, or instead as an ordinary asset under the cost method. According to Paragraph 17 of the Opinion, the choice depends on whether the investor has the ability to exercise "significant influence" over the "operating and financial policies" of the subsidiary corporation. Such influence is presumed when the investing corporation owns 20% or more of the voting stock of the subsidiary, and a lack of ability to influence is presumed when the investing company owns less than 20% of the voting stock, "unless such ability can be demonstrated." The rule states that such an ability may be demonstrated in many ways, including "representation on the board of directors, participation in policy making processes, material intercompany transactions, interchange of managerial personnel."

Critically, the rule emphasizes that "The Board recognizes that determining the ability of an investor to exercise such influence is not always clear and applying judgment is necessary to assess the status of each investment." APB Op. No. 18, Paragraph 17. In other words, the investing company must use its *own judgment* in order to determine whether the equity method is appropriate, particularly when, as here, stock ownership falls *below* the 20% threshold for a presumption of control. The fact that XL Capital chose to proclaim its

"significant influence" over ANR (without even qualifying its statement by claiming only an *ability* to influence ANR) means that XL Capital's own personnel determined, as a matter of judgment, that XL Capital did, indeed, have significant influence over ANR's policies. Thus, contrary to defendants' contention, the admission by XL Capital of its control over ANR was not a mere mechanical application of an arcane accounting principle; moreover, this factual issue may not properly be decided on a motion to dismiss.

DATED:  January 7, 2004

                                            Respectfully submitted,

                                            **SCOTT + SCOTT, LLC**

                                            _____/s/_____
                                            David R. Scott (Juris No. 16080)
                                            Erin Green Comite (Juris No. 24886)
                                            108 Norwich Avenue
                                            P.O. Box 192
                                            Colchester, CT 06415
                                            Telephone:     (860) 537-5537
                                            Facsimile:      (860) 537-4432


                                            **MILBERG WEISS BERSHAD HYNES**
                                             **& LERACH LLP**
                                            Beth Kaswan
                                            Ann M. Lipton
                                            One Pennsylvania Plaza
                                            New York, NY  10119
                                            Telephone:     (212) 594-5300
                                            Facsimile:      (212) 868-1229

                                            **Co-Lead Counsel for Lead Plaintiffs**

## CERTIFICATE OF SERVICE

     I hereby certify that on January 7, 2004, I caused a true and correct copy of the foregoing .to be served by first-class, postage prepaid U.S. mail on counsel of record listed on the attached Service List.

                                              _____/s/_____
                                              Erin Green Comite

**Annuity and Life Re (Holdings), Ltd. Service List**

| **Attorneys for Plaintiffs** | **Attorneys for Defendants** |
|---|---|
| Andrew M. Schatz<br>Jeffrey S. Nobel<br>Patrick A. Klingman<br>SCHATZ & NOBEL<br>330 Main Street<br>Hartford, CT 06106-1817<br><br>James E. Miller<br>SHEPHERD FINKELMAN MILLER &<br>SHAH, LLC<br>One Lewis Street<br>Hartford, CT 06103<br><br>Attorney Elias A. Alexiades<br>ATTORNEY ELIAS A. ALEXIADES<br>215 Church Street<br>New Haven, CT 06525<br><br>Beth Kaswan<br>Ann Lipton<br>MILBERG WEISS BERSHAD HYNES<br>  & LERACH<br>One Pennsylvania Plaza<br>New York, NY 10119<br><br>Marc Edelson<br>HOFFMAN & EDELSON<br>45 West Court St.<br>Doylestown, PA  18901 | Gary R. Battistoni<br>Stuart A. Law<br>Edward Posner<br>DRINKER BIDDLE & REATH<br>One Logan Square<br>18th and Cherry Streets<br>Philadelphia, PA 19103-6996<br><br>John W. Cannavino<br>CUMMINGS & LOCKWOOD, LLC<br>Four Stamford Plaza<br>107 Elm Street<br>Stamford, CT 06902<br><br>James F. Stapleton<br>Kenneth W. Ritt<br>Terence J. Gallagher<br>DAY, BERRY & HOWARD, LLP<br>One Caterbury Green<br>Stamford, CT 06901<br><br>Thorn Rosenthal<br>Tammy Roy<br>CAHILL GORDON & REINDEL, LLP<br>80 Pine Street<br>New York, NY 10005-1702<br><br>Lawrence W. Andrea<br>LAW OFFICES OF<br>  LAWRENCE W. ANDREA<br>57 North Street, Suite 313<br>Danbury, CT 06810 |

| | |
|---|---|
| Peter S. Olson<br>James T. Shearin<br>PULLMAN & COMLEY, LLC<br>850 Main Street<br>P.O. Box 7006<br>Bridgeport, CT  06601-7006 | Thomas J. Sansone<br>John R. Horvack, Jr.<br>CARMODY & TORRANCE<br>50 Leavenworth Street<br>P. O. Box 1110<br>Waterbury, CT 06721-1110 |

Francis S. Chlapowski
Randi B. Pincus
Morgan, Lewis & Bockius, LLP
101 Park Avenue, 44th Floor
New York, NY 10178

John J. Robinson
McCarter & English, LLP
One Financial Plaza
755 Main Street, 18th Floor
Hartford, CT 06103

R. Nicholas Gimbel
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103