Financial Accounting Standards Board 

# Original Pronouncements
## 2002/2003 Edition

# Accounting Standards
as of June 1, 2002

## Volume III
- AICPA Pronouncements
- FASB Interpretations
- FASB Concepts Statements
- FASB Technical Bulletins
- Topical Index/Appendixes

**APB18**

# APB Opinion No. 18
# The Equity Method of Accounting for Investments in Common Stock

## STATUS

Issued: March 1971

Effective Date: For fiscal periods beginning after December 31, 1971

Affects: Amends ARB 51, paragraphs 19 through 21
       Supersedes APB 10, paragraphs 2 through 4 and footnotes 1 through 5

Affected by: Paragraphs 1, 16, 17, 19, 19(a), and 20(d) amended by FAS 94
       Paragraphs 14 and 20(c) and footnotes 1, 3, and 4 superseded by FAS 94
       Paragraph 15 and footnote 5 superseded by FAS 13
       Paragraph 18 amended by FAS 128
       Paragraph 19(d) amended by APB 30
       Paragraph 19(h) amended by FAS 121 and FAS 144
       Paragraph 19(j) and footnote 11 superseded by APB 23
       Paragraph 19(l) amended by FAS 115
       Paragraph 19(m) amended by FAS 58 and FAS 142
       Paragraph 19(n) amended by FAS 142
       Footnote 8 superseded by FAS 128
       Footnotes 9 and 12 superseded by FAS 142

Other Interpretive Pronouncements: AIN-APB 18, Interpretations No. 1 through 3
               FIN 35
               FTB 79-19

Issues Discussed by FASB Emerging Issues Task Force (EITF)

  Affects: No EITF Issues

  Interpreted by: Paragraph 17 interpreted by EITF Issue No. 95-6
          Paragraph 19(i) interpreted by EITF Issue No. 98-13 and Topics No. D-68 and D-84

  Related Issues: EITF Issues No. 84-33, 94-1, 98-2, 98-6, 99-10, 00-1, 00-6, 00-8, 00-12, and 00-18 and Topic No. D-46

# APB Opinion No. 18
# The Equity Method of Accounting for Investments in Common Stock

## INTRODUCTION

1. The Accounting Principles Board expresses in this Opinion its vie.vvs on the equity method of accounting foi investments in common stock. This Opinion clarifies the applicability of the equity method of accounting (paragraph 6b) to investments in common stock of subsidiaries and extends the applicability of the equity method of accounting to investments in common stock of corporate joint ventures and certain other investments in common stock. The Opinion also applies to investments reported in parent-company financial statements when such statements are prepared for issuance to stockholders as the financial statements of the primary reporting entity.[1] This Opinion supersedes paragraphs 2, 3 and 4 of APB Opinion No. 10 and amends paragraphs 19, 20 and 21 of Accounting Research Bulletin No. 51 to the extent that they relate to the equity method of accounting.[2]

2. This Opinion does not apply to investments in common stock held by (a) investment companies registered under the Investment Company Act of 1940 or investment companies which would be included under the Act (including small business investment companies) except that the number of stockholders is limited and the securities are not offered publicly, or (b) nonbusiness entities, such as estates, trusts and individuals. The Opinion also does not apply to investments in common stock other than those described in the Opinion.

3. Several terms are used in this Opinion as indicated:

a. "Investor' refers to a business entity that holds an investment in voting stock of another company.
b. "Investee" refers to a corporation that issued voting stock held by an investor
c. "Subsidiary" refers to a corporation which is controlled, directly or indirectly, by another corporation. The usual condition for control is ownership of a majority (over *50%)* of the outstanding voting stock. The power to control may also exist with a lesser percentage of ownership, for example, by contract, lease, agreement with other stockholders or by court decree.
d. "Corporate joint venture" refers to a coiporalion owned and operated by a small group of businesses (the "joint venturers") as a separate and specific business or project for the mutual benefit of the members of the group. A government may also be a member of the group. The purpose of a corporate joint venture frequently is to share risks and rewards in developing a new market, product or technology; to combine complementary technological knowledge; or to pool resources in developing production or other facilities. A corporate joint venture also usually provides an arrangement under which each joint venturer may participate, directly or indirectly, in the overall management of the joint venture. Joint venturers thus have an interest or relationship other than as passive investors. An entity which is a subsidiary of one of the "joint venturers"[1] is not a corporate joint venture. The ownership of a corporate joint venture seldom changes, and its stock is usually not traded publicly. A minority public ownership, however, does not preclude a corporation from being a corporate joint venture.
e. "Dividends" refers to dividends paid or payable in cash, other assets, or another class of stock and does not include slock dividends or stock splits.
f. "Earnings or losses of an inveslee" and "financial position of an investee" refer to net income (or net loss) and financial position of an investee determined in accordance with accounting principles generally accepted in the United States.

