UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, individually and on behalf of all others similarly situated<br><br>PLAINTIFFS<br><br>VS.<br><br>ANNUITY & LIFE RE (HOLDINGS) LTD., ET AL.<br><br>DEFENDANTS | CIVIL ACTION NO.<br>3:02cv02133 (GLG)<br><br>Consolidated Action<br><br><br>January 26, 2004 |

### MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS

**I.      INTRODUCTION**

The defendant William W. Atkin (hereinafter, "Atkin") again seeks the dismissal of this consolidated action. Despite the Court's order granting the Lead Plaintiff's request for additional time to serve Atkin, he <u>still</u> has not been made a party to this action. As set forth in this memorandum, and in Atkin's memorandum in support of his initial motion to dismiss, dismissal of this action is warranted under Fed. R. Civ. P. Rule 12 (b) (5).

II.  **FACTS AND PROCEDURAL HISTORY**

This matter was commenced on December 4, 2002, and is the first-filed of nine suits filed against Annuity & Life Re (Holdings) Ltd. (hereinafter, "ANR") and its officers and directors initiated during a two month period from December 4, 2002 through January 31, 2003.[1]  When these actions were initially filed, Atkin was named as a party only in *Bird* and *Bernard*, not the remaining seven cases, including the now designated lead case, *Schnall*.  Despite the requirements of Fed. R. Civ. P. Rule 4, Atkin was never served with a Summons in any of the cases.

On April 3, 2003, the Court consolidated the nine actions, with *Schnall* as the lead case, and appointed the Communications Workers of America and Midstream Investments, Ltd. as lead plaintiffs (hereinafter, the "Lead Plaintiffs").  On July 11,

---

[1] *See*, *Bird v. Annuity & Life (Re) Holdings, Ltd., et al.*, Civil Action No. 3:02cv02210, filed December 13, 2002; *Hertzl v. Annuity & Life (Re) Holdings, Ltd., et al.*, Civil Action No. 3:02cv02211, filed December 13, 2002; *Feldbaum v. Annuity & Life (Re) Holdings, Ltd., et al.*, Civil Action No. 3:02cv02223, filed December 16, 2002; *Nadoff v. Annuity & Life (Re) Holdings, Ltd., et al.*, Civil Action No. 3:02cv02224, filed December 16, 2002; *Madsen v. Annuity & Life (Re) Holdings, Ltd., et al.*, Civil Action No. 3:02cv02269, filed December 20, 2002; *Huff v. Annuity & Life (Re) Holdings, Ltd., et al.*, Civil Action No. 3:03cv00022, filed January 6, 2003, *Bernard v. Annuity & Life (Re) Holdings, Ltd., et al.*, Civil Action No. 3:03cv00043, filed January 7, 2003; *Lassoff v. Annuity & Life (Re) Holdings, Ltd., et al.*, Civil Action No. 3:03cv00211, filed January 31, 2003.

2003, the Lead Plaintiffs filed the Consolidated Amended Class Action Complaint [Doc. No. 45] (hereinafter, the "Consolidated Complaint") in the consolidated actions. The Consolidated Complaint named Atkin as a defendant.

On August 4, 2003, the Lead Plaintiffs sent a request for waiver of service of the Consolidated Complaint to Atkin's counsel, which was signed and returned. However, at no time did any of the Lead Plaintiffs, or any other plaintiffs, seek to add Atkin as a party to any of the seven actions to which he had not been made a party. Additionally, even though the time had already passed, the Lead Plaintiffs did not seek to extend the time to serve the Summons and Complaint in *Bird* and *Bernard*.

As such, on October 3, 2003, Atkin filed a motion to dismiss the Consolidated Complaint. *See*, Mot. Dismiss, October 3, 2003 [Doc. No. 62]; Memo. Supp. Mot. Dismiss, October 3, 2003 [Doc. No. 63]. The original motion sought dismissal because Atkin was not served with *Bird* and *Bernard*, and was not even named as a party in the remaining actions. Further, the Lead Plaintiffs had taken no steps to make Atkin a party to this action, such as seek court approval pursuant to Fed. R. Civ. P. Rule 21. Accordingly, Atkin was simply not a party to the consolidated action.

On December 23, 2003, the Court denied the motion to dismiss, without prejudice. *See*, Ruling on Mot. Dismiss, December 23, 2003 [Doc. No. 100]. While the Court did deny the motion, it did not reject Atkin's argument that he was not yet a party

to the consolidated action.  Instead, as requested by the Lead Plaintiffs in their opposition, the Court exercised its discretion to extend the time to serve the original Summonses and Complaints, *nunc pro tunc,* and ordered that

> Plaintiffs are directed to properly serve the consolidated amended class action complaint upon William W. Atkin before January 12, 2004.

