## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,** ) | Civil Action No. 02-CV-2133 (GLG) |
| ) | |
| ) | Consolidated Action |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,** ) | |
| ) | |
| Defendants. ) | March 16, 2004 |

### LEAD PLAINTIFFS' OPPOSITION TO DEFENDANT ATKIN'S RENEWED MOTION TO DISMISS

**I.     Introduction**

This is the second attempt of defendant William Atkin ("Atkin"), the Chief Financial Officer ("CFO") of Annuity & Life Re (Holdings), Ltd. ("ANR") during the relevant period,[1] to avoid resolution of the allegations against him based on the merits. Instead, he relies on the same purported procedural deficiency he raised in his first motion to dismiss (Docket No. 62-64) – that he was not served properly with the underlying complaint in either *Bird* or *Bernard* under Federal Rule of Civil Procedure 4(m) or that he was not properly added as a party under Federal Rule of Civil Procedure 21 to the remaining seven original securities fraud cases filed against ANR and certain ANR officers and directors. On December 13, 2003, this Court denied Atkin's first motion to dismiss on this basis, ordering Lead Plaintiffs "to properly serve the *consolidated amended class action complaint* against William W. Atkin." Order at 7 (Docket No. 100) (hereinafter "Order") (emphasis added). Lead Plaintiffs promptly complied with this Order. Nevertheless, Atkin files this renewed motion to dismiss despite being personally served with the consolidated amended class action complaint as required by the Order. Docket No. 105 (Affidavit of Service).

Through his contention that he only can be "properly" served with a complaint per this Court's Order through a Rule 21 joinder, Atkin is playing games with this Court. In reality, he is attempting to persuade this Court to reconsider and rewrite its opinion to hold that he was first joined as a party to this case by the Court's December 2003 order (rather than when either the original or amended complaints naming him as a party were filed) in a

---

[1] As CFO, Defendant Atkin was instrumental in perpetrating the fraud alleged in the consolidated amended complaint on the investing public in violation of the securities laws. Lead Plaintiffs have alleged that Atkin was responsible, in part, for a fraudulent scheme involving the dissemination of false and misleading financial statements filed with the SEC, false and misleading press releases and public statements regarding the financial condition and accounting practices of ANR, as well as numerous and flagrant violations of Generally Accepted Accounting Principles ("GAAP"). As alleged, this fraudulent scheme served to maintain ANR's stock price at

transparent effort to lay the foundation for a dismissal on statute of limitations grounds.[2] This Court should reject Atkin's tactic, both because he has not shown a basis for reconsideration of this Court's Order, and for the reasons set forth in Lead Plaintiffs' original briefing.

Atkin was named in two of the nine original securities fraud complaints filed in this Court against ANR and certain officers and directors – *Bird v. ANR*, et al., 02-CV-2210 (the "*Bird*") and *Bernard v. ANR*, et al., 03-CV-00043 ("*Bernard*").  He was not served with a summons and complaint in either action, and did not move to dismiss himself as a party in either action.  After this Court consolidated the various actions that had been filed pursuant to the requirements of the PSLRA, *see* 15 U.S.C. §78u-4(a), a new, consolidated amended complaint was filed and Atkin waived service.  Atkin then filed a motion to dismiss, arguing that he was not a proper party to the action.  In Atkin's view, he was never served with the *Bird* and *Bernard* complaints, and the service of the consolidated complaint was ineffective because Lead Plaintiffs never obtained permission from the Court, pursuant to Rule 21, to add him as a party.

In its Order, this Court recognized that the Second Circuit has a "clearly expressed preference that litigation disputes be resolved on the merits," Order at 7 (Docket No. 100), and declined to dismiss the action against Atkin.  Instead, the Court ordered Lead Plaintiffs to "properly serve the *consolidated amended class action complaint* upon William W. Atkin."  Order at 7 (Docket No. 100) (emphasis added).  The most common-sense reading of this Court's Order was to require Lead Plaintiffs to effect service on Atkin in a manner

---

artificially high levels and to deceive the investing public.  During this period, Atkin also engaged in insider trading.

