### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, individually and on behalf of all others similarly situated | CIVIL ACTION NO. 3:02cv02133 (GLG) |
| PLAINTIFFS | Consolidated Action |
| VS. | |
| ANNUITY & LIFE RE (HOLDINGS) LTD., ET AL. | April 1, 2004 |
| DEFENDANTS | |

## REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS

### I.    INTRODUCTION

The defendant William W. Atkin (hereinafter, "Atkin") hereby submits this reply memorandum in support of his Renewed Motion to Dismiss [Doc. No. 108] ("Renewed Motion").

In the Renewed Motion, Atkin argued that the Lead Plaintiffs failed to comply with the Court's December 23, 2003 Ruling [Doc. No. 100] ("Ruling").  More specifically, Atkin pointed out that the only step Lead Plaintiffs took in response to the Ruling was to change the  method by which Atkin was served with the Amended Consolidated Complaint of July 11, 2003.  Lead Plaintiffs did not, however, take the very steps requested, which the court authorized, consisting of service of the original

summons naming Atkin as a party, the time to serve which was extended by the Court. As such, Atkin still has not been made a party to this suit.

Indeed, the Lead Plaintiffs' opposition to the renewed motion to dismiss fails to recognize the procedural status of this case, rewrites the Court's December 23, 2003 Ruling, and improperly recasts Atkin's motion to avoid these problems. Atkin's argument is legally and procedurally correct; he still has not been made a party to this action. The renewed motion must be granted.

## II.    ARGUMENT

The Lead Plaintiffs emphasize in their opposition that Atkin has now been personally served with the Consolidated Amended Complaint, instead of having been served via a waiver of service. *See*, Lead Plaintiffs' Opposition, March 16, 2004, [Doc. No. 134] at 2-3. Lest it be unclear, Atkin has never challenged the fact that he was served with the Amended Consolidated Complaint. *See*, Memo. Supp. Mot. Dismiss, October 3, 2003 [Doc. No. 63] at 3. Indeed, the Court recognized this in its Ruling. *See*, Ruling, *supra*, at 4. Atkin's argument is only that he was never served in the original underlying actions in which he was named as a party, *Bird* and *Bernard*. Therefore, the Lead Plaintiffs' efforts to bring him in to this case through *Schnall* were deficient.

The original summonses in *Bird* and *Bernard* were issued on December 13, 2002 and January 7, 2003, respectively. Those summonses were never served. Instead, Atkin was first served with any complaint, the Amended Consolidated Complaint, only on August 25, 2003, with a waiver issued in the *Schnall* action, not the *Bird* and *Bernard* actions. In his first motion to dismiss, Atkin argued that the Lead Plaintiffs in *Schnall* could not make Atkin a party to the consolidated action by simply amending the complaint and serving Atkin with that amended complaint. The only way to add Atkin to an action to which he had never been a party was to secure a court order pursuant to Fed. R. Civ. P. Rule 21.

In the Ruling, the Court recognized these deficiencies, and granted the Lead Plaintiffs an opportunity to fix them by extending the time for the Lead Plaintiffs to serve the original summons in *Bird* and *Bernard.* However, instead of serving these summonses, the Lead Plaintiffs chose to interpret the Ruling as requiring them to do what had already been done -- serve the Consolidated Amended Complaint with a new summons, issued in *Schnall*. Nothing changed, except the manner of service (personal service versus service by waiver). Atkin still has not been made a party to the *Schnall* case, an argument that was implicitly accepted by the Court when it decided to grant the Lead Plaintiffs the very time they sought to serve the original

-3-

summonses, rather than to accept the Lead Plaintiffs' argument that service in *Schnall* was, in and of itself, sufficient to make Atkin a party. *See*, Memo. Opp. Mot. Dismiss, November 19, 2003 [Doc. No. 84], at 11-12.

Confronted with their own failure to comply with the federal rules, the Lead Plaintiffs first argue that simply by filing the *Schnall* Consolidated Amended Complaint, they succeeded in adding Atkin to this action, even in the absence of any court order.   Memo. Opp. Mot. Dismiss, supra, at 6.  Atkin has already established that the Lead Plaintiffs' reliance on Rule 15 to save their claims is misplaced.  "Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs."  *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909 (DLC), 2001 WL 58000, at *1 (S.D.N.Y. 2001) (attached).

