UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERRY SCHNALL, Individually and On ) Civil Action No. 02-CV-2133 (GLG)
Behalf of All Others Similarly Situated, )
) Consolidated Action
Plaintiffs, )
)
v. )
)
ANNUITY AND LIFE RE (HOLDINGS), )
LTD., XL CAPITAL, LTD., LAWRENCE )
S. DOYLE, FREDERICK S. HAMMER, )
JOHN F. BURKE, WILLIAM W. ATKIN, )
BRIAN O'HARA, AND MICHAEL P. )
ESPOSITO, JR., )
)
Defendants. ) April 15, 2004

FILED
APR 20  2 54 PM '04
U.S. DISTRICT
NEW HAVEN, CONN.

**LEAD PLAINTIFFS' SURREPLY TO
ATKIN'S RENEWED MOTION TO DISMISS**

Atkin, offering a highly implausible interpretation of this Court's prior order rejecting his first motion to dismiss, contends that he was improperly served because Lead Plaintiffs never sought permission to add him as a party to the consolidated action, and because he was only properly named as a party to the *Bird* and *Bernard* actions, but was not served with those complaints. Atkin's arguments are meritless not only for the reasons stated in Lead Plaintiffs' prior briefing, but also for the reasons stated by the court in *In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999), which rejected a similar argument.

In *Sunbeam*, several complaints were consolidated into a single action. After the Lead Plaintiffs were appointed, the Lead Plaintiffs and the named defendants stipulated as to the date on which Lead Plaintiffs would be required to file a single, consolidated complaint. Before such a complaint was filed, however, a new plaintiff filed a new complaint, naming, for the first time, an additional defendant, Robert Gluck. That defendant was never served with the complaint, and the new action was eventually consolidated into the larger action. *See id.* at 1343.

When the Lead Plaintiffs finally filed their consolidated complaint, Gluck was named, and was timely served with the consolidated complaint. Despite this fact, Gluck argued – just as Atkin does here – that service was improper because he was never served with the original complaint in which he was named, and because the Lead Plaintiffs failed to obtain permission to add him as a party pursuant to Fed. R. Civ. P. 21. The *Sunbeam* court rejected the argument entirely, stating:

> The reasoning underlying this argument escapes the Court. Simply stated, the first Complaint filed by Lead Plaintiffs which named Gluck as a defendant – the Consolidated Amended Complaint – was properly served upon Gluck. Accordingly, Gluck was served with the Consolidated Amended Complaint in compliance with [the federal rules]. Further, even if Gluck were improperly served, good cause exists for any delay in

1

service, and it is apparent that Gluck was not prejudiced in any way by the delay. Accordingly, dismissal of the Consolidated Amended Complaint on this procedural ground would be inappropriate."

*Id.* (citations omitted).

For the same reasons that the *Sunbeam* court rejected an identical argument, so too this Court should reject Atkin's renewed argument that this Court's prior order should be interpreted to require Lead Plaintiffs to have served the original *Bird* and *Bernard* complaints.

WHEREFORE, Lead Plaintiffs respectfully request that the Court deny Atkin's motion.

DATED: April 15, 2004

Respectfully submitted,

**SCOTT + SCOTT, LLC**

*/s/ Erin Green Comite*
David R. Scott (Juris No. 16080)
drscott@scott-scott.com
Erin Green Comite (Juris No. 24886)
ecomite@scott-scott.com
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone:  (860) 537-5537
Facsimile:  (860) 537-4432

**MILBERG WEISS BERSHAD HYNES
& LERACH LLP**
Beth Kaswan (Ct 21415)
Ann M. Lipton (Ct 25358)
One Pennsylvania Plaza
New York, NY 10119
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

**Co-Lead Counsel for Lead Plaintiffs**

2