UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, individually and on behalf of all others similarly situated<br><br>PLAINTIFFS<br><br>VS.<br><br>ANNUITY & LIFE RE (HOLDINGS) LTD., ET AL.<br><br>DEFENDANTS | CIVIL ACTION NO.<br>3:02cv02133 (GLG)<br><br>Consolidated Action<br><br><br>April 19, 2004 |

**REPLY MEMORANDUM TO LEAD PLAINTIFF'S SURREPLY
RE: ATKIN'S MOTION TO DISMISS**

The defendant William W. Atkin (hereinafter, "Atkin") briefly files this reply memorandum to respond to the Lead Plaintiffs' Surreply dated April 15, 2004 [Doc. No. 144].[1] The sole purpose of the Surreply is apparently to bring *In re: Sunbeam Securities Litigation*, 89 F.Supp.2d 1326 (S.D.Fla. 1999) to the attention of the Court. The Lead Plaintiffs argue that *Sunbeam* should guide this Court's decision on Atkin's

---

[1] As stated in Lead Plaintiffs' Motion for Leave to File Surreply dated April 15, 2004 [Doc. No. 144], Atkin consented to the Lead Plaintiffs' Surreply on the condition that he be permitted to reply.

renewed motion to dismiss, and that based upon the authority of that decision, Atkin's motion should be denied. A close reading of *Sunbeam* reveals that it does not undermine Atkin's argument, and in fact can be seen to strengthen it.

The first, and most essential difference between *Sunbeam* and this case is that the consolidated complaint in *Sunbeam* was filed <u>pursuant to an order of the Court</u>, which <u>directed</u> that it be filed against <u>all</u> defendants in all of the consolidated actions. *Sunbeam*, *supra*, 89 F.Supp.2d at 1343. The Lead Plaintiffs here, however, never sought or obtained <u>any</u> court approval to bring Atkin into this case, as required by Fed. R. Civ. P. Rule 21.

In *Sunbeam*[2], a number of class action complaints had been ordered consolidated by the Court, and lead plaintiffs and lead counsel appointed. *Sunbeam*, *supra*, 89 F.Supp.2d at 1343. After that had occurred, separate plaintiffs started a separate class action lawsuit, which named a new defendant. *Sunbeam*, *supra*, 89

---

[2] Importantly, *Sunbeam* is a district court case from Florida, and not controlling authority on this Court. The cases from the district courts in the Second Circuit that Atkin has already cited establish that a court order is necessary to add a party. *See*, *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909 (DLC), 2001 WL 58000, at *1 (S.D.N.Y. 2001).

F.Supp.2d at 1343.  Over the objections of the plaintiffs in the separate lawsuit, the Court consolidated it into the primary *Sunbeam* litigation.  *Sunbeam*, *supra*, 89 F.Supp.2d at 1343.  Thus, the new defendant in *Sunbeam* was actually a party to the primary *Sunbeam* litigation even though he had never been served in the separate lawsuit, because the *Sunbeam* court expressly <u>permitted</u> the lead plaintiffs to file a consolidated complaint that named the new defendant.  This situation is not present here.

In this case, unlike *Sunbeam*, the Court ordered the cases to be consolidated.  Atkin had never been served, and the Court had never entered an order granting the Lead Plaintiffs permission to name Atkin as a defendant.

Respectfully, this is a relatively straightforward matter.  Nine different sets of plaintiffs raced to the courthouse to establish their right to be the lead plaintiff.  Seven of those nine plaintiffs did not deem Atkin worthy of being sued.  The other two plaintiffs named him but never bothered to serve him.  After consolidation, <u>none</u> of the plaintiffs took any efforts to effectuate service.  Instead, having never sought Court approval to name Atkin as a defendant, the Lead Plaintiffs in *Schnall* simply listed him as a defendant in a consolidated complaint.  As Atkin has already argued, this action was inconsistent with Fed. R. Civ. P. Rule 21.  The proper course of

action was to re-serve the original summons (presumably with a grant of additional time under Rule 4 (m)), together with the consolidated complaint. Only these actions would have brought Atkin into *Schnall* prior to the consolidated amended complaint. This Court told the Lead Plaintiffs to take these steps, and they chose instead to issue a new summons, as of January 5, 2004.

As Atkin has repeatedly argued, this Court should excuse the Lead Plaintiffs' mistake. *Sunbeam*, if anything, supports Atkin's argument that a court order is required to bring a person into an action as a defendant. The Lead Plaintiffs have never secured such an order. Accordingly, Atkin is not a party, and the motion to dismiss must be granted.

>THE DEFENDANT
>WILLIAM W. ATKIN
>
>
>By _____//ss//_____
>James T. Shearin, Fed. Bar No. ct01326
>Peter S. Olson, Fed. Bar No. ct16149
>Pullman & Comley, LLC
>850 Main Street, P.O. Box 7006
>Bridgeport, CT 06601-7006
>203.330.2000
>Facsimile 203.576.8888
>His Attorneys

**CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on April 19, 2004 to all counsel and pro se parties of record.

For the lead plaintiffs
COMMUNICATIONS WORKERS OF
AMERICA and MIDSTREAM
INVESTMENTS, LTD:

    Peter E. Seidman
    Ann M. Lipton
    Milberg, Weiss, Bershad, Hynes & Lerach
    One Pennsylvania, Plaza, Suite 4915
    New York, NY 10119-0165
    212.594.5300
    Facsimile: 212.868.1229

    David R. Scott
    Erin Green Comite
    Scott & Scott
    108 Norwich Avenue
    P.O. Box 192
    Colchester, CT 06415
    860.537.3818
    Facsimile: 860.537.4432

