UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                          Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD.,
XL CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                          Defendants.

3:02CV2133 (EBB)

June 21, 2004

------------------------------------------------------------x

**DEFENDANT KPMG BERMUDA'S OBJECTION TO
LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

        This objection is submitted by KPMG Bermuda in response to the Lead Plaintiffs' Motion for Leave to File Surreply in Further Opposition to the Motions to Dismiss Filed by Defendants KPMG Bermuda and KPMG USA.  For the reasons described below, KPMG Bermuda respectfully urges that the subject surreply be rejected and disregarded by the Court.

        1.     As plaintiffs admit, this Court does not permit a surreply except "when necessary to address genuinely new issues raised in the reply brief." Connecticut Bar Association, Federal Practice Section, Local Rules Committee, Chamber Practices: A Guide To The Practices Of U.S. District Court Judges and Magistrate Judges In Connecticut at 5

1

(2000) (emphasis added).  In fact, KPMG Bermuda raised no new issues in its reply brief.  That brief did nothing more than fairly respond to the arguments raised in plaintiffs' primary opposing brief.

2.  Indeed, there is no reason the arguments made in plaintiffs' surreply could not have been made in plaintiffs' primary opposing brief.  Significantly, in their surreply, plaintiffs do not even purport to cite to any newly-decided authorities.  It is ineluctable that the surreply is nothing but an attempt to have an additional – and redundant -- bite at the apple.  Such an attempt is precisely what the Court's foregoing rule is designed to prevent.

3.  There is nothing in plaintiffs' surreply argument concerning the accounting for embedded derivatives that could not have been raised in plaintiffs' opposition brief.  KPMG Bermuda argued in its motion to dismiss that the FASB did not take the position that FAS 133 applied to modified coinsurance agreements such as the Transamerica contract until April 2003, after the class period ended.  Moving Br. at 11.  Plaintiffs' surreply argument – that their allegation was not about modified coinsurance arrangements but convertible bonds – could have and should have been made in Plaintiffs' opposition brief.[1]

4.  Plaintiffs are also not entitled to another bite at the apple just because KPMG Bermuda cited to FASB Statement of Position 03-1 ("SOP 03-1") in its reply brief.  After KPMG Bermuda's motion to dismiss demonstrated how the Amended Complaint's

---

[1] In fact, plaintiffs have not even alleged that ANR held convertible bonds.  Rather, plaintiffs allege that ANR has entered into a modified coinsurance agreement that entitles it to a receivable that is supported by convertible bonds.  See Compl. ¶¶ 8, 56-58.  It was not until April 2003 that the FASB took the position that FAS 133 applied to such agreements.  See Moving Br. at 11.

2

extensive allegations regarding FAS 97 did not support a claim, plaintiffs' opposition argued more generally that a number of GAAP principles warranted the treatment plaintiffs urged. KPMG Bermuda merely cited to SOP 03-1 in its reply as additional support for its argument that ANR was not required to book a liability for minimum interest guarantees under any principle cited in the Amended Complaint. See Moving Br. at 11; Reply at 9.[2]

     5.    Finally, the surreply is especially unwarranted because it was filed three weeks after KPMG Bermuda submitted its reply brief in further support of its motion to dismiss. No reason is offered that would justify allowing plaintiffs to have such an impermissible – and untimely – final word. No such reason exists.

     6.    We respectfully ask instead that the surreply be rejected and disregarded by the Court.

---

[2] KPMG Bermuda cited a passage from the appendix to SOP 03-1 that describes the accounting principles that were in effect during the class period. By relying on the text of 03-1 in their surreply, plaintiffs repeat the same mistake they made with their embedded derivatives argument; they are relying on a change in accounting principles that did not take effect until December 15, 2003 – over a year after the class period ended.

WHEREFORE, Defendant KPMG Bermuda respectfully objects to Lead Plaintiffs' Motion for Leave to File Surreply, and asks that that motion be denied and that the surreply be in all respects rejected and disregarded by the Court, together with such other and further relief as the Court deems proper.

Respectfully submitted,

**DEFENDANT KPMG BERMUDA**

By: _____
Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Fed. Bar. No.: ct 25741
Paul A. Straus
Fed. Bar. No.: ct 25740
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

*Attorneys for KPMG BERMUDA*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via U.S. Mail, first-class, postage pre-paid on June 21, 2004, to the following counsel:

Andrew M. Schatz
Jeffrey S. Nobel
Patrick A. Klingman
SCHATZ & NOBEL
330 Main Street
Hartford, CT 06106-1817

Beth M. Kaswan
Ann Lipton
Peter E. Seidman
MILBERG WEISS BERSHAD HYNES & LERACH
One Pennsylvania Plaza
New York, NY 10119

James E. Miller
SHEPHERD FINKELMAN MILLER & SHAH, LLC
One Lewis Street
Hartford, CT 06103

Marc Edelson
HOFFMAN & EDELSON
45 West Court St.
Doylestown, PA 18901

Elias A. Alexiades
ATTORNEY ELIAS A. ALEXIADES
215 Church Street
New Haven, CT 06525

David R. Scott
Erin Green Comite
Karen M. Lesser
SCOTT + SCOTT, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Michael Malone
Paul Straus
Lisa Albert
KING & SPALDING
1185 Avenue of the Americas
New York, NY 10036-4003

Kelly M. Hnatt
Joseph T. Baio
Michelle J. Nadel
WILKIE, FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099

James H. Bicks
WIGGIN & DANA LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06901

John W. Cannavino
Karen L. Allison
CUMMINGS & LOCKWOOD, LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902

James F. Stapleton
Kenneth W. Ritt
Terence J. Gallagher, III.
DAY, BERRY & HOWARD, LLP
One Canterury Green
Stamford, CT 06901

Thorn Rosenthal
Tammy Roy
CAHILL GORDON & REINDEL, LLP
80 Pine Street
New York, NY 10005-1702

Peter S. Olson
James T. Shearin
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

John J. Robinson
McCARTER & ENGLISH, LLP
City Place I
185 Asylum Street, 36th Floor
Hartford, CT 06103

Lawrence W. Andrea
LAW OFFICES OF LAWRENCE W. ANDREA
57 North Street, Suite 313
Danbury, Ct 06810

Gary R. Battistoni
Stuart A. Law
Edward M. Posner
DRINKER BIDDLE & REATH
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

R. Nicholas Gimbel
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Francis S. Chlapowski
Randi B. Pincus
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue, 44th Floor
New York, NY 10178

John R. Horvack, Jr.
James K. Robertson, Jr.
CARMODY & TORRANCE
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

                                                  Morgan P. Rueckert

107831