# EXHIBIT F

Reporting and Disclosure Issues - October 2003 Page 1 of 72
Case 3:02-cv-02133-EBB    Document 162-5    Filed 06/22/2004    Page 2 of 19
Page 2 of 72

Home | Previous Page



## U.S. Securities and Exchange Commission

# International Reporting and Disclosure Issues
# In the Division of Corporation Finance

October 1, 2003

> The Securities and Exchange Commission, as a matter of policy, disclaims responsibility for any private publication or statement of any of its employees. This outline was prepared by members of the staff of the Division of Corporation Finance, and does not necessarily reflect the views of the Commission, the Commissioners, or other members of the staff.

## Table of Contents

**I. Overview of Disclosure Rules Applicable To Foreign Issuers**

**II. Recent Commission Actions and Other Topical Information**

   A. Mandatory EDGAR for Foreign Private Issuers 22

   B. Issues Related to Other Recently Adopted Rules and Releases

**III. Adoption of International Disclosure Rules**

   A. General

   B. Age of Financial Statements

   C. Audit Report Reference to Compliance with US GAAS

   D. Other Issues Associated with the New Form 20-F

**IV. Staff Processing and Review of Filings**

   A. Matters of Interest to Initial Filers

   B. Draft Submissions

   C. Quality of Audits and Reconciliations to US GAAP

**V. Audit Reports and Independent Auditors**

   A. Restrictions on Use of Audit Report

   B. Audit Opinion Qualifications

C. Other Changes in Basis of Presenting the Financial Statements

D. Pro Forma Information that Departs from Article 11 of Regulation S-X

E. Disclosure in Specialized Industries

F. Disclosure about New Accounting Rules

G. Management Discussion and Analysis

H. Regulation M-A - Merger and Acquisitions

I. Financial Statements for Subsidiary Issuers and Guarantors

J. Financial Statements under Rule 3-05 where the Business Combination is a Pooling of Interests under Home Country GAAP

**X. Reporting in Highly Inflationary Economies**

A. Price-Level Adjusted Financial Statements

B. Determining whether an Economy is Highly Inflationary for FASB Statement 52

C. Other Reporting Questions

**XI. Privatizations of Government-Owned Enterprises**

A. Predecessor Financial Statements

B. Selected Financial Data

C. Fixed Asset Valuations

D. Restructuring Activities

E. Issuances of Government-owned Shares to Employees

F. Oil & Gas Properties

**XII. Domestic Issuers With Acquired Foreign Businesses**

A. Rule 3-05 and 3-09 Reconciliation Requirements

## I. Overview of Disclosure Rules Applicable To Foreign Issuers

Over the last ten years, the number of foreign companies accessing the U.S. public markets has increased dramatically. Since 1997, over 600 foreign companies have registered securities with the SEC for the first time. As of December 31, 2002, there were over 1,300 foreign companies from

was adopted is included in the filing.

## B. Draft Submissions

Staff Willingness to Review Draft Submissions

The SEC's review of filings by public companies is generally transparent to the public and usually involves the public filing of amendments to remedy disclosure deficiencies identified by staff reviewers. The SEC staff recognizes that a foreign registrant often has special concerns about that transparency. This is particularly true when a foreign registrant's securities trade publicly in its home market, and the company will be making new and different disclosure as a result of its registration with the SEC. To address these concerns, the SEC staff often reviews and screens draft submissions of foreign registrants on a non-public basis. In 2001, however, the staff revised its practice in this area. The staff generally will continue to accept draft submissions in connection with an issuer's initial registration with the SEC. Except in unusual circumstances, however, once a foreign issuer has registered a transaction under the Securities Act or a class of securities under the Exchange Act, the staff will no longer accept from that issuer additional draft submissions and will not review or screen a registration statement until it is publicly filed. The timing and scope of staff review of these draft registration statements is generally the same as for publicly filed registration statements. Foreign companies are encouraged to contact the Office of International Corporate Finance (202-942-2990) to discuss the availability of any relief or accommodation early in the planning stages of a transaction or listing.

