## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRY SCHNALL, Individually and on Behalf of All Others Similarly Situated, | : : : | Case No. |
| Plaintiff, | : : | 02CV2133 (GLG) |
| -against- | : : | June 21, 2004 |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL O. ESPOSITO JR. | : : : : : : : | |
| Defendants. | : : | |

### OPPOSITION OF DEFENDANT KPMG LLP (U.S.)
### TO LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

WIGGIN & DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000

Attorneys for Defendant KPMG LLP (U.S.)

**OPPOSITION OF DEFENDANT KPMG LLP (U.S.)**
**TO LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

KPMG LLP (hereinafter "KPMG U.S.") respectfully submits this opposition to plaintiffs' motion for leave to file a surreply.[1]

Plaintiffs claim that they need to file a surreply because of supposed new arguments made in defendants' reply briefs in support of their motions to dismiss. In particular, plaintiffs argue as against KPMG U.S. (i) that it responds to "the allegation that KPMG Bermuda was permitted to practice before the SEC because of its affiliation with KPMG USA . . . for the first time in its Reply," and (ii) that "KPMG USA also argues that 'as a matter of law' . . . it must be deemed to have no control over its foreign affiliates."[2] Plaintiffs' Memorandum in Further Opposition to the Motions to Dismiss ("Proposed Surreply") at 6, 8.

The Court should deny plaintiffs' motion as unnecessary for a number of reasons.

First, plaintiffs are wrong that KPMG U.S. raised any "new" arguments. Rather, KPMG U.S.'s reply properly supplemented its arguments in its original motion to dismiss, or appropriately responded to arguments in plaintiffs' opposition - - nothing more. For example, plaintiffs claim that KPMG U.S. responded to plaintiffs' allegations as to "control person" liability for the first time in its reply brief. *Id.* at 6. In fact, KPMG U.S.'s opening brief clearly argued that plaintiffs' allegations of "control person" liability were legally deficient. *See* Open. Br. at 18-22; *see also* Connecticut Bar Association, Federal Practice Section, Local Rules Committee, *Chamber Practices: A Guide To The Practices Of U.S. District Court Judges and*

---

[1]   Terms and citations are the same as defined in KPMG U.S.'s opening brief and reply brief.

[2]   KPMG Bermuda is responding to the arguments made against it in a separate brief. This further demonstrates why plaintiffs should not have been allowed to file a joint brief in opposition to KPMG U.S.'s and KPMG Bermuda's motions to dismiss. Plaintiffs' argument that it was more efficient has clearly proved wrong.

*Magistrate Judges In Connecticut* at 5 (2000) (surreply not permitted except "when necessary to address genuinely new issues raised in the reply brief.").[3]

Second, plaintiffs incorrectly describe KPMG U.S.'s "control person" argument as a new "factual challenge" to the allegations of the amended complaint. Specifically, plaintiffs argue that KPMG U.S. raised a "new" factual issue when it discussed KPMG U.S.'s membership in the American Institute of Certified Public Accountants ("AICPA") SEC Practice Section in its reply.

In reality, KPMG U.S. has merely shown that the terms of that Section's Practice Manual (Appendix K) make clear that KPMG U.S.'s membership in the Section does not, as a matter of law, establish control person liability over KPMG Bermuda. *See* KPMG U.S. Reply Br. at 13, fn 11. As plaintiffs pleaded in their amended complaint (Am. Cplt. ¶ 25) and argued in their opposition (Opp. Br. at 49) that KPMG U.S.' membership in the AICPA Practice Section had legal significance - - i.e., it somehow made it a "control person" of KPMG Bermuda - - KPMG U.S. has simply shown that its legal significance was nothing of the kind.

Plaintiffs' belated response that the Manual's terms are somehow self-serving, and that it "lacks the force of federal rule or regulation in interpreting the legal standard of 'control' under the federal securities laws" (Proposed Surreply at 6), is too little, too late. Again, it is *plaintiffs* who alleged in their complaint that the membership of KPMG U.S. in the AICPA Practice Section purportedly "qualified" KPMG Bermuda to audit the financial statements of public companies, (Am. Cplt. ¶ 25), and therefore somehow establishes that KPMG U.S. had

---

[3]    KPMG U.S. referred to the American Institute of Certified Public Accountants SEC Practice Manual (Appendix K) in its reply brief because plaintiffs argued in their opposition brief that "KPMG USA used its membership in the AICPA Practice Section to obtain permission for KPMG Bermuda to audit the financial statements of public companies." Opp. Br. at 49.

"control" over KPMG Bermuda. In sum, it was entirely appropriate for KPMG U.S. to refer to the Manual in its reply because plaintiffs have incorporated it by reference in their allegations and argued that it has legal significance. *See* Open. Br. at 5, fn 4.

As to the Manual language plaintiffs now cite, describing policies and procedures firms generally should have in order to provide assistance to foreign firms, the Manual nowhere indicates, as plaintiffs claim, that this somehow makes KPMG U.S. a purported "control person" of KPMG Bermuda within the meaning of Section 20(a).[4] Indeed, the language is to the contrary, as KPMG U.S.'s reply established.

