UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) ) | **Civil Action No 02 CV 2133 (EBB)** |
| **ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## STIPULATION AND AGREEMENT OF PARTIAL SETTLEMENT

This Stipulation and Agreement of Partial Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiffs Communications Workers of America and Midstream Investments Ltd. on behalf of themselves and the Class (as hereinafter defined) and Defendants Annuity and Life Re (Holdings), Ltd. ("ANR"), XL Capital, Ltd. ("XL Capital"), and Lawrence S. Doyle ("Doyle"), Frederick S. Hammer ("Hammer"), John F. Burke ("Burke"), William W. Atkin ("Atkin"), Brian O'Hara ("O'Hara"), and Michael P. Esposito ("Esposito") (Doyle, Hammer, Burke, Atkin, O'Hara, and Esposito are collectively referred to as the "Individual Defendants") (ANR, XL Capital, and the Individual Defendants are collectively referred to as the "Settling Defendants"), by and through their respective counsel. This settlement does not settle or release any claims of Lead Plaintiffs and the Class against KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG"). The Settling Defendants and KPMG are collectively referred to hereinafter as the "Defendants."

WHEREAS:

A.    Beginning on December 4, 2002, nine class actions alleging violations of federal securities laws – <u>Schnall v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 02-CV-02133 (GLG); <u>Feldbaum v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 02-CV-02223 (GLG); <u>Nadoff v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 02-CV-02224 (GLG); <u>Bernard v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 03-CV-00043 (DJS); <u>Madsen v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 02-CV-02269 (GLG); <u>Bird v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 02-CV-02210 (RNC); <u>Hertzl v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 02-CV-02211 (GLG);  <u>Huff v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 03-CV-00022 (SRU); and <u>Lassoff v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 03-CV-00211 (SRU) – were filed in this Court and were subsequently consolidated under the above caption, and are hereinafter referred to as the "Action."  The Court appointed Communications Workers of America and Midstream Investments Ltd. as the Lead Plaintiffs and appointed Scott + Scott, LLC and Milberg Weiss Bershad Hynes & Lerach LLP (now known as Milberg Weiss Bershad & Schulman LLP) as Co-Lead Counsel;

B.    The Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws dated July 11, 2003 (the "Complaint") filed in the Action generally alleges, among other things, that Defendants issued false and misleading press releases and other statements regarding ANR's financial condition during the Class Period — March 15, 2000 through and including November 19, 2002 — in a scheme to artificially inflate the value of ANR's securities;

C.     The Complaint further alleges that Lead Plaintiffs and other Class Members purchased the common stock of ANR during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements regarding ANR in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder;

D.     On September 30 , 2003, ANR filed its answer to the Complaint, denying any liability to Lead Plaintiffs and the Class;

E.     On October 3, 2003, Individual Defendants Burke, Hammer, and Atkin each filed a separate motion to dismiss the Complaint.  In addition, XL Capital and Individual Defendants O'Hara and Esposito (the "XL Capital Defendants") together filed a motion to dismiss on October 3, 2003;

F.     On October 23, 2003, Lead Plaintiffs filed a separate action, Civil Action No. 03-CV-1826, (the "KPMG Action") with a separate complaint against KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  On January 2, 2004, the Court granted Lead Plaintiffs' motion to consolidate the KPMG Action with the Action, without prejudice to Defendants' rights to request a separate trial at a later and more appropriate phase of the litigation.  This Settlement with the Settling Defendants does not settle any claims against KPMG or its partners, principals, employees, agents and affiliates, none of whom or which shall be released from any claims of the Lead Plaintiffs or the Class under this Settlement;

G.     On October 24, 2003, Doyle filed his answer to the Complaint, denying any liability to Lead Plaintiffs and the Class;

H.     Lead Plaintiffs sought and received permission from the Court to file a consolidated response to the motions to dismiss filed by Burke, by Hammer, and by the XL Capital Defendants.  As Atkin's motion to dismiss was the only one to make substantially different arguments for dismissal, Lead Plaintiffs filed a separate response to Atkin's motion to dismiss.  On November 19, 2003, Lead Plaintiffs filed these opposition papers to the motions to dismiss;

