# EXHIBIT 1

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 02 CV 2133 (EBB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT WITH CERTAIN DEFENDANTS, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**If you bought the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide consideration valued at $16.5 million for the benefit of investors who bought shares of ANR common stock during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby.

- The settlement partially resolves a lawsuit over whether ANR misled investors about its future earnings. The lawsuit will continue with respect to claims asserted against ANR's independent auditors, KPMG.

- Your legal rights are affected whether you act, or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against ANR and the other Released Parties about the legal claims in this case. |

| OBJECT | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## SUMMARY NOTICE

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a $16.5 million Settlement, consisting of either $16.5 million in cash or $14.0 million in cash plus $2.5 million worth of shares of common stock of ANR (subject to a limit on the number of ANR common shares of 19.9% of the outstanding shares), is being provided. Plaintiffs estimate that there were approximately 19.15 million shares of ANR common stock traded during the Class Period which may have been damaged. Plaintiffs estimate that the average recovery per damaged share of ANR common stock under the settlement is $0.86 per damaged share before deduction of Court-awarded attorneys' fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by his, her or its Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when during the Class Period a Class Member purchased shares of ANR common stock, and whether those shares were held at the end of the Class Period or sold during the Class Period, and if sold, when they were sold, an individual Class Member may receive more or less than this average amount. See the Plan of Allocation on page [____] for more information on your Recognized Claim.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. The Settling Defendants deny that they are liable to the plaintiffs or the Class and deny that plaintiffs or the Class have suffered any damages.

2

Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $250,000 (including approximately $10,000 for the costs and expenses of the Lead Plaintiffs directly relating to their representation of the Class). The requested fees and expenses would amount to an average of $0.30 per damaged share in total for fees and expenses. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

Further Information

Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Co-Lead Counsel: David R. Scott, Esq., Scott + Scott, LLC, 108 Norwich Avenue, P.O. Box 192, Colchester, Connecticut 06415, Telephone (860) 537-5537; or Beth Kaswan, Esq., Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza, New York, New York 10119-0165, Telephone (212) 594-5300.

Reasons for the Settlement

The principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

**[END OF COVER PAGE]**

| **WHAT THIS NOTICE CONTAINS** |
| --- |

**Table of Contents**

Page

SUMMARY NOTICE ...................................................................................................................2

    Statement of Plaintiff Recovery..........................................................................................2

    Statement of Potential Outcome of Case ...........................................................................2

    Statement of Attorneys' Fees and Costs Sought................................................................3

    Further Information..............................................................................................................3

Reasons for the Settlement...........................................................................................3

BASIC INFORMATION ...............................................................................................6

    1.    Why did I get this notice package? ...........................................................6

    2.    What is this lawsuit about? .........................................................................7

    3.    Why is this a class action? .........................................................................7

    4.    Why is there a settlement? .........................................................................7

WHO IS IN THE SETTLEMENT .................................................................................9

    5.    How do I know if I am part of the settlement? ...........................................9

    6.    Are there exceptions to being included?.....................................................9

    7.    What if I am still not sure if I am included? ...............................................9

THE SETTLEMENT BENEFITS — WHAT YOU GET ............................................10

    8.    What does the settlement provide? ...........................................................10

    9.    How much will my payment be? ...............................................................10

HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM......................10

    10.    How can I get a payment?.........................................................................10

    11.    When would I get my payment? ...............................................................11

    12.    What am I giving up to get a payment or stay in the Class?.....................11

EXCLUDING YOURSELF FROM THE SETTLEMENT ...........................................12

    13.    How do I get out of the proposed settlement? .........................................12

    14.    If I do not exclude myself, can I sue ANR and the other Released
            Parties for the same thing later? ...............................................................13

    15.    If I exclude myself, can I get money from the proposed settlement?........13

THE LAWYERS REPRESENTING YOU .....................................................................13

    16.    Do I have a lawyer in this case?...............................................................13

    17.    How will the lawyers be paid? .................................................................13

OBJECTING TO THE SETTLEMENT .......................................................................14

18.    How do I tell the Court that I do not like the proposed settlement?..........14

19.    What is the difference between objecting and excluding?.........................14

THE COURT'S FAIRNESS HEARING.................................................................14

20.    When and where will the Court decide whether to approve the
       proposed settlement?....................................................................15

