# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERRY SCHNALL, Individually and On )
Behalf of All Others Similarly Situated, )
)
)
Plaintiffs, )
)
)
v. )
)
ANNUITY AND LIFE RE (HOLDINGS), )
LTD., XL CAPITAL, LTD., LAWRENCE S. )
DOYLE, FREDERICK S. HAMMER, JOHN )
F. BURKE, WILLIAM W. ATKIN, BRIAN )
O'HARA, AND MICHAEL P. ESPOSITO, JR., )
)
Defendants. )

AFFIDAVIT OF DONALD B. LEWIS, ESQUIRE
IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND
DISBURSEMENTS FILED ON BEHALF OF
LAW OFFICES OF DONALD B. LEWIS

COMMONWEALTH OF PENNSYLVANIA)
                              ss.:
COUNTY OF MONTGOMERY         )

DONALD B. LEWIS, being first duly sworn, deposes and says:

1. I am a member of and the sole principal in the Law Offices of Donald B. Lewis. I submit this affidavit in support of my firm's application for an award of attorney's fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm acted as one of plaintiff's counsel in this action, specifically counsel for plaintiff Irving I. Lassoff. My firm undertook a pre-complaint investigation of the case, met with

and prepared a complaint and certification on Mr. Lassoff's behalf, and monitored the case on behalf of Mr. Lassoff.

3. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, attorneys and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4. The hourly rates for partners, attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other securities or shareholder litigation.

5. The total number of hours expended on this litigation by my firm is 32.9 hours. The total lodestar for my firm is $16,285.50, consisting of $ 16,285.50 for attorneys' time.

6. My firm's lodestar figures are based upon the firm's billing rates, which do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7. As detailed in Exhibit 2, my firm has incurred a total of $ 198.88 in unreimbursed expenses in connection with the prosecution of this litigation.

8. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

9. With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

                                                  _____
                                                  DONALD B. LEWIS, ESQUIRE

Sworn to before me this
29th day of November, 2004

_____
Notary Public

NOTARIAL SEAL
Raymond W. Stefenack, III, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires January 8, 2006

# EXHIBIT 1

EXHIBIT 1

<u>Schnall v. Annuity and Life Re (Holdings), Ltd., et al.,</u> Civil Action No. 02 CV 2133 (EBB)

<u>LAW OFFICES OF DONALD B. LEWIS</u>

TIME REPORTING -- Inception through November 29, 2004

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS:** | | | |
| Donald B. Lewis | 32.9 | $495 | $16,285.50 |
| **ATTORNEYS:** | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| **TOTAL LODESTAR** | | | $16,285.50 |

# EXHIBIT 2

EXHIBIT 2

<u>EXPENSE SCHEDULE</u>

<u>Schnall v. Annuity and Life Re (Holdings), Ltd. et al.</u>, Civil Action No. 02 CV 2133 (EBB)

<u>LAW OFFICES OF DONALD B. LEWIS</u>

**EXPENSE REPORT** -- Inception through November 29, 2004

| <u>Categories</u> | <u>Amount</u> |
|---|---|
| Photocopies/Reproduction.................. | $ 68.75 |
| Postage/Notice Costs...................... | 2.72 |
| Telephone................................. | 6.72 |
| Messengers/Express Services............... | 25.69 |
| Meals, Hotels and Transportation.......... | 4.00 |
| Facsimile Charges......................... | 87.00 |
| Notary fees............................... | 4.00 |
| **TOTAL EXPENSES** | $198.88 |

# EXHIBIT 3

Case 3:02-cv-02133-EBB   Document 189-10   Filed 01/14/2005   Page 9 of 18

EXHIBIT 3

## LAW OFFICES OF DONALD B. LEWIS

**DONALD B. LEWIS**

Donald B. Lewis is a 1969 graduate of the University of Virginia, where he received a Bachelor of Arts degree with highest honors and was elected to Phi Beta Kappa and the Raven Society. Mr. Lewis is a 1974 graduate of the University of Pennsylvania Law School, where he was elected to the Order of the Coif and graduated <u>cum laude</u>. He was elected Comment Editor of the University of Pennsylvania Law Review, and authored two published comments, including a section of <u>Professional Negligence</u>, 121 U.Pa. L. Rev. 627 (1973).

