# EXHIBIT K

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRY SCHNALI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 02 CV 2133 (EBB) |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDRICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

-----------------------------------------------------)

## AFFIDAVIT OF CURTIS V. TRINKO IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS FILED ON BEHALF OF LAW OFFICES OF CURTIS V. TRINKO, LLP

| | | |
|---|---|---|
| **STATE OF NEW YORK** | ) | |
| | ) | **ss:** |
| **COUNTY OF NEW YORK** | ) | |

**I, CURTIS V. TRINKO**, being first duly sworn, deposes and says:

1.      I am a member of the law firm entitled the Law Offices Of Curtis V. Trinko, LLP. I submit this affidavit in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2.     My firm acted as an assisting counsel and personal counsel to plaintiff Irving Lassoff in this class action.  The tasks undertaken by my firm can be summarized as follows:

Extensive discussions with co-counsel (D.Lewis) regarding claims involving Annuity and Life Re Holdings and client's information; review complaints in related matters,  background articles, news reports and analyst's statements regarding Company; extensive research and assistance in preparation of client's complaint; tel calls and discussions regarding retention of Connecticut counsel; assistance in preparation of certificate and retainer agreement; tel calls with D. Lewis regarding client's concerns on viability of Company; extensive research on Company's price volatility and preparation of memoranda on Company's pricing history and activity,  as well as reasons for price volatility; review of motion to dismiss papers; opinions of Judge Goettel denying motions to dismiss;  review Answers of defendants; review papers in support of partial settlement (except for KPMG); tel. calls with lead counsel and D. Lewis regarding terms of settlement and client's concerns on settlement.

3.     The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the  attorneys and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.  The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.  Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4.     The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-

contingent matters, and/or which have been accepted and approved in other securities or shareholder litigation.

5.    The total number of hours expended on this ligation by my firm is 55.4 hours. The total lodestar for my firm is $17, 118.00, consisting of $ 8, 670.00 for attorneys' time and $8,448.00 for professional support staff time.

6.    My firm's lodestar figures are based upon the firm's billing rates, which rates do no include charges for expenses items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.    As detailed in Exhibit 2, my firm has incurred a total of $ 894.75   in un-reimbursed expenses in connection with the prosecution of this litigation.

8.    The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

9.    With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and the legal personnel  attorneys in my firm who were principally involved in this litigation.

**CURTIS V. TRINKO**

**Sworn to before me this 1st day
of December, 2004.**

**Notary Public**

Lora A. del Pino
Notary Public - State of New York
Qualified in Richmond County
Commission No: 01DE6105649
Expires: February 17, 20__

3

**EXHIBIT 1**

# EXHIBIT 1

**Schnall v. Annuity and Life Re (Holdings), Ltd., et al., Civil Action No. 02 CV 2133 (EBB)**

## LAW OFFICES OF CURTIS V. TRINKO, LLP

### TIME REPORT - Inception through November 29, 2004

| NAME | TOTAL HOURS | HOURLY RATE | TOTAL LODESTAR |
|------|-------------|-------------|----------------|
|  |  |  |  |
| **PARTNERS:** |  |  |  |
| Curtis V. Trinko | 17.0 | $510.00 | $ 8, 670.00 |
|  |  |  |  |
| **ATTORNEYS:** |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **PROFESSIONAL SUPPORT STAFF:** |  |  |  |
| David M. Romero | 38.4 | $ 220.00 | $ 8, 448.00 |
|  |  |  |  |
| **TOTAL LODESTAR:** | 55.4 | ---------------- | $17,118.00 |

**EXHIBIT 2**

**EXHIBIT 2**

**Schnall v. Annuity and Life Re (Holdings), Ltd., et al., Civil Action No. 02 CV 2133 (EBB)**

**LAW OFFICES OF CURTIS V. TRINKO, LLP**

**EXPENSE REPORT - Inception through November 29, 2004**

<u>**EXPENSES**</u>**:**

```
    Postage/Notice Cost   . . . . . . . . . . . . . . $ 6.50
    Photocopies   . . . . . . . . . . . . . . . . . . $167.50
    L.D. Telephone & Fax   . . . . . . . . . . . . . $30.75
    Research   . . . . . . . . . . . . . . . . . . . . 630.00
    Secretarial Overtime   . . . . . . . . . . . . . . 60.00
```

**TOTAL EXPENSES:  . . . . . . . $894.75**

**EXHIBIT 3**

## THE LAW OFFICES OF CURTIS V. TRINKO, LLP

### FIRM RESUME

The LAW OFFICES OF CURTIS V. TRINKO, LLP is an AV-rated law firm which specializes in complex commercial litigation, and particularly, litigation involving violations of federal and state securities and corporate laws, as well as claims involving officers' and directors' liability, corporate governance practices and procedures, and claims of excessive executive and advisory compensation. The firm has directly participated in the recovery of substantial settlements on behalf of defrauded shareholders injured by illegal corporate activities, or shareholders denied the appropriate valuation for their equity ownership in the wake of successful and/or attempted corporate buy-outs, takeovers and other transactions involving corporate restructurings, asset sales and/or mergers and acquisitions. Moreover, the firm's efforts have assisted in restoring many millions of dollars to corporate treasuries depleted by the illegal practices and/or breaches of fiduciary duties by their corporate officers and directors. The firm has also represented both individual and corporate defendants in numerous securities class actions, investor claim-related litigation, shareholder derivative litigation, and other commercial litigation.

