# EXHIBIT L

undertaken by my firm can be summarized as follows: investigated the claims alleged in the complaint, filed a complaint with the Court, sent out and published notice to the Class concerning the litigation, conducted further factual and legal research, reviewed documents produced in the litigation, corresponded with class members and reviewed the pertinent pleadings filed with the Court.

3.    The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, attorneys and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4.    The hourly rates for the partners, attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other securities or shareholder litigation.

5.    The total number of hours expended on this litigation by my firm is 60.75 hours. The total lodestar for my firm is $28,312.50, consisting of $26,032.50 for attorneys' time and $2,280.00 for professional support staff time.

6.    My firm's lodestar figures are based upon the firm's billing rates, which rates do

2

not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.     As detailed in Exhibit 2, my firm has incurred a total of $2,143.87 in un-reimbursed expenses in connection with the prosecution of this litigation.

8.     The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

9.     With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

Moshe Balsam

Affirmed before me this
30th day of November, 2004

Notary Public

MARY A. NASTASI
NOTARY PUBLIC, State of New York
No. 01NA6049406
Qualified in New York County
Commission Expires Oct. 10, 2006

3

## EXHIBIT 1

### Schnall v. Annuity and Life Re (Holdings), Ltd., et al., Civil Action No. 02 CV 2133 (EBB)

### WEISS & LURIE

### TIME REPORT – Inception through November 17, 2004

| NAME | HOURS EXPENDED | HOURLY RATE | LODESTAR |
|------|----------------|-------------|----------|
| **PARTNERS:** | | | |
| Joseph H. Weiss | 6.00 | $650.00 | $   3,900.00 |
| **ASSOCIATES**: | | | |
| Moshe Balsam | 22.00 | $525.00 | $ 11,550.00 |
| Richard A. Acocelli | 20.75 | $510.00 | $ 10,582.50 |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| Mary A. Nastasi | 12.00 | $190.00 | $   2,280.00 |
| **TOTAL LODESTAR** | 60.75 | | $ 28,312.50 |

**EXHIBIT 2**

**Schnall v. Annuity and Life Re (Holdings), Ltd., et al., Civil Action No. 02 CV 2133 (EBB)**

**WEISS & LURIE**

**EXPENSE REPORT – Inception through November 17, 2004**

| Categories | Amount |
|---|---|
| Photocopies/Reproduction | $   943.50 |
| Postage/Notice Costs | 942.96 |
| Telephone/Facsimile | 65.00 |
| Messengers/Express Services | 22.27 |
| Meals, Hotel & Transportation | 170.14 |
| **TOTAL EXPENSES** | **$2,143.87** |

5

# WEISS & LURIE

THE FRENCH BUILDING
551 FIFTH AVENUE
NEW YORK, NEW YORK 10176
Tel. (212) 682-3025 ▪ Fax (212) 682-3010

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie (formerly Weiss & Yourman) has offices in New York City and Los Angeles. In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties. The firm also represents several class actions in the area of consumer fraud and unfair practices. The law firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered over a billion dollars.

Several courts have commended the firm for its expertise and ability:

In In re United Telecommunications, Inc. Securities Litigation, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In In re VeriFone Inc. Securities Litigation, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

WEISS & LURIE

In <u>In re Western Digital Securities Litigation</u>, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In <u>Georgallas v. Martin Color-Fi, Inc.</u> Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In <u>Bash v. Diagnostek</u>, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In <u>In re National Medical Enterprises Litigation</u>, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

<u>Ellison v. American Image Motor, et al.</u>, Civil Action No. 97-3608 (S.D.N.Y.): In approving the settlement and fee application, Judge Chin commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

In <u>In re Santa Fe Southern Pacific Corporation</u>, Consold. Civ. No. 9523 (Del. Ch.), Chancellor Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

### CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL

<u>Jordan v. California Department of Motor Vehicles</u> (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds to 1.7 million motorists.

2

WEISS & LURIE

In re Geodyne Resources, Inc. Securities Litigation (Harris Cty. Tex.): A settlement (including related litigation) totaling over $200 million was obtained for the class.

In re Tenneco Securities Litigation (D. Tex.): A settlement of $50 million was obtained for the class.

In re Community Psychiatric Center Securities Litigation (C.D. Cal.): A settlement of $42.5 million was obtained for the class.

In re Crazy Eddie Securities Litigation (S.D.N.Y.): A settlement of $42 million was obtained for the class.

In re Apria Healthcare Group Securities Litigation (Orange County Cal.): A settlement of $42 million for the class was approved in August 2002 by the California Superior Court.

In re Canon Group Securities Litigation (C.D. Cal.): A settlement of $33 million was obtained for the class.

In re Platinum Software Securities Litigation (C.D. Cal.): A settlement of $32 million was obtained for the class.

In re United Telecommunications Securities Litigation (D. Kan.): A settlement of $28 million was obtained for the class.

In re Bergen Brunswig Corp. Sec. Litig., (C.D. Cal.): A settlement of $27.9 million was obtained for the class.

In re Abbey Healthcare Securities Litigation (C.D. Cal.): A settlement of $20.5 million was obtained for the class.

Feinberg v. Hibernia Corp. (D. La.): A settlement of $20 million was obtained for the class.

In re Southern Pacific Funding Corp. Sec. Litig., (D. Or.): A settlement of $19.5 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A settlement of $18 million was obtained for the class.

