# EXHIBIT M

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | Civil Action No. 02 CV 2133 (EBB) |

AFFIDAVIT OF ATTORNEY ELIAS A. ALEXIADES
IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND
DISBURSEMENTS FILED ON BEHALF OF
ATTORNEY ELIAS A. ALEXIADES

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | |
| | ) ss.: | New Haven January 13, 2005 |
| COUNTY OF NEW HAVEN | ) | |

ELIAS A. ALEXIADES, being first duly sworn, deposes and says:

1. I am a sole practitioner with an office in New Haven, Connecticut. I submit this affidavit in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm acted as one of plaintiffs' counsel in this class action. The tasks undertaken by my firm can be summarized as follows: I participated in the preparation and filing of a motion for appointment of lead plaintiff, and related proceedings thereon, including docket review, drafting, editing, communications with co-counsel, other plaintiffs' counsel and

opposing counsel, and continued monitoring of the case thereafter, including review of pleadings, motions, court orders and the proposed settlement.

3. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by my firm on this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4. The hourly rates for the partners, attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other securities or shareholder litigation.

5. The total number of hours expended on this litigation by my firm is 37.8 hours. The total lodestar for my firm is $13,230.00, consisting of $13,230.00 for attorneys' time and none for professional support staff time.

6. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7. As detailed in Exhibit 2, my firm has incurred a total of $294.28 in unreimbursed expenses in connection with the prosecution of this litigation.

8. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

9. With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 13, 2005.

_____
ELIAS A. ALEXIADES

3

**EXHIBIT 1**

**<u>Schnall v. Annuity and Life Re (Holdings), Ltd., et al.</u>, Civil Action No. 02 CV 2133 (EBB)**

**ATTORNEY ELIAS A. ALEXIADES**

**TIME REPORT — Inception through January 13, 2005**

| Name | Total Hrs. | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS:** | | | |
| Elias A. Alexiades | 37.8 | $350 | $13,230.00 |
| TOTAL LODESTAR | | | $13,230.00 |

4

## EXHIBIT 2

**Schnall v. Annuity and Life Re (Holdings), Ltd., et al.**, Civil Action No. 02 CV 2133 (EBB)

### ATTORNEY ELIAS A. ALEXIADES

### EXPENSE REPORT — Inception through January 13, 2005

| **Categories:** | **Amount** |
|---|---:|
| Photocopies/Reproduction | 48.60 |
| Messengers/Express Services | 14.35 |
| Lexis/Westlaw/Pacer Legal Research | 1.33 |
| Facsimile Charges | 230.00 |
| **TOTAL EXPENSES:** | 294.28 |

**EXHIBIT 3**

6

**Elias A. Alexiades**

215 Church Street, 2nd Floor, New Haven CT 06510
voice 203-777-4720 · fax 203-777-4722 · alexiades@mindspring.com

**Professional History:**
Attorney, solo practice, 1/1/2002 to present
Hurwitz & Sagarin, LLC, Member, 1997 to 2001, Associate 1988 to 1996
General practice with concentration in:

> Complex Litigation: prosecution and defense of broad variety of cases in federal and state courts, including contract actions, business torts, trademark, unfair trade practices, class actions, administrative appeals and criminal defense.

> Media Law: representation of network affiliate television station, including defense of libel litigation and newsroom subpoenas, prebroadcast review of news stories, challenge to courtroom closure orders, contract drafting, administrative proceedings and zoning; representation of major Connecticut newspaper, including prepublication review, challenge to gag order and FOIA matters.

> Telecommunications Law: representation of wireless carriers challenging local zoning decisions pursuant to Telecommunications Act of 1996, including first Connecticut cases; also state and local administrative proceedings.

