# EXHIBIT N

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | )<br>)<br>) Civil Action No. 02 CV 2133 (EBB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) January 13, 2004<br>)<br>)<br>) |

### DECLARATION OF THOMAS F. CARR IN SUPPORT OF APPLICATION OF PLAINTIFF MIDSTREAM INVESTMENTS, LTD. FOR REIMBURSEMENT OF COSTS AND EXPENSES

I, Thomas F. Carr, declare under penalty of perjury, as follows:

1. I am President of Midstream Investments, Ltd., one of the lead plaintiffs in the above-captioned action which acted as a representative of the Class. I make this declaration in support of Midstream Investments, Ltd.'s application for a payment of $3150.00 for reasonable costs and expenses incurred (including lost wages) directly relating to representation of the Class.

2. I acted on behalf of Midstream Investments, Ltd., my personal investment vehicle, in connection with the prosecution of this action. I hired an attorney in Bermuda to investigate the best manner in which to pursue a claim against ANR. I made the initial contacts with attorneys at Scott + Scott, LLC to explain the wrong I felt had occurred in connection with the purchase of ANR's common stock by Midstream Investment, Ltd. and others. I gathered and

reviewed documents from my files for the attorneys' review. I reviewed the complaint and various litigation documents, such as the motion for appointment as lead plaintiff and the oppositions to the motions to dismiss. I also had periodic discussions by telephone with attorneys for the Plaintiff Class regarding the status of the litigation and settlement.

3.  In connection with this representation of the Class, I spent the following amounts of time on or about the dates indicated below:

| Date | Hours | Description of Time Spent |
| --- | --- | --- |
| January 27, 2003 | 1.0 | Telephone call with attorneys regarding participation in the litigation and moving as a lead plaintiff. |
| January 28, 2003 | 1.0 | Telephone call with attorneys regarding participation in the litigation and moving as a lead plaintiff. |
| February 1, 2003 | 1.0 | Telephone call with attorneys regarding moving as a lead plaintiff. |
| February 4, 2003 | 2.0 | Preparation for and participation in conference call with attorneys and Communications Workers of America regarding status and management of the litigation. |
| January – February, 2003 | 3.0 | Review of lead plaintiff motion and complaint. Review of my files for documentation regarding ANR stock holdings. |
| October 2003 | 0.5 | Telephone call with attorneys regarding status of the case. |
| January 12, 2004 | 1.0 | Review of correspondence from attorneys regarding status of the case and review of amended complaint. |
| February 27, 2004 | 1.0 | Review of correspondence from attorneys regarding status of the case and review of court's decision denying defendant Frederick Hammer's motion to dismiss. |
| April 8, 2004 | 1.5 | Review of correspondence from attorneys regarding status of the case and review of court's decisions denying the motions to dismiss of defendant John Burke as well as defendants XL Capital, Brian O'Hara and Michael P. Esposito, Jr. |
| July 11, 2004 | 0.4 | Review of correspondence from attorneys regarding mediation. |
| July 21, 2004 | 0.6 | Telephone call with attorneys regarding mediation and settlement. |
| July 30, 2004 | 0.4 | Review of correspondence from attorneys regarding settlement. |
| October, 2004 | 0.6 | Telephone call with attorneys regarding status of settlement. |
| January, 2005 | 1.0 | Review of files regarding participation in litigation. |
| **TOTAL HOURS** | **15** | |

- 2 -

4.  The reasonable cost of my time, based on my professional salary is $150.00 per hour. The above referenced 15 hours represents a cost of $2250.00.

5.  In addition, in connection with representing the Class in this action, I estimate that, on behalf of Midstream Investments, Ltd., I expended, and have not been reimbursed for, at least the following amounts on the items indicated:

$900.00    Legal Fees related to hiring a Bermuda attorney to investigate pursuing this claim

## CONCLUSION

Accordingly, I request a total of $3150.00 as and for reimbursement of Midstream Investments, Ltd.'s reasonable costs and expenses (including lost wages) directly relating to the representation of the Class.

- 3 -

- 4 -

Dated: January 13, 2005
Hamilton, Bermuda

_____
[signature]
_____
THOMAS F. CARR, President
On Behalf Of Midstream Investments, Ltd.