FILED

2005 JAN 21  P 4: 13

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERRY SCHNALL, Individually and On )
Behalf of All Others Similarly Situated, )
)
Plaintiffs, )
)
v. )
) Civil Action No. 02 CV 2133 (EBB)
ANNUITY AND LIFE RE (HOLDINGS), )
LTD., XL CAPITAL, LTD., LAWRENCE S. )
DOYLE, FREDERICK S. HAMMER, JOHN )
F. BURKE, WILLIAM W. ATKIN, BRIAN )
O'HARA, AND MICHAEL P. ESPOSITO, JR., )
)
Defendants. )

## ORDER AND FINAL JUDGMENT

On the 21st day of January, 2005, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Partial Settlement dated August 24, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Settling Defendants in the Complaint now pending in this Court under the above caption, including the release of the Settling Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Settling Defendants only and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was

mailed to all persons or entities reasonably identifiable, who purchased the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of ANR's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the international edition of The Wall Street Journal and the international edition of Financial Times pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Settling Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this Action, for purposes of this Settlement only, as a class action on behalf of all persons who purchased the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby. Excluded from the Class are the Settling Defendants, the officers and directors of ANR and XL Capital at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.    The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Settling Defendants only.

7.    Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase of shares of the common stock of Annuity and Life Re (Holdings) Ltd. ("ANR") during the Class Period (the "Settled Claims") against any and all of the Settling Defendants, their past or present subsidiaries, parents, successors and predecessors, and all of the aforementioned entities' officers, directors, agents, employees, attorneys, advisors, insurers, and investment advisors, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest or which is related to or

4

affiliated with any of the Settling Defendants, and the legal representatives, heirs, successors in interest or assigns of the Settling Defendants (the "Released Parties"). "Released Parties" does not include KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG") or its partners, principals, employees, agents and affiliates. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. "Settled Claims" does not include any claims against KPMG or its partners, principals, employees, agents and affiliates.

8.  "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which any Settling Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Settling Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or Bermuda, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiffs and Settling Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

9. The Settling Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Settling Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims") against any of the Lead Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution or equitable indemnity, by any person or entity, whether arising under United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, based upon, arising out of, relating to, or in connection with the claims of the Class or any Class Member in the Action (including the KPMG Action, which has been consolidated into the Action). Accordingly, to the maximum extent permissible under the PSLRA, the Court hereby

6

bars and enjoins all such claims for contribution or equitable indemnity: (a) by any person or entity against any Released Party; and (b) by any Released Party against any person or entity other than a person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and Agreement of Partial Settlement and this Order and Final Judgment. Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), if there is a final verdict or judgment against any other Defendant in the Action, the verdict or judgment shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants; or (b) the amount paid pursuant to this Settlement by the Settling Defendants.

11. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b) offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant;

(c) offered or received against the Settling Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or

7

wrongdoing, or in any way referred to for any other reason as against any of the Settling Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Settling Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Settling Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

12. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Plaintiffs' Counsel are hereby awarded one-third (33⅓%) of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $191,705.37 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of

payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

15. Lead Plaintiff Midstream Investments Ltd. is hereby awarded $3,150. Such award is for reimbursement of this Lead Plaintiff's reasonable costs and expenses (including lost wages) directly related to its representation of the Class.

16. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $16.5 million in cash that is already on deposit, plus interest thereon and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) 16,700 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of expenses in the approximate amount of $250,000 (including approximately $10,000 for the costs and expenses of the Lead Plaintiffs directly relating to their representation of the Class) and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

9

(d) The action involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Settling Defendants;

(f) Plaintiffs' Counsel have devoted over 5,473 hours, with a lodestar value of $1,862,701.25, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

17. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. This Action has been pending since the first of the constituent actions were filed in 2002. The Settlement Stipulation resolves all of the claims asserted by the Class against the Settling Defendants, and pursuant to the above bar orders bars any claims for contribution or equitable indemnity, by or against the Settling Defendants. The claims asserted against the

Settling Defendants and now settled raise issues that are separable from the remaining claims of Plaintiffs and the Class against KPMG. Permitting the immediate appeal, if taken, of this Order and Final Judgment does not result in any duplication of review by an appellate court, because if an appellate court were to vacate the Stipulation, then the parties may reasonably continue their prosecution or defense of the claims while this Court continues to preside over other related claims, without a waste of time or judicial resources. If this Order and Final Judgment were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Order and Final Judgment, then this Court would face re-trying the entire litigation as to the Settling Defendants, wasting judicial resources.

20. By reason of the finding in the previous paragraph, there is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure. The Action is not dismissed in respect of claims against any person or entity other than the Settling Defendants.

Dated:    New Haven, Connecticut
          Jan. 21, 2005

                                        _____
                                        Honorable Ellen Bree Burns
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**List of Persons and Entities Excluded from the Class in <u>Schnall, et al. v. Annuity and Life Re (Holdings). Ltd., et al.</u>, Civil Action No. 02 CV 2133 (EBB)**

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class:

Andrew S. Lerner
515 East 85th Street, Apt. 1E
New York, New York 10028