Circuit in *Goldberger* expressed "some doubt" that "there is a substantial contingency risk in every common fund case," 209 F.3d at 52, the enormous contingency risk in this case cannot be seriously disputed. Plaintiffs' counsel declined offers of settlement they deemed inadequate, litigated plaintiffs' claims through mediation and were fully prepared to try this case and risk losing their enormous investment of attorney time and substantial out-of-pocket expenses in the absence of a fair, reasonable and adequate settlement.

In *Goldberger*, the Second Circuit held that "[r]isk falls along a spectrum, and should be accounted for accordingly." *Id.* at 54. Taking into account the significant litigation, collectibility and contingency risks in this case, an award by the Court of attorneys' fees in the amount requested by Plaintiffs' counsel is justified.

4.     The Quality of Representation and the Result Achieved

The fourth *Goldberger* factor – the result achieved and the quality of the services provided – also supports a fee award at the highest end of the range. Here, the quality of the representation of Plaintiffs' counsel is best evidenced by the extraordinary recovery obtained for the Class – a $16.5 million value.

The fact that the Settlement is all cash is also a significant achievement. Further, this is not a "claims made" settlement in which some indeterminate portion of the Gross Settlement Fund can revert to defendants. This is a true fixed fund of $16.5 million.

As noted above, this extraordinary settlement was obtained in the face of vigorous opposition by defendants, who were represented by some of the country's leading law firms, including Drinker, Biddle & Reath, LLP and Cahill Gordon & Reindel, LLP. The ability of Plaintiffs' counsel to obtain such an extraordinary settlement for the Class in the face of such

50

formidable legal opposition further confirms the superior quality of Plaintiffs' counsel's

representation.[15]

     5.     <u>The Relation of the Requested Fee to the Settlement</u>

     The fifth *Goldberger* factor – the relation of the requested fee to the Settlement – also

supports the requested fee in this case. As noted above, the requested fee is consistent with fee

awards in comparable cases within the Circuit, and the unique circumstances of this case, the

intense effort of Plaintiffs' counsel and extraordinary result obtained weigh heavily toward

awarding the requested fee.

     6.     <u>Public Policy Considerations</u>

     Public policy considerations also support the requested fee in this case. As the Court held

in *Union Carbide*:

> The award of attorneys' fees in complex securities class action litigation is informed by the public policy that individuals damaged by violations of the federal securities laws should have reasonable access to counsel with the ability and experience necessary to analyze and litigate complex cases. Enforcement of the federal securities laws should be encouraged in order to carry out the statutory purpose of protecting investors and assuring compliance. *See Bateman Eichler v. Berner*, 472 U.S. 299, 86 L. Ed. 2d 215, 105 S. Ct. 2622 (1985). A large segment of the public might be denied a remedy for violations of the securities laws if contingent fees awarded by the courts did not fairly compensate counsel for the services provided and the risks undertaken. These policies further support the award of a multiplier of counsel's lodestar fee.

724 F. Supp. at 169. An award of the fees requested herein would be fully consistent with these

important public policy considerations.

---

[15] The experience of the law firms that represent plaintiffs in this action is set forth in the accompanying affidavits of plaintiffs' counsel submitted herewith. As those submissions show, plaintiffs' co-lead counsel practice extensively in the highly complex field of shareholder securities litigation. *See, e.g., In re Ikon Office Solutions, Inc.*, 194 F.R.D. 166 (E.D. Pa. 2000) (describing Milberg Weiss, one of plaintiffs' co-lead counsel in that case, as a firm with a "national reputation for advocacy in securities class actions," and further stating that "there is no doubt that this standing enhanced their ability both to prosecute the case effectively and to negotiate credibly").

**C.**    **A "Cross-Check" of Plaintiffs' Counsel's Lodestar Demonstrates the Reasonableness of the Requested Award**

In *Goldberger*, the Second Circuit held that even in cases in which the percentage method is chosen, documentation of hours remains a useful 'cross-check' on the reasonableness of the requested percentage." 209 F.3d at 50. "[W]here used as a mere cross-check, [however,] the hours documented by counsel need not be exhaustively scrutinized by the district court....Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarly with the case... ." *Id.* (citation omitted).

As discussed above, the hours expended by counsel are reasonable in view of the work performed and the stage of the proceedings. So too are Plaintiffs' counsel's hourly rates. The Second Circuit has held that the hourly rates to be applied in calculating the lodestar are those normally charged for similar work by attorneys of comparable skill and experience in the community where the attorney practices. *Savoie*, 166 F.3d at 460; *see also In re Fine Host*, 2000 WL 33116538 *5. In addition, the United States Supreme Court and the Second Circuit have approved the use of current rates in the lodestar calculation to "compensate for the delay in receiving compensation, inflationary losses, and the loss of interest." *Union Carbide*, 724 F. Supp. at 163, *quoting In re Generics Corp. Sec. Litig.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,719, at 98,770 (S.D.N.Y. Dec. 4, 1980). *See also Missouri v. Jenkins*, 491 U.S. 274, 284 (1989); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 136, 153 (2d Cir. 1983).

