**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., | : | Civil Action No. 02 CV 2133 (EBB) |
| XL CAPITAL, LTD., LAWRENCE S. DOYLE, | : | |
| FREDERICK S. HAMMER, JOHN F. BURKE, | : | |
| WILLIAM W. ATKIN, BRIAN O'HARA, AND | : | |
| MICHAEL P. ESPOSITO, JR., | : | |
| | : | |
| Defendants. | : | |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

Milberg Weiss Bershad & Schulman LLP and Scott + Scott, LLC, on behalf of Lead

Plaintiffs Communications Workers of America and Midstream Investments Ltd., respectfully

move the Court for an Order: (i) approving the administrative determinations of Claims

Administrator, The Garden City Group, Inc. ("GCG"), accepting and rejecting claims submitted

herein; (ii) directing payment of $99,256.89 out of the Settlement Fund to GCG for its fees and

expenses incurred and to be incurred in connection with services performed and to be performed

in giving notice to the Class, preparing tax returns for the Settlement Fund, processing the Proofs

of Claim, allocating the Net Settlement Fund among the Authorized Claimants, and

administering and distributing the Settlement Fund to the Authorized Claimants; (iii) directing

distribution of the Net Settlement Fund, after deduction of the payments requested herein, to

Class Members whose Proofs of Claim have been accepted; (iv) authorizing destruction of paper

copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and

authorizing destruction of electronic copies of claim records three years after distribution of the

Net Settlement Fund; and (v) for such other and further relief as this Court deems appropriate.

Plaintiffs' Co-Lead Counsel file this Motion pursuant to paragraph 9 of the Stipulation and Agreement of Settlement dated August 24, 2004, (Docket No. 171), which requires Plaintiffs' Co-Lead Counsel to apply to the Court, on notice to Settling Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Clams Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## BACKGROUND

On August 24, 2004, Lead Plaintiffs and Defendants Annuity and Life Re (Holdings), Ltd. ("ANR"), XL Capital, Ltd. ("XL Capital"), and Lawrence S. Doyle ("Doyle"), Frederick S. Hammer ("Hammer"), John F. Burke ("Burke"), William W. Atkin ("Atkin"), Brian O'Hara ("O'Hara"), and Michael P. Esposito ("Esposito") (Doyle, Hammer, Burke, Atkin, O'Hara, and Esposito are collectively referred to as the "Individual Defendants") (ANR, XL Capital, and the Individual Defendants are collectively referred to as the "Settling Defendants"), entered into a Stipulation and Agreement of Partial Settlement (the "Stipulation"). (Docket No. 171). The Stipulation provided for the settlement of this action on behalf of a Class consisting of all persons who purchased the common stock of ANR during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby.

A Notice of Pendency of Class Action and Proposed Settlement with Certain Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") was mailed to all Class Members pursuant to the Amended Preliminary Order for Notice and Hearing in

Connection with Settlement Proceedings, dated October 6, 2004 (the "Preliminary Order").

(Docket No. 176).

On January 21, 2005, the Court held a hearing to consider the proposed settlement, at

which hearing the Court approved the proposed settlement as fair, reasonable, and adequate, and

dismissed this action as against the Settling Defendants, and directed the parties to consummate

the Stipulation in accordance with its terms and provisions. (Docket No. 191).

Pursuant to the Court's Preliminary Order, Lead Plaintiffs' Co-Lead Counsel retained

GCG, a firm specializing in the administration of class action settlements located in Melville,

New York, to print and mail copies of the Notice and a Proof of Claim form to the members of

the Class, to publish a summary notice, to process the Proof of Claim forms submitted by Class

Members, and to effectuate distribution of the Net Settlement Fund to the Class Members who

submitted acceptable Proofs of Claim.

### CLAIMS ADMINISTRATION

Under the terms of the Stipulation, a $16,500,000 Cash Settlement Fund was established

for the settlement of the class claims asserted against the Settling Defendants.  Pursuant to the

Stipulation and the Notice, all Class Members wishing to participate in the Settlement Fund were

required to submit Proofs of Claims by mail, postmarked on or before March 7, 2005.  As

demonstrated by the accompanying Affidavit of Stephen J. Cirami in Support of Motion for

Distribution of Class Settlement Fund (the "Cirami Affidavit"), GCG received and reviewed all

submitted claims and, to the extent that a claim was deficient in any regard, GCG notified the

claimant of the deficiency and advised the claimant as to the possible ways to cure the

deficiency.  Where a claimant failed to cure a defective claim after notice, or where the claim

showed that the claimant was not entitled to receive a share of the Net Settlement Fund, GCG

notified the claimant of the rejection of the claim and provided the claimant with notice of the method for the claimant to request this Court's review of GCG's administrative determination rejecting the claim. Copies of sample deficiency and rejection letters are attached as exhibits to the Cirami Affidavit. See Cirami Aff. at ¶ 12.

Pursuant to paragraph 15(e) of the Stipulation, all rejection letters specifically provided that a claimant had the right, within twenty days after the mailing of the rejection, to contest the rejection and request a hearing before the Court. No claimants have outstanding requests for this Court's review of the rejection of their claims.

