UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERRY SCHNALL, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

ANNUITY AND LIFE RE (HOLDINGS), LTD.,
XL CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

    Defendants.

Civil Action No. 02 CV 2133 (EBB)

## ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS**, on January 21, 2005, this Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Partial Settlement dated August 24, 2004 (the "Stipulation") and the Plan of Allocation; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the affidavit of Stephen J. Cirami of The Garden City Group, Inc., the Claims Administrator, and the memorandum of law, and upon all prior proceedings herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and

described in the Affidavit of Stephen J. Cirami, including claims submitted after March 7, 2005, through and including April 30, 2006, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Stephen J. Cirami be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that The Garden City Group, Inc. be paid the sum of $99,256.89 out of the Settlement Fund to GCG for its fees and expenses incurred and to be incurred in connection with services performed and to be performed in giving notice to the Class, preparing tax returns for the Settlement Fund, processing the Proofs of Claim, allocating the Net Settlement Fund among the Authorized Claimants, and administering and distributing the Settlement Fund to the Authorized Claimant; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Stephen J. Cirami in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order; and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the

initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after April 30, 2006 may be accepted for any reason whatsoever.

Dated: New Haven, Connecticut
July 6, 2006

**BY THE COURT:**

_____
Honorable Ellen Bree Burns
UNITED STATES DISTRICT JUDGE