UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                            Plaintiffs,                       CIVIL ACTION NO.
                                                                 3:02CV2133 (EBB)

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD.,
XL CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                                                                 September 14, 2006

                            Defendants.

------------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANT KPMG BERMUDA
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR CLARIFICATION,
IN PART, OF THE COURT'S RULING ON KPMG BERMUDA'S MOTION TO DISMISS**

Frederick S. Gold
Morgan P. Rueckert
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
Mordecai Geisler
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

*Attorneys for KPMG BERMUDA*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT .......................................................................................................................... 2

      THE COURT'S STATEMENT THAT KPMG BERMUDA MAY BE LIABLE FOR PUBLIC STATEMENTS OF ANR THAT WERE NOT ATTRIBUTED TO KPMG BERMUDA CONFLICTS WITH THE SECOND CIRCUIT'S CONTROLLING DECISION IN <u>WRIGHT v. ERNST & YOUNG</u> ................................................................................................................. 2

      A.    The Standard on This Motion for Reconsideration ............................................ 2

      B.    The Court's Ruling Conflicts with the Second Circuit's Controlling Decision in Wright v. Ernst & Young ................................................................ 3

CONCLUSION ....................................................................................................................... 8

## TABLE OF AUTHORITIES

### FEDERAL CASES

Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,
511 U.S. 164 (1994) ............................................................................................. 1, 4, 6

Colon v. Tucciarone,
No. CIV 3:02CV891 (PCD), 2003 WL 22439588 (D. Conn. Oct. 27, 2003) ............... 2

In re Global Crossing, Ltd. Sec. Litig.,
322 F. Supp. 2d 319 (S.D.N.Y. 2004) ........................................................................ 5, 7

In re IKON Office Solutions, Inc. Sec. Litig.,
277 F.3d 658 (3d Cir. 2002) ............................................................................................ 3

Jefferson Ins. Co. of N.Y. v. Rouhana (In re Winstar Commc'ns),
No. 01 CV 3014 (GBD), 2006 WL 473885 (S.D.N.Y. Feb. 27, 2006) ...................... 4, 7

In re March & McLennan Cos. Sec. Litig.,
No. MDL 1744, 04 Civ. 8144 (SWK), 2006 WL 2057194 (S.D.N.Y. July 20,
2006) ................................................................................................................................ 6

Schnall v. Annuity and Life Re (Holdings), Ltd.,
Civ. No. 3:02 CV 2133 (EBB), 2006 WL 2331138 ................................................. 4, 5

Shapiro v. Cantor,
123 F.3d 717 (2d Cir. 1997) ............................................................................................ 4

Shrader v. CSX Trans., Inc.,
70 F.3d 255 (2d Cir. 1995) ............................................................................................. 2

U.S. v. Lauersen,
348 F.3d 329 (2d Cir. 2003) ............................................................................................ 2

In re The Warnaco Group, Inc. Sec. Litig.,
388 F. Supp. 2d 307 (S.D.N.Y. 2005) ........................................................................ 5, 7

Wright v. Ernst & Young LLP,
152 F.3d 169 (2d Cir. 1998) ................................................................................... 1, 4, 6

### FEDERAL STATUTES

17 C.F.R. § 210.1-01(a)(2) .................................................................................................. 6

## OTHER SOURCES

Haft, Robert J. and Hudson, Michele H., Liability of Attorneys and Accountants
    for Securities Transactions § 3:11 (2006) ...................................................................5

Defendant KPMG Bermuda respectfully submits this memorandum of law in support of its motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rule 7(c) for reconsideration or clarification, in part, of the Court's August 30, 2006 ruling (the "Decision") on KPMG Bermuda's motion to dismiss the first amended class action complaint (the "Amended Complaint").[1] A copy of the Decision is attached hereto as Exhibit A for convenient reference.

