UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                              Plaintiffs,

                 -against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., XL
CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                              Defendants.

CIVIL ACTION NO.
3:02CV2133 (EBB)

October 20, 2006

---------------------------------------------------------------x

**RESPONSE OF DEFENDANT KPMG BERMUDA TO LEAD PLAINTIFFS'
MOTION FOR EXTENSION OF TIME TO RESPOND TO KPMG BERMUDA'S
MOTION FOR RECONSIDERATION OR CLARIFICATION**

       Defendant KPMG Bermuda submits this response to the Lead Plaintiffs' ("plaintiffs") Motion for Extension of Time to Respond to Defendant KPMG Bermuda's Motion for Reconsideration or Clarification. In response to plaintiffs' motion, KPMG Bermuda states as follows:

       1.     KPMG Bermuda responds not to object to the time sought in plaintiffs' extension request, but to correct the inaccurate characterizations of defendant's position in plaintiffs' submission. As KPMG Bermuda's counsel, Michael Malone, explained to plaintiffs' counsel,

defendant's decision to withhold consent was based on the unusual circumstances surrounding plaintiffs' request.

2. On September 14, 2006, KPMG Bermuda filed its motion for partial reconsideration or clarification of the Court's August 30, 2006 ruling denying KPMG Bermuda's motion to dismiss.

3. On September 27, 2006, Beth Kaswan, the partner at Milberg Weiss in charge of this litigation, left a message for KPMG Bermuda's counsel stating that she would be leaving Milberg Weiss but would be continuing to work on the case at an unnamed new law firm. Due to the disruption caused by the change in law firms, the message stated, Ms. Kaswan was asking for additional time to respond to KPMG Bermuda's motion.

4. From the inception of this action, Milberg Weiss has acted as lead counsel for plaintiffs and is designated as co-lead counsel with Scott + Scott, LLC. Ms. Kaswan did not reveal the name of her new law firm, either in that message or on a subsequent phone call with Mr. Straus of King & Spalding LLP. Consequently, counsel for KPMG Bermuda advised plaintiffs' counsel that because Ms. Kaswan was leaving Milberg Weiss before the motion papers were to be filed, and because defendant's counsel did not know what position co-lead plaintiffs' counsel Milberg Weiss was taking with respect to these events, it was more appropriate that plaintiffs explain these circumstances to the Court and request consent from the Court, since it is the role of the Court to appoint and monitor lead class counsel in this Rule 23 class action.

5.        KPMG Bermuda's counsel did not "direct" lead plaintiffs "not to disclose" to the Court the basis for defendants' lack of consent to the extension, as plaintiffs' motion states. Rather, defense counsel Michael Malone of King & Spalding told plaintiffs' counsel that plaintiffs should simply indicate to the Court that defendant "did not consent" to the extension because otherwise there would likely be an issue between the parties as to whether plaintiffs' papers correctly characterized the discussions on the issue.[1]

6.        On October 6, 2006, plaintiffs filed their motion seeking an extension, for the first time advising defendants that Ms. Kaswan is becoming affiliated with the law firm of Scott + Scott, LLC.

WHEREFORE, KPMG Bermuda does not object to the extension of time sought in plaintiffs' motion but respectfully reserves all rights with respect to certification of the putative class, the appointment of class counsel and matters related thereto.

---

[1] Plaintiffs' extension request also incorrectly states that plaintiffs "routinely" have consented to defendant KPMG Bermuda's requests for extension. In fact, defendants have been required to apply to the Court for most extensions in this action because plaintiffs have either refused to consent or have required that defendants agree to unacceptable concessions as a condition to granting consent. This includes the most recent request for an extension of time to answer the Amended Complaint that KPMG Bermuda filed with the Court in September.

3

Respectfully submitted,

**DEFENDANT
KPMG BERMUDA**

By: _____
Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

Attorneys for KPMG BERMUDA

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. Mail, first-class, postage pre-paid on October 20, 2006, to all counsel of record as follows:

| | |
|---|---|
| Jeffrey S. Nobel<br>Andrew M. Schatz<br>SCHATZ & NOBEL<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103 | Elias A. Alexiades<br>LAW OFFICE OF ELIAS A. ALEXIADES<br>215 Church Street, 2nd Floor<br>New Haven, CT  06510 |
| Patrick A. Klingman<br>Karen M. Leser<br>James E. Miller<br>SHEPERD FINKELMAN MILLER<br>& SHAH-CHESTER<br>65 Main Street<br>Chester, CT  06412 | David Randell Scott<br>Erin Green Comite<br>SCOTT + SCOTT<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415 |
| Beth A. Kaswan<br>Ann M. Lipton<br>Peter E. Seidman<br>MILBERG, WEISS, BERSHAD &<br>SCHULMAN<br>One Pennsylvania Plaza<br>Suite 4915<br>New York, NY  10119-0165 | Michael J. Malone<br>Paul A. Straus<br>KING & SPALDING<br>1185 Avenue of the Americas<br>New York, NY  10036-4003 |

_____
Morgan P. Rueckert