UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                         Plaintiffs,

       -against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., XL
CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                     Defendants.

-------------------------------------------------------------------x

CIVIL ACTION NO.
3:02CV2133 (EBB)

October 25, 2006

## MOTION, ON CONSENT, OF DEFENDANT KPMG BERMUDA FOR EXTENSION OF TIME TO ANSWER

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure and Rule 7(b) of the Local Rules of Civil Procedure, defendant KPMG Bermuda hereby respectfully moves for an extension of time of nineteen (19) days, up to and including November 21, 2006, in which to answer plaintiffs' First Amended Class Action Complaint For Violations of Federal Securities Laws (the "Complaint") in this action. In support of this motion, undersigned counsel for KPMG Bermuda states as follows:

      1.     On March 15, 2004, KPMG Bermuda moved to dismiss the Complaint.

      2.     On August 30, 2006, the Court issued its decision (the "Decision"), denying KPMG Bermuda's Motion to Dismiss.

3.    On September 14, 2006, KPMG Bermuda filed a motion for reconsideration or clarification, in part, of the Decision.  Papers are still being submitted on that motion.

4.    On September 15, 2006, KPMG Bermuda filed a motion for extension of time to answer the Complaint until and including November 2, 2006, which it believed at the time would be adequate.

5.    Although it has worked diligently, KPMG Bermuda is compelled to seek a brief additional extension of its time to answer.  The Complaint is 112 pages long.  It contains 272 separately-numbered paragraphs of allegations, many of which are divided into a number of subparts, each containing its own allegations.  The Complaint purports to raise complex accounting and securities law issues and involves both annual audits and quarterly reviews dating back six years, to early 2000.  Responding to the many hundreds of allegations in the Complaint regarding complex auditing and accounting matters is requiring substantial consultation with professional representatives of KPMG Bermuda, an accounting firm that is based not in the United States but in Bermuda.

6.    In addition, the person most knowledgeable about the underlying facts at KPMG Bermuda, whose assistance is crucial in answering these complex accounting and factual allegations, has been unavailable to consult with counsel, or to continue the necessary factual investigation required to properly respond to the numerous allegations in the Complaint, for a substantial portion of the time KPMG Bermuda has to prepare its answer.  He was fully occupied by prior professional commitments for much of the week of October 16 and will be traveling on a family vacation during the entire crucial week of October 23.  He has additional professional commitments scheduled for the week he returns, October 30,

the same week the answer would be due absent a further extension. These commitments have effectively prevented counsel from consulting with their client to obtain the information, facts and accounting expertise required to frame a response. In addition, another key representative of KPMG Bermuda, who must review and approve the draft answer to the 112-page Complaint, will also be traveling on vacation from this week through November 12.

7.    Despite diligent effort, therefore, counsel is unable properly to prepare a responsive pleading within the present deadline and additional time is therefore needed.

8.    Lead counsel for KPMG Bermuda, King & Spalding LLP, has contacted Beth Kaswan, Esq. of Scott + Scott, LLC, co-lead counsel for plaintiffs, who has courteously consented to the extension sought in this motion..

9.    This is KPMG Bermuda's second request for an extension of time to answer following the Decision. (When the Complaint was first filed, KPMG Bermuda also made two requests for extensions of time to respond to the Complaint to enable KPMG Bermuda to prepare its motion to dismiss). This matter has not been assigned to trial, and this extension will not impact any other deadlines in this case.

WHEREFORE, KPMG Bermuda respectfully requests that this Court grant it an extension of time until and including November 21, 2006 to answer the Complaint; together with such other and further relief as the Court deems proper.

**Respectfully submitted,**

**DEFENDANT,**
**KPMG BERMUDA**

By: _____
Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

Attorneys for KPMG BERMUDA

4

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. Mail, first-class, postage pre-paid on October 25, 2006, to all counsel of record as follows:

Jeffrey S. Nobel
Andrew M. Schatz
SCHATZ & NOBEL
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Elias A. Alexiades
LAW OFFICE OF ELIAS A. ALEXIADES
215 Church Street, 2nd Floor
New Haven, CT  06510

Patrick A. Klingman
Karen M. Leser
James E. Miller
SHEPERD FINKELMAN MILLER
& SHAH-CHESTER
65 Main Street
Chester, CT  06412

David Randell Scott
Erin Green Comite
SCOTT + SCOTT
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Beth A. Kaswan
Ann M. Lipton
Peter E. Seidman
MILBERG, WEISS, BERSHAD &
SCHULMAN
One Pennsylvania Plaza
Suite 4915
New York, NY  10119-0165

Michael J. Malone
Paul A. Straus
KING & SPALDING
1185 Avenue of the Americas
New York, NY  10036-4003

_____
Morgan P. Rueckert