UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 02-CV-2133 (EBB)<br><br>Consolidated Action<br><br><br><br><br><br><br><br><br><br>October 31, 2006 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KPMG BERMUDA'S MOTION FOR RECONSIDERATION OR CLARIFICATION OF THE COURT'S ORDER DENYING KPMG BERMUDA'S MOTION TO DISMISS**

　　　　　　　　　　　　　　　　　　**SCOTT + SCOTT, LLP**
　　　　　　　　　　　　　　　　　　David R. Scott (Juris No. 16080)
　　　　　　　　　　　　　　　　　　Beth Kaswan
　　　　　　　　　　　　　　　　　　Erin Green Comite (Juris No. 24886)
　　　　　　　　　　　　　　　　　　108 Norwich Avenue
　　　　　　　　　　　　　　　　　　P.O. Box 192
　　　　　　　　　　　　　　　　　　Colchester, CT 06415
　　　　　　　　　　　　　　　　　　Telephone:　　(860) 537-5537
　　　　　　　　　　　　　　　　　　Facsimile:　　(860) 537-4432

　　　　　　　　　　　　　　　　　　**MILBERG WEISS BERSHAD**
　　　　　　　　　　　　　　　　　　　**& SCHULMAN LLP**
　　　　　　　　　　　　　　　　　　Barry A. Weprin
　　　　　　　　　　　　　　　　　　Ann E. Gittleman
　　　　　　　　　　　　　　　　　　One Pennsylvania Plaza
　　　　　　　　　　　　　　　　　　New York, NY  10119
　　　　　　　　　　　　　　　　　　Telephone:　　(212) 594-5300
　　　　　　　　　　　　　　　　　　Facsimile:　　(212) 868-1229

　　　　　　　　　　　　　　　　　　**Co-Lead Counsel for Lead Plaintiffs**

**INTRODUCTION**

Defendant KPMG Bermuda has filed a Motion for Reconsideration in which it argues that this Court's Decision denying KPMG Bermuda's Motion to Dismiss is inconsistent with the Second Circuit's decision in *Wright v. Ernst & Young, LLP,* 152 F.3d 169, 175 (2d Cir. 1998) and the Supreme Court's decision in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164 (1994). In particular, KPMG Bermuda takes issue with the Court's holding that KPMG Bermuda can be held liable under Section 10(b) and Rule 10b-5 of the federal securities laws "for the misstatements contained in [Annuity & Life Re (Holdings), Ltd.'s ("ANR's")] ANR's public statements where KPMG Bermuda made a related misstatement and the public was aware of KPMG Bermuda's role in reviewing and assisting in the drafting of ANR's public statements." Docket No. 211 (Mot. for Reconsideration, at 3) (quoting Docket 209 (Opinion, at 16-17)).[1]

This is not the first time that Defendant KPMG Bermuda has made this argument. Rather, the parties extensively briefed this same issue in their papers on KPMG Bermuda's Motion to Dismiss (*see, e.g.,* Docket 126-1 (Defs' Mem. In Supp. Of Mot. To Dismiss, at 24-25); Docket No. 152-1 (Plfs' Opp., at 46-48); Docket No. 152-1 (Defs' Reply, at 20-23)), and this Court addressed this issue when ruling on KPMG Bermuda's Motion to Dismiss. Docket No. 209 (Opinion, at 16-17). Nevertheless, KPMG Bermuda seeks to re-litigate this issue by cutting

---

[1] In the Motion to Reconsider, KPMG Bermuda misstates this Court's holding on this point. KPMG Bermuda claims that "the Decision states that KPMG Bermuda can be found liable not only for statements it is alleged to have made (*i.e.,* its audit reports), but also for public statements by the issuer, Annuity & Life Re (Holdings), Ltd. ("ANR") that were not attributed to KPMG Bermuda at the time they were made." Docket No. 211 (Mot. To Reconsider, at 1). However, the Opinion actually provides: "KPMG Bermuda, as ANR's primary auditor, may be held liable for the misstatements contained in ANR's public statements where KPMG Bermuda made a related misstatement and the public was aware of KPMG Bermuda's role in reviewing and assisting in the drafting of ANR's public statements." Docket No. 209 (Opinion, 16-17).

