UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                     Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD.,
XL CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                     Defendants.

-------------------------------------------------------------------x

CIVIL ACTION NO.
3:02CV2133 (EBB)

November 15, 2006

**DEFENDANT KPMG BERMUDA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OR CLARIFICATION, IN PART, OF THE COURT'S DECISION ON KPMG BERMUDA'S MOTION TO DISMISS**

Frederick S. Gold
Morgan P. Rueckert
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
Mordecai Geisler
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

*Attorneys for KPMG BERMUDA*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    A.    KPMG Bermuda's Motion for Reconsideration or Clarification, in Part, Seeks to Correct a Clear Error of Law and Prevent a Manifest Injustice and Does Not Relitigate an Issue Already Decided in the Court's Decision .................. 2

    B.    The Court Misapprehended the Controlling Precedent of Wright v. Ernst & Young LLP. ........................................................................................................ 3

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                      **Page(s)**

Central Bank of Denver v. First Interstate Bank of Denver,
    511 U.S. 164 (1994) ............................................................................................3, 4, 5

In re Global Crossing, Ltd. Sec. Litig.,
    322 F. Supp. 2d 319 (S.D.N.Y. 2004) ......................................................................4, 5

In re Marsh & McLennan Cos. Sec. Litig.,
    MDL No. 1744, 04 Civ. 8144 (SWK),
    2006 WL 2057194 (S.D.N.Y. July 20, 2006) ............................................................3, 4

In re The Warnaco Group, Inc. Sec. Litig.,
    388 F. Supp. 2d 307 (S.D.N.Y. 2005) ..........................................................................4

Jefferson Ins. Co. of N.Y. v. Rouhana (In re Winstar Commc'ns),
    No. 01 CV 3014 (GBD),
    2006 WL 473885 (S.D.N.Y. Feb. 27, 2006) .................................................................4

Schnall v. Annuity and Life Re (Holdings), Ltd.,
    Civ. No. 3:02 CV 2133 (EBB),
    2006 WL 2331138 (D. Conn. Aug. 10, 2006) .............................................................4

Seaboard Stamford Investor Assoc., Inc. v. Thinkdirectmarketing, Inc.,
    No. 3:03 CV 1110 (PCD),
    2004 WL 253498 (D. Conn. Feb. 6, 2004) ..................................................................2

Wright v. Ernst & Young LLP,
    152 F.3d 169 (2d Cir. 1998) ..........................................................................2, 3, 4, 5

**Miscellaneous**

Haft, Robert J. and Hudson, Michele H., Liability of Attorneys and Accountants
    for Securities Transactions § 3:11 (2006) ................................................................. 5

Defendant KPMG Bermuda respectfully submits this reply memorandum of law in further support of its motion for reconsideration or clarification, in part, of the Court's August 30, 2006 Decision.[1]

## PRELIMINARY STATEMENT

Plaintiffs' opposition misconstrues KPMG Bermuda's argument on this motion. (Pl. Br. at 4, 5, 7). KPMG Bermuda is not seeking reconsideration of the Decision with respect to alleged misstatements by KPMG Bermuda, but only to the extent the Decision purports to uphold claims against KPMG Bermuda based on statements KPMG Bermuda did not make. On that score, plaintiffs' brief fails even to address any of KPMG Bermuda's arguments. Plaintiffs have ignored all the cases KPMG Bermuda cited that demonstrate that the challenged language in the Decision conflicts with the Second Circuit's controlling decision in Wright.

While plaintiffs claim the challenged statement is consistent with "language in the Wright opinion itself," the language on which plaintiffs purport to rely appears nowhere in that decision. The parenthetical plaintiffs quote was cited in support of the Wright court's holding that the alleged misrepresentation "must be attributed to that specific actor at the time of public dissemination." Not surprisingly, plaintiffs have not cited a single case in this Circuit upholding a claim against an auditor based on the facts plaintiffs have alleged. The one case in this Circuit plaintiffs do cite involving an auditor supports KPMG Bermuda's argument, since it dismissed claims brought against an auditor for statements it did not make. To the extent it went further, it has been severely criticized for violating the Second Circuit's bright line rule. All of this was argued in KPMG Bermuda's opening brief and ignored in plaintiffs' opposition.

