UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                         Plaintiffs,

              -against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., XL
CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                      Defendants.

-------------------------------------------------------------x

CIVIL ACTION NO.
3:02 CV 2133 (EBB)


**ANSWER OF DEFENDANT
KPMG BERMUDA**


November 21, 2006

Defendant KPMG Bermuda ("Bermuda" or "Defendant"), by its attorneys, King & Spalding LLP, answers the first amended class action complaint ("Complaint") as follows:

      1.     Bermuda denies the allegations contained in paragraph 1 of the Complaint except admits that plaintiffs purport to bring a class action under the Securities Exchange Act of 1934 on behalf of themselves and all persons described in paragraph 1 of the Complaint.

      2.     Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 2, except states that Annuity & Life Re (Holdings), Ltd. ("ANR") is a Bermuda corporation formed in 1997 and that the business of reinsurers generally consists of reinsurers entering into contractual arrangements with primary insurers whereby the reinsurer agrees to indemnify the ceding company for all or a portion of the risks associated with an underlying insurance policy in exchange for a reinsurance premium payable to the reinsurer. Bermuda denies the allegations

contained in the third and fourth sentences of paragraph 2.

3.      Bermuda denies the allegations contained in paragraph 3 of the Complaint and respectfully refers the Court to ANR's public filings for the full and accurate statement of the contents thereof.

4.      To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 4 of the Complaint except to the extent the allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is necessary.

5.      To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint. Bermuda otherwise denies the allegations of paragraph 5 of the Complaint and respectfully refers the Court to the website referenced in paragraph 5 of the Complaint for the full and accurate statement of the contents thereof and further states that (i) Bermuda, an accounting firm, is a Bermuda partnership; and (ii) in conducting the audits of ANR, KPMG LLP (United States) ("KPMG US") provided certain professional services to KPMG Bermuda.

6.      To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 6 of the Complaint except states, on information and belief, that KPMG US's Department of Professional Practice (the "DPP") conferred with the SEC regarding ANR.

7.      To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7

-2-

of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 7 of the Complaint except states that (i) KPMG Bermuda served as ANR's outside auditor beginning prior to the Class Period and continuing through the audit for the year ended December 31, 2001; (ii) Bermuda issued audit reports with respect to ANR's financial statements for the years ended December 31, 1999 through December 31, 2001, to which the Court is respectfully referred for the full and accurate statement of the contents thereof; and (iii) ANR restated its financial statements for certain prior reporting periods.

8.      Bermuda denies the allegations contained in paragraph 8 of the Complaint except admits, on information and belief, that in 1998 ANR entered into an annuity retrocessional reinsurance contract with reinsurer Transamerica Occidental Life Insurance ("Transamerica") and ANR and respectfully refers the Court to the Transamerica contract for the full and accurate description of the terms and contents thereof.

9.      To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 9 of the Complaint except to the extent the allegations contained in paragraph 9 of the Complaint constitute legal conclusions to which no response is necessary. Bermuda further states, on information and belief, that the annuities reinsured pursuant to the Transamerica contract allowed policyholders to allocate their premium payments to different asset classes within the primary insurer's general account and were credited with interest at rates guaranteed by the primary insurer.

10.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10

of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 10 of the Complaint, except states, on information and belief, that convertible bonds generally pay a stated interest rate but are convertible into stock of the issuing corporation.

11.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 11 of the Complaint, except states, on information and belief, that (i) certain holders of the annuities reinsured under ANR's Transamerica contract selected a convertible bond asset class; and (ii) the life of the annuity contracts reinsured under ANR's Transamerica contract was generally ten to thirty years.

12.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 12 of the Complaint except to the extent the allegations contained in paragraph 12 of the Complaint constitute legal conclusions to which no response is necessary.

13.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 13 of the Complaint.

14.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 14 of the Complaint.

15.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 15 of the Complaint and respectfully refers the Court to the ANR's public filings for the full and accurate statement of the contents thereof.

16.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 16 of the Complaint and respectfully refers the Court to ANR's Form 10-Ks and press releases for the full and accurate statement of the contents thereof.

17.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 17 of the Complaint and respectfully refers the Court to ANR's Form 10-Ks and press releases for the full and accurate statement of the contents thereof.

