respectfully refers the Court to SFAS No. 115 for the full and accurate statement of the contents thereof and states that SFAS No. 115 was not applicable to ANR's Funds Withheld at Interest account because that account was a receivable, not a portfolio of investment securities.

239.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 239 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 239 of the Complaint except to the extent the allegations contained in paragraph 239 of the Complaint constitute legal conclusions to which no response is necessary, and respectfully refers the Court to Regulation S-K and ANR's public disclosures for the full and accurate statement of the contents thereof.

240.    Bermuda denies the allegations contained in paragraph 240 of the Complaint.

241.    Bermuda denies the allegations contained in paragraph 241 of the Complaint.

242.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 242 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 242 of the Complaint.

243.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 243 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 243 of the Complaint and respectfully refers the Court to AU § 312 for the full and accurate statement of the contents thereof.

244. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 244 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 244 of the Complaint and further states that Bermuda considered all relevant risks in its audit approach, audit plan and audit procedures.

245. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 245 of the Complaint.

246. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 246 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 246 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

247. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247 of the Complaint. Bermuda otherwise denies the allegations contained in paragraph 247 and respectfully refers the Court to the applicable American Institute of Certified Public Accountants Audit and Accounting Guide, Life and Health Insurance Entities ("AAG-LHI") for the full and accurate statement of the contents thereof.

248. To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 248 of the Complaint. Bermuda otherwise denies the allegations contained in

paragraph 248 of the Complaint and respectfully refers the Court to AU § 312 for the full and accurate statement of the contents thereof.

249.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 249 of the Complaint and respectfully refers the Court to AU § 326 for the full and accurate statement of the contents thereof.

250.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 250 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 250 of the Complaint.

a. Bermuda denies the allegations contained in paragraph 250(a) of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

b. Bermuda denies the allegations contained in paragraph 250(b) of the Complaint.

c. Bermuda denies the allegations contained in paragraph 250(c) of the Complaint.

d. Bermuda denies the allegations contained in paragraph 250(d) of the Complaint.

251.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 251 of the Complaint.   Bermuda otherwise denies the allegations contained in paragraph 251 of the Complaint except states that KPMG US provided certain professional services to Bermuda during the audits and respectfully refers the Court to AAG-LHI for the full and accurate statement of the contents thereof.

252.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 252 of the Complaint.   Bermuda otherwise denies the allegations contained in paragraph 252 of the Complaint and respectfully refers the Court to the document referenced therein for the full and accurate statement of the contents thereof.

253.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 253 of the Complaint.   Bermuda otherwise denies the allegations contained in paragraph 253 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

254.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 254 of the Complaint.   Bermuda otherwise denies the allegations contained in paragraph 254 of the Complaint and respectfully refers the Court to the documents referenced therein for the full and accurate statement of the contents thereof.

255.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 255 of the Complaint.   Bermuda otherwise denies the allegations contained in paragraph 255 of the Complaint.

256.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 256 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 256 of the Complaint.

257.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 257 of the Complaint.

258.    Bermuda denies the allegations contained in paragraph 258 of the Complaint except states that A. Neil Patterson was the ANR engagement partner during the years 1999 through 2002 and that Colin Couper worked on Bermuda's audits of ANR's financial statements for the years 2000 through 2002.

259.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 259 of the Complaint.

260.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 of the Complaint.  Bermuda otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 of the Complaint.

261.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261 of the Complaint.    Bermuda otherwise denies the allegations contained in

paragraph 261 of the Complaint and further states, on information and belief, that (i) in or about April 2002, and on other occasions, ANR and the SEC corresponded, and respectfully refers the Court to that correspondence for the full and accurate statement of the contents thereof; and (ii) ANR, Bermuda and KPMG US conferred with the SEC.

262.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 262 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 262 of the Complaint.

263.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 263 of the Complaint, except states that KPMG US provided certain professional services to KPMG Bermuda.

264.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 264 of the Complaint, except states that KPMG US provided certain professional services to KPMG Bermuda.

265.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 265 of the Complaint.

266.    Bermuda denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the first sentence of paragraph 266 of the Complaint and denies the remaining allegations contained in paragraph 266 of the Complaint.

267.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 267 of the Complaint.

268.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 268 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 268 of the Complaint.

269.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 269 of the Complaint except admits that ANR filed periodic public reports.

270.    To the extent not directed at Bermuda, Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 of the Complaint.    Bermuda otherwise denies the allegations contained in paragraph 270 of the Complaint

271.    Bermuda denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 271 of the Complaint and denies the remaining allegations contained in paragraph 271 of the Complaint.

## COUNT I

272.    Bermuda incorporates by reference its responses to each of the allegations contained in paragraphs 1-271 set forth above as if fully set forth herein.

273.    Bermuda denies the allegations contained in paragraph 273 of the Complaint.

274.    Bermuda denies the allegations contained in paragraph 274 of the Complaint.

275.    Bermuda denies the allegations contained in paragraph 275 of the Complaint.

276.    Bermuda denies the allegations contained in paragraph 276 of the Complaint.

277.    Bermuda denies the allegations contained in paragraph 277 of the Complaint.

278.    Bermuda denies the allegations contained in paragraph 278 of the Complaint.

279.    Bermuda denies the allegations contained in paragraph 279 of the Complaint.

280.    Bermuda denies the allegations contained in paragraph 280 of the Complaint except to the extent the allegations contained in paragraph 280 of the Complaint constitute legal conclusions to which no response is necessary.

