UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                       Plaintiffs,

          -against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., XL
CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                       Defendants.

------------------------------------------------------------x

CIVIL ACTION NO.
3:02 CV 2133 (EBB)

[December 15], 2006

## FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Against KPMG (Bermuda) Filed:[1] | October 23, 2003 |
| Date Complaint Served: | December 23, 2003 |
| Date Amended Complaint Against KPMG (Bermuda) Filed: | January 13, 2004 |
| Date of Defendant's Appearance: | January 9, 2004 |
| Date Defendant's Motion to Dismiss Denied: | August 30, 2006 |
| Date Defendant's Motion for Reconsideration or Clarification, in Part, Filed: | September 14, 2006 |
| Date Defendant's Motion for Reconsideration or Clarification, in Part, Fully Briefed: | November 15, 2006 |

---

[1] See Case No. 03cv1826 for pleadings prior to consolidation with Case No. 02cv2133.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, conferences were held on November 29 and December 4, 2006. The participants were:

Beth A. Kaswan of Scott + Scott, LLC and Barry A. Weprin of Milberg Weiss Bershad & Schulman for Lead Plaintiffs Communication Workers of America and Midstream Investments Ltd. (referred to herein as "Plaintiffs").

Michael J. Malone and Paul A. Straus of King & Spalding LLP for Defendant KPMG (Bermuda) (referred to herein as "Defendant" or "KPMG Bermuda").

**I.      Certification**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**

   **A.     Subject Matter Jurisdiction**

Plaintiffs bring this action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 as amended (the "1934 Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Thus, this Court has federal question jurisdiction over the subject matter of this action pursuant to Section 27 of the 1934 Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

   **B.     Personal Jurisdiction**

The parties do not dispute personal jurisdiction or venue in the District of Connecticut.

### III. Brief Description of Case

This is a putative class action brought by Plaintiffs under the 1934 Act on behalf of themselves and all other persons who purchased the securities of Annuity and Life Re (Holdings) Ltd. ("ANR") between March 15, 2000 and November 19, 2002, inclusive (the "Class Period"). The case was originally filed against ANR and certain of its officers and directors and an affiliated company; settlement of the case against these parties was finally approved on January 21, 2005. A complaint against KPMG (United States) ("KPMG US") and KPMG Bermuda was filed October 23, 2003 and consolidated with the complaint against ANR on January 6, 2004. On August 10, 2006, the complaint against KPMG US was dismissed. On August 30, 2006, KPMG Bermuda's motion to dismiss was denied. On September 14, 2006, KPMG Bermuda filed a motion for reconsideration or clarification, in part, of the August 30, 2006 decision. That motion was fully briefed on November 15, 2006 and is currently pending. On November 21, 2006, KPMG Bermuda served its answer to the Complaint (the "Answer").

A. **Claims of Plaintiffs.** [2] Lead Plaintiffs submit the following summary of their claims:

By their first amended class action complaint (the "Complaint") against KPMG Bermuda, Plaintiffs allege a fraudulent scheme and deceptive course of business that injured purchasers of ANR securities during the Class Period. KPMG, through its Bermuda office, served as ANR's auditor and principal accounting firm, commencing prior to the Class Period and continuing at all relevant times. Plaintiffs allege that KPMG Bermuda

---

[2] KPMG Bermuda expressly notes that it does not join in or agree with plaintiffs' summary of claims or description of their First Cause of Action and denies all such claims and First Cause of Action.

3

represented in audit reports it issued, and which were included with ANR's financial statements that were publicly filed with the SEC as part of ANR's Form 10-K, from March 2000 through March 2002, that, based upon its audits conducted in accordance with Generally Accepted Auditing Standards ("GAAS"), ANR's financial statements were fairly presented in accordance with United States GAAP. Plaintiffs allege, however, that as a result of the facts alleged in the Complaint in this case, ANR repeatedly restated its financial statements for a number of reporting periods, including those audited and certified by KPMG. ANR also took a series of extraordinary charges to reverse falsely reported profits from earlier periods, all of which caused losses to Plaintiffs as the truth became revealed.

Plaintiffs allege KPMG Bermuda either knew the representations in its audit opinions about ANR's financial reporting were false or was reckless in issuing its false unqualified opinions and in failing to conduct its audits in accordance with GAAS, particularly with respect to ANR's reinsurance agreement with Transamerica to reinsure a $1.6 billion block of IL Annuity's annuity business.

