UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERRY SCHNALL, Individually and On
Behalf of All Others Similarly Situated

                Plaintiffs,

vs.

ANNUITY AND LIFE RE (HOLDINGS),
LTD., XL CAPITAL, LTD., LAWRENCE S.
DOYLE, FREDERICK S. HAMMER, JOHN
F. BURKE, WILLIAM W. ATKIN, BRIAN
O'HARA, AND MICHAEL P. ESPOSITO JR.,

                Defendants.

CIVIL ACTION NO.
3:02 CV 2133 (EBB)

December 20, 2006

## CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by Lead Plaintiffs Communication Workers of America and Midstream Investments Ltd. ("Lead Plaintiffs") and Annuity and Life Re (Holdings), Ltd. ("ANR"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents produced by ANR and the Lead Plaintiffs, and any deposition testimony, deposition exhibits, interrogatory responses and admissions, relating to the documents produced (such information is hereinafter referred to as "Discovery Material"). This Order shall not apply to the use of Discovery Material at trial or other Court hearings, and shall not preclude any person from seeking additional orders with respect to the Confidentiality of Discovery Material.

      1.      For purposes of this Stipulation and Order, "Confidential Information" shall mean information designated as Confidential by a party or non-party as provided below. Confidential Information may include information, not otherwise in the public domain, the disclosure of

which could reasonably be anticipated to cause injury to the business or personal affairs of the producing or designating party, and may include all non-public materials containing information related to: financial or business plans, data or projections; proposed plans and strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; information or documents subject to confidentiality or non-disclosure agreements with third parties; medical information; or other commercially sensitive or proprietary information.

2. Confidential Information shall be used solely for purposes of this litigation (and the action entitled <u>Communications Workers of America et al. v. KPMG LLP (United States), et al.</u>, C.A. No. 3:03-CV-1826 (GLG)) and may be disclosed only to those persons identified in paragraph 6 below. All persons receiving Confidential Information shall be bound by the terms hereof. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief in this Court.

3. Any party may designate documents that are produced as Confidential by (a) stamping each page containing Confidential Information with the legend "Confidential" before that page is produced, or (b) by separate written notification of such designation, which may be sent within thirty days after production. To the extent that matter stored or recorded in form of electronic or magnetic media is produced in such form, the producing party or the parties may designate such material as Confidential Information by affixing a label on the media or by cover letter generally referring to such matter. A document that includes the designation "Confidential Treatment Requested" shall be treated as if designated "Confidential" for purposes of this action.

4. Deposition testimony may be designated as Confidential either (a) at the deposition, by making a statement for inclusion in the deposition transcript, or (b) on or before thirty (30) calendar days after receipt of the transcript, by making a notation on the transcript of

the deposition and informing all other counsel in writing of such designation. Until the expiration of such thirty (30) day period with respect to any deposition transcript, all deposition testimony and transcripts, and any information contained therein, or exhibits thereto, shall be deemed to be Confidential Information and treated as if so designated. When Confidential Information is designated in a deposition transcript, the party making the designation shall instruct the reporter to make the following notations: (i) on the first page of the transcript: "This transcript contains Confidential Information"; and (ii) on each page containing Confidential Information, "Confidential."

    5.    Responses to document requests, interrogatories, and requests for admission may be designed "Confidential" by (a) so indicating in the response or (b) by separate written notification of such designation within thirty days of the service of the response.

    6.    Any party receiving Confidential Information may disclose or make available such information only to the following persons:

    (a)    this Court (and any appellate court), including court personnel, jurors and alternate jurors;

    (b)    the named parties to this action and their employees, officers, directors, insurers, counsel to their insurers, counsel to the parties to this action, and the paralegal, clerical, secretarial, and other staff employed by such counsel;

    (c)    court reporters;

    (d)    outside services, such as imaging or copy services;

    (e)    deponent and trial fact witnesses and any other witness or potential witness whom a party believes in good faith will be aided in reviewing the document, provided that prior to the disclosure to such persons of any Confidential Information, counsel for the party

proposing to make such disclosure, or counsel to the witness where the witness is employed by or represented by a party, shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such person is given access to Confidential Information, he or she shall be required to agree to be bound by the terms of the Stipulation and Order.

    (f) outside experts, advisors or consultants retained by counsel to any party to this action, provided that prior to the disclosure to such persons of any Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such expert, advisor or consultant is given access to Confidential Information, he or she shall be required to agree to be bound by the terms of the Stipulation and Order.

    (g) any mediator or arbitrator engaged by the parties to this action.

