

December 22, 2006

<u>**VIA OVERNIGHT MAIL**</u>

Hon. Ellen Bree Burns
U.S. District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

   **Re: Schnall v. Annuity and Life Re (Holdings) Ltd., et al.
     02cv2133 (EBB)**

Dear Judge Burns:

   I write on behalf of the Plaintiffs to respond to Defendant KPMG Bermuda's letter to you dated December 18, 2006, attached hereto as Exhibit 1, regarding the proposed schedule for the litigation of this matter, as set forth in the Form 26(f) Report Of Parties' Planning Meeting ("Report"), filed with the Court December 15, 2006 (Docket No. 222). In Plaintiffs' view, KPMG's proposed schedule is lopsided, in that it provides for a minimal period of time to factually develop this complex securities fraud case through a significant number of needed depositions – *e.g.* Plaintiffs have proposed 15 depositions per side, and KPMG has proposed 12 depositions per side – while at the same time providing an unduly protracted period for expert discovery and for KPMG's briefing of its anticipated summary judgment motion. By their competing proposed orders, the parties have requested the following schedule:

| **Plaintiffs** | **KPMG** |
|---|---|
| • 10 months for all fact discovery (January through October 2007) | • 5 ½ months for fact depositions (May 15 through October 2007) |
| • 4 months for expert reports and depositions (November 2007 through February 2008) | • 6 months for expert reports and depositions (November 2007 through April 2008) |
| • 3 months for dispositive motions (March through May 2008) | • 4 months for dispositive motions (May through August 2008) |

ATTORNEYS AT LAW  CONNECTICUT  SCOTT + SCOTT, LLC  860 537-5537 VOICE
         OHIO      P.O. BOX 192      860 537-4432 FAX
         CALIFORNIA   108 NORWICH AVENUE  SCOTTLAW@SCOTT-SCOTT.COM
                 COLCHESTER, CT 06415  WWW.SCOTT-SCOTT.COM



Hon. Ellen Bree Burns
December 22, 2006
Page 2 of 6

Thus, while Plaintiffs have allowed more time for fact discovery, anticipating the usual need to accommodate the schedules of large numbers of witnesses who reside in both Bermuda and the United States, and to resolve discovery disputes, KPMG has provided less than 6 months for this stage of the case, and almost twice as much time for expert discovery and summary judgment briefing.

KPMG's schedule also allows for 6 weeks of "class certification depositions" to precede the onset of "fact depositions." The rationale for separating "class certification" discovery from "fact" discovery, however, has been substantially undercut by the Second Circuit's recent decision in *In re Initial Public Offering Sec. Litig.*, Case No. 05-3349, 2006 WL 349937 (2d Cir. Dec. 5, 2006). Nor, as more fully explained below, should KPMG's motion for reconsideration cause any further delay in the discovery schedule.

Accordingly, the Court should enter an order consistent with the Plaintiffs' proposed schedule, attached hereto as Exhibit 2, and as Exhibit A to the Report.

1.     **Discovery Should Not Be Stayed Pending Resolution Of KPMG's Motion For Reconsideration.**

Discovery should commence immediately as this Court has already denied KPMG's motion to dismiss, and KPMG has merely rehashed its same arguments that it earlier made in bringing its motion for reconsideration. While the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss," 15 U.S.C. 78u-4(b)(3)(B), because the Court sustained the legal sufficiency of the complaint on August 30, 2006 (Docket No. 209), the statutory stay no longer applies, and this Court should permit discovery to commence on January 5, 2007, as Plaintiffs propose. *See* Report at V.E.5, page 9.

