# EXHIBIT 1

Case 3:02-cv-02133-EBB	Document 228-2	Filed 12/22/2006	Page 1 of 8

# KING & SPALDING LLP

1185 Avenue of the Americas
New York, New York 10036-4003
Fax: 212/556-2222
www.kslaw.com

Michael J. Malone
Direct Dial: 212/556-2186

MMalone@kslaw.com

December 18, 2006

**By UPS**

The Honorable Ellen Bree Burns
United States District Court for the District of
Connecticut
141 Church Street
New Haven, Connecticut 06510

        Re:    Schnall v. Annuity and Life Re (Holdings), Ltd., et al.,
                3:02 CV 2133 (EBB)

Dear Judge Burns:

      We represent the defendant, KPMG Bermuda, in the above-referenced action. Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, we write in support of KPMG Bermuda's proposed schedule for the litigation of this matter, as set forth in the parties' joint Rule 26(f) report (the "Report") and KPMG Bermuda's proposed order (the "Order") (copies enclosed). Although KPMG Bermuda and plaintiffs were able to reach consensus on many of the important dates in the proposed case schedule, several issues are still outstanding.

      KPMG Bermuda seeks the most expeditious discovery and pretrial schedule practicable, consistent with the size, complexity and posture of this case. KPMG Bermuda's motion to dismiss was denied on August 30, 2006, and its motion for reconsideration or clarification, in part, of that decision has only been fully briefed since November 15. Plaintiffs' proposed scheduling order does not reflect the realties of this litigation and would be inequitable to KPMG Bermuda in several material respects. KPMG Bermuda respectfully submits its proposed Order as a more realistic and balanced case management plan. The following are the parties' significant points of disagreement.

      1.    **Fact discovery should commence on January 31, 2007. (See Report at V. E. 5, page 9).**

      Plaintiffs seek to commence fact discovery on January 5, 2007. Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), however, all discovery is stayed pending a decision on KPMG Bermuda's motion for reconsideration or clarification, in part. The PSLRA's stay of discovery during the pendency of any motion to dismiss applies to the

The Honorable Ellen Bree Burns
December 18, 2006
Page 2

pendency of a motion for reconsideration of a decision on a motion to dismiss. See, e.g., Powers v. Eichen, 961 F. Supp. 233 (S.D. Cal. 1997) (under the PSLRA, all discovery is stayed in a case in which a motion to reconsider is pending from a denial of defendant's motion to dismiss).

After the Court issued its August 30, 2006 decision denying KPMG Bermuda's motion to dismiss, KPMG Bermuda filed a motion for reconsideration or clarification, in part, on September 14, 2006, which was fully briefed on November 15, 2006. The Court's decision on that motion will greatly impact the scope of discovery. Under Second Circuit law, KPMG Bermuda's potential liability is limited to statements it made. As the decision is currently worded, however, KPMG Bermuda could potentially be held liable for statements it did not make and which were not attributed to it, including the unaudited portions of Form 10-Ks filed by Annuity and Life Re (Holdings), Ltd. ("ANR"), ANR's Form 10-Qs, press releases by ANR and even statements by third parties.

Rather than stay discovery indefinitely pending a decision on that motion, KPMG Bermuda proposes a brief period within which a ruling on the pending motion is likely to be rendered before the commencement of fact discovery. Regardless of when the motion is decided, those few additional weeks will also provide needed time to prepare for full-blown fact discovery in this large and complex action (see section 3 below).[1]

> 2. **Class certification depositions should commence March 30, 2007, and fact depositions should commence no earlier than May 15, 2007. (See Report at V. E. 8, page 10).**

Consistent with the routine practice in complex civil actions, as well as logic, KPMG Bermuda's proposed Order defers merits depositions until after the date by which the parties' document discovery is expected to be complete. Plaintiffs' proposed order, in contrast, would permit merits depositions to begin in the midst of document discovery. Such an approach is not taken in complex litigation because it could lead to demands for multiple rounds of depositions of the same witnesses when documents are produced subsequent to the first deposition. Even if plaintiffs' intent is to permit only non-party depositions to begin sooner (although their proposed order is not so limited), the result is still impractical and highly unfair to KPMG Bermuda. Plaintiffs would be unfairly advantaged because they already have documents from ANR which KPMG Bermuda does not have. Plaintiffs are entitled to obtain further documents and cooperation from ANR under their settlement agreement with ANR, if they have not received them already. KPMG Bermuda must be allowed sufficient time to obtain and review copies of all such documents and other relevant documents from parties and non-parties, before depositions begin.

---

[1] KPMG Bermuda continues to reserve all its rights under the PSLRA and other applicable law.

3. **Given the complexity of this case and the importance of experts to the technical matters to be proven, KPMG Bermuda's schedule for expert reports and expert depositions is more equitable and realistic.** (See Report at V. E. 11 and 12, page 10-11).

In their 284-paragraph, 120-page amended complaint, plaintiffs make technical allegations regarding the operation of dozens of generally accepted accounting principles ("GAAP") and generally accepted auditing standards ("GAAS") that raise intricate accounting, auditing and actuarial issues. Having experts analyze and evaluate these hundreds of allegations will require significant effort, to say the least. Even at this very early stage of the litigation, it can be anticipated that each side will retain a minimum of three experts, including (1) a C.P.A. to opine on the great many issues regarding the operation of GAAP and GAAS, (2) an actuary to opine on standards that apply to actuaries and the work they perform, and (3) an economist or financial expert to opine on issues of causation and damages, which are very significant and complex in a securities fraud class action.

