# EXHIBIT A



December 22, 2006

<u>**VIA OVERNIGHT MAIL**</u>

Hon. Ellen Bree Burns
U.S. District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

    Re:    **Schnall v. Annuity and Life Re (Holdings) Ltd., et al.**
             **02cv2133 (EBB)**

Dear Judge Burns:

    I write on behalf of the Plaintiffs to respond to Defendant KPMG Bermuda's letter to you dated December 18, 2006, attached hereto as Exhibit 1, regarding the proposed schedule for the litigation of this matter, as set forth in the Form 26(f) Report Of Parties' Planning Meeting ("Report"), filed with the Court December 15, 2006 (Docket No. 222). In Plaintiffs' view, KPMG's proposed schedule is lopsided, in that it provides for a minimal period of time to factually develop this complex securities fraud case through a significant number of needed depositions – *e.g.* Plaintiffs have proposed 15 depositions per side, and KPMG has proposed 12 depositions per side – while at the same time providing an unduly protracted period for expert discovery and for KPMG's briefing of its anticipated summary judgment motion. By their competing proposed orders, the parties have requested the following schedule:

| **Plaintiffs** | **KPMG** |
|---|---|
| • 10 months for all fact discovery (January through October 2007) | • 5 ½ months for fact depositions (May 15 through October 2007) |
| • 4 months for expert reports and depositions (November 2007 through February 2008) | • 6 months for expert reports and depositions (November 2007 through April 2008) |
| • 3 months for dispositive motions (March through May 2008) | • 4 months for dispositive motions (May through August 2008) |

ATTORNEYS AT LAW    CONNECTICUT    SCOTT + SCOTT, LLC    860 537-5537 VOICE
    OHIO    P.O. BOX 192    860 537-4432 FAX
    CALIFORNIA    108 NORWICH AVENUE    SCOTTLAW@SCOTT-SCOTT.COM
    COLCHESTER, CT 06415    WWW.SCOTT-SCOTT.COM



Hon. Ellen Bree Burns
December 22, 2006
Page 2 of 6

Thus, while Plaintiffs have allowed more time for fact discovery, anticipating the usual need to accommodate the schedules of large numbers of witnesses who reside in both Bermuda and the United States, and to resolve discovery disputes, KPMG has provided less than 6 months for this stage of the case, and almost twice as much time for expert discovery and summary judgment briefing.

KPMG's schedule also allows for 6 weeks of "class certification depositions" to precede the onset of "fact depositions." The rationale for separating "class certification" discovery from "fact" discovery, however, has been substantially undercut by the Second Circuit's recent decision in *In re Initial Public Offering Sec. Litig.*, Case No. 05-3349, 2006 WL 349937 (2d Cir. Dec. 5, 2006). Nor, as more fully explained below, should KPMG's motion for reconsideration cause any further delay in the discovery schedule.

Accordingly, the Court should enter an order consistent with the Plaintiffs' proposed schedule, attached hereto as Exhibit 2, and as Exhibit A to the Report.

1.     **Discovery Should Not Be Stayed Pending Resolution Of KPMG's Motion For Reconsideration.**

Discovery should commence immediately as this Court has already denied KPMG's motion to dismiss, and KPMG has merely rehashed its same arguments that it earlier made in bringing its motion for reconsideration. While the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss," 15 U.S.C. 78u-4(b)(3)(B), because the Court sustained the legal sufficiency of the complaint on August 30, 2006 (Docket No. 209), the statutory stay no longer applies, and this Court should permit discovery to commence on January 5, 2007, as Plaintiffs propose. *See* Report at V.E.5, page 9.

KPMG contends that because it has filed a motion for reconsideration or clarification, in part (Docket No. 211), the PSLRA discovery stay should be maintained for an extended period of time. Yet, KPMG seeks reconsideration on only a very narrow issue, while the remainder of the Court's decision to sustain the legal sufficiency of the amended complaint remains unchallenged. Specifically, KPMG only challenges the Court's decision that it can be liable for public statements by the issuer, Annuity & Life Re (Holdings), Ltd. ("ANR") that purportedly were not attributed to KPMG at the time they were made, arguing that the Court has misapplied *Wright v. Ernst & Young, LLP*, 152 F.3d 169 (2d Cir. 1998). Def. Mot. For Reconsideration at 1, Docket No. 211. Moreover, as Plaintiffs fully explained in their papers opposing KPMG's motion for reconsideration, KPMG's position and legal authority merely parroted those which it earlier cited in bringing its original motion.

