UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD.,
XL CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                Defendants.

CIVIL ACTION NO.
3:02 CV 2133 (EBB)

February 5, 2007

------------------------------------------------------------------------x

## DEFENDANT KPMG BERMUDA'S MOTION
## FOR LEAVE TO FILE NOTICE OF RECENT
## <u>DISPOSITIVE SECOND CIRCUIT AUTHORITY</u>

The defendant, KPMG (Bermuda) ("KPMG Bermuda"), hereby respectfully submits this Motion for Leave to File Notice of Recent Dispositive Second Circuit Authority in the above-captioned matter.  The purpose of this supplemental pleading is to bring to the attention of the Court the recent decision of the United States Court of Appeals for the Second Circuit in the matter of <u>Lattanzio v. Deloitte & Touche LLP</u>, No. 05-5805-CV, 2007 WL 259877 (2d Cir. Jan. 31, 2007) (copy annexed hereto as Exhibit A), which is dispositive of the issues currently before this Court on KPMG's Bermuda's pending Motion for Reconsideration or Clarification, in Part (the "Motion").[1]

---

[1]  The decision was authored by Chief Judge Jacobs.  Also on the panel were Judge Walker and Supreme Court Justice Sandra Day O'Connor (retired), sitting by designation.

I.  **BACKGROUND**

The main issue in KPMG Bermuda's pending Motion is whether KPMG Bermuda, as auditor for Annuity & Life Re (Holdings), Ltd. ("ANR"), may be held liable under section 10(b) of the Securities Exchange Act of 1934 for alleged misstatements made by the issuer, its officers and directors, analysts and other third parties that were not attributed to KPMG Bermuda at the time they were made.  As KPMG Bermuda argued in its Motion, under the Supreme Court's decision in Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164 (1994), and the Second Circuit's decision in Wright v. Ernst & Young LLP, 152 F.3d 169 (2d Cir. 1998), an auditor may not be held liable for statements that were not attributed to it at the time those statements were made.  The recent holding by the Second Circuit in Lattanzio confirms this conclusion.[2]

II.  **DISCUSSION OF RECENT DISPOSITIVE SECOND CIRCUIT AUTHORITY**

**Plaintiffs argue, and the Court's ruling denying KPMG Bermuda's Motion to Dismiss seems to suggest, that KPMG Bermuda should be held liable for any public statements made by ANR, including unaudited portions of ANR's Form 10-Ks, ANR's Form 10-Qs, statements by ANR's management on conference calls or in press releases, as well as statements by third-party analysts, none of which were made by or publicly attributed to KPMG Bermuda.  The Second Circuit has now reaffirmed, in no uncertain terms, that KPMG Bermuda cannot be held liable for such statements because to state a section 10(b) claim**

---

[2]  Lattanzio merely confirms and reiterates the holdings of Central Bank and Wright that an auditor may not be held liable for statements not attributed to the auditor at the time of dissemination.  Although Lattanzio breaks no new legal ground, even if Lattanzio is considered a novel pronouncement by the Second Circuit, the Motion should be granted.  See, e.g., Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (reconsideration justified when there is "an intervening change of controlling law").

against an issuer's accountant, a plaintiff "must allege a misstatement that is attributed to the accountant 'at the time of its dissemination,' and cannot rely on the accountant's alleged assistance in the drafting or compilation of a filing." Lattanzio, 2007 WL 259877 at *4 (quoting Wright, 152 F.3d at 174 (2d Cir. 1998)).

The Second Circuit in Lattanzio rejects precisely the arguments plaintiffs made in the instant case as part of their effort to avoid the clear holding of Wright. Plaintiffs argued in their Opposition to the Motion to Dismiss filed by KPMG Bermuda that because of an auditor's obligation to review its client's Form 10-Qs under 17 CFR § 210.10-01(d), the public understood the auditor to be making an implied assertion of accuracy. The Second Circuit has now held:

> Public understanding that an accountant is at work behind the scenes does not create an exception to the requirement that an actionable misstatement be made by the accountant . . . . Unless the public's understanding is based on the accountant's articulated statement, the source for that understanding -- whether it be a regulation, an accounting practice, or something else -- does not matter.

Id. at *6 (citing Central Bank, 511 U.S. at 177). The Second Circuit held this to be consistent with the prior law of this Circuit and the Supreme Court: "Wright declined to impose accountant liability under § 10(b) notwithstanding public awareness of an accountant's review of its client's statements." Id. Under Central Bank, an auditor "is not liable for merely assisting in the drafting and filing of the quarterly statements." Id. at *5. Accordingly, the Second Circuit expressly rejected plaintiffs' argument that § 210.10 imposed a duty on KPMG Bermuda to correct unaudited interim financial statements. Id. at *6.

The controlling decision of Lattanzio, which confirms the arguments KPMG Bermuda made under Central Bank and Wright in its Motion for Reconsideration or

3

**Clarification, in part, is dispositive. KPMG Bermuda's motion for partial reconsideration or clarification should be granted.**

                              **DEFENDANT**
                              **KPMG BERMUDA**

By:    /s/ Morgan P. Rueckert
        Frederick S. Gold
        Fed. Bar. No.: ct 03560
        Morgan P. Rueckert
        Fed. Bar. No.: ct 19838
        SHIPMAN & GOODWIN LLP
        300 Atlantic Street
        Stamford, Connecticut 06901
        Tel. (203) 324-8100
        Fax. (203) 324-8199
        mrueckert@goodwin.com

        Michael J. Malone
        Paul A. Straus
        Mordecai Geisler
        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, New York 10036
        Tel. (212) 556-2100
        Fax. (212) 556-2222

        **Attorneys for KPMG BERMUDA**

**Certificate of Service**

        I hereby certify that on February 5, 2007, a copy of the foregoing Motion for Leave to File Notice of Recent Dispositive Second Circuit Authority was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Pursuant to the Court's Electronic Filing Order, a paper copy will be delivered to Chambers.

/s/ Morgan P. Rueckert
Morgan P. Rueckert
Fed. Bar No. ct19838
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06109
Tel: (203) 324-8100
Fax: (203) 324-8199