# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SHERRY SCHNALL, individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIIAM W. ATKIN, BRIAN O'HARA, and MICHAEL P. ESPOSITO, JR.,<br><br>    Defendants. | Civil Action No. 02-CV-2133 |

## PLAINTIFFS' RESPONSE TO KPMG BERMUDA'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

**SCOTT + SCOTT LLP**
David R. Scott (Juris No. 16080)
Beth A. Kaswan (Juris No. 21415)
Erin Green Comite (Juris No. 24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone  (860) 537-5537
Facsimile   (860) 537-4432

**MILBERG WEISS & BERSHAD LLP**
Barry A. Weprin (Juris No. 06136)
Ann E. Gittleman
One Pennsylvania Plaza
New York, New York 10119
Telephone  (212) 594-5300
Facsimile:  (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

**INTRODUCTION**

Defendant KPMG Bermuda has filed a motion for leave to file supplemental authority, *Lattanzio v. Deloitte & Touche, LLP*, No. 05-5805-cv, 2007 WL 259877 (2d Cir. Jan. 31, 2007), arguing that this recent Second Circuit decision is "dispositive" of its pending motion to "reconsider" or "clarify in part" this Court's ruling dated August 30, 2006 (the "Ruling").  By the Ruling, this Court denied KPMG Bermuda's motion to dismiss the First Amended Class Action Complaint (the "Complaint").

While plaintiffs do not object to the filing of this new legal authority (indeed plaintiffs join in that request), KPMG Bermuda's contention that this case supports its position, much less that it is "dispositive" in its favor, is misplaced.  *Lattanzio* did not change the standard for imposing liability on independent auditors as described in *Wright v. Ernst & Young, LLP*, 152 F.3d 169 (2nd Cir. 1998), and this Court's Ruling is wholly consistent with both Second Circuit cases.

**ARGUMENT**

In *Lattanzio,* the Second Circuit explained that because the complaint had alleged that the issuer's 2000 Form 10-K included the auditor's audit opinion, plaintiffs had sufficiently alleged that the issuer's misstatements in the Form 10-K, including the false financial information that was audited, were deemed to be the auditor's own statements for purposes of imposing liability under §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78j(b):

> It is alleged that the 2000 10-K was audited by Deloitte, that it contained Deloitte's audit opinion, that it contained false financial information, and that it was filed within the Class Period (on April 17, 2001).  Accordingly, plaintiffs have sufficiently alleged that the misstatements in the 2000 10-K *were Deloitte's statements under §10(b)*.

*Lattanzio* at 5-6 (emphasis added.)

KPMG Bermuda took precisely the opposite position in its motion for reconsideration or clarification ("KPMG Mot.") -- KPMG Bermuda there argued that this

1

Court's Ruling was erroneous because the issuance of the audit opinion *did not* make KPMG Bermuda responsible for "related misstatements" by the issuer, Annuity and Life Re (holdings), Ltd. ("ANR"). *See* KPMG Mot. at 3.

That *Lattanzio* goes on to uphold the district court's dismissal of the complaint on the grounds that loss causation was lacking (or in the case of the 1999 audit opinion, that the 1999 Form 10-K preceded the class period) has nothing to do with KPMG Bermuda's pending motion to reconsider or clarify this Court's Ruling. Nor did the Ruling which KPMG Bermuda challenges even address the other issues disposed of in *Lattanzio -- i.e.*, that an auditor could not be held liable under the Exchange Act for its failure to correct an erroneous audit opinion if the auditor first discovered the truth *before* the class period began (*Lattanzio* at 4) and that the regulation requiring auditors to review quarterly SEC reports, 17 C.F.R. §§210.10-01(d), did not cause the quarterly reports to become actionable statements of the auditor. *Id.*

## CONCLUSION

Thus, for the reasons stated in plaintiffs' memorandum of law opposing KPMG Bermuda's motion to reconsider or clarify this Court's Ruling, and as provided in *Lattanzio*, the Ruling sustaining the Complaint in this case is both correct and clear and KPMG Bermuda's continued efforts to alter it should be rejected.

Dated: February 14, 2007                    Respectfully submitted,
                                            **SCOTT + SCOTT LLP**

                                              /s/ David R. Scott
                                            _____

                                            David R. Scott (Juris No. 16080)
                                            Beth A. Kaswan (Juris No. 21415)
                                            Erin Green Comite (Juris No. 24886)
                                            108 Norwich Avenue
                                            P.O. Box 192
                                            Colchester, CT 06415
                                            Telephone  (860) 537-5537
                                            Facsimile   (860) 537-4432

2

3

        MILBERG WEISS & BERSHAD LLP
        Barry A. Weprin (Juris No. 06136)
        Ann E. Gittleman
        One Pennsylvania Plaza
        New York, New York 10119
        Telephone  (212) 594-5300
        Facsimile:  (212) 868-1229

        *Co-Lead Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2007, that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to the attorneys of record registered to receive ECF notices in this action.

/s/ David R. Scott
_____

DAVID R. SCOTT