UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                              Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD.,
XL CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                              Defendants.

CIVIL ACTION NO.
3:02 CV 2133 (EBB)

February 27, 2007

------------------------------------------------------------x

**DEFENDANT KPMG BERMUDA'S REPLY
IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE
TO FILE NOTICE OF RECENT DISPOSITIVE SECOND CIRCUIT AUTHORITY**

The defendant, KPMG (Bermuda) ("KPMG Bermuda"), hereby respectfully submits this reply in further support of its Motion for Leave to File Notice of Recent Dispositive Second Circuit Authority (the "Motion") in the above-captioned matter.

In their response to the Motion, plaintiffs essentially concede, as they must, that in light of Lattanzio v. Deloitte & Touche LLP, No. 05-5805-CV, 2007 WL 259877 (2d Cir. Jan. 31, 2007), no liability attaches to an auditor for alleged misstatements in Form 10-Qs, statements by the issuer's management on conference calls or in press releases, or statements by third-party analysts, not made by or publicly attributed to the auditor. Plaintiffs' much narrower argument is that Lattanzio supports holding KPMG Bermuda liable not only for its own audit opinions concerning the audited financials contained in Form 10-Ks, but also for the unaudited portions of

10-Ks, which contain statements by management that were not attributed to KPMG Bermuda at the time of dissemination. See Pl. Resp. at 1-2. Lattanzio supports no such thing.

As a court within the Second Circuit recently pointed out, Form 10-K filings are comprised of various components, including audited financial statements, the audit opinions themselves, and unaudited sections such as annual reports and management's discussion and analysis. See In re Marsh & McLennan Cos. Sec. Litig., No. MDL 1744, 04 Civ. 8144 (SWK), 2006 WL 2057194, at *20 (S.D.N.Y. July 20, 2006). "Misrepresentations in these unaudited sections are not attributable to D&T [the auditor]" and thus an auditor may not be liable for those misstatements. Id. (citing Wright v. Ernst & Young LLP, 152 F.3d 169, 175 (2d Cir. 1998)). While Lattanzio did not explicitly address the issue of auditor liability for unaudited portions of the Form 10-K (since the only alleged misstatements at issue in that decision were in the audited financials),[1] it did reaffirm the Wright bright-line rule cited by In re Marsh & McLennan that an auditor may not be held liable for statements not attributed to it at the time of dissemination. See Lattanzio, 2007 WL 259877, at *5 (citing Wright, 152 F.3d at 175). Lattanzio, therefore, plainly supports the reasoning that an auditor cannot be held liable for alleged misstatements in the unaudited portions of the Form 10-K not attributed to it at the time of dissemination. See id. at *6-7.

For the foregoing reasons, Lattanzio squarely supports KPMG Bermuda's position that it may not be held liable for statements, such as those in ANR's 10-Qs or in the unaudited portions of the 10-Ks, that were not attributed to KPMG Bermuda at the time those statements were made. Accordingly, KPMG Bermuda's Motion for Reconsideration or Clarification, in part, should be granted.

---

[1] See Lattanzio, 2007 WL 259877, at *1-2.

2

DEFENDANT
KPMG BERMUDA

By: _____
Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
Mordecai Geisler
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

Attorneys for KPMG BERMUDA

463455 v.01

## Certificate of Service

       I hereby certify that on February 27, 2007, a copy of the foregoing Defendant KPMG Bermuda's Reply in Further Support of its Motion for Leave to File Notice of Recent Dispositive Second Circuit Authority was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Pursuant to the Court's Electronic Filing Order, a paper copy will be delivered to Chambers.

_____
Frederick S. Gold (ct 03560)