**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR., )<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | CIVIL ACTION<br><br>No. 02-CV-2133 (EBB) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF RECENT DISPOSITIVE SECOND CIRCUIT AUTHORITY**

Plaintiffs seek leave of the Court to file this sur-reply in further response to Defendant's Motion for Leave to File Notice of Recent Dispositive Second Circuit Authority ("KPMG's Motion"). KPMG Bermuda continues to argue that this Court erred in its ruling sustaining the First Amended Class Action Complaint (the "Complaint") in this case, by failing to narrowly construe the breadth of Defendant's responsibility when issuing false audit opinions. As described in Plaintiffs' earlier response, the recent case of *Lattanzio v. Deloitte & Touche*, LLP, No. 05-5805-CV, 2007 WL 259877 (2nd Cir. Jan. 31, 2007), does not support KPMG Bermuda's position.

This motion to file a sur-reply is brought because, on February 26, 2007, in *Overton v. Todman & Co.*, No. 06-2496-CV, 2007 WL 574623 (2d Cir. 2007), the Second Circuit extended

its decision in *Lattanzio,* by explicitly holding that an auditor may incur liability under the federal securities laws, for failing to correct an earlier issued false audit opinion:

> The precise issue on appeal is whether an auditor may incur primary liability under §10b-5 when the auditor provides a certified opinion that is false or misleading when issued, subsequently learns or was reckless in not learning that the earlier statement was false or misleading, knows or should know that potential investors are relying on the opinion, yet fails to take reasonable steps to correct or withdraw its opinion and/or the underlying financial statements. We hold that under such circumstances, an auditor becomes primarily liable for securities fraud, assuming all other elements of a securities fraud claim are present.

*Id.* at *1.

KPMG Bermuda, in its reply, argues that Plaintiffs have conceded that no liability attaches to an auditor for alleged misstatements in a Form 10-Q. Plaintiffs have done no such thing. Instead, Plaintiffs noted that this issue was simply left open by the Courts ruling. Clearly, quarterly reports that are subsumed within the annual audit for that year become part of the financial information certified by the auditor. In the Complaint in this case, the Form 10-Qs for only two quarters, *i.e.* the first and second quarters of 2002, were not included in a subsequent false audit opinion. As to these, the Complaint alleges that KPMG Bermuda incurred liability for its failure to correct earlier issued audit opinions, when investors were invited to continue to rely on KPMG's earlier issued false audit reports through their incorporation into the Form 10-Qs. *See e.g.* Complaint at ¶176, 179 and 183. As such, this Court should not revisit its ruling sustaining the Complaint because recent Second Circuit authorities confirm that the ruling was correct.

DATED:       March 5, 2007

                                  SCOTT + SCOTT  LLP

By:      /s/ David R. Scott
        SCOTT + SCOTT, LLP
        David R. Scott (Juris No. 16080)
        108 Norwich Avenue
        P.O. Box 192
        Colchester, CT 06415
        (860) 537-3818

        Beth Kaswan (Juris No. 21415)
        75 Rockefeller Plaza
        19th Floor, Suite 1915
        New York, NY 10019
        (212) 710-1040

        MILBERG WEISS BERSHAD
        & SCHULMAN LLP
        Barry A. Weprin (Juris No. 06136)
        Ann E. Gittleman
        One Pennsylvania Plaza
        New York, NY  10119
        (212) 594-5300

        Co-Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on March 5, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                          /s/ David R. Scott
                                                   David R. Scott