UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                                        Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., et al.

                                        Defendants.

------------------------------------------------------------------x

CIVIL ACTION NO.
3:02 CV 2133 (EBB)

March 12, 2007

**DEFENDANT KPMG BERMUDA'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

The defendant, KPMG (Bermuda) ("KPMG Bermuda"), hereby respectfully submits this opposition to plaintiffs' Motion for Leave to File Sur-Reply in Further Response to Defendant's Motion for Leave to File Notice of Recent Dispositive Authority, dated March 5, 2007, in the above-captioned matter.

Plaintiffs' sole expressed reason for seeking leave to file a surreply is the Second Circuit's decision in Overton v. Todman & Co., No. 06-2496, 2007 WL 574623 (2d Cir. Feb. 26, 2007). See Mot. at 1-2. That decision, however, supports KPMG Bermuda's position, not plaintiffs', and does not justify plaintiffs' latest submission. The issue on the Motion for Reconsideration or Clarification, in part, is whether KPMG Bermuda may be liable for statements, such as Form 10-Qs, that were not made by or attributed to it at the time they were disseminated. The Second Circuit in Overton reaffirmed that an auditor's duty and potential liability are limited to its own audit opinions and the audited financials they cover:

> [A]n accountant need correct only those particular statements set forth in its opinion and/or the certified financial statements . . . .
> [A]n accountant is under no duty to divulge information collateral

> to the statements of accuracy and financial fact set forth in its opinion and the certified financial statements, respectively.

Overton, 2007 WL 574623, at *9 (emphasis added).

Plaintiffs' remaining arguments regarding liability for 10-Qs (Mot. at 2) are not based on Overton but are additional arguments that could have been, but never were, raised in plaintiffs' opposition to KPMG Bermuda's motion for leave to file notice of the Lattanzio decision as recent authority. Plaintiffs should not be permitted to use their Motion as a vehicle for yet another round of arguments.

Even if the Court were inclined to consider plaintiffs' new arguments, they are defeated by Lattanzio. First, plaintiffs claim that in Lattanzio the court "simply left open" the issue of whether liability attaches to an auditor for alleged misstatements in the interim financial statements contained in an issuer's Form 10-Q. Mot. at 2. Plaintiffs are wrong. Lattanzio held: "[M]isstatements contained in Warnaco's interim financial statements cannot be attributed to Deloitte [the auditor], and therefore they cannot form the basis for liability under § 10(b)." Lattanzio v. Deloitte & Touche LLP, No. 05-5805-CV, 2007 WL 259877, at *7 (2d Cir. Jan. 31, 2007) (emphasis added).

Second, plaintiffs argue that ANR's interim financials were "subsumed" within the annual audit. See Mot. at 2. To the extent financial data in ANR's Form 10-Qs was incorporated into the data that was ultimately audited and made part of the Form 10-K, then it is only that audited portion of the Form 10-K which can be a basis of liability. There is no liability based on the Form 10-Q itself, which was filed by ANR before the audit had taken place, and which contained no statements attributed to KPMG Bermuda at the time of dissemination. See Lattanzio, 2007 WL 259877, at *7 (misstatements in Form 10-Qs cannot be attributed to the auditor and therefore cannot form the basis for liability).

2

Third, plaintiffs urge that KPMG Bermuda may be liable for ANR's 10-Qs to the extent they refer the reader to ANR's prior 10-Ks (see Mot. at 2). The Form 10-Qs at issue in the Lattanzio decision, however, also referred the reader to the issuer's prior Form 10-K, and the Court of Appeals nevertheless squarely held that such Form 10-Qs cannot serve as a basis for auditor liability. Lattanzio, 2007 WL 259877, at *7.[1]

For the foregoing reasons, plaintiffs' Motion should be denied, and KPMG Bermuda's Motion for Reconsideration or Clarification, in part, should be granted.

**DEFENDANT**
**KPMG BERMUDA**

By:    /s/ Morgan P. Rueckert
       Frederick S. Gold
       Fed. Bar. No.: ct 03560
       Morgan P. Rueckert
       Fed. Bar. No.: ct 19838
       SHIPMAN & GOODWIN LLP
       300 Atlantic Street
       Stamford, Connecticut 06901
       Tel. (203) 324-8100
       Fax. (203) 324-8199
       mrueckert@goodwin.com

       Michael J. Malone
       Paul A. Straus
       Mordecai Geisler
       KING & SPALDING LLP
       1185 Avenue of the Americas
       New York, New York 10036
       Tel. (212) 556-2100
       Fax. (212) 556-2222

       Attorneys for KPMG BERMUDA

---

[1] See, e.g., Warnaco Group, Inc. Form 10-Q filed August 15, 2000, at 4, available at Westlaw, Filing 00703501 ("For further information, refer to the consolidated financial statements and footnotes thereto included in the Company's Annual Report on Form 10-K/A for the fiscal year ended January 1, 2000."); Warnaco Group, Inc. Form 10-Q filed May 22, 2001, at 4, available at Westlaw, Filing 01645874 (same).

## Certificate of Service

       I hereby certify that on March 12, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Pursuant to the Court's Electronic Filing Order, a paper copy will be delivered to Chambers.

    /s/ Morgan P. Rueckert
Morgan P. Rueckert
Fed. Bar No. ct19838
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06109
Tel: (203) 324-8100
Fax: (203) 324-8199