IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, and MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 02-CV-2133 |

**MEMORANDUM OF LAW IN SUPPORT OF MIDSTREAM INVESTMENTS, LTD'S MOTION TO WITHDRAW AS A LEAD PLAINTIFF AND CLASS REPRESENTATIVE AND FOR A PROTECTIVE ORDER**

SCOTT + SCOTT LLP
Beth A. Kaswan (Juris No. 21415)
75 Rockefeller Center, Suite 1915
New York, New York 10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041
   -and-
David R. Scott (Juris No. 16080)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone (860) 537-5537
Facsimile (860) 537-4432

MILBERG WEISS & BERSHAD LLP
Barry A. Weprin (Juris No. 06136)
Ann E. Gittleman
One Pennsylvania Plaza
New York, New York 10119
Telephone (212) 594-5300
Facsimile: (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

Plaintiff, Midstream Investments, Ltd. ("Midstream"), through its attorneys, submits this memorandum of law in support of its motion to withdraw as a Lead Plaintiff and class representative and for a protective order barring KPMG (Bermuda) from proceeding to take its deposition.

## I. INTRODUCTION

By Order dated April 13, 2003, Midstream and Communications Workers of America ("CWA") were appointed Lead Plaintiffs in this action. Midstream is an investment company in Bermuda, with Thomas Carr as its sole principal and employee. As provided on Midstream's certification filed with this Court, Midstream incurred losses on 9000 shares of its stock in Annuity and Life Re (Holdings) Ltd ("ANR"). From the earlier settlement in this case against ANR, XL Capital, Ltd., Lawrence S. Doyle, Frederick S. Hammer, John F. Burke, William W. Atkin, Brian O'Hara, and Michael P. Esposito, Jr. (the "Settling Defendants"), Midstream received a total of approximately $7500 for the losses on its stock purchases, and, pursuant to this Court's order, for the costs and expenses that Midstream had incurred in the course of serving as Lead Plaintiff. In light of this modest recovery, and because KPMG (Bermuda) is now the sole remaining defendant, Midstream has determined that it is no longer willing to undergo the burden of serving as a Lead Plaintiff, and particularly to prepare for and attend its deposition.[1]

KPMG (Bermuda) has consented to the withdrawal of Midstream as a Lead Plaintiff, but

---

[1] On April 25, 2007, without prior consultation, KPMG (Bermuda) noticed the deposition of Midstream for May 21, 2007 and CWA for May 22, 2007, both to be held in Stamford, Connecticut. Plaintiff's counsel then contacted counsel for KPMG (Bermuda) to change the dates due to scheduling conflicts. Thereafter, Plaintiff's counsel learned that Midstream was unwilling to appear for its deposition. *See*, Exhibits A through C to the Declaration of Beth A. Kaswan. CWA's deposition has been rescheduled to proceed on June 7, 2007 in New York.

has refused to withdraw the notice for Midstream's deposition. No reason for this position was offered beyond the statement that KPMG (Bermuda) was "entitled" to depose Midstream because Midstream had subjected itself to the jurisdiction of this Court.

## II.  ARGUMENT

### A Protective Order Should Issue To Bar Midstream's Deposition

Courts have held that defendants seeking to take discovery from absent class members such as Midstream bear the heavy burden of demonstrating that (1) the information requested is relevant to the decision of common questions, as opposed to individual ones, (2) that the discovery is tendered in good faith and is not unduly burdensome and (3) that the information is not available from the representative parties. For this reason, courts have held that absent class members, including former named plaintiffs, generally need not be subjected to deposition in class actions. Further, a defendant seeking to take discovery of absent class members is required to seek leave of court before doing so. Here, KPMG (Bermuda) has not met its burden because the testimony of Thomas Carr, the sole principal and employee of Midstream, who resides in Bermuda, no longer has any relevance to the issues in this case, either on class certification or the merits; the discovery is not tendered in good faith but is instead unduly burdensome; and the information sought may be obtained through testimony of the remaining Lead Plaintiff, CWA.

Federal Rule of Civil Procedure 26(c) permits the Court, upon notice by a party or person to whom discovery has been directed, to issue an order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden" and order that "the disclosure or discovery not be had." Fed. R. Civ. P. 26(c). The Supreme Court has held that this language confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S.

20, 36 (1984).

