IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, and MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | Civil Action No. 02-CV-2133 |

## DECLARATION OF BETH A. KASWAN

SCOTT + SCOTT LLP
Beth A. Kaswan (Juris No. 21415)
75 Rockefeller Center, Suite 1915
New York, New York 10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041
      -and-
David R. Scott (Juris No. 16080)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone (860) 537-5537
Facsimile (860) 537-4432

MILBERG WEISS & BERSHAD LLP
Barry A. Weprin (Juris No. 06136)
Ann E. Gittleman
One Pennsylvania Plaza
New York, New York 10119
Telephone (212) 594-5300
Facsimile: (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

I, Beth A. Kaswan, pursuant to 28 U.S.C. §1746 declare under penalty of perjury under the laws of the United States, that the following is true and correct:

1. I, Beth A. Kaswan, am Of Counsel to Scott+Scott LLP, counsel for Midstream Investments, Ltd. Scott+Scott LLP is one of the lead counsel in this action.

2. Exhibit A is a true copy of the notice of deposition served for the deposition of Midstream Investments, Ltd.

3. Exhibit B is a true copy of a letter sent on or about May 2, 2007 by Scott+Scott LLP to Paul A. Strauss, counsel for KPMG (Bermuda).

4. Exhibit C is a true copy of a letter sent by e-mail on or about May 11, 2007, by Scott+Scott LLP to Thomas Carr, the sole principal and employee of Midstream Investments, Ltd. After this letter was sent, I confirmed that Mr. Carr remained unwilling to attend his deposition and that he had determined to withdraw as a Lead Plaintiff and class representative.

5. Pursuant to Local Rule 9(d)(2), I hereby certify that I have conferred with Paul Strauss, one of the attorneys for KPMG (Bermuda), and made a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. Pursuant to these efforts, KPMG (Bermuda) consented to the withdrawal of Midstream as a Lead Plaintiff and class representative; KPMG (Bermuda), however, insisted that it was entitled to take the deposition of Midstream regardless of whether Midstream continued to serve as a Lead Plaintiff and class representative. As a result, the parties were unable to resolve their dispute over Midstream's deposition.

Dated: June 5, 2007

Respectfully submitted,
**SCOTT + SCOTT LLP**

/s/ Beth A. Kaswan
_____

Beth A. Kaswan (Juris No. 21415)
75 Rockefeller Center, Suite 1915
New York, New York 10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041


David R. Scott (Juris No. 16080)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone (860) 537-5537
Facsimile (860) 537-4432


MILBERG WEISS & BERSHAD LLP
Barry A. Weprin (Juris No. 06136)
Ann E. Gittleman
One Pennsylvania Plaza
New York, New York 10119
Telephone (212) 594-5300
Facsimile: (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2007, that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to the attorneys of record registered to receive ECF notices in this action.

/s/ Beth A. Kaswan
_____

BETH A. KASWAN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                         Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD.,
XL CAPITAL, LTD., LAWRENCE S. DOYLE,
FREDERICK S. HAMMER, JOHN F. BURKE,
WILLIAM W. ATKIN, BRIAN O'HARA, AND
MICHAEL P. ESPOSITO, JR.,

                         Defendant.

------------------------------------------------------------x

CIVIL ACTION NO.
3:02 CV 2133 (EBB)

April 25, 2007

### NOTICE OF RULE 30(b)(6) DEPOSITION
### OF PLAINTIFF MIDSTREAM INVESTMENTS, LTD.

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, defendant KPMG (Bermuda) ("KPMG Bermuda"), by and through its undersigned counsel, will take the deposition upon oral examination of plaintiff Midstream Investments, Ltd. ("Midstream") regarding the subject matter set forth in the attached Schedule A, which shall be interpreted in accordance with this Notice and the definitions and instructions set forth in KPMG Bermuda's Request for the Production of Documents, dated March 2, 2007.

The deposition will take place at the offices of Shipman & Goodwin LLP, 300 Atlantic Street, Stamford, CT 06901 on May 21, 2007, at 9:30 a.m., and continuing from day to day thereafter until completed or adjourned. The deposition will be taken before a court reporter and

Exhibit A

may be videotaped. Pursuant to Rule 30(b)(6), Midstream shall be required to designate one or more officers, directors, managing agents or other persons most capable of testifying on its behalf concerning the topics set forth below. Midstream is requested to identify in writing at least one week in advance of the deposition the name(s) of the person(s) who will testify on its behalf and the subject matters on which the person will testify.

DEFENDANT
KPMG BERMUDA

By: _____
Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
Mordecai Geisler
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

Attorneys for KPMG BERMUDA

-2-

## SCHEDULE A

1. The decision of Midstream to become a party and/or named representative of a putative class in the Consolidated Actions.

2. Any agreements, arrangements, payments or consideration discussed, promised or delivered between any actual or proposed plaintiff and any attorney relating to any of the Consolidated Actions.

3. The allegations of the Complaint.

4. The suitability of Midstream to become a named representative of a putative class in this action.

5. Any participation by Midstream in any other actual or putative class actions at any time.

6. Midstream's purchases, sales and holdings of ANR securities.

7. The bases of all decisions to purchase, sell, acquire or dispose of ANR securities by or on behalf of Midstream.

8. Any due diligence conducted by Midstream regarding ANR, including Midstream's knowledge, analysis, evaluation or projection of ANR, its financial condition, business and operations during the Class Period.

9. Communications regarding ANR between Midstream and any other person or entity, including, but not limited to, any of Midstream's advisers, members, beneficiaries, constituents, clients and customers.

