UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------x

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | DECLARATION OF PAUL A. STRAUS<br><br>CIVIL ACTION NO. 3:02-CV-2133 (EBB)<br><br><br><br><br>June 26, 2007 |

------------------------------------------------------------------x

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF NEW YORK   )

PAUL A. STRAUS, hereby declares as follows:

1. I am a member of the bar of the State of New York and am member of the firm of King & Spalding LLP, which, together with Shipman & Goodwin LLP, is counsel for defendant KPMG Bermuda. I submit this declaration in opposition to Midstream Investments, Ltd.'s Motion to Withdraw as a Lead Plaintiff and Class Representative and for a Protective Order (the "Motion"), to clarify that KPMG Bermuda did not and does not consent to the relief sought in plaintiffs' Motion.

2. On May 23, 2007, plaintiffs' counsel Beth Kaswan called and advised me that Midstream Investments, Ltd. ("Midstream"), which, together with Communications Workers of America ("CWA"), had been appointed as Lead Plaintiff on behalf of the putative class in this

case, was seeking to withdraw. Ms. Kaswan asked whether KPMG Bermuda would consent. When I asked the reason for the withdrawal, Ms. Kaswan advised me that given the relatively small amount Midstream could expect to recover in the case going forward, it did not believe it would be worth the cost and trouble of producing documents and traveling to New York or Connecticut from Bermuda to sit for a deposition. I advised Ms. Kaswan that I would call her back.

3. On May 30, 2007, I called Ms. Kaswan back regarding her request. I did not consent to the withdrawal. I advised her at this time that, while I did not in theory object to the withdrawal of Midstream in itself, the proposed withdrawal raised a number of significant issues, all of which had to be considered together. I therefore said that under no circumstances would KPMG Bermuda waive its right to obtain document and deposition discovery from Midstream and in no event could KPMG Bermuda be seen to waive any argument with respect to CWA continuing as Lead Plaintiff by itself, or any other arguments or positions KPMG Bermuda might have with respect to certification of the putative class. After further discussion, I advised Ms. Kaswan that I would get back to her with KPMG Bermuda's final position by Friday, June 1.

4. On Friday, June 1, I called Ms. Kaswan again regarding her request. I advised her that in view of all of the issues (noted herein in paragraph 3) raised by Midstream's proposed withdrawal, KPMG Bermuda could not consent to the withdrawal of Midstream.

5. Attached hereto as exhibit 1 is a copy of Judge Goettel's Order appointing the Midstream Group Lead Plaintiff, dated Mar. 29, 2003.

6. Attached hereto as exhibit 2 are copies of documents produced by plaintiffs to KPMG Bermuda on June 6, 2007, Bates numbered MID 00045 and MID 00047-52.

7. Attached hereto as exhibit 3 is a copy of Plaintiff's Response to KPMG Bermuda's First Set of Interrogatories, dated June 1, 2007.

8. Attached hereto as exhibit 4 is a copy of a letter from plaintiffs' counsel Beth Kaswan, Esq. of Scott + Scott, LLP, dated May 2, 2007.

Dated: New York, New York
June 26, 2007

_____
PAUL A. STRAUS