**EXHIBIT 1**



FILED
APR 3 UNITED STATES DISTRICT COURT
2 34 PM '03
U.S DISTRICT DISTRICT OF CONNECTICUT
NEW HAVEN, CONN

| | | |
|---|---|---|
| SHERRY SCHNALL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | Civil Action No.02-CV-02133 (GLG) |
| v. | ) ) | |
| ANNUITY LIFE RE (HOLDINGS) LTD., FREDERICK S. HAMMER, LAWRENCE S. DOYLE, and JOHN F. BURKE. | ) ) ) ) | |
| IRVING FELDBAUM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) | Civil Action No. 02-CV-02223 (GLG) |
| v. | ) ) | |
| ANNUITY LIFE RE (HOLDINGS) LTD., FREDERICK S. HAMMER, LAWRENCE S. DOYLE, and JOHN F. BURKE. | ) ) ) ) | |
| RENA NADOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | Civil Action No. 02-CV-02224 (GLG) |
| v. | ) ) | |
| ANNUITY LIFE RE (HOLDINGS) LTD., FREDERICK S. HAMMER, LAWRENCE S. DOYLE; and JOHN F. BURKE. | ) ) ) ) | |

## [PROPOSED] ORDER CONSOLIDATING THE ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL

RON BERNARD, INDIVIDUALLY AND ON )
BEHALF OF ALL OTHERS SIMILARLY )
SITUATED, )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
v. )
　　　　　　　　　　　　　　　　　　 )
ANNUITY LIFE RE (HOLDINGS) LTD., )
FREDERICK S. HAMMER, LAWRENCE S. )
DOYLE, WILLIAM W. ATKIN and JOHN F. )
BURKE. )
　　　　　　　　　　　　　　　　　　 )

Civil Action No. 03-CV-00043 (DJS)

DAN B. MADSEN, INDIVIDUALLY AND )
ON BEHALF OF ALL OTHERS SIMILARLY )
SITUATED, )
　　　　　　　　　　　　　　　　　　 )
v. )
　　　　　　　　　　　　　　　　　　 )
ANNUITY LIFE RE (HOLDINGS) LTD., )
FREDERICK S. HAMMER, LAWRENCE S. )
DOYLE, and JOHN F. BURKE. )
　　　　　　　　　　　　　　　　　　 )

Civil Action No. 02-CV-2269 (GLG)

PHILIP L. BIRD, INDIVIDUALLY AND ON )
BEHALF OF ALL OTHERS SIMILARLY )
SITUATED, )
　　　　　　　　　　　　　　　　　　 )
v. )
　　　　　　　　　　　　　　　　　　 )
ANNUITY LIFE RE (HOLDINGS) LTD., )
FREDERICK S. HAMMER, LAWRENCE S. )
DOYLE, WILLIAM W. ATKIN and JOHN F. )
BURKE. )
　　　　　　　　　　　　　　　　　　 )

Civil Action No. 02-CV-02210 (RNG)

MICHAEL HERTZL, INDIVIDUALLY AND )
ON BEHALF OF ALL OTHERS SIMILARLY )
SITUATED, )
　　　　　　　　　　　　　　　　　　 )
v. )
　　　　　　　　　　　　　　　　　　 )
ANNUITY LIFE RE (HOLDINGS) LTD., )
FREDERICK S. HAMMER, LAWRENCE S. )
DOYLE, and JOHN R. BURKE. )
　　　　　　　　　　　　　　　　　　 )

Civil Action No. 02-CV-02211 (GLG)

_____ )    Civil Action No. 03-CV-00022 (SRU)
JEROME L. HUFF, INDIVIDUALLY AND )
ON BEHALF OF ALL OTHERS SIMILARLY )
SITUATED,                          )
                                   )
v.                                 )
                                   )
ANNUITY LIFE RE (HOLDINGS) LTD.,   )
FREDERICK S. HAMMER, LAWRENCE S.   )
DOYLE, and JOHN R. BURKE.          )
_____ )

    Having considered the Motion for Consolidation, Appointment As Lead Plaintiff And

Approval Of Selection of Lead Counsel and the Memorandum of Law and Declaration of David

R. Scott, Esquire, in support thereof, and good cause appearing therefor:

    1.    The actions are hereby consolidated pursuant to Fed. R. Civ. P. 42(a);

    2.    The following class members are hereby appointed Lead Plaintiff for the

Class pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934: Communication

Workers of America and Midstream Investments Ltd.

