UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                                    Plaintiffs,

                                 -against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., et al.,

                                 Defendants.

CIVIL ACTION NO.
3:02CV2133 (EBB)

July 6, 2007

------------------------------------------------------------------------x

**KPMG BERMUDA'S MOTION TO EXTEND TIME TO RESPOND
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

       Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure and Rule 7(b) of the Local Rules of Civil Procedure, defendant KPMG (Bermuda) ("KPMG Bermuda") hereby respectfully moves for an extension of time to respond to plaintiffs' Motion for Class Certification (the "Certification Motion") in this matter until 30 days after the later of (i) entry of the Court's order deciding plaintiffs' pending Motion to Withdraw Midstream Investments, Ltd. ("Midstream") as a Lead Plaintiff and Class Representative and for a Protective Order (the "Withdrawal Motion") or (ii) the completion of any and all discovery and other proceedings consistent with the Court's order deciding the Withdrawal Motion.  Unless this motion is granted, KPMG Bermuda will be required to respond to plaintiffs' Certification Motion at a point when proposed class representative plaintiff Midstream has prevented

KPMG Bermuda from completing class certification discovery, and while the very identity of the class representative proposed by plaintiffs is in question.[1]

The requested extension is required because Midstream has refused to comply with KPMG Bermuda's discovery requests. Midstream has refused to sit for a deposition and with only four months remaining before the scheduled close of fact discovery, has moved to withdraw as one of the two members of the group appointed as Lead Plaintiff in the Schnall action and as proposed class representative, thereby creating uncertainty regarding the identity of the proposed class representative in this action. KPMG Bermuda cannot formulate a response to the Certification Motion until the Withdrawal Motion has been resolved. KPMG Bermuda now moves within the existing deadline[2] to extend its time to respond to the Certification Motion until 30 days after entry of the Court's order deciding plaintiffs' Withdrawal Motion or the completion of any and all discovery and other proceedings consistent with the Court's order deciding the Withdrawal Motion, whichever is later. In support of this motion, undersigned counsel for KPMG Bermuda states as follows:

---

[1] In the Certification Motion, plaintiffs purported to seek certification of "Lead Plaintiffs," CWA and Midstream, as class representatives, implying that each had been appointed an independent Lead Plaintiff. Memorandum of Law of in Support of Plaintiffs' Motion for Class Certification (Docket No. 232) at 1. In fact, Midstream and CWA were appointed together as one Lead Plaintiff in the Schnall action by combining their alleged losses.

[2] Plaintiffs and KPMG Bermuda agreed in their Rule 26(f) scheduling conference that KPMG Bermuda's opposition to the Certification Motion would not be due until May 30, 2007, to afford time for discovery in advance of filing that opposition. The Court issued an order reflecting the parties' agreement on February 21, 2007. On May 29, 2007, to allow for the scheduling of depositions of the named plaintiffs and for document production by those plaintiffs, KPMG Bermuda moved with plaintiffs' consent to extend its time to respond to the Certification Motion until July 9, 2007. The Court issued an order reflecting that agreement on May 31, 2007. The foregoing motions on consent are the only motions KPMG Bermuda has filed to extend its time to respond to the Certification Motion.

1.      On December 4, 2002, plaintiff Sherry Schnall filed a complaint against Annuity and Life (Holdings) Re, Ltd. ("ANR") and certain other defendants, not including KPMG Bermuda.  On February 3, 2003, Midstream and Communications Workers of America ("CWA"), applied to be named the sole Lead Plaintiff representing the entire putative class and were appointed as sole Lead Plaintiff by Judge Goettel on March 29, 2003.[3]

2.      On October 23, 2003, Midstream and CWA commenced the instant action against KPMG Bermuda, captioned <u>Commc'n Workers of Am., et al. v. KPMG LLP (United States), et al.</u>, Civ. No. 03 CV 1826 (GLG).  On January 2, 2004, this case was consolidated with <u>Schnall</u> for all pretrial purposes, and on January 13, 2004, plaintiffs filed a First Amended Class Action Complaint against KPMG Bermuda.  On March 15, 2004, KPMG Bermuda filed a Motion to Dismiss the First Amended Class Action Complaint.

3.      On August 30, 2006, the Court issued a ruling denying KPMG Bermuda's Motion to Dismiss and on September 14, 2006, KPMG Bermuda moved for reconsideration or clarification, in part.  That motion has been fully briefed and is <u>sub judice</u>.  On November 21, 2006, KPMG Bermuda served its answer to plaintiffs' First Amended Class Action Complaint.

