UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 02-CV-2133 (EBB) |

**PLAINTIFFS' OPPOSITION TO KPMG BERMUDA'S THIRD REQUEST FOR AN EXTENSION TO FILE THEIR RESPONSE TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

1.      KPMG Bermuda has advised counsel for Plaintiffs that it again will seek an extension to file its opposition to Plaintiffs' motion for class certification which is now due on Monday, July 9, 2007. Plaintiffs oppose this request.

2.      Plaintiffs filed their motion for class certification on January 31, 2007, so that KPMG Bermuda's response was initially due on February 21, 2007. Plaintiffs then consented to extend the time for KPMG Bermuda's response to May 30, 2007, to permit it to conduct discovery before filing its response.

3.      Not until March 5, 2007, did KPMG Bermuda serve its document requests (that were well beyond the type of discovery needed for a class certification response), and it delayed until April 25, 2007 in serving its notices of deposition and first set of

interrogatories. KPMG Bermuda noticed Plaintiffs' depositions without first consulting with Plaintiffs counsel to attempt to agree on dates when the deponents would be available to testify. Instead, KPMG Bermuda noticed the depositions of Midstream, and Communications Workers of America ("CWA") for May 21, 2007 and May 22, 2007, within the last 9 days before KPMG Bermuda's opposition to the class certification motion was due.

4. Plaintiffs advised KPMG Bermuda that Plaintiffs and/or their counsel had conflicts with the dates they selected for the depositions. To permit the deposition dates to be rescheduled, Plaintiffs consented to KPMG Bermuda's request for another extension to file their opposition to the class certification motion.

5. KPMG Bermuda requested the date of July 9, 2007 for its response to Plaintiffs' class certification motion <u>after</u> Plaintiffs had advised Paul Straus, counsel for KPMG Bermuda, on May 23, 2007, that Midstream was unwilling to sit for a deposition and would be seeking to withdraw as a lead plaintiff. KPMG Bermuda filed and served its request for the extension to July 9, 2007, on May 29, 2007.

6. As described in Plaintiffs' papers in support of their motion to withdraw Midstream as a lead plaintiff and class representative and for a protective order, Plaintiffs understood from counsel's conversation with Mr. Straus on May 30, 2007, that he was consenting to the withdrawal of Midstream as a lead plaintiff. This did not then seem to be a significant issue because, presumably, KPMG Bermuda, in opposing class certification, would demand Midstream's removal as a class representative -- since Midstream had not agreed to appear for its deposition. Obviously, a class representative

2

who is unwilling to fully engage in discovery on behalf of the class is not an adequate class representative under Fed.R.Civ.P. 23(a)(4).

8. To justify its opposition to Midstream's efforts to withdraw as a lead plaintiff and class representative (and to obtain discovery from Midstream despite its request to withdraw), KPMG Bermuda has smeared Midstream with baseless innuendo suggesting that it had an illicit arrangement with Steven Schulman and/or David Bershad, formerly of Milberg Wiess, and who have been indicted by a grand jury in the Central District of California. ("Both indicted partners, Steven Schulman and David Bershad, billed time to this case, and Mr. Schulman worked specifically on the appointment of the Midstream Group as Lead Plaintiff….Only Midstream can testify regarding what, if any, promises or payments were made to it upon being brought in this case.")[1]

9. As the attached Declaration of Thomas F. Carr reflects, KPMG Bermuda has no reasonable basis for these charges. Mr. Carr does not recall even meeting or speaking to either Steven Schulman or David Bershad. Midstream is and has always been the client of Scott + Scott, LLP, and the only payments it received for its services in connection with this case was for $3,150.00, made pursuant to this Court's approval of the partial settlement in this case. Mr. Carr's sworn statement to obtain the $3,150.00 payment was filed as part of the settlement approval papers, and a copy of this declaration has been produced to KPMG Bermuda in response to its discovery requests.

10. Thus, as further described in the papers filed in support of Plaintiffs motion to withdraw Midstream and for a protective order, there is no good faith basis for KPMG Bermuda's opposition to the withdrawal of Midstream or the demand for its

---

[1] See the Defendant KPMG Bermuda's Memorandum of Law in Opposition to Motion to Withdraw Midstream Investments, Ltd. as Lead Plaintiff and Class Representative And for A Protective Order, at p. 8.

deposition. Plaintiffs first received the request for an additional extension for KPMG Bermuda to file its class certification opposition by e-mail, last night, at 8:40 p.m. -- 2 business days before KPMG Bermuda's class certification response is due. As of 5:00 p.m. today, July 6, 2007, no formal motion for an extension has been served on Plaintiffs.

11. As KPMG Bermuda has not shown "good cause" pursuant to Local Civil Rule 7(b)(2) for its current request for yet another extension, the request should be denied and KPMG Bermuda should be required to file its opposition to Plaintiffs' motion for class certification, if it has any, by July 9, 2007.


Dated: July 6, 2007            Respectfully submitted,
                                      **SCOTT + SCOTT LLP**

                                      /s/ David R. Scott

David R. Scott (Juris No. 16080)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone (860) 537-5537
Facsimile (860) 537-4432

Beth A. Kaswan (Juris No. 21415)
75 Rockefeller Center, Suite 1915
New York, New York 10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041


MILBERG WEISS & BERSHAD LLP
Barry A. Weprin (Juris No. 06136)
One Pennsylvania Plaza
New York, New York 10119
Telephone (212) 594-5300
Facsimile: (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

4