UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,<br><br>Defendants. | Civil Action No. 02-CV-2133 (EBB) |

## DECLARATION OF BETH A. KASWAN

I, Beth A. Kaswan, declare that the following is true to the best of my knowledge and belief under penalty of perjury:

1. I am of counsel to Scott + Scott, LLP, one of the lead counsel in this case. I make this declaration in further support of Plaintiff's Motion to Withdraw Midstream Investments, Ltd as Lead Plaintiff and Class Representative and for a Protective Order (the "Motion"), and to respond to the Declaration of Paul Straus, counsel to KPMG Bermuda.

2. Following the receipt of a Rule 30(6)(b) notice to take the deposition of Midstream Investments, Ltd in Connecticut, I contacted Thomas Carr in Bermuda, to determine dates on which he would be available for his deposition. Although at first it appeared that Mr. Carr was only unable to attend on the date in the notice, I later learned

that he was not willing to voluntarily attend a deposition on the noticed date or any other date.

3. I spoke, by telephone, to Mr. Straus multiple times between May 23, 2007 and June 1, 1007 about Mr. Carr's deposition. I took brief, contemporaneously prepared notes of these calls. On May 23, 2007, I advised Mr. Straus that Midstream had decided to withdraw as a lead plaintiff and would not agree to attend a deposition. On May 30, 2007, I had a lengthy conversation with Mr. Straus in which I explained to Mr. Straus that Mr. Carr was the sole principal and employee of Midstream Investments and asked whether KPMG Bermuda would consent to Midstream's withdrawal as a lead Plaintiff, and whether KPMG Bermuda would withdraw its notice of deposition. A significant part of this conversation concerned the question of whether there was anything to be gained by KPMG Bermuda in proceeding with an attempt to obtain a Court Order requiring Mr. Carr to attend a deposition, when he resides in Bermuda.

4. Mr. Straus correctly notes in his declaration (at ¶ 3) that on the May 30, 2007 telephone call, he told me that he did not object to Midstream's withdrawal as a lead plaintiff, (but I have no recollection of his using the words "in theory"), and that he would need to check with others to determine whether they wanted to continue to demand discovery from Mr. Carr.

5. As my "to do" list reflects, on June 1, 2007, I called Mr. Straus to obtain his firm's final position on Mr. Carr's deposition. Mr. Straus called me back at about 4:00 p.m., and in a conversation that lasted seconds, told me that they would not consent to forgo Mr. Carr's deposition. My only note regarding what transpired on this call, states: "Per Paul Straus – no consent to withdraw discovery requests." At the same time, I

made a note to myself stating, "Need authorities re absentee class member – no discovery." Thus, my notes confirm my recollection that there was no discussion on June 1, 2007 regarding the withdrawal of Midstream Investments as a lead plaintiff.

6.  The reason that the bulk of the discussions with Mr. Straus concerned whether KPMG Bermuda would continue to seek a deposition from Mr. Carr is because I assumed that, in light of Mr. Carr's unwillingness to voluntarily perform his discovery obligations as a lead plaintiff and class representative, KPMG Bermuda would take the position, when responding to Plaintiffs' pending Motion for Class Certification, that Midstream Investments was an "inadequate" class representative -- so that KPMG Bermuda would itself seek Midstream's removal as a class representative from this case. Thus, in my view, there was, and is, no reason for an objection by KPMG Bermuda to Plaintiffs' efforts to withdraw Midstream as a lead plaintiff and class representative -- clearly if, for whatever reason, Midstream refuses to perform its obligations to protect the class, it cannot properly serve as a class representative. Thus, there does not appear to be any good faith basis for KPMG Bermuda's current objection.

Dated: July 6, 2007
New York, New York

Beth A. Kaswan
SCOTT + SCOTT, LLP
19th Floor, Suite 1915
75 Rockefeller Plaza
New York, NY 10019
P: (212) 710-1040
F: (212) 710-1041
bkaswan@scott-scott.com