# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, individually and On Behalf of All Others Similarly Situated,<br><br>                 Plaintiffs,<br>   v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, and MICHAEL P. ESPOSITO, JR.,<br><br>                 Defendants. | Civil Action No. 02-CV-2133 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MIDSTREAM INVESTMENTS, LTD'S MOTION TO WITHDRAW AS A LEAD PLAINTIFF AND CLASS REPRESENTATIVE AND FOR A PROTECTIVE ORDER**

**SCOTT + SCOTT LLP**
Beth A. Kaswan (Juris No. 21415)
75 Rockefeller Center, Suite 1915
New York, New York 10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041
    -and-
David R. Scott (Juris No. 16080)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone (860) 537-5537
Facsimile (860) 537-4432

**MILBERG WEISS & BERSHAD LLP**
Barry A. Weprin (Juris No. 06136)
One Pennsylvania Plaza
New York, New York 10119
Telephone (212) 594-5300
Facsimile: (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

Plaintiff, Midstream Investments, Ltd. ("Midstream"), through its attorneys, respectfully submits this Reply Memorandum of Law, and the declarations of Thomas F. Carr ("Carr Declaration") and Beth A. Kaswan ("BAK Declaration"), in further support of the Motion to Withdraw Midstream Investments, Ltd. ("Midstream") as a lead plaintiff and class representative and for a protective order.

As reflected in Plaintiff's moving papers, and the declaration of Thomas F. Carr submitted with this reply, now that the bulk of the case has settled, and KPMG Bermuda remains the only Defendant, Midstream, a single-person company in Bermuda, is no longer willing to assume the responsibilities of a lead plaintiff and class representative, including appearing at a deposition noticed for Connecticut. With this withdrawal, as the long list of cases cited in Plaintiff's moving papers demonstrate (and which cases KPMG Bermuda does not address in its opposition papers) there is no legitimate basis for conducting a deposition of Midstream as an absentee plaintiff.

Apparently to avoid this result, KPMG Bermuda has switched gears and now vehemently opposes Midstream's withdrawal from this case as well demands that Midstream's deposition go forward.[1] According to KPMG Bermuda, Midstream must remain as a class representative because Judge Goettel appointed "one single Lead Plaintiff", an entity called the "Midstream Group" (Def. Mem. 1); and that to permit Midstream to "shirk its discovery obligations" would permit lawyers to offer up "straw" lead plaintiffs. (Def. Mem. 2) KPMG Bermuda also argues

---

[1] Counsel to plaintiffs and KPMG Bermuda have differing recollections of their conversations about whether counsel to KPMG Bermuda, consented or merely "theoretically" consented to Midstream's withdrawal as a lead plaintiff and class representative. That is likely because this was not a significant point at the time -- Plaintiffs always assumed that if Midstream refused to voluntarily appear or testify, KPMG Bermuda would oppose class certification on the grounds

that it needs Midstream's testimony to investigate what supposed "promises or payments" were made to it by Steven Schulman and David Bershad, two lawyers from Milberg Weiss, who have been indicted by a grand jury in the Central District of California.

This Court should look beyond Defendant's histrionics and grant Midstream's application. First, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") 15 U.S.C. 78U-4(A)(2)(4)(iii), does not permit requiring a plaintiff to serve a class against its will (plaintiff must be "willing to serve as a representative party on behalf of" the class), and a plaintiff who is no longer willing to perform its responsibilities to the class as a class representative, is clearly not an "adequate" representative for the class certification purposes.

Federal Rule of Civil Procedure 21 provides that, "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Courts regularly apply this rule so as to permit a lead plaintiff who no longer wishes to undertake the responsibilities of lead plaintiff to withdraw. *See e.g., In re Initial Pub. Offering Secs. Litig.*, 224 F.R.D. 550, 552 (S.D.N.Y. 2004) (allowing lead plaintiffs to withdraw for "personal reasons").

Moreover, contrary to KPMG Bermuda's insinuations that something sinister is occurring, cases addressing the withdrawal of a PSLRA lead plaintiff generally hold that withdrawal during the pendency of a case is neither extraordinary nor improper. *See, e.g., In re CIGNA Corp. Secs. Litig.*, No. 02-8088, 2005 U.S. Dist. LEXIS 35524, at *6 (E.D. Pa. Dec. 23, 2005) (co-lead plaintiff allowed to withdraw leaving single lead plaintiff); *In re Bank One Secs. Litig./First Chicago S'holder Claims*, No. 00 CV 0767, 2002 U.S. Dist. LEXIS 8709, at *3 (N.D.

---

that Midstream was an "inadequate" representative under Fed.R.Civ.P. 23(a), and seek its removal. See BAK declaration, ¶ 6.

