UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of
All Others Similarly Situated,

                        Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., et al.,

                        Defendants.

CIVIL ACTION NO.
3:02CV2133 (EBB)

July 17, 2007

------------------------------------------------------------------------x

**KPMG BERMUDA'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND TIME
TO RESPOND TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

        Defendant KPMG (Bermuda) ("KPMG Bermuda") respectfully submits this reply in further support of its Motion to Extend Time to Respond to Plaintiffs' Motion for Class Certification (the "Extension Motion"). In their opposition (the "Opp.") to the Extension Motion, plaintiffs do not seriously dispute that KPMG Bermuda cannot respond to the Certification Motion now, while proposed class representative Midstream has prevented KPMG Bermuda from completing class certification discovery and the identity of the class representative proposed by plaintiffs is in question. Instead, plaintiffs merely rehash their arguments in support of their Withdrawal Motion. Whether that motion is granted or not, however, KPMG Bermuda cannot respond to the Certification Motion until these issues are resolved. In reply to plaintiffs' opposition, KPMG Bermuda clarifies the following three points:

        1.     First, while plaintiffs attempt to blame KPMG Bermuda for its inability to respond to the Certification Motion (Opp. ¶ 3), it is plaintiffs' delays and refusal to comply with

their discovery obligations and the uncertainty regarding the identity of the class representative that have prevented KPMG Bermuda's moving forward. Although plaintiffs suggest that KPMG Bermuda caused "delay" by serving its deposition notices on April 25, 2007 (Opp. ¶ 3), it could not have meaningfully deposed plaintiffs before their documents were produced. CWA did not complete its production of documents until June 6, 2007, over a month later than anticipated by the Scheduling Order. Midstream still has not produced any documents from its files.[1]

       2.      Second, it is disingenuous for plaintiffs to argue that KPMG Bermuda "requested that date of July 9, 2007 for its response to Plaintiffs' class certification motion after plaintiffs had advised" KPMG Bermuda's counsel that Midstream was seeking to withdraw (Opp. ¶ 5; emphasis in original). In fact, the parties agreed that KPMG Bermuda would have until 30 days after the completion of plaintiffs' depositions to respond to plaintiffs' class certification motion, and that agreement was reached before plaintiffs announced Midstream's intent to withdraw, and at a time when KPMG Bermuda still believed both CWA and Midstream would participate in discovery.[2]

       3.      Third, contrary to plaintiffs' argument (Opp. ¶ 10), KPMG Bermuda's opposition to the Withdrawal Motion is well founded. In all their papers, plaintiffs have offered no justification for Midstream's withdrawal at this late stage of the case other than Midstream's

---

[1] KPMG Bermuda served its document request to plaintiffs on March 5, just over four weeks after the January 31 commencement of fact discovery in this case.

[2] See Letter of Paul Straus to Beth A. Kaswan, Esq., dated May 22, 2007 (Straus Reply Decl. Exhibit 1). This letter, sent the day before plaintiffs announced that Midstream was seeking to withdraw, confirmed KPMG Bermuda's understanding that in light of the revised schedule it agreed to, "plaintiffs will consent to extend KPMG Bermuda's time to respond to plaintiffs' motion for class certification until 30 days after the completion of plaintiffs' depositions."

desire to avoid complying with outstanding discovery.[3] Plaintiffs have completely ignored KPMG Bermuda's argument that the PSLRA would require appointment of a new lead plaintiff if Midstream were permitted to withdraw. Plaintiffs' contention that two lead plaintiffs were actually appointed is belied by their own documents, in which they refer to the "presumptive Lead Plaintiff," the Midstream Group. See Memo of Law in Further Support of the Mot. of the Midstream Group, dated Mar. 3, 2003 at 2 (Docket No. 24); see also Order Consolidating the Actions, Appointing Lead Plaintiff and Approving Selection of Lead Counsel, dated Mar. 29, 2003 (Docket No. 33). Regardless, the fact is that until the Withdrawal Motion is resolved, KPMG Bermuda will obtain no discovery from Midstream and will not know who the class representative is.[4]

4. Plaintiffs' Opposition and Midstream's declaration only underscore KPMG Bermuda's need for class certification discovery from Midstream. Plaintiffs have

---

[3] Contrary to plaintiffs' argument (Opp. ¶ 6), at no time did KPMG Bermuda consent to a withdrawal. See Decl. of Paul A. Straus dated June 26, 2007, ¶ 3. Even if plaintiffs' counsel misunderstood the unequivocal and uncontested statement by KPMG Bermuda's counsel that KMPG Bermuda "would not consent" (Straus Decl. ¶ 4), that would be irrelevant. KPMG Bermuda does not consent to Midstream's withdrawal or to its avoiding discovery and has stated its reasons in its opposition to plaintiffs' Withdrawal Motion.

