UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x

SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,

       Plaintiffs,

-against-

ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR.,

       Defendants.

---------------------------------------------------------------x

DECLARATION OF PAUL A. STRAUS

CIVIL ACTION NO. 3:02-CV-2133 (EBB)

July 17, 2007

STATE OF NEW YORK )
       ) ss.:
COUNTY OF NEW YORK )

  PAUL A. STRAUS, hereby declares as follows:

  1. I am a member of the bar of the State of New York and am a member of the firm of King & Spalding LLP, which, together with Shipman & Goodwin LLP, is counsel for defendant KPMG Bermuda. I submit this declaration in further support of KPMG Bermuda's Motion to Extend Time to Respond to Plaintiffs' Motion for Class Certification.

  2. Attached hereto as exhibit 1 is a true and correct copy of a letter of Paul A. Straus to Beth Kaswan, Esq. dated May 22, 2007.

Dated: New York, New York
   July 17, 2007

                _____
                PAUL A. STRAUS

**EXHIBIT 1**

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
www.kslaw.com

Paul A. Straus
Direct Dial: 212-556-2136
Direct Fax: 212-556-2222
PStraus@kslaw.com

May 22, 2007

Beth A. Kaswan, Esq.
Scott + Scott LLP
75 Rockefeller Center
19th Floor
New York, NY 10019

Re:   Schnall v. Annuity & Life Re (Holdings) Ltd. et al.

Dear Beth:

Further to our May 9, 2007 "meet and confer" telephone call and your letter of May 10, 2007, KPMG Bermuda writes to confirm the positions we discussed and plaintiffs' intent to produce, or production of, all responsive documents as set forth below.

General Objection No. 6: Regarding which electronic files plaintiffs will produce, and what plaintiffs are withholding as "not reasonably accessible," please confirm that plaintiffs Communications Workers of America ("CWA") and Midstream Investments, Ltd. ("Midstream") have searched their electronic files for responsive documents. Please also confirm that, to the extent documents relating to ANR exist, they have been produced or advise us when they will be.

General Objection No. 12 and Requests Nos. 30-32, 34-49, 55, 62-64: Plaintiff's counsel indicated on the May 9 call that documents relating to specific allegations in the Complaint would be produced to the extent they are not work product, and that all documents received by plaintiffs from ANR have been produced. Please confirm that this is the case.

General Objection No. 18: Please let us know whether plaintiffs will produce all relevant documents relating to ANR beginning from January 1, 1998, as otherwise KPMG Bermuda will seek an order from the Court. As KPMG Bermuda has indicated, documents in plaintiffs' files leading up to the start of the class period are relevant to demonstrate plaintiffs' knowledge (and the market's knowledge) at the time of their purchases of ANR securities.

Request No. 2: Plaintiffs' counsel indicated on the May 9 call that the only responsive agreements in existence are the Monitoring Agreement and a Certification. Please confirm that plaintiffs have produced these and all other relevant documents responsive to this Request or advise us when they will be produced.

Requests Nos. 3, 4: Your letter of May 10, 2007 indicated several actions in which CWA sought or received appointment as lead plaintiff, and also indicated that CWA has been deposed

Beth A. Kaswan, Esq.
Page 2

in one case. Plaintiffs' counsel indicated on the May 9 call that plaintiffs would produce depositions of class representatives and other documents relating to actions in which CWA and Midstream did, or attempted to, serve as lead plaintiffs. Please confirm that all documents in plaintiffs' possession responsive to these Requests have been produced or advise us when they will be, including, but not limited to, transcripts reflecting the testimony referred to in your May 10 letter.

Request No. 5: Plaintiffs' counsel agreed on the May 9 call to produce proofs of claim in this case. Please confirm that plaintiffs have produced these and all other documents responsive to this Request or advise us when they will be, as otherwise KPMG Bermuda will seek an order from the Court.

Requests Nos. 6-8 et al.: Please advise us when plaintiffs will produce a log of all responsive documents being withheld as privileged.

Requests Nos. 14-15, 25, 28-31, 33-49, 55, 61-64: Regarding documents received from ANR by plaintiffs, plaintiffs' counsel or any of plaintiffs' representatives, plaintiffs' counsel indicated on the May 9 call that all such documents have been produced. Please confirm that this is indeed the case.

Requests Nos. 16, 17, 18, 60: Please confirm that plaintiffs have produced documents sufficient to show all plaintiffs' holdings, acquisitions and disposals of ANR securities or advise us when they will be produced.

Request Nos. 19: Please confirm that plaintiffs' production will include all internal and external communications regarding ANR.

Request No. 20: Please confirm that plaintiffs will produce all investment guidelines, policies and restrictions applicable to their ANR investments.

Request No. 9: Please confirm that plaintiffs have produced all documents received from ANR or any other party pursuant to the Schnall Action Settlement.

Requests Nos. 49, 55: Please confirm that plaintiffs' production will include all documents relating to ANR.

Requests No. 26-27, 51-54, 56, 57: Please confirm plaintiffs will produce, or have produced, all non-privileged, non-work-product documents concerning plaintiffs' alleged damages and loss causation. Please also confirm that plaintiffs will produce all documents concerning any expert(s) whose testimony plaintiffs expect to offer, when the report(s) of such expert(s) are issued.

Request No. 58: Plaintiffs' counsel indicated on the May 9 call that plaintiffs will produce transcripts of any prior sworn testimony given by plaintiffs concerning ANR. Please

Beth A. Kaswan, Esq.
Page 3

confirm that such documents have been produced or advise us when they will be, including, but not limited to, transcripts reflecting the testimony referred to in your May 10 letter.

This letter will also confirm that KPMG Bermuda will take the Rule 30(b)(6) deposition of plaintiff Communications Workers of America at the offices of King & Spalding LLP, 1185 Avenue of the Americas, New York, N.Y., on June 7, 2007, subject to the resolution of all outstanding issues relating to the production of documents, as well as plaintiffs' production of all remaining responsive documents and to our receipt of plaintiffs' responses to KPMG Bermuda's interrogatories no later than May 29, 2007, so that KPMG Bermuda will have sufficient time to review them in advance of the deposition. Please also provide dates for the deposition of plaintiff Midstream Investments, Ltd. KPMG Bermuda understands that in light of this schedule, plaintiffs will consent to extend KPMG Bermuda's time to respond to plaintiffs' motion for class certification until 30 days after the completion of plaintiffs' depositions.

This letter is without prejudice to any of KPMG Bermuda's rights, all of which are hereby expressly reserved.

Very truly yours,

Paul A. Straus

PAS:ams
cc:   Michael J. Malone, Esq.