UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 02 CV 2133 (EBB)<br>)<br>)<br>)<br>)<br>)<br>) |

**PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION
WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on _____, 2008, the parties to the above-entitled action (the "ANR Action") entered into a Stipulation and Agreement of Settlement with Remaining Defendant KPMG Bermuda (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the KPMG Complaint[1] on the merits and with prejudice in its entirety; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2008 that:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

1.  The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this action is hereby certified as a class action on behalf of all persons and entities who purchased or otherwise acquired the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby. Excluded from the Class are the Defendants, their officers, directors, and partners at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity. Also excluded from the Class are any putative Class Members who now exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the KPMG Settlement Notice.

3.  The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative Communications Workers of America are typical of the claims of the Class they seek to represent; (d) the Class Representative Communications Workers of America and Plaintiffs' Co-Lead Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Communications Workers of America is certified as Class Representative.

5.  A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2008, at ___:_____ __.m. for the following purposes:

(a)  to finally determine whether this action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)  to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)  to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the KPMG Complaint filed herein in its entirety, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d)  to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the KPMG Complaint in its entirety on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7. The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action with Remaining Defendant KPMG Bermuda, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "KPMG Settlement Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

8. The Court approves the appointment of The Garden City Group, Inc. as the Claims Administrator. The Claims Administrator shall cause the KPMG Settlement Notice, substantially in the form annexed hereto as Exhibit 1, to be mailed, by first class mail, postage prepaid, on or before _____, 2008, to all Class Members who can be identified with reasonable effort, including all persons who were previously mailed the notice of pendency and settlement in connection with the prior settlement, except for those persons who previously requested exclusion. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired ANR securities during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) days of their receipt of the

4

KPMG Settlement Notice, either to forward copies of the KPMG Settlement Notice to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the KPMG Settlement Notice promptly to such identified beneficial owners. Nominee purchasers who elect to send the KPMG Settlement Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the KPMG Settlement Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the KPMG Settlement Notices to beneficial owners. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the KPMG Settlement Notice.

9. The Court shall deem as timely submitted for purposes of this Settlement, any valid Proof of Claim form that was submitted in connection with the prior settlement.

10. The Court finds that it is not necessary to include Proof of Claim forms along with the KPMG Settlement Notice in light of the following: (i) Proof of Claim forms that were submitted in connection with the prior settlement are being accepted for purposes of this Settlement such that it is unnecessary to file a second Proof of Claim form; (ii) Proof of Claim forms are available to be downloaded from a website maintained by the Claims Administrator or can be obtained from Plaintiffs' Co-Lead Counsel; and (iii) the cost of printing and mailing Proof of Claim forms outweighs their benefit to the Class under the aforementioned circumstances.

11. The Proof of Claim form shall be provided by first-class mail to any Class Member requesting one. The Proof of Claim form shall also be made available on the website for the Settlement.

12. The Court approves the form of Publication Notice of the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be published in the global edition of *The Wall Street Journal* and the worldwide edition of *Financial Times* and transmitted over the Global Media Circuit of *Business Wire* within ten days of the mailing of the KPMG Settlement Notice. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

13. The form and content of the notices, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) If a properly executed Proof of Claim was previously submitted in connection with the prior settlement, then the submission of that Proof of Claim will fulfill all of the requirements set forth herein for the submission of a Proof of Claim.

(b)    If a properly executed Proof of Claim was not previously submitted in connection with the prior settlement, then a properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the KPMG Settlement Notice, postmarked not later than _____, 2008. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the KPMG Settlement Notice.

(c)    The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(d)    As part of the Proof of Claim, each Class Member (including those whose previously submitted Proof of Claim in connection with the prior settlement is deemed a

- 7 -

submission in this Settlement) shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

15. Class Members shall be bound by all determinations and judgments in the ANR Action and the KPMG Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _____, 2008 to the address designated in the KPMG Settlement Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the Annuity and Life Re (Holdings), Ltd. Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and amount(s) of all purchases, acquisitions and sales of ANR securities during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and KPMG Settlement Notice.

17. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the

Court, United States District Court for the District of Connecticut, United States Courthouse, 141 Church Street, New Haven, Connecticut 06510, and copies of all such papers are served, on or before _____, 2008, upon each of the following: David R. Scott, Esq., Scott + Scott LLP, 108 Norwich Avenue, P.O. Box 192, Colchester, Connecticut 06415 and Barry Weprin, Esq., Milberg Weiss LLP, One Pennsylvania Plaza, New York, New York 10119-0165 on behalf of the Lead Plaintiff and the Class; and Michael J. Malone, Esq., King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036-4003 on behalf of Remaining Defendant KPMG Bermuda. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18.   Pending final determination of whether the Settlement should be approved, the Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

19.   As provided in the Stipulation, Plaintiffs' Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the

review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

20. If: (a) the Settlement is terminated by KPMG Bermuda pursuant to [¶ 22] of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiff or KPMG Bermuda elects to terminate the Settlement as provided in [¶ 24] of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed immediately before the execution of the Stipulation.

21. The Court retains exclusive jurisdiction over the KPMG Action and the ANR Action to consider all further matters arising out of or connected with the Settlement.

Dated:       New Haven, Connecticut
             _____, 2008

                                            _____
                                            Honorable Ellen Bree Burns
                                            UNITED STATES DISTRICT JUDGE