# EXHIBIT 2

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

SHERRY SCHNALL, et al.,

      Plaintiffs,

v.

ANNUITY AND LIFE RE (HOLDINGS),
LTD., et al.,

      Defendants.

Civil Action No. 02-CV-2133 (EBB)

## STIPULATION AND AGREEMENT OF SETTLEMENT WITH REMAINING DEFENDANT KPMG BERMUDA

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Communications Workers of America and Midstream Investments Ltd. (collectively, "Lead Plaintiff") on behalf of themselves and the Class and Defendant KPMG in Bermuda ("KPMG Bermuda"), by and through their respective counsel.

WHEREAS:

A.     Beginning on December 4, 2002, nine class actions alleging violations of federal securities laws were filed in this Court and were subsequently consolidated under the caption *Schnall, et al. v. Annuity & Life Re (Holdings), Ltd., et al.,* Civil Action No. 02-CV-2133 (EBB) (D. Conn.) and are hereinafter referred to collectively as the "ANR Action." On March 29, 2003, the Court appointed Communications Workers of America and Midstream Investments Ltd. collectively as the Lead Plaintiff and appointed Scott + Scott, LLP and Milberg Weiss LLP as Co-Lead Counsel;

B.    The Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws dated July 11, 2003 (the "ANR Complaint") filed in the ANR Action generally alleges, among other things, that Defendants issued false and misleading press releases and other statements regarding ANR's financial condition during the Class Period – March 15, 2000 through and including November 19, 2002 – in a scheme to artificially inflate the value of ANR's securities;

C.    On October 23, 2003, Lead Plaintiff filed an action titled *Communications Workers of America and Midstream Investments Ltd. v. KPMG LLP (United States), et al.*, Civil Action No. 03 CV 1826 (D. Conn.) (the "KPMG Action") against KPMG Bermuda and KPMG LLP (United States) ("KPMG US") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder;

D.    On January 2, 2004, the Court granted Lead Plaintiff's motion to consolidate the KPMG Action with the ANR Action;

E.    In its First Amended Class Action Complaint for Violations of Federal Securities Laws dated January 13, 2004 (the "KPMG Complaint") filed in the KPMG Action, Lead Plaintiff alleges, individually and on behalf of the Class, among other things, that KPMG Bermuda and KPMG US, as Annuity and Life Re (Holdings) Ltd.'s ("ANR") auditors, issued opinions regarding certain of ANR's financial statements during the Class Period, March 15, 2000 through and including November 19, 2002, that allegedly contained misstatements or omissions and that as a result, Lead Plaintiff and other Class Members purchased ANR securities at artificially inflated prices;

2

F.    KPMG US and KPMG Bermuda each filed a motion to dismiss the KPMG Complaint on March 12, and March 15, 2004, respectively;

G.    On January 21, 2005, the Court entered an Order and Final Judgment approving a settlement with ANR Defendants in the ANR Action (the "ANR Settlement");

H.    On August 10, 2006, the Court granted KPMG US's motion to dismiss the KPMG Complaint, and on August 30, 2006, denied KPMG Bermuda's motion to dismiss the KPMG Complaint;

I.    As a result of the ANR Settlement and the Court's rulings on the motions to dismiss the KPMG Complaint, KPMG Bermuda is the only remaining named defendant in either the KPMG Action or the ANR Action;

J.    On November 22, 2006, KPMG Bermuda answered the KPMG Complaint.  KPMG Bermuda denied that it violated any laws or committed any improper acts and asserted affirmative defenses.  KPMG Bermuda maintains that its actions were proper under the federal securities laws and asserts that it is not liable to Lead Plaintiff or the Class upon the claims asserted in the KPMG Complaint;

K.    Lead Plaintiff, by its counsel, has conducted numerous discussions and arm's length negotiations with KPMG Bermuda and its counsel, including engaging the assistance of Robert A. Meyer, Esq. to act as a special mediator for two extensive mediation sessions, with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class;

