EXHIBIT 2 TO EXHIBIT A

**PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**
**DRAFT No. 4  (Milberg Document No. 421730v4) (01/30/2008)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **Civil Action No. 02 CV 2133 (EBB)** |
| **ANNUITY AND LIFE RE (HOLDINGS), LTD., et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

## PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: _____, 2008.

IF YOU PURCHASED OR OTHERWISE ACQUIRED THE SECURITIES OF ANNUITY AND LIFE RE (HOLDINGS), LTD. ("ANR") DURING THE PERIOD BETWEEN MARCH 15, 2000 AND NOVEMBER 19, 2002, INCLUSIVE ("CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Excluded from the Class are the Defendants, their officers, directors, and partners at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity.

IF YOU ARE A CLASS MEMBER, **AND YOU HAVE <u>NOT</u> PREVIOUSLY SUBMITTED AN ACCEPTABLE PROOF OF CLAIM IN CONNECTION WITH THE PRIOR SETTLEMENT,** YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.  **IF YOU HAVE ALREADY SUBMITTED AN ACCEPTABLE PROOF OF CLAIM IN CONNECTION WITH THE PRIOR SETTLEMENT, THEN THERE IS NO NEED TO DO SO AGAIN.**

<u>**UNLESS**</u> **YOU HAVE PREVIOUSLY SUBMITTED AN ACCEPTABLE PROOF OF CLAIM IN CONNECTION WITH THE PRIOR SETTLEMENT,** YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, **2008** TO THE FOLLOWING ADDRESS:

Annuity and Life Re (Holdings), Ltd. Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
Post Office Box 9000 #6254
Merrick, NY 11566-9000

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, **2008** WILL
SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING
ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS
LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR
TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL
BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY
TO THE CLAIMS ADMINISTRATOR.

CLAIMANT'S STATEMENT

1.      I affirm that I purchased or otherwise acquired the securities of Annuity and Life

Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19,

2002, inclusive, and was damaged thereby.


2.      By submitting this Proof of Claim, I state that I believe in good faith that I am a

Class Member as defined above and in the Notice of Proposed Settlement of Class Action with

Remaining Defendant KPMG Bermuda, Motion for Attorneys' Fees and Settlement Fairness

Hearing (the "KPMG Settlement Notice"), or am acting for such person; that I am not a

Defendant in the Action or anyone excluded from the Class; that I have read and understand the

Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect

to participate in the proposed Settlement described in the KPMG Settlement Notice; and that I

have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of

a Class Member (e.g., as an executor, administrator, trustee, or other representative), you must

submit evidence of your current authority to act on behalf of that Class Member.  Such evidence

would include, for example, letters testamentary, letters of administration, or a copy of the trust

documents.)

2

3.      I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim.  I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.      I have set forth where requested below all relevant information with respect to each purchase or acquisition of ANR securities during the Class Period, and each sale, if any, of such securities.  I agree to furnish additional information (including transactions in other ANR securities) to the Claims Administrator to support this claim if requested to do so.

5.      I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of ANR securities listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.      I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.  In some cases the Claims Administrator may condition acceptance of

the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.    Upon the occurrence of the Effective Date my signature hereto will constitute a full and complete release, remise and discharge by me and my heirs, executors, administrators, predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Settled Claims," as defined in the KPMG Settlement Notice.

8.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (800) 298-3208 or visit their website at *www.gardencitygroup.com* to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9.    Statement of Claim

CLAIMANT IDENTIFICATION

_____ / _____

Beneficial Owner's Name (First, Middle, Last)    / Joint Owner's Name

_____

Street Address

_____        _____
City                                   State              Zip Code

_____        _____
Foreign Province                       Foreign Country

_____        _____ (Daytime)
Area Code                       Telephone Number

_____        _____ (Evening)
Area Code                       Telephone Number

Check appropriate box (check only one box):

☐   Individual/Sole Proprietor   ☐   Joint Owners      ☐   Pension Plan
☐   Corporation                  ☐   Partnership       ☐   Trust
☐   IRA                          ☐   Other (describe:_____)

NOTE: Separate Proofs of Claim should be submitted for each separate legal entity (e.g. a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (e.g. a Corporation with multiple brokerage accounts should include all transactions made in [COMPANY _____ securities] during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.)

