## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNUITY AND LIFE RE (HOLDINGS), LTD., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 02 CV 2133 (EBB)<br>)<br>)<br>)<br>)<br>)<br>) |

### LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR <u>PRELIMINARY APPROVAL OF SETTLEMENT</u>

**SCOTT + SCOTT LLP**
David R. Scott (Juris No. 16080)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

**MILBERG WEISS LLP**
Barry A. Weprin (Juris No. 06136)
Todd Kammerman
One Pennsylvania Plaza
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

Beth A. Kaswan (Juris No. 21415)
29 West 57th Street, 14th Floor
New York, New York 10019
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

*Co-Lead Counsel for Class Plaintiffs*

**Table of Contents**

| | | Page |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | OVERVIEW OF THE LITIGATION | 3 |
| III. | THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL | 5 |
| IV. | A SETTLEMENT CLASS SHOULD BE CERTIFIED | 6 |
| V. | THE PROPOSED PLAN OF ALLOCATION SHOULD BE PRELIMINARILY APPROVED | 7 |
| VI. | THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM ARE ADEQUATE | 7 |
| VII. | PROPOSED SCHEDULE | 8 |
| VIII. | CONCLUSION | 9 |

I.  **PRELIMINARY STATEMENT**

Communications Workers of America and Midstream Investments Ltd. (collectively, "Lead Plaintiff") submits this memorandum in support of the Plaintiffs' unopposed motion for an order granting preliminary approval of the proposed settlement of the remainder of this securities class action, which provides for a settlement consisting of $10,500,000 in cash to be paid by KPMG Bermuda.

On January 21, 2005 this Court finally approved a settlement with Annuity & Life Re (Holdings) Ltd. ("ANR") and certain other Defendants, and on August 10, 2006 the Court dismissed the Complaint as against KPMG LLP in the United States ("KPMG U.S.").

This settlement involves claims made against KPMG Bermuda by persons and entities who purchased or otherwise acquired the securities of ANR during the period March 15, 2000 through and including November 19, 2002 (the "Class Period"), and were damaged thereby. The complaint filed in the litigation asserts that during the Class Period, KPMG Bermuda issued materially false and misleading audit opinions for its annual audits of ANR's financial statements which artificially inflated the value of ANR'S securities and caused Plaintiffs' losses. Lead Plaintiff alleged that KMPG Bermuda either recklessly or knowingly issued unqualified audit opinions approving ANR's financial statements that were misstated and which violated generally accepted accounting principles ("GAAP"), and, that in conducting its audits, KPMG Bermuda failed to comply with generally accepted audit standards ("GAAS"). KPMG Bermuda has denied and continues to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged. KPMG Bermuda denies and continues to deny that it committed any violations of law or engaged in any wrongful act, whether as alleged or otherwise and denies that the Class suffered any damages as a result of its actions.

By this motion, Lead Plaintiff seeks preliminary approval of the settlement of the litigation as against KPMG Bermuda and in connection therewith entry of an order providing:

1. preliminary approval of the settlement;

2. certification of a Class for settlement purposes only;

3. approval of the form of notice describing the terms of the settlement and Class Members' rights with respect thereto, the proposed release of claims, the proposed Plan of Allocation of settlement proceeds, the request for an award of attorneys' fees and reimbursement of expenses, and the procedures for submitting Proofs of Claim (to the extent Proofs of Claim have not already been submitted during the administrative process for the earlier settlement against ANR and others); and

4. setting the date for the hearing to consider final approval of the settlement and the foregoing matters.

The proposed $10.5 million cash settlement is a very good result under the circumstances presented here, because of the complexity of the accounting issues, the difficulty of demonstrating *scienter* on the part of an auditor, and issues involving loss causation and damages. For the Lead Plaintiff, one of the principal reasons for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

For purposes of this motion for preliminary approval, the issue before the Court is whether the settlement is within the range of what **might** be approved as fair, reasonable and adequate in order to justify mailing and publishing notice of the settlement and scheduling a final hearing. "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations . . . and falls within the range of possible approval, preliminary approval should be

granted." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, MDL No. 1023, 1997 U.S. Dist. LEXIS 20835, at *22 (S.D.N.Y. Dec. 31, 1997). The Court is not required at this point to make a final determination regarding the reasonableness of the settlement, and no Class Members' substantive rights will be prejudiced by preliminary approval.

