these names and addresses to GCG, or submit a request for Settlement Notices to forward to their clients. A copy of this letter is attached as Exhibit C.

      10.    The total number of Settlement Notices mailed on March 7, 2007 was 18,639.

## RESPONSE TO BROKER MAILING

      11.    As of the date of this affidavit, GCG has received an additional 2,030 names and addresses of potential Class Members from individuals or from brokerage firms, banks, institutions and other nominees, in the form of lists, emails, labels and disks. Settlement Notices were mailed to these individuals on a timely basis. Also, GCG has received requests from 6 brokers and other nominee purchasers requesting a total of 663 Settlement Notices to forward to their customers. All such requests were complied with in a timely manner.

      12.    As of the date of this affidavit, GCG has mailed a total of 21,828 Settlement Notices (including 496 Settlement Notices that were re-mailed to updated addresses provided to GCG by the U.S. Postal Service) to potential Class Members and nominees.

## IVR AND WEBSITE

      13.    GCG established a toll-free telephone number for Class Members that connects the caller to our Interactive Voice Response system ("IVR"). The IVR provides Class Members access to general information about the Settlement and provides the ability to request a copy of the Settlement Notice or Proof of Claim. As of the date of this affidavit, GCG has received a total of 95 calls to the toll-free number, out of which 25 people left messages and/or requests to speak with GCG administrators for assistance, all of which were responded to in a timely manner.

14. In addition, copies of the Settlement Notice, the Proof of Claim, and the Stipulation and Agreement of Settlement with Remaining Defendant KPMG Bermuda were posted on GCG's website (http://www.gardencitygroup.com).

### (B) REPORT ON EXCLUSION REQUESTS RECEIVED

15. The answer to question 13 of the Settlement Notice informed Class Members that written requests for exclusion from the Class must be mailed to GCG by first-class mail, postmarked no later than May 6, 2008, addressed to Annuity and Life Re (Holdings), Ltd. Securities Litigation, EXCLUSIONS, c/o The Garden City Group, Inc., Claims Administrator, P.O Box 9254, Dublin, OH 43017-4654. GCG has monitored all mail that has been delivered to that Post Office Box. As of the date of this Affidavit, GCG has received 1 request for exclusion from the Class. Attached hereto as Exhibit D is a report showing the requested exclusion from the Class and the date the request was post-marked.

_____
Jose C. Fraga

Sworn to before me this
28 day of May, 2008

_____
Notary Public

SUSAN P. GODDARD
Notary Public, State of New York
No. 41-4985806
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Sept. 23, 2009

5

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANNUITY AND LIFE RE (HOLDINGS), LTD., et al., )<br>)<br>Defendants. ) | Civil Action No. 02 CV 2133 (EBB) |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION WITH REMAINING DEFENDANT KPMG BERMUDA, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING**

If you purchased or otherwise acquired the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby, then you could get a payment from a class action settlement.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  IF YOU ARE A CLASS MEMBER, YOU ULTIMATELY MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The proposed settlement would provide $10.5 million in cash to settle claims against the last remaining defendant in this action, KPMG in Bermuda ("KPMG Bermuda").

- The proposed settlement resolves a lawsuit regarding whether ANR, certain of its officers and directors, and its independent auditors misled investors about ANR's financial condition during the period between March 15, 2000 and November 19, 2002, inclusive (the "Class Period").

- This settlement is in addition to the prior $16.5 million settlement with other defendants (the "ANR Settlement") described in a prior notice to the Class dated October 19, 2004 and finally approved by the Court on January 21, 2005.

- The settlement funds will be used to pay claims from investors who purchased or otherwise acquired ANR securities during the Class Period, and were damaged thereby.

