UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2008 JUN 13 P 3: 47
U.S. DISTRICT COURT
NEW HAVEN, CT

SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

ANNUITY AND LIFE RE (HOLDINGS), LTD., et al.,

Defendants.

Civil Action No. 02 CV 2133 (EBB)

## ORDER AND FINAL JUDGMENT

On the 5th day of June, 2008, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement with Remaining Defendant KPMG Bermuda dated as of February 11, 2008 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against KPMG Bermuda in the KPMG Complaint[1] now pending in this Court under the above caption, including the release of KPMG Bermuda and the other Released Parties, and should be approved; (2) whether judgment should be entered dismissing the KPMG Complaint in its entirety on the merits and with prejudice as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive (the "Class Period"), as shown by the records compiled by the Claims Administrator in connection with the previous mailing of the notice of settlement with the ANR Defendants (the "ANR Settlement"), at the respective addresses set forth in such records, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the global edition of *The Wall Street Journal* and the worldwide edition of *Financial Times* and transmitted over the Global Media Circuit of *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the ANR Action, the KPMG Action, the Lead Plaintiff, all Class Members, and KPMG Bermuda.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative Communications Workers of America are typical of the claims of the Class they seek to represent; (d) the Class Representative Communications Workers of America and Plaintiffs' Co-Lead Counsel have and

will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired the securities of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby. Excluded from the Class are the Defendants, their officers, directors, and partners at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiff Communications Workers of America as Class Representative.

5. Notice of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities

Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The KPMG Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed in its entirety with prejudice and without costs.

8. Lead Plaintiff and members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in the KPMG Action or the ANR Action by the Class Members or any of them against any of the Released

Parties (whether pleaded in the KPMG Complaint or the ANR Complaint or otherwise) or (ii) that could have been asserted at any time in the KPMG Action, the ANR Action or in any forum by the Class Members or any of them against any of the Released Parties, which arise out of, relate in any way to, or are based in any way upon any of the allegations, transactions, facts, matters or occurrences, actions, representations or omissions involved in, set forth, in, referred to or asserted in the KPMG Complaint or the ANR Complaint and relate to the purchase, sale, transfer or acquisition of any securities of ANR during the Class Period (the "Settled Claims") against KPMG Bermuda, KPMG LLP, a U.K. limited liability partnership, KPMG LLP, a U.S. limited liability partnership, KPMG International, a Swiss cooperative, and all other member firms of KPMG International, and any and all of their past or present partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (collectively, the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.   "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendant's Claims which KPMG Bermuda does not know or suspect to exist in its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendant's Claims, the parties stipulate and agree that by operation of the Order and Final Judgment, upon the Effective Date, the Lead Plaintiff and KPMG Bermuda shall have expressly waived, and each Class Member shall be deemed to have waived, and by operation of

the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or Bermuda, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Lead Plaintiff and KPMG Bermuda acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendant's Claims was separately bargained for and was a key element of the Settlement.

10.    KPMG Bermuda and its successors and assigns are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States federal, state, local, statutory or common law, or the laws of Bermuda or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims, that have been or could have been asserted in the KPMG Action or the ANR Action or any other forum by any of the Defendants or the successors and assigns of any of them against any of the Lead Plaintiff, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the KPMG Action and the ANR Action (except for claims to enforce the Settlement) (the

"Settled Defendant's Claims"). The Settled Defendant's Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11. (a) Notwithstanding the provisions of paragraphs 8, 9 and 10 of this Order and Final Judgment, in the event that any of the Released Parties asserts against any of the Lead Plaintiff, Class Members or their respective counsel, any claim that is a Settled Defendant's Claim, then Lead Plaintiff or such Class Member or counsel shall be entitled to use and assert such factual matters included within the Settled Claims only against such Released Party in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party.

(b) Notwithstanding the provisions of paragraphs 8, 9 and 10 of this Order and Final Judgment, in the event that the Lead Plaintiff or any member of the Class asserts against any of the Released Parties or their respective counsel any claim that is a Settled Claim, then such Released Party or counsel shall be entitled to use and assert such factual matters included within the Settled Defendant's Claims only against such Lead Plaintiff or Class member in defense of such claim but not for the purposes of affirmatively asserting any claim against Lead Plaintiff or any Class member.

12. Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution, equitable indemnity, or any other claim where the injury to the party asserting the claim is that party's liability to the Class or any Class member, by any person or entity, including without limitation any other Defendant, whether arising under United States

federal, state, local, statutory or common law or the laws of Bermuda or any other law, based upon, arising out of, relating to, or in connection with the claims of the Class or any Class Member in the KPMG Action or the ANR Action. Accordingly, to the maximum extent permissible under the PSLRA, the Court hereby bars and enjoins all such claims for contribution, equitable indemnity, or any other claim where the injury to the party asserting the claim is that party's liability to the Class or any Class member: (a) by any person or entity, including without limitation any other Defendant, against any Released Party; and (b) by any Released Party against any person or entity other than a person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and Agreement of Settlement with Remaining Defendant KPMG Bermuda and this Order and Final Judgment. Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), if there is a final verdict or judgment against any other Defendant in the KPMG Action or the ANR Action, the verdict or judgment shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of KPMG Bermuda; or (b) the amount paid pursuant to this Settlement by KPMG Bermuda.

13. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Party with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the KPMG Action (or the ANR Action) or in any

litigation, or the deficiency of any defense that has been or could have been asserted in the KPMG Action (or the ANR Action) or in any litigation, or of any liability, negligence, fault, or wrongdoing of the any Released Party;

 (b) offered or received against any Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party;

 (c) offered or received against any Released Party as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

 (d) construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

 (e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by KPMG Bermuda have any merit, or that damages recoverable under the KPMG Complaint or the ANR Complaint would not have exceeded the Gross Settlement Fund; or

(f) used, described, portrayed or referred to by Lead Plaintiff, Class Members or Plaintiffs' Counsel for any purpose other than to effectuate the provisions of the Stipulation, and in no event in a manner inconsistent with the terms and provisions of the Stipulation and its exhibits.

14. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16. Plaintiffs' Counsel are hereby awarded 33⅓% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $186,853.16 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the ANR Action and the KPMG Action.

17. Lead Plaintiff Communications Workers of America is hereby awarded $6,628.95. This award is for reimbursement of this Lead Plaintiff's reasonable costs and expenses (including lost wages) directly related to its representation of the Class.

18. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $10.5 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over 21,000 copies of the Notice of Proposed Settlement of Class Action with Remaining Defendant KPMG Bermuda, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "KPMG Settlement Notice") were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of expenses incurred in connection with the prosecution of the KPMG Action and the ANR Action in the approximate amount of $350,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the KPMG Settlement Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over five years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a

significant risk that Lead Plaintiff and the Class may have recovered less or nothing from KPMG Bermuda;

(f) Since their application in connection with the ANR Settlement, Plaintiffs' Counsel have devoted approximately 3,500 hours, with a lodestar value of $1,550,259.00, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases, including the award set forth in the January 21, 2005 Order and Final Judgment approving the ANR Settlement.

19. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the ANR Action and the KPMG Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

20. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated:   New Haven, Connecticut
         June 13, 2008

/s/ Ellen Bree Burns, SUSDJ
_____
Honorable Ellen Bree Burns
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**List of Persons and Entities Excluded from the Class in *Schnall, et al. v. Annuity and Life Re (Holdings). Ltd., et al.*, Civil Action No. 02 CV 2133 (EBB) and in *Communications Workers of America and Midstream Investments Ltd. v. KPMG LLP (United States), et al.*, Civil Action No. 03-CV-1826 in connection with the KPMG Settlement**

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class in *Schnall, et al. v. Annuity and Life Re (Holdings). Ltd., et al.* and in *Communications Workers of America and Midstream Investments Ltd. v. KPMG LLP (United States), et al.* in connection with the KPMG Settlement:

| | |
|---|---|
| Daiwa Securities Trust Company<br>For DST Europe-5050 (Client 30% Tax/US)<br>A/C #015050<br>One Evertrust Plaza<br>Jersey City, New Jersey 07302 | |