## DISCUSSION

4. Paragraph ! of Accounting Research Bulletin No. 51 states that: "There is a presumption that consolidated statements are more meaningful than separate statements and that they are usually necessaiy for a fair presentation when one of the companies

---

[1] Accounting research studies on ihe broader subjects of accounting for intercorporate investments and foreign operations are now m process and \yitt eticonipass'-the rutitlers, on parent-company financial statements and on consolidated financial statements covered in ARB No. 51 and in ARB No. 43, Chapter 12, as amended.

[2] This Opinion amends APB Statement No. 4, *Basic Concepts and Accounting Principles Underlying Financial Statements of Business Enterprises*, to the extent that it relates to the equity method of accounting.

in the group directly or indirectly has a controlling financial interest in the other companies." Consolidated financial statements combine the assets, liabilities, revenues and expenses of subsidiaries with the corresponding items of the parent company. Intercompany items are eliminated to avoid double counting and prematurely recognizing income. Consolidated financial statements report the financial position and results of operations of the parent company and its subsidiaries as an economic entity. In practice, consolidation has been limited to subsidiary companies, although under certain circumstances valid reasons may exist for omitting a subsidiary from consolidation.-[1]

5. investments are sometimes held in stock of companies other than subsidiaries, namely corporate joint ventures and other noncoritrolled corporations. These investments are usually accounted for by one of two methods—the cost method or the equity method. While practice varies to some extent, the cost method is generally followed for most investments in non-controlled corporations, in some corporate joint ventures, and to a lesser extent in unconsolidated .subsidiaries, particularly foreign. The equity method is generally followed for investments in unconsolidated domestic subsidiaries, some coiporate joint ventures and some noncontrolled corporations. An adaptation of the cost method, the lower of cost or market, has also been followed for investments in certain marketable securities if a decline in market value is evidently not a mere temporary condition.

6. A summary of the two principal methods of accounting for the investments in common slock discussed in this Opinion follows:

a. *The cost method.* An investor records an investment in the stock of an investee at cost, and recognizes as income dividends received that are distributed from net accumulated earnings of the investee since the dale of acquisition by the investor. The net accumulated earnings of an investee subsequent to the date of investment are recognized by the investor only to the extent distributed by the investee as dividends. Dividends received in excess of earnings subsequent to the date of investment ore considered a return of investment and are recorded as reductions of cost of the investment. A series of operating losses of an investee or other factors may indicate that a decrease in value of the investment has occurred wiiich is other than tcmporaiy and should accordingly be recognized.

b. *The equity method.* An investor initially records an investment in the stock of an investee at cost, and adjusts the carrying amount of the investment to recognize the investor's share of the earnings or losses of the investee after the date of acquisition. The amount of tiie adjustment is included in the determination of net income by the investor, and such amount reflects adjustments similar to those made in preparing consolidated statements including adjustments to eliminate intercompany gains and losses, and to amortize, if appropriate, any difference between investor cost and underlying equity in net assets of the investee at the date of investment. The investment of an investor is also adjusted to reflect the investor's share of changes in the investee's capital. Dividends received from an investee reduce the carrying amount of the investment. A series of operating losses of an investee or other factors may indicate that a decrease in value of the investment has occurred which is other than temporary and which should be recognized even though tiie decrease in value is in excess of what would otherwise be recognized by application of the equity method.