Ruling, *supra*, at 7.

Instead of complying with this order, on January 5, 2004, the Lead Plaintiffs obtained a <u>new</u> Summons from the Court.  *See*, Not. Filing Aff. Service, January 12, 2004 [Doc. No. 105].  On January 8, 2004, this new Summons was served on Atkin, together with the Consolidated Complaint.  *See*, Not. Filing, *supra*.  The Lead Plaintiffs did not serve any other Summons, including the Summonses they requested additional time to serve on Atkin.

### III. <u>STANDARD OF REVIEW</u>

Atkin's claims in this motion relate to the <u>method</u> by which the plaintiffs attempted to make him a party to this case, rather than the actual <u>form</u> of the process used.  As such, Atkin's claims fall under Fed. R. Civ. P. Rule 12 (b) (5), which permits a defense concerning insufficiency of service of process to be made by motion to dismiss.  In considering a Rule 12 (b) (5) motion to dismiss, a Court must look to matters outside the complaint to determine whether it has jurisdiction.

*Darden v. DaimlerChrysler North America Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002).  When a defendant raises a Rule 12 (b) (5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy. *Preston v. New York*, 223 F.Supp.2d 452, 466 (S.D.N.Y. 2002).

IV.   **ARGUMENT**

Atkin again seeks dismissal of this consolidated matter.  The Court ordered that the Lead Plaintiffs <u>properly</u> serve the Consolidated Complaint, and granted the Lead Plaintiffs' request to extend the date for service of the <u>original</u> Summonses in *Bird* and *Bernard*.  Ruling, *supra*, at 7.  This the Lead Plaintiffs have failed to do. Instead, they elected to obtain a <u>new</u> Summons, and summon Atkin to answer a civil action as to which he <u>still</u> has never been made a party.  As such, Atkin still has not properly been brought before the Court.

A.   **THE JANUARY 8, 2004 SERVICE WAS NOT "PROPER" SERVICE IN COMPLIANCE WITH THE COURT'S ORDER**

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital International v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).  Service of a summons is the procedure by which the court asserts

jurisdiction over the person of the party served.  *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445, 66 S.Ct. 242, 245-246, 90 L.Ed. 185 (1946).

The service of the January 5, 2004 Summons was ineffective to confer jurisdiction over Atkin on this Court.  This is because the new summons was served solely with respect to the consolidated agreement, not the original Bird and Bernard agreement.  The filing of the Consolidated Complaint and its repeated service on Atkin did nothing to make him a party, since "[a]mending a complaint by adding a new named party does not obviate the necessity of complying with the service requirements for the initial complaint under Rule 4 (d) (4)."  *Hunt v. Department of Air Force*, 149 F.R.D. 657, 662 (M.D.Fla.,1993), citing *McGregor v. United States*, 933 F.2d 156 (2d Cir.1991).  The Lead Plaintiffs can only make Atkin a party at this stage by curing their omissions concerning *Bird* and *Bernard* (the option the Court ordered), or by obtaining consent of the court to make Atkin a party.

As pointed out in Atkin's memorandum in support of his original motion to dismiss, it is not sufficient to simply file an amendment without leave of the court to add a party.  *Hunt* makes it even more clear that the Lead Plaintiffs were required to serve the Summons in *Bird* or *Bernard* on Atkin in order for the consolidated action to have any effect.  Indeed, if a defendant is not properly served, <u>any</u> subsequent

judicial proceedings with regard to that defendant are invalid.  1 Moore's Federal Practice § 4.03[3][a] at 4-28 (3d Ed. 2001), *citing Select Creations, Inc. v. Paliafito America, Inc.*, 830 F.Supp. 1223, 1237-1238 (E.D. Wis. 1993), *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968), *Macaluso v. New York State Department of Environmental Conservation*, 115 F.R.D. 16, 17-18 (E.D.N.Y. 1986).

The Lead Plaintiffs' actions to obtain a new Summons and serve only the Consolidated Complaint have not cured their omissions.  It is undisputed that of the original nine actions, Atkin was named as a party only to *Bird* and *Bernard*.  These are the only two actions in which a Summons was issued for Atkin.  It is also undisputed that the Summonses and Complaints in those two actions were never served on Atkin.  The time to serve such Summonses has long since passed, as has the additional time requested by the Lead Plaintiffs and granted by the Court.  Accordingly, *Bird* and *Bernard* must both be construed as a nullity as against Atkin.