2

consistent with Rule 4(e), rather than relying on the waiver of service provisions of Rule 4(d). Nothing in this Court's Order so much as hinted that Lead Plaintiffs were required to "join" Atkin as a party pursuant to Rule 21. In response to this Court's Order, the Lead Plaintiffs personally served Atkin at his home on January 8, 2004 with the consolidated amended complaint, and filed the affidavit of service on January 12, 2004. Docket No. 105.

Atkin now renews his arguments that he was not made a party pursuant to either the *Bird* or *Bernard* complaints in an obvious attempt to induce this Court to reconsider its prior opinion rejecting Atkin's argument that he is not a proper party for the purpose of laying a foundation for dismissal on statute of limitations grounds. Because Atkin's motion for reconsideration is procedurally barred and does not meet the legal standards for such motions, it should be denied. Alternatively, even if his arguments are considered on the merits, they are baseless, for the reasons identified in Lead Plaintiffs' brief submitted in opposition to Atkin's earlier motion to dismiss filed November 19, 2003. Docket No. 84.

## II. Argument

### A. Atkin's Motion Should Be Restyled As A Motion for Reconsideration And Dismissed For Failing To Meet Reconsideration Standards.

This Court's Order was clear and unambiguous – "to properly serve the *consolidated amended class action complaint* upon William W. Atkin." Order at 7 (emphasis added). The Court did not instruct Lead Plaintiff to serve either the *Bird* or *Bernard* complaint, and did not hold that Atkin was not a proper party to the action. Nor did this Court purport to newly "join" Atkin as a party, as though the earlier-filed complaints had failed to do so. Instead, the

---

[2] Lead Plaintiffs acknowledged in their brief in support of consolidation of the actions against ANR and KPMG that an argument could be made that the statute of limitations was set to expire toward the end of 2003. Docket No. 87.

3

Court held that any defects in service of process would be cured if Lead Plaintiffs "properly" served Atkin with the consolidated amended class action complaint, which they did.

Atkin has now raised precisely the same objections that he did in his earlier motion to dismiss. The mere fact that Atkin claims to base his renewed motion on a tortured reading of the use of the word "properly" in this Court's Order should not blind this Court to the reality that Atkin is attempting to induce the Court to reconsider his earlier arguments that he had yet to become a party to this case. Because Atkin's arguments were raised, and rejected, by this Court in its earlier Order, Atkin's motion should be construed as a motion for reconsideration.

As a motion for reconsideration, it is untimely. District of Connecticut Local Rule 7(c) states that "[M]otions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought." Because Atkin's motion was filed on January 26, 2004, almost a month after the Order was filed, Atkin's renewed motion to dismiss should be immediately rejected.

Even if timely filed, Atkin's motion for reconsideration does not meet the legal standards required for such a motion. "Any of three circumstances may justify reconsideration of an earlier decision in the case: (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989). As the court stated in *United States v. Mills*, 2004 U.S. Dist. LEXIS 291 (D. Conn. Jan. 8, 2004), interpreting the District of Connecticut's local civil rule for motions for reconsideration:

> Rule 7(c) motions "are, as a practical matter the same thing as motions for amendment of the judgment under Fed.R.Civ.P. 59(e)" and are treated under the standard for this federal rule. Accordingly, a motion for reconsideration must adhere to stringent standards. The movant must show that the court

4

>overlooked matters or controlling decisions which might reasonably have altered the court's result. Specifically, Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice. The application of these standards is intended to prevent wasteful repetition of arguments already briefed, considered and decided.

*Id.* at *1-2 (quotations and citations omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Atkin has not even attempted to show that this Court overlooked any controlling decisions or data, nor has he argued that there has been an intervening change in the law. Thus, his arguments for reconsideration must fail.

**B.     Atkin's Substantive Arguments Are Meritless**

In the alternative, Lead Plaintiffs renew their earlier arguments that Atkin either became a party when named as a defendant in the *Bird* and *Bernard* complaints (and would cease to be a party only upon being "dismissed" pursuant to Rule 4(m)), or, alternatively, was properly added as a party when the complaint was amended.