Neither Rule 15(a) nor the Notes of the Advisory Committee intimate that an exception to Rule 21 was intended by the provision of Rule 15(a) which permits a party to amend without leave of court before a responsive pleading is filed. *Momentum Luggage, supra,* 2001 WL 58000, at *1, citing *Gordon v. Lipoff*, 320 F.Supp. 905, 923 (D.Mo.1970).  The only courts in the Second Circuit who have

considered this issue have routinely held as did *Momentum Luggage*.   *See*, Memo.

Supp. Mot. Dismiss, *supra*, at 6-8 for other cases supporting this proposition.

There are sound reasons why Rule 21 should govern the addition and

elimination of parties. *Momentum Luggage, supra,* 2001 WL 58000, at *1.  Whether

parties should be dropped from or added to an action presents problems of judicial

administration over which the court, rather than the parties and their counsel, should

maintain control at every stage of the action. *Momentum Luggage, supra,* 2001 WL

58000, at *1, citing *Gordon*, *supra*, 320 F.Supp. at 923.

> In adding or eliminating parties, courts must consider judicial economy
> and their ability to manage each particular case, as well as how the
> amendment would affect the use of judicial resources, the impact the
> amendment would have on the judicial system, and the impact the
> amendment would have on each of the parties already named in the
> action.
>
> *Momentum Luggage*, supra, 2001 WL 58000, at *1.

Next, the Lead Plaintiffs rely on the concept of misjoinder to argue that the

Court should not dismiss their claims against Atkin, but should sever them. Again,

the Lead Plaintiffs have miscast Atkin's argument.  The question here is whether the

Lead Plaintiffs have even succeeded in starting an action against Atkin at all.  As

such, concepts of misjoinder are not applicable.

The federal rules do not define misjoinder, but "the cases make clear that misjoinder of parties occurs when they fail to satisfy the conditions for permissive joinder under Fed.R.Civ.P. 20 (a)." *Glendora v. Malone*, 917 F.Supp. 224, 227 (S.D.N.Y. 1996), citing *Benson v. RMJ Securities Corp.*, 683 F.Supp. 359, 377 (S.D.N.Y.1988) and 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1683, at 443 (1986). Parties are misjoined if the claims asserted against them "do not arise out of the same transaction or occurrence or do not present some common question of law or fact." *Glendora*, *supra*, 917 F. Supp. at 227, citing *American Fidelity Fire Insurance Co. v. Construcciones Werl, Inc.*, 407 F.Supp. 164, 190 (D.V.I.1975).

Atkin has never claimed that the claims brought against him do not belong with the claims against the other defendants. As such, misjoinder is not the proper concept for consideration of this motion. Moreover, severance of these claims would not solve the Lead Plaintiffs' problems, as it would merely shift the Atkin's argument into an independent action. Atkin simply has not been made a party to this case, and would similarly not be a party to the severed action.

Finally, as a last resort, the Lead Plaintiffs ask this Court to ignore Rules 4, 15 and 21 and deem Atkin to be a party to a case in which he has never been served.

In effect, the Lead Plaintiffs want the court to "backdate" their service, and therefore the commencement date to avoid any potential statutes of limitation issues. Whether or not this action was timely commenced against Atkin (assuming it ever commenced) is for another day and is dependent on too many variables.  The only thing the Court need resolve to determine this motion is whether Atkin has been made a party to this action.

## III.   **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in his initial memorandum, Atkin has still never been made a party to any of the nine consolidated cases.  As such, the renewed motion to dismiss must be granted.

THE DEFENDANT
WILLIAM W. ATKIN

By _____

James T. Shearin, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
203.330.2000
Facsimile 203.576.8888
His Attorneys

-7-

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on April 1, 2004 to all counsel and pro se parties of record.