For the plaintiff SHERRY SCHNALL:

    Peter E. Seidman
    Milberg, Weiss, Bershad, Hynes & Lerach
    One Pennsylvania Plaza, Suite 4915
    New York, NY 10119-0165
    212.594.5300
    Facsimile: 212.868.1229

    David R. Scott
    Karen M. Lesser
    Erin Green Comite
    Scott & Scott
    108 Norwich Avenue
    P.O. Box 192
    Colchester, CT 06415
    860.537.3818
    Facsimile: 860.537.4432

For the plaintiffs IRVING FELDBAUM and RENA NADOFF:

    David R. Scott
    Karen M. Lesser
    Erin Green Comite
    Scott & Scott
    108 Norwich Avenue
    P.O. Box 192
    Colchester, CT 06415
    860.537.3818
    Facsimile: 860.537.4432

For the plaintiffs PHILIP L. BIRD, RON BERNARD, DAN B. MADSEN, MICHAEL HERTZL, IRVING I. LASSOF

    Patrick A. Klingman
    Schatz & Nobel, P.C.
    330 Main Street
    Hartford, CT 06106-1851
    860.493.6292
    Facsimile: 860.493.6290

For the plaintiff JEROME L. HUFF:

   Jeffrey S. Nobel
   Schatz & Nobel, P.C.
   330 Main Street
   Hartford, CT  06106-1851
   860.493.6292
   Facsimile:  860.493.6290

For the defendant ANNUITY & LIFE RE (HOLDINGS) LTD:

   James F. Stapleton
   Kenneth W. Ritt
   Terence J. Gallagher, III
   Day, Berry & Howard
   One Canterbury Green
   Stamford, CT  06901-2047
   203.977.7300
   Facsimile:  203.977.7301

   Edward M. Posner
   Gary R. Battistoni
   Stuart A. Law, Jr.
   Drinker, Biddle & Reath
   One Logan Square
   18th & Cherry Streets
   Philadelphia, PA  19103-6996

For the defendant FREDERICK S. HAMMER:

   James F. Stapleton
   Kenneth W. Ritt
   Terence J. Gallagher, III
   Day, Berry & Howard
   One Canterbury Green
   Stamford, CT  06901-2047
   203.977.7300
   Facsimile:  203.977.7301

   John J. Robinson
   McCarter & English, LLP
   CityPlace 1
   185 Asylum Street
   Hartford, CT  06103
   860.275.7600
   Facsimile:  860.724.3397

For the defendant LAWRENCE S. DOYLE:

   John W. Cannavino
   Alexandra B. Stevens
   Karen L. Allison
   Cummings & Lockwood
   Four Stamford Plaza
   P.O. Box 120
   Stamford, CT  06904-0120
   203.327.1700
   Facsimile:  203.351.4499

For the defendant JOHN F. BURKE:

   James F. Stapleton
   Kenneth W. Ritt
   Terence J. Gallagher, III
   Day, Berry & Howard
   One Canterbury Green
   Stamford, CT  06901-2047
   203.977.7300
   Facsimile:  203.977.7301

   John R. Horvack, Jr.
   Carmody & Torrance, LLP
   50 Leavenworth Street
   P.O. Box 1110
   Waterbury, CT  06721-1110
   203.573.1200
   Facsimile:  203.575.2600

For the defendants BRIAN O'HARA, MICHAEL P. ESPOSITO, JR. and XL CAPITAL, LTD.

>Thorn Rosenthal
>Tammy Roy
>Cahill, Gordon & Reindel, LLP
>80 Pine Street
>New York, NY 10005
>212.701.3000
>Facsimile: 212.269.5420

>Lawrence W. Andrea
>57 North Street, Suite 313
>Danbury, CT 06810
>203.743.6454

For the movant GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT:

>Andrew M. Schatz
>Jeffrey S. Nobel
>Patrick A. Klingman
>Schatz & Nobel
>330 Main Street
>Hartford, CT 06106-1817
>860.493.6292

For the movant LOCAL 338 RETIREMENT FUND, BOARD OF TRUSTEES:

>James E. Miller
>Shepherd, Finkelman, Miller & Shah
>One Lewis Street
>Hartford, CT 06103
>860.246.0600
>Facsimile: 860.246.0700

For the movants JAY PETER KAUFMAN REVOCABLE TRUST and DAN B. MADSEN:

>Elias A. Alexiades
>215 Church Street, 2nd Fl.
>New Haven, CT 06510
>203.777.4720
>Facsimile: 203.777.4722

For the defendant KPMG LLP (US):

>James H. Bicks
>Wiggin & Dana
>400 Atlantic St., 7th Fl.
>PO Box 110325
>Stamford, CT 06911-0325
>203.363.7600
>Facsimile 203-363-7676

>Joseph T. Baio
>Kelly M. Hnatt
>Michelle J. Nadel
>Willkie, Farr & Gallagher
>787 Seventh Ave.
>New York, NY 10019-6099
>212.728.8000
>Facsimile 212.728.8111

For the defendant KPMG LLP (Bermuda):

>Frederick S. Gold
>Shipman & Goodwin
>300 Atlantic St.
>Stamford, CT 06901-3522
>203.324.8100
>Facsimile (203)324-8199

For the defendant KPMG LLP (UK):

Steven David Ecker
Cowdery, Ecker & Murphy
750 Main St.
Hartford, CT 06103
860.278.5555
Facsimile 860.249.0012

                                                //ss//
                      James T. Shearin, Fed. Bar No. ct01326
                      Peter S. Olson, Fed. Bar No. ct16149

BPRT/68845.1/JTS/513888v1