Completeness of Draft Submission

The time period required for the staff to review, comment on, and ultimately declare effective a registration statement depends upon the completeness of the draft registration statement and degree of compliance with the disclosure requirements. Draft registration statements must be complete in all material respects at the time of first submission, unless special arrangements have been agreed in advance with the Office of International Corporation Finance. Common examples of incompleteness include missing or partial US GAAP reconciliations, missing or partial US GAAP disclosure under Item 18, missing annual or interim periods, missing Industry Guide data, and missing financial statements of acquirees and investees. The staff will defer the review of an incomplete or deficient draft registration statement.

Audit Reports in Draft Submissions

The staff will expect the auditor's report to be signed and dated at the time the draft registration statement is first submitted, unless special arrangements have been agreed in advance with the Office of International Corporation Finance.

## C. Quality of Audits and Reconciliations to US GAAP

Prior to Registration with the PCAOB

Accounting firms that routinely audit financial statements that are prepared in accordance with US GAAP and filed with the Commission can be expected to be most knowledgeable about current US accounting practices and interpretations. Because of the importance of the reconciliation to US GAAP in filings with the Commission, registrants and their accountants should assure that appropriate competence is brought to that disclosure before materials are filed or submitted.

Most accountants that practice before the Commission were members of the SEC Practice Section (SECPS) of the American Institute of Certified Public Accountants. Effective January 1, 2000, SECPS members had to seek the adoption of policies and procedures by their foreign associated firms whose audit reports are included in SEC filings that were consistent with SECPS objectives for audits of SEC registrants. The SECPS member reported to the AICPA the name and country of any foreign associated firms that demonstrated compliance with that objective. The foreign associated firm would be subject to scrutiny as part of the peer review process for the SECPS member firm. The rules also established minimum requirements for the review of SEC filings and confidential submissions by a designated "filing reviewer" within the US firm or international organization knowledgeable about US GAAP, US GAAS, US auditor independence and SEC reporting requirements.

The filing reviewer requirement in the SECPS rules is modeled on policies and procedures already in place at many firms. To complement those procedures, the staff has adopted certain practices upon receipt of draft submissions from foreign registrants audited by foreign associated firms. Prior to commencing review, the staff requests written confirmation that the SECPS member firm's review procedures were applied to the submission. We also request the name of the designated filing reviewer that the staff may contact with any questions concerning the application of those policies and procedures to the draft submission. The staff's procedure is not intended to specify or alter the nature or scope of a firm's policies or procedures, nor to specify or alter how a firm selects its filing reviewers. The purpose of the procedure is to ensure that foreign associated firms appropriately involve their designated filing reviewer prior to submission of draft registration statements. The staff will consider deferring the review of a draft submission where the application of the firm's policies and procedures to that submission cannot be confirmed.

SEC rules do not require an auditor to be a member of the SECPS. A foreign auditor that is not a member or affiliate of a SECPS member firm may practice before the SEC, provided that the auditor meets all requirements of Article 2 of Regulation S-X and demonstrates sufficient knowledge and experience in applying US GAAP, US GAAS, SEC financial reporting rules, and SEC independence requirements. An auditor seeking to practice before the SEC for the first time is expected to demonstrate its knowledge and experience before its audit reports are included in SEC filings. The Office of the Chief Accountant may request supplemental information from a foreign auditor to ascertain that the foreign auditor has the necessary knowledge and experience.

Registration with the PCAOB

Foreign audit firms whose audit reports are included in SEC filings are

required to be registered with the PCAOB by April 19, 2004. The PCAOB has proposed that the deadline for registration be extended to July 19, 2004. Under Section 102 of the Sarbanes-Oxley Act of 2002, it will be unlawful, after the registration deadline, for any audit firm that is not registered to prepare, issue, or participate in the preparation or issuance of any audit report with respect to any issuer.