Finally, plaintiffs' proposed surreply should be rejected for the additional reason that it is plaintiffs themselves who attempt to raise a new argument: that is, "whether the foreign affiliates of KPMG USA may be deemed to be agents or joint actors of KPMG USA . . . ." Proposed Surreply at 8. Specifically, plaintiffs cite to certain documents filed in a completely unrelated action, *Securities & Exchange Commission v. KPMG LLP, et al.*, No. 03 CV 0671 (DLC) (S.D.N.Y. filed Jan. 29, 2003).

First, while plaintiffs' opposition brief was filed on April 28, 2004, the supposedly "new authorities" to which they now cite are dated March 12, 2004 (letter to Judge Cote) and April 1, 2004 (Stipulation). *See* Proposed Surreply , Exhibit G. Plaintiffs easily could have introduced these documents and their position in their opposition brief. For that reason alone, the Court should not consider this new argument.

---

[4] Furthermore, plaintiffs' new citation to some document prepared by "Accounting Staff Members" of the SEC is to no effect. *See* Proposed Surreply, Exhibit E. First, the document specifically indicates that it does not necessarily reflect the views of the SEC (Exh. E, first page), and, accordingly, is of no legal authority; and second, it in fact indicates that the SEC rules do not require an auditor to be a member or affiliate of a SECPS member to practice before the SEC (Exh. E, last page).

Second, even if the Court does review those materials, it is clear that they have no bearing on the issue of whether KPMG U.S. was a "control person" over KPMG Bermuda, within the meaning of Section 20(a), in connection with the ANR financial statement audits.  In *Securities & Exchange Commission v. KPMG LLP, et al.*, KPMG U.S. was the principal auditor and issued the subject audit reports.  In this case, of course, the situation is the opposite; KPMG Bermuda was the principal auditor and issued the subject audit reports.[5]  Second, the issue presented was not just different factually, but legally as well.  In *Securities & Exchange Commission v. KPMG LLP, et al.*, the SEC argued that other member firms of KPMG International were agents of KPMG U.S., and their statements were therefore admissible under Fed. Rule of Evidence 801(d)(2)(1).  There was no "control person" liability question presented, argued, or addressed.

---

[5]    Indeed, plaintiffs' argument is illogical.  Assuming plaintiffs are correct (which they are not) that KPMG U.S. was an "agent" of KPMG Bermuda, by definition an "agent" does not have "control" over its principal.

**CONCLUSION**

For the reasons set forth above, defendant KPMG LLP (United States) respectfully requests that the Court deny plaintiffs' motion for leave to file a surreply, and dismiss the claims against KPMG LLP (United States).

Dated: June 21, 2004

Respectfully submitted,

WIGGIN & DANA LLP

By: _James H. Bicks (ct 04729)_
400 Atlantic Street
Stamford, CT 06901
Tel: (203) 363-7600
Fax: (203) 363-7676

WILLKIE FARR & GALLAGHER LLP
Kelly M. Hnatt (ct 25374)
Michelle J. Nadel (ct 25473)
787 Seventh Avenue
New York, New York 10019-6099
Tel: (212) 728-8000
Fax: (212) 728-8111

Attorneys for Defendant KPMG LLP (U.S.)

2574336.7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Extension of Time of KPMG

LLP (United States) and KPMG LLP (Bermuda) was sent, via first class mail, on this 29th day of

April, 2004 to:

David Randall Scott, Esq.
Karen M. Leser, Esq.
Erin Green Comite, Esq.
Scott & Scott LLC
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415

Beth Kaswan, Esq.
Ann M. Lipton, Esq.
Peter E. Seidman, Esq.
Milberg, Weiss, Bershad, Hynes &
Lerach LLP
One Pennsylvania Plaza
New York, NY 10019

Elias A. Alexiades, Esq.
215 Church Street, 2nd Floor
New Haven, CT 06510

Karen L. Allison, Esq.
John W. Cannavino. Esq.
Cummings & Lockwood
Four Stamford Plaza
107 Elm St. PO Box 120
Stamford, CT 06904-0120

Lawrence William Andrea, Esq.
57 North Street, Suite 313
Danbury, CT 06810

Gary R. Battistoni, Esq.
Stuart A. Law, Esq.
Edward M. Posner, Esq.
Drinker, Biddle & Reath
One Logan Sq.
18th & Cherry Sts.
Philadelphia, PA 19103-6996

Terence J. Gallagher, III, Esq.
Kenneth W. Ritt, Esq.
James F. Stapleton, Esq.
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

John R. Horvack, Jr., Esq.
Carmody & Torrance
50 Leavenworth St., Po Box 1110
Waterbury, CT 06721-1110

Patrick A. Klingman, Esq.
Jeffrey S. Nobel, Esq.
Andrew M. Schatz, Esq.
Schatz & Nobel
330 Main Street
2nd Floor
Hartford, CT 06106-1817

James E. Miller, Esq.
Shepherd Finkelman Miller & Shah
One Lewis St.
Hartford, CT 06103

Peter S. Olson, Esq.
James T. Shearin, Esq.
Pullman & Comley
850 Main St., Po Box 7006
Bridgeport, CT 06601-7006

John J. Robinson, Esq.
McCarter & English
Cityplace I
185 Asylum St.
36th Fl.
Hartford, CT 06103-3495

Thorn Rosenthal, Esq.
Tammy Roy, Esq.
Cahill, Gordon & Reindel
80 Pine St.
New York, NY 10005

Michael S. Sheehy