I.     Atkin filed his reply to Lead Plaintiffs' opposition on December 4, 2003.  On December 13, 2003, the Court denied Atkin's motion to dismiss without prejudice.  On January 26, 2004, Atkin filed a renewed motion to dismiss.  On March 16, 2004, Lead Plaintiffs filed their opposition to Atkin's renewed motion to dismiss.  Atkin filed his response on April 1, 2004.  On April 15, 2004, Lead Plaintiffs sought and received permission from the Court to file a surreply to Atkin's renewed motion to dismiss.  On April 19, 2004, Atkin filed a reply to the surreply;

J.     The XL Capital Defendants filed their reply to Lead Plaintiffs' opposition on December 18, 2003.  On March 9, 2004, the Court denied the XL Capital Defendants' motion to dismiss.  On April 8, 2004, the XL Capital Defendants filed their answer and cross-claim to the Complaint.  The XL Capital Defendants denied any liability to Lead Plaintiffs and the Class;

K.     Hammer filed his reply to Lead Plaintiffs' opposition on December 22, 2003.  On February 4, 2004, the Court denied Hammer's motion to dismiss.  On February 24, 2004, Hammer filed his answer to the Complaint, denying any liability to Lead Plaintiffs and the Class;

L.     Burke filed his reply to Lead Plaintiffs' opposition on December 22, 2003.  On February 26, 2004, the Court denied Burke's motion to dismiss.  On April 8, 2004, Burke filed his answer to the Complaint, denying any liability to Lead Plaintiffs and the Class;

M.     The Settling Defendants deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Settling Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Defendants have asserted.  The parties to this Stipulation recognize, however, that the litigation has been filed by Plaintiffs and defended by the Settling Defendants in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable. This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Action;

N.     Plaintiffs' Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint.  Plaintiffs' Counsel have analyzed the evidence produced by ANR, including with respect to its litigated arbitration proceeding against Transamerica Occidental Life Insurance Co., and have researched the applicable law with respect to the claims of Lead Plaintiffs and the Class against the Settling Defendants and the potential defenses thereto;

O.     With the assistance of retired United States District Judge Nicholas H. Politan acting as a special mediator, Lead Plaintiffs, by their counsel, have conducted discussions and arm's length negotiations with counsel for certain Settling Defendants with respect to a compromise and settlement of the Action as against the Settling Defendants with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class; and

P.    Based upon their investigation and review as set forth above, Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the members of the Class will receive from settlement of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by the Settling Defendants, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) and all Settled Defendants' Claims (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the following meanings:

(a)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(b)    "Claims Administrator" means the firm of The Garden City Group, Inc., which shall administer the Settlement.

6

(c)     "Class" and "Class Members" mean, for the purposes of this Settlement

only, all persons who purchased the common stock of Annuity and Life Re (Holdings), Ltd.

("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and

were damaged thereby. Excluded from the Class are the Settling Defendants, the officers and

directors of ANR and XL Capital at all relevant times, members of their immediate families and

their legal representatives, heirs, successors or assigns, and any entity in which Defendants have

or had a controlling interest. For purposes of this Settlement, the term "controlling interest" shall

include any interest of 10% or more of the common stock of any entity. Also excluded from the

Class are any putative Class Members who exclude themselves by filing a request for exclusion

in accordance with the requirements set forth in the Notice.

(d)     "Class Period" means, for the purposes of this Settlement only, the period

of time between March 15, 2000 and November 19, 2002, inclusive.

(e)     "Defendants" means the Settling Defendants and KPMG.

(f)     "Effective Date of Settlement" or "Effective Date" means the date upon

which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶ 23

below.

(g)     "Final Order" means an order as to which there is no pending appeal, stay,

motion for reconsideration or motion to vacate or similar request for relief, and as to which the

period of time for a party to appeal has expired. For purposes hereof if no appeal or motion for

reconsideration, to vacate, or for similar relief is filed within thirty-three (33) days after entry of

the order in the District Court, the order shall be deemed to be a Final Order.