21.    Do I have to come to the hearing? ..........................................................15

22.    May I speak at the hearing? ....................................................................15

IF YOU DO NOTHING .......................................................................................15

23.    What happens if I do nothing at all? .......................................................15

GETTING MORE INFORMATION.....................................................................16

24.    Are there more details about the proposed settlement? ...........................16

25.    How do I get more information?...............................................................16

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
    MEMBERS ......................................................................................................16

SCHEDULE 1 .......................................................................................................18

PLAINTIFFS' CONTENTION OF ALLEGED INFLATION ("PCAI") ...................18

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES .......21

## BASIC INFORMATION

| Why did I get this notice package? |
| --- |

You or someone in your family may have purchased shares of the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Connecticut, and the case is known as *Schnall v. Annuity and Life Re (Holdings) Ltd.*, Civil Action No. 02 CV 2133 (EBB). This case was assigned to United States District Judge Ellen Bree Burns. The people who sued are called plaintiffs, and the companies and the persons they sued, Annuity and Life Re (Holdings), Ltd. ("ANR"), XL Capital, Ltd. ("XL Capital," which owned between 11.1 and 12.9% of ANR's common stock during the Class Period), and certain of their present and former officers and directors (the "Individual Defendants," as defined below), are called the Settling Defendants.

A separate action, Civil Action No. 03-CV-1826, (the "KPMG Action") with a separate complaint has been filed against KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG"), has been consolidated with the Action, without prejudice to Defendants' rights to request a separate trial at a later and more appropriate phase of the litigation. This Settlement with the Settling Defendants does not settle any claims against KPMG or its partners, principals, employees, agents and affiliates, none of whom or which shall be released from any claims of the Lead Plaintiffs or the Class under this Settlement.

The "Individual Defendants" are: Lawrence S. Doyle (Chief Executive Officer, President, and a Director of ANR from the beginning of the Class Period until approximately September 12, 2002), Frederick S. Hammer (Chairman of the Board of Directors of ANR during the Class Period, sitting variously on the Executive Committee, the Finance and Investment Committee, and the Corporate Governance Committee during the Class Period and sitting on the Transition Committee of the Board of Directors from approximately September 17, 2002 until the end of the Class Period), John F. Burke (Chief Financial Officer, Senior Vice President, Corporate Secretary, and Principal Accounting and Financial Officer of ANR from approximately September 17, 2001 until the end of the Class Period), William W. Atkin (Chief Financial Officer, Treasurer, Corporate Secretary, and Principal Accounting and Financial Officer of ANR from the beginning of the Class Period until August 31, 2001), Brian O'Hara (a Director of ANR

6

and the President and Chief Executive Officer of XL Capital during the Class Period), and Michael P. Esposito (a Director of ANR, sitting on the Executive Committee and the Finance and Investment Committee, and the Chairman of the Board of Directors of XL Capital during the Class Period).

| What is this lawsuit about? |
| --- |

ANR provides annuity and life reinsurance, agreeing to indemnify the ceding insurance company all or a portion of the risks associated with the underlying insurance policy in exchange for a reinsurance premium payable to the reinsurer. Plaintiffs allege that ANR's liabilities for the risks on its largest contract were much greater than ANR reported publicly.

The Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws dated July 11, 2003 (the "Complaint") filed in the Action generally alleges, among other things, that Defendants issued false and misleading press releases and other statements regarding ANR's financial condition during the Class Period — March 15, 2000 through and including November 19, 2002 — in a scheme to artificially inflate the value of ANR's securities.

Defendants deny that they did anything wrong.

| Why is this a class action? |
| --- |

In a class action, one or more people called Class Representatives (in this case the Communications Workers of America and Midstream Investments Ltd.), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| Why is there a settlement? |
| --- |

Beginning on December 4, 2002, nine class actions alleging violations of federal securities laws were filed in this Court and were subsequently consolidated under the above caption and are hereinafter referred to as the "Action." The Court appointed Communications Workers of America and Midstream Investments Ltd. as the Lead Plaintiffs and appointed Scott + Scott, LLC and Milberg Wiess Bershad Hynes & Lerach LLP (now known as Milberg Weiss Bershad & Schulman LLP) as Co-Lead Counsel.

A Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws was filed on July 11, 2003.