From 1974 to 1976, Mr. Lewis served as Law Clerk to the Honorable Frank A. Kaufman, in the United States District Court for the District of Maryland. Thereafter, Mr. Lewis spent over four years as an associate in the litigation department of the Philadelphia firm of Schnader, Harrison, Segal & Lewis, where he was actively involved in the defense of securities, antitrust and other complex commercial litigation, including <u>In Re Magic Marker Securities Litigation</u>, Civil Action No. 77-3155 (E.D. Pa.); <u>Shanno, et al. v. Magee Industrial Enterprises, Inc.</u>, Civil Action No. 79-2038 (E.D. Pa.); <u>Shoe Barn Antitrust Litigation</u>, Civil Action No. 78-1666 (E.D. Pa.); <u>Superior Coal Co. v. Ruhrkohle A.G. et al.</u>, Civil Action No. 78-51 (E.D. Pa.); and <u>Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.</u> ("<u>In Re LNG Litigation</u>"), Civil Action No. 79-2516 (E.D. La.).

Mr. Lewis then joined the firm of Greenfield & Schoen, later Greenfield, Chimicles & Lewis, where he actively participated in and conducted the prosecution of securities fraud and derivative litigation. Mr. Lewis was actively involved in the prosecution of Wolfson, et al. v. Riley, et al., Civil Action No. C79-642 (N.D. Ohio), certified as a class action at 31 F.R. Serv. 2d 1114 (N.D. Ohio 1981) and later settled for $3,200,000. Mr. Lewis principally conducted the litigation of Pompeo v. Hefner, No. 82-6306 (Del. Chancery). He was designated co-lead counsel for the class plaintiffs in a consolidated class action and derivative litigation captioned Blumberg, et al. v. Jacob, et. al., Case No. C-2-82-184 (S.D. Ohio) ("In Re Dayco Litigation"), in which the class claims were settled for $1,375,000. Mr. Lewis principally conducted the litigation of and served as principal trial counsel in Peil v. Speiser, Civil Action No. 82-1289 (E.D. Pa.), a securities fraud class action suit in which on appeal the Third Circuit for the first time adopted the fraud-on-the-market theory, at 806 F.2d 1154 (3d Cir. 1986). Other significant judicial decisions in the Peil litigation are reported at 567 Supp. 1 (E.D. Pa. 1962) and 97 F.R.D. 657 (E.D. Pa. 1983).

Mr. Lewis withdrew as a partner in Greenfield, Chimicles & Lewis in November 1984. After establishing his own practice in January 1985, he principally conducted the litigation of Gilbert v. Prudential-Bache Securities, Inc., in which a settlement of $350,000 (approximately 50% of classwide loss) was approved by Chief Judge Fullam on January 28, 1987. In the course of the

2

Gilbert litigation, the Third Circuit upheld a claim under the Racketeer Influenced Corrupt Organizations Act at 769 F. 2d 940 (3d Cir. 1985). Other significant reported decisions in the Gilbert litigation appear at [1984 Transfer Binder] (CCH) Fed. Sec. L. Rep. ¶ 91,931 (E.D. Pa. 1985) and at 643 F. Supp. 107 (E.D. Pa. 1986). Mr. Lewis was co-counsel with Berger & Montague for the lead plaintiff in Spatola v. Dell, No. 85-6059) (In Re First Jersey Securities Inc. Litigation), in which a $10 million settlement was approved by Judge Weiner. Mr. Lewis was also co-counsel for plaintiff and the class in Sherin v. Gould, Civil Action No. 86-3652, in which a $1,575,000 settlement was approved by Judge Newcomer. Significant reported decisions in Sherin appear at 115 F.R.D. 171 (E.D. Pa. 1987) and (CCH) Fed. Sec. L. Rep. ¶¶ 93,582 and 93,583. He was counsel in Zlotnick v. TIE Communications, (CCH) Fed. Sec. L. Rep. ¶ 93,575 (3d Cir. 1988), in which the Third Circuit for the first time held that short sellers of securities have standing to sue under the federal antifraud statutes.