In addition, the firm has pursued litigation on behalf of defrauded consumers, for violations of the federal antitrust laws, on behalf of mass tort victims, to remedy human rights violations, as well as on behalf of Holocaust victims, those afflicted with Gulf War Syndrome, and those harmed by the Bhopal Gas Disaster.

### CURTIS V. TRINKO

For the past twenty-two years, Mr. Trinko, the principal of the firm, has personally been actively involved in class action and derivative securities, as well as consumer, mass-tort,

1

environmental, and antitrust litigation in many Federal District Courts and State Courts throughout the United States. In fact, Mr. Trinko has had significant involvement in approximately 350 such complex litigations. Moreover, he has also been extensively engaged in general commercial litigation in both Federal and State Courts for the past twenty-seven years.

Curtis V. Trinko graduated from New York University School of Law in 1974, where he was both a Root-Tilden Scholar and a Research Fellow at the Center for International Studies. He received his B.A. Degree with Honors from the University of Wisconsin-Madison in 1971. From 1974-1975, he clerked with the Hon. Thomas R. McMillen, a United States District Judge, then sitting in the Northern District of Illinois. In 1975, he was admitted to the Bar of the State of New York, to the Bars of the U.S. District Courts for the Southern and Eastern Districts of New York, and to the Bar of the U.S. Court of Appeals for the Second Circuit. Since then, Mr. Trinko has also been admitted to the Bars of the U.S. Courts of Appeals for the Ninth Circuit and Eleventh Circuit, the Bars of the U.S. District Court for the Northern District of California and Colorado, as well as the Bar of the United States Supreme Court. Prior to establishing his own law practice, he was a member of Rouhana & Trinko, A Professional Corporation. Prior thereto, Mr. Trinko was affiliated with the law firm now known as Abbey Gardy, LLP, and he had been a litigation associate at Milbank, Tweed, Hadley & McCloy and Golenbock and Barell in New York City.

## LORI E. COLANGELO

Lori E. Colangelo, associated with the firm, graduated from New York Law School in 1991. Ms. Colangelo received her B.A. degree from Georgetown University in 1980. In April of 1992, she was admitted to the Bar of the State of New York. In October, 1995, she was admitted to the Bar of the U.S. District Court for the Southern District of New York. Since her initial affiliation

2

with the Law Offices of Curtis V. Trinko, LLP in October of 1984, Ms. Colangelo has been involved in extensive research and analysis for the prosecution and defense of shareholder and investor-related claims, consumer claims, antitrust violations, and corporate commercial claims, as well as having had significant involvement in pretrial motion practice, document discovery, the preparation of complaints, as well as participating in other phases of the discovery process in numerous shareholder and investor-related litigations as well as other complex litigations.

## NEAL A. DeYOUNG

Neal A. DeYoung, "Of Counsel" to the firm, graduated from Boston University School of Law in 1986. Mr. DeYoung received his B.A. degree from Northwestern University in 1983. In 1987, he was admitted to the Bar of the State of New York, as well as the Bars of the U.S. District Courts for the Southern and Eastern Districts of New York. In 1989, Mr. DeYoung was admitted to the Bar of the District of Columbia, and is a member of the Bar of the U.S. Court of Appeals for the Eleventh Circuit. In addition to shareholder and investor-related claims, Mr. DeYoung is also a commercial and real estate litigator, representing corporations, partnerships and individuals in business, real estate and collection disputes in state and federal courts. Since 1987, Mr. DeYoung has been involved in numerous investor-related, consumer, antitrust, and corporate governance cases.

## DAVID ROMERO

David Romero, Litigation Resources Manager for the firm, graduated from Cornell University, College of Arts & Sciences, in 1979 in the College Scholar Program with concentrations in Physics and Philosophy. His responsibilities at the firm include the application of diverse technological, scientific and computerized resources to facilitate research and information management through all phases of complex class action, and commercial litigation, including,

3

activities related to securities fraud violations, antitrust violations, environmental claims, and seeking remedies for human rights and Holocaust victims.  Prior to becoming affiliated with the firm in 1998, Mr. Romero maintained similar responsibilities at both plaintiff and defense oriented law firms, including Goodkind Labaton Rudoff & Sucharow and White & Case, where he also specialized in mass tort, mergers & acquisition and intellectual property matters.  Mr. Romero also has broad experience in the preparation of expert witnesses in various scientific and technical disciplines, and has extensive in-court hearing, trial and appellate experience, including in the Exxon Valdez Oil Spill Litigation, the Bhopal Gas Disaster Litigation, Breast Implant Litigation, and Mass-Tort Tobacco Litigation.