In re MK Rail Securities Litigation (D. Idaho):  A settlement of $14.65 million was obtained for the class.

In re California Microwave Securities Litigation (N.D. Cal.): A settlement of $14 million was obtained for the class.

In re Elscint Ltd Securities Litigation (D. Mass.): A settlement of $12 million was obtained for the class.

Bash v. Diagnostek (D.N.M.): A settlement of $11.7 million was obtained for the class.

**WEISS & LURIE**

In re Megafoods Securities Litigation (D. Ariz.): A settlement of $12 million was obtained for the class.

In re GTECH Securities Litigation (D.R.I.): A settlement of $10.25 million was obtained for the class.

In re Complete Management, Inc. Securities Litigation (S.D.N.Y.): A settlement of $10.15 million was obtained for the class.

Berlinsky v. Alcatel (S.D.N.Y.): A settlement of $8.8 million was obtained for the class.

Lopez v. Checkers Drive-In Restaurants, Inc. (M.D. Fl.): A settlement of over $8.175 million was obtained for the class.

In re Mesa Airlines Securities Litigation (D.N.M.): A settlement of $8 million was obtained for the class.

In re Resound Securities Litigation (N.D. Cal.): A settlement of $8 million was obtained for the class.

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A settlement of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A settlement of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A settlement of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A settlement of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A settlement of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A settlement of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A settlement of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A settlement of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A settlement of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A settlement of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A settlement of $4.5 million was obtained for the class.

**WEISS & LURIE**

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A settlement of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A settlement of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A settlement of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A settlement of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A settlement of $3.15 million was obtained for the class.

In re Offshore Pipelines Securities Litigation (S.D.N.Y.): A settlement of $3 million was obtained for the class.

Gorga v. Uniroyal Chemical Corp. (Sup. Ct. Conn.): A settlement of $3 million was obtained for the class.

## CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS

In re Bank of New York Corporate Derivative Litigation (Sup. Ct. NY)

In re Santa Fe Southern Pacific Corporation (Del. Ch.).

In re Genentech Shareholder Litigation (N.D. Cal.).

In re Beverly Enterprises Shareholder Litigation (Del. Ch.).

In re Tandon Computer Shareholder Litigation (C.D. Cal.).

In re Sears Shareholder Litigation (D. Ill.).

In re Xoma Shareholder Litigation (N.D. Cal.).

In re Castle Energy Corp. Shareholder Litigation (C.D. Cal.).

In re Times-Mirror, Inc. Shareholder Litigation (C.D. Cal.).

In re Lockheed Corp. Shareholder Litigation (C.D. Cal.).

In re Nexgen Securities Litigation (N.D. Cal.).

**WEISS & LURIE**

In re GT Greater Europe Securities Litigation (N.D. Cal.).

In re Pairgain Securities Litigation (S.D. Cal.).

In re AMI Securities Litigation (L.A. Superior).

Wallace v. Fox, et al. (Northeast Utilities) (D. Conn.)

WEISS & LURIE

### BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS

**JOSEPH H. WEISS** is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," California Courts Commentary, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," Civil Procedure Before Trial (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," CEB Civil Litigation Reporter, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a senior associate in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York State Bar in

7

WEISS & LURIE

1982. Mr. Balsam is also a member of the bars of the United States District Courts for the Southern and Eastern Districts of New York and has been admitted to practice before various other state and federal courts. He has participated in all aspects of numerous class action and shareholder derivative cases.

**DAVID C. KATZ** is a senior associate in the New York office. He is a 1988 Graduate of Benjamin N. Cardozo School Of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSEPH D. COHEN** is a senior associate in the New York office. He graduated from Case Western Reserve University School of Law in May 1989, where he received an award for excellence in Business Law. He received an LL.M in Corporate law from New York University in 1990. Mr. Cohen has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitration," New England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes," North Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects on Shareholders and Legislators," American Business Law Association National Proceedings, August 1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the United States District Courts for the Central, Southern and Northern Districts of California.

**JAMES E. TULLMAN** is an associate in the New York office. He graduated from the University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro College (J.D., 1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro College, 1990-1991. Mr. Tullman is admitted to the state bars of Connecticut, New York, and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central and Southern Districts of California, and the United States Court of Appeal for the Ninth and Third Circuit.

**RICHARD A. ACOCELLI** is an associate in the New York Office. He received his law degree in 1990 from St. John's University School of Law. He is admitted to the State Bar of New York and the

**WEISS & LURIE**

United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Michigan.

**JACK ZWICK** is an associate in the New York Office. He received his law degree in 1993 from Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**LEIGH PARKER** is an associate in the Los Angeles office. She graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a member of the Scott Moot Court Honors Board. She is admitted to the Bar of the State of California and the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals.

**MARK SMILOW** is an associate in the New York office. He graduated Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was a member of the Cardozo Law Review. He is admitted to the New York and New Jersey State Bars, and the United States District Courts for the Southern and Eastern Districts of New York.

**ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University of Southern California (B.A. 1991), and received his law degree from the University of California, Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**KARNIT DANIEL** is an associate in the Los Angeles office. She graduated from Northeastern Illinois University (B.S., *magna cum laude*, 1999), and received her law degree, a Certificate in Alternative Dispute Resolution, and a Certificate in Entrepreneurship and Technology Law from the Pepperdine University School of Law (J.D. 2003). Ms. Daniel is admitted to the Bar of the State of California.

9