Admitted to the bars of the State of Connecticut, the United States District Court for the District of Connecticut and the United States Supreme Court

**Conferences:**
Panelist: Privacy: Where Should the Media Draw the Line? (CBA/SPJ May 22, 2001)
    1998 CBA Media Law Conference (April 29, 1998)
    1996 CBA Media Law Conference: The Road to Media Access (May 17, 1996)

**Public Service:**
Woodbridge Town Library Commission, 1995-present, Chairman 1997-present
    Built new $4.8 million library on time and on budget
Woodbridge Telecommunications Task Force, 2000-01
Grievance Panel for the Judicial District of Waterbury, Alternate, 1993-2001
Vice President and Director, The Stewart B. McKinney Foundation, Inc. 1989-present

**Education:**
Quinnipiac University School of Law, J.D. 1988
    Martin B. Margulies Civil and Political Rights Award, 1987
    Research Editor, Connecticut Probate Law Journal, 1987-1988
Georgetown University, B.S. Bus. Admin. 1981

**Reported Decisions and Significant Cases**

Sprint Spectrum L.P. v. Town of Farmington, 1997 WL 631104 (D.Conn. 1997)
(first Telecom Act case in Connecticut; among first nationwide)

Sprint Spectrum L.P. v. Town of North Stonington, 12 F.Supp2d 247 (D.Conn. 1998)
(Telecom Act case)

State v. Alex Kelly, 45 Conn.App. 142, 695 A.2d 1 (1997)
(reversed courtroom closure order)

BIC Sport USA, Inc. v. Kerbel, 995 F.Supp. 244 (D.Conn. 1997)
($344,000 judgment, rejection of contract, tort and CUTPA defenses)

Paul Bass and New Haven Advocate, et al v. Chief of Police, East Haven Police Department et al., Docket #FIC 1997-147 (November 12, 1997) (ordered disclosure of audiotape of police radio transmissions during Malik Jones car chase)
http://www.state.ct.us/FOI/1998FD/19980114/FIC1997-147.htm

Allan Drury and The New Haven Register v. Chief, East Haven Police Department, Town of East Haven and Town of East Haven, Docket #FIC 1997-298 (June 10, 1998) (ordered disclosure of personnel file of police officer involved in fatal shooting of Malik Jones)
http://www.state.ct.us/FOI/1998FD/19980610/FIC1997-298.htm

James Kane, David McClendon and New Haven Register v. Chief, Police Department, Town of Orange and Police Department, Town of Orange, Docket #FIC 1999-023 (May 12, 1999), appeal withdrawn sub nom. Delaney v. Freedom of Information Commission, CV-99-0499493-S (December 14, 2000) (ordered disclosure of police high speed pursuit policy)
http://www.state.ct.us/FOI/1999fd/19990512/FIC1999-023.htm

State v. Grant, 25 Conn. L. Rptr. 433 (September 15, 1999) (newspaper's motion to modify gag order in Penny Serra murder case)

Gerber & Hurley, Inc. v. CCC Corp., 36 Conn.App. 539, 651 A.2d 1302 (1995)
    (affirmed trial court judgment after bench trial)

Samtarel Chartering Corp. v. Tagship, Inc., 1991 WL 218496 (D.Conn. 1991)
    (defeated motion for summary judgment)

Local 191, International Brotherhood of Teamsters v. Rossetti, 135 L.R.R.M. (BNA) 2631, 1990 WL 128241 (D.Conn. 1990)
    (motion to dismiss granted; lack fo jursidiciton under Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 501 & 503 (LMRDA) and Labor Management Relations Act, 29 U.S.C. § 301 (LMRA)

Jade Aircraft Sales, Inc. v. City of Bridgeport, 1990-2 Trade Cases ¶ 69,225, RICO Bus.Disp.Guide 7603, 1990 WL 128573 (D.Conn. 1990) (summary judgment granted in RICO/municipal corruption case)

Cook Inlet v. Al Terzi and WFSB, New Haven Judicial District (1994) (enforcement of non-compete clause of top television anchor)

Tomra v. Envipco, 3:97cv01377 (GLG) USDC D.Conn. (prosecution under Lanham Act of trade dress infringement case against manufacturer of reverse vending machines)