In determining whether the rates are reasonable, the Court should take into account the attorney's legal reputation, experience, and status (partner or associate). In this case, Plaintiffs' Co-Lead Counsel included the largest firm in the field of securities class action litigation, Milberg Weiss Bershad and Schulman LLP, and the team of lawyers working on the case was

led by David R. Scott of Scott + Scott, LLC, a well-known and highly experienced and respected lawyer.[16] In short, the experience and reputations of Plaintiffs' counsel support the hourly rates charged. Clearly, the Class received the highest quality representation in this case.

Under the lodestar method, a multiplier is typically applied to the lodestar in recognition of the risk of the litigation, the complexity of the issues, the contingent nature of the engagement, the skill of the attorneys, and other factors. *Savoie*, 166 F.3d at 460; *Goldberger*, 209 F.3d at 47. The total lodestar reported by Plaintiffs' counsel is $1,862,701.25. Thus, the percentage fee requested represents a 2.95 times multiplier to the cumulative lodestar of all Plaintiffs' counsel. This multiplier is well within the range of multipliers awarded by courts within the Second Circuit and is fully justified in this case. *See In re Buspirone Patent*, 01-MD-1410, slip op. at 41-43 (S.D.N.Y. Apr. 11, 2003) (awarding multiplier of 8.46); *Maley*, 186 F. Supp. 2d at 368-69 (finding a multiplier of 4.65 to be within the range in this Circuit); *In re APAC Teleservice, Inc. Sec. Litig.*, No. 97 Civ. 9145 (BJS) (percentage fee award of 33-1/3% represented multiplier of 2.76); *Newman*, 99 Civ. 2271 (GEL) (percentage fee award of 33-1/3% represented  multiplier of 7.7); *Union Carbide*, 724 F. Supp. at 170 (applying multiplier of 2.3 to lodestar of plaintiffs' steering committee).

As discussed more fully above, this case was extremely risky and complex and, as evidenced by the extraordinary result obtained, the representation afforded the Class on an entirely contingent basis was first-rate.[17] Thus, the 2.95 times multiplier requested in this case is eminently reasonable.

---

[16] The accompanying affidavits of plaintiffs' counsel include a description of the background and experience of the attorneys who worked on this case.

[17] Although the Second Circuit observed in *Goldberger* that "a big recovery does not necessarily justify a quality multiplier," 209 F.3d at 56, it bears repeating that the factors that led the Court to decline to award a quality

**D.     The Absence of Objections by Class Members Demonstrates the Reasonableness of the Requested Fee**

The Settlement Notice, which was mailed to 16, 700 potential Class members,[18] advised the Class that Plaintiffs' counsel would apply for a fee award of up to one-third of the Gross Settlement Funds created, plus expenses. The Settlement Notice also expressly advised Class members that they could object to the fee application. To Plaintiffs' counsel knowledge, no objections concerning the fee award have been submitted. The absence of objections is especially noteworthy in this case since the Class includes a significant number of large, sophisticated institutional investors who collectively purchased a substantial percentage of the damaged ANR securities during the Class Period.

**E.     Plaintiffs' Counsel Should be Reimbursed for their Reasonably Incurred Litigation Expenses**

Plaintiffs' counsel also request reimbursement for the reasonable and necessary expenses that they advanced to prosecute this litigation. These expenses total $194,855.37 and are detailed in the affidavits of Plaintiffs' counsel submitted herewith. *See TBK Partners, Ltd. v. Warshow*, [1977-1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,196, at 92,402 (S.D.N.Y. Oct. 6, 1997). Plaintiffs' counsel respectfully requests that the listed expenses and costs be awarded because they were necessary and appropriate in prosecuting this action.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify a class and grant final approval of the Settlement and the Plan of Allocation. Additionally, Plaintiffs' counsel respectfully request that the Court grant their application for an award of attorneys' fees

---

multiplier in that case – a preceding government investigation that resulted in guilty pleas – was not present in this case. *See, In re Fine Host*, 2000 WL 33116538, at *6.
[18] Heald Aff. ¶7.

54

in the amount of 33-1/3% of the Gross Settlement Fund, together with the reimbursement of their expenses reasonably incurred to date in the amount of $194,855.37, including reimbursement of $3,150 in litigation expenses incurred by Lead Plaintiff Midstream Investments, plus accrued interest to the date of the award to the same extent as has been earned by the deposited Settlement Funds, with the award of attorneys' fees to be allocated among Plaintiffs' counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensate Plaintiffs' counsel for their respective contributions in the prosecution of the action.