Approximately [215] accepted claims were received after the March 7, 2005 submission deadline. No claim has been rejected because it was received after the initial submission deadline and we believe no delay has resulted from the acceptance of these claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject claims submitted after the March 7, 2005 deadline because of lateness.

However, there must be a final cut-off date after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an Order directing that no claim submitted after April 30, 2006, a date during the preparation of this application, be accepted for any reason whatsoever. See In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 329 (3d Cir. 2001) ("There is no question that in the distribution of a

large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citations omitted).

It is respectfully requested that the Court approve the administrative determinations accepting and rejecting claims as set forth herein.

## FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

Pursuant to the Stipulation, and as described to members of the Settlement Class in the Notice, Lead Plaintiffs reserved the right to apply for a supplemental award of fees and expenses incurred in connection with the administration and distribution of the Settlement. In addition, in this Court's Order and Final Judgment dated January 21, 2005 (the "Final Order"), the Court retained exclusive jurisdiction "over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and [the] Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class." (Docket No. 192).

Plaintiffs request that the Court authorize payment of $99,256.89 to GCG in payment of its fees and expenses for its services in mailing and publishing notice to the Settlement Class, processing the claims and distributing the Net Settlement Fund to accepted claimants, as requested in the Cirami Affidavit.

## DISTRIBUTION OF NET SETTLEMENT FUND

Lead Plaintiffs also respectfully request that the Court enter an Order authorizing distribution of the balance of the Settlement Fund after the deduction of the fees and expenses previously awarded and requested herein (the "Net Settlement Fund") to the Class Members whose claims have been accepted as listed on the computer printout of accepted claims submitted

with the Cirami Affidavit in proportion to their Recognized Claims as shown therein. See Ex. B

to Cirami Aff.

Lead Plaintiffs further respectfully request that the Court bar any further claims against

the Net Settlement Fund and release and discharge from any and all claims beyond the amount

allocated to them arising out of the claims administration, all persons involved in the review,

verification, calculation, tabulation, or any other aspect of the processing of the claims submitted

herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement

Fund be released and discharged from any and all claims arising out of such involvement beyond

the amount allocated to them.

## DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE

It may be expected that not all of the payments to be distributed to accepted Class

Members will be cashed promptly.  In order to encourage Class Members to promptly cash their

distributions and to avoid or reduce future expenses relating to unpaid distributions, Lead

Plaintiffs propose that all the distribution drafts bear a notation "CASH PROMPTLY, VOID

AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE]."

The Plan of Allocation for the Net Settlement Fund set forth in the Notice provides that

payments will be distributed to Authorized Claimants after all claims have been processed and

after the Court has finally approved the Settlement. (Notice, Page 9.)  In order to allow a final

distribution of any balance that may remain in the Settlement  Fund after the initial distribution,

whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, the Plan

of Allocation also provides that any funds that remain in the Net Settlement Fund one year after

the initial distribution shall be re-distributed to Class Members who have cashed their payments

and who would receive at least $10.00 from such re-distribution. (Notice, Page 9.)  If after six

months following such re-distribution any funds shall remain in the Net Settlement Fund, then

such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Plaintiffs' Co-Lead Counsel.

The Final Order approved the Plan of Allocation and directed Plaintiffs' Co-Lead Counsel and the Claims Administrator to administer the Stipulation in accordance with its terms and provisions. (Docket No. 192).

**THE ORDER FOR DISTRIBUTION OF CLASS
SETTLEMENT FUND SHOULD BE APPROVED**

Lead Plaintiffs submit that the work performed by GCG, as explained above, was conducted fairly and in accordance with the terms and provisions of the Stipulation. Accordingly, Lead Plaintiffs have moved for an Order: (i) approving the administrative determinations of GCG accepting and rejecting claims submitted herein; (ii) directing payment to GCG for its fees and expenses incurred and to be incurred in connection with services performed and to be performed in giving notice to the Class, preparing tax returns for the Settlement Fund, processing the Proofs of Claim, allocating the Net Settlement Fund among the Authorized Claimants, and administering and distributing the Settlement Fund to the Authorized Claimants; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; and (iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

**CONCLUSION**

Wherefore, Lead Plaintiffs' respectfully request their Motion for Distribution of Class Settlement Fund should be granted.

7

Dated:          Colchester, Connecticut
                May 24, 2006

                                    Respectfully Submitted,

                                    **SCOTT + SCOTT, LLC**


                                    By:   ___/s/ Erin Green Comite_____
                                            David R. Scott (Juris No. 16080)
                                            Erin Green Comite (Juris No. 24886)
                                    108 Norwich Avenue
                                    P.O. Box 192
                                    Colchester, Connecticut  06415
                                    Telephone:  (860) 537-5537
                                    Facsimile:  (860) 537-4432

                                    **Co-Lead Counsel for Plaintiffs**


                                    **MILBERG WEISS BERSHAD
                                    & SCHULMAN LLP**


                                    By:   ___/s/ Beth Kaswan_____
                                            Beth Kaswan (ct21415)
                                    One Pennsylvania Plaza
                                    New York, New York  10119-0165
                                    Telephone:  (212) 594-5300
                                    Facsimile:  (212) 868-1229