## PRELIMINARY STATEMENT

On this motion, KPMG Bermuda does not challenge most of this Court's Decision denying its motion to dismiss the Amended Complaint. In its final paragraph, however, the Decision states that KPMG Bermuda can be found liable not only for statements it is alleged to have made (i.e., its audit reports), but also for public statements by the issuer, Annuity & Life Re (Holdings), Ltd. ("ANR") that were not attributed to KPMG Bermuda at the time they were made. Decision at 16-17. The Decision cites Wright v. Ernst & Young LLP, 152 F.3d 169, 175 (2d Cir. 1998) on this point, but this statement is not supported by Wright; to the contrary, it conflicts with that Second Circuit decision, as well as with the U.S. Supreme Court's decision in Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164 (1994). In Wright and other controlling decisions, the Second Circuit established a "bright line" rule that a party cannot be held liable under Section 10(b) for statements that are not made by and attributed to that party at the time they are publicly disseminated. The Second Circuit specifically rejected exceptions to this rule for statements which the party "participated" in making or based on what

---

[1] The Amended Complaint was filed in the action captioned Communications Workers of America v. KPMG LLP (U.S.) et al., No. 03 CV 1826 (GLG), which has been consolidated with the above-captioned action. Pursuant to the Notice of this Court dated January 30, 2004, this brief is filed with the earlier-filed caption.

1

the public "understood" about the party's role in preparing the statement. If this language of the Decision is not reconsidered or clarified to be consistent with <u>Wright</u>, it will become an erroneous precedent on the important issue of public auditor liability under Section 10(b) and Rule 10b-5 of the federal securities laws. It may also erroneously expand the scope of liability of the public audit firm defendant in this case.

Accordingly, this portion of the Decision should be modified now to state, in accordance with <u>Wright v. Ernst & Young</u> and <u>Central Bank</u> that KPMG Bermuda may only be held liable for statements it made that were publicly attributed to it at the time they were publicly disseminated.

## **ARGUMENT**

**THE COURT'S STATEMENT THAT KPMG BERMUDA MAY BE LIABLE FOR PUBLIC STATEMENTS OF ANR THAT WERE NOT ATTRIBUTED TO KPMG BERMUDA CONFLICTS WITH THE SECOND CIRCUIT'S CONTROLLING DECISION IN <u>WRIGHT v. ERNST & YOUNG</u>**

### A.    The Standard on This Motion for Reconsideration

An interlocutory ruling may be reconsidered at any time prior to entry of a final judgment. <u>U.S. v. Lauersen</u>, 348 F.3d 329, 338 (2d Cir. 2003) (citing Federal Rule 54(b)). Reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (affirming order granting reconsideration of denial of motion to dismiss). Reconsideration is also appropriate when a need is shown "to correct a clear error of law." <u>Colon v. Tucciarone</u>, No. CIV 3:02CV891 (PCD), 2003 WL 22439588, at *1 (D. Conn. Oct. 27, 2003) (granting reconsideration of partial denial of summary judgment).

2

The statement in the Decision that KPMG Bermuda can be liable for statements by ANR is clear legal error because it conflicts with the controlling authority of this Circuit and undermines the U.S. Supreme Court decision in Central Bank. KPMG Bermuda's motion for reconsideration or clarification, in part, should therefore be granted.

**B.   The Court's Decision Conflicts with the Second Circuit's Controlling Decision in Wright v. Ernst & Young**

As the Decision correctly states, plaintiffs allege that KPMG Bermuda served as the outside auditor for ANR for the fiscal years ending 12/31/99, 12/31/00 and 12/31/01. Decision at 2. The only statements KPMG Bermuda is alleged to have made were the audit reports that were made part of ANR's Form 10-Ks.[2] Decision at 6. The Court denied KPMG Bermuda's motion to dismiss, holding that KPMG Bermuda may be liable for statements it made in its audit reports. Decision at 16. That holding is not the subject of this motion. The challenged portion of the Court's Decision then goes on, however, to state that under Wright, KPMG Bermuda may also be held liable for statements made by ANR:

> Under Wright, KPMG Bermuda, as ANR's primary auditor, may be held liable for the misstatements contained in ANR's public statements where KPMG Bermuda made a related misstatement and the public was aware of KPMG Bermuda's role in reviewing and assisting in the drafting of ANR's public statements.