and pasting the same language from its papers on the Motion to Dismiss into a new document that it has now captioned a "Motion for Reconsideration." This is improper. *See, e.g., SPGGC, Inc. v. Blumenthal,* 408 F. Supp. 2d 87, 91 (D. Conn. 2006) (explaining that it is "not appropriate to use a motion to reconsider solely to re-litigate an issue already decided."). This Court fully addressed this issue when denying KPMG Bermuda's Motion to Dismiss, and the Court's Opinion need not be reconsidered here.

Defendant KPMG Bermuda's Motion for Reconsideration also fails because it is wrong on the merits. First, KPMG Bermuda's argument ignores the language in the *Wright v. Ernst & Young* opinion itself, which makes it clear that an auditor can be held liable as a primary actor where the auditor made a related false or misleading statement of its own and the public was aware of the auditor's role in drafting and reviewing the false or misleading statement. *Wright,* 152 F.3d at 175. Second, KPMG Bermuda's argument ignores the allegations in the Complaint, which do not allege that KPMG Bermuda simply aided and abetted ANR's securities law violations, but allege that KPMG Bermuda made false statements of its own that were related to the false statements made in ANR's public financial reports. Thus, KPMG Bermuda's reliance on *Central Bank of Denver* and the other cases dealing with aiding and abetting liability is misplaced, and Defendant KPMG Bermuda's Motion for Reconsideration must be denied.

## ARGUMENT

**A.    Defendant KPMG Bermuda's Motion for Reconsideration Should Be Denied Because KPMG Bermuda Simply Seeks To Re-Litigate An Issue That This Court Already Addressed And Decided In Its Opinion.**

Defendant KPMG Bermuda's Motion for Reconsideration should be denied – first and foremost – because the Motion adds nothing new, but simply seeks to re-litigate an issue that the parties have already extensively briefed and this Court already decided when ruling on KPMG

2

Bermuda's Motion to Dismiss. Docket No. 211-1 (Defs' Mot. at 1-2).[2] Indeed, KPMG Bermuda's entire Motion for Reconsideration seeks to challenge this Court holding that:

> Under *Wright*, KPMG Bermuda, as ANR's primary auditor, may be held liable for the misstatements contained in ANR's public statements where KPMG Bermuda made a related misstatement and the public was aware of KPMG Bermuda's role in reviewing and assisting in the drafting of ANR's public statements.

Docket No. 211 (Defs' Mot. at 3). This is the same issue that the parties addressed at length in their papers on the Motion to Dismiss (*see, e.g.,* Docket 126-1 (Defs' Mem. In Supp. Of Mot. To Dismiss, at 24-25); Docket No. 152-1 (Plfs' Opp., at 46-48); Docket No. 152-1 (Defs' Reply, at 20-23)), and it is the same issue that this Court addressed when denying KPMG Bermuda's Motion to Dismiss. Docket No. 209 (Opinion, at 16-17).

"It is also not appropriate to use a motion for reconsideration solely to re-litigate an issue already decided." *SPGGC, Inc. v. Blumenthal,* 408 F. Supp. 2d 87, 91 (D. Conn. 2006); *see also Lopez v. Smiley,* 375 F. Supp. 2d 19, 21022 (D. Conn. 2005) (same). Indeed, countless courts in this District and elsewhere have held that a motion for reconsideration should be denied, "unless the moving party can point to controlling decisions or data that the court ***overlooked*** – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *SPGGC, Inc.,* 408 F. Supp. 2d at 91 (emphasis added); *see also Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (same). In addition, a "motion for reconsideration may not be used