---

[1] Except as otherwise noted, capitalized terms have the meanings ascribed to them in KPMG Bermuda's opening brief in support of this motion ("Def. Br."). Plaintiffs' Memorandum of Law in Opposition is referred to herein as "Pl. Br."

1

KPMG Bermuda's motion should be granted.

## ARGUMENT

**A.  KPMG Bermuda's Motion for Reconsideration or Clarification, in Part, Seeks to Correct a Clear Error of Law and Prevent a Manifest Injustice and Does Not Relitigate an Issue Already Decided in the Court's Decision.**

Contrary to plaintiffs' threshold point (Pl. Br. at 2-4), KPMG Bermuda is not relitigating issues already decided. In fact, it does not even challenge the Court's denial of KPMG Bermuda's motion to dismiss. All this motion seeks is to correct or clarify a discrete part of the Decision which, if allowed to stand, would constitute a clear error of law. Specifically, the Court has misapprehended the controlling holding of Wright v. Ernst & Young LLP, 152 F.3d 169 (2d Cir. 1998) by citing it for a proposition that appears nowhere in the decision. Correcting such an error is exactly the purpose of a motion under Local Rule 7(c). Seaboard Stamford Investor Assoc., Inc. v. Thinkdirectmarketing, Inc., No. 3:03 CV 1110 (PCD), 2004 WL 253498, *1 (D. Conn. Feb. 6, 2004 (granting reconsideration is appropriate when "a need is shown to correct a clear error of law or to prevent manifest injustice.") (citation omitted).

As plaintiffs would have it, no party could ever move for reconsideration based on a clear error of law in a court ruling, if such an error was made with respect to an issue already raised in the underlying motion. That is not the law.[2] Of course, to correct a clear error in a court ruling, as Rule 7(c) permits, a party must be allowed to cite the error and present arguments as to why that part of the ruling is in error. Because KPMG Bermuda has demonstrated that the challenged language of the Court's Decision is based on a misapprehension of the holding of Wright, its motion should be granted.

---

[2]  If plaintiffs' argument were correct, a motion under Rule 7(c) could never succeed, because plaintiffs assert that parties may <u>neither</u> argue an issue already addressed by the Court <u>nor</u> advance alternative arguments.

2

B.  **The Court Misapprehended the Controlling Precedent of <u>Wright v. Ernst & Young LLP</u>.**

Contrary to plaintiffs' argument (Pl. Br. at 5, 7), KPMG Bermuda does not challenge the Court's Decision with respect to any statements made by KPMG Bermuda; all the instant motion addresses is the single sentence of the Decision that suggests that KPMG Bermuda may be held liable for statements KPMG Bermuda did <u>not</u> make: "KPMG Bermuda . . . may be held liable for the misstatements contained in <u>ANR's</u> public statements where KPMG Bermuda made a related misstatement." Decision at 16-17 (emphasis added). This language is at best unclear, and, fairly read, it suggests that KPMG Bermuda could potentially be held liable for any public statements made by ANR, including the unaudited sections of ANR's Form 10-Ks, ANR's Form 10-Qs, statements by ANR's management on conference calls or in press releases, as well as statements by third-party analysts, none of which were made by or publicly attributed to KPMG Bermuda. Contrary to plaintiffs' assertions (and the Decision), such a holding is nowhere to be found in <u>Wright</u>, and, in fact, <u>Wright</u> holds exactly the opposite: "[A] secondary actor cannot incur primary liability under the [Securities and Exchange Act of 1934 (the "Act")] for a statement not attributed to <u>that</u> <u>actor</u> at the time of dissemination." <u>Wright</u>, 152 F.3d at 175 (emphasis added); <u>accord</u> <u>Central Bank of Denver v. First Interstate Bank of Denver</u>, 511 U.S. 164, 191 (1994).