18.    Bermuda denies the allegations contained in paragraph 18 of the Complaint, except admits that plaintiffs purport to bring claims under the statutes cited therein. Bermuda further states that plaintiffs' claims under Section 20(a) of the Exchange Act have been dismissed.

19.    Bermuda denies the allegations contained in paragraph 19 of the Complaint, except to the extent the allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is necessary, and admits that plaintiffs purport to predicate jurisdiction under the statutes cited in paragraph 19.

20.     The allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is necessary.

21.     Bermuda denies the allegations contained in paragraph 21 of the Complaint, except to the extent they constitute legal conclusions to which no response is necessary, and admits that plaintiffs purport to predicate venue on the statutes cited in paragraph 21 of the Complaint.

22.     Bermuda denies the allegations contained in paragraph 22 of the Complaint except admits that plaintiff Communication Workers of America has filed a certification with the Court.

23.     Bermuda denies the allegations contained in paragraph 23 of the Complaint except admits that plaintiff Midstream Investments, Ltd. has filed a certification with the Court.

24.     Bermuda denies the allegations contained in paragraph 24 of the Complaint except admits that it has offices at Crown House, Par-La-Ville Road, Hamilton HM 08 Bermuda, that A. Neil Patterson was the engagement partner for the audits and interim reviews conducted for ANR during the Class Period and that personnel of Bermuda also worked on the ALR audits.

25.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.  Bermuda otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint except states, on information and belief, that KPMG US has an office at 345 Park Avenue, New York, New York 10154, that KPMG US was a member of the American Institute of Certified Public

Accountants SEC Practice Section, that its membership in that section and its adherence to section guidelines for foreign associated firms, qualified KPMG Bermuda to practice before the SEC and to audit the financial statements of public companies and that personnel from KPMG US offices in New York and Chicago participated in the ANR audits and conferences with the SEC during the Class Period.

26.    Bermuda denies the allegations contained in paragraph 26 of the Complaint except states that Bermuda conducted an audit in accordance with GAAS, and issued an audit opinion with respect to ANR's financial statements for each of the fiscal years ended December 31, 1999, December 31, 2000 and December 31, 2001 and respectfully refers the Court to those audit opinions for the full and accurate statement of the contents thereof.

27.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint. Bermuda denies the allegations contained in paragraph 27 of the Complaint except states that (i) Bermuda had such access to ANR's records as is consistent with GAAS and (ii) Bermuda conducted an audit in accordance with GAAS, and issued an audit opinion with respect to ANR's financial statements for each of the fiscal years ended December 31, 1999, December 31, 2000 and December 31, 2001 and respectfully refers the Court to those audit opinions for a full and accurate statement of the contents thereof.

28.    Bermuda denies the allegations contained in paragraph 28 of the Complaint and respectfully refers the Court to the documents referenced therein for a full and accurate statement of the contents thereof.

29.    Bermuda denies the allegations contained in paragraph 29 except states that in conducting its audits of ANR, KPMG US provided certain professional services to

Bermuda, and further states that KPMG US conducted the statutory audits of Annuity & Life Reassurance America, Inc., a subsidiary of ANR, for public filing in Connecticut.

30.    Bermuda denies the allegations contained in paragraph 30 of the Complaint.

31.    Bermuda denies the allegations contained in paragraph 31 of the Complaint except admits that plaintiffs purport to bring a securities class action on behalf of the alleged "Class," as defined in paragraph 31 of the Complaint, under the statutes cited in paragraph 31 of the Complaint.

32.    Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except to the extent the allegations contained in paragraph 32 of the Complaint constitute legal conclusions to which no response is necessary.

33.    Bermuda denies the allegations contained in paragraph 33 of the Complaint, except to the extent the allegations contained in paragraph 33 of the Complaint constitute legal conclusions to which no response is necessary.

34.    Bermuda denies the allegations contained in paragraph 34 of the Complaint, except to the extent the allegations contained in paragraph 34 of the Complaint constitute legal conclusions to which no response is necessary.

35.    Bermuda denies the allegations contained in paragraph 35 of the Complaint, except to the extent the allegations contained in paragraph 35 of the Complaint constitute legal conclusions to which no response is necessary.

36.    Bermuda denies the allegations contained in paragraph 36 of the Complaint, except to the extent the allegations contained in paragraph 36 of the Complaint

constitute legal conclusions to which no response is necessary.