281.    Bermuda denies the allegations contained in paragraph 281 of the Complaint.

## COUNT II

282.    Bermuda incorporates by reference its responses to each of the allegations contained in paragraphs 1-281 set forth above as if fully set forth herein.

283.    Bermuda states that Count II of the Complaint is not alleged against Bermuda and, in addition, plaintiffs' claims against KPMG US pursuant to Section 20 of the Securities Exchange Act (Count II) were dismissed by the order of this Court filed August 10, 2006 and therefore, no response to the allegations contained in paragraph 283 of the Complaint is necessary.

284.    Bermuda states that Count II of the Complaint is not alleged against Bermuda and, in addition, plaintiffs' claims against KPMG US pursuant to Section 20 of the Securities Exchange Act (Count II) were dismissed by the order of this Court filed August 10, 2006 and therefore, no response to the allegations contained in paragraph 284 of the Complaint is necessary.

## DEFENSES

Bermuda states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs, or some of them, lack standing and/or capacity to assert the claims asserted in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to comply with the pleading requirements of Rule 9(b) of

the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs did not reasonably rely upon the alleged misstatements or omissions alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Bermuda justifiably relied on information provided to it by others, including without limitation IL Annuity, Transamerica, ANR and its board and management, as well as professionals outside Bermuda.

### SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Bermuda relied in good faith on the advice of legal counsel, accountants, other auditors, actuaries, employees of ANR and its affiliates, and/or outside consultants.

### EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, Bermuda acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statutory safe harbor for forward-looking statements.

## TENTH AFFIRMATIVE DEFENSE

Bermuda is not liable because any alleged misstatements by it were forward-looking and contained sufficient cautionary language and risk disclosure to be non-actionable under the bespeaks caution doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the truth on the market doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Bermuda is not liable because the alleged misrepresentations and omissions alleged in the Complaint did not affect the market price of ANR's securities.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times, the conduct of Bermuda complied fully with GAAS and the financial statements conformed to GAAP.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs knowingly and/or recklessly assumed the risk of purchasing the securities described in the Complaint and such was the cause of their alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to maintain a class action because they are inadequate class representatives and the requirements for maintaining this action as a class action of Rule 23 of the Federal Rules of Civil Procedure cannot be met.

## SIXTEENTH AFFIRMATIVE DEFENSE

Bermuda is not liable for the portions of any of ANR's public filings that are the subject of the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Bermuda is not liable because it did not act with scienter.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages and/or losses, if any, were not proximately caused by Bermuda.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have already been compensated for the damages and/or losses claimed in this action.

## TWENTIETH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs were caused, in whole or in part, by the acts or omissions of persons or entities other than Bermuda, including without limitation IL Annuity, Transamerica, ANR and its board and management, as well as professionals outside of Bermuda.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

An award of punitive damages in this case would violate the Constitutions of the United States and of the State of New York and other applicable law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages, and any damages awarded to plaintiffs should be reduced to the extent of their failure to mitigate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Bermuda reasonably relied on auditing and actuarial expertise and services provided by actuaries and other auditors.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Bermuda hereby adopts and incorporates by reference any and all other defenses asserted, or to be asserted, by any other defendant to the extent Bermuda may share in, or be entitled to assert, such defense.

*           *           *

Defendant asserts, and expressly reserves all rights with respect to, all other responses and affirmative defenses that may be revealed during the course of discovery.

## COUNTERCLAIMS AND CROSS-CLAIMS

Defendant asserts, and expressly reserves all rights with respect to, all counterclaims or cross-claims that may be revealed during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, defendant KPMG Bermuda respectfully demands judgment against plaintiffs (a) dismissing the Complaint with prejudice; (b) awarding the costs and disbursements of this action, including attorneys' fees; and (c) awarding such other and further relief as the Court deems just and proper.

Dated: November 21, 2006

DEFENDANT
KPMG BERMUDA

By: _____
         Frederick S. Gold
         Fed. Bar. No.: ct 03560
         Morgan P. Rueckert
         Fed. Bar. No.: ct 19838
         SHIPMAN & GOODWIN LLP
         300 Atlantic Street
         Stamford, Connecticut 06901
         Tel. (203) 324-8100
         Fax. (203) 324-8199

         Michael J. Malone
         Paul A. Straus
         Mordecai Geisler
         KING & SPALDING LLP
         1185 Avenue of the Americas
         New York, New York 10036
         Tel. (212) 556-2100
         Fax. (212) 556-2222

         Attorneys for KPMG BERMUDA

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. Mail, first-class, postage pre-paid on November 21, 2006, to all counsel of record as follows:

Jeffrey S. Nobel
Andrew M. Schatz
SCHATZ & NOBEL
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Elias A. Alexiades
LAW OFFICE OF ELIAS A. ALEXIADES
215 Church Street, 2nd Floor
New Haven, CT  06510

Patrick A. Klingman
Karen M. Leser
James E. Miller
SHEPERD FINKELMAN MILLER
& SHAH-CHESTER
65 Main Street
Chester, CT  06412

David Randell Scott
Erin Green Comite
SCOTT + SCOTT, LLP
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Ann M. Lipton
Peter E. Seidman
MILBERG, WEISS, BERSHAD &
SCHULMAN
One Pennsylvania Plaza
Suite 4915
New York, NY  10119-0165

Michael J. Malone
Paul A. Straus
KING & SPALDING
1185 Avenue of the Americas
New York, NY  10036-4003

Beth A. Kaswan
SCOTT + SCOTT, LLP
75 Rockefeller Center
19th Floor
New York, NY  10019

Morgan P. Rueckert