Plaintiffs allege that throughout the Class Period, KPMG Bermuda along with its KPMG affiliate in the United States, purported to conduct annual audits of ANR's financial statements for the fiscal years ended December 31, 1999, December 31, 2000, and December 31, 2001, in accordance with "GAAS" and reviewed ANR's annual reports on Form 10-K and ANR's quarterly financial reports before they were filed. Plaintiffs allege that KPMG Bermuda knowingly and/or recklessly issued materially false and misleading unqualified audit opinions which falsely represented that those financial statements were fairly presented in accordance with GAAP. Additionally, plaintiffs allege that KPMG Bermuda wrongfully consented to the use of its false unqualified opinions with respect to ANR's financial

statements for 1999, 2000, and 2001 in ANR's Annual Reports and Reports on Form 10-K, filed by ANR with the SEC and otherwise disseminated to the investing public during the Class Period, and failed to require ANR to timely correct the audited financial statements upon which investors continued to rely.

1.      **First Cause of Action -- Section 10(b) of the 1934 Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.**

Plaintiffs allege that during the Class Period, KPMG Bermuda carried out a plan, scheme and course of conduct which was intended to and, during the Class Period, did: (i) deceive the investing public, including plaintiffs and other Class members, as alleged herein; and (ii) cause plaintiffs and other members of the Class to purchase ANR's securities at artificially inflated prices. Plaintiffs allege that in furtherance of this unlawful scheme, plan and course of conduct, KPMG Bermuda took the actions set forth in the Complaint, and KPMG Bermuda (a) made untrue statements of material fact and/or omitted to state material facts necessary to make its statements not misleading; (b) employed devices, schemes, and artifices to defraud; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for ANR's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5, and caused Plaintiffs' losses when the truth was revealed. Additionally, plaintiffs allege that KPMG Bermuda, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the financial performance of ANR as specified in the Complaint. Plaintiffs allege that by virtue of the facts alleged in the Complaint, KPMG Bermuda has violated

Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder. As a direct and proximate result of KPMG Bermuda's wrongful conduct, Plaintiffs allege that they and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

**B.     Defenses of Defendant.**[3] Defendant submits the points below as a summary of its defenses. (Discovery and investigation are ongoing. KPMG Bermuda reserves the right to assert all defenses identified in its Answer and as may be identified through discovery and investigation).

Plaintiffs cannot establish the elements of their claims and are subject to the affirmative defenses set forth in KPMG Bermuda's Answer. KPMG Bermuda states that its responses to Plaintiffs' allegations include, but are not limited to, the following:[4]

- Plaintiffs fail to allege any material misstatement by KPMG Bermuda. The only allegedly false statement by KPMG Bermuda is the statement in each of its audit reports that its audits were conducted in accordance with generally accepted auditing standards ("GAAS") and that in its opinion, ANR's financial statements are presented in accordance with GAAP. Plaintiffs cannot establish that these statements were materially misleading. Plaintiffs cannot state a section 10(b) claim against KPMG Bermuda based on alleged misstatements by other parties, such as statements in ANR's unaudited 10-Ks, ANR's 10-Qs, on conference calls by ANR's management, or in third-party analyst reports.

---

[3] Plaintiffs expressly note that they do not join in or agree with KPMG Bermuda's summary of its defenses.
[4] This summary is, of course, without prejudice to any and all defenses of KPMG Bermuda at law and equity. In addition, the Court is respectfully referred to KPMG Bermuda's Answer and affirmative defenses filed with the Court.

- Plaintiffs cannot establish the element of scienter against KPMG Bermuda. The Private Securities Litigation Reform Act ("PSLRA") imposes a number of stringent requirements for stating a securities fraud claim. Plaintiffs cannot establish an "extreme departure from the standard of ordinary care" that KPMG Bermuda's audits of the financial statements of ANR approximate an "actual intent to aid" in the alleged fraud by ANR.

- KPMG Bermuda's affirmative defenses are set forth in its Answer, which is incorporated herein by reference.

Consistent with Form 26(f) of the Appendix to the Local Civil Rules, KPMG Bermuda expressly reserves all rights to assert any other defenses.

### IV.   Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. For all times relevant to the Complaint, KPMG Bermuda has had offices at Crown House, Par-La-Ville Road, Hamilton HM 08 Bermuda.