  7. All persons who have received Confidential Information shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

  8. Any party to the action to whom information designated "Confidential" is produced may object at any time during the pendency of the action to the designation of "Confidential". The objection shall be made in writing to counsel for the Designator. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement, any party may file a motion regarding the issue in dispute. The Designator shall have the burden of proof concerning confidentiality. In the event of an objection to the designation of Confidential, all materials subject to the objection shall continue to be treated as Confidential Information until the Court rules to the contrary.

9. No party to this action concedes that any document designated as "Confidential" actually is confidential.

10. If any Designator disseminates information, other than information subject to the provisions of paragraph 14 below, which that Designator has designated as "Confidential" in a manner inconsistent with the claim that it is confidential, any party may assert to the Court that such material is no longer entitled to be treated as Confidential.

11. When affidavits, briefs, memoranda or other documents containing or disclosing Confidential Information are filed with the Court, they shall be placed in sealed envelopes or other appropriately sealed containers which shall bear the caption of the action and a notation to the effect that the information contained therein is Confidential and is subject to this Stipulation and Order, and may be examined only in accordance with the terms of this Stipulation and Order.

12. Nothing herein shall prevent any party or third party who has received Confidential Information pursuant to this Stipulation (the "Receiver") from producing such Confidential Information in response to a lawful subpoena or other compulsory process, provided that any party or third party receiving such subpoena or other process shall as soon as reasonably practical, prior to producing any Confidential Information, give notice thereof to the Designator by e-mail or facsimile to counsel of record for such party identifying the Confidential Information sought and furnish the Designator with a copy of the subpoena or other compulsory process so as to afford the Designator a reasonable opportunity to seek a protective order. If the Designator moves for a protective order, the Receiver shall not thereafter produce such Confidential Information except pursuant to a court order requiring compliance with the subpoena or other compulsory process. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge any such order

requiring production of Confidential Information, or to subject herself, himself or itself to any penalties for noncompliance with any such order, or to seek any relief from this Court. If Confidential Information is produced pursuant to subpoena or other compulsory process, it shall continue to be treated as Confidential Information by all persons subject to this Protective Order unless and until this Court otherwise directs.

13. Nothing herein shall prevent any party from presenting Confidential Information to the recipient or author of such Confidential Information. Nothing herein shall impose any restriction on the use or disclosure by a party or non-party of its own documents or information. Nothing herein shall prevent any party or its counsel from making use of any documents or information that were lawfully available to the public or lawfully in the possession of the party or counsel prior to another's providing them, or that properly came into the possession of the party or counsel independent of this action, or that were lawfully obtained from a non-party in the course of this litigation and not designated as Confidential by that non-party.

14. Any party to this action may move the Court for an order modifying this Stipulation and Order, and nothing in this Stipulation and Order shall be deemed to prevent such application. This Stipulation and Order may also be modified by written consent of all parties hereto or may be modified by the Court on its own motion, and nothing in this Stipulation and Order shall be deemed to prevent such modification.

15. Within sixty (60) days after a judgment in or dismissal or other resolution of this action including any appeals becomes final and non-appealable, the attorneys for each party who received Confidential Information shall (a) return to each person who produced Confidential Information all copies of the Confidential Information produced by such persons or (b) destroy all documents containing Confidential Information (including all copies of Confidential

Information and documents containing Confidential Information made by the recipient and other persons to whom the recipient disclosed Confidential Information). Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Information that is referred to or attached to any attorney work product), but any Confidential Information contained in such materials may not be disclosed to any other person.

16. Other parties and non-parties that produce documents or other confidential information in this action may avail themselves of the protections of this order, and may designate materials produced by them as Confidential Information.

17. This Stipulation and Order shall be effective immediately and shall survive the conclusion of this litigation.

Lead Plaintiffs

By: *Erin Green Comite*
David R. Scott (ct16080)
Beth Kaswan (ct21415)
Erin Green Comite (ct24886)
Scott + Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

- and -

By: _____
Barry Weprin (ct06136)
Milberg Weiss Bershad ~~Hynes~~ & SCHULMAN ~~Lerach~~ LLP
One Pennsylvania Plaza
New York, NY 10119-0165

                Telephone: (212) 594-5300
                Facsimile: (212) 868-1229

Lead Plaintiffs' Co-Lead Counsel

Defendant KPMG (Bermuda)

By: _/s/ Michael Malone_____

Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
Mordecai Geisler
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

SO ORDERED:

_____
U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2006, a copy of the foregoing CONFIDENTIALITY STIPULATION AND ORDER was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Erin Green Comite (ct24886)
Scott + Scott, LLP
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415
860-537-5537
860-537-4432 (fax)