KPMG contends that because it has filed a motion for reconsideration or clarification, in part (Docket No. 211), the PSLRA discovery stay should be maintained for an extended period of time. Yet, KPMG seeks reconsideration on only a very narrow issue, while the remainder of the Court's decision to sustain the legal sufficiency of the amended complaint remains unchallenged. Specifically, KPMG only challenges the Court's decision that it can be liable for public statements by the issuer, Annuity & Life Re (Holdings), Ltd. ("ANR") that purportedly were not attributed to KPMG at the time they were made, arguing that the Court has misapplied *Wright v. Ernst & Young, LLP*, 152 F.3d 169 (2d Cir. 1998). Def. Mot. For Reconsideration at 1, Docket No. 211. Moreover, as Plaintiffs fully explained in their papers opposing KPMG's motion for reconsideration, KPMG's position and legal authority merely parroted those which it earlier cited in bringing its original motion.

Because the legal sufficiency of the amended complaint has already been sustained, and the Court has already decided and rejected KPMG's argument and authorities, the automatic PSLRA discovery stay has been lifted and should not be reimposed. (This is particularly true because even if KPMG's reconsideration motion was granted, the bulk of Plaintiffs' claims

Hon. Ellen Bree Burns
December 22, 2006
Page 3 of 6

against KPMG would continue unimpeded.)  The reasoning in *In re Salomon Analyst Litigation*, 373 F. Supp. 2d 252 (S.D.N.Y. 2005), is persuasive on the question of whether the mere filing of repeated motions to dismiss automatically resurrects the statutory stay.  There, the court denied defendants' motion to dismiss, rejecting *inter alia* arguments that plaintiffs had failed adequately to plead loss causation.  *Id.* at 254.  Defendants, however, sought to extend the automatic statutory discovery stay when they filed a second motion to dismiss.  The new motion was based upon a Second Circuit decision clarifying the Circuit's case law with respect to loss causation. *Id.*  Although Judge Lynch exercised his discretion in *Salomon Analyst* to reimpose the stay of discovery because of the change in precedential case law, he explained that where a complaint had been determined to be legally sufficient, extending the discovery stay was not statutorily required, as the defendants had argued, and would not be appropriate in all cases:

> The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until "after the Court has sustained the legal sufficiency of the complaint." S. Rep. No. 104-98 at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693. In a case where the court already has sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary.

373 F. Supp. 2d at 254-55.  Judge Lynch also rejected the reasoning in the only procedurally similar case, *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997), cited by KPMG (Def. Letter at 2), in continuing the PSLRA discovery stay during the pendency of a motion for reconsideration.  373 F. Supp. 2d at 255, n.1.

This case is precisely the type of situation that Judge Lynch foresaw as inviting the abuse of the PSLRA stay through the filing of successive motions to dismiss.  Here, there is no new precedential case law, or other grounds for the renewed motion that this Court has not already reviewed and rejected, to warrant the exercise of this Court's discretion in reimposing the stay. Notably, KPMG does not even argue that the PSLRA discovery stay should continue until the Court rules on the motion for reconsideration, but only for "a brief period within which a ruling on the pending motion is likely to be rendered ... [because] those few additional weeks will also provide needed time to prepare for full-blown fact discovery in this large and complex action." Def. Letter at 2. Thus, KPMG really merely seeks additional time to develop its case unimpeded by Plaintiffs' efforts to take depositions.[1]  Where, as here, the estimated number of depositions ranges from 24 to 30 witnesses, 5 ½ months is simply an inadequate period to conduct depositions. Accordingly, discovery, for all purposes, should commence on January 5, 2007.

---

[1] KPMG also makes the strained argument that it will be unfairly disadvantaged if depositions of non-parties are not stayed because ANR has already provided Plaintiffs with certain documents.  Plaintiffs have, however, agreed to use their best efforts to produce documents within 60 days of KPMG's first request.