The parties agree that plaintiffs will designate their experts and serve their expert reports on December 14, 2007 -- immediately before the holidays. That will be the first time plaintiffs provide any more specific exposition of their allegations than appears in the amended complaint. KPMG Bermuda requests that its experts be provided sufficient time to review and analyze these reports and prepare responsive reports.

KPMG Bermuda respectfully submits that the 60 days it proposes is the minimum time this task will reasonably take. In contrast, plaintiffs' proposed window of December 14, 2007 through January 15, 2008 for KPMG Bermuda to serve its responsive reports is unrealistic and unfair. It would place the bulk of the time for KPMG Bermuda's experts to review and respond to plaintiffs' reports right in the heart of the Christmas season, when vacations of experts, parties and counsel are doubtless planned and communicating with and coordinating among several expert witnesses will be extremely difficult.

KPMG Bermuda's proposed schedule for the <u>depositions</u> of experts is also far more equitable and realistic than plaintiffs'. KPMG Bermuda's proposal would allow 45 days for it to depose all of plaintiffs' experts and an additional 30 days to complete the deposition of defendant's experts. Just scheduling this many busy experts in this window is challenging, not to mention the preparation and work required for multiple days of depositions. Plaintiffs' proposal, on the other hand, would permit only 45 days for the completion of <u>all</u> expert depositions. This unnecessarily compressed schedule is simply unrealistic in a case of this size and complexity.

4. **KPMG Bermuda's proposed briefing schedule for dispositive motions is more realistic and equitable. (See Report at V. G., page 11).**

KPMG Bermuda's proposed briefing schedule permits dispositive motions to be served 45 days after the conclusion of all expert depositions. Any opposition would be due in 45 days, and replies within 30 days. The reply on such motions is particularly important, because it presents the movant with its only opportunity to respond to what will no doubt be a large volume of putative fact issues raised in the non-movant's brief.

Plaintiffs' proposed schedule is not only unrealistically short but also unfair, since it provides only 30 days for KPMG Bermuda to serve any motion and 45 days for plaintiffs to respond, with only 15 days for KPMG Bermuda to reply. This schedule leaves KPMG Bermuda very little time to analyze the information gleaned from the expert depositions for its dispositive motions, let alone the time KPMG Bermuda will require to draft those motions. Moreover, the suggested 15-day period to reply would permit KPMG Bermuda far too little time to address the large number of putative issues plaintiffs will doubtless raise in their opposition.

5. **The joint trial memorandum should be filed and the case ready for trial within ninety (90) days of the Court's ruling on the dispositive motions, and absent dispositive motions, July 30, 2008. (See Report at V. H. and V.I., page 11-12).**

The joint trial memorandum that parties in this District are required to file is so extensive that it requires each party to complete its trial preparation and consult with its adversary before filing the memorandum. The parties must prepare and consult on such detailed matters as stipulations of fact and law, their respective contentions, witness lists, exhibit lists, deposition testimony to be offered at trial, their proposed voir dire, requests for jury instructions, proposed findings and conclusions, among many other items. Accordingly, KPMG Bermuda proposes 90 days after the decision on dispositive motions (or 90 days from the close of expert discovery, if no such motions are filed). This schedule may well save the parties substantial expense and allows both sides an appropriate amount of time to prepare for what will surely be a complex and demanding trial. Plaintiffs' proposal that the joint trial memorandum be filed 45 days after the end of briefing of any dispositive motions would force the parties to complete their trial preparation in an exceedingly short time, even as motions for summary judgment are pending.

6. **Fact depositions should be limited to a total of twelve (12) per side. (See Report at V. E. 7, page 10).**

Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure provides that a party shall be limited to ten depositions without obtaining leave of the court. KPMG Bermuda has offered to expand this to twelve depositions per side. At this stage of the case, KPMG Bermuda believes that with the appropriate discipline, both plaintiffs and KPMG Bermuda will have a full and fair discovery process with the expanded allowance of twelve depositions per side.

The Honorable Ellen Bree Burns
December 18, 2006
Page 5

      For all the foregoing reasons, KPMG Bermuda asks that this Court enter KPMG Bermuda's proposed litigation schedule as set forth in the enclosed proposed Order. Of course, KPMG Bermuda stands ready to discuss these issues or any other matters this Court deems appropriate if the Court chooses to schedule a conference.

                                                            Respectfully yours,

                                                            Michael J. Malone

cc:    All Counsel of Record

MJM:ams

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., XL
CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                Defendants.

------------------------------------------------------------x

CIVIL ACTION NO.
3:02 CV 2133 (EBB)

DECEMBER [___], 2006

## [PROPOSED] SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), having considered the Form 26(f) Report of Parties' Planning Meeting ("Form 26(f) Report") submitted by the parties on December 13, 2006, the Court hereby enters the following scheduling order.

**Discovery**

| | |
|---|---|
| December 20, 2006 | Agreed upon or proposed confidentiality order shall be submitted to the Court. |
| January 31, 2007 | Fed. R. Civ. P. 26(a) initial disclosures shall be served. |
| January 31, 2007 | Discovery shall commence. |
| March 30, 2007 | Class certification depositions may commence |
| May 15, 2007 | Fact depositions may commence |
| October 31, 2007 | Non-expert discovery, including non-expert depositions, shall be completed. |

**Trial Readiness**

| | |
|---|---|
| 90 days after decision on dispositive motions or July 30, 2008 (if no dispositive motion is filed) | Case shall be ready for trial. |

As officers of the Court, the parties shall cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action. The parties shall cooperate and attempt to agree to the extent a modification to any deadline is needed. Either party may apply to the Court to modify any deadline as reasonably necessary, with or without the consent of the other party.

DATED:_____    _____
                                                                        U.S.D.J.