Because the legal sufficiency of the amended complaint has already been sustained, and the Court has already decided and rejected KPMG's argument and authorities, the automatic PSLRA discovery stay has been lifted and should not be reimposed. (This is particularly true because even if KPMG's reconsideration motion was granted, the bulk of Plaintiffs' claims

Hon. Ellen Bree Burns
December 22, 2006
Page 3 of 6

against KPMG would continue unimpeded.)  The reasoning in *In re Salomon Analyst Litigation*, 373 F. Supp. 2d 252 (S.D.N.Y. 2005), is persuasive on the question of whether the mere filing of repeated motions to dismiss automatically resurrects the statutory stay.  There, the court denied defendants' motion to dismiss, rejecting *inter alia* arguments that plaintiffs had failed adequately to plead loss causation.  *Id.* at 254.  Defendants, however, sought to extend the automatic statutory discovery stay when they filed a second motion to dismiss.  The new motion was based upon a Second Circuit decision clarifying the Circuit's case law with respect to loss causation. *Id.*  Although Judge Lynch exercised his discretion in *Salomon Analyst* to reimpose the stay of discovery because of the change in precedential case law, he explained that where a complaint had been determined to be legally sufficient, extending the discovery stay was not statutorily required, as the defendants had argued, and would not be appropriate in all cases:

> The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until "after the Court has sustained the legal sufficiency of the complaint." S. Rep. No. 104-98 at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693. In a case where the court already has sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary.

373 F. Supp. 2d at 254-55.  Judge Lynch also rejected the reasoning in the only procedurally similar case, *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997), cited by KPMG (Def. Letter at 2), in continuing the PSLRA discovery stay during the pendency of a motion for reconsideration.  373 F. Supp. 2d at 255, n.1.

This case is precisely the type of situation that Judge Lynch foresaw as inviting the abuse of the PSLRA stay through the filing of successive motions to dismiss.  Here, there is no new precedential case law, or other grounds for the renewed motion that this Court has not already reviewed and rejected, to warrant the exercise of this Court's discretion in reimposing the stay. Notably, KPMG does not even argue that the PSLRA discovery stay should continue until the Court rules on the motion for reconsideration, but only for "a brief period within which a ruling on the pending motion is likely to be rendered … [because] those few additional weeks will also provide needed time to prepare for full-blown fact discovery in this large and complex action." Def. Letter at 2. Thus, KPMG really merely seeks additional time to develop its case unimpeded by Plaintiffs' efforts to take depositions.[1]  Where, as here, the estimated number of depositions ranges from 24 to 30 witnesses, 5 ½ months is simply an inadequate period to conduct depositions.  Accordingly, discovery, for all purposes, should commence on January 5, 2007.

---

[1] KPMG also makes the strained argument that it will be unfairly disadvantaged if depositions of non-parties are not stayed because ANR has already provided Plaintiffs with certain documents. Plaintiffs have, however, agreed to use their best efforts to produce documents within 60 days of KPMG's first request.

Hon. Ellen Bree Burns
December 22, 2006
Page 4 of 6

### 2. Class Certification And Merits Discovery Should Proceed Simultaneously.

As contemplated by the Second Circuit's recent decision dealing with class certification in *In re Initial Public Offering Securities Litigation ("IPO")*, Case No. 05-3349-cv, 2006 WL 3499937 (2d Cir. Dec. 5, 2006), class certification and merits discovery should proceed simultaneously. KPMG, citing only "routine practice in complex civil actions," has proposed that during the period of March 30, 2007 until May 15, 2007 only "class certification" depositions should be permitted to be taken. *See* V.E.8, page 10. As the Court's decision in *IPO* makes clear, there is no longer a bright line that separates the facts needed to establish the elements to certify a class versus to establish a claim on the merits. *See IPO*, 2006 WL 3499937, at *15. In making such a class certification determination, the court "must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *Id.* Accordingly, the period to conduct "class certification" discovery should run concurrently with that for other factual discovery, and the period for both should commence in January 2007. *See* Report at V.E.8, page 10.