Courts have held that named Plaintiffs and class representatives who have withdrawn from the class action should not be subject to deposition. *See In re Urethane Antitrust Litig.*, No. 04-MD-161-JWl-DJW, 2006 U.S. Dist. LEXIS 38503, at *22 (D. Kan. June 9, 2006) (disallowing deposition of withdrawn class representative because it would "serve no valid class certification purpose" and "subject [the withdrawing Plaintiff] to undue burden"); *In re Currency Conversion Fee Antitrust Litig.*, 01 MDL No. 1409, 2004 U.S. Dist. LEXIS 22320 (S.D.N.Y. Nov.3, 2004) (granting Plaintiffs' motion to withdraw as class representatives, treating withdrawing Plaintiffs as absent class members and denying defendants' motion to depose); *In re USA Classic Sec. Litig.*, No. 93 Civ. 6667, 1995 U.S. Dist. LEXIS 17183 (S.D.N.Y. Nov. 17, 1995) (granting protective order and quashing the notices of deposition served on named Plaintiffs who withdrew as class representatives); *Feldman v. Motorola, Inc.*, No. 90 C 5887, 1992 U.S. Dist. LEXIS 20586, *14-16 (N.D. Ill. Nov. 5, 1992) (treating withdrawn class representatives as absent class members and granting Plaintiffs' motion for protective order disallowing deposition).

Absent class members are not parties to a litigation from whom discovery can be, or should be, taken as a matter of course. *See In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 211 (M.D. Fla. 1993) ("By virtue of not being chosen as class representatives," Plaintiffs who initially filed actions "remain as passive class members, on equal footing with all other non-representative class members."); *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D. Ky. 1971) ("[i]t is not intended that members of the class should be treated as if they were parties Plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for [Rule 23] would fail"); *In re Qwest Communs. Int'l, Inc.*, No. 01-cv-01451-REB-CBS,

2005 U.S. Dist. LEXIS 11618, at *10 (D. Colo. June 7, 2005) ("[n]on-Lead Plaintiffs tend to have only a 'passive role' in the litigation, rendering them 'akin to absent class members' as to whom special rules of discovery apply'"); *Guenther v. Sedco, Inc.*, No. 93-Civ-4143, 1998 WL 898349 at * 7 (S.D.N.Y. Dec. 22, 1998) (footnote omitted) (observing that absent class members are not parties for discovery purposes); *In re Publication Paper Antitrust Litig.* 2005 WL 1629633 at *1 (D. Conn. July 5, 2005) ("The Federal Rules of Civil Procedure do not provide for discovery from absent class members as 'parties.' In other words, party discovery techniques-such as interrogatories, document requests, and requests for admissions-only apply to named Plaintiffs in a class action, not absent class members.") (citations omitted).

Based upon Midstream's uncontested motion to withdraw, it is to be treated for discovery purposes like other absent class members. When a defendant seeks discovery from absent class members, such as Midstream, the defendant bears the burden of showing good cause. *See In re Worlds of Wonder Sec. Litig.*, c-87-5491,1992 U.S. Dist. LEXIS 10503, at *4 (N.D. Cal. July 9, 1992)("'Absent a strong showing of necessity, discovery [of absent class members] generally will be denied.' "); *Halling v. Hobert & Svoboda, Inc.*, No. 87-c-912, 1989 U.S. Dist. LEXIS 18115, at *4 (E.D. Wis. July 24, 1989) (stating that the party seeking discovery from absent class members "has the burden of showing necessity and the absence of any motive to take undue advantage of the class members"); *Kline v. First W. Gov't Sec., Inc.*, No. 83-cv-1076, 1996 U.S. Dist. LEXIS 3329, at * 4 (E.D. Pa. Mar. 11, 1996) (if discovery from absent members of the class is permissible at all, it should be sharply limited and allowed only on strong showing of justification"). The burden is even heavier where, as here, the type of discovery sought is deposition testimony. *In re Worlds of Wonder Sec. Litig.*, 1992 U.S. Dist. LEXIS 10503 at *8-9 ("the burden confronting the parties seeking deposition testimony should be more severe than

that imposed on the party requesting permission to use interrogatories"); *Redmond v. Moody's Investor Serv.*, No. 92-cv-9161, 1995 U.S. Dist. LEXIS 6277, at *3 (S.D.N.Y. May 10, 1995) ("the burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy"); *In re Currency Conversion*, 2004 U.S. Dist. LEXIS 22320, at *5 (defendants must meet a "particularly heavy" burden in justifying the necessity for deposing absent class members); . *In re Publication Paper Antitrust Litig.* 2005 WL 1629633 at *1 ("courts that have allowed such discovery have required the defendant to (1) make a strong showing of the need for the particular discovery and (2) narrowly tailor its requests to its particular need, so as not to burden the absent members.") (citing *Laborers Local 17 v. Philip Morris*, 1998 WL 241279 (S.D.N.Y. May 12, 1998)).

The United States Supreme Court has recognized that discovery is a burden "rarely imposed" on absent class members. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (U.S. 1985). The Court noted:

> Unlike a defendant in a normal civil suit, an absent class-action Plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection. In most class actions an absent Plaintiff is provided at least with an opportunity to "opt out" of the class, and if he takes advantage of that opportunity he is removed from the litigation entirely.