10. Midstream's knowledge, analysis, evaluation or projection of the market for, or actual or projected performance of, convertible bonds at any time prior to 2003.

11. Midstream's investments in any reinsurance companies or any companies that are parties to any modified coinsurance arrangements or annuity retrocessional reinsurance contracts, and/or Midstream's knowledge, analysis and evaluation of such companies.

12. Midstream's knowledge regarding the Transamerica Contract, the IL Annuity Contract, the performance of any securities underlying the Transamerica Contract, and/or the performance of any securities underlying the IL Annuity Contract.

13. Midstream's understanding of ANR, its financial statements and accounting.

14. Midstream's knowledge regarding KPMG Bermuda's audits of ANR's financial statements.

15. Communications between Midstream and any other person or entity regarding the Consolidated Actions.

16. The amount and causation of Midstream's alleged damages claimed in this action.

17. Communications between Midstream and any other plaintiff in the Consolidated Actions.

18. Midstream's expertise, experience, background, investment philosophy, assets under management, investment history, guidelines, restrictions, limitations, portfolios, policies and/or practices.

CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. Mail, first-class, postage pre-paid on April 25, 2007, to all counsel of record as follows:

Jeffrey S. Nobel
Andrew M. Schatz
SCHATZ & NOBEL
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103

Elias A. Alexiades
LAW OFFICE OF ELIAS A. ALEXIADES
215 Church Street, 2nd Floor
New Haven, CT 06510

Patrick A. Klingman
Karen M. Leser
James E. Miller
SHEPERD FINKELMAN MILLER
& SHAH-CHESTER
65 Main Street
Chester, CT 06412

David Randell Scott
Erin Green Comite
SCOTT + SCOTT, LLP
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Ann M. Lipton
Peter E. Seidman
MILBERG, WEISS, BERSHAD &
SCHULMAN
One Pennsylvania Plaza
Suite 4915
New York, NY 10119-0165

Michael J. Malone
Paul A. Straus
KING & SPALDING
1185 Avenue of the Americas
New York, NY 10036-4003

Beth A. Kaswan
SCOTT + SCOTT, LLP
75 Rockefeller Center
19th Floor
New York, NY 10019

Geoffrey M. Johnson
SCOTT + SCOTT, LLP
33 River Street
Chagrin Falls, OH 44022

Morgan P. Rueckert

469705 v.01



May 2, 2007

<u>*Via UPS Overnight*</u>
Paul A. Strauss
King & Spalding
1185 Avenue of the Americas
New York, NY 10036-4003

      RE:  <u>Schnall v. Annuity and Life Re (Holdings), Ltd., et al</u>

Dear Paul:

    I am writing in connection with the Rule 30(b)(6) notices of deposition of the lead plaintiffs which were served last week without prior consultation as to their and counsel's availability on the selected dates for the depositions. We have a conflict with one, and perhaps both dates. I expect to be able to provide you with alternative dates by the end of the week.

    We would also like to schedule a telephone call to "meet and confer" on the discovery matters in your two May 2, 2007 letters. Are you available for a call Monday, May 7 in the afternoon?

    Thank you for your attention.

                              Very truly yours,
                              SCOTT + SCOTT LLP

                              Beth A. Kaswan

BAK:lla
cc: Barry Weprin

ATTORNEYS AT LAW    CALIFORNIA    SCOTT + SCOTT, LLP    619 233-4565 VOICE
                          NEW YORK      600 B STREET, STE 1500    619 233-0508 FAX
                          CONNECTICUT   SAN DIEGO, CA 92101     SCOTTLAW@SCOTT-SCOTT.COM
                          OHIO                                                               WWW.SCOTT-SCOTT.COM

Exhibit B



May 11, 2007

<u>Via E-Mail</u>

Thomas F. Carr
President, Midstream Investments, Ltd.
P. O. Box HM 712
Hamilton, Bermuda

    Re: *Sherry Schnall v. Annuity and Life Re (Holdings), Ltd., et al.*
         U.S.D.C., D. Conn., Case No. 02-CV-2133 (EBB)

Dear Tom:

    I write to follow up on our conversation and the voice-mail messages that David Scott and I have left for you over the last week. As I explained, if you are unwilling to appear for a deposition, you will not be able to continue as a class representative. We hope very much that you will reconsider your position and continue in your role as a class representative in the ANR case. However, we have now reached the point where we need to know if you are still interested in continuing in that role. Defendants are seeking to depose the class representatives in the next few weeks, and we need to schedule a time for them to take your deposition, if you are willing to proceed. Also, we need to make arrangements to send the Defendants the documents they have asked for in their discovery requests.

    Accordingly, please call me directly at (212) 710-1040 or David Scott at (860-537-5537) by next Tuesday, May 15, 2007 to confirm that you still want to serve as a class representative. If we do not hear from you by then, we will assume that you no longer want to serve as a class representative, and will take steps to file a motion to substitute class representatives with the Court.

    We look forward to hearing from you. It truly has been a pleasure working with you.

Sincerely yours,

Beth Kaswan/pea
Beth Kaswan

cc:    David R. Scott

ATTORNEYS AT LAW     CONNECTICUT     SCOTT + SCOTT, LLC     440 247-8200 VOICE
                     OHIO               33 RIVER STREET        440 247-8275 FAX
                     CALIFORNIA       CHAGRIN FALLS, OH 44022     SCOTTLAW@SCOTT-SCOTT.COM
                                                                                          WWW.SCOTT-SCOTT.COM



Exhibit C