    3.    The law firms of Scott + Scott, LLC ("Scott + Scott") and Milberg, Weiss,

Bershad, Hynes & Lerach, LLP ("Milberg Weiss") are hereby appointed to serve as Lead

Counsel.

        SO ORDERED THIS 29⁰ day of _____, 2003.

                        _____

                             U.S. District Judge

**EXHIBIT 2**

MAY-10-2007  11:05        SIGNATURE BANK                    5164085024    P.02

Annuity and Life Re (Holdings), Ltd. Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6066
Merrick, NY 11566-9000

Signature Bank
Garden City, NY 11530
CHECK NUMBER:   00000574
CHECK DATE:      08/04/06

**PAY**   Four thousand three hundred seventy six and 14/100 Dollars                    *****$4,376.14

ORDER OF   BERKSHIRE INVESTMENTS LTD
           PO BOX HM 759
           HAMILTON BERMUDA HM CX

By  *Michael J. Akerib*
    AUTHORIZED SIGNATURE

⑈000574⑈ ⑆026013578⑈ 1500727744⑈      #00004376 14#

Date:08-23-2006 Account:1500727744 Amount:04,376.14 Serial:574 Sequence:285126530 TR:26013576 TranCode:0 DbCr:D
Pattern:1

The Bank of N.T. Butterfield & Son Ltd.Ham.Bermuda.
PAY ANY BANK BANKER OR TRUST CO.
BRH  016      TLR# TO22      BRCH 3744
DEPOSIT TO A/C:2000484098447910U
BOF A/C              026013574
DATE: 12/09/06 CHQ #:
           USD        4376.14
01-514-4772 08/23/2006
           USD

ATT: Dylan.
631-940-6551.

TOTAL P.02

MID 00045



MILBERG WEISS

March 1, 2005

David Scott, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Re:    Schnall v. Annuity & Life Re (Holdings) Ltd., et al.

Dear David:

Enclosed is the reissued check for delivery to Midstream Investments.

Sincerely,

Beth A. Kaswan

Enclosure

Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza · New York, NY 10119 · 212-594-5300 · Fax 212-868-1229 · www.milbergweiss.com

MID 00047

MILBERG WEISS BERSHAD & SCHULMAN LLP
IOLA ACCOUNT
1 PENN PLAZA
NEW YORK, NY 10119

1276

1-283
210

PAY TO THE ORDER OF: Mainstream Investments

DATE 2·28·05

$ 3,150.00

DOLLARS

citibank®
The Citigroup Private Bank

FOR

⑈001276⑈ ⑊021000089⑊ 37375380

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated, | ) · |
| | ) |
| Plaintiffs, | ) Civil Action No. 02 CV 2133 (EBB) |
| | ) |
| v. | ) |
| | ) |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR., | ) January 13, 2004 |
| | ) |
| Defendants. | ) |

### DECLARATION OF THOMAS F. CARR IN SUPPORT OF APPLICATION OF PLAINTIFF MIDSTREAM INVESTMENTS, LTD. FOR REIMBURSEMENT OF COSTS AND EXPENSES

I, Thomas F. Carr, declare under penalty of perjury, as follows:

1.      I am President of Midstream Investments, Ltd., one of the lead plaintiffs in the above-captioned action which acted as a representative of the Class. I make this declaration in support of Midstream Investments, Ltd.'s application for a payment of $3150.00 for reasonable costs and expenses incurred (including lost wages) directly relating to representation of the Class.

2.      I acted on behalf of Midstream Investments, Ltd., my personal investment vehicle, in connection with the prosecution of this action. I hired an attorney in Bermuda to investigate the best manner in which to pursue a claim against ANR. I made the initial contacts with attorneys at Scott + Scott, LLC to explain the wrong I felt had occurred in connection with the purchase of ANR's common stock by Midstream Investment, Ltd. and others. I gathered and

MID 00049

reviewed documents from my files for the attorneys' review. I reviewed the complaint and various litigation documents, such as the motion for appointment as lead plaintiff and the oppositions to the motions to dismiss. I also had periodic discussions by telephone with attorneys for the Plaintiff Class regarding the status of the litigation and settlement.