4.      On May 18, 2006, the United States Attorney for the Central District of California announced the indictment of plaintiffs' Lead Counsel, Milberg, Weiss & Bershad, LLP ("Milberg"), and two of its partners, Steven Schulman and David Bershad, on charges relating to allegedly paying individuals to serve as lead plaintiffs in securities fraud class

---

[3] Midstream and CWA comprised the "Midstream Group," which sought appointment as sole Lead Plaintiff in the <u>Schnall</u> action, and remains the only Lead Plaintiff in this case.  <u>See</u> Memo of Law in Further Support of the Mot. of the Midstream Group, dated Mar. 3, 2003 (Docket No. 24).

actions. Both indicted partners have billed time to this case, and Mr. Schulman was identified by plaintiffs as having worked on the Midstream Group's application to be appointed Lead Plaintiff.

    5.  Consistent with the parties' agreed-upon schedule, on January 31, 2007, plaintiffs filed the Certification Motion.[4] On March 1, 2007, the Court entered a Scheduling Order reflecting the parties' agreed-upon schedule and providing for all fact discovery to be completed by October 31, 2007.

    6.  Plaintiffs' Certification Motion seeks certification of a class of alleged purchasers of ANR securities. Plaintiffs propose as class representatives Midstream and CWA, which are referred to as the "Lead Plaintiffs," notwithstanding the fact that Midstream and CWA sought and obtained appointment in Schnall as one Lead Plaintiff by combining their alleged losses.[5] In support of the Certification Motion, plaintiffs submitted a certification by Midstream's representative, Thomas F. Carr, in which Midstream undertook "to serve as a representative party on behalf of the class, including providing testimony at deposition and trial." See Decl. of Beth Kaswan, Ex. C, Cert. of Midstream, dated October 22, 2003 (Docket No. 232) (emphasis added).

---

[4] On February 16, 2007, KPMG Bermuda filed a motion on consent for an extension of time until May 30, 2007 to respond to the Certification Motion, which the Court granted on February 21, 2007. The Court granted a second extension on consent to July 9, 2007 to afford time for class certification discovery.

[5] In the Schnall case that was consolidated with this action, Midstream and CWA sought (and won) appointment, not as co-lead plaintiffs, but as a single Lead Plaintiff. Midstream and CWA were deliberately combined in order to create a "significant financial interest" in this case and to be a viable candidate for Lead Plaintiff. See Memo in Support of the Mot. of CWA and Midstream for Consolidation, Appt. as Lead Pl. and for Approval of Selection of Lead Counsel, dated Feb. 3, 2003 at 6-9 (Docket No. 12).

7. On March 5, 2007, KPMG Bermuda served plaintiffs with its first set of document requests, and on April 25, 2007, KPMG Bermuda served Interrogatories and Notices of Rule 30(b)(6) Depositions on Midstream and CWA.

8. On May 2, 2007, plaintiffs' counsel advised KPMG Bermuda of a conflict with the dates noticed for the depositions of CWA and Midstream and promised to revert back with alternative dates for both depositions. Instead, on May 23, 2007, plaintiffs' counsel advised KPMG Bermuda that Midstream would not appear for a deposition and was seeking to withdraw. To date, Midstream has now refused to sit for a deposition, answer KPMG Bermuda's interrogatories, or produce any documents in its own possession.

9. On June 5, 2007, plaintiffs filed the Withdrawal Motion, in which, after four years of litigation, Midstream seeks to withdraw as Lead Plaintiff and class representative only a few months before the closing of discovery for the express purpose of avoiding compliance with KPMG Bermuda's pending discovery requests and deposition notice.[6]

10. On June 26, 2007, KPMG Bermuda filed a memorandum of law and declaration in opposition to the Withdrawal Motion,[7] arguing that Midstream should not be permitted to evade its discovery obligations by seeking to withdraw at the eleventh hour and

---

[6] In particular, Midstream now states that because of its "modest recovery" in a partial settlement in this case that was entered into almost three years ago, as well as the fact that KPMG Bermuda is the sole remaining defendant, Midstream is "no longer willing to undergo the burden of serving as Lead Plaintiff, and particularly to prepare for and attend its deposition." See Memo of Law in Support of Midstream's Motion, dated June 5, 2007 at 2 (Docket No. 246).

[7] See Docket No. 249.

that a withdrawal by Midstream would dissolve the sole Lead Plaintiff with just four months remaining before the close of fact discovery.[8] The Withdrawal Motion is currently pending.

11. Unless the instant motion is granted, KPMG Bermuda will be required to respond to plaintiffs' Certification Motion at a point when Midstream has thwarted class certification discovery, and while the very identity of the proposed class representative is in question. In the certification submitted under penalty of perjury in support of the Certification Motion, Midstream undertook to provide discovery and sit for a deposition, but Midstream has now refused to sit for a deposition, answer KPMG Bermuda's interrogatories, or produce any documents in its own possession. Yet Midstream is the only entity that can testify to its dealings with Milberg, and the only member of the Lead Plaintiff that can testify regarding its knowledge of ANR and its decision to purchase ANR securities.[9] Whether or not Midstream is permitted to withdraw, that discovery is essential.[10] Since Midstream refuses to comply with its discovery obligations absent a court order directing it to do so, KPMG Bermuda will not have had an opportunity to complete its class certification discovery by the time its opposition to the Certification Motion is currently due, on July 9.