Ill. May 9, 2002) (co-lead plaintiff allowed to withdraw leaving single lead plaintiff); *In re Ins. Mgmt. Solutions Group, Inc. Secs. Litig.*, 206 F.R.D. 514, 515 (M.D. Fla. 2002) (same); *see also, Org. of Minority Vendors, Inc. v. Ill. Central-Gulf R.R.*, No. 79-C-1512, 1987 U.S. Dist. LEXIS 14049, at *1 (N.D. Ill. Apr. 1, 1987) ("[a]bsent a good reason, however, a plaintiff should not be compelled to litigate if it doesn't wish to" (allowing plaintiff class representatives to withdraw)). Withdrawal of Midstream is thus fully appropriate in this matter, especially since this case has been sitting dormant for years.

Second, KPMG Bermuda is simply wrong about which entities were appointed Lead Plaintiffs in this case. Communications Workers of America ("CWA") and Midstream separately applied to be Lead Plaintiffs by separately executing their own certifications. Barbara J. Easterling, Secretary-Treasurer of CWA, executed the Certification on CWA's behalf, and Thomas F. Carr, President of Midstream executed the Certification on Midstream's behalf. CWA and Midstream were each appointed by this Court to serve as Lead Plaintiffs - - as the order attached to the Declaration of KPMG Bermuda's counsel, Paul A. Straus (the "Straus Declaration") reflects. See the order attached as Exhibit 1. Midstream's withdrawal would not require this Court to substitute or appoint another Lead Plaintiff (although it may) in this matter because CWA will continue to fulfill its duties as Lead Plaintiff and proposed class representative.

Third, there is no merit to KPMG Bermuda's argument that Plaintiffs strategically and improperly combined the losses of Midstream and CWA to create the largest financial interest in this case and therely become appointed as Lead Plaintiffs. Even when CWA and Midstream's losses are aggregated, they would still be less than the greater loss of their competitor, General Retirement System of the City of Detroit's ("Detroit"). It is evident from the lead plaintiff

briefing (even though the Court did not issue a written decision), that Detroit was not appointed Lead Plaintiff for other reasons.  As a result, it did not matter how much loss CWA or Midstream had occurred because Detroit was an unsuitable lead plaintiff.

KPMG Bermuda's efforts to obtain a deposition from Midstream through baseless innuendo and smears should be rejected out of hand.  As the declaration of Thomas Carr reflects, he approached Scott + Scott, LLP and became its client, not Milberg Weiss's.  Mr. Carr does not know Steven Schulman or David Bershad, and has received no illicit payments.  To obtain reimbursement for his expenses and costs from the proceeds of the partial settlement in this case, Mr. Carr submitted a sworn statement to the Court requesting $3,150, which was then approved by the Court.  Counsel to KPMG Bermuda has had this earlier declaration because it was produced in discovery.  Indeed, it is attached as Exhibit 2 to the Straus Declaration.  It should be noted that this earlier declaration by Mr. Carr, executed long before the indictments came down, also says that Mr. Carr made the "initial contact with Scott + Scott, LLC".

Finally, any question or discovery request that KPMG Bermuda still has can be directed to Lead Plaintiff CWA.  *See*, *In re Urethane Antitrust Litig.*, No. 04-MD-161-JWl-DJW, 2006 U.S. Dist. LEXIS 38503 at *22 (D. Kan. June 9, 2006) ("[t]he information defendants need regarding class certification issues may be obtained from the remaining class representatives.  To require [the withdrawing Plaintiff] to give a Rule 30(b)(6) deposition at this time, when it would serve no valid class certification purpose . . . would subject [the withdrawing Plaintiff] to undue burden."). In fact, CWA's Secretary-Treasurer has been deposed by KPMG Bermuda, and CWA has produced its files and answered KPMG Bermuda's interrogatories.  As such, KPMG Bermuda has obtained the information it needs to address class certification in this case and raise whatever defenses it may have against the class. Midstream's withdrawal as Lead Plaintiff will

not prejudice Defendants or the class, because there is another Lead Plaintiff, CWA, that is actively carrying out its duties as a Lead Plaintiff and representing the interest of the class.

## CONCLUSION

For all these reasons, Plaintiffs motion to Withdraw Midstream as a Lead Plaintiff and Class Representative should be granted, and a protective order issued barring KPMG Bermuda's deposition of Midstream.

Dated: July 6, 2007

Respectfully submitted,
**SCOTT + SCOTT LLP**

/s/ David R. Scott

David R. Scott (Juris No. 16080)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone  (860) 537-5537
Facsimile   (860) 537-4432

Beth A. Kaswan (Juris No. 21415)
75 Rockefeller Center, Suite 1915
New York, New York 10019
Telephone:  (212) 710-1040
Facsimile:  (212) 710-1041

MILBERG WEISS & BERSHAD LLP
Barry A. Weprin (Juris No. 06136)
One Pennsylvania Plaza
New York, New York 10119
Telephone  (212) 594-5300
Facsimile:  (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

- 7 -

Case 3:02-cv-02133-EBB    Document 252    Filed 07/06/2007    Page 7 of 7

- 7 -