[4] None of the cases cited by plaintiffs in support of Midstream's attempt to withdraw involves a situation where, as here, a member of a sole lead plaintiff seeks to withdraw at such an advanced stage in a case. In the majority of plaintiffs' cases, the withdrawal was not even opposed. E.g., In re Initial Pub. Offering Secs. Litig., 224 F.R.D. 550 (S.D.N.Y. 2004) (no objection; court appointed substitute lead plaintiffs); In re Bank One Secs. Litig./First Chicago S'holder Claims, No. 00 CV 0767, 2002 U.S. Dist. LEXIS 8709 at *3 (N.D. Ill. May 9, 2002) (no objection cited); In re Ins. Mgmt. Solutions Group, Inc. Secs. Litig., 206 F.R.D. 514, 515 (M.D. Fla. 2002) (same). In In re CIGNA Corp. Secs. Litig., No. 02-8088, 2005 U.S. Dist. LEXIS 35523, at *6 (E.D. Pa. Dec. 23, 2005), a co-lead plaintiff was permitted to withdraw nearly a year and a half before the scheduled completion of all fact discovery, while in this case, little over three months remain. The final decision cited by plaintiffs, Org. of Minority Vendors, Inc. v. Ill. Central-Gulf R.R., No. 79-C-1512, 1987 U.S. Dist. LEXIS 14049, at *1 (N.D. Ill. Apr. 1, 1987), is also inapplicable because it was decided eight years before the PSLRA was even passed, so the court did not have to address the lead plaintiff issue, and the proposed class representatives had not certified that they would comply with discovery, as Midstream has done here.

provided nothing but Midstream's conclusory ipse dixit that no "illicit promises or payments" were made to it by Milberg Weiss. See Decl. of Thomas F. Carr dated July 6, 2007 (Carr Decl.) ¶ 2.[5] The Carr Declaration raises more questions than it answers. For instance, Midstream does not deny that it has spoken to or met with Schulman or Bershad, but states only that Thomas Carr "ha[s] no recollection" of doing so. See Carr Decl. ¶ 3. The declaration does not state whether Carr reviewed any documents that may have refreshed his recollection and does not even purport to rule out the possibility that someone else on behalf of Midstream may have had such contacts. KPMG Bermuda's outstanding Rule 30(b)(6) deposition notice does not permit Carr to rely on his unrefreshed recollection but would require him to exhaust Midstream's knowledge, including reviewing documents and interviewing knowledgeable others.

5.   In addition, plaintiffs' papers have completely ignored the second reason KPMG Bermuda requires discovery from Midstream: The admitted inability of plaintiff CWA to testify regarding significant matters, including its very decision to invest in ANR securities.[6]

---

[5] Contrary to plaintiffs' argument, KPMG Bermuda has not made any improper suggestions or "innuendo" about Midstream. KPMG Bermuda has simply stated the facts -- that Milberg Weiss and two of its partners were indicted in connection with allegedly paying inducements to lead plaintiffs, and that the two indicted partners billed time to this case -- and stated that it has a need to ask Midstream about promises or payments, "if any." See KPMG Bermuda's Opp. to the Withdrawal Motion, at p. 8. KPMG Bermuda does not know whether, and does not suggest that, improper payments were made in the immediate case. In light of the ongoing proceedings, however, it is seeking discovery regarding that issue. KPMG Bermuda is advised that since the filing of plaintiffs' opposition, former Milberg Weiss partner David Bershad has pled guilty and stated in court papers that "he and others agreed to conceal from judges secret payment arrangements that the firm had with named plaintiffs in class actions." Nathan Koppel, Former Milberg Partner May Help U.S. Build Case, Wall St. J., July 10, 2007, at A3.

[6] In light of CWA's inability to answer questions at its deposition, plaintiffs' argument that any discovery request can be directed to CWA (Plaintiffs' Reply Memorandum of Law in Further Support of the Withdrawal Motion, at p. 5) is meaningless. CWA's Rule 30(b)(6) representative repeatedly admitted that she could not testify regarding CWA's investment decisions or any potentially unlawful arrangements with counsel. See, e.g., Easterling Dep. 49:9-49:20, 122:21-122:25, 123:15-123:25.

6. In short, plaintiffs have not rebutted that the Withdrawal Motion raises significant issues regarding the identity of the class representatives and Midstream's ability to avoid its discovery obligations by the expedient of withdrawing, and KPMG Bermuda cannot respond to class certification until these issues have been resolved and class certification discovery has been completed. KPMG Bermuda's motion for an extension should be granted.

**DEFENDANT**
**KPMG BERMUDA**

By: /s/ Morgan P. Rueckert
Frederick S. Gold
Fed. Bar. No.: ct 03560
Morgan P. Rueckert
Fed. Bar. No.: ct 19838
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel. (203) 324-8100
Fax. (203) 324-8199

Michael J. Malone
Paul A. Straus
Mordecai Geisler
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax. (212) 556-2222

Attorneys for KPMG BERMUDA

**Certificate of Service**

   I hereby certify that on July 17, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Pursuant to the Court's Electronic Filing Order, a paper copy will be delivered to Chambers.

          <u>/s/ Morgan P. Rueckert</u>
          Morgan P. Rueckert
          Fed. Bar No. ct19838
          Shipman & Goodwin LLP
          300 Atlantic Street
          Stamford, CT 06109
          Tel: (203) 324-8100
          Fax: (203) 324-8199