3

L.    Plaintiffs' Co-Lead Counsel represent that they have conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the KPMG Complaint and that Plaintiffs' Co-Lead Counsel have analyzed the evidence produced by KPMG Bermuda, the ANR Defendants and other third parties, and have researched the applicable law with respect to the claims of Lead Plaintiff and the Class against KPMG Bermuda and the potential defenses thereto;

M.    Based upon its investigation and review as set forth above, Lead Plaintiff and Plaintiffs' Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class Members, and in their best interests, and have agreed to settle the claims raised in the KPMG Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Plaintiffs and the members of the Class will receive from settlement of the KPMG Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and

N.    KPMG Bermuda denies any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of KPMG Bermuda with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that KPMG Bermuda has asserted. The parties to this Stipulation recognize, however, that the litigation has been filed by Lead Plaintiff and defended by KPMG Bermuda in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable.

4

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the KPMG Action (or the ANR Action) whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by KPMG Bermuda, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) and all of Settled Defendant's Claims (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)      "ANR Action" means *Schnall, et al. v. Annuity and Life Re (Holdings) Ltd., et al.*, Civil Action No. 02 CV 2133 (D. Conn.).

(b)      "ANR Defendants" means Annuity and Life Re (Holdings) Ltd., XL Capital, Ltd., Lawrence S. Doyle, Frederick S. Hammer, John F. Burke, William W. Atkin, Brian O'Hara, and Michael P. Esposito.

(c)      "ANR Settlement" means the settlement between the Class and the ANR Defendants that received final approval by the Order and Final Judgment dated January 21, 2005 in the ANR Action.

(d)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator or who previously submitted a valid Proof of Claim form to the Claims Administrator in the ANR Settlement.

(e)    "Claims Administrator" means the firm of The Garden City Group, Inc., which shall administer the Settlement.

(f)    "Class" and "Class Members" mean, for the purposes of this Settlement only, all persons and entities who purchased or otherwise acquired the securities of ANR during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby. Excluded from the Class are the Defendants, their officers, directors, and partners at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity. Also excluded from the Class are any putative Class Members who now exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

(g)    "Class Period" means, for the purposes of this Settlement only, the period of time between March 15, 2000 and November 19, 2002, inclusive.

(h)    "Court" means the United States District Court for the District of Connecticut, the Honorable Ellen Bree Burns presiding.

6

(i)     "Defendants" means the remaining Defendant KPMG Bermuda, the dismissed defendant KPMG US LLP and the ANR Defendants.

(j)     "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 23 below.

(k)     "Fee Award" means the amount of attorney's fees awarded by the Court to Plaintiffs' Counsel as described in paragraph 8(b).

(l)     "Final Order" means an order as to which there is no pending appeal, stay, motion for reconsideration or motion to vacate or similar request for relief, and as to which the period of time for a party to appeal has expired. For purposes hereof if no appeal or motion for reconsideration, to vacate, or for similar relief is filed within thirty-three (33) days after entry of the order in the District Court, the order shall be deemed to be a Final Order.

(m)     "KPMG Action" means *Communications Workers of America and Midstream Investments Ltd. v. KPMG LLP (United States), et al.*, Civil Action No. 03-CV-1826 (D. Conn.) filed on October 23, 2003, as it has been consolidated with *Schnall, et al. v. Annuity and Life Re (Holdings) Ltd, et al.*, Civil Action No. 02 CV 2133 (D. Conn.).

(n)     "KPMG Bermuda's Counsel" means the law firm of King & Spalding LLP.

7

(o)     "Lead Plaintiff" means Communications Workers of America and Midstream Investments Ltd.

(p)     "Notice" means the Notice of Proposed Settlement of Class Action with Remaining Defendant KPMG Bermuda, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "KPMG Settlement Notice"), which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(q)     "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(r)     "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

(s)     "Plaintiffs' Counsel" means Plaintiffs' Co-Lead Counsel and all other counsel representing Plaintiffs in the ANR Action or the KPMG Action.

(t)     "Plaintiffs' Co-Lead Counsel" means the law firms of Scott + Scott LLP and of Milberg Weiss LLP.