_____        _____
Social Security Number    or   Taxpayer Identification Number

_____
Record Owner's Name (if different from beneficial owner listed above)

10.    At the close of business on March 14, 2000, I owned _____ shares of ANR common stock (If none, write "zero" or "0") (If other than zero, must be documented).

11.    I made the following purchases of ANR common stock during the period between March 15, 2000 and November 19, 2002, inclusive. (NOTE: If you acquired your ANR

common stock during this period other than by an open market purchase, please provide a complete description of the terms of the acquisition on a separate page) (each purchase or acquisition must be documented):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
| --- | --- | --- | --- |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

12.    I made the following sales of ANR common stock during the period between March 15, 2000 and November 19, 2002, inclusive (If none, write "zero" or "0") (If other than zero, each sale must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
| --- | --- | --- | --- |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

13.    At the close of trading on November 19, 2002, I owned _____ shares of ANR common stock (If none, write "zero" or "0") (If other than zero, must be documented).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

14.    Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

15.    Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

7

_____
(Signature)

_____
(Capacity of person(s) signing, e.g.
beneficial purchaser(s), executor,
administrator, trustee, etc.)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN

_____, **2008**, AND MUST BE MAILED TO:

> Annuity and Life Re (Holdings), Ltd. Securities Litigation
> c/o The Garden City Group, Inc.
> Claims Administrator
> Post Office Box 9000 #6254
> Merrick, NY  11566-9000

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, **2008**, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

1.    ☐    Please be sure to sign this Proof of Claim on page [\_\_].  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2.    ☐    Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

3.    ☐    Do NOT use highlighter on the Proof of Claim or any supporting documents.

4.    ☐    If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

### NOTE:  RECEIPT ACKNOWLEDGMENT NEEDED

The Claims Administrator will send a written confirmation of its receipt of your Proof of Claim. Do not assume your claim is submitted until you receive written confirmation of its receipt. Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation of its receipt of your Proof of Claim. If you do not receive an acknowledgement postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims Administrator toll free at (800) 298-3208.

EXHIBIT 3 TO EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **SHERRY SCHNALL, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No. 02 CV 2133 (EBB)** |
| **ANNUITY AND LIFE RE (HOLDINGS),** | ) | |
| **LTD., et al.,** | ) | |
| **Defendants.** | ) | |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**
**WITH REMAINING DEFENDANT KPMG BERMUDA AND SETTLEMENT HEARING**

TO:     ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE
        ACQUIRED THE SECURITIES OF ANNUITY AND LIFE RE (HOLDINGS), LTD.
        ("ANR") DURING THE PERIOD BETWEEN MARCH 15, 2000 AND NOVEMBER
        19, 2002, INCLUSIVE, AND WERE DAMAGED THEREBY (THE "CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the Court, that the above-captioned action has been certified as a class

action for settlement purposes only and that a $10.5 million cash settlement ("KPMG

Settlement") has been proposed with the sole remaining defendant, KPMG Bermuda, ANR's

outside accountant during the Class Period.

A hearing will be held before the Honorable Ellen Bree Burns in the United States

Courthouse, 141 Church Street, New Haven, Connecticut 06510, at ___:_____ ___.m., on

_____, 2008 to determine whether the proposed settlement should be approved by

the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Counsel

for attorneys' fees and reimbursement of expenses.

This KPMG Settlement is in addition to a prior $16.5 million settlement with ANR, XL

Capital, Ltd. and certain of ANR's officers and directors, which was approved by the Court on

January 21, 2005.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS

WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT

FUND.  If you have not yet received the full printed Notice of Proposed Settlement of Class

Action with Remaining Defendant KPMG Bermuda, Motion for Attorneys' Fees and Settlement

Fairness Hearing (the "KPMG Settlement Notice"), you may obtain a copy by contacting:

> Annuity and Life Re (Holdings), Ltd. Securities Litigation
> c/o The Garden City Group, Inc.
> Claims Administrator
> Post Office Box 9000 #6254
> Merrick, NY  11566-9000
> (800) 298-3208
> *www.gardencitygroup.com*