Lead Plaintiff and Plaintiffs' Co-Lead Counsel are fully conversant with the strengths and weaknesses of this case, and thus can readily evaluate the risks associated with the continued litigation, as well as the fairness of its resolution at this time. Lead Plaintiff submits that, in light of these strengths and weaknesses and risks, the proposed settlement is a good result for, and is in the best interests of, the Class. The settlement was the result of arm's length negotiations conducted by experienced counsel and with the assistance of an independent mediator, and warrants preliminary approval for purposes of notifying Class Members.

## II.    OVERVIEW OF THE LITIGATION

Beginning on December 4, 2002, nine class actions alleging violations of federal securities laws were filed in this Court as securities class actions on behalf of purchasers of ANR securities.

On March 29, 2003, the Court appointed Communications Workers of America ("CWA") and Midstream Investments Ltd. ("Midstream") as Lead Plaintiffs and appointed Scott + Scott LLP and Milberg Weiss LLP as Co-Lead Counsel.

The Consolidated Amended Class Action Complaint dated July 11, 2003 (the "ANR Complaint") pled securities fraud claims against ANR, certain officers and directors and an affiliated company (the "ANR Action"). On October 23, 2003, the Lead Plaintiffs in the ANR Action filed a related action against KPMG Bermuda and KPMG U.S. (the "KPMG Action"). On January 2, 2004 the Court consolidated the KPMG Action and the ANR Action.

Following the consolidation of the ANR Action and the KPMG Action, counsel for Lead

3

Plaintiff and the Defendants began the vigorous litigation of the case. Several motions to dismiss were filed by various of the Defendants, and Plaintiffs' claims were ultimately sustained as against all Defendants except KPMG U.S. On January 21, 2005 the Court entered an Order and Final Judgment approving a settlement with the Defendants in the original ANR Action.

On November 22, 2006, KPMG Bermuda filed its answer to the complaint, denying that it violated any laws or committed any improper acts. Formal discovery began shortly thereafter.

Following extensive negotiations, and two extensive mediation sessions, Lead Plaintiff and KPMG Bermuda executed the Stipulation and Agreement of Settlement with Remaining Defendant KPMG Bermuda on February 11, 2008.

Lead Plaintiff believes that all the claims asserted against KPMG Bermuda are meritorious. However, Lead Plaintiff and Plaintiffs' Co-Lead Counsel recognize the expense and length of continued proceedings necessary to prosecute the claims through trial and appeal. Plaintiffs' Co-Lead Counsel are also mindful of the complexity of the issues and the inherent problems of proving, and the possible defenses to, securities fraud claims brought against an auditor. Therefore, recovery over and above the amount of this settlement could not be assured, and the immediate benefit to be provided to the Class now under the Settlement is preferable to the risks of continued litigation and is fair, reasonable and adequate and in the best interest of the Class. Moreover, KPMG Bermuda has denied and continues to deny any violations of the securities laws, including: (i) that the price of ANR securities was artificially inflated by reason of any alleged misrepresentations, non-disclosures or otherwise and (ii) that the Class Members were harmed by any of the alleged misconduct.

### III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the Court, and judicial

approval must be obtained. Fed. R. Civ. P. 23(e). At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be asked to make a final determination as to whether the settlement is fair, reasonable and adequate under all of the circumstances surrounding the Action. Here, however, Lead Plaintiff requests only that the Court grant preliminary approval in order to authorize notifying Class Members of the terms of the settlement, and of their opportunity to be heard regarding the settlement at the hearing where final approval of the settlement will be considered.