- **IF YOU HAVE ALREADY SUBMITTED A VALID PROOF OF CLAIM FORM IN CONNECTION WITH THE PRIOR ANR SETTLEMENT, YOU DO NOT NEED TO SUBMIT ANOTHER CLAIM FORM IN ORDER TO PARTICIPATE IN THE SETTLEMENT WITH KPMG BERMUDA.**

- **IF YOU HAVE NOT YET SUBMITTED A VALID PROOF OF CLAIM FORM IN CONNECTION WITH THE PRIOR ANR SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM FORM NOW IN ORDER TO PARTICIPATE IN THE SETTLEMENT WITH KPMG BERMUDA.**

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **SUBMIT A CLAIM FORM BY JULY 7, 2008** | If you have not previously submitted an acceptable Proof of Claim in connection with the prior settlement, you may now submit a claim to share in this Settlement. |
| **EXCLUDE YOURSELF BY MAY 6, 2008** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against KPMG Bermuda and the other Released Parties about the Settled Claims. |
| **OBJECT BY MAY 7, 2008** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON JUNE 5, 2008** | Ask to speak in Court about the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

**SUMMARY NOTICE**

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $10.5 million in cash, plus interest, has been established. This Settlement is in addition to the $16.5 million settlement described in the Notice of Pendency of Class Action and Proposed Settlement with Certain Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing dated October 19, 2004 (the "ANR Settlement Notice"). The prior settlement was approved by the Court on January 21, 2005.

Plaintiffs estimate that there were approximately 19.15 million shares of ANR common stock traded during the Class Period which may have been damaged.

In the ANR Settlement Notice, Plaintiffs estimated that the average recovery per damaged share of ANR common stock under the settlement was approximately $0.86 per damaged share[1] before deduction of Court-awarded attorneys' fees and expenses. Plaintiffs estimate that the average recovery per damaged share of ANR common stock under this Settlement is an additional $0.55 per damaged share before deduction of Court-awarded attorneys' fees and expenses. Thus, Plaintiffs estimate that the total average recovery per damaged share under the two settlements is approximately $1.41 per damaged share before deduction of Court-awarded attorneys' fees and expenses.

A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when during the Class Period a Class Member purchased or acquired ANR securities, the price paid, and whether those securities were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation beginning on page 11 for more information on your Recognized Claim.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. KPMG Bermuda denies that it is liable to the plaintiffs or the Class and denies that plaintiffs or the Class have suffered any damages.

---

[1] An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

While Plaintiffs' Counsel were prepared to go to trial and were confident in their ability to present a *prima facie* case, they recognize that a trial is a risky proposition and that plaintiffs and the Class might not have prevailed on its claims. KPMG Bermuda was ready to defend the trial and asserted confidence that it did not violate the securities laws and was not liable. Trial presented many risks to plaintiffs, who bore the burden of proving both liability and damages. In addition to denying liability, KPMG Bermuda denied that plaintiffs and the Class were legally damaged and would contend that the decline in the price of ANR common stock could be attributed, in whole or in part, to other factors. Therefore, plaintiffs could have recovered nothing or substantially less than the amount of the Settlement.

Plaintiffs' Counsel submit that the $10.5 million recovery for the Class is fair, reasonable and adequate and should be approved by the Court.

KPMG Bermuda denies that it is liable to the plaintiffs or the Class and denies that plaintiffs or the Class has suffered any damages.

Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $350,000. The requested fees and expenses would amount to an average of 20.1¢ per damaged share in total for fees and expenses. Application will also be made for reimbursement to Lead Plaintiff Communications Workers of America for an amount not to exceed $10,000 for reimbursement of its reasonable costs and expenses (including lost wages) directly relating to its representation of the Class. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. In connection with the prior settlement, the Court approved a fee award of one-third (33⅓%) of the prior settlement fund and $191,705.37 in reimbursement of expenses, plus interest.

Further Information

Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Co-Lead Counsel: David R. Scott, Esq., Scott + Scott LLP, 108 Norwich Avenue, P.O. Box 192, Colchester, Connecticut 06415, Telephone (860) 537-5537; or Barry A. Weprin, Esq., Milberg Weiss LLP, One Pennsylvania Plaza, New York, New York 10119-0165, Telephone (212) 594-5300.

Reasons for the Settlement

For the plaintiffs, the principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. In particular, plaintiffs took into consideration the complexity of the accounting issues, difficulties of demonstrating *scienter* on the part of KPMG Bermuda, loss causation defenses that are specific to KPMG Bermuda, disputes over damages suffered and the effect of the previous settlement bar order.