7. Under the cost method of accounting for investments in common stock, dividends are the basis for recognition by an investor of earnings from an investment. Financial statements of an investor prepared under the cost method may not reflect substantial changes in the affairs of an investee. Dividends included in income of an investor for a period may be unrelated to the earnings (or losses} of an investee for that period. For example, an investee may pay no dividends for several periods and then pay dividends substantially in excess of the earnings of a period. Losses of an investee of one period may be offset against earnings of another period because the investor reports neither in results of operations at the time they are reported by the investee. Some dividends received from an investee do not cover the carrying costs of an investment whereas the investor's share of the investee's earnings more than covers those costs. Those characteristics of the cost method may prevent an investor from reflecting adequately the earnings related to an investment in common stock—either cumulatively or in the appropriate periods.

---

[3] See paragraphs 2 and 3 of ARB No. 51 and paragraph 8 of ARB No. 43, Chapter 12.

[marginal fragments: .rd- • rds DSt, Len! >or on. the uid ose ud- .ins my ing in- Iso ges am in- in- ie- :ed uld lue 5g- tor ire igs an ay in- tor igs ıx- for ;lly in- igs rts re- ed an he its. jnt igs ler]

8. Corporations have increasingly established or participated in coiporate joint venture arrangements or taken substantial positions (but less than majority ownership) in other corporations. The significant increase in the number of intercorporate investments of less than majority ownership of voting stock has broadened interest in reflecting earnings from investments on a more timely basis than by receipt of dividends. Some hold that such investments should be accounted for at market value and that this basis of accounting is most appropriate, whether market value is lower than or higher than cost. Others hold that the equity method is the most appropriate basis of accounting for some or al! investments of that type.

9. Under the market value method, an investor recognizes both dividends received and changes in market prices of the stock of the investee company as earnings or losses from an investment. Dividends received are accounted for as part of income from the investment. In addition, an investor adjusts the carrying amount of its investment based on the market value of the investee's stock. Change in market value since the preceding reporting date is included in results of operations of the investor. Reporting of investments in common stock at market value (or at approximate fair value if market value is not available) is considered to meet most closely the objective of reporting the economic consequences of holding the investment. However, the market value method is now used only in special circumstances. While the Board believes the market value method provides the best presentation of investments in some situations, it concludes that further study is necessary before the market value method is extended beyond cuirent practice.

10. Under the equity method, an investor recognizes its share of the earnings or losses of an investee in the periods for which they are reported by the investee in its financial statements rather than in the period in which an investee declares a dividend. An investor adjusts the carrying amount of an investment for its share of the earnings or losses of the investee subsequent to the date of investment and reports the recognized earnings or losses in income. Dividends received from an investee reduce the carrying amount of the investment. Thus, the equity method is an appropriate means of recognizing increases or decreases measured by generally accepted accounting principles in the economic resources underlying the investments. Furthermore, the equity method of accounting more closely meets the objectives of accrual accounting than does the cost method since the inves-

tor recognizes its share of the earnings and losses of the investee in the periods in which they are reflected in the accounts of the investee.

11. Under the equity method, an investment in common stock is generally shown in the balance sheet of an investor as a single amount. Likewise, an investor's share of earnings or losses from its investment is ordinarily shown in its income statemeni as a single amount.

12. The equity method tends to be most appropriate if an investment enables the investor to influence the operating or financial decisions of the investee. 'Hie investor then has a degree of responsibility for the return on its investment, and it is appropriate to include in the results of operations of the investor its share of the earnings or losses of the investee. influence tends to be more effective as the investor's percent of ownership in the voting stock of the investee increases. Investments of relatively small percentages of voting stock of an investee tend to be passive in nature and enable the investor to have little or no influence on the operations of the investee.

13. Some hold the view that neither the market value method nor the equity method is appropriate accounting for investments in common stock where the investor holds less than majority ownership of the voting stock. They would account for such investments at cost. Under that view the investor is not entitled to recognize earnings on its investment until a right lo claim the earnings arises, and that claim arises only to the extent dividends are declared. The investor is considered to have no earnings on its investment'unless it is in a position to control the distribution of earnings. Likewise, an investment or an investor's operations are not affected by losses of an investee unless those losses indicate a loss in value of the investment that should be recognized.