Without the foundation provided by *Bird* and *Bernard*, the Lead Plaintiffs' compliance with the service requirements of the federal rules as to the Consolidated Complaint must stand on its own.  Implicit in the Court's opinion are two specific findings, that the August 4, 2003 waiver of service was effective to provide notice of the consolidated action to Atkin, and, more importantly, that it was not sufficient to

comply with the federal rules' service requirements as to either the original complaints <u>or</u> the Consolidated Complaint. The repeated services of the Consolidated Complaint, whether with the August 4, 2003 waiver or with the new January 5, 2004 Summons, are indistinguishable. Neither operated to cure the Lead Plaintiffs' omissions concerning *Bird* and *Bernard*.

In light of these principles, the only way that the January 5, 2004 Summons, served on January 8, 2004, can be construed as effective to summon Atkin to answer any Complaint is if the Court's Ruling on Atkin's original motion to dismiss is <u>also</u> construed as an order adding Atkin as a party to these proceedings, as of the date of that Ruling, December 23, 2003. If the Court's ruling is so construed, then all of the pieces of this confusing puzzle fall into place. Otherwise, the Court is still left with the conundrum presented by the fact that the only jurisdictional foundation for Atkin's inclusion in this litigation, *Bird* and *Bernard*, was nullified by the Lead Plaintiffs' neglect in failing to serve Atkin within the time provided by the federal rules. Without that jurisdictional foundation, the filing of the Consolidated Complaint had no effect as to Atkin, since the Court issued no order approving his addition as a party.

Indeed, the first recognition of Atkin as a party by the Court was in the December 23, 2003 Ruling. Absent a finding that the Ruling operated to add Atkin as a party, the same jurisdictional defects that caused Atkin to originally seek dismissal of this action still exist. The repeated service of the Consolidated Complaint, even with a new Summons, does nothing to cure these defects. As such, the action must be dismissed as against Atkin.

## V.    CONCLUSION

For the foregoing reasons, Atkin has still never been made a party to any of the nine consolidated cases. As such, the renewed motion to dismiss must be granted.

        THE DEFENDANT
        WILLIAM W. ATKIN


        By _____//ss//_____
        James T. Shearin, Fed. Bar No. ct01326
        Peter S. Olson, Fed. Bar No. ct16149
        Pullman & Comley, LLC
        850 Main Street, P.O. Box 7006
        Bridgeport, CT 06601-7006
        203.330.2000
        Facsimile 203.576.8888
        His Attorneys

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on January 26, 2004 to all counsel and pro se parties of record.

For the lead plaintiffs
COMMUNICATIONS WORKERS OF
AMERICA and MIDSTREAM
INVESTMENTS, LTD:

   Peter E. Seidman
   Ann M. Lipton
   Milberg, Weiss, Bershad, Hynes & Lerach
   One Pennsylvania, Plaza, Suite 4915
   New York, NY  10119-0165
   212.594.5300
   Facsimile:  212.868.1229

   David R. Scott
   Erin Green Comite
   Scott & Scott
   108 Norwich Avenue
   P.O. Box 192
   Colchester, CT  06415
   860.537.3818
   Facsimile:  860.537.4432

For the plaintiff SHERRY SCHNALL:

   Peter E. Seidman
   Milberg, Weiss, Bershad, Hynes & Lerach
   One Pennsylvania Plaza, Suite 4915
   New York, NY  10119-0165
   212.594.5300
   Facsimile:  212.868.1229

   David R. Scott
   Karen M. Lesser
   Erin Green Comite
   Scott & Scott
   108 Norwich Avenue
   P.O. Box 192
   Colchester, CT  06415
   860.537.3818
   Facsimile:  860.537.4432

For the plaintiffs IRVING FELDBAUM and RENA NADOFF:

   David R. Scott
   Karen M. Lesser
   Erin Green Comite
   Scott & Scott
   108 Norwich Avenue
   P.O. Box 192
   Colchester, CT  06415
   860.537.3818
   Facsimile:  860.537.4432

For the plaintiffs PHILIP L. BIRD, RON BERNARD, DAN B. MADSEN, MICHAEL HERTZL, IRVING I. LASSOF

   Patrick A. Klingman
   Schatz & Nobel, P.C.
   330 Main Street
   Hartford, CT  06106-1851
   860.493.6292
   Facsimile:  860.493.6290