Lead Plaintiffs will avoid rehashing all of the arguments in their prior briefing, and instead incorporate by reference herein their arguments in their November 19, 2003 opposition to Atkin's first motion to dismiss on this basis. Docket No. 84. However, Lead Plaintiffs will summarize the main points of those prior arguments here.

First, Atkin was named as a defendant in the *Bird* and *Bernard* complaints. Although Atkin was not served with those complaints, he remains a party to those actions unless and until he is dismissed as a party pursuant to Rule 4(m). Rule 4(m), in turn, states only that, if

5

service is not made within 120 days after filing a complaint, the court has the *option* of dismissing the complaint after notice to the plaintiff (if the plaintiff does not show good cause), *or* giving plaintiff a time limit within which the plaintiff must effect service. *See* Fed. R. Civ. P. 4(m). The Rule does not state that untimely service is ineffective. Instead, it explicitly allows the court to enlarge the time to effect service. In this case, the Court did so by allowing plaintiffs to serve the *consolidated* – and now operative – complaint upon Atkin. There would be no purpose to serving the *original* complaints, because those complaints no longer have any legal effect. A "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case …." C. Wright & A. Miller, 7 Fed. Prac. & Proc. Civ. 3d § 1476 (citations omitted).

Second, even if Atkin was not a party to the action before the consolidated complaint was filed, Atkin is incorrect that Lead Plaintiffs required the Court's permission to add him as a party to the consolidated action. No permission was required because the consolidated complaint was amended pursuant to Rule 15(a), and before any responsive pleading. *See, e.g.*, *United States ex. rel Precision Co. v. Koch Indus.*, 31 F.3d 1015 (10th Cir. 1994); *Singh v. Prudential Ins. Co. of Am.*, 200 F. Supp. 2d 193, 196 (E.D.N.Y. 2002) ("The more persuasive cases hold that before the time a responsive pleading is filed, all amendments are allowed as a matter of course, including amendments to drop or add parties," quoting *Moore's Federal Practice*).

Even if an order explicitly authorizing Atkin's joinder pursuant to Rule 21 was required, that does not mean that the absence of such an order rendered Atkin's joinder a

nullity, or that he did not become a party when named in the consolidated complaint. Rather, the authorities agree that if a party is improperly joined under Rule 21, the remedy is to *sever* the action and allow it to proceed separately. *See* Fed. R. Civ. P. 21 ("Any claim against a party may be severed and proceeded with separately."); *Nassau County Assoc. of Ins. Agents v. Aetna Life & Cas.*, 497 F.2d 1151, 1154 (2d Cir. 1974) ("usual remedy" for misjoinder is severance); *see also Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (court must sever, rather than dismiss, misjoined action to avoid creating a statute of limitations problem); *United States v. Commercial Bank of N.A.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) ("Rule 21 was to minimize the harsh results which resulted from non-joinder and misjoinder under the common law). The severance remedy – rather than dismissal, or a declaration that the new defendant was not made a party – exists precisely because any other remedy might harm plaintiffs by allowing the defendant to interpose a statute of limitations defense. *See Elmore*, 227 F.3d at 2012.

In sum, Lead Plaintiffs believe this Court's Order was clear and unambiguous – "to properly serve the *consolidated amended class action complaint* upon William W. Atkin." Order at 7 (emphasis added). The Court did not instruct Lead Plaintiffs to serve either the *Bird* or *Bernard* complaint, nor did it purport to "join" Atkin as a new party to this action under Rule 21. Lead Plaintiffs complied with this Court's Order by personally serving Atkin.

Importantly, this Court now has denied the motions to dismiss of each of the other ANR officers and directors that are defendants in this action. Thus, Lead Plaintiffs request that this Court require Atkin to proceed on the merits and deny this motion. In light of the Second Circuit's preference that litigation disputes be resolved on the merits, Atkin's arguments still do not justify dismissal of this action against him. *See Mejia v. Castle Hotel,*

7

*Inc.*, 164 F.R.D. 343, 346 (S.D.N.Y. 1996). Nor should this Court unwittingly open a door for Atkin to argue that the Lead Plaintiffs' claims are barred by the statute of limitations.