For the lead plaintiffs
COMMUNICATIONS WORKERS OF
AMERICA and MIDSTREAM
INVESTMENTS, LTD:

> Peter E. Seidman
> Ann M. Lipton
> Milberg, Weiss, Bershad, Hynes & Lerach
> One Pennsylvania, Plaza, Suite 4915
> New York, NY 10119-0165
> 212.594.5300
> Facsimile: 212.868.1229

> David R. Scott
> Erin Green Comite
> Scott & Scott
> 108 Norwich Avenue
> P.O. Box 192
> Colchester, CT 06415
> 860.537.3818
> Facsimile: 860.537.4432

For the plaintiff SHERRY SCHNALL:

> Peter E. Seidman
> Milberg, Weiss, Bershad, Hynes & Lerach
> One Pennsylvania Plaza, Suite 4915
> New York, NY 10119-0165
> 212.594.5300
> Facsimile: 212.868.1229

> David R. Scott
> Karen M. Lesser
> Erin Green Comite
> Scott & Scott
> 108 Norwich Avenue
> P.O. Box 192
> Colchester, CT 06415
> 860.537.3818
> Facsimile: 860.537.4432

For the plaintiffs IRVING FELDBAUM
and RENA NADOFF:

> David R. Scott
> Karen M. Lesser
> Erin Green Comite
> Scott & Scott
> 108 Norwich Avenue
> P.O. Box 192
> Colchester, CT 06415
> 860.537.3818
> Facsimile: 860.537.4432

For the plaintiffs PHILIP L. BIRD, RON
BERNARD, DAN B. MADSEN,
MICHAEL HERTZL, IRVING I.
LASSOF

> Patrick A. Klingman
> Schatz & Nobel, P.C.
> 330 Main Street
> Hartford, CT 06106-1851
> 860.493.6292
> Facsimile: 860.493.6290

**For the plaintiff JEROME L. HUFF:**

Jeffrey S. Nobel
Schatz & Nobel, P.C.
330 Main Street
Hartford, CT 06106-1851
860.493.6292
Facsimile: 860.493.6290

**For the defendant ANNUITY & LIFE RE (HOLDINGS) LTD:**

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher, III
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047
203.977.7300
Facsimile: 203.977.7301

Edward M. Posner
Gary R. Battistoni
Stuart A. Law, Jr.
Drinker, Biddle & Reath
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

**For the defendant FREDERICK S. HAMMER:**

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher, III
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047
203.977.7300
Facsimile: 203.977.7301

John J. Robinson
McCarter & English, LLP
CityPlace 1
185 Asylum Street
Hartford, CT 06103
860.275.7600
Facsimile: 860.724.3397

**For the defendant LAWRENCE S. DOYLE:**

John W. Cannavino
Alexandra B. Stevens
Karen L. Allison
Cummings & Lockwood
Four Stamford Plaza
P.O. Box 120
Stamford, CT 06904-0120
203.327.1700
Facsimile: 203.351.4499

**For the defendant JOHN F. BURKE:**

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher, III
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047
203.977.7300
Facsimile: 203.977.7301

John R. Horvack, Jr.
Carmody & Torrance, LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
203.573.1200
Facsimile: 203.575.2600

For the defendants BRIAN O'HARA, MICHAEL P. ESPOSITO, JR. and XL CAPITAL, LTD.

Thorn Rosenthal
Tammy Roy
Cahill, Gordon & Reindel, LLP
80 Pine Street
New York, NY 10005
212.701.3000
Facsimile: 212.269.5420

Lawrence W. Andrea
57 North Street, Suite 313
Danbury, CT 06810
203.743.6454

For the movant GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT:

Andrew M. Schatz
Jeffrey S. Nobel
Patrick A. Klingman
Schatz & Nobel
330 Main Street
Hartford, CT 06106-1817
860.493.6292

For the movant LOCAL 338 RETIREMENT FUND, BOARD OF TRUSTEES:

James E. Miller
Shepherd, Finkelman, Miller & Shah
One Lewis Street
Hartford, CT 06103
860.246.0600
Facsimile: 860.246.0700

For the movants JAY PETER KAUFMAN REVOCABLE TRUST and DAN B. MADSEN:

Elias A. Alexiades
215 Church Street, 2nd Fl.
New Haven, CT 06510
203.777.4720
Facsimile: 203.777.4722

For the defendant KPMG LLP (US):

James H. Bicks
Wiggin & Dana
400 Atlantic St., 7th Fl.
PO Box 110325
Stamford, CT 06911-0325
203.363.7600
Facsimile 203-363-7676

Joseph T. Baio
Kelly M. Hnatt
Michelle J. Nadel
Willkie, Farr & Gallagher
787 Seventh Ave.
New York, NY 10019-6099
212.728.8000
Facsimile 212.728.8111

For the defendant KPMG LLP (Bermuda):