In late 2003, the activities of the SECPS were discontinued. However, the SECPS membership requirements described above regarding quality control policies and procedures and reviews of SEC filings by designated filing reviewers were adopted by the PCAOB in April 2003 as part of its interim establishment of auditing, attestation, quality control, ethics, and independence standards. The interim quality control standards are contained in Rule 3400T, available in PCAOB Release No. 2003-006 on the PCAOB website at www.pcaobus.org.

## V. Audit Reports and Independent Auditors

### A. Restrictions on Use of Audit Report

An audit report that contains language restricting the use of the report is not acceptable in SEC filings.
In 2002 the Supreme Court of Scotland issued a ruling in *Royal Bank of Scotland v. Bannerman Johnston MacLay and Others* (the Bannerman case) regarding the auditor's duty of care to third parties. In response to the ruling, the Institute of Chartered Accountants in England and Wales (ICAE&W) issued a technical release in January 2003 entitled *The Audit Report and Auditors' Duty of Care to Third Parties*. The release recommended that auditors provide specific language regarding a disclaimer of responsibility in their report and suggested the following wording:

> This report is made solely to the company's members, as a body, in accordance with Section 235 of the Companies Act 1985. Our audit work has been undertaken so that we might state to the company's members those matters we are required to state to them in an auditor's report and for no other purpose. To the fullest extent permitted by law, we do not accept or assume responsibility to anyone other than the company and the company's members as a body, for our audit work, for this report, or for the opinions we have formed.

Further information regarding the Bannerman case may be found in the November 25, 2002 Highlights of the AICPA International Practices Task Force at www.aicpa.org/belt/sec-hl.htm. In a letter to the ICAE&W dated February 28, 2003, the staff stated that an audit report that contains language restricting the use of the report is not acceptable in SEC filings. The staff's letter may be found on the SEC website at www.sec.gov/info/accountants/staffletters/icaew022803.htm.

### B. Audit Opinion Qualifications

General

# EXHIBIT G

# SCHULTE ROTH & ZABEL LLP

919 Third Avenue
New York, NY 10022
(212) 756-2000
fax (212) 593-5955

*www.srz.com*

Martin L. Perschetz
(212) 756-2247

E-mail
martin.perschetz@srz.com

March 12, 2004

**BY HAND DELIVERY**

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

MEMO ENDORSED

Re: SEC v. KPMG, et al., 03 CIV 671 (DLC)

Dear Judge Cote:

We represent Ronald A. Safran in the above-captioned matter. We have conferred with counsel for the other individual defendants and also write on their behalf with respect to the motion filed on February 27, 2004 by the Securities and Exchange Commission ("SEC"). The SEC seeks an evidentiary ruling that: (1) the member firms of KPMG International that assisted KPMG LLP ("KPMG") on the worldwide audit of the Xerox Corporation be deemed agents of KPMG for the purposes of Federal Rule of Evidence 801(d)(2)(D); and (2) the testimony provided by employees of the member firms while still retained on the audit and the documents generated during the audit are party admissions by KPMG pursuant to Federal Rule of Evidence 801(d)(2)(D).

The SEC does not seek any ruling with respect to Mr. Safran or any of the other individual defendants, and KPMG is briefing the issues with respect to the relief sought against KPMG. However, while stating that it is only seeking a ruling against KPMG at this time, the SEC also indicates in footnote 2 of its brief its view that "the strict hierarchical structure of a KPMG audit augurs for admission over hearsay objections of affiliate documents and testimony against individual defendants, at least for the years in which they supervised Xerox audits[.]" Counsel for the individual defendants disagree with this view and will provide briefing to the Court on the issue if and when the SEC makes a motion with respect to the individual defendants

Hon. Denise L. Cote
Mar. 12, 2004
Page 2

...connection with the SEC's current motion if the Court wishes the SEC to brief the issue
... individual defendants to respond.

                                         Respectfully submitted,

                                         Martin L. Perschetz

All Defense Counsel (by fax)
Mr. Robert B. Blackburn, Esq. (by fax)
Mr. James A. Kidney, Esq. (by fax)

*[Handwritten note:]* If the individual defendants wish their arguments considered, they should submit their briefs by March 19. Reply is adjourned to March 26.