(h)     "Individual Defendants" means Lawrence S. Doyle (Chief Executive

Officer, President, and a Director of ANR from the beginning of the Class Period until

7

approximately September 12, 2002), Frederick S. Hammer (Chairman of the Board of Directors of ANR during the Class Period, sitting variously on the Executive Committee, the Finance and Investment Committee, and the Corporate Governance Committee during the Class Period and sitting on the Transition Committee of the Board of Directors from approximately September 17, 2002 until the end of the Class Period), John F. Burke (Chief Financial Officer, Senior Vice President, Corporate Secretary, and Principal Accounting and Financial Officer of ANR from approximately September 17, 2001 until the end of the Class Period), William W. Atkin (Chief Financial Officer, Treasurer, Corporate Secretary, and Principal Accounting and Financial Officer of ANR from the beginning of the Class Period until August 31, 2001), Brian O'Hara (a Director of ANR and the President and Chief Executive Officer of XL Capital during the Class Period), and Michael P. Esposito (a Director of ANR, sitting on the Executive Committee and the Finance and Investment Committee, and the Chairman of the Board of Directors of XL Capital during the Class Period).

(i)     "Notice" means the Notice of Pendency of Class Action and Proposed Settlement with Certain Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(j)     "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(k)     "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

(l)    "Plaintiffs' Counsel" means Plaintiffs' Co-Lead Counsel and all other counsel representing Plaintiffs in the Action.

(m)    "Plaintiffs' Co-Lead Counsel" means the law firms of Scott + Scott, LLC and of Milberg Weiss Bershad & Schulman LLP.

(n)    "Proof of Claim" means the Proof of Claim and Release, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 2 to Exhibit A.

(o)    "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(p)    "Released Parties" means any and all of the Settling Defendants, their past or present subsidiaries, parents, successors and predecessors, and all of the aforementioned entities' officers, directors, agents, employees, attorneys, advisors, insurers, and investment advisors, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest or which is related to or affiliated with any of the Settling Defendants, and the legal representatives, heirs, successors in interest or assigns of the Settling Defendants. "Released Parties" does not include KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG") or its partners, principals, employees, agents and affiliates.

(q)    "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class

9

or individual in nature, including both known claims and Unknown Claims, (i) that have been

asserted in this Action by the Class Members or any of them against any of the Released Parties,

or (ii) that could have been asserted in any forum by the Class Members or any of them against

any of the Released Parties which arise out of or are based upon the allegations, transactions,

facts, matters or occurrences, representations or omissions involved, set forth, or referred to in

the Complaint and relate to the purchase of shares of the common stock of Annuity and Life Re

(Holdings) Ltd. ("ANR") during the Class Period. "Settled Claims" does not include any claims

against KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA")

(collectively, "KPMG") or its partners, principals, employees, agents and affiliates.

   (r) "Settled Defendants' Claims" means any and all claims, rights or causes

of action or liabilities whatsoever, whether based on United States federal, state, local, statutory

or common law or the laws of Bermuda or any other law, rule or regulation, including both

known claims and Unknown Claims, that have been or could have been asserted in the Action or

any forum by the Settling Defendants or any of them or the successors and assigns of any of

them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or

relate in any way to the institution, prosecution, or settlement of the Action (except for claims to

enforce the Settlement).

   (s) "Settlement" means the settlement contemplated by this Stipulation.

   (t) "Settling Defendants" means ANR, XL Capital, and the Individual

Defendants.

   (u) "Settling Defendants' Counsel" means the law firms of Day, Berry &

Howard LLP and Drinker Biddle & Reath LLP on behalf of Defendant ANR, the law firms of

Cahill Gordon & Reindel LLP and The Law Offices of Thomas W. Andrea, Esq. on behalf of

Defendants XL Capital, Ltd., Brian O'Hara, and Michael P. Esposito, Jr., the law firm of

Cummings & Lockwood LLC on behalf of Defendant Lawrence S. Doyle, the law firms of Day,

Berry & Howard LLP, Drinker Biddle & Reath LLP, and McCarter & English, LLP on behalf of

Defendant Frederick S. Hammer, the law firms of Carmody & Torrance LLP, Morgan, Lewis &

Bockius LLP, Day, Berry & Howard LLP, and Drinker Biddle & Reath LLP on behalf of

Defendant John F. Burke, and the law firm of Pullman & Comley, LLC on behalf of Defendant

William W. Atkin.

      (v)    "Unknown Claims" means any and all Settled Claims which any Lead

Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of

the release of the Released Parties, and any Settled Defendants' Claims which any Settling

Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her

or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to

any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that

upon the Effective Date, the Lead Plaintiffs and the Settling Defendants shall expressly waive,

and each Class Member shall be deemed to have waived, and by operation of the Judgment shall

have expressly waived, any and all provisions, rights and benefits conferred by any law of any

state or territory of the United States or Bermuda, or principle of common law, which is similar,

comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his favor at the time of executing
> the release, which if known by him must have materially affected
> his settlement with the debtor.