The Complaint alleges that Lead Plaintiffs and other Class Members purchased the common stock of ANR during the Class Period at prices artificially inflated as a result of the Defendants'

dissemination of materially false and misleading statements regarding ANR in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

On September 30 , 2003, ANR filed its answer to the Complaint, denying any liability to Lead Plaintiffs and the Class.

On October 3, 2003, Individual Defendants Burke, Hammer, and Atkin each filed a separate motion to dismiss the Complaint. In addition, XL Capital and Individual Defendants O'Hara and Esposito (the "XL Capital Defendants") together filed a motion to dismiss on October 3, 2003.

On October 24, 2003, Doyle filed his answer to the Complaint, denying any liability to Lead Plaintiffs and the Class.

Lead Plaintiffs sought and received permission from the Court to file a consolidated response to the motions to dismiss filed by Burke, by Hammer, and by the XL Capital Defendants. As Atkin's' motion to dismiss was the only one to make substantially different arguments for dismissal, Lead Plaintiffs filed a separate response to Atkin's motion to dismiss. On November 19, 2003, Lead Plaintiffs filed these opposition papers to the motions to dismiss.

Atkin filed his reply to Lead Plaintiffs' opposition on December 4, 2003. On December 13, 2003, the Court denied Atkin's motion to dismiss without prejudice. On January 26, 2004, Atkin filed a renewed motion to dismiss. On March 16, 2004, Lead Plaintiffs filed their opposition to Atkin's renewed motion to dismiss. Atkin filed his response on April 1, 2004. On April 15, 2004, Lead Plaintiffs sought and received permission from the Court to file a surreply to Atkin's renewed motion to dismiss. On April 19, 2004, Atkin filed a reply to the surreply.

The XL Capital Defendants filed their reply to Lead Plaintiffs' opposition on December 18, 2003. On March 9, 2004, the Court denied the XL Capital Defendants' motion to dismiss. On April 8, 2004, the XL Capital Defendants filed their answer and cross-claim to the Complaint. The XL Capital Defendants denied any liability to Lead Plaintiffs and the Class.

Hammer filed his reply to Lead Plaintiffs' opposition on December 22, 2003. On February 4, 2004, the Court denied Hammer's motion to dismiss. On February 24, 2004, Hammer filed his answer to the Complaint, denying any liability to Lead Plaintiffs and the Class.

Burke filed his reply to Lead Plaintiffs' opposition on December 22, 2003. On February 26, 2004, the Court denied Burke's motion to dismiss. On April 8, 2004, Burke filed his answer to the Complaint, denying any liability to Lead Plaintiffs and the Class.

The Settling Defendants deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Settling Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Defendants have asserted.

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the risks and cost of a trial, and the people affected will get compensation. The case would require all parties to engage expert accountants and actuaries and

much of the proof would be highly technical. ANR and the Individual Defendants deny liability and do not have the assets to pay all the damages that Plaintiffs say they suffered and XL Capital has its own defenses which it states protects it from liability. The Class Representative and the attorneys think the settlement is best for all Class Members.

The litigation is continuing against KPMG. The Settling Defendants have agreed to cooperate in providing information to the Plaintiffs for their claims against KPMG.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

> How do I know if I am part of the settlement?

The Court directed, that for the purposes of the proposed settlement that everyone who fits this description is a Class Member: *all persons who purchased the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby.*

> Are there exceptions to being included?

Excluded from the Class are the Settling Defendants, the officers and directors of ANR and XL Capital at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity.

If one of your mutual funds own shares of ANR common stock, that alone does not make you a Class Member. You are a Class Member only if you directly purchased shares of ANR common stock during the Class Period. Contact your broker to see if you have or held ANR common stock.

If you sold ANR common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you purchased your shares during the Class Period.

> What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-298-3208 or visit ***www.gardencitygroup.com*** for more information. Or you can fill out and return the claim form described on page [____], in question [10], to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| What does the settlement provide? |
| --- |

In exchange for the Settlement and dismissal of the Action, the Settling Defendants have agreed to pay $16.5 million, either all in cash or $14 million in cash and $2.5 million in ANR common stock (subject to a limit on the number of ANR common shares of 19.9% of the outstanding shares), to be divided, after taxes, fees, and expenses, among all Class Members who send in a valid Proof of Claim form.

In addition, Settling Defendants will cooperate with Plaintiffs' Co-Lead Counsel in the Class' remaining case against KPMG.

| How much will my payment be? |
| --- |

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of ANR common stock you bought, and when you bought and sold them.