  Mr. Lewis served as chairman of Plaintiffs' Executive Committee in In re ORFA Securities Litigation, Civil Action No. 86-1121 (D.N.J.), in which Judge Stanley S. Brotman upheld a derivative claim for insider trading and certified both federal and common law claims for class action treatment. 654 F. Supp. 1449 (D.N.J. 1987). In March 1989, a settlement valued in excess of $2,500,000 was approved by Judge Brotman. Mr. Lewis was also co-counsel for plaintiffs in In re Shared Medical Systems Corporation Litigation, Master File 87-5601 (E.D. Pa.), in which Judge Gawthrop

in March 1989 approved a $5,000,000 settlement in the action; in <u>In re New York City Shoes Securities Litigation</u>, Civil Action No. 87-4677 (E.D. Pa.), in which Judge Newcomer in 1989 approved a $1,750,000 settlement; and in <u>In Re SmithKline Beckman Securities Litigation</u>, Civil Action No. 88-7474, in which Judge Broderick approved a $22,000,000 settlement. He was a member of the Executive Committee in <u>In Re Philadelphia Electric Company Derivative Litigation</u> (C.P. Phila.), a derivative suit arising out of the shutdown of the Peach Bottom nuclear power plant of the Philadelphia Electric Company, in which a $34,000,000 derivative settlement was approved. Mr. Lewis was also Lead Counsel in <u>In Re: National Media Securities Corporation Litigation</u>, Civil Action 90-7574 (E.D. Pa.), a class action securities fraud proceeding in which a settlement valued at over $2,700,000 was approved by Chief Judge Bechtle. In connection with the award of fees in National Media, Chief Judge Bechtle commended the high caliber of plaintiffs' counsels' work throughout the course of the litigation and specifically noted the efforts of Lead Counsel in effectuating the settlement.

   Mr. Lewis was co-counsel for a class of options holders in <u>RJR Nabisco Inc. Securities Litigation</u>, No. 88 Civ. 7905 (MBM) (S.D.N.Y.), in which an overall settlement of $72,500,000 was approved. He was one of counsel for plaintiffs in <u>Hoxworth v. Blinder, Robinson & Co., Inc.</u>, 980 F.2d 912 (3d Cir. 1992), in which the Third Circuit affirmed a broad class certification and in which the Class obtained a judgment of over $22 million. He was

4

also counsel for plaintiffs in <u>Town Sound & Custom Tops, Inc. v. Chrysler Motors Corporation</u>, Civil Action 88-0083 (E.D. Pa.), a class action brought pursuant to the tying provisions of the antitrust laws, in which certiorari was denied following an adverse but landmark decision of a divided <u>en banc</u> Court of Appeals for the Third Circuit, reported at 959 F.2d 468 (1992).

Mr. Lewis was sole counsel for the Class in <u>Friedman v. Lansdale Parking Authority</u>, a case involving alleged securities fraud in connection with a municipal bond redemption, in which the grant of class certification is reported at (CCH) Fed. Sec. L. Rep. ¶97,801 (E.D. Pa. Aug. 30, 1993). He was principal counsel for the Class in <u>Cruise v. Condor Services, Inc.</u>, Case No. CV94-832 (D. Ariz.), in which a settlement of $493,750 was approved by Judge Bilby on March 11, 1996. In each of the foregoing cases, class members submitting claims received at least 100% of their recognized losses.

Mr. Lewis was also co-counsel for plaintiffs in <u>Ossmann v. Diana Corporation</u>, No. 3-9-CV94 (D. Minn.), and in <u>Freeman v. Palace Casinos, Inc.</u>, No. 4-94-CV-889 (D. Minn.), in the latter of which a settlement valued in excess of $2,150,000 was approved in October by Judge Rosenbaum.

Mr. Lewis was co-counsel for plaintiffs in <u>Levine v. Metal Recovery Technologies, Inc.</u>, (D. Del.), in which the court issued a series of opinions affirming the breadth of Section 10(b) liability, [Current] Fed. Sec. L. Rep. (CCH) ¶90, 253, 254, 255

(D. Del. June 30, 1998), and in May 2000 approved a class settlement with an estimated value of over $3,000,000.