### JEFFREY B. SILVERSTEIN

Jeffrey B. Silverstein, "Of Counsel" to the firm,  graduated from New York Law School in 1991.  Mr. Silverstein received his B.A. Degree from New York University in 1985.  In April of 1992, he was admitted to the Bar of the State of New York, and in December of 1992, he was admitted to the Bar of the State of Florida.  Prior to first becoming affiliated with The Law Offices of Curtis V. Trinko in July, 1994,  Mr. Silverstein was associated with F. Lee Bailey and Aaron J. Broder in New York City.  In the late 1990s , Mr. Silverstein became affiliated with Wechsler, Harwood, Halebian & Feffer, LLP, and was later the General Counsel for a dot.com enterprise based in New York.  In 2001, Mr. Silverstein became reaffiliated with the Trinko firm.

During his affiliations with the Law Offices of Curtis V. Trinko, Mr. Silverstein has had significant involvement in discovery and motion practice in a number of shareholder and investor litigations, corporate governance matters, and complex commercial actions.

## PAST AND PRESENT LITIGATION

This firm has actively litigated, and has been approved as class or derivative counsel in the prosecution of various securities class action suits or derivative actions, such as: Solash v. Lionel Corp, 89 Civ. 7760 (S.D.N.Y.) (recovery of $1.4 million); In Re Amdahl Securities Litigation, Master File No. C-92-20609-JW (EAI) (N.D. Cal.) (recovery of $13 million); Landes v. Goodfriend, 3-93-CV-698 (E.D.TN) (recovery of $3.2 million); In Re RasterOps Corporation Securities Litigation, C.A. No. C-92-20349-RM W (EAI) (N.D. Cal. 1992) (recovery of $6.5 million); MacDavid v. Figgie, 93 CV-001798, 94-L-08) (Ct. of Common Pleas Lake County of Ohio) (Mitrovich, J.) (recovery of $3.3 million on behalf of Company, the release of Employment Agreement rights as to base pay, bonuses, incentive pay, consulting fees, restricted stock and deferred compensation by various individual defendants, the creation of Committee to review Board's performance and structure to ensure a majority of independent directors, and the reduction of the Board's operating expenses by a minimum of $200,000); In Re Nord Resources Corporation Securities Litigation, Case No. C-3-90-380 (S.D. Ohio) (recovery of $4.75 million); Telerate, Inc. Shareholder Litigation, Civ. 1115 (Del. Ch. 1989) (benefit of $95 million); Korf v. The Cooper Companies, Inc., Civ. Action No. 89 Civ. 5892 (MGC) (S.D.N.Y.) (recovery of $1.7 million); In Re National Health Laboratories, Securities Litigation, Master File No. Civ. No. 92-1949-H (CM); (SD. CA) (recovery of $64 million); In Re T$^2$ Medical, Inc. Shareholder Litigation, Master File No. 1:94-CV-744-RLV (N.D. Ga.) (recovery of $7 million); Fort Howard Shareholder Litigation, No. 999 (Del. Ch.) (recovery of $13.4 million); LILCO Shareholder Litigation, No. 84-0588 (E.D.N.Y.), (recovery of $50 million); Horstmann v. Bailey, Nos. 84-4903, 84-5001 (S.D.N.Y.) and Manning v. Cornelius, No. 88-7700 (E.D.Ky.), in which a class of limited partnership investors

5

received approximately $800,000 in settlement of an action under Section 10(b) and Rule 10b-5; Lionel Securities Litigation, No. 82 Civ. 1049 (JES) (S.D.N.Y.), (recovery of $2.8 million); Petro-Lewis Securities Litigation, Civ. Action No. 84-C-326 (D. Col.), (recovery of $137 million); Revco Shareholder Litigation, No. 106749 (Ohio Ct. C.P.) (plaintiffs' counsel credited with assisting in obtaining a price of $38.50 in cash per share for the common stock of Revco, as compared to the initial proposal of $36.00 per share); Owens Illinois Inc. Shareholder Litigation, No. 86-3955 (Ohio Ct. C.P.) (takeover offer of $55 per share was increased to $60 per share, and further increased to $60.50 per share); Pandick Securities Litigation, No. 8736 (Del. Ch.) (shareholders were to receive $25.50 per share in cash for common stock, but as a direct result of the litigation instituted, received a special dividend of 11.25 cents per share, for an aggregate benefit to the shareholders of $1,105,128); In re E.F. Hutton Banking Practices Litigation, M.D.L. 649 (S.D.N.Y.) (recovery of $2.5 million); Jackson v. Henley Manufacturing Corp, Consolidated Civil Action No. 10445 (Del. Ch.), (initial proposed tender offer price per share of common stock of $80 per share was increased to $90 per share, resulting in a benefit to the shareholders of approximately $26 million); Grossman v. Pillsbury Company, Consolidated Civil Action No. 1023 (Del Ch.), (poison pill struck down, allowing the Company to be acquired by Grand Metropolitan and a substantial premium over market value paid to Pillsbury's shareholders); Weintraub v. ITT, Master File No. 84-432 (D.Del.) (recovery of $7.5 million); and Walt Disney Corp. Shareholder Derivative Action, (recovery of approximately $45 million).