Dated:  January 14, 2005

Respectfully submitted,

**SCOTT & SCOTT, LLC**

By: _____
David R. Scott (ct16080)
drscott@scott-scott.com
Erin Green Comite (ct24886)
ecomite@scott-scott.com
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
**Co-Lead Counsel for Lead Plaintiffs**

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Beth Kaswan _____
Beth Kaswan (ct21415)
Ann M. Lipton (ct25358)
One Pennsylvania Plaza
New York, NY  10119
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229
**Co-Lead Counsel for Lead Plaintiffs**

55

**Co-Lead Counsel for Lead Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th of January, 2005, I caused a true and correct copy of the

foregoing Memorandum In Support Of Final Approval Of Proposed Class Action Settlement,

Certification Of Settlement Class And Petition For Award Of Attorneys' Fees And

Reimbursement Of Expenses to be served by first-class, postage prepaid U.S. mail on counsel of

record listed on the attached Service List.

David R. Scott

56

### Annuity and Life Re (Holdings), Ltd. Service List

**Attorneys for Plaintiffs**

Andrew M. Schatz
SCHATZ & NOBEL
One Corporate Center
20 Church Street, Suit 1700
Hartford, CT 06106

James E. Miller
SHEPHERD FINKELMAN MILLER &
SHAH, LLC
65 Main Street
Chester, CT  06412

Attorney Elias A. Alexiades
ATTORNEY ELIAS A. ALEXIADES
215 Church Street
New Haven, CT 06525

Beth Kaswan
MILBERG WEISS BERSHAD
 & SCHULMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Marc Edelson
HOFFMAN & EDELSON
45 West Court St.
Doylestown, PA  18901

Deborah R. Gross
LAW OFFICES OF BERNARD M.
GROSS, P.C.
1515 Locust Street, Suite 200
Philadelphia, PA 19102

Arnold Levin
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106

S. Gene Cauley
J. Allen Carney
CAULEY BOWMAN CARNEY &
WILLIAMS, P.C.
P. O. Box 25438
Little Rock, AR  72221-5438

Ann M. Caldwell
CALDWEL LAW OFFICE, LLC
141 Pelham Road, Suite 300
Philadelphia, PA  19119

Curt Trinko
LAW OFFICES OF CURTIS V. TRINKO
16 West 46th Street, 7th Floor
New York, NY  10036

Donald B. Lewis
LAW OFFICES OF DONALD B. LEWIS
5 Cynwyd Road
Bala Cynwyd, PA  19004

Felix Fox
KAPLAN FOX KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY  10022

Eugene Friedman
FRIEDMAN & WOLF
1500 Broadway
New York, NY  10036

Douglas McKeige
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
1285 Avenue of the Americas
New York, NY  10019

Joseph Weiss
WEISS &LURIE
551 Fifth Avenue, Suite 1600
New York, NY  10176

**Attorneys for Defendants**

Gary R. Battistoni
DRINKER BIDDLE & REATH
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

John W. Cannavino
CUMMINGS & LOCKWOOD, LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902

James F. Stapleton
Terence J. Gallagher
DAY, BERRY & HOWARD, LLP
One Caterbury Green
Stamford, CT 06901

Thorn Rosenthal
CAHILL GORDON & REINDEL, LLP
80 Pine Street
New York, NY 10005-1702

Lawrence W. Andrea
LAW OFFICES OF
  LAWRENCE W. ANDREA
57 North Street, Suite 313
Danbury, CT 06810

James T. Shearin
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006

Michael J. Malone
KING & SPAULDING
1185 Avenue of the Americas
New York, NY  10036-4003

John R. Horvack, Jr.
CARMODY & TORRANCE
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110

Francis S. Chlapowski
Randi B. Pincus
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue, 44th Floor
New York, NY 10178

John J. Robinson
McCarter & English, LLP
One Financial Plaza
755 Main Street, 18th Floor
Hartford, CT 06103

R. Nicholas Gimbel
MCCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
James H. Bicks
WIGGIN & DANA
400 Atlantic St., 7th Fl.
PO Box 110325
Stamford, CT 06911-0325
203-363-7600

Kelly M. Hnatt
Joseph T. Baio
WILLKIE, FARR & GALLAGHER
787 Seventh Ave.
New York, NY 10019-6099
212-728-8000

Frederick S. Gold
Morgan Paul Rueckert
SHIPMAN & GOODWIN
300 Atlantic St.
Stamford, CT 06901-3522
203-324-8100

2