Decision at 16-17. But Wright does not support that statement; to the contrary, the Second Circuit in that case followed a "bright line rule" that a party can only be held liable for the

---

[2]   Auditors do not prepare the company's financial statements; that is the role of the company's management. The purpose of the audit is to enable the auditor to express an opinion regarding whether the financial statements fairly present the financial position of the company in accordance with GAAP. In re IKON Office Solutions, Inc. Sec. Litig., 277 F.3d 658, 673 (3d Cir. 2002). The auditor certifies only that it exercised appropriate levels of professional care and judgment; an audit "does not guarantee that a client's accounts and financial statements are correct." Id.

3

statements it actually makes. Wright v. Ernst & Young LLP, 152 F.3d 169, 175 (2d Cir. 1998). This rule is based directly on the Supreme Court's decision in Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 191 (1994), which rejected private aiding and abetting liability under Section 10(b) of the Securities Exchange Act. The Supreme Court held that a party may not be held liable where it is only alleged to have assisted others in making purported statements. Central Bank, 511 U.S. at 191.

In light of the Supreme Court's directive in Central Bank, the Second Circuit has repeatedly held that a purportedly false statement "must be attributed to that specific actor at the time of public dissemination" to establish Section 10(b) liability." Wright, 152 F.3d at 175; accord Shapiro v. Cantor, 123 F.3d 717, 720 (2d Cir. 1997).[3] Under this "bright line rule," it does not matter that a party is alleged to have "reviewed" or "assisted" another in making a statement. The court in Wright expressly considered and rejected a rule that would hold parties liable for "statements made by others in which the defendant had significant participation." The Second Circuit held, therefore, that allegations that the auditor "reviewed and approved" another's statements are not sufficient for Section 10(b) liability. Wright, 152 F.3d at 175.

Following Wright, district courts in this circuit have consistently held that an auditor may not be liable for statements by its audit client, notwithstanding allegations that the auditor "reviewed," "approved" or "assisted" in preparing the statements. E.g., Jefferson Ins. Co. of N.Y. v. Rouhana (In re Winstar Commc'ns), No. 01 CV 3014 (GBD), 2006 WL 473885, at *9 (S.D.N.Y. Feb. 27, 2006) ("Where a company issues quarterly financial statements which contain

---

[3] Accord Schnall v. Annuity and Life Re (Holdings), Ltd., Civ. No. 3:02 CV 2133 (EBB), 2006 WL 2331138, at *3 (D. Conn. Aug. 10, 2006) ("[A] secondary actor cannot incur primary liability under the Act for a statement not attributed to that actor at the time of dissemination.") (quoting Wright, 152 F.3d at 175).

4

a notation that they are unaudited, liability may not be imposed upon a public auditor simply because plaintiffs claim the auditor examined and reviewed the statements."); In re The Warnaco Group, Inc. Sec. Litig., 388 F. Supp. 2d 307, 314 (S.D.N.Y. 2005) (dismissing claim based on Form 10-Qs notwithstanding allegation that auditor "examined or reviewed" the reports); In re Global Crossing, Ltd. Sec. Litig., 322 F. Supp. 2d 319, 333 (S.D.N.Y. 2004) (allegations that auditor "reviewed and approved" unaudited statements or was "instrumental in helping [the companies] create" them are "insufficient to sustain 10(b) liability"). Accord Schnall v. Annuity and Life Re (Holdings), Ltd., Civ. No. 3:02 CV 2133 (EBB), 2006 WL 2331138, at *3 (D. Conn. Aug. 10, 2006) ("Despite the allegations of Ernst & Young's oral approval of BT's allegedly false and misleading statements, the Wright court dismissed the complaint against Ernst & Young.") (emphasis added).[4]

---

[4] KPMG Bermuda's status as an outside auditor is a key factor in this analysis. In applying Wright, courts have distinguished between outside actors like auditors, on the one hand, and corporate insiders on the other. While a few courts have found that in certain circumstances some corporate insiders may be liable for statements made by the company, under the Wright bright line rule, outside auditors may not. E.g., In re The Warnaco Group, Inc. Sec. Litig., 388 F. Supp. 2d 307, 315 n.3 (S.D.N.Y. 2005) (dismissing claim against auditor under Wright bright line rule, distinguishing between corporate insider and "an outside actor like a public auditor.").