---

[2] Defendant KPMG Bermuda purports to bring its motion to reconsider pursuant to Federal Rule of Civil Procedure 54(b). KPMG Bermuda's motion, however, is more appropriately brought pursuant to Federal Rule of Civil Procedure 59(e) and District of Connecticut Local Rule 7(c). *See, e.g., City of Hartford v. Chase,* 942 F.2d 130, 133 (2d Cir. 1991) ("Any kind of motion that draws into question the correctness of the district court judgment is considered to be a motion 'to alter or amend the judgment' under Civil Rule 59(e). Such a motion may variously be styled a motion to reconsider, a motion for rehearing, a motion to reargue, a motion to vacate, or a motion to set aside the judgment.") (quotation omitted).

3

to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Lopez,* 375 F. Supp. 2d at 22; *Blumenthal,* 408 F. Supp. 3d at 91.

Here, Defendant KPMG Bermuda has not even bothered to re-write its argument, but has simply cut and pasted into its Motion for Reconsideration the same argument that it previously made when moving to dismiss. *Compare* Docket No. 126 (Defs' Memo. In Supp. Of Mot. To Dismiss, at 24-25) (citing *Wright v. Ernst & Young* and *Central Bank of Denver* and arguing that "Plaintiffs cannot state a claim against KPMG Bermuda based on statements [by ANR] . . . . Because none of these statements was made by or publicly attributed to KPMG Bermuda, none can be the basis of a claim against it.") *with* Docket No. 211-1 (Defs' Mot. To Reconsider, at 6) (citing *Wright v. Ernst & Young* and *Central Bank of Denver* and arguing that "Plaintiffs cannot state a claim against KPMG Bermuda based on statements [by ANR] . . . . Because none of these statements was made by or publicly attributed to KPMG Bermuda, none can be the basis of a claim against it.").[3]  This is clearly a case where Defendant KPMG Bermuda is simply trying to re-litigate an issue that this Court has already resolved.  This is not an appropriate basis for filing a motion for reconsideration.  For this reason alone, KPMG Bermuda's Motion must be denied.

**B.     KPMG Bermuda Is Wrong When It Claims That This Court's Holding Conflicts With The Second Circuit's Opinion In *Wright v. Ernst & Young*.**

Defendant KPMG Bermuda's Motion for Reconsideration should also be denied because KPMG Bermuda is wrong on the merits.  Indeed, as Plaintiffs pointed out repeatedly in their Opposition to the Motion to Dismiss (*see, e.g.,* Docket No. 152-1 (Plfs' Opp., at 46-48)), KPMG

---

[3] KPMG Bermuda also repeated this same argument in its Reply in Further Support of the Motion to Dismiss, which it has now cut and pasted into its Motion for Reconsideration.  *See, e.g.,* Docket No. 168 (Defs' Reply, at 20-21) (citing *Wright v. Ernst & Young* and *Central Bank of Denver* and arguing that "[u]nder well-established precedent, plaintiffs cannot state a claim against KPMG Bermuda based on alleged misstatements or omissions in ANR's 10-Qs.").

4

Bermuda's claim that it cannot be held liable for misstatements contained in ANR's public statements ignores two important points:

- <u>First</u>, this argument ignores the language in the *Wright* opinion itself, which makes it clear that an auditor can be held liable as a primary actor where the auditor made a related false or misleading statement of its own and the public was aware of the auditor's role in drafting and reviewing the false or misleading statement. *Wright,* 152 F.3d at 175.

- <u>Second</u>, this argument ignores the allegations in the Complaint, which do not allege that KPMG Bermuda simply aided and abetted ANR's securities law violations, but allege that KPMG Bermuda made false statements of its own that were related to the false statements made in ANR's public financial reports.

This Court recognized both of these points in its Opinion, leading it to deny KPMG Bermuda's Motion to Dismiss. Docket 209 (Opinion, at 16-17). This Court got it right in the first instance, and it need not reconsider its decision here.