Indeed, the premise of the challenged statement has been expressly rejected by cases following <u>Wright</u>. E.g., <u>In re Marsh & McLennan Cos. Sec. Litig.</u>, MDL No. 1744, 04 Civ. 8144 (SWK), 2006 WL 2057194, at *20 (S.D.N.Y. July 20, 2006) (noting that 10-K filings "are comprised of various components, including audited financial statements, the audit opinions themselves, and unaudited sections such as annual reports and management's discussion and analysis" and that misrepresentations in these unaudited sections of such filings "are not

3

attributable" to the auditor) (citing <u>Wright</u>, 152 F.3d at 175). The Decision as currently constituted would effectively remove any distinction between audited and unaudited statements of an issuer as the basis for liability of an auditor. <u>Central Bank</u> and <u>Wright</u> preclude this outcome.

While plaintiffs claim that KPMG Bermuda ignores "the language in the <u>Wright</u> opinion itself" that "an auditor can be held liable" for the issuer's public statements "where the auditor made a related false or misleading statement of its own" (Pl. Br. at 5), in fact, <u>there is no such language anywhere in Wright</u>. To the contrary, the Second Circuit in <u>Wright</u> followed the "bright-line" rule that a party can only be held liable for the statements it actually makes. <u>Wright</u>, 152 F.3d at 175.[3]

The single vague parenthetical cited by plaintiffs regarding accountants "whose reports appear in" a fraudulent document (Pl. Br. at 5) does not support plaintiffs' argument. That parenthetical was cited in support of the court's holding that "[T]he misrepresentation must be attributed to <u>that specific actor</u> at the time of public dissemination." <u>Wright</u>, 152 F.3d at 175

---

[3] That bright line rule was applied in all the recent cases KPMG Bermuda cited in its opening brief, which plaintiffs have ignored. <u>E.g.</u>, <u>In re Marsh & McLennan Cos. Sec. Litig.</u>, MDL No. 1744, 04 Civ. 8144 (SWK), 2006 WL 2057194, at *20 (S.D.N.Y. July 20, 2006) (an auditor can be held liable "only for its own misrepresentations" concerning the issuer's financial statements) (citation omitted); <u>Jefferson Ins. Co. of N.Y. v. Rouhana (In re Winstar Commc'ns)</u>, No. 01 CV 3014 (GBD), 2006 WL 473885, at *9 (S.D.N.Y. Feb. 27, 2006) ("Plaintiffs cannot premise their causes of action against [the auditor] on the unaudited information contained in the quarterly financial statements"); <u>In re The Warnaco Group, Inc. Sec. Litig.</u>, 388 F. Supp. 2d 307, 314 (S.D.N.Y. 2005) (when an accountant does not issue a public opinion about a company, although it may have "conducted internal audits or reviews for portions of the company," the accountant cannot be held liable for the company's public statements, even if the accountant may know the statements are likely untrue) (citation omitted); <u>In re Global Crossing, Ltd. Sec. Litig.</u>, 322 F. Supp. 2d 319, 335 (S.D.N.Y. 2004) (outside auditor "can be held liable only for the statements it is alleged to have <u>made</u>") (emphasis in original). <u>Accord</u> <u>Schnall v. Annuity and Life Re (Holdings), Ltd.</u>, Civ. No. 3:02 CV 2133 (EBB), 2006 WL 2331138, at *3 (D. Conn. Aug. 10, 2006) (<u>Wright</u> held that "a secondary actor cannot incur primary liability under the Act for a statement not attributed to that actor at the time of its dissemination") (citing <u>Wright</u>, 152 F.3d at 175).

(emphasis added). Therefore, there is nothing in Wright that suggests an auditor may be liable for a statement it did not make.