37.    Bermuda denies the allegations contained in paragraph 37 of the Complaint except admits, on information and belief, that (i) reinsurance is a type of insurance that is sold to other insurance companies, to protect them against risks that the ceding insurance companies assume when they contract with their policyholders or with other insurance companies; (ii) annuity reinsurance, which is at issue here, provides reinsurance to companies that sell or reinsure annuities; (iii) annuities are a type of investment vehicle offered by insurance companies and others, in which a consumer pays a premium, or a set of premiums, in exchange for the right to receive a set of payments at a specified future date; and (iv) for certain fixed annuities (including the type at issue here) the policyholder is guaranteed in certain circumstances to receive certain minimum payments or interest rates.

38.    Bermuda denies the allegations contained in paragraph 38 of the Complaint except admits, on information and belief, that (i) annuity policies typically allow the policyholder to "surrender" the policy and receive his initial investment, plus interest, minus a surrender fee, at a date prior to annuitization; and (ii) such policies also typically pay out benefits if the policyholder dies.

39.    Bermuda denies the allegations contained in paragraph 39 of the Complaint, except to the extent the allegations contained in paragraph 39 constitute legal conclusions, to which no response is required.

40.    Bermuda denies the allegations contained in paragraph 40 of the Complaint except admits, on information and belief, that (i) insurers from time to time may "reinsure" certain of their business with another insurance company; (ii) in some cases, a reinsurer, too, may obtain insurance against its own risk from a second reinsurer, known as a

retrocessionaire; (iii) in a typical reinsurance contract, the primary insurer ("cedent") may pay the reinsurer some portion of the premiums it receives from the policyholders; and (iv) the reinsurer may then invest those premiums.

41.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 41 of the Complaint.

42.    Bermuda denies the allegations contained in paragraph 42 of the Complaint except admits, on information and belief, that (i) during the Class Period (and before), ANR generally conducted its annuity reinsurance on a modified coinsurance arrangement in which its cedents retained ownership of the assets supporting the annuity policies; (ii) the reinsurance agreements typically were to remain in force for the life of the underlying policies reinsured, which on average ranged from ten to thirty years; (iii) with respect to its largest annuity reinsurance contract, ANR was the retrocessionaire for an annuity product reinsured by Transamerica; and (iv) for this transaction, Transamerica had a modified coinsurance agreement with the primary insurer who sold the annuities to policyholders.

43.    Bermuda denies the allegations contained in paragraph 43 of the Complaint.

44.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 44 of the Complaint, except states, on information and belief, that (i) in its financial statements, ANR classified the amount receivable from ceding companies or their ceding primary insurer as a

receivable called "Funds Withheld at Interest"; and (ii) the dollar amount of the Funds Withheld at Interest receivable equaled the ceding company's statutory reserve with respect to its annuity contracts.

45.     Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint constitute legal conclusions to which no response is necessary.  Bermuda otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 47 of the Complaint and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

48.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 48 of the Complaint except admits, on information and belief, that ANR issued a press release on or about September 29, 1998 and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

49.     Bermuda denies the allegations contained in paragraph 49 of the Complaint except states, on information and belief, that on or about March 23, 1999 ANR filed a Report on Form 10-K for 1998 and respectfully refers the Court to that document for the full and

accurate statement of the contents thereof.

50.    Bermuda denies the allegations contained in paragraph 50 of the Complaint except states, on information and belief, that for the year ended December 31, 1999, ANR reported a net income of $35.7 million, and that on March 29, 2000, ANR filed a Report on Form 10-K for 1999 and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

51.    Bermuda denies the allegations contained in paragraph 51 of the Complaint except admits, on information and belief, that ANR issued a press release on or about February 17, 2000 and respectfully refers the Court to that document and the other document referenced in paragraph 51 for the full and accurate statement of the contents thereof.

52.    Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint except states that Bermuda served as ANR's outside auditor from the audit of ANR's financial statements for the year ended December 31, 1999 through the audit for the year ended December 31, 2003 and respectfully refers the Court to Bermuda's audit opinions with respect to ANR for the full and accurate statement of the contents thereof.

53.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 53 of the Complaint and respectfully refers the Court to Bermuda's audit opinions with respect to ANR for the full and accurate statement of the contents thereof.