2. KPMG Bermuda served as outside auditors for ANR during the Class Period.

3. During the Class Period, KPMG Bermuda audited ANR's financial statements for the fiscal years ended December 31, 1999, December 31, 2000, and December 31, 2001, and issued unqualified audit opinions dated February 8, 2000, February 5, 2001 and February 11, 2002, respectively.

V.   **Case Management Plan:**

A.   **Standing Order on Scheduling in Civil Cases**

The parties request modification of the Court's Standing Order on Scheduling in Civil Cases, as specified below.

B.   **Scheduling Conference with the Court**

This report is being filed with the Court for entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.   **Early Settlement Conference**

1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties believe settlement is unlikely at this time.

2.   Because settlement is unlikely at this time, the parties do not request an early settlement conference.

3.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.   **Joinder of Parties and Amendment of Pleadings**

Motions to Join Additional Parties and/or Amend the Pleadings shall be served by July 31, 2007.

E.   **Discovery**

1.   Plaintiffs anticipate requesting all relevant and non-privileged documents from Defendant and various non-parties pertaining to ANR's false financial statements and reports filed during the Class Period, the accounting for the Transamerica reinsurance agreement and KPMG Bermuda and other KPMG offices' audit procedures and opinions

issued in connection therewith on financial statements filed during the Class Period, including the restatements, investigations and litigation conducted with respect to the financial statements and the Transamerica agreement. Plaintiffs expect to take depositions of Defendant and non-parties on these same matters.

2. Defendant anticipates requesting all relevant and non-privileged documents and depositions from Plaintiffs and various non-parties pertaining to Plaintiffs' class certification. Defendant anticipates requesting all relevant and non-privileged documents from Plaintiffs and various non-parties pertaining to Plaintiffs' claims on the merits. Defendant expects to depose Plaintiffs and non-parties on these same matters.

3. The parties agree that they will submit either an agreed upon or proposed confidentiality order by December 20, 2006.

4. The parties' respective initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be served no later than **[P: January 5, 2007 / D: January 31, 2007]**.[5]

5. Discovery shall commence on **[P: January 5, 2007 / D: January 31, 2007]**. All non-expert discovery will be completed (not propounded) by **October 31, 2007**.

6. The parties agree that they will make all reasonable efforts to begin producing documents within 30 days after service of the document requests upon them and continue on a rolling basis. Defendant will make reasonable efforts so that its production of documents responsive to Plaintiffs' first set of request for documents should be completed by 120 days

---

[5] KPMG Bermuda's position is that merits discovery in this securities class action is stayed as a matter of law under the Private Securities Litigation Reform Act until the Court has decided its motion for reconsideration or clarification, in part. Plaintiffs dispute this. For planning purposes, KPMG Bermuda proposes exchanging initial disclosures and commencing merits discovery on January 31, 2007, by which time it can be anticipated that a decision will have been rendered and the dispute will be moot. KPMG Bermuda reserves all its rights under the PLSRA and other applicable law.

after service of Plaintiffs' first set of document requests upon them. Plaintiffs will make reasonable efforts to complete their production of documents responsive to Defendant's first set of requests for documents within 60 days after service of Defendant's first set of document requests upon them.

7. The limit on depositions should be raised to a total of [**P: fifteen (15); D: twelve (12)**] fact depositions per side.

8. **Plaintiffs propose:** Once initial disclosures occur, there should be no limitation with respect to when depositions commence; **Defendant proposes:** Fact depositions should commence no earlier than **May 15, 2007** (except depositions taken in connection with class certification, which should commence no earlier than **March 30, 2007**). The parties agree that all depositions (except for experts) will be completed by **October 31, 2007**.

9. The parties agree that they may each serve thirty (30) interrogatories (including all discrete subparts), respectively, per side.

10. The parties intend to call expert witnesses at trial. The parties agree that Plaintiffs shall designate their trial experts and serve Defendant with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **December 14, 2007**.

11. Defendant will designate its trial experts and serve Plaintiffs with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **P: January 15, 2008 / D: February 15, 2008**.

12. **Plaintiffs propose:** Depositions of experts shall be concluded by **March 1, 2008**, provided that plaintiffs' expert with respect to each subject matter will be deposed before Defendant's expert with respect to the same subject matter. / **Defendant proposes:**

Depositions of Plaintiffs' experts shall be concluded by **March 30, 2008**, and depositions of Defendant's experts shall be concluded by **April 30, 2008**.

13. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **December 14, 2007**.

F. **Class Certification**

1. Plaintiffs shall serve their motion for class certification by **January 31, 2007**.

2. Defendant shall serve its opposition to class certification, if any, by **May 30, 2007**. Plaintiffs shall serve their reply, if any, by **July 31, 2007**.

G. **Dispositive Motions**

**Plaintiffs propose:** Dispositive motions, if any, shall be served on or before **April 1, 2008**; opposition to dispositive motions shall be served by **May 15, 2008**; and any reply to such opposition shall be served by **June 1, 2008**.

**Defendant proposes:** Dispositive motions, if any, shall be served on or before **June 15, 2008**; opposition to dispositive motions shall be served by **July 30, 2008**; and any reply to such opposition shall be served by **August 30, 2008**.

H. **Joint Trial Memorandum**

**Plaintiffs propose**: The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by July 15, 2008. **Defendant proposes**: The joint trial memorandum will be filed within ninety (90) days of the Court's ruling on the dispositive motions, if such motions are made, and absent dispositive motions, defendant proposes that the joint trial memorandum will be due **July 30, 2008**.

## VI.   TRIAL READINESS

**Plaintiffs propose**: The case will be ready for trial by **August 1, 2008**.  **Defendant proposes**: The case will be ready for trial within ninety (90) days of the Court's ruling on the dispositive motions, if any, and absent dispositive motions, defendant proposes that the case will be ready for trial by **July 30, 2008**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action. The parties shall cooperate to the extent a modification to any deadline is needed, and either party may apply to the Court for such a modification.

DATED: December 15, 2006             Respectfully submitted,

                                     SCOTT + SCOTT

                                     By:  /s/ Erin Green Comite
                                         David R. Scott (Juris. No. 16080)
                                         Erin Green Comite (Juris No. 24886)
                                     108 Norwich Avenue
                                     P.O. Box 192
                                     Colchester, CT 06415
                                     Tel:  (860) 537-5537
                                     Fax:  (860) 537-4432

                                     SCOTT + SCOTT
                                     Beth Kaswan (ct 21415)
                                     75 Rockefeller Center, 19th Floor
                                     New York, NY 10019
                                     Tel:  (212) 710-1040
                                     Fax:  (212) 710-1041

                                     **MILBERG WEISS BERSHAD &
                                       SCHULMAN LLP**
                                     Barry A. Weprin (Juris No. ct 06136)
                                     Ann E. Gittleman
                                     One Pennsylvania Plaza
                                     New York, NY 10119-0165
                                     Tel:  (212) 594-5300
                                     Fax:  (212) 868-1229

                                     **Co-Lead Counsel for Lead Plaintiffs'**

DEFENDANT
KPMG BERMUDA

By: _____
Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199


Michael J. Malone
Paul A. Straus
Mordecai Geisler
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

Attorneys for KPMG BERMUDA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 15, 2006, a true copy of the foregoing was served on all counsel of record on the attached service list by first-class, postage prepaid U.S. mail.

*Erin Green Comite*

Erin Green Comite

## SERVICE LIST
**Annuity and Life Re (Holdings), Ltd. Service List**

**Attorneys for Plaintiffs**

Andrew M. Schatz
Jeffrey S. Nobel
Patrick A. Klingman
SCHATZ & NOBEL
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103

James E. Miller
Karen M. Leser
Patrick A. Klingman
SHEPHERD FINKELMAN MILLER & SHAH, LLC
65 Main Street
Chester, CT 06412

Elias A. Alexiades
ATTORNEY ELIAS A. ALEXIADES
215 Church Street
2nd Floor
New Haven, CT 06525

Barry A. Weprin
Ann Gittleman
MILBERG WEISS BERSHAD
 & SCHULMAN LLP
One Pennsylvania Plaza
Suite 4915
New York, NY 10119

**Attorneys for Defendants**

Michael J. Malone
Paul A. Straus
KING & SPALDING
1185 Avenue of the Americas
New York, NY 10036-4003

Frederick S. Gold
SHIPMAN & GOODWIN
300 Atlantic St.
Stamford, CT 06901-3522

3

Morgan Paul Rueckert
SHIPMAN & GOODWIN
One Constitution Plaza
Hartford, CT  06103-1919