Hon. Ellen Bree Burns
December 22, 2006
Page 4 of 6

2. **Class Certification And Merits Discovery Should Proceed Simultaneously.**

As contemplated by the Second Circuit's recent decision dealing with class certification in *In re Initial Public Offering Securities Litigation ("IPO")*, Case No. 05-3349-cv, 2006 WL 3499937 (2d Cir. Dec. 5, 2006), class certification and merits discovery should proceed simultaneously. KPMG, citing only "routine practice in complex civil actions," has proposed that during the period of March 30, 2007 until May 15, 2007 only "class certification" depositions should be permitted to be taken. *See* V.E.8, page 10. As the Court's decision in *IPO* makes clear, there is no longer a bright line that separates the facts needed to establish the elements to certify a class versus to establish a claim on the merits. *See IPO*, 2006 WL 3499937, at *15. In making such a class certification determination, the court "must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *Id.* Accordingly, the period to conduct "class certification" discovery should run concurrently with that for other factual discovery, and the period for both should commence in January 2007. *See* Report at V.E.8, page 10.

3. **KPMG's Proposed Timeline For Expert Reports, Expert Depositions And Summary Judgment Briefs Is Too Long.**

With its proposed schedule, KPMG seeks to compress the period for developing the facts of this case, while providing a leisurely period for expert discovery and briefing – *i.e.* KPMG proposes a 5 ½ month period for taking up to 30 fact depositions and 10 months for expert discovery (probably 4 to 6 depositions) and for summary judgment briefing. This simply makes no sense.

4. **The Joint Trail Memorandum Should Be Filed July 15, 2008 And The Case Should Be Ready For Trial By August 1, 2008.**

Since the Court may prefer to take KPMG's anticipated motion for summary judgment under advisement until trial, the remainder of the schedule should not be tied to the Court's decision on the motion. The joint trial memorandum should be filed by July 15, 2008, 45 days after the briefing on dispositive motions is completed, and the case should be ready for trial by August 1, 2008, as set forth in Plaintiffs' proposed schedule. *See* Report at V.H. & I., page 11-12. Waiting until 90 days after dispositive motions have been resolved to file the joint trial memorandum and have the case ready for trial, as KPMG proposes, again unnecessarily delays the trial and final resolution of this case.

5. **Each Side Should Be Allowed Fifteen (15) Fact Depositions.**

Plaintiffs have identified no fewer than 13 individual auditors at KPMG Bermuda and KPMG LLP (US), involved in the audit of ANR's financial statements. Plaintiffs also have identified no fewer than 15 former or current ANR employees, who may have had knowledge of ANR's contract with Transamerica Occidental Life Insurance ("Transamerica") and/or KPMG's audit of ANR's financial statements. Many of these witnesses reside outside this district, in

Hon. Ellen Bree Burns
December 22, 2006
Page 5 of 6

Bermuda, and their testimony likely will serve as trial testimony. Additionally, since this case centers on a retrocessional insurance contract between ANR and Transamerica based on Transamerica's reinsurance contract with IL Annuity & Life ("IL Annuity"), representatives from Transamerica and/or IL Annuity may also need to be deposed. Thus, Plaintiffs propose that 15 fact depositions per side is reasonable. *See* Report at V.E.7, page 10.

Respectfully,

SCOTT + SCOTT, LLP

*/s/ Erin Green Comite*
David R. Scott (ct16080)
Erin Green Comite (ct24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
drscott@scott-scott.com
ecomite@scott-scott.com

SCOTT + SCOTT, LLP
Beth A. Kaswan (ct21415)
75 Rockefeller Center
19th Floor
New York, NY  10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041
bkaswan@scott-scott.com

MILBERG WEISS BERSHAD
        & SCHULMAN LLP
Barry A. Weprin (ct06136)
Ann E. Gittleman
One Pennsylvania Plaza
New York, NY  10119
Telephone:    (212) 594-5300
Facsimile:    (212) 868-1229

**Co-Lead Counsel**

Cc:    Counsel of record (via email and overnight mail)
**CERTIFICATE OF SERVICE**

Hon. Ellen Bree Burns
December 22, 2006
Page 6 of 6


     I hereby certify that on December 22, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


                           */s/Erin Green Comite*
                           Erin Green Comite