### 3. KPMG's Proposed Timeline For Expert Reports, Expert Depositions And Summary Judgment Briefs Is Too Long.

With its proposed schedule, KPMG seeks to compress the period for developing the facts of this case, while providing a leisurely period for expert discovery and briefing – *i.e.* KPMG proposes a 5 ½ month period for taking up to 30 fact depositions and 10 months for expert discovery (probably 4 to 6 depositions) and for summary judgment briefing. This simply makes no sense.

### 4. The Joint Trail Memorandum Should Be Filed July 15, 2008 And The Case Should Be Ready For Trial By August 1, 2008.

Since the Court may prefer to take KPMG's anticipated motion for summary judgment under advisement until trial, the remainder of the schedule should not be tied to the Court's decision on the motion. The joint trial memorandum should be filed by July 15, 2008, 45 days after the briefing on dispositive motions is completed, and the case should be ready for trial by August 1, 2008, as set forth in Plaintiffs' proposed schedule. *See* Report at V.H. & I., page 11-12. Waiting until 90 days after dispositive motions have been resolved to file the joint trial memorandum and have the case ready for trial, as KPMG proposes, again unnecessarily delays the trial and final resolution of this case.

### 5. Each Side Should Be Allowed Fifteen (15) Fact Depositions.

Plaintiffs have identified no fewer than 13 individual auditors at KPMG Bermuda and KPMG LLP (US), involved in the audit of ANR's financial statements. Plaintiffs also have identified no fewer than 15 former or current ANR employees, who may have had knowledge of ANR's contract with Transamerica Occidental Life Insurance ("Transamerica") and/or KPMG's audit of ANR's financial statements. Many of these witnesses reside outside this district, in

Hon. Ellen Bree Burns
December 22, 2006
Page 5 of 6

Bermuda, and their testimony likely will serve as trial testimony. Additionally, since this case centers on a retrocessional insurance contract between ANR and Transamerica based on Transamerica's reinsurance contract with IL Annuity & Life ("IL Annuity"), representatives from Transamerica and/or IL Annuity may also need to be deposed. Thus, Plaintiffs propose that 15 fact depositions per side is reasonable. *See* Report at V.E.7, page 10.

Respectfully,

SCOTT + SCOTT, LLP

*/s/ Erin Green Comite*
David R. Scott (ct16080)
Erin Green Comite (ct24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
drscott@scott-scott.com
ecomite@scott-scott.com

SCOTT + SCOTT, LLP
Beth A. Kaswan (ct21415)
75 Rockefeller Center
19th Floor
New York, NY  10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041
bkaswan@scott-scott.com

MILBERG WEISS BERSHAD
& SCHULMAN LLP
Barry A. Weprin (ct06136)
Ann E. Gittleman
One Pennsylvania Plaza
New York, NY  10119
Telephone:    (212) 594-5300
Facsimile:    (212) 868-1229

**Co-Lead Counsel**

Cc:    Counsel of record (via email and overnight mail)
**CERTIFICATE OF SERVICE**

Hon. Ellen Bree Burns
December 22, 2006
Page 6 of 6


I hereby certify that on December 22, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


                                    ___/s/Erin Green Comite_____
                                    Erin Green Comite

# EXHIBIT 1

# KING & SPALDING LLP

1185 Avenue of the Americas
New York, New York 10036-4003
Fax: 212/556-2222
www.kslaw.com

Michael J. Malone
Direct Dial: 212/556-2186

MMalone@kslaw.com

December 18, 2006

**By UPS**

The Honorable Ellen Bree Burns
United States District Court for the District of
Connecticut
141 Church Street
New Haven, Connecticut 06510

> Re:  **Schnall v. Annuity and Life Re (Holdings), Ltd., et al.,
> 3:02 CV 2133 (EBB)**

Dear Judge Burns:

We represent the defendant, KPMG Bermuda, in the above-referenced action. Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, we write in support of KPMG Bermuda's proposed schedule for the litigation of this matter, as set forth in the parties' joint Rule 26(f) report (the "Report") and KPMG Bermuda's proposed order (the "Order") (copies enclosed). Although KPMG Bermuda and plaintiffs were able to reach consensus on many of the important dates in the proposed case schedule, several issues are still outstanding.