*Id.* 810-811; *see also In re Worlds of Wonder Sec. Litig.*, 1992 U.S. Dist. LEXIS 10503 at *4 ("[a]bsent class members are not parties and separate discovery of individual class members not representatives is ordinarily not permitted."); *Kline v. First W. Gov't Sec., Inc.*, 1996 U.S. Dist. LEXIS 3329 at *4 (determining, after surveying cases, that discovery of absent class members is disfavored).

Prior to seeking discovery from Midstream, KPMG (Bermuda) must establish that: (1) the information requested is relevant to the decision of common questions; (2) the requested

discovery is tendered in good faith and is not unduly burdensome; and (3) the information is not available from the representative parties. *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984); *Teachers' Retirement System of Louisiana v. ACLN Ltd.*, 2004 WL 2997957 at *10 (Dec. 27, 2004) (requiring defendant to depose Lead Plaintiff rather than the absent class member).[2] Further, a party seeking discovery from absent class members must obtain a court order before propounding the discovery. *See Kops*, 2003 U.S. Dist. LEXIS 8568 at *4 (citing Schwarzer, Tashima & Wagstaffe, Fed. Civ. Pro. Before Trial ¶10:759 (2002)). Although KPMG (Bermuda) first noticed Midstream to testify before Midstream's application to withdraw, KPMG (Bermuda) has not sought, and the Court has not granted, permission to depose Midstream upon its withdrawal.

KPMG (Bermuda) cannot sustain its heavy burden of demonstrating that the deposition of Midstream is warranted here. First, KPMG (Bermuda) cannot show that the information sought from Midstream is necessary to the trial of issues affecting the entire class, as opposed to individual issues. *See Redmond v. Moody's Investor Serv.*, 1995 U.S. Dist. LEXIS 6277 at *3 (discovery of absent class members regarding individual issues, instead of questions common to the entire class, is inappropriate); *Dubin v. E.F. Hutton Group.,Inc.*, 1992 WL 6164 at * 3 (Jan. 8, 1992) ("Absent class member discovery is not proper when directed to ascertaining the

---

[2] *See also Kops v. Lockheed Martin Corp.*, No. CV 99-6171-MRP, 2003 U.S. Dist. LEXIS 8568, *4 (C.D. Cal. Mar. 12, 2003) ("a party seeking discovery from absent class members must establish the following conditions: (1) that the information sought must be necessary to trial of issues affecting the class as a whole (rather than issues relating to individual claims); (2) that the information sought must not be readily obtainable from other sources; and (3) that the discovery must not be unduly burdensome, and must not have been demanded for an improper purpose (e.g., to harass the absent class members, or to force them to opt out of the class)."); *Collins v. International Dairy Queen*, 190 F.R.D. 629, 631 (M.D. Ga. 1999) (defendants required to demonstrate four relevant questions in demonstrating entitlement to discovery: "(1) [w]hether the discovery is a tactic to take undue advantage of the class members or to reduce the size of the class; (2) [w]hether the discovery is necessary; (3) [w]hether the respondent would require the assistance of technical or legal advice to understand the questions and to respond to them; and (4) [w]hether the requesting party sought information on matters that were already known").

damages suffered by individual class members.. "In addition, when discovery 'relates to individual issues, [it] should ordinarily be postponed until after the common questions have been determined'".) (citations omitted)[3]. Plaintiffs in securities fraud class actions are *not* percipient witnesses. *In re Worlds of Wonder Sec. Litig.*, 1992 U.S. Dist. LEXIS 10503 at *13-14 ("whether absent class members relied on defendants' misstatements and omissions in making their investments is an issue which relates to them as members of the class, not as 'percipient witnesses.'").

Second, the deposition cannot be considered tendered in good faith, and would be not only unduly burdensome but also inefficient and unfair. KPMG (Bermuda) did not oppose Midstream's motion to withdraw. KPMG (Bermuda) cannot, on the one hand, consent to Midstream's withdrawal as a representative party to this litigation, and, on the other hand, contend that it has a continuing right to obtain discovery from Midstream for the purposes of opposing class certification. The fact that Midstream — along with CWA — filed an amended complaint joining KPMG (Bermuda) as a party, and then, given the amount of its losses, determined that it was not worth its while to proceed once KPMG (Bermuda) became the sole defendant, has no bearing on whether Midstream should be required to submit to a deposition, given that it will no longer be Lead Plaintiff and, as such, is a mere absent class member with a passive role in this litigation. *See In re Qwest Communs. Int'l, Inc.*, 2005 U.S. Dist. LEXIS 11618 at *10 ("Named Plaintiffs, unlike Lead Plaintiff's [sic], are not generally subject to discovery. Instead, Named Plaintiff's [sic] are on 'equal footing' with absent class members.") (citation omitted); *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. at 211 (disallowing