3.    In connection with this representation of the Class, I spent the following amounts of time on or about the dates indicated below:

| Date | Hours | Description of Time Spent |
|------|-------|---------------------------|
| January 27, 2003 | 1.0 | Telephone call with attorneys regarding participation in the litigation and moving as a lead plaintiff. |
| January 28, 2003 | 1.0 | Telephone call with attorneys regarding participation in the litigation and moving as a lead plaintiff. |
| February 1, 2003 | 1.0 | Telephone call with attorneys regarding moving as a lead plaintiff. |
| February 4, 2003 | 2.0 | Preparation for and participation in conference call with attorneys and Communications Workers of America regarding status and management of the litigation. |
| January – February, 2003 | 3.0 | Review of lead plaintiff motion and complaint. Review of my files for documentation regarding ANR stock holdings. |
| October 2003 | 0.5 | Telephone call with attorneys regarding status of the case. |
| January 12, 2004 | 1.0 | Review of correspondence from attorneys regarding status of the case and review of amended complaint. |
| February 27, 2004 | 1.0 | Review of correspondence from attorneys regarding status of the case and review of court's decision denying defendant Frederick Hammer's motion to dismiss. |
| April 8, 2004 | 1.5 | Review of correspondence from attorneys regarding status of the case and review of court's decisions denying the motions to dismiss of defendant John Burke as well as defendants XL Capital, Brian O'Hara and Michael P. Esposito, Jr. |
| July 11, 2004 | 0.4 | Review of correspondence from attorneys regarding mediation. |
| July 21, 2004 | 0.6 | Telephone call with attorneys regarding mediation and settlement. |
| July 30, 2004 | 0.4 | Review of correspondence from attorneys regarding settlement. |
| October, 2004 | 0.6 | Telephone call with attorneys regarding status of settlement. |
| January, 2005 | 1.0 | Review of files regarding participation in litigation. |
| **TOTAL HOURS** | **15** | |

-2-

MID 00050

4.     The reasonable cost of my time, based on my professional salary is $150.00 per hour. The above referenced 15 hours represents a cost of $2250.00.

5.     In addition, in connection with representing the Class in this action, I estimate that, on behalf of Midstream Investments, Ltd., I expended, and have not been reimbursed for, at least the following amounts on the items indicated:

$900.00     Legal Fees related to hiring a Bermuda attorney to investigate pursuing this claim

## CONCLUSION

Accordingly, I request a total of $3150.00 as and for reimbursement of Midstream Investments, Ltd.'s reasonable costs and expenses (including lost wages) directly relating to the representation of the Class.

- 3 -

MID 00051

Dated: January 13, 2005
Hamilton, Bermuda

_____

**THOMAS F. CARR, President**
**On Behalf Of Midstream Investments, Ltd.**

- 4 -

MID 00052

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SHERRY SCHNALL, Individually and<br>On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD.,<br>XL CAPITAL, LTD., LAWRENCE S. DOYLE,<br>FREDERICK S. HAMMER, JOHN F. BURKE,<br>WILLIAM W. ATKIN, BRIAN O'HARA, AND<br>MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.
3:02-CV-2133 (EBB)

## PLAINTIFF'S RESPONSE TO DEFENDANT KPMG BERMUDA'S
## FIRST SET OF INTERROGATORIES

Plaintiff Communication Workers of America Plan for Employees' Pensions & Death Benefits ("CWA Plan" or "Plaintiff") objects and responds to Defendant KPMG Bermuda's First Set of Interrogatories ("Interrogatories") as follows:

## GENERAL OBJECTIONS

1.      Plaintiff objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek discovery of or otherwise purport to impose obligations on Plaintiff beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut.

2.      Plaintiff objects to Definition 5, defining "plaintiffs," "you" and "your" to the extent that it is beyond the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) in that it purports to include Plaintiff's attorneys and similar persons within the definition.

3.      Plaintiff objects to the Interrogatories to the extent that the information sought is protected by the attorney-client privilege, the work product doctrine, the exemptions from discovery set forth in Federal Rule 26(b)(3), or is otherwise privileged and/or immune from discovery. This objection includes, but is not limited to, documents that were obtained or prepared in anticipation of litigation and/or trial preparation. Inadvertent disclosure, if any, of information subject to any privilege, including without limitation the attorney-client privilege or work-product doctrine, is not intended to waive and shall not be deemed a waiver of any such privilege against disclosure.

4.      Plaintiff objects to the Interrogatories insofar as they are overly broad, ambiguous, vague or confusing as to make a meaningful or complete response impossible.