---

[8] KPMG Bermuda further argued that in all events, Midstream should be required to comply with KPMG Bermuda's discovery requests and deposition notice, because Midstream is the only entity that can testify regarding its dealings with Lead Counsel Milberg Weiss, which has been indicted on charges relating to allegedly paying individuals to serve as lead plaintiffs, and regarding Midstream's decisions to buy and sell ANR securities in the market during the Class Period.

[9] CWA relied exclusively on an investment advisor with discretionary authority and was not involved in the decisions to purchase ANR securities on its behalf. CWA cannot testify about those decisions, what the investment adviser knew, or what it relied on.

[10] E.g., Funke v. Life Fin. Corp., No. 99 Civ. 11877 (CBM), 2003 WL 21182763 at *2 (S.D.N.Y. May 20, 2003) (directing lead plaintiff seeking to withdraw to appear for deposition).

12. In addition, the Withdrawal Motion has called into doubt the very identity of the class representative. Under Rule 23, plaintiffs' motion for class certification cannot be granted unless plaintiffs have borne their burden of establishing that their proposed class representative is adequate.[11] Plaintiffs' motion proposed CWA and Midstream -- i.e., the Midstream Group -- as class representatives. Now that Midstream has sought to withdraw, however, KPMG Bermuda cannot know who the class representative will be until the Withdrawal Motion is decided. As KPMG Bermuda has argued in opposition to the Withdrawal Motion, Midstream should not be permitted to withdraw at the eleventh hour of this action, when only a few months remain for fact discovery; nevertheless, if Midstream is permitted to withdraw, a new lead plaintiff would need to be appointed, requiring further proceedings. Until the Withdrawal Motion is decided, therefore, KPMG Bermuda will not even know the identity of the proposed class representative, much less have had an opportunity to obtain discovery from it.

13. Accordingly, KPMG Bermuda cannot formulate its response to the Certification Motion until the Withdrawal Motion has been resolved and class certification discovery and any post-decision proceedings have been completed. KPMG Bermuda therefore asks that its time to respond to the Certification Motion be extended until 30 days after the later of (i) entry of the Court's order deciding plaintiffs' Withdrawal Motion or (ii) the completion of any and all discovery and other proceedings consistent with the Court's order deciding the Withdrawal Motion.

---

[11] E.g., In re Initial Public Offering Sec. Litig., 471 F.3d 24, 40 (2d Cir. 2006) ("[A] district court may not grant class certification without making a determination that all of the Rule 23 requirements are met.") (vacating and remanding district court's decision granting plaintiffs' motion for class certification).

14.     This motion is being filed within the existing deadline for KPMG Bermuda to respond to the Certification Motion. This matter has not been assigned to trial. The requested extension will not directly affect any other deadlines in the case, although the filing of plaintiffs' Withdrawal Motion, as well as any subsequent discovery and proceedings, could necessitate extending the deadline for fact discovery and other dates in the Scheduling Order.

15.     On July 5, 2007, KPMG Bermuda's counsel contacted Beth Kaswan, counsel for plaintiffs, by e-mail to request plaintiffs' consent to the relief sought in this motion. Plaintiffs' counsel responded that plaintiffs do not consent.

WHEREFORE, KPMG Bermuda respectfully requests that this Court extend its time to respond to the Certification Motion until 30 days after the later of (i) entry of the Court's order deciding plaintiffs' pending Withdrawal Motion or (ii) the completion of any and all discovery and other proceedings consistent with the Court's order deciding the Withdrawal Motion, together with such other and further relief as the Court deems proper.

**DEFENDANT
KPMG BERMUDA**

By:    <u>/s/ Morgan P. Rueckert</u>
       Frederick S. Gold
       Fed. Bar. No.: ct 03560
       Morgan P. Rueckert
       Fed. Bar. No.: ct 19838
       SHIPMAN & GOODWIN LLP
       300 Atlantic Street
       Stamford, Connecticut 06901
       Tel. (203) 324-8100
       Fax. (203) 324-8199

       Michael J. Malone
       Paul A. Straus
       Mordecai Geisler
       KING & SPALDING LLP
       1185 Avenue of the Americas
       New York, New York 10036
       Tel. (212) 556-2100
       Fax. (212) 556-2222

       Attorneys for KPMG BERMUDA

**Certificate of Service**

    I hereby certify that on July 6, 2007, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Pursuant to the Court's Electronic Filing Order, a paper copy will be delivered to Chambers.

            /s/ Morgan P. Rueckert
            Morgan P. Rueckert
            Fed. Bar No. ct19838
            Shipman & Goodwin LLP
            300 Atlantic Street
            Stamford, CT 06109
            Tel: (203) 324-8100
            Fax: (203) 324-8199