(u)     "Plan of Allocation" means the plan described in the Notice or any alternate plan approved by the Court for allocation of each Authorized Claimant's pro rata share of the Net Settlement Fund.

(v)     "Proof of Claim" means the Proof of Claim and Release, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or the Proof of Claim

8

form previously circulated in connection with the prior settlement with the ANR Defendants.

(w)    "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(x)    "Released Parties" means KPMG Bermuda, KPMG LLP, a U.K. limited liability partnership, KPMG LLP, a U.S. limited liability partnership, KPMG International, a Swiss cooperative, and all other member firms of KPMG International, and any and all of their past or present partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns.

(y)    "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in the KPMG Action or the ANR Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the KPMG Complaint or the ANR Complaint or otherwise) or (ii) that could have been asserted at any time in the KPMG Action, the ANR Action or in any forum by the Class Members or any of them

9

against any of the Released Parties, which arise out of, relate in any way to, or are based in any way upon any of the allegations, transactions, facts, matters or occurrences, actions, representations or omissions involved in, set forth, in, referred to or asserted in the KPMG Complaint or the ANR Complaint and relate to the purchase, sale, transfer or acquisition of any securities of ANR during the Class Period.

(z)     "Settled Defendant's Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States federal, state, local, statutory or common law, or the laws of Bermuda or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the KPMG Action or the ANR Action or any other forum by any of the Defendants or the successors and assigns of any of them against any of the Lead Plaintiff, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the KPMG Action and the ANR Action (except for claims to enforce the Settlement).

(aa)     "Settlement" means the settlement contemplated by this Stipulation.

(bb)     "Settlement Fairness Hearing" means the hearing scheduled by the Court to review the Settlement and determine whether it is fair and should be approved.

10

(cc)    "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendant's Claims which KPMG Bermuda does not know or suspect to exist in its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendant's Claims, the parties stipulate and agree that by operation of the Order and Final Judgment, upon the Effective Date, the Lead Plaintiff and KPMG Bermuda shall have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or Bermuda, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Lead Plaintiff and KPMG Bermuda acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendant's Claims was separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the KPMG Action against KPMG Bermuda and any and all Settled Claims as against all Released Parties and any and all Settled Defendant's Claims.

3.    (a)    By operation of the Order and Final Judgment, upon the Effective Date of this Settlement, Lead Plaintiff and members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns and all persons acting in concert with, or who purport to act through, such persons, shall have waived, released and forever discharged, dismissed and agreed not to institute, maintain or prosecute, and shall forever be enjoined from commencing or prosecuting, each and every Settled Claim either directly, indirectly or in a representative or any other capacity against any of the Released Parties.

(b)    By operation of the Order and Final Judgment, upon the Effective Date of this Settlement, KPMG Bermuda and the Released Parties shall release and forever discharge each and every of the Settled Defendant's Claims, and shall forever be enjoined from prosecuting Settled Defendant's Claims.

(c)    Notwithstanding the provisions of paragraphs 3(a) and (b) hereof, in the event that any of the Released Parties asserts against the Lead Plaintiff, any Class Member or their respective counsel, any claim that is a Settled Defendant's Claim, then Lead Plaintiff, such Class Member or counsel shall be entitled to use and assert such factual matters included within the Settled Claims only against such Released Party in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party.

(d)    Notwithstanding the provisions of paragraphs 3(a) and (b) hereof, in the event that the Lead Plaintiff or any member of the Class asserts against any of the Released Parties or their respective counsel any claim that is a Settled Claim, then such

12

Released Party or counsel shall be entitled to use and assert such factual matters included within the Settled Defendant's Claims only against such Lead Plaintiff or Class Member in defense of such claim but not for the purposes of affirmatively asserting any claim against Lead Plaintiff or any Class member.

(e)      Upon the Effective Date of this Settlement, the Released Parties shall obtain bar order protection substantially in the form appearing in the Order and Final Judgment annexed hereto as Exhibit B.

(f)      The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition or event.