Inquiries, other than requests for the forms of the KPMG Settlement Notice and the Proof of

Claim, may be made to Plaintiffs' Co-Lead Counsel:

| | |
|---|---|
| David R. Scott, Esq. | Barry A. Weprin, Esq. |
| SCOTT + SCOTT LLP | MILBERG WEISS LLP |
| 108 Norwich Avenue | One Pennsylvania Plaza |
| P.O. Box 192 | New York, NY  10119-0165 |
| Colchester, CT  06415 | (212) 594-5300 |
| (860) 537-5537 | |

To participate in the Settlement, if you did not previously submit an acceptable Proof of

Claim in connection with the prior settlement, you must request and submit a Proof of Claim no

later than _____, 2008.  Copies of the Proof of Claim form may be obtained at

*www.gardencitygroup.com* or by contacting the Claims Administrator identified above.  IF YOU

PREVIOUSLY SUBMITTED A VALID PROOF OF CLAIM IN CONNECTION WITH THE

PRIOR SETTLEMENT, YOU NEED NOT RESUBMIT YOUR CLAIM, AS YOUR PRIOR

CLAIM WILL ENTITLE YOU TO SHARE IN THIS SETTLEMENT.

If you are a Class Member and do not exclude yourself from the Class, you will be bound by the Order and Final Judgment of the Court.  To exclude yourself from the Class, you must submit a request for exclusion postmarked no later than _____, 2008.

Any objections to the Settlement must be filed by _____, 2008.

If you are a Class Member and did not previously (or do not now) submit a proper Proof of Claim, you will not share in the Settlement but you nevertheless will be bound by the Order and Final Judgment of the Court.

Further information may be obtained by contacting the Claims Administrator.

By Order of The Court

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 02 CV 2133 (EBB)** |
| ) | |
| **ANNUITY AND LIFE RE (HOLDINGS), LTD., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER AND FINAL JUDGMENT**

On the _____ day of _____, 2008, a hearing having been held before this

Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of

Settlement with Remaining Defendant KPMG Bermuda dated _____, 2008 (the

"Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the

Class against KPMG Bermuda in the KPMG Complaint[1] now pending in this Court under the

above caption, including the release of KPMG Bermuda and the other Released Parties, and

should be approved; (2) whether judgment should be entered dismissing the KPMG Complaint in

its entirety on the merits and with prejudice as against all persons or entities who are members of

the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of

Allocation as a fair and reasonable method to allocate the settlement proceeds among the

members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and

reimbursement of expenses.  The Court having considered all matters submitted to it at the

hearing and otherwise; and it appearing that a notice of the hearing substantially in the form

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

approved by the Court was mailed to all persons or entities reasonably identifiable, who

purchased the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period

between March 15, 2000 and November 19, 2002, inclusive (the "Class Period"), as shown by

the records compiled by the Claims Administrator in connection with the previous mailing of the

notice of settlement with the ANR Defendants (the "ANR Settlement"), at the respective

addresses set forth in such records, at the respective addresses set forth in such records, except

those persons or entities excluded from the definition of the Class, and that a summary notice of

the hearing substantially in the form approved by the Court was published in the global edition of

*The Wall Street Journal* and the worldwide edition of *Financial Times* and transmitted over the

Global Media Circuit of *Business Wire* pursuant to the specifications of the Court; and the Court

having considered and determined the fairness and reasonableness of the award of attorneys' fees

and expenses requested; and all capitalized terms used herein having the meanings as set forth

and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the ANR Action, the KPMG

Action, the Lead Plaintiff, all Class Members, and KPMG Bermuda.

2.    The Court finds that the prerequisites for a class action under Federal Rules of

Civil Procedure 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is

so numerous that joinder of all members thereof is impracticable; (b) there are questions of law

and fact common to the Class; (c) the claims of the Class Representative Communications

Workers of America are typical of the claims of the Class they seek to represent; (d) the Class

Representative Communications Workers of America and Plaintiffs' Co-Lead Counsel have and

will fairly and adequately represent the interests of the Class; (e) the questions of law and fact

common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby. Excluded from the Class are the Defendants, their officers, directors, and partners at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity.  [Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto] **OR** [No timely and valid requests for exclusion from the Class were received in response to the KPMG Settlement Notice].