The test for granting preliminary approval is whether the proposed settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *NASDAQ*, 1997 U.S. Dist. LEXIS 20835, at *24 (quoting *In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984)). *See Manual for Complex Litigation* § 21.632 (4th ed. 2004). Here the proposed $10.5 million settlement easily satisfies that standard.

The proposed $10.5 million cash settlement is a good result, and is well within the range of reasonableness, and deserves preliminary approval. A "reasonable" settlement is not susceptible to a mathematical equation yielding a particularized sum. Rather, "[i]n any case there is a range of reasonableness with respect to settlement." *Teachers' Ret. Sys. v. A.C.L.N., Ltd.*, No. 01-CV-11814 (MP), 2004 U.S. Dist. LEXIS 8608, at *15 (S.D.N.Y. May 14, 2004) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir.), *cert. denied*, 409 U.S. 1039 (1972)). The dollar amount of the settlement itself is not decisive in the fairness determination. *In re Union Carbide Corp. Consumer Prods. Bus. Sec. Litig.*, 718 F. Supp. 1099, 1103 (S.D.N.Y. 1989). Indeed, a settlement can be approved even when it amounts to only a small percentage of the recovery sought. *Teachers' Ret. Sys.*, 2004 U.S. Dist. LEXIS 8608, at *15; *see In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000).

**IV.    A SETTLEMENT CLASS SHOULD BE CERTIFIED**

In connection with granting preliminary approval of the settlement, the Court should also certify a Class in this action, defined as follows:

> all persons and entities who purchased or otherwise acquired the securities of ANR during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby. Excluded from the Class are the Defendants, their officers, directors, and partners at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity. Also excluded from the Class are any putative Class Members who now exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

The courts routinely certify settlement classes in complex securities class actions arising under Rule 23 of the Federal Rules of Civil Procedure. Here, the proposed Class satisfies all the criteria for a class certification under Federal Rule of Civil Procedure 23(a) and (b). First, the claims of CWA, the Lead Plaintiff who proposes to serve as a class representative for this settlement, arises from purchases of ANR common stock during the Class Period (as evident from the certificate filed in connection with its motion for appointment as lead plaintiff), and thus is typical of the Class it seeks to represent. Second, there are numerous Class Members, evident by the large number of ANR common stock shares traded during the Class Period. Third, the diligence Plaintiffs' Co-Lead counsel has demonstrated in achieving this settlement clearly evidences their ability to adequately represent the Class. Fourth, there are common questions concerning Defendants' alleged issuance of materially misleading statements and their inflationary impact on the price of ANR securities that predominate over any individual issues of law and fact.

## V.  THE PROPOSED PLAN OF ALLOCATION SHOULD BE PRELIMINARILY APPROVED.

Lead Plaintiff is proposing that the Plan of Allocation previously approved on January 21, 2005 in connection with the settlement with ANR be re-approved in this settlement to provide for a

proportionate distribution of the Net Settlement Fund to Class Members who submit (or who previously submitted) acceptable Proofs of Claim.

## VI. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM ARE ADEQUATE.

Federal Rule of Civil Procedure 23(e)(2) requires that class members receive notice of any proposed settlement before final approval by the court. *Manual for Complex Litigation*, supra, § 21.633, at 321-22. Lead Plaintiff respectfully submits that the proposed notices, which are annexed as Exhibits 1 and 3 to the proposed Preliminary Order For Notice And Hearing In Connection With Settlement Proceedings, submitted herewith, are adequate. If approved by the Court, the notice substantially in the form of Exhibit 1 to the proposed Preliminary Order For Notice And Hearing In Connection With Settlement Proceedings (Exhibit A to the Stipulation), will be sent by first-class mail to each Class Member identified from ANR's transfer records as purchasers of ANR securities during the Class Period, as well as to brokerage firms and other nominees who regularly act as nominees for beneficial purchasers of securities. In addition, a summary notice substantially in the form of Exhibit 3 to the proposed Preliminary Order For Notice And Hearing In Connection With Settlement Proceedings (Exhibit A of the Stipulation) will be published in the global edition of *The Wall Street Journal* and the worldwide edition of *Financial Times* and transmitted over the Global Media Circuit of Business Wire within ten (10) days of the mailing of the notice.