For KPMG Bermuda, which denies all allegations of wrongdoing or liability whatsoever, the principal reason for the settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

| **WHAT THIS NOTICE CONTAINS** |
|---|

**Table of Contents**

|  | Page |
|---|---|
| SUMMARY NOTICE | 2 |
|     Statement of Plaintiff Recovery | 2 |
|     Statement of Potential Outcome of Case | 2 |
|     Statement of Attorneys' Fees and Costs Sought | 3 |
|     Further Information | 3 |
|     Reasons for the Settlement | 3 |
| BASIC INFORMATION | 4 |
|     1. Why did I get this notice package? | 4 |
|     2. What is this lawsuit about? | 5 |
|     3. Why is this a class action? | 6 |
|     4. Why is there a settlement? | 6 |

WHO IS IN THE SETTLEMENT ................................................................................................................... 6
    5.   How do I know if I am part of the settlement? ............................................................................. 6
    6.   Are there exceptions to being included? ...................................................................................... 6
    7.   What if I am still not sure if I am included? ................................................................................. 6
THE SETTLEMENT BENEFITS — WHAT YOU GET ................................................................................ 7
    8.   What does the settlement provide? ............................................................................................... 7
    9.   How much will my payment be? ................................................................................................... 7
HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM ...................................... 7
    10.  How can I get a payment? ............................................................................................................. 7
    11.  When would I get my payment? ................................................................................................... 7
    12.  What am I giving up to get a payment or stay in the Class? ....................................................... 7
EXCLUDING YOURSELF FROM THE SETTLEMENT ............................................................................. 8
    13.  How do I get out of the proposed settlement? ............................................................................. 8
    14.  If I do not exclude myself, can I sue KPMG Bermuda and the other Released
         Parties for the same thing later? .................................................................................................. 8
    15.  If I exclude myself, can I get money from the proposed settlement? ........................................ 8
THE LAWYERS REPRESENTING YOU ..................................................................................................... 9
    16.  Do I have a lawyer in this case? ................................................................................................... 9
    17.  How will the lawyers be paid? ...................................................................................................... 9
OBJECTING TO THE SETTLEMENT .......................................................................................................... 9
    18.  How do I tell the Court that I do not like the proposed settlement? ........................................... 9
    19.  What is the difference between objecting and excluding? ....................................................... 10
THE COURT'S SETTLEMENT FAIRNESS HEARING ............................................................................. 10
    20.  When and where will the Court decide whether to approve the proposed settlement? ................... 10
    21.  Do I have to come to the hearing? ............................................................................................. 10
    22.  May I speak at the hearing? ........................................................................................................ 10
IF YOU DO NOTHING .................................................................................................................................. 11
    23.  What happens if I do nothing at all? .......................................................................................... 11
GETTING MORE INFORMATION ............................................................................................................. 11
    24.  Are there more details about the proposed settlement? ........................................................... 11
    25.  How do I get more information? ................................................................................................ 11
PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS .................... 11
SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ....................................... 12

**BASIC INFORMATION**

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

There are two related cases here. The Court in charge of the cases is the United States District Court for the District of Connecticut. The cases are assigned to United States District Judge Ellen Bree Burns.

The people who sued are called plaintiffs, and the companies and the persons they sued are called the defendants.

This first case, filed on December 4, 2002, is *Schnall v. Annuity and Life Re (Holdings) Ltd.*, Civil Action No. 02 CV 2133 (EBB), and is referred to in this notice as the "ANR Action."

The second case, filed on October 23, 2003, is *Communications Workers of America and Midstream Investments Ltd. v. KPMG LLP (United States), et al.*, Civil Action No. 03 CV 1826, and is referred to in this notice as the "KPMG Action."

On January 2, 2004, the KPMG Action was consolidated with the ANR Action, in the interests of judicial economy, without prejudice to defendants' rights to request a separate trial at a later and more appropriate phase of the litigation.

In the ANR Action, Lead Plaintiff Communications Workers of America and Midstream Investments Ltd. generally alleged, among other things, that the ANR Defendants (defined below) issued false and misleading press releases and other statements regarding ANR's financial condition during the Class Period in a scheme to artificially inflate the value of ANR securities.