**OPINION**

14. The Board reaffirms the conclusion that mvestoi& should account ior in\ estments in common stock of unconsohdated domestic subsidiaries by the equity method in consolidated financial statements and the Board now extends this conUasion to investments' in common stock ot ail unconsohdated subsidiaries (toieign as \\ell as domestic) in consolidated finannal statements The equity method is not, howevet, a valid substitute foi consolidation and should not be used to justify exclusion ot a subsidiary when consolidation is otherwise appropriate. The Board also

Case 3:02-cv-02133-EBB    Document 104-2    Filed 01/07/2004    Page 6 of 10

**APB18**                                     *APB Opinions*

concludes that parent companies should account for investments in the common stock of subsidiaries by the equity method in parent-company financial statements prepared for issuance to stockholders as the financial statements of the primary reporting entity.[4]

15. In APB Opinion No. 10, paragraph 4, the Board stated that the accounts of subsidiaries (regardless of when organized or acquired) whose principal business activity is leasing property or facilities to parent or other affiliated companies should be consolidated. The Board also concluded that the equity method is not adequate for fair presentation of those subsidiaries because their assets and liabilities' are significant to the consolidated financial position of the enterprise. The Board reaffirms those conclusions.[5]

16. The Board concludes that the equity method best enables investors in corporate joint ventures to reflect the underlying nature of their investment in those ventures. Therefore, investors should account for investments in common stock of corporate Joint ventures by the equity method, both in consolidated financial statements and in parent-company financial statements prepared for issuance to stockholders as the financial statements of the primary reporting entity.[^]

17. The Board concludes that the equity method of accounting for an investment in common stock should also be followed by an investor whose investment in voting stock gives it the ability to exercise significant influence over operating and financial policies of an investcc even though the investor holds 50% or less of the voting stock. Ability to exercise that influence may be indicated in several ways, such as representation on the board of directors, participation in policy making processes, material intercompany transactions, interchange of managerial personnel, or technological dependency. Another important consideration is the extent of ownership by an investor in relation to the concentration of other shareholdings, but substantial or majority ownership of the voting stock of an investee by another investor does not necessarily preclude the ability to exercise significant influence by the investor. The Board recognizes thai determining the ability of an investor to exercise such influence is not always clear and applying judgment is necessary to assess the status of each investment. In order to achieve a reasonable degree of uniformity in application, the Board concludes that an investment (direct or indirect) of 20% or more of the voting stock of an investee should lead to a presumption that in the absence of evidence to the contrary an investor has the ability to exercise significant influence over an investee. Conversely, an investment of less than 20% of the voting stock of an investee should lead to a presumption that an investor does not have the ability to exercise significant influence unless such ability can be demonstrated When the equity method is appropriate, it should be applied in consolidated financial statements and in parent-company financial statements prepared for issuance to stockholders as the financial statements of the primary reporting entity.[7]

18. An investor's *voting stock interest* in an investee should be based on those currently outstanding securities whose holders have present voting privileges. Potential voting privileges which may become available to holders of securities of an imestee should be disregarded An mvestot's *share of the earnings ot losses* of an investee should be based on the shares of *common* stock held by an investor without recognition of securities of the investee which aie designated

---

[4] Paragraphs 2 and 3 of ARB No 51 and paragraph 8 of ARE No 43, Chapter 12, describe, among other things, the conditions under which a subsidiary should or might not be consolidated The limitations on consolidation described in paragraph 2 of ARB No 51 and paragraph 8 of ARB No 43, Chapter 12, should also be applied as limitations to the use of the equity method. The Board has deferred lurther consideration of the treatment of foreign subsidiaries m consolidated statements and the treatment of ail subsidiaries in parent-company statement:, that ctre nor prepared for issuance to stockholders as the financial statements ot !he primary reporting entity until the accounting lesearch studies on foreign operations and mteicoiporole investments are published In the meantime, the provisions of Chapter 12 of ARB No 41 (as amended r>> paragraph i8 of APB Opinion No. 6 and by paragraphs 17,2! and 22 ot APB Opinion No 9) continue m effect The conclusions in paragraph !4of this Opinion apply to investments in foreign subsidiaries unless (hose compjrues are operating unciei uonditiuns uf exchange restrictions, controls Or other uncertainties of a type that would affecf decisions as to consolidation or application uf Uie equity, method, if those conditions exist, the cost method shouid be followed.