For the plaintiff JEROME L. HUFF:

   Jeffrey S. Nobel
   Schatz & Nobel, P.C.
   330 Main Street
   Hartford, CT  06106-1851
   860.493.6292
   Facsimile:  860.493.6290

For the defendant ANNUITY & LIFE RE (HOLDINGS) LTD:

   James F. Stapleton
   Kenneth W. Ritt
   Terence J. Gallagher, III
   Day, Berry & Howard
   One Canterbury Green
   Stamford, CT  06901-2047
   203.977.7300
   Facsimile:  203.977.7301

   Edward M. Posner
   Gary R. Battistoni
   Stuart A. Law, Jr.
   Drinker, Biddle & Reath
   One Logan Square
   18th & Cherry Streets
   Philadelphia, PA  19103-6996

For the defendant FREDERICK S. HAMMER:

   James F. Stapleton
   Kenneth W. Ritt
   Terence J. Gallagher, III
   Day, Berry & Howard
   One Canterbury Green
   Stamford, CT  06901-2047
   203.977.7300
   Facsimile:  203.977.7301

   John J. Robinson
   McCarter & English, LLP
   CityPlace 1
   185 Asylum Street
   Hartford, CT  06103
   860.275.7600
   Facsimile:  860.724.3397

For the defendant LAWRENCE S. DOYLE:

   John W. Cannavino
   Alexandra B. Stevens
   Karen L. Allison
   Cummings & Lockwood
   Four Stamford Plaza
   P.O. Box 120
   Stamford, CT  06904-0120
   203.327.1700
   Facsimile:  203.351.4499

For the defendant JOHN F. BURKE:

   James F. Stapleton
   Kenneth W. Ritt
   Terence J. Gallagher, III
   Day, Berry & Howard
   One Canterbury Green
   Stamford, CT  06901-2047
   203.977.7300
   Facsimile:  203.977.7301

   John R. Horvack, Jr.
   Carmody & Torrance, LLP
   50 Leavenworth Street
   P.O. Box 1110
   Waterbury, CT  06721-1110
   203.573.1200
   Facsimile:  203.575.2600

For the defendants BRIAN O'HARA, MICHAEL P. ESPOSITO, JR. and XL CAPITAL, LTD.

   Thorn Rosenthal
   Tammy Roy
   Cahill, Gordon & Reindel, LLP
   80 Pine Street
   New York, NY 10005
   212.701.3000
   Facsimile: 212.269.5420

   Lawrence W. Andrea
   57 North Street, Suite 313
   Danbury, CT 06810
   203.743.6454

For the movant GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT:

   Andrew M. Schatz
   Jeffrey S. Nobel
   Patrick A. Klingman
   Schatz & Nobel
   330 Main Street
   Hartford, CT 06106-1817
   860.493.6292

For the movant LOCAL 338 RETIREMENT FUND, BOARD OF TRUSTEES:

   James E. Miller
   Shepherd, Finkelman, Miller & Shah
   One Lewis Street
   Hartford, CT 06103
   860.246.0600
   Facsimile: 860.246.0700

For the movants JAY PETER KAUFMAN REVOCABLE TRUST and DAN B. MADSEN:

   Elias A. Alexiades
   215 Church Street, 2nd Fl.
   New Haven, CT 06510
   203.777.4720
   Facsimile: 203.777.4722

For the defendant KPMG LLP (US):

   James H. Bicks
   Wiggin & Dana
   400 Atlantic St., 7th Fl.
   PO Box 110325
   Stamford, CT 06911-0325
   203.363.7600
   Facsimile 203-363-7676

   Joseph T. Baio
   Kelly M. Hnatt
   Michelle J. Nadel
   Willkie, Farr & Gallagher
   787 Seventh Ave.
   New York, NY 10019-6099
   212.728.8000
   Facsimile 212.728.8111

For the defendant KPMG LLP (Bermuda):

   Frederick S. Gold
   Shipman & Goodwin
   300 Atlantic St.
   Stamford, CT 06901-3522
   203.324.8100
   Facsimile (203)324-8199

For the defendant KPMG LLP (UK):

Steven David Ecker
Cowdery, Ecker & Murphy
750 Main St.
Hartford, CT 06103
860.278.5555
Facsimile 860.249.0012

                                      //ss//
                             James T. Shearin, Fed. Bar No. ct01326
                             Peter S. Olson, Fed. Bar No. ct16149

BPRT/68845.1/PSO/503997v1