WHEREFORE, Lead Plaintiffs respectfully request that the Court deny Atkin's motion.

DATED:     March 16, 2004

                                           Respectfully submitted,

                                           **SCOTT + SCOTT, LLC**

                                           _____

                                           David R. Scott (Juris No. 16080)
                                           drscott@scott-scott.com
                                           Erin Green Comite (Juris No. 24886)
                                           ecomite@scott-scott.com
                                           108 Norwich Avenue
                                           P.O. Box 192
                                           Colchester, CT 06415
                                           Telephone:     (860) 537-5537
                                           Facsimile:       (860) 537-4432

                                           **MILBERG WEISS BERSHAD HYNES**
                                             **& LERACH LLP**
                                           Beth Kaswan (Ct 21415)
                                           Ann M. Lipton (Ct 25358)
                                           One Pennsylvania Plaza
                                           New York, NY  10119
                                           Telephone:     (212) 594-5300
                                           Facsimile:       (212) 868-1229

                                           **Co-Lead Counsel for Lead Plaintiffs**

8

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2004, I caused a true and correct copy of LEAD PLAINTIFFS' OPPOSITION TO DEFENDANT ATKIN'S RENEWED MOTION TO DISMISS to be served by first-class, postage prepaid U.S. mail on counsel of record listed on the attached Service List.

_____
Erin Green Comite

## Annuity and Life Re (Holdings), Ltd. Service List

**Attorneys for Plaintiffs**

Andrew M. Schatz
Jeffrey S. Nobel
Patrick A. Klingman
SCHATZ & NOBEL
330 Main Street
Hartford, CT 06106-1817

James E. Miller
SHEPHERD FINKELMAN MILLER &
SHAH, LLC
One Lewis Street
Hartford, CT 06103

Attorney Elias A. Alexiades
ATTORNEY ELIAS A. ALEXIADES
215 Church Street
New Haven, CT 06525

Beth Kaswan
Ann Lipton
MILBERG WEISS BERSHAD HYNES
  & LERACH
One Pennsylvania Plaza
New York, NY 10119

Marc Edelson
HOFFMAN & EDELSON
45 West Court St.
Doylestown, PA 18901

**Attorneys for Defendants**

Gary R. Battistoni
DRINKER BIDDLE & REATH
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

John W. Cannavino
Karen L. Allison
CUMMINGS & LOCKWOOD, LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher
DAY, BERRY & HOWARD, LLP
One Caterbury Green
Stamford, CT 06901

Thorn Rosenthal
Tammy Roy
CAHILL GORDON & REINDEL, LLP
80 Pine Street
New York, NY 10005-1702

Lawrence W. Andrea
LAW OFFICES OF
  LAWRENCE W. ANDREA
57 North Street, Suite 313
Danbury, CT 06810

James T. Shearin
Peter Olson
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

James K. Robertson, Jr.
John R. Horvack, Jr.
CARMODY & TORRANCE
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110

Francis S. Chlapowski
Randi B. Pincus
Morgan, Lewis & Bockius, LLP
101 Park Avenue, 44th Floor
New York, NY 10178

John J. Robinson
McCarter & English, LLP
One Financial Plaza
755 Main Street, 18th Floor
Hartford, CT 06103

R. Nicholas Gimbel
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

James H. Bicks
Wiggin & Dana
400 Atlantic St., 7th Fl.
PO Box 110325
Stamford, CT 06911-0325
203-363-7600

Kelly M. Hnatt
Joseph T. Baio
Michelle J. Nadel
Willkie, Farr & Gallagher
787 Seventh Ave.
New York, NY 10019-6099
212-728-8000

Steven David Ecker
Cowdery, Ecker & Murphy
750 Main St.
Hartford, CT 06103
860-278-5555

Frederick S. Gold
Morgan Paul Rueckert
Shipman & Goodwin
300 Atlantic St.
Stamford, CT 06901-3522
203-324-8100