Frederick S. Gold
Shipman & Goodwin
300 Atlantic St.
Stamford, CT 06901-3522
203.324.8100
Facsimile (203)324-8199

-10-

For the defendant KPMG LLP (UK):

Steven David Ecker
Cowdery, Ecker & Murphy
750 Main St.
Hartford, CT 06103
860.278.5555
Facsimile 860.249.0012

James T. Shearin, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

BPRT/68845.1/PSO/511073v1

-11-

2001 WL 58000
(Cite as: 2001 WL 58000 (S.D.N.Y.))
**H**

Page 1

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

MOMENTUM LUGGAGE & LEISURE BAGS, a
partnership between Robert Rudko and William
M. Greystone, Plaintiff,
v.
JANSPORT, INC., Luggage & Leather Goods
Manufacturers of America, Inc., and
Business Journals, Inc., Defendants.

No. 00 Civ. 7909(DLC).

Jan. 23, 2001.

John P. Bostany, New York, NY, for Plaintiff.

Thomas A. Canova, Gianni P. Servodidio, Pennie &
Edmonds LLP, New York, NY, for Defendant
Jansport, Inc.

*OPINION AND ORDER*

COTE, J.

**\*1** This dispute arises out of defendants' alleged
infringement of plaintiff's trademark. Plaintiff seeks
leave to amend the complaint to add seven additional
defendants. For the reasons stated below, plaintiff's
request to amend the complaint is denied.

Procedural History

This action was filed on October 17, 2000. Plaintiff
alleged that defendants Jansport, Inc. ("Jansport"),
and Luggage & Leather Goods Manufacturers of
America, Inc. ("Luggage & Leather"), violated the
Lanham Act and New York's General Business Law
by infringing plaintiff's trade dress, diluting plaintiff's
trademark, and engaging in acts of unfair
competition, false designation of origin, and false
description or representation. [FN1] Pursuant to the
Court's Pretrial Scheduling Order of October 23,
2000, entered in response to plaintiff's request for an
expedited resolution of this case, all fact discovery is
to be completed by February 23, 2001. The Joint
Pretrial Order must be filed by March 23, 2001, and
the case has been placed on the April 2001 trial ready
calendar.

> FN1. On November 16, 2000, plaintiff voluntarily
> dismissed its claims against a third defendant,

Business Journals, Inc., pursuant to Rule 41(a)(1)(i),
Fed.R.Civ.P.

Jansport served, and attempted to file, an answer on
December 7, 2000. [FN2] As of December 20, 2000,
the date on which the amended complaint was filed,
Luggage & Leather had neither served nor filed an
answer. Pursuant to the Court's December 28, 2000
Order, however, Luggage & Leather had until
January 15, 2001 to answer, move, or otherwise
respond to the complaint. As of the writing of this
Opinion, Luggage & Leather has not responded to the
complaint. Plaintiff filed an amended complaint
without the Court's leave on December 20, 2000,
adding seven additional defendants. Jansport opposes
the amendment. Plaintiff asserts that it is free to
amend as of right, but in the alternative, seeks leave
*nunc pro tunc* to amend the complaint.

> FN2. On December 7, 2000, Jansport filed and
> served its answer to the complaint. On December 11,
> 2000, Jansport filed and served its Rule 1.9
> Statement. On December 12, however, without
> knowing that Jansport had filed and served the Rule
> 1.9 Statement the day before, the Court directed the
> Clerk's Office to return the answer to Jansport
> pending the filing of the Rule 1.9 Statement. The
> answer has since been filed *nunc pro tunc.*

DISCUSSION

Plaintiff claims that, pursuant to Rule 15(a),
Fed.R.Civ.P., it was entitled to amend its complaint to
add new defendants. Under Rule 15(a), Fed.R.Civ.P.,
"[a] party may amend the party's pleading once as a
matter of course at any time before a responsive
pleading is served." As stated above, Jansport served
its answer before plaintiff filed the amended
complaint. [FN3] Once a responsive pleading has
been "served", a party may amend its pleadings "only
by leave of court or by written consent of the adverse
party; and leave shall be freely given when justice so
requires." Fed.R.Civ.P. 15(a).