*[Signed]* Denise Cote
March 15, 2004

*[Stamp: U.S. DISTRICT COURT FILED MAR 15 2004 S.D. OF N.Y.]*

SENT TO:

Perschetz
Roth & Zabel LLP
ard Avenue
rk, NY 10022

IMMEDIATELY SEND COPIES TO ALL COUNSEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

-v-

KPMG LLP, et al.,

                    Defendants.
--------------------------------------------------------------x

Civ. No. 03 CV 0671 (DLC)

**STIPULATION No. 1**

IT IS HEREBY STIPULATED AND AGREED:

A.    With respect to statements authored by non-party KPMG International member firm personnel in connection with KPMG's audits of Xerox Corporation's consolidated financial statements, or timely quarterly reviews of Xerox Corporation's quarterly consolidated financial statements, contained in documents that were produced in the above-captioned <u>SEC v. KPMG</u> action, or the SEC's <u>Xerox</u> investigation, from the files of KPMG International member firms, whether or not copies of such documents were contained in the files of defendant KPMG LLP ("KPMG"):

    1.    KPMG will not object to statements of non-party foreign firm member personnel contained in said documents on the ground that they were made by non-party foreign member firm personnel and are therefore hearsay.

    2.    Defendant Michael Conway will not object to statements of non-party member firm personnel contained in documents created in

connection with KPMG's audit of the Xerox Corporation's consolidated financial statements for the fiscal year ended December 31, 2000, or KPMG's timely reviews of the Xerox Corporation's quarterly consolidated financial statements issued during 2000, on the ground that the statements were made by non-party foreign member firm personnel and are therefore hearsay.

3. Defendant Ronald Safran will not object to statements of non-party foreign firm personnel contained in documents created in connection with KPMG's audits of the Xerox Corporation's consolidated financial statements for the fiscal years ended December 31, 1998 and December 31, 1999, or KPMG's timely reviews of the Xerox Corporation's quarterly consolidated financial statements issued during 1998 and 1999, on the ground that the statements were made by non-party foreign member firm personnel and are therefore hearsay.

4. Defendant Anthony Dolanski will not object to statements of non-party foreign member firm personnel contained in documents created in connection with KPMG's audit of the Xerox Corporation's consolidated financial statements for the fiscal year ended December 31, 1997, or KPMG's timely reviews of the Xerox Corporation's quarterly consolidated financial statements issued during 1997, on the ground that the statements were made by non-party foreign member firm personnel and are therefore hearsay.

5. Documents containing such statements shall be deemed authentic, absent substantial evidence that any particular document is not.

6. Defendants KPMG, Conway, Safran and Dolanski reserve the right to object to the admissibility of the aforesaid statements or documents on any other grounds.

B. With respect to the investigative testimony taken during the SEC's Xerox investigation of John Diggins on July 19 and 20, 2001 and Jose M. Matos Nicolau on August 29, 30 and 31, 2001, all defendants agree that the SEC may use that testimony as if it had been taken in the above-captioned action, in lieu of the SEC taking the depositions of Messrs. Diggins and Matos in this action. Any objections to admissibility of the transcripts due to defendants' absence at the testimony and inability to cross-examine, including objections pursuant to Federal Rule of Evidence 804(b)(1) and objections to the form of questions, are hereby waived by defendants. All other objections to the use of that testimony are reserved and not waived.

C. Plaintiff Securities and Exchange Commission, in exchange for defendants' agreements set forth above, hereby withdraws its Motion for an Evidentiary Ruling that the Foreign Affiliates of Defendant KPMG LLP are Agents for Purposes of FRE 801 (d)(2)(D).