Lead Plaintiffs and Settling Defendants acknowledge, and Class Members by operation of law

shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition

of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against the Settling Defendants and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims.

3.      (a)      Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties.

(b)      Upon the Effective Date of this Settlement, each of the Settling Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

(c)      Upon the Effective Date of this Settlement, the Released Parties shall obtain bar order protection substantially in the form appearing in the Order and Final Judgment annexed hereto as Exhibit B.

## THE SETTLEMENT CONSIDERATION

4.      (a)      Within three (3) business days of the execution of this Stipulation and Agreement of Partial Settlement, the Settling Defendants shall pay $14 million (the "Cash Settlement Amount") into escrow for the benefit of Lead Plaintiffs and the Class as follows:  (1)

12

$3 million from XL Capital; (2) $2.5 million from ANR; and (3) $8.5 million from ANR's D&O liability insurer.

      (b)     In addition, no later than ten days before the date scheduled in the Order for Notice and Hearing for the Settlement Fairness Hearing, ANR will elect to either: (1) pay another $2.5 million in cash into escrow for the benefit of Lead Plaintiffs and the Class; or (2) agree to issue and deliver a number of freely tradeable shares of common stock of ANR, valued[1] at $2.5 million, but representing no more than 19.9% of ANR's outstanding shares (the "Settlement Shares") for the benefit of the Class upon Plaintiffs' Co-Lead Counsel's instructions. ANR shall either register the shares of common stock to be delivered for the benefit of the Class or shall provide its counsel's opinion that the shares are exempt from registration pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(10), and are therefore freely tradeable, provided that the holder of such shares is not an affiliate of ANR. ANR agrees to issue and deliver such shares on the instructions of Plaintiffs' Co-Lead Counsel, in whole or in part and from time to time as instructed by Plaintiffs' Co-Lead Counsel. Plaintiffs' Co-Lead Counsel shall have the right to sell any and all of such shares and to deposit the proceeds into the escrow fund for the benefit of the Class. The Settlement Shares shall also be appropriately adjusted to account for any stock splits, dividends, or the issuance of shares of ANR that have not been authorized as of the date of the Settlement Fairness Hearing. As of the date of the Settlement Fairness Hearing and until the Settlement Shares are actually distributed, the Settlement Shares shall be treated the same as all other issued and outstanding shares of ANR

---

[1]     The shares shall be valued using the 20-day Volume Weighted Average Price ("VWAP") reported on the Bloomberg service for ANR common stock for the 20 contiguous trading days immediately preceding, and ending at 4:00 p.m. New York, New York time on the day before the actual date the Settlement Fairness Hearing is held. The calculation of the VWAP shall be appropriately adjusted to account for any stock splits or reverse stock splits.

common stock as of the date hereof, including in the event of any merger or sale of ANR, or sale or distribution of all or substantially all of ANR's assets, or other extraordinary event affecting the capital structure of ANR.

        (c)    The Cash Settlement Amount and any interest earned thereon, and the Settlement Shares (if issued) or additional $2.5 million cash payment from ANR (or the proceeds of the sale of any or all of the Settlement Shares (if issued), if sold, and the interest and any dividends thereon) shall be the Gross Settlement Fund.

        (d)    The Settling Defendants will provide reasonable cooperation to Plaintiffs' Co-Lead Counsel for the Class' remaining claims in this Action against KPMG. Reasonable cooperation shall include the production of documents and the voluntary appearance for interview, deposition, and/or trial, on reasonable notice. Interviews and/or depositions will be conducted within the witness' jurisdiction; should a settling party be requested to appear for trial, his reasonable travel expenses will be paid by the Plaintiffs. ANR will use its best efforts to assist in obtaining the cooperation of knowledgeable former employees and directors that are released by this Settlement. Disclosures made pursuant to this paragraph shall be subject to the protective order entered in this case, as amended from time to time.