By following the instructions on page [＿＿] of this Notice, you can calculate what is called your Recognized Claim. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claim. See the Plan of Allocation on page [＿＿] for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

| How can I get a payment? |
| --- |

To qualify for a payment, you must send in a claim form. A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at *www.gardencitygroup.com*. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2004.

10

| When would I get my payment? |
| --- |

The Court will hold a hearing on _____, **2004**, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| What am I giving up to get a payment or stay in the Class? |
| --- |

Unless you exclude yourself, you are staying in the class, and that means that, if the settlement is approved, you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

"Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase of shares of the common stock of Annuity and Life Re (Holdings) Ltd. ("ANR") during the Class Period. "Settled Claims" does not include any claims against KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG") or its partners, principals, employees, agents and affiliates.

"Released Parties" means any and all of the Settling Defendants, their past or present subsidiaries, parents, successors and predecessors, and all of the aforementioned entities' officers, directors, agents, employees, attorneys, advisors, insurers, and investment advisors, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest or which is related to or affiliated with any of the Settling Defendants, and the legal representatives, heirs, successors in interest or assigns of the Settling Defendants. "Released Parties" does not include KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG") or its partners, principals, employees, agents and affiliates.

"Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which any Settling Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his,

11

her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Settling Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or Bermuda, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiffs and Settling Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue ANR and the other Released Parties, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement Class. The Settling Defendants may withdraw from and terminate the Settlement if in excess of a certain amount of claimants exclude themselves from the Class.

| How do I get out of the proposed settlement? |
| --- |

To exclude yourself from the settlement Class, you must send a letter by mail stating that you "request exclusion from the Class in *Schnall v. Annuity and Life Re (Holdings) Ltd.*." Your letter should include the date(s), price(s), and number(s) of shares of all purchases and sales of ANR common stock during the Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, **2004** to:

Annuity and Life Re (Holdings), Ltd. Securities Litigation Exclusions
c/o The Garden City Group, Inc., Claims Administrator
P.O. Box 9000 #6254
Merrick, NY 11566-9000

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally

bound by anything that happens in this lawsuit, and you may be able to sue ANR and the other Released Parties in the future.

| If I do not exclude myself, can I sue ANR and the other Released Parties for the same thing later? |
| --- |

No. Unless you exclude yourself, you give up any rights to sue ANR and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2004**.

| If I exclude myself, can I get money from the proposed settlement? |
| --- |

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue or be part of a different lawsuit against ANR and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

| Do I have a lawyer in this case? |
| --- |

The Court ordered that the law firms of Scott + Scott, LLC in Colchester, Connecticut and Milberg Weiss Bershad & Schulman LLP in New York, New York will represent you and the other Class Members. These lawyers are called Plaintiffs' Co-Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| How will the lawyers be paid? |
| --- |

Plaintiffs' Counsel are moving the Court to award of attorneys' fees from the Settlement Fund in an amount not greater than one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $250,000 (including approximately $10,000 for the reasonable costs and expenses (including lost wages) of the Lead Plaintiffs directly relating to their representation of the Class), plus interest on such expenses at the same rate as earned by the Settlement Fund. Plaintiffs' Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and any proceedings subsequent to the Settlement Fairness Hearing.

13

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| How do I tell the Court that I do not like the proposed settlement? |
| --- |

If you are a Class Member, you can object to the proposed settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed settlement in the Annuity and Life Re (Holdings), Ltd. Securities Litigation. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases and sales of ANR common stock you made during the Class Period, and state the reasons why you object to the proposed settlement. Mail the objection to each of the following addresses postmarked no later than _____, 2004:

| COURT | PLAINTIFFS' CO-LEAD COUNSEL | SETTLING DEFENDANTS' COUNSEL |
| --- | --- | --- |
| Clerk of the Court<br>United States District Court<br>for the District of Connecticut<br>United States Courthouse<br>141 Church Street<br>New Haven, CT 06510 | David R. Scott, Esq.<br>SCOTT + SCOTT, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br><br>Beth Kaswan, Esq.<br>MILBERG WEISS<br>BERSHAD<br>& SCHULMAN LLP<br>One Pennsylvania Plaza<br>New York, NY 10119-0165 | Gary R. Battistoni, Esq.<br>DRINKER BIDDLE &<br>REATH LLP<br>One Logan Square<br>18th and Cherry Streets<br>Philadelphia, PA 19103-6996<br><br>Thorn Rosenthal, Esq.<br>CAHILL GORDON &<br>REINDEL LLP<br>80 Pine Street<br>New York, NY 10005-1702 |

| What is the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

---
When and where will the Court decide whether to approve the proposed settlement?
---