Mr. Lewis has also been co-counsel for plaintiffs in Stevens v. O'Brien Environmental Energy, Inc., Civil Action No. 94-4577 (E.D.Pa.), in which Judge O'Neill on May 10, 1999 (at (CCH) Fed. Sec. L. Rep. ¶90,475) denied a motion to dismiss an insider trading claim, and later approved settlements aggregating approximately $2 million, which providing an estimated 40% return of loss to injured investors, including an over 100% return to investors in an insider trading subclass.

Mr. Lewis served as local and co-counsel for plaintiff in Goldstein v. Lincoln National Convertible Securities Fund, Civil Action No. 00-2653 (E.D. Pa.), in which Judge Jan E. Dubois on April 27, 2001 after trial granted plaintiff's request for an injunction setting aside an election for the Board of Directors. He is sole counsel for plaintiff in Gintowt v. TL Ventures, et al., Case No. 02-CV-746 (E.D. Pa.), in which Judge Baylson on December 31, 2002 denied defendants' motion to dismiss claims brought pursuant to the Racketeer-Influenced Corrupt Organizations Act.

Mr. Lewis has also been active in Pennsylvania state court class action cases. He was sole counsel for the Class in Lewin v. Saidel (Metrobank Litigation), Case No. 96-04-SD-0015, in which a proxy fraud class was certified on December 19, 1997, and in which a $375,000 settlement plus accrued interest was approved on October 12, 1999. Mr. Lewis was liaison counsel for plaintiffs and the Class in Cicarell v. Provident Mutual Life Insurance

6

Company, April Term 1996 No. 0037, in which the Court on January 29, 2001 approved a class settlement proving an estimated $45 million in benefits to a nationwide class of Provident Mutual policyholders, found all plaintiffs' counsel's current billing rates reasonable, and awarded plaintiff's counsel a fee which provided for a multiple of over 2.3 on those rates. He is co-counsel and Liaison Counsel for the Class in Butler v. Provident Mutual Life Insurance Company, January Term 1999, No. 780 (C.P. Phila.), in which the Court at plaintiffs' request enjoined Provident Mutual from a adopting a proposed change to its corporate structure which would not have provided for financial benefits top Provident's policyholders. Spurred by the efforts of plaintiff's counsel, Provident later entered into a transaction through which it distributed financial benefits valued at over $1 billion to the Class, following which Judge Stephen E. Levin on April 17, 2003 approved a settlement of the litigation. Mr. Lewis was principal counsel for a Class in Boylan v. City of Philadelphia (In Re: Bulk-Filer Litigation), February Term 1996, No. 0063, a case challenging the legitimacy of certain filing fees imposed by the Department of Records of the City of Philadelphia and by a group of title insurance companies, in which the Court approved two separate settlements.

Mr. Lewis has also successfully represented claimants in arbitration matters involving both securities law claims and employment claims.

Mr. Lewis continues to be actively engaged in the prosecution of diverse plaintiffs' securities, antitrust, consumer fraud, derivative and other complex litigation in the United States District Court for the Eastern District of Pennsylvania, the Court of Common Pleas of Philadelphia County and elsewhere in the state and federal courts of the United States.

Mr. Lewis has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and for the District of Maryland, the United States Courts of Appeals for the Third, Fourth and Eighth Circuits, the Supreme Court of the Commonwealth of Pennsylvania and the Supreme Court of the United States. He is a member of the American Bar Association and its Litigation Section. Mr. Lewis is also a member of the Philadelphia Bar Association.

Mr. Lewis has authored two articles with respect to attorney-client privilege issues in securities litigation, namely, "Garner is Alive and Well in Securities Litigation," published in the July 1983 edition of the <u>American Bar Association Journal</u>, p. 903, and "The Availability of the Attorney-Client and Work Product Privileges in Shareholder Litigation," published at 32 <u>Cleveland State Law Review</u> 189 (1984). In the field of derivative litigation, Mr. Lewis authored Trial Balloon, <u>In Restrained Praise of the Derivative Suit</u>, Litigation Magazine 3 (Fall, 1985). He has

also published Op-Ed commentary with respect to the Racketeer Influenced Corrupt Organizations Act ("Congress Should Leave the RICO Act Alone," Philadelphia Inquirer, December 12, 1985) and with respect to insider trading issues ("Ruling Provides New Remedies for Insider Trading"), The Legal Intelligencer, March 18, 1987.