The firm has also acted as class or derivative counsel in obtaining substantial benefits for the public shareholders and/or companies in the following securities class actions:

In Re IDB Communications Group, Securities Litigation,
CV-94-3618 (Ct.D.Ca) (recovery of $75 million);

In Re First Executive Corporation Securities Litigation,
CV-89-7135 DT (KX) (CC.D. Cal. 1994) ($90 million recovery);

In Re U.S. Bioscience Securities Litigation,
Civil Action No. 92-0678, (E.D. Pa.) ($15.25 million settlement);

In Re Bristol-Myers Squibb Company Securities Litigation,
Consolidated Civil Action No. 92 CIV 4007 (JES) (S.D.N.Y.) ($19 million recovery);

In Re Diagnostek, Inc. Securities Litigation,
Master File No. CIV-92-1274 JB/WWD (D. New Max.) ($16 million recovery);

In Re Foodmaker/Jack-In-The Box,
C93-517 WD (W.D. WA) ($13 million recovery);

In Re Columbia Gas System, Inc. Securities Litigation, Cons. Civil Action No. 91-357-JLL
(Dist. of Del.) ($36.5 million recovery);

In Re Chambers Development,
CV 92-0679 (W.D. of Pa.) ($95 million recovery);

In Re Prudential Limited Partnership Litigation,
(MDL Docket No. 1005) ($110 million recovery);

In Re Tucson Electric Power Co. Securities Litigation,
Civ. 89-1274 (D. Ariz.) ($30 million recovery);

In Re N.V. Philips Securities Litigation,
No. 90 Civ. 3044 (S.D.N.Y.) ($9.25 million recovery);

In Re Consolidated Columbia Savings and Loan Actions,
Master File No. 89-6538 SVW (Ex) (C.D. Cal.) ($79.5 million recovery);

Katz v. LIN Broadcasting Corp.,
90 Civ 7787 (KTD) (U.S.D.C., S.D.N.Y.) ($9 million recovery);

7

In Re RJR Nabisco, Inc. Shareholder Litigation,
Civ. Action No. 10389 (Del. Ch.) (benefit of approximately $55 million);

In Re Scott Paper Securities Litigation,
No. 90-6192 ((E.D. Pa.) ($8 million recovery);

In Re Dime Savings Bank of New York,
No. 89-2189 (JM) (E.D.N.Y.) ($6.8 million recovery);

Hillel v. Chase Manhattan Bank,
No. 90-6239 (S.D.N.Y.) ($17.5 million recovery);

In Re General Development Corporation Securities Litigation,
No. 90-691-Civ.-Marcus (S.D. Fla.) ($10 million recovery);

Rosengarten v. Irani, et al. and Occidental Petroleum Corp.,
Case No. BC 031286, Sup. Ct. Los Angeles County (creation of Investment Review
Committee and Policy to review Company's capital commitment or guarantee which exceeds
$10 million in any activity other than that related to its primary business operations);

In Re Perseptive Biosystem, Inc. Securities Litigation,
C.A. No. 94-12575-PBS (Mass.) (recovery of $8.25 million in cash, $5 million in common
stock and $2 million in warrants);

In Re AM International, Inc. Securities Litigation,
M-21-31, MDL Docket No. 494 (S.D.N.Y.) ($23 million recovery);

Consumer Power Co. Derivative Litigation,
Master File No. 84-Civ-3788 (E.D. Mich.) ($33 million recovery);


This firm presently serves or recently has served as class or derivative counsel in the following

securities class actions:

In Re American Medical Holdings, Inc. Shareholder Litigation,
Cons. Civ. Action No. 13797 (Del. Ch.);

Stevens v. O'Brien Environmental Energy, Inc. et al.,
94-CV-4577 (ED Pa);

In Re John Alden Financial Corp. Securities Litigation,
95-830-Civ. Nesbitt (S.D. Fla.);

8

Steiner v. Montedison S.p.A. et al.,
93 Civ. 3673 (ADS) (E.D.N.Y.);

Ellis et al. v. Leung et al.,
94-CV-1763 (JG) (E.D.N.Y.);

Corigliano et al v. Arakis Energy Corp. et al.,
1:95CV01661 (D. Columbia);

In Re Southwestern Life Corporation Securities Litigation,
Master File No. 3-95 CV 05166 (N.D. of Texas, Dallas Div.);

In Re International Business Machines Corporation Securities Litigation,
Master File No. 92-9076 (GLG)(S.D.N.Y.);

In Re Checkers Drive In Securities Litigation,
93-1749-CIV-T-17A, (Middle Dist. Fla.);

In Re Intelligent Electronics, Inc. Securities
Litigation; Master File No. 92-CV-1905 (ED Pa);

In Re Coastcast Corporation Securities Litigation,
Master File No. CV-94-5712-RG (AJWX) (CD of Cal.);

In Re Media Vision Technology, Inc. Securities
Litigation, C-94-1015-EFL, (ND Cal.);