In fact, the only case plaintiffs have cited in this Circuit that purports to hold an auditor liable for its client's statements, In re Global Crossing, Ltd. Sec. Litig., 322 F. Supp. 2d 319 (S.D.N.Y. 2004), has been seriously criticized for violating the Wright "bright line" rule. E.g., Haft, Robert J. and Hudson, Michele H., Liability of Attorneys and Accountants for Securities Transactions § 3:11 (2006) ("While purporting to follow the bright line rule binding on it, a district court within the Second Circuit recently moved away from the public attribution to defendant rule."). As those commentators observed, the Global Crossing court "basically adopted the very substantial participation test" that was expressly rejected by the Second Circuit in Wright. Id. See also Warnaco, 388 F. Supp. 2d at 315 n.3 ("As the Court in Global Crossing recognized, the leading cases from the Second Circuit adopted a 'bright line' test over a 'substantial participation' test for the threshold required for a secondary actor's conduct to implicate primary liability under Section 10(b).").

5

Contrary to the challenged language in the Court's Decision, it also does not matter that the public was allegedly <u>aware</u> of the defendant auditor's role in reviewing and approving statements. The Second Circuit refused "to focus on what the market might have implicitly 'understood'" about the defendant's involvement in the allegedly false statement, because it would erode the Supreme Court's holding in <u>Central Bank</u>. <u>Wright</u>, 152 F.3d at 177.[5]

Under <u>Wright</u>, plaintiffs cannot state a claim against KPMG Bermuda based on statements by ANR or any other party, including alleged misstatements and omissions in ANR's Form 10-Qs (which expressly stated that they were unaudited and did not contain any audit report of, or even mention, KPMG Bermuda), statements in the unaudited sections of ANR's Form 10-Ks, statements by ANR's management on conference calls or in press releases, or statements in third-party analyst reports. Because none of these statements was made by or publicly attributed to KPMG Bermuda, none can be the basis of a claim against it.[6]

The language on pages 16-17 of the Decision contradicts the Second Circuit's controlling decision in <u>Wright</u> and undermines the Supreme Court's holding in <u>Central Bank</u>. If left

---

[5] If the portion of the Court's Decision challenged by this motion were correct, <u>every</u> public auditor could be argued to be liable for virtually every public statement by an issuer for whom it served as public auditor. Public companies are required annually to file public reports that identify their outside auditors. 17 C.F.R. § 210.1-01(a)(2), 210.2-02(a). Thus it can <u>always</u> be argued -- as plaintiffs argue here -- that the public is aware of an audit firm's relationship with the public company. If that were all the law required, independent auditors could almost always face liability for statements made by their clients, and the U.S. Supreme Court's holding that secondary liability is not available would be eviscerated. <u>Central Bank</u>, 511 U.S. at 191.

[6] As one court applying <u>Wright</u> recently observed, 10-K filings are comprised of various components, including audited financial statements, the audit opinions themselves, and unaudited sections such as annual reports and management's discussion and analysis. Misrepresentations in the unaudited sections are not attributable to the auditor. <u>In re Marsh & McLennan Cos. Sec. Litig.</u>, No. MDL 1744, 04 Civ. 8144 (SWK), 2006 WL 2057194, at *20 (S.D.N.Y. July 20, 2006) (emphasis added).

unchanged, this part of the Decision will improperly expand the scope of discovery and possibly taint future decisions on summary judgment or at trial, as plaintiffs will doubtless later argue it constitutes law of this case. It also sets an incorrect precedent on an important issue of securities law and threatens an erroneous expansion of public audit firm liability under principles of *stare decisis*. It should not be permitted to stand.[7]