### 1.    **KPMG Bermuda Misconstrues The Language In *Wright v. Ernst & Young*.**

As this Court recognized in its Opinion on the motion to dismiss, Defendant KPMG Bermuda's argument fails on the merits because it is based on a misreading of the Second Circuit's opinion in *Wright v. Ernst & Young.* Docket No. 209 (Opinion, at 16). In *Wright,* the Second Circuit held that – although an auditor cannot be held liable as a secondary actor for aiding and abetting a securities law violation – an auditor can be held liable as a primary actor where the auditor made a related false or misleading statement of its own and the public was aware of the auditor's role in drafting and reviewing the false or misleading statement. *Wright,* 152 F.3d at 175 ("[I]n the aftermath of *Central Bank,* 'accountants ***whose reports appear*** in an otherwise fraudulent document' may incur primary liability under the Act") (quotation omitted) (emphasis in original). This is the critical part of the *Wright* decision – which this Court relied on when rendering its decision – that KPMG Bermuda has obviously missed.

5

This point was also recognized by Judge Lynch when denying Arthur Andersen's motion to dismiss on similar grounds in *In re Global Crossing, Ltd. Securities Litigation,* 322 F. Supp. 2d 319, 331-35 (S.D.N.Y. 2004). In that case, after an extensive discussion of the Second Circuit's decision in *Wright*, the court concluded that because the investing public was aware of the auditor's relationship with the client, those investors "could easily have relied on the accounting firm's involvement in making any public financial reports, even where a particular statement was not publicly attributed to it." *Id.* at 334. Importantly, the auditor in *Global Crossing,* as here, included its own audit reports in Global Crossing's public filings, including those that contained the false statements alleged in the Complaint. *Id.* ("With respect to the issue of attribution, it is undisputed, as a matter of public record, that Andersen's audit reports were included in all of GC's registration statements and annual reports from 1998 to 2000."). That fact, coupled with allegations that the auditor materially assisted in the preparation of false financial reports, led the court to conclude that the auditor could be held liable as a primary actor for false statements contained in the corporation's quarterly financial reports. *Id*.

Numerous courts in other cases have reached a similar result – particularly at the motion to dismiss stage of the case. *See, e.g., In re Lernout & Hauspie Sec. Litig.,* 230 F. Supp. 2d 152, 166-67 (D. Mass. 2002) (refusing to dismiss claims against auditor where auditor's role was widely disseminated to the public and it was "appropriate to infer that . . . investors reasonably attributed the statements" to the auditor); *In re Livent, Inc. Noteholders Sec. Litig.,* 174 F. Supp. 2d 144 (S.D.N.Y. 2001) (holding broker potentially liable for "structuring and keeping secret the misrepresented [relationship]" between the underwriter and the company); *In re Vivendi Univ. S.A. Sec. Litig.,* Case No. 02-civ-5571(HB), 2003 WL 22489764, at *25 (S.D.N.Y. Nov. 3, 2003) (refusing to dismiss claim against CFO for public statements made by company but not

6

specifically attributed to him). All of these cases are consistent with the Second Circuit's holding in *Wright,* and they provide additional support for the ruling that this Court reached here.

### 2. KPMG Bermuda Has Mischaracterized The Allegations In The Complaint.

Defendant KPMG Bermuda's Motion for Reconsideration also fails on the merits because KPMG Bermuda has mischaracterized the allegations in the Complaint. Indeed, repeating arguments that it made when moving to dismiss, KPMG Bermuda claims in its Motion for Reconsideration that the Complaint simply alleges that KPMG Bermuda aided and abetted ANR's securities fraud because it "reviewed" or "assisted" ANR in making a statement. Docket No. 211-1 (Mot. for Reconsideration at 4). This is not accurate. As this Court recognized in its Opinion:

> The plaintiffs have alleged a series of GAAP violations by ANR and GAAS violations by KPMG Bermuda represented in its audit opinions, which were included in ANR's publicly filed financial statements, that its audits were conducted in accordance with GAAS and that, in its opinion, ANR's financial statements fairly represented its financial position and were created in accordance with GAAP. These statements by KPMG Bermuda are allegedly false and material, and were relied upon by investors making their investment decisions. Thus, plaintiffs have adequately pled the existence of material misrepresentations made by KPMG Bermuda.