Plaintiffs have not cited a single controlling case holding an auditor liable for statements that it did not make.[4] At the same time, plaintiffs ignore all the cases cited in KPMG Bermuda's opening brief that hold exactly the opposite. Def. Br. at 5-7. The Decision would place every public auditor in danger of liability for virtually every public statement by an issuer for whom it served as public auditor. Such a sweeping expansion of the scope of liability would establish a novel and unwarranted precedent in securities law. The challenged language of the Decision should not be permitted to stand.[5]

---

[4] The only post-Wright case cited by Plaintiffs in this Circuit that even involves auditors, In re Global Crossing, Ltd. Sec. Litig., 322 F. Supp. 2d 319, 335 (S.D.N.Y. 2004), actually supports KPMG Bermuda's position that it may not be held liable for public statements made by ANR in its quarterly reports, since it held that an outside auditor "can be held liable only for the statements it is alleged to have made." Br. at 7, n.7. The claim that the court did uphold alleged that the auditor "essentially created the accounting schemes used to inflate the Companies' financials at the outset," prepared the allegedly false statements and releases issued by the company and "masterminded the accounting." Global Crossing, 322 F. Supp. 2d at 334, 335 (emphasis in original). As KPMG Bermuda stated in its opening brief and plaintiffs ignored, to the extent Global Crossing held an auditor liable for an issuer's misstatements, it has been seriously criticized for violating the Wright "bright line" rule. E.g., Haft, Robert J. and Hudson, Michele H., Liability of Attorneys and Accountants for Securities Transactions § 3:11 (2006) ("While purporting to follow the bright line rule binding on it, a district court within the Second Circuit recently moved away from the public attribution to defendant rule."). As those commentators observed, the Global Crossing court "basically adopted the very substantial participation test" that was expressly rejected by the Second Circuit in Wright. Id.

[5] Section B.2 of the plaintiffs' brief in opposition (Pl. Br. at 7-8) misses the point of KPMG Bermuda's argument. KPMG Bermuda does not dispute that it can be primarily liable for any statements it made that were materially false, provided plaintiffs establish all the other elements of 10b-5. To the extent plaintiffs seek to hold KPMG Bermuda liable for the statements of others that KPMG Bermuda allegedly "reviewed and assisted" however, that is aiding and abetting, which is what was precluded by Central Bank. See, e.g., Amended Complaint at ¶¶ 85, 91, 97, 124, 136, 149, 191 (alleging that KPMG Bermuda was required to "review" ANR's Form 10-Qs before filing).

## CONCLUSION

WHEREFORE, in view of all the foregoing, KPMG Bermuda respectfully requests that the Court grant reconsideration or clarification, in part, of its August 30, 2006 Decision and modify that Decision to hold that KPMG Bermuda may be held liable only for statements that were attributed to it at the time they were publicly disseminated.

**DEFENDANT**
**KPMG BERMUDA**

By: _____
Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
Mordecai Geisler
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

*Attorneys for KPMG BERMUDA*

## CERTIFICATION

      This is to certify that a copy of the foregoing was sent via U.S. Mail, first-class, postage pre-paid on November 15, 2006, to all counsel of record as follows:

| | |
|---|---|
| Jeffrey S. Nobel<br>Andrew M. Schatz<br>SCHATZ & NOBEL<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103 | Elias A. Alexiades<br>LAW OFFICE OF ELIAS A. ALEXIADES<br>215 Church Street, 2nd Floor<br>New Haven, CT  06510 |
| Patrick A. Klingman<br>Karen M. Leser<br>James E. Miller<br>SHEPERD FINKELMAN MILLER<br>& SHAH-CHESTER<br>65 Main Street<br>Chester, CT  06412 | David Randell Scott<br>Erin Green Comite<br>SCOTT + SCOTT, LLP<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415 |
| Ann M. Lipton<br>Peter E. Seidman<br>MILBERG, WEISS, BERSHAD &<br>SCHULMAN<br>One Pennsylvania Plaza<br>Suite 4915<br>New York, NY  10119-0165 | Michael J. Malone<br>Paul A. Straus<br>KING & SPALDING<br>1185 Avenue of the Americas<br>New York, NY  10036-4003 |
| Beth A. Kaswan<br>SCOTT + SCOTT, LLP<br>75 Rockefeller Center<br>19th Floor<br>New York, NY  10019 | |

_____
Morgan P. Rueckert