54.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54

of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 54 of the Complaint except to the extent the allegations contained in paragraph 54 of the Complaint constitute legal conclusions to which no response is necessary.

55.     Bermuda denies the allegations contained in paragraph 55 of the Complaint, except to the extent the allegations contained in paragraph 55 of the Complaint constitute legal conclusions to which no response is necessary, and admits, on information and belief, that (i) under its Transamerica contract, ANR agreed to provide retrocessional insurance to Transamerica, which itself had provided reinsurance to IL Annuity; and (ii) IL Annuity, a subsidiary of a larger company known as Indianapolis Life Insurance Company, sold a series of fixed annuity products known as Visionmark, and it was these policies that Transamerica reinsured.

56.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 56 of the Complaint except admits, on information and belief, that (i) ANR had a modified coinsurance arrangement with Transamerica, and Transamerica had a modified coinsurance arrangement with IL Annuity; (ii) under that arrangement, IL Annuity held and managed the assets supporting ANR's funds withheld at interest receivable, and ANR had no control as to how they were directed; and (iii) under IL Annuity's Visionmark policies, the policyholder could choose to "link" his or her policy to the performance of certain types of securities, and the performance of those securities would determine the ultimate interest rate earned by the policyholder (provided that state law minimum interest guarantees were also satisfied).

57.     Bermuda denies the allegations contained in paragraph 57 of the

Complaint except admits, on information and belief, that (i) holders of the annuities underlying the Transamerica contract could choose from any of four investment strategies: convertible bonds, high yield bonds, investment grade bonds, and a guaranteed one year strategy; (ii) IL Annuity was not obligated to invest the premiums received under these policies in accord with the strategy chosen by the policyholder; and (iii) the investments made by IL Annuity supported the "Funds Withheld at Interest" receivable on ANR's balance sheet.

58.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 58 of the Complaint except states, on information and belief, that (i) certain holders of the annuities reinsured under ANR's Transamerica contract selected a convertible bond asset class; (ii) convertible bonds typically may be converted into the common stock of the issuing corporation; (iii) convertible bonds generally pay a stated interest rate but are convertible into stock of the issuing corporation; and (iv) on or about November 19, 2002, ANR filed a Report on Form 8-K and Bermuda respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

59.    Bermuda denies the allegations contained in paragraph 59 of the Complaint except admits, on information and belief, that on or about November 19, 2002, ANR filed a Report on Form 8-K and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

60.    Bermuda denies the allegations contained in paragraph 60 of the Complaint except states, on information and belief, that (i) a portion of the investment portfolio underlying the Transamerica contract was invested in convertible bonds; and (ii) another portion

of the portfolio was invested in high yield bonds.

61.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 61 of the Complaint.

62.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 62 of the Complaint.

63.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 63 of the Complaint.

64.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 64 of the Complaint.

65.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 65 of the Complaint and respectfully refers the Court to the documents referenced in paragraph 65 for the full and accurate statement of the contents thereof.

66.     To the extent not directed at Bermuda, Bermuda denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 66 of the Complaint except states, on information and belief, that a number of Visionmark policyholders surrendered their policies, requiring IL Annuity to pay certain amounts in 2000 which at times exceeded the amounts thus far earned on the assets underlying the policies.

67.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 67 of the Complaint.

68.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 68 of the Complaint except admits that the Class Period, as defined by plaintiffs in paragraph 1 of the Complaint, begins on March 15, 2000. Bermuda further states, on information and belief, that on March 29, 2000, ANR filed a Report on Form 10-K for 1999 and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

69.     Bermuda denies the allegations contained in paragraph 69 of the Complaint and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

70.     To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 70 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and

accurate statement of the contents thereof.

71.    Bermuda denies the allegations contained in paragraph 71 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

72.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 72 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

73.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.  Bermuda otherwise denies the allegations contained in paragraph 73 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

74.    Bermuda denies the allegations contained in paragraph 74 of the Complaint and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

75.    Bermuda denies the allegations contained in paragraph 75 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

76.    Bermuda denies the allegations contained in paragraph 76 of the Complaint and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

77.    Bermuda denies the allegations contained in paragraph 77 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

78.    Bermuda denies the allegations contained in paragraph 78 of the Complaint except admits that ANR's 10-K for the year ending December 31, 1999 included an audit opinion signed by Bermuda dated February 8, 2000 and respectfully refers the Court to the audit opinion for the full and accurate statement of the contents thereof.