KPMG Bermuda seeks the most expeditious discovery and pretrial schedule practicable, consistent with the size, complexity and posture of this case. KPMG Bermuda's motion to dismiss was denied on August 30, 2006, and its motion for reconsideration or clarification, in part, of that decision has only been fully briefed since November 15. Plaintiffs' proposed scheduling order does not reflect the realties of this litigation and would be inequitable to KPMG Bermuda in several material respects. KPMG Bermuda respectfully submits its proposed Order as a more realistic and balanced case management plan. The following are the parties' significant points of disagreement.

1.   **Fact discovery should commence on January 31, 2007. (See Report at V. E. 5, page 9).**

Plaintiffs seek to commence fact discovery on January 5, 2007. Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), however, all discovery is stayed pending a decision on KPMG Bermuda's motion for reconsideration or clarification, in part. The PSLRA's stay of discovery during the pendency of any motion to dismiss applies to the

The Honorable Ellen Bree Burns
December 18, 2006
Page 2

pendency of a motion for reconsideration of a decision on a motion to dismiss. <u>See, e.g.</u>, <u>Powers v. Eichen</u>, 961 F. Supp. 233 (S.D. Cal. 1997) (under the PSLRA, all discovery is stayed in a case in which a motion to reconsider is pending from a denial of defendant's motion to dismiss).

After the Court issued its August 30, 2006 decision denying KPMG Bermuda's motion to dismiss, KPMG Bermuda filed a motion for reconsideration or clarification, in part, on September 14, 2006, which was fully briefed on November 15, 2006. The Court's decision on that motion will greatly impact the scope of discovery. Under Second Circuit law, KPMG Bermuda's potential liability is limited to statements it made. As the decision is currently worded, however, KPMG Bermuda could potentially be held liable for statements it did not make and which were not attributed to it, including the unaudited portions of Form 10-Ks filed by Annuity and Life Re (Holdings), Ltd. ("ANR"), ANR's Form 10-Qs, press releases by ANR and even statements by third parties.

Rather than stay discovery indefinitely pending a decision on that motion, KPMG Bermuda proposes a brief period within which a ruling on the pending motion is likely to be rendered before the commencement of fact discovery. Regardless of when the motion is decided, those few additional weeks will also provide needed time to prepare for full-blown fact discovery in this large and complex action (<u>see</u> section 3 below).[1]

> 2.    **Class certification depositions should commence March 30, 2007, and fact depositions should commence no earlier than May 15, 2007. (<u>See</u> Report at V. E. 8, page 10).**

Consistent with the routine practice in complex civil actions, as well as logic, KPMG Bermuda's proposed Order defers merits depositions until after the date by which the parties' document discovery is expected to be complete. Plaintiffs' proposed order, in contrast, would permit merits depositions to begin in the midst of document discovery. Such an approach is not taken in complex litigation because it could lead to demands for multiple rounds of depositions of the same witnesses when documents are produced subsequent to the first deposition. Even if plaintiffs' intent is to permit only <u>non</u>-party depositions to begin sooner (although their proposed order is not so limited), the result is still impractical and highly unfair to KPMG Bermuda. Plaintiffs would be unfairly advantaged because they already have documents from ANR which KPMG Bermuda does not have. Plaintiffs are entitled to obtain further documents and cooperation from ANR under their settlement agreement with ANR, if they have not received them already. KPMG Bermuda must be allowed sufficient time to obtain and review copies of all such documents and other relevant documents from parties and non-parties, before depositions begin.

---

[1] KPMG Bermuda continues to reserve all its rights under the PSLRA and other applicable law.

The Honorable Ellen Bree Burns
December 18, 2006
Page 3

3.    **Given the complexity of this case and the importance of experts to the technical matters to be proven, KPMG Bermuda's schedule for expert reports and expert depositions is more equitable and realistic. (See Report at V. E. 11 and 12, page 10-11).**

In their 284-paragraph, 120-page amended complaint, plaintiffs make technical allegations regarding the operation of dozens of generally accepted accounting principles ("GAAP") and generally accepted auditing standards ("GAAS") that raise intricate accounting, auditing and actuarial issues. Having experts analyze and evaluate these hundreds of allegations will require significant effort, to say the least. Even at this very early stage of the litigation, it can be anticipated that each side will retain a minimum of three experts, including (1) a C.P.A. to opine on the great many issues regarding the operation of GAAP and GAAS, (2) an actuary to opine on standards that apply to actuaries and the work they perform, and (3) an economist or financial expert to opine on issues of causation and damages, which are very significant and complex in a securities fraud class action.