---

[3] *See also, Renovitch v. Stewardship Concepts, Inc.,* 1987 WL 14688, at *2 (N.D.Ill.1987) (Rosemond, Mag. J.) (rejecting discovery on fraud claims of individual class members); *Bisgeier v. Fotomat Corp.,* 62 F.R.D. 118 (N.D.Ill.1973) (rejecting discovery on individual purchases of shares).

discovery of individuals that initially filed actions as named Plaintiffs who were not subsequently chosen as class representatives because they were held to be passive class members); *Kops v. Lockheed Martin Corp.*, 2003 U.S. Dist. LEXIS 8568 at *3 (named Plaintiffs who were not chosen as Lead Plaintiffs "have no roll [sic] in the litigation apart from being members of the proposed class," rendering "them akin to 'absent class members'"). Given that Midstream is no longer seeking to be a class representative, its suitability to serve as a class representative is a moot issue. KPMG (Bermuda)'s continued efforts to depose Midstream appear to serve no purpose but to harass Midstream for its decision to bring suit in the first instance.

Third, KPMG (Bermuda) has failed to demonstrate that any legitimate information it might seek from Midstream at deposition is not readily available from other sources. KPMG (Bermuda) will have the opportunity to cover any areas of inquiry concerning the conduct of this litigation and the adequacy of proposed class counsel when it takes the deposition of CWA, the remaining Lead Plaintiff and proposed class representative. At this point, any additional information that KPMG (Bermuda) may obtain from Midstream relates solely to individual issues. "[D]iscovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate." *Redmond v. Moody's Investor Serv.*, 1995 U.S. Dist. LEXIS 6277 at *3; *see also In re Currency Conversion Fee Antitrust Litig.*, 2004 U.S. Dist. LEXIS 22320 at *5 (deposition of withdrawing Plaintiffs inappropriate where defendants sought to depose them for individual issues as opposed to common ones).

In a recent decision, the court in *In re Urethane Antitrust Litig.*, No. 04-MD-161-JWl-DJW, 2006 U.S. Dist. LEXIS 38503 (D. Kan. June 9, 2006), was faced with a similar situation, where a Plaintiff corporation was no longer able to participate in the lawsuit and sought to

withdraw as a class representative. *Id.* at *17. Defendants nevertheless asserted that they needed deposition testimony from the corporation in order to respond to Plaintiffs' motion for class certification. *Id.* at *21. The court disagreed and disallowed the deposition of the Plaintiff corporation, holding that "*[t]he information defendants need regarding class certification issues may be obtained from the remaining class representatives. To require [the withdrawing Plaintiff] to give a Rule 30(b)(6) deposition at this time, when it would serve no valid class certification purpose . . . would subject [the withdrawing Plaintiff] to undue burden.*" *Id.* at *22 (emphasis added).

There can be no argument that deposing Midstream, who no longer plays any active role in this class action, is necessary.

Finally, allowing the deposition of Midstream to go forward as currently noticed would also prevent the very efficiencies that class actions are intended to achieve. *See Feldman v. Motorola, Inc.*, 1992 U.S. Dist. LEXIS 20586 at *16 (recognizing that absent class members faced with deposition may be dissuaded from continuing to assert their claims); *Kline v. First W. Gov't Sec., Inc.*, 1996 U.S. Dist. LEXIS 3329 at *6-7 ("one of the principal advantages of class actions over massive joinder or consolidation would be lost if class members were routinely subjected to discovery").

In sum, KPMG (Bermuda) cannot show that it has satisfied any of the relevant factors to support its burden of demonstrating that Midstream's deposition is warranted.

### III. CONCLUSION

Plaintiffs respectfully request that the Court issue an order permitting Midstream to withdraw as Lead Plaintiff and class representative and disallowing the deposition of Midstream.

Dated: June 5, 2007

Respectfully submitted,
**SCOTT + SCOTT LLP**

/s/ Beth A. Kaswan
_____

Beth A. Kaswan (Juris No. 21415)
75 Rockefeller Center, Suite 1915
New York, New York 10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041

David R. Scott (Juris No. 16080)
Beth A. Kaswan (Juris No. 21415)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone (860) 537-5537
Facsimile (860) 537-4432

MILBERG WEISS & BERSHAD LLP
Barry A. Weprin (Juris No. 06136)
Ann E. Gittleman
One Pennsylvania Plaza
New York, New York 10119
Telephone (212) 594-5300
Facsimile: (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*