5.      Plaintiff objects to the Interrogatories insofar as they are unduly burdensome, harassing, vexatious and designed to chill the assertion by Plaintiff of claims against the defendant.

6.      Plaintiff objects to the Interrogatories to the extent that they are duplicative of requests for documents ("Requests") already served upon Plaintiff, or for which the production of documents provides a more cost effective method for producing the information.

7.      The failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiff's right to object on any additional grounds.

8.      In providing information in response to the Interrogatories, Plaintiff does not waive or intend to waive its general and specific objections and further seeks to preserve:

(a)      All rights to object on any ground to the use of any of the responses, or its subject matter, in any subsequent proceedings, including the trial of this or any other action;

2

(b)     All rights to object on any ground to any further interrogatories or other discovery requests involving or related to the subject matter of any Interrogatory;

(c)     The right to revise, correct, supplement or clarify responses to the Interrogatories prior to trial; and

(d)     Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure or other statutes, guidelines, or common law.

9.     No incidental or implied admissions are intended in these responses. Plaintiff's responses to all or any part of the Interrogatories should not be taken as an admission that Plaintiff accepts or admits the existence of any fact or facts set forth or assumed by that Interrogatory, that Plaintiff has in its possession any document or documents responsive to that Interrogatory, or that any document or documents responsive to that Interrogatory exist.

10.     No responses are submitted on behalf of Midstream Investments. Midstream Investments objects to the interrogatories on the grounds that it is seeking to withdraw as a Lead Plaintiff.

**INTERROGATORY NO. 1**

For each lead plaintiff set forth the address of each of its locations and the date and location of its organization, incorporation and/or commencement of business.

**RESPONSE**

The CWA Plan is a defined benefit pension plan established pursuant to, and subject to the provisions of, Section 401(a) of the Internal Revenue Code and the Employee Retirement Income Security Act. The CWA Plan was established in the early 1970s. Its assets are held in Trust. CWA Plan's trustees are Barbara Easterling and Larry Cohen. CWA Plan's principal office is located at 501 Third St. N.W., 10th Floor, Washington, DC 20001.

**INTERROGATORY NO. 2**

Identify all persons knowledgeable of the circumstances leading to each plaintiff's involvement in any of the Consolidated Actions, including without limitation each person or entity (including, but not limited to, any person or entity affiliated with, employed by, associated with, retained or engaged by each plaintiff) that has knowledge of any evaluation or decision by any plaintiff to seek to be appointed as a proposed class representative in this action.

**RESPONSE**

Trustee Barbara Easterling, former Trustee Morton Bahr and their counsel.

**INTERROGATORY NO. 3**

Identify any payment, benefit or anything of value received or to be received by, or on behalf of, any plaintiff in connection with any of the Consolidated Actions.

**RESPONSE**

CWA Plan has received its allocable share of the Schnall Action Settlement in the amount of $8,673.49 as approved by the Court. If there is a judgment or settlement of the remainder of this lawsuit, the CWA Plan will receive its allocable share of that judgment or settlement.

**INTERROGATORY NO. 4**

Identify all securities of ANR purchased, sold or acquired by or on behalf of any plaintiff and, with respect to each such security, identify:

(a)    the specific type of security purchased, sold or acquired; the date on which such security was purchased, sold or acquired; the specific market on which such security was purchased, sold or acquired; the price paid or received for such security; and the method by which it was purchased, sold or acquired.

(b)    the reason(s) such security was purchased, sold or acquired; and

(c)    each person who made the decision to purchase, sell or acquire each security, or who provided any information, advice or recommendations regarding the purchase, sale or acquisition of such security.

(d)    the total amount of securities held by plaintiffs throughout the class period.

**RESPONSE**

(a)     See documents produced in response to KPMG Bermuda's First Request for

Production of Documents (the "Request")

(b)     For investment purposes.

(c)     Schroder Investment Management North America Inc.

(d)     See documents produced in response to the Requests.

## INTERROGATORY NO. 5

Identify each person or entity (including, but not limited to, any person or entity affiliated with, employed by, associated with, retained or engaged by each plaintiff) that evaluated and/or made a decision to purchase or sell or otherwise acquire or transfer ANR securities for or on behalf of any plaintiff, including, but not limited to, any investment managers or investment advisers.

**RESPONSE**

Schroder Investment Management North America Inc.

## INTERROGATORY NO. 6

Identify all persons (including, but not limited to, any and all experts) whose testimony you expect or intend to offer, either through live testimony or by affidavit, in support of the Motion for Class Certification or at any trial in this matter.