## THE SETTLEMENT CONSIDERATION

4.     (a)      Within ten (10) business days of the entry of the order preliminarily approving the Settlement, KPMG Bermuda shall pay or cause to be paid $10.5 million (the "Cash Settlement Amount") into escrow in an interest-bearing account for the benefit of Lead Plaintiff and the Class.  The Cash Settlement Amount and any interest earned thereon shall be the "Gross Settlement Fund".

(b)      Lead Plaintiff and Class Members shall look solely to KPMG Bermuda's payment of the Cash Settlement Amount as satisfaction of all claims that are released hereunder.  Lead Plaintiff and Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Order and Final Judgment and shall be permanent, absolute and unconditional.

5.    (a)    The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the notice and administration costs referred to in paragraph 7 hereof, (ii) the attorneys' fee and expense award referred to in paragraph 8 hereof, and (iii) the remaining administration expenses referred to in paragraph 9 hereof and any other costs, payments or awards approved by the Court. The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund," which shall be distributed to the Authorized Claimants as provided in paragraphs 10-12 hereof. Any portions of the Gross Settlement Fund required to be held in escrow prior to the Effective Date shall be held by Signature Bank (the "Escrow Agent") for the Settlement Fund. The Gross Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants, or returned to KPMG Bermuda pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in excess of $100,000 in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $100,000 may be held in an interest bearing bank account insured by the FDIC. The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. KPMG Bermuda agrees to

provide promptly to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e).

        (b)     All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court. KPMG Bermuda and the Released Parties shall not be liable for any Taxes or obligations or other expenses relating to the Gross or Net Settlement Fund and in no event shall KPMG Bermuda and the Released Parties be liable for any amount in excess of the Cash Settlement Amount. The Gross or Net Settlement Fund shall indemnify KPMG Bermuda and the Released Parties for any Taxes incurred by, or assessed against, them.

## ADMINISTRATION

      6.     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court. KPMG Bermuda shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with, as a result of, or arising out of such administration.

      7.     Plaintiffs' Co-Lead Counsel may pay from the Cash Settlement Amount, without further approval from KPMG Bermuda or the Court, the reasonable costs and expenses up to the sum of $100,000 associated with identifying members of the Class and effecting mail Notice and Publication Notice to the Class, and the administration of the

Settlement, including without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

## ATTORNEYS' FEES AND EXPENSES

8.    (a)    Plaintiffs' Co-Lead Counsel will apply to the Court for an award from the Gross Settlement Fund of attorneys' fees not to exceed one-third (33 1/3%) of the Gross Settlement Fund and reimbursement of expenses, plus interest. KPMG Bermuda has not endorsed such an application and takes no position regarding the amount of attorney's fees payable to Plaintiffs' Counsel. Such attorneys' fees, expenses, and interest as are awarded by the Court shall be paid from the Gross Settlement Fund to Plaintiffs' Co-Lead Counsel immediately upon award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Plaintiffs' Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or return of the Gross Settlement Fund is required consistent with the provisions of paragraph 25 hereof. Notwithstanding any other provision of this Stipulation to the contrary, the procedure for the allowance (in whole or in part) by the Court of any application by Class Plaintiffs' Counsel for attorney's fees, costs, and expenses, to be paid out of the Gross Settlement

16

Fund are to be considered by the Court separately and apart from its consideration of the

fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding

relating to the award of fees and expenses, or any appeal of any order relating thereto,

shall not operate to terminate or cancel this Stipulation and Settlement of the KPMG

Action.

(b)    If any member of the Class files with the Clerk of the Court and

serves on counsel to Plaintiffs and Defendants notice of his, her or its intent to oppose the

Settlements or the Fee Award, then, prior to any distribution of the Fee Award to

Plaintiffs' Counsel, Plaintiffs and Defendants shall confer and Plaintiffs' Co-Lead

Counsel shall provide undertakings (such as letters of credit or guarantees) satisfactory to

KPMG Bermuda to repay any such Fee Award (plus accrued interest at the same net rate

as is earned by the Gross Settlement Fund) payable from the Gross Settlement Fund, if

the Settlements are not finally approved on appeal or the Fee Award is later modified or

reversed for any reason.