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiff Communications Workers of America as Class Representative.

5.      Notice of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities

3

Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6.    The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    The KPMG Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed in its entirety with prejudice and without costs.

8.    Lead Plaintiff and members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in the KPMG Action or the ANR Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the KPMG Complaint or the ANR Complaint or otherwise)

4

or (ii) that could have been asserted at any time in the KPMG Action, the ANR Action or in any

forum by the Class Members or any of them against any of the Released Parties, which arise out

of, relate in any way to, or are based in any way upon any of the allegations, transactions, facts,

matters or occurrences, actions, representations or omissions involved in, set forth, in, referred to

or asserted in the KPMG Complaint or the ANR Complaint and relate to the purchase, sale,

transfer or acquisition of any securities of ANR during the Class Period (the "Settled Claims")

against KPMG Bermuda, KPMG LLP, a U.K. limited liability partnership, KPMG LLP, a U.S.

limited liability partnership, KPMG International, a Swiss cooperative, and all other member

firms of KPMG International, and any and all of their past or present partners, principals,

employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns

(collectively, the "Released Parties"). The Settled Claims are hereby compromised, settled,

released, discharged and dismissed as against the Released Parties on the merits and with

prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.      "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or

Class Member does not know or suspect to exist in his, her or its favor at the time of the release

of the Released Parties, and any Settled Defendant's Claims which KPMG Bermuda does not

know or suspect to exist in its favor, which if known by him, her or it might have affected his,

her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims

and Settled Defendant's Claims, the parties stipulate and agree that by operation of the Order and

Final Judgment, upon the Effective Date, the Lead Plaintiff and KPMG Bermuda shall have

expressly waived, and each Class Member shall be deemed to have waived, and by operation of

the Final Judgment shall have expressly waived, any and all provisions, rights and benefits

conferred by any law of any state or territory of the United States or Bermuda, or principle of

common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which

provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his settlement with the debtor.

Lead Plaintiff and KPMG Bermuda acknowledge, and Class Members by operation of law shall

be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

Settled Claims and Settled Defendant's Claims was separately bargained for and was a key

element of the Settlement.

10.    KPMG Bermuda and its successors and assigns are hereby permanently barred

and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of

action or liabilities whatsoever, whether based on United States federal, state, local, statutory or

common law, or the laws of Bermuda or any other law, rule or regulation, whether foreign or

domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in

equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature,

including both known claims and Unknown Claims, that have been or could have been asserted

in the KPMG Action or the ANR Action or any other forum by any of the Defendants or the

successors and assigns of any of them against any of the Lead Plaintiff, Class Members or their

attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of

the KPMG Action and the ANR Action (except for claims to enforce the Settlement) (the

"Settled Defendant's Claims").  The Settled Defendant's Claims are hereby compromised,

settled, released, discharged and dismissed on the merits and with prejudice by virtue of the

proceedings herein and this Order and Final Judgment.

11.    (a)  Notwithstanding the provisions of [¶¶ 8, 9 and 10] of this Order and Final Judgment, in the event that any of the Released Parties asserts against any of the Lead Plaintiff, Class Members or their respective counsel, any claim that is a Settled Defendant's Claim, then Lead Plaintiff or such Class Member or counsel shall be entitled to use and assert such factual matters included within the Settled Claims only against such Released Party in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party.

(b)  Notwithstanding the provisions of [¶¶ 8, 9 and 10] of this Order and Final Judgment, in the event that the Lead Plaintiff or any member of the Class asserts against any of the Released Parties or their respective counsel any claim that is a Settled Claim, then such Released Party or counsel shall be entitled to use and assert such factual matters included within the Settled Defendant's Claims only against such Lead Plaintiff or Class member in defense of such claim but not for the purposes of affirmatively asserting any claim against Lead Plaintiff or any Class member.