As required by Federal Rule of Civil Procedure 23(c)(2) the notices will inform Class Members of the claims alleged in the action, the terms of the proposed settlement and their rights as Class Members to opt out or object to the $10.5 million cash settlement, or otherwise object to the Plan of Allocation and/or the proposed attorneys' fees and expenses. *See Consol. Edison, Inc. v.*

7

*Northeast Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("'Due process requires that the notice to class members "fairly apprise the . . . members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings.'"") (citations omitted); *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982).

Lastly, as part of the preliminary approval of the settlement, Lead Plaintiff also respectfully requests the appointment of Garden City Group Inc. ("Garden City") as Claims Administrator. As Claims Administrator, Garden City will be responsible for, among other things, mailing the notices to the Class, reviewing claims and compiling a distribution schedule for the Settlement Fund. Garden City has extensive experience in settlement administration and will adequately fulfill its duties in this case.

## VI.   PROPOSED SCHEDULE

Lead Plaintiff proposes the following schedule:

| | |
|---|---|
| Notice Mailed to Class Members ("Notice Date") | 14 days after entry of Preliminary Approval Order |
| Summary Notice published | within 10 days from the Notice Date |
| Deadline for requesting exclusion from the Settlement or objecting to the Settlement, the proposed Plan of Allocation, and the request for attorneys' fees and expenses | 60 calendar days after the Notice Date |
| Settlement Fairness Hearing | At the Court's convenience, at least 25 days after the exclusion/objection deadline |
| Deadline for submitting Proof of Claim forms (for those class members who have not previously submitted Proof of Claim forms) | 30 days after the Settlement Fairness Hearing |

## VII.   CONCLUSION

Lead Plaintiff requests approval of the unopposed motion for an order preliminarily

8

approving the proposed settlement, directing notice be sent to all Class Members and summary notice to be published, and setting a hearing date for final approval.

Dated: February 13, 2008 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　SCOTT + SCOTT LLP

　　　　　　　　　　　　　　　　　　　　　/s/ David R. Scott
　　　　　　　　　　　　　　　　　　　　　David R. Scott (Juris No. 16080)
　　　　　　　　　　　　　　　　　　　　　108 Norwich Avenue
　　　　　　　　　　　　　　　　　　　　　P.O. Box 192
　　　　　　　　　　　　　　　　　　　　　Colchester, CT  06415
　　　　　　　　　　　　　　　　　　　　　Telephone:  (860) 537-5537
　　　　　　　　　　　　　　　　　　　　　Facsimile:  (860) 537-4432

　　　　　　　　　　　　　　　　　　　　　Beth A. Kaswan (Juris No. 21415)
　　　　　　　　　　　　　　　　　　　　　29 West 57th Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY  10019
　　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 223-6444
　　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 223-6334

　　　　　　　　　　　　　　　　　　　　　MILBERG WEISS LLP
　　　　　　　　　　　　　　　　　　　　　Barry A. Weprin (Juris No. 06136)
　　　　　　　　　　　　　　　　　　　　　Todd Kammerman
　　　　　　　　　　　　　　　　　　　　　One Pennsylvania Plaza
　　　　　　　　　　　　　　　　　　　　　New York, NY  10119-0165
　　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 594-5300
　　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 868-1229

　　　　　　　　　　　　　　　　　　　　　*Co-Lead Counsel for Class Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Lead Plaintiff's Memorandum of Law In Support of Motion For Preliminary Approval of Settlement was electronically filed the 13th day of February, 2008. All participating counsel will be served via the Court's CM/ECF system.

        SCOTT + SCOTT LLP

        /s/ David R. Scott
        David R. Scott
        108 Norwich Avenue
        P.O. Box 192
        Colchester, CT  06415
        Telephone:  (860) 537-5537
        Facsimile:   (860) 537-4432

        *One of the Co-Lead Counsel for Class Plaintiffs*