The ANR Defendants were ANR, XL Capital, Ltd. ("XL Capital," which owned between 11.1 and 12.9% of ANR's common stock during the Class Period), and certain of their present and former officers and directors (Lawrence S. Doyle, Frederick S. Hammer, John F. Burke, William W. Atkin, Brian O'Hara, and Michael P. Esposito).

In the KPMG Action, Lead Plaintiff Communications Workers of America and Midstream Investments Ltd. alleged, individually and on behalf of the Class, among other things, that KPMG Bermuda and KPMG LLP USA ("KPMG USA"), as ANR's auditors, rendered opinions with respect to certain of ANR's financial statements during the Class Period that allegedly contained material misstatements or omissions and that as a result, Lead Plaintiff and other Class Members purchased ANR securities at artificially inflated prices.

Under the terms of a settlement approved by the Court on January 21, 2005, all claims against the ANR Defendants have been settled for $16.5 million in cash (the "ANR Settlement").

As a result of the ANR Settlement, only claims against KPMG Bermuda and KPMG USA remained. As described in the answer to question 2 below, the claims against KPMG USA were dismissed by the Court. KPMG Bermuda is the only remaining Defendant in either the ANR Action or the KPMG Action.

| 2. | What is this lawsuit about? |
|---|---|

KPMG Bermuda was the certified public accounting firm which served as ANR's auditor during the Class Period. ANR provided annuity and life reinsurance, agreeing to indemnify the ceding insurance company all or a portion of the risks associated with the underlying insurance policy in exchange for a reinsurance premium payable to the reinsurer. Plaintiffs allege that ANR's liabilities for the risks on its largest contract were much greater than ANR initially reported publicly.

In its Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws dated July 11, 2003 (the "ANR Complaint") filed in the ANR Action, Lead Plaintiff generally alleged, among other things, that the ANR Defendants issued false and misleading press releases and other statements regarding ANR's financial condition during the Class Period in a scheme to artificially inflate the value of ANR securities.

In its First Amended Class Action Complaint for Violations of Federal Securities Laws dated January 13, 2004 (the "KPMG Complaint") filed in the KPMG Action, Lead Plaintiff alleged, individually and on behalf of the Class, among other things, that KPMG Bermuda and KPMG USA, as ANR's public auditors, rendered opinions with respect to certain of ANR's financial statements during the Class Period that allegedly contained material misstatements or omissions and that as a result, Lead Plaintiff and other Class Members purchased ANR securities at artificially inflated prices as a result of the dissemination of materially false and misleading statements regarding ANR in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. The Complaint seeks money damages against KPMG Bermuda for these alleged violations of the federal securities laws. KPMG Bermuda denies all allegations of misconduct contained in the KPMG Complaint and the ANR Complaint, and denies having engaged in any wrongdoing whatsoever.

KPMG USA and KPMG Bermuda each filed a motion to dismiss the KPMG Complaint on March 12, and March 15, 2004, respectively.

On August 10, 2006, the Court granted KPMG USA's motion to dismiss the KPMG Complaint, and on August 30, 2006, denied KPMG Bermuda's motion to dismiss the KPMG Complaint.

As a result of the ANR Settlement and the Court's rulings on the motions to dismiss the KPMG Complaint, KPMG Bermuda is the only remaining named defendant in either the KPMG Action or the ANR Action.

On November 22, 2006, KPMG Bermuda answered the KPMG Complaint. KPMG Bermuda denied that it violated any laws or committed any improper acts and asserted affirmative defenses. KPMG Bermuda maintains that its actions were proper under the federal securities laws and assert that it is not liable to Plaintiffs or the Class upon the claims asserted in the KPMG Complaint.

| 3. | Why is this a class action? |

In a class action, one or more people called Class Representatives (in this case Communications Workers of America), sue on behalf of people who have similar claims. All these people are a Class or Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. | Why is there a settlement? |

The Court did not finally decide in favor of Plaintiffs or KPMG Bermuda. Instead, both sides, with the assistance of Robert A. Meyer, Esq. acting as a special mediator for two extensive mediation sessions, agreed to a settlement. That way, they avoid the risks and cost of a trial, and the people affected will receive a settlement payment, while KPMG Bermuda does not admit liability. The Class Representative and its attorneys think the settlement is best for all Class Members.