^he Board is giving further consideration to the accounting treatment of lease transactions In the meantime, it has deferred expressing an opinion on the inclusion in consolidated financial statements of leasing companies in which the equity interest, usually nominal at the time of organization is held by third parties, bul IE which the principal lessee, through options or by similar devices, posst *>es or has the power to obtain the economic benefiisof ownership from the lea^e arrangements That deferment does not afTecI the applicability ofparagrjph 12 of APB Opinion No 5.

'The eqml) method siiniiMnnt he applied tu ihe invrituifnt. described in thib paragianh insdf.tr MhelrmiUtionson the use "f the equip method outlined in lootnntr 4 would be appliutble to investments other than tho^ in subsidiaries.

[7] The equity method shinild not be applied to the investments described in this paragraph insofar as the limitations jn the use ol the equity methrid outlined in footnote 4 would be applicable to im estmenis other than those in subsidiaries.

as "common stock equivalents" under APB Opinion No. 15,[8]

19. *Applying i/ie equity method.* The difference between consolidation and die equity method lies in the details reported in the financial statements. Thus, an investor's net income for the period and its stockholders' equity at the end of the period are the same whether an investment in a subsidiary is accounted for under the equity method or the subsidiary is consolidated (except as indicated in paragraph 19i). The procedures set forth below should be followed by an investor in applying the equity method of accounting to investments in common stock of uhcohsoHdated subsidiaries, corporate joint ventures, and other in-\estecs which qualify for the equity method:

a. Intercompany profits and losses should be eliminated until realized by the investor or investee as if a subsidiary, corporate joint venture or investee company were consolidated.
b. A difference between the cost nf an investment and the amount of underlying equity in net assets of an investee should be accounted for as if the investee were a consolidated subsidiary.[9]
c. The investment(s) in common stock should be shown in the balance sheet of an investor as a single amount, and the investor's share of earnings or losses of an inveslee(s) should ordinarily be shown in the income statement as a single amount except for the extraordinary items as specified in (d) below.
d. The investor's share of extraordinary items and its share of prior-period adjustments reported in Ihe financial statements of the investee in accordance with APB Opinion No. 9 should be, classified in a similar manner unless they are immaterial in the income statement of the investor.
e. A transaction of an invesiee of a capital nature that affects the investor's share of stockholders' equity of the investee should be accounted for as if the investee were a consolidated subsidiary.
f. Sales of stock of an investee by an investor should be accounted for as gains or losses equal to the difference at (he time of sale between selling price and carrying amount of the stock sold.
g. If financial statements of an investee are not sufficiently timely for an investor to apply the equity method currently, the investor ordinarily should record its share of the earnings or losses of an investee from the most recent available financial statements. A lag in reporting should be consistent from period to period. -
h. A loss in value of an investment which is other than a temporary decline should be recognized the same as a. loss, in value of other long-term assets; Evidence of a loss in value might include, but would not necessarily be limited to, absence of an ability to recover the carrying amount of the investment or inability of the investee to sustain an earnings capacity which would justify the canying amount of the investment. A current fair value of an investment that is less than its carrying amount may indicate a loss in value of the investment. However, a decline in the quoted market price below the carrying amount or the existence of operating losses is not necessarily indicative of a loss in value that is other than temporary. All are factors to be evaluated.
i. An investor's share of losses of an investee may equal or exceed the carrying amount of an investment accounted for by the equity method plus advances made by the investor. The investor ordinarily should discontinue applying the equity method when the investment (and net advances) is reduced to zero and should not provide for additional losses unless the investor has guaranteed obligations of the investee or is otherwise committed to provide further financial support for the investee.[10] If the investee subsequently reports net income, the investor should resume applying the equity method only after its

---

[8]Paragraph 39 of APB Opinion No 15 state;, "The designation ot securities as common stock equrvaienta in this Opinion issolel> (or ihe purpose oi determining primary earnings per share No changes trorn prt,sent practices are retorn me ruled in Ihe accounting for such securities, in their presentation \vim in the financial statements or tn Ihe manner ot determining net assets per common s-haie Information is available in the financial statements and elsewhere for readers to make judgments as to the present and potential status of the vai ions securities outstanding " Paragraphs 65 69 of that Opinion discuss the treatment of common stock equivalents oi subsidiaries in computing earnings per share of a parent company Tlie provisions ot those paragraphs aiso apply t« investments, in common stock of corporate joint ventures and invesiee mmpanies accuunted for under the equit\ method.