> FN3. Under Rule 15(a), plaintiff would need leave to
> amend its complaint against Jansport. *See, e.g.,*
> *Bruno v. Shoreline Oil Co.,* No. 87 Civ. 9175(PKL),
> 1988 WL 142476, at \*2 (S.D.N.Y. Dec. 27, 1988)
> ("[defendant]'s answer is a 'responsive pleading'
> under Rule 15(a) precluding amendment as of right
> as to [defendant]"); *Rose v. Associated Universities,*
> No. 00 Civ. 0460(DAB), 2000 WL 1457115,\*3
> (S.D.N.Y. Sept. 28, 2000) (" 'where some but not all
> defendants have answered, plaintiff may amend as of
> course claims asserted solely against the non-

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

answering defendants" ') (quoting *Barksdale v. King,* 699 F.2d 744, 747 (5th Cir.1983)). *See also* 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.11, at 15-13 (3d ed. 1997) ("If some, but not all, of the defendants have answered, the plaintiff has the right to amend only the claims asserted against the non-answering parties and must obtain leave to amend the complaint as to answering parties."); William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 8:379, at 8-83 (1997) ("Common sense suggests that amendments may be made as a matter of course as to defendants who have not yet answered; but leave of court must be obtained insofar as the amendment affects defendants who have already answered.").

Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs. *See Kaminsky v. Abrams,* 41 F.R.D. 168, 170 (S.D.N.Y.1966) ("It has been held that the specific provisions of Rule 21 govern over the general provisions of Rule 15, and that an amendment changing parties requires leave of Court even though made at a time when under Rule 15 amendment may be made as of course."); *see also United States v. Hansel,* 999 F.Supp. 694, 697 (N.D.N.Y.1998); *Sheldon v. PHH Corp.,* No. 96 Civ. 1666(LAK), 1997 WL 91280, at *3 (S.D.N.Y. Mar. 4, 1997) ("[A] broad reading of Rule 15 would permit amendments for any purpose, including changes of parties.... Nevertheless, the preferred method is to consider such motions under Fed.R.Civ.P. 21, which specifically allows for the addition and elimination of parties."), *aff'd on other grounds,* 135 F.3d 848 (2d Cir.1998); *Holtzman v. Richardson,* 361 F.Supp. 544, 552 (E.D.N.Y.1973), *rev'd on other grounds,* 484 F.2d 1307 (2d Cir.); *Gordon v. Lipoff,* 320 F.Supp. 905, 923 (D.Mo.1970) ("Neither Rule 15(a) nor the Notes of the Advisory Committee intimate that an exception to Rule 21 was intended by the provision of Rule 15(a) which permits a party to amend without leave of court before a responsive pleading is filed."). *But cf. Washington v. New York City Board of Estimate,* 709 F.2d 792, 795 (2d Cir.1983) (analyzing motion to add new parties under Rule 15(a) when defendant had not answered, and not addressing Rule 21).

*2 There are sound reasons why Rule 21 should govern the addition and elimination of parties. Whether parties should be dropped from or added to an action presents problems of judicial administration over which the court, rather than the parties and their counsel, should maintain control at every stage of the action. *See Gordon v. Lipoff,* 320 F.Supp. at 923. In adding or eliminating parties, courts must consider judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact the amendment would have on each of the parties already named in the action.

These policy reasons are particularly applicable in this case because of the substantial effect this amendment of the complaint would have on the party who has already answered, as well as on the conduct of the litigation as a whole. Plaintiff requested expedited litigation, and the Court agreed to the request. Jansport has answered the complaint and both Jansport and the plaintiff--as well as the Court-- have spent substantial resources in accommodating the expedited schedule. [FN4]

> FN4. In any event, even if leave were not necessary, Jansport has made a motion to strike and, in the alternative, to stay. The Court would grant these motions for the reasons stated *infra. See generally Curtis v. Citibank,* 226 F.3d 133, 138 (2d Cir.2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. In deciding whether to allow joinder, the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc.,* 86 F.R.D. 524, 527-28 (S.D.N.Y.1980) (internal quotation omitted); *see Clarke v. Fonix Corp.,* 98 Civ. 6116(RPP), 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.") (internal quotation omitted), *aff'd,* 199 F.3d 1321 (2d Cir.1999); *Sheldon,* 1997 WL 91280, at *3 ("While plaintiffs' motion [to add a new defendant] properly is considered under Rule 21 rather than Rule 15, nothing material turns on this distinction. Under either rule, leave of the Court is required.... To the extent the limited case law under Rule 21 permits a conclusion, the standard under that rule is the same as under Rule 15."); *FTD Corp. v. Banker's Trust Co.,* 954 F.Supp. 106, 109 (S.D.N.Y.1997) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule.") (quoting *Fair Hous. Dev. Fund Corp. v. Burke,* 55 F.R.D. 414, 419 (E.D.N.Y.1972)); *Kaminsky,* 41

2001 WL 58000                                                    **Page 3**
**(Cite as: 2001 WL 58000, \*2 (S.D.N.Y.))**

F.R.D. at 170.