Dated: ~~March~~, 2004

SO ORDERED:

_____
Denise L. Cote
United States District Judge

April 1, 2004

_/s/ James A. Kidney_
James A. Kidney (JK-5830)
**Securities and Exchange Commission**
450 Fifth St., N.W.
Stop 9-11
Washington, D.C. 20549-0911
(202) 942-4797 (Kidney)
(202) 942-9581 (Fax)
kidneyj@sec.gov

_/s/ George A. Salter_
W. Sidney Davis (WD 9589)
George A. Salter (GS 4920)
**Hogan & Hartson LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

Tai Park
Tammy Bieber
**Shearman & Sterling L.L.P.**
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

Attorneys for Defendant KPMG LLP

Samuel J. Winer
**Foley & Lardner**
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
(202) 672-5300

Attorneys for Joseph Boyle

Gary Bendinger
**Bendinger, Crockett, Peterson & Casey P.C.**
170 Main Street, Suite 400
Salt Lake City, UT 84101
(801) 531-8383

Attorneys for Michael Conway



... A. Kidney (JK-5830)
**Securities and Exchange Commission**
... Fifth St., N.W.
... 9-11
Washington, D.C. 20549-0911
(202) 942-4797 (Kidney)
(202) 942-9581 (Fax)
kidneyj@sec.gov

W. Sidney Davis (WD 9589)
George A. Salter (GS 4920)
**Hogan & Hartson LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

Tai Park
Tammy Bieber
**Shearman & Sterling L.L.P.**
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

Attorneys for Defendant KPMG LLP

_[signature]_

Samuel J. Winer
**Foley & Lardner**
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
(202) 672-5300

Attorneys for Joseph Boyle


Gary Bendinger
**Bendinger, Crockett, Peterson & Casey P.C.**
170 Main Street, Suite 400
Salt Lake City, UT 84101
(801) 531-8383

Attorneys for Michael Conway

| | |
|---|---|
| ......ney (JK-5830)<br>......and **Exchange Commission**<br>........ N.W.<br><br>............ D.C. 20549-0911<br>..... ...- ...97 (Kidney)<br>..... ...- ...81 (Fax)<br>.........@sec.gov | W. Sidney Davis (WD 9589)<br>George A. Salter (GS 4920)<br>**Hogan & Hartson LLP**<br>875 Third Avenue<br>New York, New York 10022<br>(212) 918-3000<br><br>Tai Park<br>Tammy Bieber<br>**Shearman & Sterling L.L.P.**<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 848-4000<br><br>Attorneys for Defendant KPMG LLP<br><br>_____<br>Samuel J. Winer<br>**Foley & Lardner**<br>3000 K Street, N.W., Suite 500<br>Washington, D.C. 20007<br>(202) 672-5300<br><br>Attorneys for Joseph Boyle<br><br>_/s/ Gary Bendinger_____<br>Gary Bendinger<br>**Bendinger, Crockett, Peterson &<br>    Casey P.C.**<br>170 Main Street, Suite 400<br>Salt Lake City, UT 84101<br>(801) 531-8383<br><br>Attorneys for Michael Conway |

4

*[signature]*

Scott B. Schreiber
**Arnold & Porter**
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

Attorneys for Anthony Dolanski

---

Martin L. Perschetz
**Schulte Roth & Zabel LLP**
919 Third Avenue
New York, NY 10022-3398
(212) 756-2000

Attorneys for Ronald Safran

---

Frank H. Wohl
**Lankler Siffert & Wohl LLP**
500 Fifth Avenue, 33rd floor
New York, NY 10010
(212) 921-8399

Attorneys for Thomas Yoho

Scott B. Schreiber
**Arnold & Porter**
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

Attorneys for Anthony Dolanski

_/s/ Martin L. Perschetz_
Martin L. Perschetz
**Schulte Roth & Zabel LLP**
919 Third Avenue
New York, NY 10022-3398
(212) 756-2000

Attorneys for Ronald Safran

Frank H. Wohl
**Lankler Siffert & Wohl LLP**
500 Fifth Avenue, 33rd floor
New York, NY 10010
(212) 921-8399

Attorneys for Thomas Yoho

\\\\NY - 81416/0041 - 832566 v1