        5.    (a)    The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in ¶ 7 hereof, (ii) the attorneys' fee and expense award referred to in ¶ 8 hereof, and (iii) the remaining administration expenses referred to in ¶ 9 hereof. The balance of the Gross Settlement Fund after the above payments shall be the Net Settlement Fund which shall be distributed to the Authorized Claimants as provided in ¶¶ 10-12 hereof. Any portions of the Gross Settlement Fund required to be held in escrow hereunder prior to the Effective Date shall be held by Milberg Weiss Bershad

& Schulman LLP as Escrow Agent for the Settlement Fund. The Gross Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants, or returned to the Settling Defendants pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in excess of $100,000 in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $100,000 may be held in an interest bearing bank account insured by the FDIC. The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. Counsel for Settling Defendants agree to provide promptly to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e).

(b)    All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

## ADMINISTRATION

6.    The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court. Except as stated in ¶ 14 hereof, Settling Defendants shall have no

responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration.  ANR shall promptly provide without charge information from ANR's transfer records concerning the identity of Class Members and their transactions.

7.      Plaintiffs' Co-Lead Counsel may pay from the Cash Settlement Amount, without further approval from the Settling Defendants or the Court, the reasonable costs and expenses up to the sum of $200,000 associated with identifying members of the Class and effecting mail Notice and Publication Notice to the Class, and the administration of the Settlement, including without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

## ATTORNEYS' FEES AND EXPENSES

8.      Plaintiffs' Counsel will apply to the Court for an award from the Gross Settlement Fund of attorneys' fees not to exceed one-third (33 1/3%) of the Gross Settlement Fund and reimbursement of expenses, plus interest.  Such attorneys' fees, expenses, and interest as are awarded by the Court shall be paid from the Gross Settlement Fund to Plaintiffs' Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.

16

## ADMINISTRATION EXPENSES

9.      Plaintiffs' Counsel will apply to the Court, on notice to Settling Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

10.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the "Net Settlement Fund" based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves).

11.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.

12.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.  This is not a claims-made settlement.  The Settling Defendants shall not be entitled to get back any of the settlement monies once the Settlement becomes final.  The Defendants shall have no involvement in reviewing or challenging claims.

## ADMINISTRATION OF THE SETTLEMENT

13.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Amount but will otherwise be

bound by all of the terms of this Stipulation and the Settlement, including the terms of the

Judgment to be entered in the Action and the releases provided for herein, and will be barred

from bringing any action against the Released Parties concerning the Settled Claims.

14.     The Claims Administrator shall process the Proofs of Claim and, after entry of the

Class Distribution Order, distribute the Net Settlement Fund to the Authorized Claimants.

Except for their obligation to pay the Settlement Amount, and to cooperate in the production of

information with respect to the identification of Class Members from ANR's shareholder transfer

records, as provided herein, and to issue the Settlement Shares in accordance with the

instructions to be provided by Plaintiffs' Co-Lead Counsel and/or the Claims Administrator,

Settling Defendants shall have no liability, obligation or responsibility for the administration of

the Settlement or disbursement of the Net Settlement Fund.  Plaintiffs' Co-Lead Counsel shall

have the right, but not the obligation, to advise the Claims Administrator to waive what

Plaintiffs' Co-Lead Counsel deem to be formal or technical defects in any Proofs of Claim

submitted in the interests of achieving substantial justice.

15.     For purposes of determining the extent, if any, to which a Class Member shall be

entitled to be treated as an "Authorized Claimant", the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim (see

attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein,

including proof of the transactions claimed and the losses incurred thereon, or such other

documents or proof as the Claims Administrator, in its discretion may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Notice

unless such period is extended by Order of the Court.  Any Class Member who fails to submit a

Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this

18

Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class

Member is approved), but shall in all other respects be bound by all of the terms of this

Stipulation and the Settlement including the terms of the Judgment to be entered in the Action

and the releases provided for herein, and will be barred from bringing any action against the

Released Parties concerning the Settled Claims.  Provided that it is received before the motion

for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been

submitted when posted, if received with a postmark indicated on the envelope and if mailed by

first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the

Proof of Claim shall be deemed to have been submitted when actually received by the Claims

Administrator;

      (c)     Each Proof of Claim shall be submitted to and reviewed by the Claims

Administrator, who shall determine in accordance with this Stipulation and the approved Plan of

Allocation the extent, if any, to which each claim shall be allowed, subject to review by the

Court pursuant to subparagraph (e) below;

      (d)     Proofs of Claim that do not meet the submission requirements may be

rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate

with the Claimant in order to remedy the curable deficiencies in the Proofs of Claim submitted.