The Court will hold a Fairness Hearing at ___:_____ __.m. on ____day, _____, **2004**, at the United States District Court for the District of Connecticut, United States Courthouse, 141 Church Street, New Haven, Connecticut  06510, in Courtroom _____.  At this hearing the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Plaintiffs' Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

---
Do I have to come to the hearing?
---

No.  Plaintiffs' Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

---
May I speak at the hearing?
---

If you object to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include with your objection (see question [18] above) a statement saying that it is your "Notice of Intention to Appear in *Schnall v. Annuity and Life Re (Holdings) Ltd., et al.*"  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

---
What happens if I do nothing at all?
---

15

If you do nothing, you will get no money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Settling Defendants and the other Released Parties about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

Are there more details about the proposed settlement?

This notice summarizes the proposed settlement. More details are in a Stipulation and Agreement of Partial Settlement dated _____, 2004 (the "Stipulation"). You can get a copy of the Stipulation by writing to Beth Kaswan, Esq., Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza, New York, New York 10119-0165 or David R. Scott, Esq., Scott + Scott, LLC, 108 Norwich Avenue, P.O. Box 192, Colchester, Connecticut 06415, or by visiting *www.gardencitygroup.com*.

You also can call the Claims Administrator at 1-800-298-3208 toll free; write to Annuity and Life Re (Holdings), Ltd. Settlement, P.O. Box 9000 #6254, Merrick, NY 11566-9000; or visit the website at *www.gardencitygroup.com*, where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

How do I get more information?

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Connecticut, United States Courthouse, 141 Church Street, New Haven, Connecticut 06510, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Cash Settlement Amount and any interest earned thereon, and the Settlement Shares (if issued) or additional $2.5 million cash payment from ANR (or the proceeds of the sale of any or all of the Settlement Shares (if issued), if sold, and the interest and any dividends thereon) shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis

16

upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects the proposition that the price of ANR common stock was artificially inflated during the Class Period by various amounts as various disclosures were made. Plaintiffs' damages consultant concluded that the price of ANR common stock was inflated artificially by the amounts shown on Schedule 1 during the Class Period.

For purposes of the Settlement "Recognized Claims" will be calculated as follows:

1.    For shares of ANR common stock purchased during the Class Period and still owned as of the close of trading on November 19, 2002, "Recognized Claim" shall be the Plaintiffs' Contention of Alleged Inflation ("PCAI") per share on the date of purchase as shown on Schedule 1 for the date of purchase.

2.    For shares of ANR common stock purchased during the Class Period and sold at a loss on or before the close of trading on November 19, 2002, "Recognized Claim" shall be **the lesser of (x)** the Purchase Price Paid less the Sale Proceeds Received; **or (y)** the PCAI per share on the date of purchase (as shown on Schedule 1 for the date of purchase), less the PCAI per share on the date of sale (as shown on Schedule 1 for the date of sale).

To the extent a Claimant had a gain from his, her or its overall transactions in ANR common stock during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in ANR common stock during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in ANR common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount paid for all ANR common stock purchased during the Class Period by the claimant (the "Total Purchase Amount"); (ii) match any sales of ANR common stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining shares of ANR common stock sold during the Class Period (the "Sales Proceeds"); and (iv) ascribe a $2.24 per share holding value for the number of shares of ANR common stock purchased during the Class Period and still held at the end of the Class Period ("Holding Value"). The difference between (x) the Total Purchase Amount ((i) above) and the (y) sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in ANR common stock during the Class Period.

Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit an

17

acceptable Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Counsel.

Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SCHEDULE 1

## PLAINTIFFS' CONTENTION OF ALLEGED INFLATION ("PCAI")

| DATE(S) | PCAI | DATE(S) | PCAI | DATE(S) | PCAI |
|---|---|---|---|---|---|
| 03/15/2000 | $16.68 | 03/16/2000 | $19.36 | 03/17/2000 | $19.05 |
| 03/20 - 21/2000 | $17.55 | 03/22/2000 | $17.99 | 03/23/2000 | $17.93 |
| 03/24/2000 | $17.80 | 03/27/2000 | $17.05 | 03/28/2000 | $17.32 |
| 03/29/2000 | $17.99 | 03/30/2000 | $17.55 | 03/31/2000 | $17.93 |
| 04/03/2000 | $17.93 | 04/04/2000 | $18.93 | 04/05 - 06/2000 | $17.93 |
| 04/07/2000 | $18.55 | 04/10/2000 | $18.24 | 04/11/2000 | $18.36 |
| 04/12/2000 | $18.11 | 04/13/2000 | $17.36 | 04/14/2000 | $16.43 |
| 04/17 - 18/2000 | $16.80 | 04/19/2000 | $16.99 | 4/20 - 27/2000 | $7.63 |
| 05/01/2000 | $11.85 | 05/02/2000 | $10.23 | 05/03/2000 | $10.35 |
| 05/04-05/2000 | $9.11 | 05/08/2000 | $8.35 | 05/09/2000 | $8.61 |
| 05/10/2000 | $8.23 | 05/11/2000 | $8.11 | 05/12/2000 | $9.35 |
| 05/15/2000 | $12.23 | 05/16/2000 | $14.35 | 05/17/2000 | $15.61 |
| 05/18/2000 | $15.80 | 05/19/2000 | $15.11 | 05/22 - 24/2000 | $14.11 |
| 05/25 - 26/2000 | $15.11 | 05/30/2000 | $16.11 | 05/31 - 06/02/2000 | $16.05 |
| 06/05/2000 | $15.32 | 06/06/2000 | $15.55 | 06/07/2000 | $15.68 |

| DATE(S) | PCAI | DATE(S) | PCAI | DATE(S) | PCAI |
|---|---|---|---|---|---|
| 06/08/2000 | $15.43 | 06/09/2000 | $15.93 | 06/12/2000 | $16.18 |
| 06/13/2000 | $15.93 | 06/14 -15/2000 | $15.68 | 06/16/2000 | $15.86 |
| 06/19 - 20/2000 | $15.93 | 06/21/2000 | $15.99 | 06/22/2000 | $15.80 |
| 06/23/2000 | $15.93 | 06/26/2000 | $15.49 | 06/27 - 28/2000 | $15.68 |
| 06/29/2000 | $15.80 | 06/30/2000 | $16.43 | 07/03/2000 | $8.07 |
| 07/0502000 | $17.05 | 07/06/2000 | $16.99 | 07/07/2000 | $16.43 |
| 07/10/2000 | $16.05 | 07/11/2000 | $15.93 | 07/12/2000 | $14.35 |
| 07/13/2000 | $11.23 | 07/14/2000 | $12.11 | 07/17/2000 | $15.49 |
| 07/18/2000 | $15.30 | 07/19/2000 | $15.99 | 07/20/2000 | $15.68 |
| 07/21/2000 | $15.80 | 07/24/2000 | $15.69 | 07/25/2000 | $15.49 |