In Re Kidder Peabody Litigation,
94 CIV. 3954 (S.D.N.Y.);

Myer Okun Defined Benefit Pension Plan and David Semel v. Jennifer Convertibles,
CV-95 0080 (E.D.N.Y.);

In Re JWP, Inc. Securities Litigation,
92 Civ. 5815 (S.D.N.Y.);

In Re Medaphis Corporation Securities Litigation,
95 Civ. 1535 N.D. Ga. Atlanta Div.,

In Re Valence Technologies Securities Litigation,
C-95-20459-JW (N.D. of Ca.);

Silverstein, et al. v. Turner Broadcasting Systems et al.,
No. E-41500 (Supr. Ct. of Ful.Co., Ga);

In Re Woolworth Securities Class Action Litigation,
Master File No. 94 Civ. 2217 (S.D.N.Y.);

Calhoun, et al. v. Work Recovery, Inc. et al.,
95-561-TUC-ACM (D. of Az.);

In Re Roberds Securities Litigation,
Case No. C-3-94-86 (SD Ohio);

Joseph v. Computer Concepts Corp.,
95CV3304 (E.D.N.Y.);

In Re American Pacific Securities Litigation,
CV-S-93-00576-PMP- (LRL) (Nevada);

In Re Leslie Fay Securities Litigation,
No. 92-CIV-8036 (WCC) (S.D.N.Y.);

In Re Tiphook Securities Litigation,
Master File No. 93-CV-4449 (New Jersey);

In Re Liuski International Inc. Securities Litigation,
94 Civ 1045 (E.D.N.Y.);

In Re ACLN, Ltd. Securities Litigation
Initial Filing 12/27/2001 (S.D. New York) (Hon. Richard Conway Casey);

In Re Advanced Lighting Technologies Securities Litigation
Initial Filing 04/09/1999 (N.D. Ohio) (Hon. Donald C. Nugent);

In Re AnnTaylor Stores Corporation Securities Litigation
Initial Filing 04/24/1996 (S.D. New York) (Hon. Allen G. Schwartz);

In Re Andrx Corporation Securities Litigation
Initial Filing 03/22/2002 (S.D. Florida);

In Re Ascend Communications, Inc. Securities Litigation
Initial Filing 12/02/1997 (C.D. California) (Hon. Mariana R. Pfaelzer);

10

In Re Aspen Technology, Inc. Securities Litigation
Initial Filing 10/05/1998 (D. Massachusetts) (Hon. Patti B. Saris);

In Re AT&T Corporation Securities Litigation
Initial Filing 10/27/2000 (D. New Jersey);

In Re AT&T Wireless Group Securities Litigation
Initial Filing 12/06/2000 (S.D. New York) (Hon. Sidney H. Stein);

In Re BankAmerica Corporation Securities Litigation
Initial Filing 10/15/1998 (E.D. New York) (Hon. Nina Gershon);

In Blech Securities Litigation
H-94-3973 (S.D. New York)

In Re BMJ Medical Management Securities Litigation
Initial Filing 02/02/1999 (S.D. Florida) (Hon. William J. Zloch)

In Re The Boeing Company Securities Litigation
Initial Filing 10/31/1997 (W.D. Washington) (Hon. Thomas S. Zilly);

In Re Boston Chicken Securities Litigation
Initial Filing 06/23/1997 (D. Colorado) (Hon. Patricia A. Coan);

In Re Bre-X Minerals Securities Litigation
Initial Filing 04/28/1997 (W.D. Texas) (Hon. Edward C. Prado);

In Re Bristol-Myers Squibb Co. Securities Litigation
Initial Filing 04/28/2000 (D. New Jersey) (Hon. Garrett E. Brown, Jr.);

In Re Bristol-Myers Squibb Company Securities Litigation
Initial Filing 03/21/2002 (D. New Jersey) (Hon. Loretta A. Preska);

In Re Candie's Inc. Securities Litigation
Initial Filing 05/17/1999 (S.D. New York) (Hon. Colleen McMahon);

In Re Cendant Corporation Securities Litigation
Initial Filing 04/24/1998 (E.D. Pennsylvania);

In Re CHS Electronics, Inc. Securities Litigation
Initial Filing 04/29/1999 (S.D. Florida) (Hon. Alan S. Gold);

11

In Re Cisco Systems, Inc. Securities Litigation
Initial Filing 04/20/2001 (N.D. California) (BZ);

In Re Compaq Computer Corp. Securities Litigation
Initial Filing 03/12/1999 (S.D. Texas);

In Re Comparator Systems Corp. Securities Litigation
No. 763689 (Superior Court of California) (Hon. John C. Woolley)

In Re ComTech Communications Securities Litigation
CV-1208 (ADS) (S.D. New York);

In Re Crown America REIT Securities Litigation
Civ. No. 95-202-J (E.D. Pennsylvania) (Hon. D. Brooks Smith)

In Re DaimlerChrysler AG Securities Litigation
Initial Filing 11/28/2000 (D. Delaware);