---

[7] In opposition to KPMG Bermuda's motion to dismiss, plaintiffs argued that KPMG Bermuda could be liable for alleged misstatements in ANR's unaudited quarterly reports. The only case plaintiffs cited in support of their position, Global Crossing, actually supports KPMG Bermuda's position that it may not be held liable for such statements. The plaintiffs in that case asserted securities fraud claims against the auditor of two affiliated issuers. With respect to one issuer, plaintiffs alleged only that the auditor "reviewed and approved" the unaudited financial statements; the court held that this did not state a claim under Central Bank. Global Crossing, 322 F. Supp. 2d at 333. As to the other issuer, the court upheld a claim because the plaintiffs alleged not merely that the auditor reviewed and approved the allegedly misleading financial statements, but also that it "essentially created the accounting schemes used to inflate the Companies' financials at the outset," id. at 335 (emphasis in original), prepared the allegedly false statements and releases issued by the company and "masterminded the accounting." Id. at 334, 335. In stark contrast, there are no allegations here that KPMG Bermuda prepared ANR's 10-Qs or did anything other than "review" them. Amended Complaint ¶ 91. This is not sufficient to state a claim against KPMG Bermuda. Jefferson Ins. Co. of N.Y. v. Rouhana (In re Winstar Commc'ns), No. 01 CV 3014 (GBD), 2006 WL 473885, at *9 (S.D.N.Y. Feb. 27, 2006) (liability for 10-Qs may not be imposed upon a public auditor simply because the auditor examined and reviewed the statements); In re The Warnaco Group, Inc. Sec. Litig., 388 F. Supp. 2d 307, 314 (S.D.N.Y. 2005) (dismissing claim based on 10-Qs notwithstanding allegation that auditor "examined or reviewed" the reports).

Plaintiffs' citation to C.F.R. 210.10-01 is unavailing for the same reason. Section 210.10-01 does no more than require auditors to review the 10-Qs, which is not enough to state a claim. Global Crossing, 322 F. Supp. 2d at 333 (allegation that auditor "reviewed and approved" unaudited financial statements did not state a claim under Central Bank).

7

## CONCLUSION

WHEREFORE, in view of all the foregoing, KPMG Bermuda respectfully requests that the Court grant reconsideration, in part, of its August 30, 2006 ruling and modify that ruling to hold that KPMG Bermuda may be held liable only for statements it made that were publicly attributed to it at the time they were publicly disseminated.

        DEFENDANT
        KPMG BERMUDA

By: _/s/ Frederick S. Gold_____
        Frederick S. Gold
        Fed. Bar. No.: ct 03560
        Morgan P. Rueckert
        Fed. Bar. No.: ct 19838
        SHIPMAN & GOODWIN LLP
        300 Atlantic Street
        Stamford, Connecticut 06901
        Tel. (203) 324-8100
        Fax. (203) 324-8199

        Michael J. Malone
        Paul A. Straus
        Mordecai Geisler
        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, New York 10036
        Tel. (212) 556-2100
        Fax. (212) 556-2222

        Attorneys for KPMG BERMUDA

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via U.S. Mail, first-class, postage pre-paid on September 14, 2006, to all counsel of record as follows:

Jeffrey S. Nobel
Andrew M. Schatz
SCHATZ & NOBEL
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Patrick A. Klingman
Karen M. Leser
James E. Miller
SHEPERD FINKELMAN MILLER
& SHAH-CHESTER
65 Main Street
Chester, CT  06412

Beth A. Kaswan
Ann M. Lipton
Peter E. Seidman
MILBERG, WEISS, BERSHAD &
SCHULMAN
One Pennsylvania Plaza
Suite 4915
New York, NY  10119-0165

Elias A. Alexiades
LAW OFFICE OF ELIAS A. ALEXIADES
215 Church Street, 2nd Floor
New Haven, CT  06510

David Randell Scott
Erin Green Comite
SCOTT & SCOTT
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Michael J. Malone
Paul A. Straus
KING & SPALDING
1185 Avenue of the Americas
New York, NY  10036-4003

_____
Morgan P. Rueckert