Docket No. 209 (Opinion at 16). This Court made it clear that this is not a case where Plaintiffs are simply alleging that KPMG Bermuda aided and abetted in ANR's securities fraud. Rather, the Complaint alleges in clear and particularized fashion that KPMG Bermuda made related misstatements of its own. Accordingly, KPMG Bermuda's reliance on *Central Bank of Denver* and the other cases dealing with aiding and abetting liability is misplaced. *See, e.g.,* Docket 211 (Mot. for Reconsideration, at 4-5) (citing aiding and abetting cases).

In *Central Bank of Denver,* the Supreme Court merely held that secondary liability for "aiding and abetting" was no longer a basis for a Section 10(b) claim. *Id.* at 191; *see also*

7

*Shapiro v. Cantor,* 123 F.3d 717, 720 (2d Cir. 1997) (explaining that "[a]llegations of 'assisting,' 'participating in,' 'complicity in' and similar synonyms used throughout the complaint all fall within the prohibitive bar of *Central Bank*."). The Court did nothing to eliminate an auditor's primary liability under § 10(b) when it makes a false statement of its own, or when it makes a false statement that is related to false statements that are made by the auditor's client. *Wright,* 152 F.3d at 175; *Global Crossing,* 322 F. Supp. 2d at 331-35. In both instances, the auditor can be held liable for violating the securities laws. *Id.* Because this is not a case where Plaintiffs have simply alleged that KPMG Bermuda aided and abetted ANR's securities fraud, KPMG Bermuda's reliance on the *Central Bank of Denver* decision is easily dismissed.

## CONCLUSION

For the foregoing reasons, Defendant KPMG Bermuda's Motion for Reconsideration must be denied in its entirety.

Respectfully submitted,

**SCOTT + SCOTT, LLP**

__/s/ Erin Green Comite_____
David R. Scott (Juris No. 16080)
Beth Kaswan
Erin Green Comite (Juris No. 24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone:    (860) 537-5537
Facsimile:    (860) 537-4432

**MILBERG WEISS BERSHAD
       & SCHULMAN LLP**
Barry A. Weprin
Ann E. Gittleman
One Pennsylvania Plaza
New York, NY  10119
Telephone:    (212) 594-5300
Facsimile:    (212) 868-1229

**Co-Lead Counsel for Lead Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2006, I caused a true and correct copy of the foregoing to be served by first-class, postage prepaid U.S. mail on counsel of record listed on the attached Service List.

          ___*/s/ Erin Green Comite*_____
          Erin Green Comite

**Annuity and Life Re (Holdings), Ltd. Service List**

**Attorneys for Plaintiffs**

Andrew M. Schatz
Jeffrey S. Nobel
Patrick A. Klingman
SCHATZ & NOBEL
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103

James E. Miller
Karen M. Leser
Patrick A. Klingman
SHEPHERD  FINKELMAN  MILLER  &
SHAH, LLC
65 Main Street
Chester, CT  06412

Elias A. Alexiades
ATTORNEY ELIAS A. ALEXIADES
215 Church Street
2nd Floor
New Haven, CT 06525

Barry A. Weprin
Ann Gittleman
MILBERG WEISS BERSHAD
 & SCHULMAN LLP
One Pennsylvania Plaza
Suite 4915
New York, NY 10119

**Attorneys for Defendants**

Michael J. Malone
Paul A. Straus
KING & SPALDING
1185 Avenue of the Americas
New York, NY  10036-4003

Frederick S. Gold
SHIPMAN & GOODWIN
300 Atlantic St.
Stamford, CT 06901-3522

Morgan Paul Rueckert
SHIPMAN & GOODWIN
One Constitution Plaza
Hartford, CT  06103-1919