79.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 79 of the Complaint.

80.    Bermuda denies the allegations contained in paragraph 80 of the Complaint.

81.    Bermuda denies the allegations contained in paragraph 81 except states that Bermuda issued an audit opinion with respect to ANR's financial statements for the fiscal year ended December 31, 1999 and respectfully refers the Court to those audit opinions for a full and accurate statement of the contents thereof.

82.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 82 of the Complaint except admits, on information and belief, that on May 15, 2000 ANR filed a Report on Form 10-Q and respectfully refers the Court to that document for the full and accurate statement of the contents thereof and admits that Bermuda performed a quarterly review with

respect to ANR's interim financial statement.

83.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 83 of the Complaint, and respectfully refers the Court to the documents referenced therein for the full and accurate contents thereof.

84.    Bermuda denies the allegations contained in paragraph 84 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

85.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 85 of the Complaint.

86.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 86 of the Complaint except admits, on information and belief, that ANR recorded its liabilities under the Transamerica contract as "Interest Sensitive Contracts Liability" and included in that account all interest that had been credited to policyholders and respectfully refers the Court to the documents referenced in paragraph 86 of the Complaint for the full and accurate statement of the contents thereof.

87.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87

of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 87 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

88.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 88 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

89.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 89 of the Complaint except admits, on information and belief, that ANR issued a press release on or about July 24, 2000 and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

90.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 90 of the Complaint except admits, on information and belief, that on August 14, 2000 ANR filed a Report on Form 10-Q and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

91.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 91 of the

Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate contents thereof.

92.    Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 93 of the Complaint and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

94.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 94 of the Complaint and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

95.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 95 of the Complaint except admits, on information and belief, that ANR issued a press release on or about October 30, 2000 and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

96.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 96 of the

Complaint except admits, on information and belief, that on November 14, 2000 ANR filed a Report on Form 10-Q and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

97.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 97 of the Complaint.

98.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 98 of the Complaint except states, on information and belief, that ANR scheduled a conference call on or about October 31, 2000 and respectfully refers the Court to the transcripts, if any, of that call and to the other documents referenced in paragraph 98 for the full and accurate statement of the contents thereof.

99.    Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

100.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 100 of the Complaint except admits, on information and belief, that ANR issued a press release on or about February 12, 2001 and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

-22-

101. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 101 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate contents thereof.

102. Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

103. Bermuda denies the allegations contained in paragraph 103 of the Complaint except admits, on information and belief, that on March 15, 2001 ANR filed a Report on Form 10-K for 2000 and respectfully refers the Court to that document for the full and accurate statement of the contents thereof.

104. Bermuda denies the allegations contained in paragraph 104 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

105. Bermuda denies the allegations contained in paragraph 105 of the Complaint and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

106. Bermuda denies the allegations contained in paragraph 106 of the Complaint and respectfully refers the Court to the documents referenced in paragraph 106 for the full and accurate statement of the contents thereof.

107. Bermuda denies the allegations contained in paragraph 107 of the Complaint.

108. Bermuda denies the allegations contained in paragraph 108 and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

109. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 109 of the Complaint except states, on information and belief, that the investment portfolio supporting ANR's Transamerica contract consisted, in part, of convertible bonds during 2000.

110. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 110 of the Complaint.

111. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 111 of the Complaint.

112. Bermuda denies the allegations contained in paragraph 112 and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

113. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint. Bermuda otherwise denies the allegations contained in

paragraph 113 of the Complaint and respectfully refers the Court to ANR's public filings for the full and accurate statement of the contents thereof.

114.    Bermuda denies the allegations contained in paragraph 114 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

115.    Bermuda denies the allegations contained in paragraph 115 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

116.    Bermuda denies the allegations contained in paragraph 116 of the Complaint except admits that Bermuda issued an audit opinion dated February 5, 2001 with respect to ANR's financial statements for the fiscal year ended December 31, 2000 and respectfully refers the Court to that audit opinion for the full and accurate statement of the contents thereof.

117.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 117 of the Complaint.

118.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 118 and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

119.    To the extent not directed at Bermuda, Bermuda denies knowledge or