The parties agree that plaintiffs will designate their experts and serve their expert reports on December 14, 2007 -- immediately before the holidays. That will be the first time plaintiffs provide any more specific exposition of their allegations than appears in the amended complaint. KPMG Bermuda requests that its experts be provided sufficient time to review and analyze these reports and prepare responsive reports.

KPMG Bermuda respectfully submits that the 60 days it proposes is the minimum time this task will reasonably take. In contrast, plaintiffs' proposed window of December 14, 2007 through January 15, 2008 for KPMG Bermuda to serve its responsive reports is unrealistic and unfair. It would place the bulk of the time for KPMG Bermuda's experts to review and respond to plaintiffs' reports right in the heart of the Christmas season, when vacations of experts, parties and counsel are doubtless planned and communicating with and coordinating among several expert witnesses will be extremely difficult.

KPMG Bermuda's proposed schedule for the depositions of experts is also far more equitable and realistic than plaintiffs'. KPMG Bermuda's proposal would allow 45 days for it to depose all of plaintiffs' experts and an additional 30 days to complete the deposition of defendant's experts. Just scheduling this many busy experts in this window is challenging, not to mention the preparation and work required for multiple days of depositions. Plaintiffs' proposal, on the other hand, would permit only 45 days for the completion of all expert depositions. This unnecessarily compressed schedule is simply unrealistic in a case of this size and complexity.

The Honorable Ellen Bree Burns
December 18, 2006
Page 4

    **4.**    **KPMG Bermuda's proposed briefing schedule for dispositive motions is more realistic and equitable. (See Report at V. G., page 11).**

       KPMG Bermuda's proposed briefing schedule permits dispositive motions to be served 45 days after the conclusion of all expert depositions. Any opposition would be due in 45 days, and replies within 30 days. The reply on such motions is particularly important, because it presents the movant with its only opportunity to respond to what will no doubt be a large volume of putative fact issues raised in the non-movant's brief.

       Plaintiffs' proposed schedule is not only unrealistically short but also unfair, since it provides only 30 days for KPMG Bermuda to serve any motion and 45 days for plaintiffs to respond, with only 15 days for KPMG Bermuda to reply. This schedule leaves KPMG Bermuda very little time to analyze the information gleaned from the expert depositions for its dispositive motions, let alone the time KPMG Bermuda will require to draft those motions. Moreover, the suggested 15-day period to reply would permit KPMG Bermuda far too little time to address the large number of putative issues plaintiffs will doubtless raise in their opposition.

    **5.**    **The joint trial memorandum should be filed and the case ready for trial within ninety (90) days of the Court's ruling on the dispositive motions, and absent dispositive motions, July 30, 2008. (See Report at V. H. and V.I., page 11-12).**

       The joint trial memorandum that parties in this District are required to file is so extensive that it requires each party to complete its trial preparation and consult with its adversary before filing the memorandum. The parties must prepare and consult on such detailed matters as stipulations of fact and law, their respective contentions, witness lists, exhibit lists, deposition testimony to be offered at trial, their proposed voir dire, requests for jury instructions, proposed findings and conclusions, among many other items. Accordingly, KPMG Bermuda proposes 90 days after the decision on dispositive motions (or 90 days from the close of expert discovery, if no such motions are filed). This schedule may well save the parties substantial expense and allows both sides an appropriate amount of time to prepare for what will surely be a complex and demanding trial. Plaintiffs' proposal that the joint trial memorandum be filed 45 days after the end of briefing of any dispositive motions would force the parties to complete their trial preparation in an exceedingly short time, even as motions for summary judgment are pending.

    **6.**    **Fact depositions should be limited to a total of twelve (12) per side. (See Report at V. E. 7, page 10).**

       Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure provides that a party shall be limited to ten depositions without obtaining leave of the court. KPMG Bermuda has offered to expand this to twelve depositions per side. At this stage of the case, KPMG Bermuda believes that with the appropriate discipline, both plaintiffs and KPMG Bermuda will have a full and fair discovery process with the expanded allowance of twelve depositions per side.