**RESPONSE**

Jane D. Nettesheim, Stanford Consulting will testify by affidavit on class certification.

No decisions have been made on other witnesses on class certification or at trial.

## INTERROGATORY NO. 7

Identify all actions, lawsuits, arbitrations or other adjudicative proceedings or regulatory enforcement actions or investigations, relating to federal or state securities laws, to which each lead plaintiff has been a party, or for which it has provided financial support either directly or indirectly, during the last three (3) years.

**RESPONSE**

CWA Plan objects on the grounds that the interrogatory is vague, ambiguous and

overbroad. CWA Plan has sought to be lead plaintiff in the following cases other than this one.

*In re Able Laboratories Securities Litigation*, Case No. 05-CV-02681-JAG-MCA
(D.N.J.)

*Staehr v. Hartford Financial Serv. Group Inc.*, Case No. 3:04-CV-01740-CFD,
(D. Conn.)

*In re NBTY, Inc. Securities Litigation*, Case No. 2:04-cv-02619-LDW-ETB (E.D.N.Y.)

*Parkside Capital Ltd., et al. v. Xerium Technologies, Inc., et al.*, Case No. 06-CV-10991,
RWZ (D. MA)

*Communication Workers of America Plan for Employees' Pensions and Death Benefits v.
CSK Auto Corporation*, Case No. 06-CV-1503-DGC (D. Ariz.)

*Durgin v. Technical Olympic USA, Inc.*, Case No. 06-CV-6184 (KAM) (S.D. FL)

*Hutton v. Hansen Natural Corporation, et al.*, Case No. CV-06-07599-JFW(PLAx) (C.D.
CA)

They are also the named plaintiff in *Communications Workers of America Plan for
Employees' Pension and Death Benefits v. Epiphany, Inc.*, Case No. CIV448816 (Superior Court
of California, County of San Mateo), a derivative action.

**INTERROGATORY NO. 8**

Identify all issues of law and/or fact raised by the claims asserted in this litigation that are
not common to all members of the class for which plaintiffs seek certification and, as to each
issue, describe how the issue will be litigated in the event the class plaintiffs proposed is
certified.

**RESPONSE**

Each plaintiff will have a different amount of damages that will be resolved through the

submission of individual claims and a formula developed with the assistance of an expert

economist.

6

**INTERROGATORY NO. 9**

Identify the method or formula by which plaintiffs propose to prove common or class wide injury and/or damages in this action and each individual upon whose knowledge, expertise or information that method or formula is based.

**RESPONSE**

Plaintiffs object on the grounds that this interrogatory is premature. Plaintiffs will use a "fraud in the market" theory for proving class wide injury, and a claims process for determining the distribution of damages as described above.

**INTERROGATORY NO. 10**

For each number or fact reported in ANR's financial statements that plaintiffs claim is false or materially misleading, state what plaintiffs claim the correct number or fact should have been and the basis for that claim.

**RESPONSE**

Plaintiffs object on the ground that this interrogatory is premature.

**INTERROGATORY NO. 11**

Identify all persons with knowledge of any facts alleged in the Complaint.

**RESPONSE**

Persons with knowledge include those identified in Plaintiffs' and Defendant's initial disclosures, and each of the persons identified in documents produced by Defendant Annuity and Life Re (Holdings), Ltd. ("ANR") and produced to KPMG (Bermuda) in response to its Requests, have knowledge of the matters addressed in those documents.

**INTERROGATORY NO. 12**

State the amount of all damages sought in this action and describe how the amount was calculated.

**RESPONSE**

Plaintiff objects on the grounds that this request is premature.

7

**INTERROGATORY NO. 13**

Identify all attorneys under indictment who have worked on any of the Consolidated Actions, state the number of hours each such attorney worked on any of the Consolidated Actions, describe their work in the litigation, and identify any class member with whom such attorney communicated.

**RESPONSE**

Two attorneys under indictment, Steven Schulman and David Bershad who were

formerly active members of Milberg Weiss, worked on this case. None currently work on this

case. Steven Schulman worked a total of 15.5 hours on the Lead Plaintiff papers in 2003 and on

the allocation of fees and expenses among the various law firms submitting fee

affidavits/declarations in 2005 in connection with the prior settlement. David Bershad worked a

total of 10 hours with respect to mediation and proposed settlement in 2004. Plaintiffs object to

the identification of any class member contacted on the basis of work product and privilege.