## ADMINISTRATION EXPENSES

9.    Plaintiffs' Co-Lead Counsel will apply to the Court, on notice to KPMG

Bermuda's Counsel, for an order (the "Class Distribution Order") approving the Claims

Administrator's administrative determinations concerning the acceptance and rejection of

the claims submitted herein and approving any fees and expenses not previously applied

for, including the fees and expenses of the Claims Administrator, and, if the Effective

Date has occurred, directing payment of the Net Settlement Fund to Authorized

Claimants.

17

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

10.    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the "Net Settlement Fund" based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves.

11.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.

12.    Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants. This is not a claims-made settlement. KPMG Bermuda shall not be entitled to get back any of the settlement monies, or interest earned thereon, once the Settlement becomes final. The Defendants shall have no involvement in reviewing or challenging claims.

## ADMINISTRATION OF THE SETTLEMENT

13.    Any member of the Class who does not submit (or who has not previously submitted) a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Amount but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the KPMG Action (and the ANR Action) and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled

Claims. Any member of the Class who submitted a valid Proof of Claim form for the ANR Settlement shall be entitled to participate in this Settlement and need not submit another Proof of Claim Form. Any Class Member who did not submit a valid Proof of Claim form for the ANR Settlement shall still be eligible to participate in this Settlement by submitting a timely and valid Proof of Claim form for this Settlement.

14.    The Claims Administrator shall process the Settlement based upon the claims submitted with respect to the prior settlement with the ANR Defendants, plus any additional Proofs of Claim which may be submitted in connection with this Settlement, and, after entry of the Class Distribution Order, distribute the Net Settlement Fund to the Authorized Claimants. Except for their obligation to pay the Settlement Amount or cause it to be paid, KPMG Bermuda shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund. Plaintiffs' Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Co-Lead Counsel reasonably deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

15.    For purposes of determining the extent, if any, to which a Class Member who has not previously submitted a Proof of Claim in connection with the prior settlement with the ANR Defendants shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Class Member who has not previously submitted an acceptable Proof of Claim in connection with the prior settlement with the ANR

Defendants shall be required to submit a Proof of Claim (see attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion may deem acceptable. Proofs of Claim submitted in connection with the ANR Settlement which are re-submitted in this settlement will be considered duplicate claims and no additional *pro rata* portion of the Settlement Fund will be awarded based on duplicate claims;

      (b)    All Proofs of Claim must be submitted by the date specified in the Notice, unless such period is extended by Order of the Court. Except for those Class Members who have previously submitted a valid Proof of Claim for the ANR Settlement, any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Judgment to be entered in the KPMG Action (and the ANR Action) and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below.  The Claims Administrator's previous determinations regarding timeliness and validity of the Proofs of Claim submitted for the ANR Settlement will apply to this Stipulation, and the Claims Administrator will not review the Proofs of Claim from the ANR Settlement for timeliness and validity;

(d)      Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the Proofs of Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below.  Proofs of Claim submitted in connection with the ANR Settlement and rejected therein shall remain rejected and no further notice shall be provided with respect to such previously rejected claim unless the claimant submits additional information establishing a valid claim;

(e)      If any claimant whose new claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for

contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Co-Lead Counsel shall thereafter present the request for review to the Court; and

      (f)    The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to KPMG Bermuda's Counsel, for approval by the Court in the Class Distribution Order.

16.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's purported transactions and status as a Class Member. No discovery shall be allowed with respect to the merits of the KPMG Action (or the ANR Action) or the Settlement in connection with processing of the Proofs of Claim.

17.    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the KPMG Action (and the ANR Action) and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

18.     All proceedings with respect to the administration, processing and determination of claims described by paragraph 15 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

19.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all fees and costs of administration have been paid.