12.    Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution, equitable indemnity, or any other claim where the injury to the party asserting the claim is that party's liability to the Class or any Class member, by any person or entity, including without limitation any other Defendant, whether arising under United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, based upon, arising out of, relating to, or in connection with the claims of the Class or any Class Member in the KPMG Action or the ANR Action.  Accordingly, to the maximum extent permissible under the PSLRA, the Court hereby bars and enjoins all such claims for contribution, equitable indemnity, or any other claim where the injury to the party asserting the claim is that party's liability to the Class or any Class member:  (a) by any person or entity, including without

7

limitation any other Defendant, against any Released Party; and (b) by any Released Party

against any person or entity other than a person or entity whose liability to the Class has been

extinguished pursuant to the Stipulation and Agreement of Settlement with Remaining

Defendant KPMG Bermuda and this Order and Final Judgment.  Pursuant to 15 U.S.C. § 78u-

4(f)(7)(B), if there is a final verdict or judgment against any other Defendant in the KPMG

Action or the ANR Action, the verdict or judgment shall be reduced by the greater of:  (a) an

amount that corresponds to the percentage of responsibility of KPMG Bermuda; or (b) the

amount paid pursuant to this Settlement by KPMG Bermuda.

13.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and

provisions, nor any of the negotiations or proceedings connected with it, nor any of the

documents or statements referred to therein shall be:

(a)    offered or received against any Released Party as evidence of or construed

as or deemed to be evidence of any presumption, concession, or admission by the Released Party

with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim

that has been or could have been asserted in the KPMG Action (or the ANR Action) or in any

litigation, or the deficiency of any defense that has been or could have been asserted in the

KPMG Action (or the ANR Action)  or in any litigation, or of any liability, negligence, fault, or

wrongdoing of the any Released Party;

(b)    offered or received against any Released Party as evidence of a

presumption, concession or admission of any fault, misrepresentation or omission with respect to

any statement or written document approved or made by any Released Party;

8

(c)    offered or received against any Released Party as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e)    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by KPMG Bermuda have any merit, or that damages recoverable under the KPMG Complaint or the ANR Complaint would not have exceeded the Gross Settlement Fund; or

(f)    used, described, portrayed or referred to by Lead Plaintiff, Class Members or Plaintiffs' Counsel for any purpose other than to effectuate the provisions of the Stipulation, and in no event in a manner inconsistent with the terms and provisions of the Stipulation and its exhibits.

14.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

9

15.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16.     Plaintiffs' Counsel are hereby awarded _____% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the ANR Action and the KPMG Action.

17.     Lead Plaintiff Communications Workers of America is hereby awarded $_____. This award is for reimbursement of this Lead Plaintiff's reasonable costs and expenses (including lost wages) directly related to its representation of the Class.

18.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

        (a)     the settlement has created a fund of $10.5 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

        (b)     Over _____ copies of the Notice of Proposed Settlement of Class Action with Remaining Defendant KPMG Bermuda, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "KPMG Settlement Notice") were disseminated to putative Class

10

Members indicating that Plaintiffs' Counsel were moving for attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of expenses incurred in connection with the prosecution of the KPMG Action and the ANR Action in the approximate amount of $_____ and [_____] objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the KPMG Settlement Notice;

(c)    Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)    The action involves complex factual and legal issues and was actively prosecuted over five years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)    Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the Class may have recovered less or nothing from KPMG Bermuda;

(f)    Since their application in connection with the ANR Settlement, Plaintiffs' Counsel have devoted over _____ hours, with a lodestar value of $_____, to achieve the Settlement; and

(g)    The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases, including the award set forth in the January 21, 2005 Order and Final Judgment approving the ANR Settlement.

19.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the ANR Action and the KPMG Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

20.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated:        New Haven, Connecticut
              _____, 2008


              _____
              Honorable Ellen Bree Burns
              UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**List of Persons and Entities Excluded from the Class in *Schnall, et al. v. Annuity and Life Re (Holdings). Ltd., et al.*, Civil Action No. 02 CV 2133 (EBB) and in *Communications Workers of America and Midstream Investments Ltd. v. KPMG LLP (United States), et al.*, Civil Action No. 03-CV-1826 in connection with the KPMG Settlement**

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class in *Schnall, et al. v. Annuity and Life Re (Holdings). Ltd., et al.* and in *Communications Workers of America and Midstream Investments Ltd. v. KPMG LLP (United States), et al.* in connection with the KPMG Settlement:

|  |  |
|--|--|
|  |  |