Plaintiffs' Counsel engaged in extensive discovery and investigation. They reviewed over 400,000 pages of documents from the files of ANR, KPMG Bermuda, KPMG USA, and others. Lead Plaintiff's decision to settle was made in full knowledge of the strengths and weaknesses of the claims. In deciding to settle, Lead Plaintiff and Plaintiffs' Counsel evaluated the extensive pre-trial discovery and investigation and took into account the cost and delay it would have required to litigate through trial and subsequent appeals. Lead Plaintiff and Plaintiffs' Counsel believe the settlement is fair, reasonable and adequate.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |

The Court directed, for the purposes of the proposed settlement, that everyone who fits this description is a Class Member: *all persons and entities who purchased or otherwise acquired the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby.*

| 6. | Are there exceptions to being included? |

Excluded from the Class are the Defendants, their officers, directors, and partners at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity.

Also excluded from the Class are any putative Class Members who now exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the answer to question 13 below.

If one of your mutual funds purchased or acquired ANR securities during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or acquired ANR securities during the Class Period. Check your investment records or contact your broker to see if you purchased or acquired ANR securities during the Class Period.

If you **sold** ANR securities during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you **purchased or otherwise acquired** ANR securities during the Class Period.

| 7. | What if I am still not sure if I am included? |

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-298-3208 or visit ***www.gardencitygroup.com*** for more information. Or you can request, fill out, and return the Proof of Claim form described on page 7, in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

| 8. | What does the settlement provide? |

In exchange for the Settlement and dismissal of the Action and releases, KPMG Bermuda has agreed to create a $10.5 million cash fund to be divided, after fees and expenses, among all Class Members who send in (or who have previously submitted in connection with the prior settlement) valid Proof of Claim forms.

| 9. | How much will my payment be? |

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of ANR common stock you purchased or acquired, how much you paid for them, and when you purchased or acquired them and whether or when you sold them, and if so for how much you sold them.

The proposed Plan of Allocation, which was previously approved by the Court in connection in the prior ANR Settlement, was set forth beginning on page 9 of the prior ANR Settlement Notice. You will not receive a payment for the entirety of your Recognized Claim as valid Proofs of Claim have already been submitted which exceed the $10.5 million settlement amount here. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims.

**HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM**

| 10. | How can I get a payment? |

To qualify for payment, if you have not previously submitted an acceptable Proof of Claim in connection with the prior settlement, you must send in a Proof of Claim form now. A Proof of Claim form was circulated with the prior ANR Settlement Notice. You may also get a Proof of Claim form on the Internet at ***www.gardencitygroup.com***. If you have not previously submitted an acceptable Proof of Claim in connection with the prior settlement, then please read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than **July 7, 2008**.

If you have already submitted an acceptable Proof of Claim in connection with the prior settlement, then there is no need to do so again. If you resubmit a claim previously submitted in the prior settlement, this will be considered a duplicate claim and will not increase your *pro rata* share of the settlement beyond that due to you based on your original claim.

| 11. | When would I get my payment? |

The Court will hold a hearing on **June 5, 2008**, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. In the event there are appeals, it will be uncertain whether such appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or stay in the Class? |

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release and be barred from asserting all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

"Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined in the Stipulation and Agreement of Settlement with Remaining Defendant KPMG Bermuda dated as of February 11, 2008 (the "Stipulation")), (i) that have been asserted in the KPMG Action or the ANR Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the KPMG Complaint or the ANR Complaint or otherwise) or (ii) that could have been asserted at any time in the KPMG Action, the ANR Action or in any forum by the Class Members or any of them against any of the Released Parties, which arise out of, relate in any way to, or are based in any way upon any of the allegations, transactions, facts, matters or occurrences, actions, representations or omissions involved in, set forth in, referred to or

7

asserted in the KPMG Complaint or the ANR Complaint and relate to the purchase, sale, transfer or acquisition of any securities of ANR during the Class Period.