^•onmeslmentsrnadc pnor to No\ember !1[()]71), theeffei_ti\edaleof APB Opinion No P investors an nut required to amortize an V goodwill in the absence ot e\idenie thai the goodwill IMS a limited term ot existence, prospective amord'atiim "f -uchgoodu. ill is encouraged.

[10]An investor should. houc\er, piovide lor additional losses when Ihe imminent return to profitable opeialions by an investee appeais to be assured. For example, a material, noim-cuii ing loss ol ,m isolated n.tune may reduce an investment tie low zem even though the uiuteilying profildhle operating pattern of an mvoslcc is ummp;iireil.

share of thai net income equals the share of net losses not recognized during the period the equity method was suspended.

j. The guides in paragraph 16 of ARE No, 51 for income taxes on undistributed earnings of" subsidiaries in consolidation remain in effect as provided in paragraph 39 of APB Opinion No. 11 until the Board issues an Opinion on that subject. The guides should also apply (1) to investments in common stock of tinconsolidated subsidiaries, corporate joint ventures,[11] and other investee companies accounted for by the equity method in consolidated financial statements and (2) to investments accounted for by the equity method in parent-company financial statements prepared for issuance to stockholders as the financial statements of the primary reporting entity.

k. When an investee has outstanding cumulative preferred stock, an investor should compute its share of earnings (losses) after deducting the investee's preferred dividends, whether or not such dividends are declared.

l. An investment in voting stock of an investee company may fall below the level of ownership described in paragraph 17 from sale of a portion of an investment by the investor, sale of additional stock by an investee, or other transactions and the investor may thereby lose the ability to influence policy, as described in that paragraph. An investor should discontinue accruing its share of the earnings or losses of the investee for an investment that no longer qualifies for the ecjuity method. The earnings or losses that relate to the stock retained by the investor and (hat were previously accrued should remain as a part of the carrying amount of the investment. The investment account should not be adjusted retroactively under the conditions described in this subparagraph. However, dividends received by the investor in subsequent periods which exceed his share of earnings for such periods should be applied in reduction of the carrying amount of the investment (sec paragraph 6a).

m. An investment in common stock of an investee that was previously accounted for on other than the equity method may hecomequalified for use of the equity method by an increase in the level of ownership described in paragraph 17 (i.e., acquisition of additional voting stock by the investor, acquisition or retirement of voting stock by the investee, or other transactions). When an investment qualifies for use of the equity method, the investor should adopt the equity method of accounting. The investment, results of operations (current and prior periods presented), and retained earnings of the investor should be adjusted retroactively in a manner consistent with the accounting for a step-by-step acquisition of a subsidiary.

n. The carrying amount of an investment in common stock of an investee that qualifies for the equity method of accounting as described in subparagraph (in) may differ from the underlying equity in net assets of the investee. The difference should affect me determination of the amount of the investor's share of earnings or losses of an investee as if the investee were a consolidated subsidiary. However, if the investor is unable to relate the difference to specific accounts of the investee, the difference should be considered to be goodwill and amortized over a period not to exceed forty years, in accordance with APB Opinion No. 17.[12]

20. *Disclosures.* The significance of an investment to the investor's financial position and results of operations should be considered in evaluating the extent of disclosures of the financial position and results of operations of an investee. If the investor has more than one investment in common stock, disclosures wholly or partly on a combined basis may be appropriate. The following disclosures are generally applicable to the equity method of accounting for investments in common stock:

a. Financial statements of an investor should disclose parenthetically, in notes to financial statements, or in separate statements or schedules (1) the name of each investee and percentage of ownership of common stock, (2) the accounting policies of the investor with respect to investments in common stock,[in] and (3) the difference, if any,

---

[1] Certain corporate joint ventures have a life limited by the fiaiure of tbe venture, project or other business activity Ttieierore a rea-sonaMe assumption *if,* thai a part or all of the undistributed earnings of the ventuie will be transferred to the investor in a taxable distribution Deferred taxes should be recorded at the time the earnings (or losses) are included in tlie investor's income in accordance with the adepts of APB Opinion No il.