In the context of amendment to pleadings under Rule 15, the Supreme Court has emphasized that a refusal to grant leave to amend must be justified by grounds such as undue delay, bad faith, futility, or prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Refusal to grant leave to amend "without justification is 'inconsistent with the spirit of the Federal Rules.' " *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234 (2d Cir.1995) (quoting *Foman,* 371 U.S. at 182). The decision to grant leave to amend falls within the sound discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Austin v. Ford Models, Inc.,* 149 F.3d 148, 155 (2d Cir.1998).

\*3 Jansport will be prejudiced by the delay in this litigation which joinder of additional defendants will cause. This case was put on an expedited schedule at plaintiff's request. The addition of seven new defendants will delay both discovery and trial as well as the final resolution of this case. [FN5] Plaintiff's claim that the joinder will not cause a delay is unpersuasive.

> FN5. Plaintiff's claim that the addition of new defendants will not delay discovery or trial, because it will quickly serve them with the complaint and provide them with copies of all discovery, is unpersuasive. The briefs regarding the amendment of the complaint were not fully submitted until January 10, 2001, and depositions are scheduled to start on January 24, 2001. If new defendants were added, the Court would grant them the full time to answer or move. New parties would also have a right to be heard as to the appropriate schedule for this litigation. All of this would necessarily increase the length and expense of discovery and delay the trial date.

Because of the contentious nature of this case, it has consumed an unusual amount of time and resources of the parties and the Court in what should have been a relatively straightforward trademark infringement case. Over the past few months, the parties and the Court have spent considerable time resolving disputes regarding, among other things, Jansport's two motions to compel discovery from plaintiff, Jansport's objections to plaintiff's document requests and interrogatories, the location, timing, and payment of travel expenses and fees for depositions of Jansport witnesses, plaintiff's three requests to send letters to Jansport's customers, plaintiff's request for sanctions, Jansport's Motion to Dismiss the statutory damages claim, and disputes over briefing schedules. It is in the interest of all to bring this litigation to the speedy resolution for which plaintiff has successfully argued in order to put some limit on the burden and cost of this litigation.

Finally, plaintiff has provided no answer to several of the arguments presented by Jansport. First, Jansport points out that the amended complaint was not even served on it. Second, Jansport contends that plaintiff's proposed amendment is evidence of plaintiff's bad faith. [FN6] Jansport argues that plaintiff seeks to add Jansport's customers as party defendants after agreeing in writing before Magistrate Judge Katz to a notification letter that Jansport already sent its customers. Jansport also states that the Court has twice denied plaintiff's requests to send threatening letters to Jansport's entire customer base. Jansport asserts that it has demonstrated its willingness and ability to contact specific customers and others to stop any use of the disputed name. Jansport also points out that six of the proposed new defendants have discontinued any use of the Momentum name, and the seventh proposed new defendant has never used the disputed name. Third, Jansport argues that plaintiff can obtain complete relief in the form of damages and/or an injunction without the additional defendants. Finally, Jansport points out that adding additional parties will dramatically increase the scope of this action. Plaintiff's failure to respond to these arguments leaves them as additional reasons to deny the amendment.

> FN6. Nor has plaintiff explained why it did not inform the Court of the amended complaint during a teleconference on December 21, 2000, the day after plaintiff filed and purported to serve its amended complaint on Jansport. During the December 21, 2000 teleconference, plaintiff sought leave to send threatening letters to Jansport's customers. Because these customers included the same entities that plaintiff had filed an amended complaint against on December 20, 2000, plaintiff should have mentioned the amendment during the teleconference.

### CONCLUSION

For the reasons stated, plaintiff's request for leave *nunc pro tunc* to amend the complaint is denied.
SO ORDERED:

2001 WL 58000, 2001 WL 58000 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works