The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose

Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and

shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a

review by the Court if the Claimant so desires and complies with the requirements of

subparagraph (e) below;

(e)    If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Co-Lead Counsel shall thereafter present the request for review to the Court; and

(f)    The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Settling Defendants' Counsel, for approval by the Court in the Class Distribution Order.

16.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

17.    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

18.     All proceedings with respect to the administration, processing and determination of claims described by ¶ 15 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

19.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

## TERMS OF ORDER FOR NOTICE AND HEARING

20.     Promptly after this Stipulation has been fully executed, Plaintiffs' Counsel and Settling Defendants' Counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

21.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

22.     Simultaneously herewith, Plaintiffs' Co-Lead Counsel and Settling Defendants' Counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be withdrawn or terminated by Settling Defendants if potential Class Members who purchased in excess of a certain number of shares of ANR common stock traded during the Class Period exclude themselves from the Class. The Supplemental Agreement shall not be filed prior to the Settlement Fairness Hearing unless a dispute arises as to its terms. In the event of a withdrawal from this Stipulation pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of ¶ 26 shall apply. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by the Settling Defendants to exercise their option to withdraw from the Stipulation pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

23.     The Effective Date of Settlement shall be the date when all the following shall have occurred:

   (a)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

   (b)     entry by the Court of an Order and Final Judgment, substantially in the form set forth in Exhibit B annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order

and final judgment in form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

24.    Settling Defendants or Plaintiffs' Co-Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of:  (a) the Court's declining to enter the Order for Notice and Hearing in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

25.    If ANR elects to deliver Settlement Shares in lieu of cash, and if there is any non-delivery by ANR of any of the Settlement Shares required to be delivered hereunder within ten (10) business days after Plaintiffs' Co-Lead Counsel furnishes directions for such delivery to Counsel, then, unless such non-delivery is cured within ten (10) business days, Plaintiffs' Co-Lead Counsel shall have the options to:  (i) enter a consent judgment for specific performance against ANR, (ii) enter a consent judgment against ANR for $2.5 million, or (iii) enter a consent judgment against ANR for the then current market price for the number of shares not delivered.

26.    Except as otherwise provided herein, in the event the Settlement is terminated, vacated, or fails to become effective for any reason, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of July 19, 2004 and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and

23

any related orders had not been entered, and any Settlement Shares, if issued, or proceeds thereof

if the Settlement Shares have been sold, shall be returned to ANR, and any cash portion of the

Settlement Amount previously paid by Settling Defendants, together with any interest earned

thereon, less any Taxes due with respect to such income, and less costs of administration and

notice actually incurred and paid or payable from the Settlement Amount (not to exceed

$200,000 without the prior approval of Settling Defendants or the Court) shall be returned pro

rata to the persons paying the same.

## <u>NO ADMISSION OF WRONGDOING</u>

27.    This Stipulation, whether or not consummated, and any proceedings taken

pursuant to it:

(a)    shall not be offered or received against the Settling Defendants as

evidence of or construed as or deemed to be evidence of any presumption, concession, or

admission by any of the Settling Defendants with respect to the truth of any fact alleged by any

of the plaintiffs or the validity of any claim that has been or could have been asserted in the

Action or in any litigation, or the deficiency of any defense that has been or could have been

asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of

the Settling Defendants;

(b)    shall not be offered or received against the Settling Defendants as

evidence of a presumption, concession or admission of any fault, misrepresentation or omission

with respect to any statement or written document approved or made by any Settling Defendant;

(c)    shall not be offered or received against the Settling Defendants as

evidence of a presumption, concession or admission with respect to any liability, negligence,

fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling

Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Settling Defendants may refer to it to effectuate the liability protection granted them hereunder;

> (d)    shall not be construed against the Settling Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

> (e)    shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

## MISCELLANEOUS PROVISIONS

28.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

29.    Each Settling Defendant warrants as to himself or itself that, as to the payments made by or on behalf of him or it, at the time of such payment that the Settling Defendant made or caused to be made pursuant to ¶ 4 above, he or it was not insolvent nor did nor will the payment required to be made by or on behalf of him or it render such Settling Defendant insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof, or under the laws of Bermuda. This warranty is made by each such Settling Defendant and not by such Settling Defendant's Counsel.