| 07/26/2000 | $15.86 | 07/27/2000 | $16.30 | 07/28/2000 | $16.46 |
| 07/28/2000 | $16.55 | 08/01/2000 | $15.93 | 08/02/2000 | $16.18 |
| 08/03/2000 | $16.18 | 08/04/2000 | $16.43 | 08/07/2000 | $16.11 |
| 08/08/2000 | $17.43 | 08/09/2000 | $18.55 | 08/10/2000 | $18.05 |
| 08/11/2000 | $17.99 | 08/14/2000 | $17.61 | 08/15/2000 | $17.68 |
| 08/16/2000 | $17.93 | 08/17/2000 | $17.30 | 08/18/2000 | $17.30 |
| 08/21/2000 | $17.68 | 08/22/2000 | $18.55 | 08/23/2000 | $18.43 |
| 08/24/2000 | $18.05 | 08/25/2000 | $17.93 | 08/28/2000 | $17.93 |
| 08/29/2000 | $17.18 | 08/30/2000 | $17.68 | 08/31/2000 | $18.18 |
| 09/01/2000 | $18.18 | 09/05/2000 | $18.11 | 09/06/2000 | $17.93 |
| 09/07/2000 | $17.86 | 09/08/2000 | $17.80 | 09/11/2000 | $17.80 |
| 09/12/2000 | $17.80 | 09/13/2000 | $9.47 | 09/14/2000 | $16.05 |
| 09/15/2000 | $16.74 | 09/18/2000 | $15.80 | 09/19/2000 | $16.55 |
| 09/20/2000 | $16.36 | 09/21/2000 | $16.43 | 09/22/2000 | $16.30 |
| 09/25/2000 | $16.05 | 09/26/2000 | $15.93 | 09/27/2000 | $15.68 |
| 09/28/2000 | $15.49 | 09/29/2000 | $16.05 | 10/02/2000 | $17.18 |
| 10/03/2000 | $16.86 | 10/04/2000 | $16.80 | 10/05/2000 | $15.93 |
| 10/06/2000 | $15.93 | 10/09/2000 | $15.61 | 10/10/2000 | $15.55 |
| 10/11/2000 | $15.49 | 10/12/2000 | $15.36 | 10/13/2000 | $15.55 |
| 10/16/2000 | $15.74 | 10/17/2000 | $15.30 | 10/18/2000 | $15.30 |
| 10/19/2000 | $15.43 | 10/20/2000 | $15.55 | 10/23/2000 | $16.30 |
| 10/24/2000 | $17.05 | 10/25/2000 | $17.36 | 10/26/2000 | $17.83 |
| 10/27/2000 | $18.55 | 10/30/2000 | $18.43 | 10/31/2000 | $19.49 |
| 11/01/2000 | $20.05 | 11/02/2000 | $20.11 | 11/03/2000 | $18.55 |
| 11/06/2000 | $17.93 | 11/07/2000 | $17.93 | 11/08/2000 | $17.86 |
| 11/09/2000 | $17.05 | 11/10/2000 | $17.18 | 11/13/2000 | $16.93 |
| 11/14/2000 | $17.61 | 11/15/2000 | $17.55 | 11/16/2000 | $17.86 |
| 11/17/2000 | $17.93 | 11/20/2000 | $17.80 | 11/21/2000 | $18.43 |
| 11/22/2000 | $18.07 | 11/24/2000 | $18.11 | 11/27/2000 | $18.11 |