In Re Emulex Corporation Securities Litigation
Initial Filing 02/20/2001 (C.D. California);

In Re Enron Corp. Securities Litigation
Initial Filing 10/22/2001 (S.D. Texas) (Hon. Melinda Harmo);

In Re ESC Medical Systems Ltd. Securities Litigation
Initial Filing 10/23/1998 (S.D. New York) (Hon. Michael B. Mukasey);

In Re Exodus Communications, Inc. Securities Litigation
Initial Filing 07/16/2001 (N.D. California);

In Re FirstPlus Financial Group, Inc. Securities Litigation
Initial Filing 11/06/1998 (N.D. Texas);

In Re Fore Systems, Inc. Securities Litigation
Initial Filing 07/29/1997 (W.D. Pennsylvania);

In Re Foxmeyer Health Corporation Securities Litigation
Initial Filing 08/12/1996 (N.D. Texas) (Hon. Sam A Lindsay);

In Re Ford Motor Company Securities Litigation
Initial Filing 01/29/2002 (S.D. New York) (Hon. Milton Pollack);

In Re FPA Medical Management, Inc. Securities Litigation
Initial Filing 05/15/1998 (C.D. California);

In Re General Instruments Corp. Securities Litigation
01-3051 (E.D. Pennsylvania) (Hon. Harry D. Leinenveber)

In Re Global Crossings, Ltd. Securities Litigation
Initial Filing 02/14/2002 (C.D. California);

In Re Globalstar Telecommuncations Ltd. Securities Litigation
Initial Filing 03/06/2001 (S.D. New York);

In Re Globix Corporation Securities Litigation
Initial Filing 01/04/2002 (S.D. New York);

In Re GTE Corp. Takeover Litigation
Initial Filing 06/01/2000 (S.D. New York) (Hon. Deborah A. Batts);

In Re GT Interactive Software Securities Litigation
Initial Filing 01/07/1998 (S.D. New York) (Hon. Loretta A. Preska);

In Re Happiness Express, Inc. Securities Litigation
Initial Filing 05/22/1996 (E.D. New York);

In Re Homestead Holding Corp. Securities Litigation
4671-S-1991 (Court of Common Pleas, Dauphin County)

In Re Informix Corporation Securities Litigation
Initial Filing 04/11/1997 (N.D. California) (Hon. Wayne D. Brazil);

In Re Insurance Management Solutions Group, Inc. Securities Litigation
Initial Filing 10/07/2000 (M.D. Florida);

In Re Intel Corporation Securities Litigation
Initial Filing 10/09/2001 (N.D. California);

In Re Iomega Corporation Securities Litigation
Initial Filing 02/09/1998 (D. Utah) (Hon. David Sam);

In Re IPO Allocation Securities Litigation
21 MC 92 (SAS) (S.D. New York) (Hon. Shira A. Scheindlin)

13

In Re Iridium World Communications, Ltd. Securities Litigation
Initial Filing 04/22/1999 (D. District Columbia) (Hon. Thomas P. Jackson);

In Re J.P. Morgan Chase & Co., Inc. Securities Litigation
Initial Filing 02/15/2002 (S.D. New York);

In Re Kinder Morgan, Inc. Securities Litigation
Initial Filing 06/28/2000 (D. Colorado);

In Re Knight Trading Group, Inc. Securities Litigation
Initial Filing 11/08/2000 (D. New Jersey);

In Re Legato Systems, Inc. Securities Litigation
Initial Filing 12/02/2000 (N.D. California) (Hon. Jeremy Fogel);

In Re Lernout & Hauspie Speech Products N.V. Securities Litigation
Initial Filing 08/11/2000 (E.D. Pennsylvania);

In Re L.F. Rothschild Holding Corp. Debenture Litigation
90-CV-0708 (MJL) (S.D. New York);

In Re Lucent Technologies, Inc. Securities Litigation
Initial Filing 12/28/2000 (D. New Jersey);

In Re McKesson HBOC, Inc. Securities Litigation
Initial Filing 04/28/1999 (N.D. California) (Hon. James Larson);

In Re Medi-Hut Co., Inc. Securities Litigation
Initial Filing 02/28/2002 (D. New Jersey);

In Re Metromedia Fiber Network Securities Litigation
Initial Filing 08/21/2001 (S.D. New York);

In Re National Auto Finance Securities Litigation
Initial Filing 10/29/1998 (S.D. Florida) (Hon. Daniel T. K. Hurley);

In Re Network Plus Corp. Securities Litigation
Initial Filing 07/03/2001 (S.D. New York);

In Re New Era of Networks, Inc. Securities Litigation
Initial Filing 01/04/2001 (D. Colorado);

14

In Re NorthPoint Communications Group, Inc. Securities Litigation
Initial Filing 10/31/2001 (S.D. New York) (Hon. Shira A. Scheindlin);

In Re NVIDIA Corporation Securities Litigation
Initial Filing 02/19/2002 (N.D. California);

In Re Oracle Corporation Securities Litigation
Initial Filing 03/13/2001 (N.D. California) (MEJ);