The Honorable Ellen Bree Burns
December 18, 2006
Page 5

     For all the foregoing reasons, KPMG Bermuda asks that this Court enter KPMG Bermuda's proposed litigation schedule as set forth in the enclosed proposed Order. Of course, KPMG Bermuda stands ready to discuss these issues or any other matters this Court deems appropriate if the Court chooses to schedule a conference.

Respectfully yours,

Michael J. Malone

cc:    All Counsel of Record

MJM:ams

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                          Plaintiffs,                    CIVIL ACTION NO.
                                                         3:02 CV 2133 (EBB)

        -against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., XL
CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,                                DECEMBER [___], 2006

                          Defendants.

------------------------------------------------------x

## [PROPOSED] SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), having considered the Form 26(f) Report of Parties'

Planning Meeting ("Form 26(f) Report") submitted by the parties on December 13, 2006, the

Court hereby enters the following scheduling order.

**Discovery**

| | |
|---|---|
| December 20, 2006 | Agreed upon or proposed confidentiality order shall be submitted to the Court. |
| January 31, 2007 | Fed. R. Civ. P. 26(a) initial disclosures shall be served. |
| January 31, 2007 | Discovery shall commence. |
| March 30, 2007 | Class certification depositions may commence |
| May 15, 2007 | Fact depositions may commence |
| October 31, 2007 | Non-expert discovery, including non-expert depositions, shall be completed. |

**Trial Readiness**

90 days after decision on          Case shall be ready for trial.
dispositive motions or
July 30, 2008 (if no
dispositive motion is filed)


     As officers of the Court, the parties shall cooperate with each other and the Court to

promote the just, speedy and inexpensive determination of this action.  The parties shall

cooperate and attempt to agree to the extent a modification to any deadline is needed.   Either

party may apply to the Court to modify any deadline as reasonably necessary, with or without the

consent of the other party.


DATED:_____          _____
                                    U.S.D.J.

3

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

Plaintiffs,

CIVIL ACTION NO.
3:02 CV 2133 (EBB)

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., XL
CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

DECEMBER 15, 2006

Defendants.

-------------------------------------------------------x

### [PROPOSED] SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), having considered the Form 26(f) Report of Parties'

Planning Meeting ("Form 26(f) Report") submitted by the parties on December 15, 2006, the

Court hereby enters the following scheduling order:

**Joinder/Amendment**

| | |
|---|---|
| July 31, 2007 | Motions to join additional parties or amend the pleadings shall be served. |

**Discovery**

| | |
|---|---|
| December 20, 2006 | Agreed upon or proposed confidentiality order shall be submitted to the Court. |
| January 5, 2007 | Fed. R. Civ. P. 26(a) initial disclosures shall be served. |
| January 5, 2007 | Discovery shall commence. |
| October 31, 2007 | Non-expert discovery, including non-expert depositions, |

shall be completed.

December 14, 2007     A damages analysis shall be provided by any party who has a claim or counterclaim for damages.

December 14, 2007     Plaintiffs shall designate trial experts and serve Defendants with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2).

January 15, 2008     Defendants shall designate trial experts and serve Plaintiffs with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2).

March 1, 2008     Deposition of experts shall be concluded.

**Class Certification**

January 31, 2007     Plaintiffs shall serve their motion for class certification.

May 30, 2007     Defendant shall serve its opposition, if any, to motion for class certification.

July 31, 2007     Plaintiffs shall serve their reply in support of motion for class certification, if any.

**Dispositive Motions**

April 1, 2008     Dispositive motions, if any, shall be served.

May 15, 2008     Any opposition to dispositive motions shall be served.

June 1, 2008     Any reply to opposition to dispositive motions shall be served.

**Joint Trial Memorandum**

July 15, 2008     Joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases shall be served.

**Trial Readiness**

August 1, 2008     Case shall be ready for trial.

Any additional matters upon which the parties agreed as set forth in the Form 26(f) Report shall be incorporated by reference herein and shall be subject to the full force and effect of this order.

DATED:_____          _____
                                    U.S.D.J.