**INTERROGATORY NO. 14**

Explain with particularity how plaintiffs intend to provide notice of this action to the members of the proposed class, including:

    (a)    how plaintiffs intend to identify the members of the proposed class;

    (b)    the anticipated costs of providing notice to the members of the proposed class;

    (c)    the identity of the person or persons who plaintiffs contend will pay the costs of providing the described notice to the members of the proposed class.

**RESPONSE**

    (a)    Members of the proposed class have already been identified in connection with

the Schnall Action Settlement.

    (b)    The cost of notice is approximately $200,000, this amount is a cost associated

with identifying members of the Class and effecting mail Notice and Publication Notice to the

Class.

(c)     Plaintiffs expect that the costs of notice will be paid from the proceeds of the

Schnall Action Settlement.

## **INTERROGATORY NO. 15**

Identify all individuals who answered, assisted in the preparation of, or provided any information for, plaintiffs' answers to these interrogatories.

9

## RESPONSE

By virtue of the nature of the questions, except as to questions solely about the CWA

Plan, most of the responses are based upon knowledge of counsel involved in this lawsuit, or

otherwise representing the CWA Plan, including:

Barry A. Weprin
Ann E. Gittleman
Milberg Weiss & Bershad LLP
One Pennsylvania Plaza
New York, New York  10119

David R. Scott
Scott + Scott, LLP
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Thomas Hart
Slevin & Hart, P.C.
1625 Massachusetts Avenue, NW
Ste. 450
Washington, DC  20036

Beth Kaswan
Scott + Scott, LLP
75 Rockerfeller Plaza
19th Floor, Suite 1915
New York, NY  10019

These interrogatory responses have also been reviewed by Barbara Easterling, a trustee

for the CWA Plan.

Dated:   June 1, 2007

By:    *David R. Scott/ay*

SCOTT + SCOTT, LLP
David R. Scott (Juris No. 16080)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
(860) 537-3818

Beth Kaswan (Juris No. 21415)
75 Rockefeller Plaza
19th Floor, Suite 1915
New York, NY 10019
(212) 710-1040

10

**MILBERG WEISS & BERSHAD LLP**
Barry A. Weprin (Juris No. 06136)
Ann E. Gittleman
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

Co-Lead Counsel for Plaintiffs

11

## AFFIRMATION

I have reviewed the attached Plaintiff's Response to Defendant KPMG Bermuda's First Set of Interrogatories.

I declare under penalty of perjury under the laws of the United States that the information contained therein is true to the best of my knowledge, information and belief.

Barbara Easterling

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No 02 CV 2133 (EBB)

## CERTIFICATE OF SERVICE

I, Ann E. Gittleman, hereby certify that on June 1, 2007, I caused a true and correct copy of PLAINTIFF'S RESPONSE TO DEFENDANT KPMG BERMUDA'S FIRST SET OF INTERROGATORIES to be served upon:

Paul A. Straus, Esq.
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003

enclosed in a post-paid properly addressed wrapper, to be deposited in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York and by electronic mail.

Ann E. Gittleman

**EXHIBIT 4**



May 2, 2007

***Via UPS Overnight***
Paul A. Strauss
King & Spalding
1185 Avenue of the Americas
New York, NY 10036-4003

RE:    Schnall v. Annuity and Life Re (Holdings), Ltd., *et al*

Dear Paul:

I am writing in connection with the Rule 30(b)(6) notices of deposition of the lead plaintiffs which were served last week without prior consultation as to their and counsel's availability on the selected dates for the depositions. We have a conflict with one, and perhaps both dates. I expect to be able to provide you with alternative dates by the end of the week.

We would also like to schedule a telephone call to "meet and confer" on the discovery matters in your two May 2, 2007 letters. Are you available for a call Monday, May 7 in the afternoon?

Thank you for your attention.

Very truly yours,
SCOTT + SCOTT LLP

Beth A. Kaswan

Beth A. Kaswan

BAK:lla
cc:  Barry Weprin

ATTORNEYS AT LAW    CALIFORNIA    SCOTT + SCOTT, LLP    619 233-4565 VOICE

NEW YORK    600 B STREET, STE 1500    619 233-0508 FAX

CONNECTICUT    SAN DIEGO, CA 92101    SCOTTLAW@SCOTT-SCOTT.COM

OHIO    WWW.SCOTT-SCOTT.COM