## TERMS OF ORDER FOR NOTICE AND HEARING

20.     Promptly after this Stipulation has been fully executed, Plaintiffs' Co-Lead Counsel and KPMG Bermuda jointly shall apply to the Court by motion on notice for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A. Plaintiffs' Co-Lead Counsel and KPMG Bermuda shall jointly request that the postmark deadline for submitting exclusions from this Settlement be set at least 25 calendar days prior to the Settlement Fairness Hearing. Upon receiving any request(s) for exclusion pursuant to the Notice, the Claims Administrator shall promptly notify

23

Plaintiffs' Co-Lead Counsel and KPMG Bermuda's Counsel of such request(s) for exclusion.

## TERMS OF ORDER AND FINAL JUDGMENT

21.     If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiffs' Co-Lead Counsel and KPMG Bermuda shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## OPT-OUT TERMINATION RIGHT

22.     Simultaneously herewith, Plaintiffs' Co-Lead Counsel and KPMG Bermuda are executing a "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be withdrawn or terminated by KPMG Bermuda if potential Class Members who purchased or otherwise acquired in excess of a certain number of shares of ANR common stock during the Class Period exclude themselves from the Class (the "Opt-Out Threshold"). The Parties intend that this Supplemental Agreement shall be specifically disclosed to the Court and offered for *in camera* inspection by the Court at or prior to entry of the Order for Notice and Hearing, but it shall not be filed with the Court before the deadline for submitting exclusion requests unless a dispute arises as to its terms or the Parties are ordered otherwise by the Court. The Parties shall keep the Opt-Out Threshold confidential before the deadline for submitting exclusion requests. In the event that the Court directs that this Supplemental Agreement be filed prior to the deadline for submitting exclusion requests, no party shall have any right to any relief by reason of such disclosure. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraph 25 shall

apply. If KPMG Bermuda elects to terminate this Settlement pursuant to this paragraph written notice of such termination must be provided to Plaintiffs' Co-Lead Counsel on or before seven (7) calendar days prior to the Settlement Fairness Hearing. Plaintiffs' Co-Lead Counsel shall have the right to communicate with Class Members regarding their decisions to opt-out. If a sufficient number of Class Members withdraw their requests for exclusion such that the total number of remaining shares requesting exclusion falls below the threshold set forth in the Supplemental Agreement, Plaintiffs' Co-Lead Counsel shall provide KPMG Bermuda's Counsel with evidence of that fact reasonably satisfactory to KPMG Bermuda. In the event such evidence is acknowledged by KPMG Bermuda to have been provided to it, any notice by KPMG of termination of the Settlement shall then become null and void.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

23.    The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)    approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(b)    entry by the Court of an Order and Final Judgment, substantially in the form set forth in Exhibit B annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that

the Court enters an order and final judgment in form other than that provided above

("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement,

the date that such Alternative Judgment becomes final and no longer subject to appeal or

review.

24.    KPMG Bermuda or Lead Plaintiff, through their respective counsel, shall

have the right to terminate the Settlement and this Stipulation by providing written notice

of their election to do so ("Termination Notice") to all other parties hereto within thirty

(30) days of: (a) the filing of an order pursuant to which the Court declines to enter the

Order for Notice and Hearing in any material respect; (b) the Court files an order refusing

to approve this Stipulation or any material part of it; (c) the Court files an order declining

to enter the Order and Final Judgment in any material respect; (d) the date upon which

the Order and Final Judgment is modified or reversed in any material respect by the

Court of Appeals or the Supreme Court; or (e) the date upon which an Alternative

Judgment is modified or reversed in any material respect by the Court of Appeals or the

Supreme Court.  Notwithstanding this paragraph, KPMG Bermuda shall also have the

right to terminate the Settlement and this Stipulation pursuant to the terms set forth in the

Supplemental Agreement.

25.    Except as otherwise provided herein, in the event the Settlement is

terminated in accordance herewith, vacated, or fails to become effective for any reason,

then the parties to this Stipulation shall be deemed to have reverted to their respective

status in the KPMG Action as of December 13, 2007 and, except as otherwise expressly

provided, the parties shall proceed in all respects as if this Stipulation and any related

orders had not been entered, and any portion of the Cash Settlement Amount previously

paid by or on behalf of KPMG Bermuda, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in paragraph 8 hereof), less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Amount (not to exceed $100,000 without the prior approval of KPMG Bermuda or the Court) shall be returned to KPMG Bermuda.