"Released Parties" means KPMG Bermuda, KPMG LLP, a U.K. limited liability partnership, KPMG LLP, a U.S. limited liability partnership, KPMG International, a Swiss cooperative, and all other member firms of KPMG International, and any and all of their past or present partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep any right you may have to sue or continue to sue KPMG Bermuda and the other Released Parties, on your own, about the Settled Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement class. KPMG Bermuda may withdraw from and terminate the Settlement if putative Class Members who purchased or otherwise acquired in excess of a certain number of shares of ANR common stock exclude themselves from the Class.

| 13. | How do I get out of the proposed settlement? |

To exclude yourself from the settlement Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *Schnall v. Annuity and Life Re (Holdings) Ltd.*" Your letter should state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions and sales of ANR securities during the Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **May 6, 2008** to:

> Annuity and Life Re (Holdings), Ltd. Securities Litigation
> EXCLUSIONS
> c/o The Garden City Group, Inc.
> Claims Administrator
> P.O. Box 9254
> Dublin, OH  43017-4654

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) KPMG Bermuda and the other Released Parties in the future. Persons who exclude themselves now with respect to this settlement with KPMG Bermuda, but who did not previously request exclusion, will still be bound with respect to the prior settlement and proceedings relating to the ANR Defendants.

| 14. | If I do not exclude myself, can I sue KPMG Bermuda and the other Released Parties for the same thing later? |

No. Unless you exclude yourself, you give up any rights to sue KPMG Bermuda and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. Unless you have previously requested exclusion, you must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **May 6, 2008**.

| 15. | If I exclude myself, can I get money from the proposed settlement? |

No. If you exclude yourself, do not send in a Proof of Claim form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against KPMG Bermuda and the other Released Parties.

**THE LAWYERS REPRESENTING YOU**

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Scott + Scott LLP in Colchester, Connecticut and Milberg Weiss LLP[2] in New York, New York will represent all Class Members. These lawyers are called Plaintiffs' Co-Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Co-Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|---|---|

Plaintiffs' Co-Lead Counsel are moving the Court to award attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $350,000, plus interest on such expenses at the same rate as earned by the Settlement Fund.

Plaintiffs' Co-Lead Counsel are also moving the Court to award a payment not to exceed $10,000 to Lead Plaintiff Communications Workers of America for reimbursement of its reasonable costs and expenses (including lost wages) directly relating to its representation of the Class.

Plaintiffs' Co-Lead Counsel, without further notice to the Class, will subsequently apply to the Court for payment of the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the settlement and distributing the settlement proceeds to the members of the Class.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement or some part of it.

| 18. | How do I tell the Court that I do not like the proposed settlement? |
|---|---|

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Co-Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement in the Annuity and Life Re (Holdings), Ltd. Securities Litigation. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and amount(s) of all purchases, acquisitions and sales of ANR securities that you made during the Class Period, and state the reasons why you object to the Settlement. Your objection must be filed with the Court and served on all the following counsel on or before **May 7, 2008**:

| COURT | PLAINTIFFS' CO-LEAD COUNSEL | REMAINING DEFENDANT KPMG BERMUDA'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court for the<br>District of Connecticut<br>United States Courthouse<br>141 Church Street<br>New Haven, CT  06510 | David R. Scott, Esq.<br>Scott + Scott LLP<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br><br>Barry A. Weprin, Esq.<br>Milberg Weiss LLP<br>One Pennsylvania Plaza<br>New York, NY  10119-0165 | Michael J. Malone, Esq.<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY  10036-4003 |

---

[2]    Milberg Weiss LLP was formerly known as Milberg Weiss Bershad & Schulman LLP. On May 18, 2006 in the United States District Court for the Central District of California (Los Angeles), Milberg Weiss Bershad & Schulman LLP and two of its partners, David J. Bershad and Steven G. Schulman, and others, were named as defendants in an indictment. The indictment alleged that, in certain cases identified in the indictment, portions of attorneys' fees awarded to the firm were improperly shared with certain plaintiffs. Milberg Weiss LLP has pleaded not guilty. The two partners named in the indictment have left the firm and have agreed to plead guilty to a charge of conspiracy to obstruct justice. On September 20, 2007 a superseding indictment was filed which added Melvyn I. Weiss as a named defendant. Mr. Weiss has pleaded not guilty. The indictment does not refer to this action, and makes no allegations of any impropriety in the conduct of this action. Messrs. Bershad, Schulman, and Weiss had minimal involvement in this case.