"For investments made poor to Noveiabei 1,1970, the effective date of APB Opinion No 17, investors are not required to amortize any *gixid*willm the jfasenoe of esidence that the s<sup>oo</sup>d<sup>wi</sup>"!i"'>-ilinmedterni of existence, prospeaivt ,uriorti/ation of sn(.h goodwill is encouraged.

[in] nisJosun, should inJiide llit n.unesol ,\n\ significant imeslte unpin titom tn im h tin- m\t tot hnld, 20 , or nmn < > t the mmg stock but the common stock is, not accounted tor otithe equity method, together with the reasons why the equity method is no! considered appropriate, and the names, ol" any significant investee corporations in which ttie investor holds k'.ss than 20',f of the voting stock and ibc common stock is accounted for on the equity method, together with the reasons vhv Ihe cquu> method is mnsitlf.rt'd appropriate.

between the amount at which an investment is carried and the amount of underlying equity in net assets and the accounting treatment of the difference.
b. For those investments in common stock for which a quoted market price is available, the aggregate value of each identified investment based on (he quoted market price usually should be disclosed. This disclosure is not required for investments in common stock of subsidiaries.
c. When investments in unconsolidated subsidiaries are, in the aggregate* material in relation to financial position or results of operations, summarized information as to assets, liabilities, and results of operations should be presented in the notes or separate statements should be presented for such subsidiaries, either individually or m groups, as appropriate.
d. When investments in common stock of corporate joint ventures or other investments of 50% 6l: less accounted for under the equity method are, in the aggregate, material id relation to the financial position or results of operations of an investor, it may be necessary for summarized information as to assets, liabilities, and results of operations of the investees to be presented in the notes or in separate statements, either individually or in groups, as appropriate.
e. Conversion of outstanding convertible securities, exercise of outstanding options and warrants and other contingent issuances of an investee may have a significant effect on an investor's share of reported earnings or losses. Accordingly, material effects of possible conversions, exercises or contingent issuances should be disclosed in notes to the financial statements of an investor.[8]

**EFFECTIVE DATE**

21. This Opinion shall be effective for all fiscal periods beginning after December 31, 1971, and should be applied retroactively to all investments in common stock held during any portion of the period for which resuib of operations are presented regardless of the date the investments were acquired. However, the Board encourages earlier application of the provisions of this Opinion. Adjustments resulting from a change in accounting method to comply with this Opinion should be treated as adjustments of prior periods, and financial statements presented for the periods affected should be restated appropriately.

*The Opinion entitled "The Equity Method of Accounting for Investments in Common Stock" was adopted by the assenting votes of seventeen members of the Board, of whom five, Messrs. Bweker, Catlett, Hellerson, Horngren and Weslon, assented with qualification. Mr. Halvorson dissented.*

Mr. Broeker assents to the publication of the Opinion but dissents to paragraph 17 which provides for a different standard of qualification for equity accounting for investments that represent 20% or more of the voting stock of the investee from that required of those that represent less than 20%. He believes that in all instances where the investor does not own more than 50% of the voting control of the investee, the investor should always be required to demonstrate an ability to exercise significant influence over the operating and financial policies of an investee and that at no level of voting control under 51% should such significant influence be presumed to exist. He also dissents from paragraph 19(1) which does not provide for a retroactive adjustment to cost at the time a minority investment ceases to qualify under the equity method. He believes that a retroactive adjustment should be required simitar to the accounting prescribed under 19(m) for investments at the time they first qualify for the equity method of accounting.

Messrs. Catlett and Horngren assent to the issuance of this Opinion because in their view it represents a step in the right direction. However, they do not agree with the arbitrary criterion of 20% combined with a variable test of "significant influence[1]" in paragraph 17, because such an approach is noi convincing in concept and will be very difficult to apply in practice. They believe that the equity method should be followed for all significant investments in common stock representing long-term business affiliations where consolidation of the financial statements is not appropriate. Messrs. Catlett and Homgrcn do not agree with the portions of paragraph 19 which require that consolidation practices be followed in determining the amount of income to be reported by the investor company under the equity method of accounting for investments in common stock of companies which are not subsidiaries. They believe that consolidation practices generally should be limited to parent-subsidiary relationships. In their

---

[8] See footnote 8

view, where consolidation practices arc not appropriate, Ihc income reflected under the equity method by an investor company should be based on the reported income of the investee company. The approach laken in this Opinion will, in their judgement, make it difficult to improve the judgment, make it difficult to improve the accounting for investments in common stock not accounted for under the equity method.