30.    If a case is commenced in respect of any Settling Defendant (or any insurer contributing funds to the Cash Settlement Amount on behalf of any Settling Defendant) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, including any such laws in Bermuda, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of consideration to the Gross Settlement Fund or any portion thereof by or on behalf of such Settling Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned prior to any distribution to Authorized Claimants, and equivalent consideration is not promptly deposited to the Gross Settlement Fund by other Settling Defendants, then, at the election of Plaintiffs' Co-Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Settling Defendants pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation as of July 19, 2004 and any cash amounts or Settlement Shares in the Gross Settlement Fund shall be returned as provided in ¶ 26 above.

31.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims.  Accordingly, Lead Plaintiffs and Settling Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Settling Defendants in bad faith or without a reasonable basis.  The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties,

and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

32.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

33.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

34.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation.

35.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

36.    This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

37.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

38.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

39.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Connecticut without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

40.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

41.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

42.     Plaintiffs' Co-Lead Counsel and Settling Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement.

DATED: *August 24*, 2004

By: *David Scott (BAK)*
       David R. Scott (Juris No. 16080)
       Erin Green Comite (Juris No. 24886)
**SCOTT & SCOTT, LLC**
108 Norwich Avenue
P.O. Box 192
Colchester, Connecticut  06415
Telephone:  (860) 537-5537
Facsimile:  (860) 537-4432

**Co-Lead Counsel for Plaintiffs**

By: _____
       Beth Kaswan (ct21415)
       Ann M. Lipton (ct25358)
**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
One Pennsylvania Plaza
New York, New York  10119-0165
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

**Co-Lead Counsel for Plaintiffs**

By: _____
       Gary R. Battistoni (ct24690)
       Stuart A. Law, Jr. (ct24691)
**DRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania  19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757

James F. Stapleton (ct04267)
Terence J. Gallagher (ct22415)
**DAY, BERRY & HOWARD LLP**
One Canterbury Green
Stamford, Connecticut  06901
Telephone:  (203) 977-7300
Facsimile:  (203) 977-7301
**Attorneys for Defendant Annuity and Life
Re (Holdings), Ltd.**

29

DATED: _____, 2004

By: _____
David R. Scott (Juris No. 16080)
Erin Green Comite (Juris No. 24886)
**SCOTT & SCOTT, LLC**
108 Norwich Avenue
P.O. Box 192
Colchester, Connecticut 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

**Co-Lead Counsel for Plaintiffs**

By: _____
Beth Kaswan (ct21415)
Ann M. Lipton (ct25358)
**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**Co-Lead Counsel for Plaintiffs**

By: _____
Gary R. Battistoni (ct24690)
Stuart A. Law, Jr. (ct24691)
**DRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

James F. Stapleton (ct04267)
Terence J. Gallagher (ct22415)
**DAY, BERRY & HOWARD LLP**
One Canterbury Green
Stamford, Connecticut 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301
**Attorneys for Defendant Annuity and Life
Re (Holdings), Ltd.**

29

By: _____
    Thorn Rosenthal (ct21473)
    Tammy L. Roy (ct25188)
**CAHILL GORDON & REINDEL LLP**
80 Pine Street
New York, New York  10005-1702
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420


Lawrence W. Andrea (ct18427)
**THE LAW OFFICES OF LAWRENCE W.
ANDREA, ESQ.**
57 North Street, Suite 313
Danbury, Connecticut  06810
Telephone:  (203) 743-6454
Facsimile:  (203) 778-5770


**Attorneys for Defendants XL Capital, Ltd.,
Brian O'Hara, and Michael P. Esposito, Jr.**



By: _____
    John W. Cannavino (ct06051)
**CUMMINGS & LOCKWOOD LLC**
Four Stamford Plaza
107  Elm Street
Stamford, Connecticut  06902
Telephone:  (203) 327-1700
Facsimile:  (203) 351-4534


**Attorneys for Defendant Lawrence S. Doyle**



By: _____
    Gary R. Battistoni (ct24690)
    Stuart A. Law, Jr. (ct24691)
**DRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania  19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757

30

By:  _____

   Thorn Rosenthal (ct21473)

   Tammy L. Roy (ct25188)

**CAHILL GORDON & REINDEL LLP**

80 Pine Street

New York, New York 10005-1702

Telephone: (212) 701-3000

Facsimile: (212) 269-5420


Lawrence W. Andrea (ct18427)