19

| DATE(S) | PCAI | DATE(S) | PCAI | DATE(S) | PCAI |
|---|---|---|---|---|---|
| 11/28/2000 | $17.93 | 11/29/2000 | $17.99 | 11/30/2000 | $17.86 |
| 12/01/2000 | $17.99 | 12/04/2000 | $17.99 | 12/05/2000 | $18.05 |
| 12/06/2000 | $17.93 | 12/07/2000 | $17.86 | 12/08/2000 | $17.86 |
| 12/11/2000 | $18.61 | 12/12/2000 | $18.74 | 12/13/2000 | $19.05 |
| 12/14/2000 | $18.93 | 12/15/2000 | $18.93 | 12/18/2000 | $19.30 |
| 12/19/2000 | $19.18 | 12/20/2000 | $20.24 | 12/21/2000 | $20.35 |
| 12/22/2000 | $20.35 | 12/26/2000 | $20.35 | 12/27/2000 | $20.35 |
| 12/28/2000 | $20.35 | 12/29/2000 | $20.35 | 01/02/2001 | $20.35 |
| 01/03/2001 | $20.35 | 01/04/2001 | $20.35 | 01/05/2001 | $20.35 |
| 01/08/2001 | $20.35 | 01/09/2001 | $20.35 | 01/10/2001 | $20.35 |
| 01/11/2001 | $20.35 | 01/12/2001 | $20.35 | 01/16/2001 | $20.35 |
| 01/17/2001 | $19.36 | 01/18/2001 | $20.35 | 01/19/2001 | $19.43 |
| 01/22/2001 | $19.93 | 01/23/2001 | $19.80 | 01/24/2001 | $19.02 |
| 01/25/2001 | $20.05 | 01/26/2001 | $19.24 | 01/29/2001 | $18.93 |
| 01/30/2001 | $18.61 | 01/31/2001 | $19.80 | 02/01/2001 | $20.35 |
| 02/02/2001 | $20.35 | 02/05/2001 | $20.35 | 02/06/2001 | $20.35 |
| 02/07/2001 | $20.35 | 02/08/2001 | $20.35 | 02/09/2001 | $20.19 |
| 02/12/2001 | $20.35 | 02/13/2001 | $20.35 | 02/14/2001 | $19.80 |
| 02/15/2001 | $20.35 | 02/16/2001 | $20.30 | 02/20/2001 | $19.80 |
| 02/21/2001 | $19.86 | 02/22/2001 | $19.55 | 02/23/2001 | $19.99 |
| 02/26/2001 | $19.93 | 02/27/2001 | $19.86 | 02/28/2001 | $20.05 |
| 03/01/2001 | $20.35 | 03/02/2001 | $20.35 | 03/05/2001 | $20.35 |
| 03/06/2001 | $20.35 | 03/07/2001 | $20.35 | 03/08/2001 | $20.35 |
| 03/09/2001 | $20.35 | 03/12/2001 | $20.35 | 03/13/2001 | $20.35 |
| 03/14/2001 | $20.35 | 03/15/2001 | $20.35 | 03/16/2001 | $20.30 |
| 03/19/2001 | $20.24 | 03/20/2001 | $20.05 | 03/21/2001 | $20.35 |
| 03/22/2001 | $20.35 | 03/23/2001 | $20.35 | 03/26/2001 | $20.35 |
| 03/27/2001 | $20.35 | 03/28/2001 | $20.35 | 03/29/2001 | $20.35 |
| 03/30/2001 | $20.35 | 04/02/2001 | $20.35 | 04/03/2001 | $20.35 |
| 04/04/2001 | $20.35 | 04/05/2001 | $20.35 | 04/06/2001 | $20.35 |
| 04/09/2001 | $20.35 | 04/10/2001 | $20.35 | 04/11/2001 | $19.94 |
| 04/12/2001 | $20.35 | 04/16/2001 | $19.92 | 04/17/2001 | $20.28 |
| 04/18/2001 | $20.35 | 04/19/2001 | $20.35 | 04/20/2001 | $19.42 |
| 04/23/2001 | $19.88 | 04/24/2001 | $20.09 | 04/25 - 10/25/2001 | $20.35 |
| 10/26 - 10/29/2001 | $11.44 | 10/30/2001 | $10.77 | 10/31/2001 | $11.36 |
| 11/01 - 12/2001 | $11.44 | 11/13/2001 | $11.11 | 11/14/2001 | $11.27 |
| 11/15/2001 | $11.12 | 11/16/2001 | $10.97 | 11/19/2001 | $9.92 |
| 11/20/2001 | $10.42 | 11/21/2001 | $11.39 | 11/23 - 12/18/2001 | $11.44 |
| 12/19/2001 | $11.38 | 12/20/2001 | $11.44 | 12/21/2001 | $11.38 |
| 12/24/2001 - 01/15/2002 | $11.44 | 01/16 - 07/25/2002 | $7.63 | 07/26/2002 | $1.88 |
| 07/29 - 07/30/2002 | $2.81 | 07/31/2002 | $2.42 | 08/01/2002 | $2.25 |
| 08/02/2002 | $2.02 | 08/05/2002 | $2.16 | 08/06/2002 | $2.11 |

| DATE(S) | PCAI | DATE(S) | PCAI | DATE(S) | PCAI |
|---|---|---|---|---|---|
| 08/07/2002 | $2.22 | 08/08/2002 | $2.20 | 08/08/2002 | $2.12 |
| 08/12/2002 | $2.10 | 08/13/2002 | $2.27 | 08/14/2002 | $2.28 |
| 08/15/2002 | $2.81 | 08/16 - 27/2002 | $1.88 | 08/28/2002 | $1.76 |
| 08/29/2002 | $1.51 | 08/30/2002 | $1.44 | 09/03/2002 | $1.63 |
| 09/04 - 10/03/2002 | $1.88 | 10/04/2002 | $1.87 | 10/07 - 08/2002 | $1.76 |
| 10/09/2002 | $1.46 | 10/10/2002 | $1.53 | 10/11 - 11/07/2002 | $1.88 |
| 11/08/2002 | $1.40 | 11/11/2002 | $1.35 | 11/12/2002 | $1.52 |
| 11/13/2002 | $1.01 | 11/14/2002 | $1.27 | 11/15/2002 | $1.41 |
| 11/18/2002 | $1.51 | 11/19/2002 | $1.84 | | |
| | | | | | |

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Annuity and Life Re (Holdings), Ltd. Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6254
Merrick, NY 11566-9000
(800) 298-3208

Dated:        New Haven, Connecticut
_____, 2004

By Order of the Court
CLERK OF THE COURT