In Re Oxford Health Plans, Inc. Securities Litigation
Initial Filing 11/04/1997 (D. Connecticut) (Hon.Dominic J. Squatrito);

In Re Pacific Gateway Exchange Securities Litigation
Initial Filing 04/07/2000 (N.D. California) (Hon. William H. Alsup);

In Re Paradyne Networks, Inc. Securities Litigation
Initial Filing 11/30/2001 (S.D. New York) (Hon. Shira A. Scheindlin);

In Re Party City Securities Litigation
Initial Filing 03/22/1999 (D. New Jersey) (Hon. Alfred J. Lechner, Jr.);

In Re PeopleSoft Inc. Securities Litigation
Initial Filing 01/29/1999 (N.D. California) (Hon. Martin J. Jenkins);

In Re PHP Healthcare Corp. Securities Litigation
Initial Filing 03/09/1998 (C.D. California) (Hon. Andrew J. Wistrich);

In Re Phycor Inc. Securities Litigation
Initial Filing 10/06/1998 (M.D. Tennessee) (Hon. Joe B. Brown);

In Re Plains All American Pipeline Securities Litigation
Initial Filing 11/29/1999 (S.D. Texas);

In Re PLC Systems, Inc. Securities Litigation
Initial Filing  (D. Massachusetts) (Hon. Richard G. Stearns);

In Re Priceline.com Securities Litigation
Initial Filing 10/07/2000 (D. Connecticut);

In Re Providian Financial Corporation Securities Litigation
Initial Filing 10/25/2001 (N.D. California);

15

In Re PSINet, Inc. Securities Litigation
Initial Filing 12/28/2000 (E.D. Virginia);

In Re Rambus, Inc. Securities Litigation
Initial Filing 08/14/2001 (N.D. California);

In Re Razorfish, Inc. Securities Litigation
Initial Filing 12/15/2000 (S.D. New York);

In Re Reliance Group Holdings Inc. Securities Litigation
Initial Filing 06/23/2000 (S.D. New York);

In Re Rite Aid Corporation Securities Litigation
Initial Filing 03/15/1999 (E.D. Pennsylvania) (Hon. Stewart Dalzell);

In Re Rockefeller Center Properties, Inc. Securities Litigation
Initial Filing 11/15/1996 (D. Delaware) (Hon. Roderick R. McKelvie);

In Re S3 Incorporated Securities Litigation
Initial Filing 11/5/1997 (N.D. California) (Hon. Vaughn R. Walker);

In Re Safeguard Scientifics, Inc. Securities Litigation
Initial Filing 06/28/2001 (E.D. Pennsylvania);

In Re Schlotzsky's, Inc. Securities Litigation
Initial Filing 08/26/1998 (W.D. Texas) (Hon. James R. Nowlin);

In Re Scientific-Atlanta, Incorporated Securities Litigation
Initial Filing 07/24/2001 (N.D. Georgia);

In Re Sotheby's Holdings, Inc. Securities Litigation
Initial Filing 02/11/2000 (S.D. New York);

In Re SpecTran Corporation Securities Litigation
Initial Filing 10/02/1998 (D. Massachusetts);

In Re Sprint Corporation Securities Litigation
Initial Filing 06/25/2001 (D. Kansas);

In Re Sunterra Corporation Securities Litigation
Initial Filing 01/23/2000 (M.D. Florida);

16

In Re Symbol Technologies, Inc. Securities Litigation
Initial Filing 03/05/2002 (E.D. New York);

In Re Tee-Com Electronics, Inc. Securities Litigation
3:98-CV-00213 (AVC) (D. Connecticut);

In Re 3Com Corporation Securities Litigation
Initial Filing 12/05/1997 (N.D. California) (Hon. James Ware );

In Re Tel-Save Holdings Securities Litigation
Initial Filing 07/01/1998 (E.D. Pennsylvania);

In Re Triton Energy Limited Securities Litigation
Initial Filing 07/22/1998 (E.D. Texas);

In Re Tyco International Ltd. Securities Litigation
Initial Filing 02/05/2002 (S.D. New York) (Hon. George B. Daniels);

In Re UniCapital Corporation Securities Litigation
Initial Filing 06/08/2000 (S.D. Florida);

In Re Unify Corporation Securities Litigation
Initial Filing 07/31/2000 (N.D. California);

In Re USEC, Inc. Securities Litigation
Initial Filing 11/07/2000 (W.D. Kentucky);

In Re Vencor, Inc. Securities Litigation
Initial Filing 12/24/1997 (W.D. Kentucky);

In Re VISX, Inc. Securities Litigation
Initial Filing 02/25/2000 (N.D. California) (Hon. Maxine M. Chesney);

In Re Warnaco Group, Inc. Securities Litigation
Initial Filing 08/23/2000 (S.D. New York);

In Re Waste Management Inc. Securities Litigation
Initial Filing 11/03/1997 (N.D. Illinois) (Hon. Wayne R. Anderson);

In Re Windmere-Durable Holdings Inc. Securities Litigation
Initial Filing 09/25/1998 (E.D. New York);

In Re WorldCom Inc. Securities Litigation
Initial Filing 11/08/2000 (E.D. Pennsylvania);

In Re Worldwide Xceed Group, Inc. Securities Litigation
Initial Filing 03/01/2001 (S.D. New York);

In Re Xerox Corporation Securities Litigation
Initial Filing 12/23/1999 (D. Connecticut); and

In Re XO Communications, Inc. Securities Litigation
Initial Filing 12/05/2001 (E.D. Virginia).