26.     The Order and Final Judgment (Exhibit B) contemplated herein provides for a bar order pursuant to 15 U.S.C. § 78u-4(f)(7) which bars any action by any person for contribution arising out of the Action.

## NO ADMISSION OF WRONGDOING

27.     This Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits and prior drafts, and any negotiations or proceedings related or taken pursuant to it:

(a)     shall not be offered or received against any Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Party with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the KPMG Action (or the ANR Action) or in any litigation, or the deficiency of any defense that has been or could have been asserted in the KPMG Action (or the ANR Action) or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Released Party;

(b)     shall not be offered or received against any Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or

omission with respect to any statement or written document approved or made by any Released Party;

(c)    shall not be offered or received against any Released Party as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by KPMG Bermuda have any merit, or that damages recoverable under the KPMG Complaint or the ANR Complaint would not have exceeded the Gross Settlement Fund; and

(f)    shall not be used, described, portrayed or referred to by Lead Plaintiff, Class Members or Plaintiffs' Counsel for any purpose other than to effectuate the provisions of the Stipulation, and in no event in a manner inconsistent with the terms and provisions of the Stipulation and its exhibits.

This paragraph 27 shall survive the termination of this Stipulation.

## MISCELLANEOUS PROVISIONS

28.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

29.    KPMG Bermuda warrants as to itself that, as to the payments made by or on behalf of it, at the time of such payment that KPMG Bermuda made or caused to be made pursuant to paragraph 4 above, it was not insolvent nor will the payment required to be made by or on behalf of it render KPMG Bermuda insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof, or under the laws of Bermuda.  This warranty is made by KPMG Bermuda and not by KPMG Bermuda's Counsel.

30.    If a case is commenced in respect of KPMG Bermuda (or any insurer contributing funds to the Settlement Amount on behalf of KPMG Bermuda, if any) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, including any such laws in Bermuda, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of consideration to the Gross Settlement Fund or any portion thereof by or on behalf of KPMG Bermuda to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned prior to any distribution to Authorized Claimants, and equivalent consideration is not promptly deposited to the Gross Settlement Fund by KPMG Bermuda, then, at the election of Plaintiffs' Co-Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given

29

and Judgment entered in favor of KPMG Bermuda pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to the execution of this Stipulation and any cash amounts in the Gross Settlement Fund shall be returned as provided in paragraph 25 above.

31.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims.  Accordingly, Lead Plaintiff and KPMG Bermuda agree not to assert in any forum that the litigation was brought by Lead Plaintiff or defended by KPMG Bermuda in bad faith or without a reasonable basis.  The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the KPMG Action (and the ANR Action).  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

32.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto.

33.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

34.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain

jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation.

35.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

36.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the parties hereto concerning the Settlement of the KPMG Action (and the ANR Action), and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.

37.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

38.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

39.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Connecticut, without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

31

40.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

41.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

42.     Plaintiffs' Co-Lead Counsel and KPMG Bermuda's Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement.

43.     The terms of the Confidentiality Stipulation and Order in place in this Action are unaffected by this Stipulation and remain in force.

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed by their duly authorized representatives with the intention of being legally bound by it.

DATED: _as of February 11_, 2008

David R. Scott
(drscott@scott-scott.com)
SCOTT + SCOTT LLP
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Phone: (860) 573-5537
Fax:    (860) 537-4432

**Co-Lead Counsel for Class Plaintiffs**

Barry A. Weprin
(bweprin@milbergweiss.com)
MILBERG WEISS LLP
One Pennsylvania Plaza
New York, NY 10119
Phone: (212) 594-5300
Fax:    (212) 868-1229

**Co-Lead Counsel for Plaintiffs**

Michael J. Malone
(mmalone@kslaw.com)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Phone: (212) 556-2100
Fax:    (212) 556-2222

**Counsel for KPMG Bermuda**

33