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 18 and question 22 below for filing with the Court and providing to the counsel for Plaintiffs and Defendants a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiffs' Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

| 19. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

| 20. | When and where will the Court decide whether to approve the proposed settlement? |
|---|---|

The Court will hold a Settlement Fairness Hearing at **10:00 a.m.** on **Thursday, June 5, 2008**, at the United States District Court for the District of Connecticut, United States Courthouse, 141 Church Street, New Haven, Connecticut 06510. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Co-Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 18. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 22 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel from the settlement proceeds. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. In addition, the Settlement Fairness Hearing may be adjourned from time to time by the Court without further notice to the Class. Thus, if you want to come to the hearing, you should check with Plaintiffs' Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question 18 above) a statement stating that it is your "Notice of Intention to Appear in *Schnall v. Annuity and Life Re (Holdings) Ltd., et al.*" Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 18 and 20 above.

**IF YOU DO NOTHING**

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing (and you have not previously submitted a Proof of Claim form in connection with the prior settlement with the ANR Defendants), you will get no money from this settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against KPMG Bermuda and the other Released Parties about the Settled Claims in this case, ever again.  To share in the Net Settlement Fund you must submit (or have previously submitted) a valid Proof of Claim form (see question 10).  To start, continue or be a part of any other lawsuit against KPMG Bermuda and the other Released Parties about the Settled Claims in this case you must exclude yourself from this Class (see question 13).

**GETTING MORE INFORMATION**

| 24. | Are there more details about the proposed settlement? |
|---|---|

This notice summarizes the proposed settlement.  More details are in the Stipulation.  You can get a copy of the Stipulation (and the ANR Settlement Notice and a Proof of Claim) by writing to David R. Scott, Esq., Scott + Scott LLP, 108 Norwich Avenue, P.O. Box 192, Colchester, Connecticut  06415 or Barry A. Weprin, Esq., Milberg Weiss LLP, One Pennsylvania Plaza, New York, NY  10119-0165, or by visiting ***www.gardencitygroup.com***.

You also can call the Claims Administrator toll free at 1-800-298-3208; write to Annuity and Life Re (Holdings), Ltd. Securities Litigation, c/o The Garden City Group, Inc., P.O. Box 9254, Dublin, OH  43017-4654; or visit the website at ***www.gardencitygroup.com***, where you can find a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| 25. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Connecticut, United States Courthouse, 141 Church Street, New Haven, Connecticut  06510, during regular business hours.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The $10.5 million Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

Lead Plaintiff is proposing that the Net Settlement Fund be distributed to Authorized Claimants pursuant to the identical Recognized Claim formula (as set forth in the ANR Settlement Notice) in the Plan of Allocation that was already approved by the Court in connection with the ANR Settlement.  The text of the Plan of Allocation is available in the ANR Settlement Notice, additional copies of which may be obtained by calling 1-800-298-3208 or visiting ***www.gardencitygroup.com***.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not (or did not previously) submit acceptable Proofs of Claim will not share in the settlement proceeds.  Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement.  If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.  If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel.

Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, for the beneficial interest of a person or organization other than yourself, **and if you have not previously provided the Claims Administrator with a list of the names and addresses of your customers who are potential Class Members in connection with the Prior ANR Settlement Notice,** the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired ANR securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of those ANR securities.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  **If you previously provided the Claims Administrator with a list of the names and addresses of your beneficiaries for whom you purchased or otherwise acquired ANR securities during the Class Period, then you do not need to respond, the Claims Administrator will send this Settlement Notice to those persons as well.**  All communications concerning the foregoing should be addressed to the Claims Administrator:

> Annuity and Life Re (Holdings), Ltd. Securities Litigation
> c/o The Garden City Group, Inc.
> Claims Administrator
> P.O. Box 9254
> Dublin, OH  43017-4654
> 1-800-298-3208

Dated:    New Haven, Connecticut
          March 7, 2008

By Order of the Court<br>CLERK OF THE COURT