Mr. Hellerson assents to the issuance of this Opinion because it represents improved accounting for the type of investment described in it. However, he dissents from the permission granted in paragraph 19(g) to record earnings or losses based on the most recent available financial statements. It is his view that this paragraph should be comparable to paragraph 4 of ARB No. 51. Although he agrees with the discontinuance of ihe application of the equity meihod when the investment is reduced to zero, he believes that paragraph 20 should require disclosure of the periodic and accumulated losses. He also dissents to paragraph I9(rnj, as he believes that the meihod should only be applied prospectively from the date thai it became applicable. Finally, reference is made to his qualified assent to Opinion No. 17 for his views on the amortization of goodwill prescribed in paragraphs 19(b) and (n).

Mr. Weston assents to issuance of this Opinion but he disagrees with the conclusion contained in paragraph 18 that an investor's share of the earnings or losses of an investee should be computed without regard to any securities of the investee which are common stock equivalents. This conclusion is inconsistent with the requirement in footnote 8 to paragraph 18 thai such common stock equivalents be recognized in the computation of an investor's share of the earnings or losses of an investee to be reflected in the earnings per share of" [he investor.

Mr. Halvorson dissents to this Opinion for a number of reasons, some of which are: (1) the ability 10 exercise significant influence should be affirmatively demonstrated before the equity method is applicable to investments of *50%* or less of voting stock, as opposed to the presumption in the Opinion that such ability exists at the 20% level in the absence of evidence to the contrary; (2) the asserted correspondence of the equity meihod with conventional accrual accounting is not supported by the discussion in the Opinion; (3) if the equity method is to be a generally accepted accounting principle, it should apply to parent-company financial statements regardless of the purpose of their issuance; (4) in cases where a so-called investee has common-slock equivalents or dilutive senior securities outstanding, the Opinion would require an investor to report equity in an amount greater than earnings per share attributable to the investment reported by the investee; and (5) at the time an investment qualifies for use of the equity method, a new reporting entity is created, and the accounts of the investor for periods prior to that time should not be adjusted retroactively to reflect an entity that did not exist.

**NOTKS**

*Opinions of the Accounting Principles Board present the conclusions of at least t\vo-thirds of the members of the Board, which is the senior technical body of the Institute authorized to issue pronouncements on accounting principles.*

*Board Opinions are considered appropriate in all circumstances covered but need not be applied to immaterial items.*

*Covering all possible conditions and circumstances in an Opinion of the Accounting Principles Board is usually impracticable. The substance of transactions and the principles, guides, rules, and criteria described in Opinions should control the accounting for transactions not expresslv covered.*

*Unless otherwise staled, Opinions of the Board arc not intended to be retroactive.*

*Council of the Institute has resolved that Institute members should disclose departures from the Board Opinions in their reports as independent auditors when the effect of the departures on the financial statements is material or see to it that such departures are disclosed in notes to the financial statements and, where practicable, should disclose their effects on the financial statements (Special Bulletin,* Disclosure of Departures from Opinions of the Accounting Principles Board, *October 1964). Members oj the Institute must assume the burden of justifying any such departures.*

Accounting Principles Board (1971)

| | | |
|---|---|---|
| Philip L. Defliesc, *Chairman* | Robert L. Fersl | Lotus M. Kessler |
| Donald J. Bevis | Newman 1'. Halvorson | Oral L. Luper |
| Milton M. Brocker | Robert Hampton. Ill | David Non- |
| Leo E. Burger | Emmelt S. Harrington | George C. Watt |
| George R. Catleti | Charles B. Hellerson | Glenn A. Welsch |
| Joseph P. Cummings | Ch;iries T. Horngren | ["•rank T. Weston |