**THE LAW OFFICES OF LAWRENCE W.
ANDREA, ESQ.**

57 North Street, Suite 313

Danbury, Connecticut 06810

Telephone: (203) 743-6454

Facsimile: (203) 778-5770


**Attorneys for Defendants XL Capital, Ltd.,
Brian O'Hara, and Michael P. Esposito, Jr.**


By:  _____

   John W. Cannavino (ct06051)

**CUMMINGS & LOCKWOOD LLC**

Four Stamford Plaza

107 Elm Street

Stamford, Connecticut 06902

Telephone: (203) 327-1700

Facsimile: (203) 351-4534


**Attorneys for Defendant Lawrence S. Doyle**


By:  _____

   Gary R. Battistoni (ct24690)

   Stuart A. Law, Jr. (ct24691)

**DRINKER BIDDLE & REATH LLP**

One Logan Square

18th and Cherry Streets

Philadelphia, Pennsylvania 19103-6996

Telephone: (215) 988-2700

Facsimile: (215) 988-2757


30

By: _____

    Thorn Rosenthal (ct21473)

    Tammy L. Roy (ct25188)

**CAHILL GORDON & REINDEL LLP**

80 Pine Street

New York, New York  10005-1702

Telephone:  (212) 701-3000

Facsimile:  (212) 269-5420


Lawrence W. Andrea (ct18427)

**THE LAW OFFICES OF LAWRENCE W. ANDREA, ESQ.**

57 North Street, Suite 313

Danbury, Connecticut  06810

Telephone:  (203) 743-6454

Facsimile:  (203) 778-5770


**Attorneys for Defendants XL Capital, Ltd., Brian O'Hara, and Michael P. Esposito, Jr.**


By: _____

    John W. Cannavino (ct06051)

**CUMMINGS & LOCKWOOD LLC**

Four Stamford Plaza

107  Elm Street

Stamford, Connecticut  06902

Telephone:  (203) 327-1700

Facsimile:  (203) 351-4534


**Attorneys for Defendant Lawrence S. Doyle**


By: _Gary R. Battistoni_____

    Gary R. Battistoni (ct24690)

    Stuart A. Law, Jr. (ct24691)

**DRINKER BIDDLE & REATH LLP**

One Logan Square

18th and Cherry Streets

Philadelphia, Pennsylvania  19103-6996

Telephone:  (215) 988-2700

Facsimile:  (215) 988-2757


30

James F. Stapleton (ct04267)
Terence J. Gallagher (ct22415)
**DAY, BERRY & HOWARD LLP**
One Canterbury Green
Stamford, Connecticut  06901
Telephone:  (203) 977-7300
Facsimile:  (203) 977-7301

R. Nicholas Gimbel (Of Counsel)
**McCARTER & ENGLISH, LLP**
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, Pennsylvania  19103
Telephone:  (215) 979-3800
Facsimile:  (215) 979-3899

**Attorneys for Defendant Frederick S. Hammer**

By:  _____
       Gary R. Battistoni (ct24690)
       Stuart A. Law, Jr. (ct24691)
**DRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania  19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757

John R. Horvack, Jr. (ct12926)
**CARMODY & TORRANCE LLP**
50 Leavenworth Street
P. O. Box 1110
Waterbury, Connecticut  06721-1110
Telephone:  (203) 573-1200
Facsimile:  (203) 575-2600

Marc J. Sonnenfeld (Of Counsel)
Karen Pieslak Pohlmann (Of Counsel)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Streets
Philadelphia, Pennsylvania  19103-2921
Telephone:  (215) 963-5000
Facsimile:  (215) 963-5001

31

James F. Stapleton (ct04267)
Terence J. Gallagher (ct22415)
**DAY, BERRY & HOWARD LLP**
One Canterbury Green
Stamford, Connecticut  06901
Telephone:  (203) 977-7300
Facsimile:  (203) 977-7301

**Attorneys for Defendant John F. Burke**


By:  _____

James T. Shearin (ct01326)
Peter S. Olson (ct16149)
**PULLMAN & COMLEY, LLC**
850 Main Street
P. O. Box 7006
Bridgeport, Connecticut  06601-7006
Telephone:  (203) 330-2000
Facsimile:  (203) 576-8888

**Attorneys for Defendant William W. Atkin**

32