This firm presently serves or recently has served as derivative counsel in the following

corporate governance actions:

In Re BP Amoco Derivative Litigation
01-CH-011404 (Circuit Court of Cook County, Illinois);

In Re Conseco, Inc. Derivative Litigation
29D03-0006-CP-0393 (Superior Court, Hamilton County) (Hon. Steven R. Wation);

In Re Daimler-Chrysler AG Proxy Shareholder Litigation
Initial Filing 11/28/2000 (D. Delaware);

In Re FPL Group, Inc. Derivative Litigation
02-20170-CIV-Gold (S.D. Florida) (Hon. Simonton);

In Re Imclone Systems, Inc. Derivative Litigation
02-601304 (Supreme Court, New York County);

In Re MeVC Draper Fisher Fund Derivative Litigation
02-CV-142 (D. Delaware); and

In Re Walt Disney Co. Derivative Litigation
No. BC164078 (Superior Court, California).

This firm presently serves or recently has served as class counsel in the following Merger &

Acquisitions / corporate governance actions:

In Re Chock Full O'Nuts Corp. Shareholder Litigation
No. 99-9108759 (Supreme Court, New York County);

In Re Dow Chemical / Union Carbide Merger Litigation
00 CIV. 3364 (DC) (S.D. New York) (Hon. Denny Chin);

In Re GTE Corp. Takeover Litigation
Initial Filing 06/01/2000 (S.D. New York) (Hon. Deborah A. Batts);

In Re Infinity Broadcasting Corp. Shareholder Litigation
No. 18219 NC (Delaware Chancery Court);

In Re JW Genesis Financial Corp. Takeover Litigation
CL-00-9682-AO (Circuit Court, 15th Judicial Circuit, Florida);

In Re NTN Communications, Inc. Shareholder Litigation
No. 785008 (Superior Court, California);

In Re Paxson Communications Corp. Shareholder Litigation
No. 17568-NC (Delaware Chancery Court);

In Re Plains All American Pipelines Shareholder Litigation
Initial Filing 11/29/1999 (S.D. Texas);

In Re Rave Medium Group, Inc. Shareholder Litigation
No. 18940 (Delaware Chancery Court);

In Re U.S. West Shareholder Litigation
No. 17230 (Delaware Chancery Court);

In Re Walt Disney Co. Shareholder Litigation
No. BC164078 (Superior Court, California); and

In Re Warner Lambert Co. Shareholder Litigation
No. 1750-NC (Delaware Chancery Court).

19

This firm presently serves or recently has served as class counsel in the following consumer

and product liability class actions:

In Re AOL Version 5.0 Software Product Liability Litigation
00-1341-MD-Gold (D. Florida);

In Re Fen-Phen / Redux Consumer Litigation
Civ. No. 1203 (E.D. Pennsylvania);

In Re Omnibus HMO Consumer Litigation
3:00CV2037 (SRV) (D. Connecticut);

In Re Providian Financial Corp. Credit Card Litigation
Judicial Council Coordination Proceeding No. 4085 (Superior Court, California); and

In Re Taco Bell Genetic Corn Consumer Litigation
00-CH-14114 (Circuit Court of Cook County, Illinois).


This firm presently serves or recently has served as class counsel in complex litigation relating

to RICO or antitrust violations in the following cases:

In Re Colin Services Systems RICO Litigation
00-7571 (U.S. Court of Appeals, Second Circuit);

In Re High Fructose Corn Syrup Antitrust Litigation
MDL 1087 & Master file 95-1477 (D. Illinois) (Hon. Kauffman);

In Re IPO Fee Antitrust Litigation
01-9072 (S.D. New York) (Hon. Lawrence M. McKenny); and

In Re Options Trading Antitrust Litigation
MDL 1283 & 99-CV-962 (S.D. New York) (Hon. Casey).

This firm presently serves or recently has served as class counsel in complex litigation relating to mass torts, toxic torts, environment contamination, human rights, and/or Holocaust victims claims in the following cases:

In Re MTBE Gas Additive Litigation
14065 / 001 (S.D. New York);

In Re Dow Chemical Company (Dursban) Litigation
Initial Filing 05/21/01 (S.D. New York);

In Re Bhopal Gas Disaster Litigation
99 Civ. 11329 (S.D. New York);

In Re French Bank Holocaust Litigation
97-CV-7433 & 98-CV-7851 (E.D. New York) (Hon. Sterling Johnson); and

In Re Gulf War Syndrome Litigation
94-C-1392 (District Court, Brazoria County) (Hon. Hardin).

21